J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Annie S. Wang (SBN 243027)
annie@coombspc.com
**J. Andrew Coombs, A Prof. Corp.**
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone:  (818) 500-3200
Facsimile:  (818) 500-3201

Attorneys for Plaintiff Louis
Vuitton Malletier, S.A.

James A. Lowe (SBN 214383)
JLowe@gauntlettlaw.com
Brian S. Edward (SBN 166258)
BEdwards@gauntlettlaw.com
**Gauntlett & Associates**
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:  (949) 553-1010
Facsimile:  (949) 553-2050

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Louis Vuitton Malletier, S.A.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Akanoc Solutions, Inc., Managed Solutions Group, Inc., Steven Chen and Does 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.: C 07 3952 JW<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

　　　The parties to the above-entitled action (the "Parties") submit this Joint Case Management Statement and request the Court to adopt it as the Case Management Order in this case, pursuant to Federal Rule of Civil Procedure 16 and Civil L.R. 16-10(b).

## JOINT CASE MANAGEMENT STATEMENT

1. Jurisdiction and Service

LV v. Akanoc, et al.: Joint Case Management Statement　　　- 1 -
10562.002-9/13/07-158977.2

Jurisdiction: The claims alleged herein arise under the Trademark Act, 15 U.S.C. § 1051, et seq., and under the Copyright Act of 1976, 17 U.S.C. § 101, et seq., for (i) contributory and vicarious liability for trademark infringement; and (iii) contributory and vicarious liability for copyright infringement. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332 and 1338. This Court has personal jurisdiction over the Defendants because they do business and/or reside in the State of California and, as to the entities, do business, are incorporated, and/or are authorized to do business in the State of California. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

Service: All named parties have been served and have answered the complaint.

2. Facts

Plaintiff Louis Vuitton Malletier, S.A. ("Plaintiff" or "Louis Vuitton") seeks money damages and injunctive relief against Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steven Chen (collectively "Defendants") for facilitating the promotion and advertisement of offers for counterfeit and infringing merchandise bearing unauthorized reproductions of Plaintiff's intellectual properties. In particular, Plaintiff alleges that Defendants aid and abet the distribution and sale of counterfeit and infringing merchandise through the provision of Internet hosting services for financial gain and they do so knowingly despite having been provided with full notice of such conduct.

Defendants deny Plaintiff's claims including the allegation that they, or any of them, did aid and abet the distribution or sale of counterfeit and infringing merchandise. Defendants Akanoc Solutions, Inc. and Managed Solutions, Inc. (the "Defendant Corporations") state that they rent bandwidth on approximately 1,500 servers to numerous legitimate third party resellers and web hosting companies. Those companies in turn host thousands of individual websites utilizing the Defendant Corporations' servers. The Defendant Corporations contend they have no direct or

indirect relationship with the operators of allegedly infringing websites and no knowledge of the content of their sites. The Defendants have no or limited ability to control websites short of unplugging an entire server.

3. <u>Legal Issues</u>

The principal legal issues in dispute relate to notice of the infringing activity, each Defendants' responsibility, if any, for the alleged infringing activity, and the existence and amount of damages. Defendants have identified the following disputed points of law:

1. Whether Defendants are entitled to the safe harbor provisions of the Digital Millennium Copyright Act and if so whether Plaintiff adequately complied with the notice provisions therein. Perfect 10, Inc. v. CCBill, Inc. 340 F.Supp.2d 1077 (C.D. Cal. 2004)

2. Whether Defendants and the alleged infringers are partners or have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product. Hard Rock Café Licensing Corp. v. Concession Servs., Inc., 955 F.2d 1143, 1150 (7th Cir.1992). Plaintiff does not agree that this is an issue in dispute.

3. Whether Defendants intentionally induced the primary infringers to infringe or continued to supply an infringing product with knowledge that the infringers are mislabeling the product supplied. Inwood Labs, Inc. v. Ives Labs, Inc. 456 U.S. 844, 855, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982)

4. Whether Defendants exercised control over the direct infringers' means of infringement. Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 984 (9th Cir.1999)

5. Whether Defendants had knowledge of another's infringement and either materially contributed to or induced that infringement. Perfect 10, Inc. v. Visa Intern. Service Ass'n, 494 F.3d 728, 795 (9th Cir. 2007)

LV v. Akanoc, et al.: Joint Case Management Statement         - 3 -
10562.002-9/13/07-158977.2

     6.     Whether Defendants engaged in personal conduct that encouraged or assisted the infringement. Perfect 10, Inc. v. Visa Intern. Service Ass'n, 494 F.3d 728, 795 (9th Cir. 2007)

     7.     Whether Defendants enjoyed a direct financial benefit from the alleged infringing activity and had the right and ability to supervise the infringing activity. A&M Records v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir.2001).

     8.     Whether and to what extent the Plaintiff is entitled to injunctive relief. Orantes-Hernandez v. Thornburgh, 919 F.2d 549, 558(9th Cir.1990); Price v. City of Stockton, 390 F.3d 1105, 1117 (9th Cir.2004); Califano v. Yamasaki, 442 U.S. 682, 702, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979).

     9.     Whether and to what extent the Plaintiff is entitled to damages.

Motions

There are no prior or pending motions. Plaintiff believes a motion for summary judgment as to liability and/or entry of a preliminary injunction may be appropriate. Defendants anticipate filing a motion for summary judgment as to liability.

