**GAUNTLETT & ASSOCIATES**
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:    (949) 553-1010
Facsimile:    (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steven Chen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., <br><br> Plaintiff, <br><br> vs. <br><br> AKANOC SOLUTIONS, INC., et al., <br><br> Defendants. | Case No.: C 07-3952 JW <br><br> Hon. Magistrate Judge Howard R. Lloyd <br><br> **NOTICE OF MOTION AND MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF LOUIS VUITTON MALLETIER, S.A.** <br><br> [Fed. R. Civ. P. 30(b)(6), 37(a)] <br><br> Date:  April 22, 2008 <br> Time:  10:00 a.m. <br> Dept.:  Courtroom 2, 5th Floor |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

    A. Factual Background ........................................................................................... 1

    B. Summary of Dispute .......................................................................................... 1

II. LOUIS VUITTON SHOULD BE ORDERED TO PRODUCE ITS DESIGNEE FOR DEPOSITION IN CALIFORNIA ........................................................................ 2

    A. The Court Has Discretion to Order LV to Appear for Deposition in California ............................................................................................................ 2

    B. The Presumption that the Deposition of a Corporation Take Place at Its Principal Place of Business Is Subject to Modification ..................................... 2

    C. The *Cadent* Factors Support the Deposition of Louis Vuitton in California ......... 3

    D. The Tenth Circuit Opinion in *Thomas v. International Business Machines*, 48 F.3d 478 (10th Cir. 1995), Cited by Louis Vuitton in Its Objection, Is Inapposite ............................................................................................................ 6

III. CONCLUSION ............................................................................................................... 7

PLEASE TAKE NOTICE that on April 22, 2008 at 10:00 a.m., in Courtroom 2 of the above-entitled Court, defendant Managed Solutions Group, Inc. will move the Court for an order compelling plaintiff Louis Vuitton Malletier, S.A. ("LV") to produce its Fed. R. Civ. P. 30(b)(6) designee(s) for deposition in California.

## I.   INTRODUCTION

### A.   Factual Background

MSG seeks an order compelling LV to produce its Fed. R. Civ. P. 30(b)(6) designees for deposition in California.

Defendants Managed Solutions Group, Inc. ("MSG") and Akanoc Solutions, Inc. ("Akanoc") are web hosting companies based in Fremont, California. They rent IP addresses and Internet bandwidth using approximately 1,500 servers to numerous third party resellers and other web hosting companies, who in turn host approximately 50,000 individual Websites utilizing MSG's and Akanoc's servers.

As with all Internet hosting companies, a small fraction of the Websites hosted by their customers are from time to time operated by persons engaged in improper activity, including possibly offering counterfeit goods for sale. MSG and Akanoc have no relationship with any of the operators of Websites hosted on their servers. They further have no knowledge of the contents of Websites being hosted on their servers unless a specific complaint is brought to their attention. Then they can check to see if a specific offending Website is using one of their servers.

Plaintiff Louis Vuitton Malletier, S.A. ("LV") makes and markets handbags and other merchandise worldwide, including in California, and maintains a manufacturing plant in San Dimas, California. LV brought the instant action against MSG, Akanoc, and the principal of both companies, Steven Chen, seeking monetary damages for contributory and vicarious trademark and copyright infringement. LV's apparent theory is that MSG and Akanoc are liable because Websites which offered allegedly counterfeit LV products for sale were hosted on their servers.

### B.   Summary of Dispute

On February 20, 2008, after unsuccessful meet and confer efforts, MSG noticed the deposition of LV pursuant to Fed. R. Civ. P. 30(b)(6) for March 3, 2008. But LV refused to produce

its designee (French lawyer) in California on March 3 or any other date based on its position that LV is not required to produce its corporate designee(s) in California. LV insists that in order to take LV's deposition in this case MSG must travel to Paris, France or New York City at its own expense or else pay the expenses of LV's designee(s) to travel to California.

But LV brought this lawsuit in California and has the burden of proof going forward, including producing its witnesses for deposition here. MSG is willing to take the deposition of LV's Rule 30(b)(6) designee *anywhere* in California, including LV's counsel's office in Los Angeles, but LV should pay the costs for its designee to travel to California.

