1 | **GAUNTLETT & ASSOCIATES**
James A. Lowe (SBN 214383)
2 | Brian S. Edwards (SBN 166258)
18400 Von Karman, Suite 300
3 | Irvine, California  92612
Telephone:    (949) 553-1010
4 | Facsimile:    (949) 553-2050
jal@gauntlettlaw.com
5 | bse@gauntlettlaw.com

6 | Attorneys for Defendants
Akanoc Solutions, Inc.,
7 | Managed Solutions Group, Inc.
and Steven Chen
8 |

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11 |

12 | LOUIS VUITTON MALLETIER, S.A.,   )   Case No.:  C 07-3952 JW
                                     )
13 |            Plaintiff,            )   Hon. Magistrate Judge Howard R. Lloyd
                                     )
14 |    vs.                           )   **DECLARATION OF BRIAN S. EDWARDS**
                                     )   **IN SUPPORT OF MOTION TO COMPEL**
15 |                                  )   **DEPOSITION OF PLAINTIFF LOUIS**
                                     )   **VUITTON MALLETIER, S.A.**
16 | AKANOC SOLUTIONS, INC., et al.,  )
                                     )   Date:        April 22, 2008
17 |            Defendants.           )   Time:        10:00 a.m.
                                     )   Dept.:       Courtroom 2, 5th Floor
18 | _____  )

28 | 10562-002-3/11/2008-160504.1

DECLARATION OF BRIAN S. EDWARDS IN SUPPORT
OF MOTION TO COMPEL DEPOSITION
OF PLAINTIFF LOUIS VUITTON MALLETIER, S.A.
**– C 07-3952 JW**

I, BRIAN S. EDWARDS, declare:

1. I am an associate with Gauntlett & Associates and one of the attorneys for the Defendants in this lawsuit. The facts set forth in this Declaration are of my own personal knowledge and I could competently testify to them if called as a witness.

2. This Declaration is submitted in support of Managed Solutions Group, Inc.'s ("MSG") Motion to Compel the Deposition of Louis Vuitton Malletier, S.A. ("LV"). MSG seeks an order compelling LV to produce its FRCP Rule 30(b)(6) designees for deposition in California.

3. On or about November 28, 2007, LV served its Rule 26 Initial Disclosures on MSG. A true copy is attached hereto as **Exhibit "A."** At Section (A), LV disclosed two individuals as persons likely to have discoverable information: (1) Nikolay Livadkin, Louis Vuitton's Anti-Counterfeiting Manager in its Intellectual Property Dept, and (2) Robert Holmes of IP Cybercrime.com in Plano, Texas.

4. On January 28, 2008 MSG complied with Local Rule 30-1 by mailing a detailed Request to Confer on Deposition Scheduling to counsel for LV. A true copy is attached hereto as **Exhibit "B."**

5. In a letter dated February 4, 2008 LV's counsel, Andy Coombs, objected to producing LV's designees in California because LV is a French corporation and its designee is located in France.

6. On February 20, 2008 MSG served its FRCP Rule 30(b)(6) notice of deposition upon LV and noticed the deposition to take place on March 3, 2008. A true copy is attached hereto as **Exhibit "C."**

7. On February 26, 2008, LV served objections to MSG's deposition notice. A true copy is attached hereto as **Exhibit "D."** Again, LV objected to producing its designees in California and instead opted for Louis Vuitton's principal place of business in France:

> The purported notice of deposition seeks to compel the deposition of Plaintiff's persons most knowledgeable in Irvine, California. Plaintiff is based in Paris, France as alleged in the Complaint and restated in Defendants' response to Request to meet and confer as required by Local Rule. Plaintiff cannot be compelled to produce persons most knowledgeable in California. See e.g. *Thomas v. International*

*Business Machines*, 48 F.3d 478, 483 (10th Cir. 1995). . ."

8. On February 27, 2008, the parties met and conferred telephonically on various issues including whether LV was required to produce its Rule 30(b)(6) designee in California. During this meet and confer Mr. Coombs informed myself and co-counsel James A. Lowe that LV would be designating Nikolay Livadkin, an attorney at its Paris branch, as the designee for all of the matters described in MSG's Rule 30(b)(6) notice of deposition. Apparently relying upon the case of *Thomas v. International Business Machines,* 48 F.3d 478, 483 (10th Cir.1995), Mr. Coombs informed us that LV was not required to produce its designee in California. As an alternative, Mr. Coombs proposed that the parties fly to New York to depose Mr. Livadkin at their own expense. Mr. Lowe informed Mr. Coombs that MSG would agree to take the deposition of LV's designee *anywhere* in California, including the Northern District, and even offered to take the deposition at LV's counsel's office in Los Angeles.

9. As a follow up to our meet and confer discussions the day before, and in the hope of convincing Mr. Coombs to produce LV's designee in California, on February 28, 2008 I sent a detailed letter to Mr. Coombs citing applicable case authority including a Ninth Circuit opinion, *Cadent Ltd. v. 3M Unitek Corporation* 232 F.R.D. 625 (C.D.Cal.2005), which appears to be on point in requiring that LV produce its designee in California. The letter also explained that the case of *Thomas v. International Business Machines,* 48 F.3d 478, 483 (10th Cir.1995) LV cited in its objection was inapposite and did not support LV's position.

10. On March 3, 2008, Mr. Coombs sent a letter responding to my February 28 letter. By way of a "compromise" and in a "final effort" to resolve the dispute, and without waiving his position that MSG be required to fly to France or New York, Mr. Coombs agreed to make LV's corporate designee available at my office "subject to Defendants' agreement to pay out-of-pocket travel expenses associated with bringing the designee from Paris, France." Mr. Coombs' letter did not cite any legal authority for the proposition that MSG should be required to fly to France or New York or, alternatively, pay all of LV's expenses in bringing its designee to California.

11. On March 4, 2008, I responded to Mr. Coombs' March 3 letter via e-mail. My letter

reiterated MSG's willingness to take the deposition of LV's designee anywhere in California, including in the Northern District of California or Mr. Coombs' office. However, since LV had failed to cite to any legal basis for LV's position that MSG either fly to France or New York at its own expense or pay LV's out of pocket expenses to attend deposition in California, MSG would not agree to such an arrangement.

12. Later that day, the parties met again telephonically at a scheduled meet and confer on this and other discovery issues. At that time, Mr. Coombs refused to discuss the issue further and invited MSG to bring a motion to compel. It appeared the parties had come to an impasse and that further meet and confer efforts would be fruitless.

13. The current positions of the parties are as follows:

(a) LV's current position appears to be that defendant MSG be required to fly to France or New York at its own expense, or pay the expenses of LV's designee to fly to California, to take plaintiff LV's deposition.

(b) MSG's position is that LV brought the instant lawsuit in California and has the burden of proof going forward which includes producing its witnesses for deposition here. MSG is willing to depose LV's Rule 30(b)(6) designee *anywhere* in California, including LV's counsel's office, but believes LV should pay the out of pocket costs for its designee to travel to California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of March, 2008 at Irvine, California.

_____
Brian S. Edwards