### 4. Amendment of Pleadings

The Parties do not, at this time, contemplate the amendment of pleadings for any reason, including the addition of new parties. Plaintiff believes that information disclosed in discovery may make addition of new defendants prudent and a more efficient use of the Court's resources, so the Parties propose that the last day to amend the pleadings and the last day to join additional parties shall be 90 days from the date of the case management conference or February 18, 2008.

### 5. Evidence Preservation

The Parties have discussed discovery of electronically stored information. Defendants noted that one of their servers' hard drives failed earlier this year which had previously contained some email correspondence.

On November 6, 2007 Defendants' counsel sent a letter to Plaintiff's counsel informing Plaintiff of its obligation to preserve electronically stored data, including maintaining all relevant data on computer devices and systems, removable electronic media and all variety of electronic equipment used by Plaintiff, its agents and vendors, including email and other electronic communications, word processing documents, spreadsheets, databases, calendars, telephone logs, accounting programs, Internet usage files and network access information relating to Plaintiff's claims. Plaintiff has responded to Defendants' letter and underscored Defendants' obligations under these same rules.

To date, no other issues relating to disclosure or discovery of electronically stored information have arisen, including the form or forms in which electronic and other information should be produced.

6. <u>Disclosures</u>

The Parties agree that the required disclosures under Rule 26(a)(1) will be made on or before the case management conference on November 19, 2007.

7. <u>Discovery</u>

The Parties have not propounded any discovery to date. The Parties anticipate propounding written discovery and taking depositions. The Parties do not believe that discovery should be conducted in phases or limited to or focused only upon particular issues.

The Parties propose that discovery be completed by the proposed discovery cut-off date of April 25, 2008 or any other discovery cut-off date the Court may set.

To date no issues relating to claims of privilege or protection of materials as trial-preparation have arisen. The Parties executed a Stipulation and Protective Order which was filed on November 2, 2007 and approved by the Court on November 2, 2007. This protective order includes a procedure to assert claims of privilege following production (Par. 5.4). The Parties

propose that the procedures set forth at Federal Rule 26(b)(5)(B) regarding disclosure of privileged materials in discovery be supplanted and replaced by the procedures set forth at paragraph 5.4 of the Stipulation and Protective Order.

The Parties do not propose any other changes in the limitations on discovery beyond those already contained in the Federal Rules and the Local Rules.

8.   Class Actions

Not applicable.

9.   Related Cases

Not applicable.

10. Relief

Plaintiff contends it may elect statutory or actual damages but is not prepared to make that election at this time. In any event, Plaintiff will seek entry of a permanent injunction. Defendants submit that assuming liability is established for Plaintiff's copyright claims calculation of damages should be based on actual damages if any. Defendants are not aware of any basis for statutory damages for Plaintiff's copyright claims. With regard to the trademark claims, Defendants submit that Plaintiff cannot show it lost legitimate sales nor did Defendants profit from the alleged infringement so there is no potential basis for any damages.

11. Settlement and ADR

Settlement: The Parties have discussed settlement preliminarily during and before their early meeting. The Parties submitted a Notice of Need for ADR Phone Conference. The Parties are hopeful that participation in an ADR procedure will enhance the prospects of settlement. Plaintiff believes that disclosures and/or discovery are required before its claims will be ripe for ADR. Defendants are hopeful that their filing of a motion for summary judgment will move the parties closer to settlement.

ADR Plan: The case has been assigned to the ADR Multi-Option Program. The Parties have met and conferred to attempt to agree to an ADR Process but were unable to stipulate. The Parties filed a Notice of Need for ADR Phone Conference.

The Parties have filed an ADR Certification attesting to those matters set forth at ADR Local Rule 3-5(b).

12. Consent to Magistrate Judge for All Purposes

The Parties do not consent to assignment of this case to a United States Magistrate Judge for Trial.

13. Other References

The Parties do not believe the case is suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

14. Narrowing of Issues

At this time the Parties have yet to identify issues that can be narrowed by agreement or by motion for purposes of trial. Defendants are unaware of any issues, claims or defenses that need to be bifurcated for purposes of trial, and reserve the right to request same at the appropriate time.

15.   Expedited Schedule

The Parties believe that the legal issues are sufficiently complex such that this case is not appropriate to being handled on an expedited basis with streamlined procedures.

16. Scheduling

The parties propose an expert designation date of May 27, 2008.

The parties propose a fact discovery cut-off date of April 25, 2008, by which time all fact discovery shall be concluded.

The parties propose an expert discovery cut-off of July 25, 2008, by which time all expert discovery shall be concluded.

1   The parties propose that all motions, including dispositive motions, be heard not later than
2   September 15, 2008.
3   The parties propose a pretrial conference date of November 3, 2008.
4   The parties propose a trial date of November 17, 2008.

### 17. Trial Estimate

The Parties have requested a trial by jury. They estimate a trial of approximately five (5) or six (6) court days.

### 18. Disclosure of Non-party Interested Entities or Persons

The Parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Other than the named parties to this action there are no other interests to report.

### 19. Other Issues

The Parties did not identify any other issues affecting case management.

Dated: November 8, 2007            J. Andrew Coombs, A Professional Corp.


By:   /s/ J. Andrew Coombs
      J. Andrew Coombs
      Annie S. Wang
Attorneys for Plaintiff Louis Vuitton Malletier, S.A.

Dated: November 8, 2007            Gauntlett & Associates


By:   /s/ James A. Lowe
      James A. Lowe
      Brian S. Edwards
Attorneys for Defendants

PURSUANT TO STIPULATION AND AS MODIFIED BY THE COURT, IT IS SO ORDERED:

Dated: _____

_____
Hon. James Ware
United States District Judge