The parties met and conferred in good faith but were unable to resolve this issue. The Declaration of Brian S. Edwards, filed herewith, sets forth in detail the unsuccessful efforts of the parties to resolve this dispute informally.

## II.  LOUIS VUITTON SHOULD BE ORDERED TO PRODUCE ITS DESIGNEE FOR DEPOSITION IN CALIFORNIA

### A.  The Court Has Discretion to Order LV to Appear for Deposition in California

Federal Rules of Civil Procedure, Rule 37(a)(1) provides that "a party may move for an order compelling disclosure or discovery." " '[T]he court has substantial discretion to specify the time and place of any deposition.' " *Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 336 (N.D. Ind. 2000), citing to *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987).

### B.  The Presumption that the Deposition of a Corporation Take Place at Its Principal Place of Business Is Subject to Modification

LV argues there is a presumption that the deposition of a corporation should be taken at the corporation's principal place of business. *See Thomas v. International Business Machines*, 48 F.3d 478, 483 (10th Cir. 1995) But this presumption is not absolute and does not apply here.

The presumption only applies if other relevant factors do not favor one side:

> And because of the court's discretion to designate the site of a deposition, "the presumption [that a corporation's deposition be taken at the principal place of business] appears to be merely a decision rule that facilitates determination when other relevant factors do not favor one side over the other."

*Custom Form Mfg.*, 196 F.R.D. at 336.

*Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625 (C.D. Cal. 2005) is analogous to the instant case. The court listed and discussed the factors a court should consider in determining where the deposition of a corporate designee should take place. In *Cadent*, the defendants noticed the Rule 30(b)(6) deposition of the plaintiff corporation and three of its officers and employees in Los Angeles. The plaintiff refused to produce in Los Angeles its witnesses who lived in Israel and New Jersey, instead offering Israel or New York. In granting defendants' motion to compel the depositions in Los Angeles, the court noted that " '[c]orporate defendants are frequently deposed in places other than the location of the principal place of business, especially in the forum [where the action is pending], for the convenience of all parties and in the general interests of judicial economy.' " *Id.* at 629.

In reaching its decision, the *Cadent* court considered several factors:

> "[A] number of **factors** serve to **dissipate** the **presumption** [that a corporate party's deposition should be held at its principal place of business] and may persuade the Court to require the deposition to be conducted in the forum district or some other place." "**These factors** include **location of counsel** for the parties in the forum district, the **number** of **corporate representatives** a party is **seeking to depose**, the **likelihood** of significant **discovery disputes** arising which would necessitate resolution by the forum court; **whether** the persons sought to be deposed often engage in **travel for business purposes**; and **the equities** with regard to the nature of the claim and the parties' relationship."

*Id.* at 628-29 (emphasis added; citations omitted).

**C.     The *Cadent* Factors Support the Deposition of Louis Vuitton in California**

Other than the general presumption regarding the holding of corporate depositions at the corporation's principal place of business, Louis Vuitton will be unlikely to proffer any rationale for requiring its deposition not to be taken in California. All of the factors discussed by *Cadent* favor the taking of Louis Vuitton's deposition in California:

1.     *Location of counsel in the forum district.* Counsel for all parties are located within 50 miles of each other in Southern California. If necessary, they can travel relatively inexpensively to the Northern District of California, or take the deposition in Southern California (which makes more sense). MSG has agreed to take the deposition anywhere in California, even at LV's counsel's office in Glendale, California. This is not a situation where counsel are located thousands of miles apart or

1 located closer to the witnesses than the forum district. This factor clearly militates toward requiring
2 the designee to be produced in California as opposed to France or New York.

3     2. *The number of corporate representatives a party is seeking to depose.* LV has
4 informed MSG that it will only be producing one designee to testify on its behalf, Mr. Nikolay
5 Livadkin, an attorney in its Paris office. This is not a situation where, if the depositions were set in
6 California, LV would have to fly in dozens of people from Paris. It is clearly less costly and more
7 efficient to have LV's one witness go to California than have counsel for both parties fly to France
8 or New York.

9     3. *The likelihood of significant discovery disputes arising which would necessitate
10 resolution by the forum court.* It appears unfortunately likely that discovery disputes will arise at
11 Mr. Livadkin's deposition which will require court intervention. Mr. Livadkin was one of only two
12 people disclosed as a potential witness by LV in its Rule 26 disclosure. (Exhibit "A")[1] The other
13 person is Robert Holmes of Plano, Texas. Mr. Holmes is an investigator who reportedly purchased
14 Louis Vuitton branded products from Websites alleged to have been hosted by MSG and Akanoc.
15 MSG's Rule 30(b)(6) deposition notice (Exhibit "C") lists topics of testimony at the Rule 30(b)(6)
16 deposition that will include testimony concerning LV's claims in this case, including the *direct*
17 infringement of any copyright or trademark Defendants allegedly contributorily or vicariously
18 infringed.[2] The *only* purported evidence that LV has produced in discovery to show that any direct
19 infringement has occurred is Robert Holmes' purchases of allegedly counterfeit LV goods from
20 certain Websites. Thus, it is anticipated that Mr. Livadkin will not have sufficient knowledge to
21 discuss matters noticed in the Rule 30(b)(6) deposition notice that may well require court
22 intervention.

23     4. *Whether the persons sought to be deposed often engage in travel for business
24 purposes.* It is likely that Mr. Livadkin engages in travel frequently for business purposes. LV is a
25 huge worldwide manufacturing and sales organization dealing in luxury products. It even has a

---

[1] All references in this document to Exhibits are to Exhibits attached to the Declaration of Brian S. Edwards, filed concurrently herewith.

[2] See Exhibit "C," 4:1-7.

manufacturing facility in Los Angeles County. In LV's Rule 26 disclosure Mr. Livadkin is described as the "Anti-counterfeiting Manager/Intellectual Property Department." (Exhibit "A") LV's counsel has asserted that LV is diligent in enforcing its trademarks and copyrights. It is likely that Mr. Livadkin has been designated numerous times in similar cases brought by LV in the United States and elsewhere. It is unlikely that a person in Mr. Livadkin's position can do his job from a desk in Paris.

5. *The equities with regard to the nature of the claim and the parties' relationship.* In addition to the above, the equities also favor compelling LV to produce its designee in California:

(a) LV is the Plaintiff, chose the forum, and is better able to afford the expense of the trip. "Because the plaintiff often chooses the forum, he will more likely be required to attend his deposition when set in the forum district." *Turner v. Prudential Ins. Co. of America*, 119 F.R.D. 381, 383 (M.D.N.C. 1988). Normally, a plaintiff will be required to make himself or herself available to examination in the district in which suit was brought because the plaintiff selected the forum. WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2112 (1994);

(b) LV is a large corporation doing business in California, operating a manufacturing facility in San Dimas, California.

> When a foreign corporation is doing business in the United States, is subject to the court's jurisdiction, and has freely taken advantage of our federal rules of discovery, exceptions to the general rule on the location of depositions are often made. Under such facts, the foreign corporation's agents are frequently compelled for deposition on American soil.[3]

Forcing a small corporate defendant such as MSG to pay attorneys to fly to France or New York would be an enormous cost burden and make little sense. Attending depositions in lawsuits in

---

[3] *Custom Form Mfg.*, 196 F.R.D. at 336 (citing to *Roberts v. Heim,* 130 F.R.D. 430, 439-440 (N.D. Cal. 1990) (Swiss national and resident ordered to appear for deposition in forum – San Francisco – at his own expense); *In re Honda American Motor Co., Inc. Dealership Relations Litigation*, 168 F.R.D. 535, 541-42 (D. Md. 1996) (requiring managing agents of a Japanese corporation to be deposed in the forum district (Maryland) at the corporation's sole cost); *M&C Corp. v. Erwin Behr GmbH & Co.*, 165 F.R.D. 65, 68 (E.D. Mich. 1996) (requiring a German corporate defendant's agents to appear for depositions in the forum (Detroit) without any cost shifting); *R.F. Barron Corp. v. Nuclear Fields (Australia) Pty., Ltd.*, No. 91 C 7610, 1992 WL 212602, at *2 (N.D. Ill. Aug. 28, 1992) (requiring depositions of Dutch and Australian defendants in forum District (Chicago) at their own expense).

1 various forums throughout the United States, including California, is one of the expected costs of
2 doing business for Louis Vuitton. *See Turner*, 119 F.R.D. at 384.

3       (c)    It is more convenient, less time-consuming and less expensive for one witness
4 to travel to California than for the parties and their attorneys to travel to France or New York. *See*
5 *Cadent Ltd.,* 232 F.R.D. at 630. Further, as discussed *infra*, if a discovery dispute arises it can be
6 dealt with by the Court in an expedited and economical fashion. Thus, taking the deposition in
7 California promotes the just, speedy, and inexpensive determination of the action as required by
8 Rule 1 of the Federal Rules of Civil Procedure.

9       (d)    MSG is already being forced to depose, at its own expense, a witness who
10 should be a designee of LV and brought to California for deposition at LV's expense. Investigator
11 Robert L. Holmes in Dallas, Texas is one of only two persons disclosed by LV in its Rule 26
12 Disclosures as being likely to have discoverable information (Mr. Livadkin is the other). (Exhibit
13 "A") Mr. Holmes is alleged to have purchased, on LV's behalf, counterfeit LV-branded products
14 from Websites allegedly hosted by MSG and Akanoc. His testimony is important as he is the *only*
15 witness LV has disclosed with any first-hand knowledge regarding alleged *direct* copyright and
16 trademark infringement by the operators of the Websites hosted on MSG and Akanoc's servers.
17 These matters were disclosed as topics at LV's Rule 30(b)(6) deposition. (See Exhibit "B": Section
18 II.E; and Exhibit "C": Section 5.)

19 Given the above facts, the factors discussed in *Cadent* militate in favor of Louis Vuitton's
20 producing its Fed. R. Civ. P. 30(b)(6) designee in California.

21     **D.**    **The Tenth Circuit Opinion in *Thomas v. International Business Machines*, 48 F.3d 478 (10th Cir. 1995), Cited by Louis Vuitton in Its Objection, Is Inapposite**
22

23 In its objection to MSG's Rule 30(b)(6) notice of deposition (Exhibit "D"), Louis Vuitton
24 cites to *Thomas v. International Business Machines*, 48 F.3d 478 (10th Cir. 1995) for the general
25 rule that a deposition of a corporation should be taken at its principal place of business.

26 Although *Thomas* does acknowledge the general rule, that case is not helpful to Louis
27 Vuitton's position. In *Thomas,* the *plaintiff* noticed the deposition of IBM after the discovery cut-off
28 date and in violation of a local rule requiring at least 5 days' notice. The court concluded that the

1  trial court's granting of the protective order on IBM's behalf was adequate on these bases alone, and
2  simply noted the general rule as an additional reason without any analysis or weighing of factors. *Id.*
3  at 483.  Thus, the issues the court focused on were the plaintiff's lack of adequate notice and her
4  delay in not setting the deposition until after the discovery cut-off date had run.  *Id.*  The court barely
5  mentioned the place of deposition, and did not discuss any factors, such as those considered by the
6  *Cadent* court, *infra*, with regard to this issue.

### III.   CONCLUSION

Having filed the instant action in California, LV has the burden of moving its case forward, which includes making its witnesses available for deposition here.  Clearly, the weighing of factors in this case requires such a result.

Adopting LV's position, on the other hand, would lead to absurd results.  It would mean large corporations such as LV could file lawsuits against small corporations such as MSG with impunity because small defendants will rarely be able to take depositions of plaintiffs.  It would require small corporations such as MSG to travel thousands of miles at great expense simply to gather facts to defend themselves.  Such an outcome is illogical and violates the basic principle of the Federal Rules of Civil Procedure requiring the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

For these reasons, defendant Managed Solutions Group, Inc. respectfully requests that plaintiff Louis Vuitton Malletier, S.A. be compelled to produce its Fed. R. Civ. P. 30(b)(6) designees for deposition in California.

Dated: March 11, 2008                    **GAUNTLETT & ASSOCIATES**

By:    s/James A. Lowe
       James A. Lowe
       Brian S. Edwards

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steven Chen