Exhibit C

1  **GAUNTLETT & ASSOCIATES**
   James A. Lowe (SBN 214383)
2  *jal@gauntlettlaw.com*
   Brian S. Edwards (SBN 166258)
3  *bse@gauntlettlaw.com*
   18400 Von Karman, Suite 300
4  Irvine, California 92612
   Telephone:    (949) 553-1010
5  Facsimile:    (949) 553-2050

6  Attorneys for Defendants

7

8              **UNITED STATES DISTRICT COURT**

9        **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

10

11 | Louis Vuitton Malletier, S.A.,                    ) Case No. C 07 3952 JW
                                                       )
12 |                    Plaintiff,                     ) **NOTICE OF DEPOSITION OF LOUIS**
                                                       ) **VUITTON MALLETIER AND REQUEST**
13 |        vs.                                         ) **TO PRODUCE DOCUMENTS**
                                                       )
14 | Akanoc Solutions, Inc., Managed Solutions         ) Fed. R. Civ. P. 30(b)(6)
   | Group, Inc., Steven Chen and Does 1 through       )
15 | 10, inclusive,                                    ) Date:        March 3, 2008
                                                       ) Time:        10:00 a.m.
16 |                    Defendants.                    ) Location:    Gauntlett & Associates
                                                       )              18400 Von Karman Ave.
17 |                                                   )              Suite 300
                                                       )              Irvine, CA 92612
18 | _____          ) Tel. No. (949) 553-1010

19

20 TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

21      YOU ARE HEREBY NOTIFIED THAT the deposition of Louis Vuitton Malletier, S.A.

22 ("LV") will be taken at the offices of Gauntlett & Associates, located at 18400 Von Karman Avenue,

23 Suite 300, Irvine, California 92612, telephone (949) 553-1010, commencing at 10:00 a.m. on March

24 3, 2008 and continuing from day to day thereafter.  The deposition will be taken before a deposition

25 officer who is authorized to administer an oath under the laws of the jurisdiction.

26                          **MATTERS DESIGNATED**

27      Deponent is a corporate entity.  Pursuant to Fed. R. Civ. P. 30(b)(6), Deponent is under a

28 duty to designate and produce one or more officers, directors, or managing agents to testify on its

behalf on the following matters:

**1.    LV's Trademarks and Copyrights**

This includes testimony about ownership, registration, maintenance, validity and any licensing or transfers of trademarks and copyrights LV claims any ownership interest in and upon which this case is based.

This also includes testimony about LV's compliance with United States laws governing copyrights and trademarks.

This also will include testimony about LV's policies, practices, and procedures for identifying and investigating: (i) alleged counterfeit LV products bearing LV's trademarks or copyrights advertised on the Internet, (ii) persons who operate Websites selling alleged counterfeit LV products, and (iii) Web hosting companies who host those Websites.

This also includes testimony about LV's policies, practices, and procedures for shutting down Websites that sell alleged counterfeit LV products on the Internet.

This also includes testimony about LV's policies, practices, and procedures for notifying Web hosting companies, about allegedly counterfeit LV products being sold on Websites being hosted on their servers.

**2.    Manufacture and Sale of LV's Products**

This includes testimony about the design, assembly, manufacture, marketing, licensing advertising, sales, wholesale and retail distribution, and authorized resale of genuine LV products in the United States and China (including but not limited to handbags, luggage, leather goods, garment bags, wallets, apparel, accessories, and similar items) which bear trademarks or copyrighted designs LV claims ownership rights in.

This also includes evidence of wholesalers, retailers, Internet Websites and other vendors based in the United States and China that are authorized to sell and/or resell genuine Louis Vuitton

10562-002-2/20/2008-159792.2

products.

This also includes evidence of LV's business model, target markets, corporate structure including related entities and partners, operations, manufacturing processes, supply lines, suppliers, and shipping.

**3.    Manufacture and Sale of Allegedly Counterfeit LV Products**

This includes testimony about the assembly, manufacture, purchase and sale of counterfeit products bearing LV trademarks and/or copyrights.

This also includes testimony about LV's policies, practices and procedures for investigating Websites that sell counterfeit LV products, and Web hosting companies that host Websites that sell allegedly counterfeit LV products.

This also includes testimony about LV's policies, procedures and technologies, including electronic equipment and software, used to input, collect, manipulate, analyze, report, or store information about LV's claims in the case and similar cases.

This also includes testimony identifying records or documents obtained, consulted, made or maintained in the course of investigating any Website referenced on Exhibit "A" to Request for Production of Documents, Set Two attached hereto or any other Website Defendants allegedly hosted which LV alleges sold counterfeit LV products.

**4.    Electronically Stored Information**

This includes testimony about the procedures, practices, hardware, software, and data used or collected concerning LV's allegedly infringed trademarks and copyrights.    This includes all electronically stored information about the allegations in this case, its investigation and actions or decisions made in reliance thereon.    This includes the identity and location of all persons and equipment used to collect, store or communicate information material to this lawsuit.

/ / /

10562-002-2/20/2008-159792.2

**5.    Facts Supporting LV's Claims In This Case**

This includes testimony about all facts supporting LV's claims in this case, and all facts tending to show Defendants contributorily or vicariously infringed any of LV's trademarks or copyrights.

This also includes testimony about the direct infringement of any copyright or trademark the defendants allegedly contributorily or vicariously infringed.

This will also include testimony to identify all persons (including their current positions within LV or else their addresses and telephone numbers) and organizations that had any role, of whatever kind, in investigating the bases for LV's claims in this action.

**6.    The Websites Listed on Exhibit "A" to Request for Production of Documents, Set Two attached hereto**

This includes testimony about the relevance to this lawsuit of the Websites listed on Exhibit "A" to Request for Production of Documents, Set Two attached hereto including any evidence of a financial relationship or other relationship between Defendants and operators of those Websites.

**7.    LV's Damages in This Action**

This includes evidence of injuries, losses and damages allegedly suffered by LV as a result of the sale of alleged counterfeit LV products on Websites hosted by MSG and Akanoc.

**8.    Discovery in This Action**

This includes testimony about LV's efforts to search for documents or information responsive to LV's discovery requests in this lawsuit, including the identity of all LV personnel who participated in all such document or information searches.

YOU ARE FURTHER NOTIFIED THAT the Deponent shall bring and produce at the deposition, at the time and place set out above, for inspection and copying by Examining Party, the documents specified below.

## DEFINITIONS

1.    "LV" means Plaintiff Louis Vuitton Malletier, S.A.

10562-002-2/20/2008-159792.2

2.    "DOCUMENTS" means any and all documents and electronically stored information within the meaning of Rule 34(a) of the Federal Rules of Civil Procedure.

3.    "MSG" means defendant Managed Solutions Group, Inc.

## DOCUMENTS TO BE PRODUCED

Pursuant to Rule 30(b)(5) and (6) and Rule 34 of the Federal Rules of Civil Procedure, LV is requested to produce, at the deposition, for inspection and copying the documents and electronically stored information in its possession, custody or control responsive to each of the following categories:

1.    The originals of all DOCUMENTS previously requested by Defendant MSG in its Request for Production of Documents to Plaintiff Louis Vuitton Malletier, S.A., Set One and Set Two ("Requests"), copies of which are attached hereto.   Where originals are not within the possession, custody or control of LV, copies of all DOCUMENTS responsive to MSG's Requests.

2.    All DOCUMENTS used to refresh the recollection of any witness produced in response to this deposition notice.

3.    All DOCUMENTS used to educate or prepare any witness produced in response to this deposition notice on the 30(b)(6) topics.

Dated: February 20, 2008                    **GAUNTLETT & ASSOCIATES**

By:  _James S Edwards_____
James A. Lowe
Brian S. Edwards

Attorneys for Defendants

10562-002-2/20/2008-159792.2

1  **GAUNTLETT & ASSOCIATES**
   James A. Lowe (SBN 214383)
2  *jal@gauntlettlaw.com*
   Brian S. Edwards (SBN 166258)
3  *bse@gauntlettlaw.com*
   18400 Von Karman, Suite 300
4  Irvine, California 92612
   Telephone:    (949) 553-1010
5  Facsimile:    (949) 553-2050

6  Attorneys for Defendants

7

8                   **UNITED STATES DISTRICT COURT**

9      **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

10

11  Louis Vuitton Malletier, S.A.,              )  Case No. C 07 3952 JW
                                                )
12                        Plaintiff,            )  **FIRST REQUEST FOR PRODUCTION OF**
                                                )  **DOCUMENTS AND ELECTRONICALLY**
13          vs.                                 )  **STORED INFORMATION**
                                                )
14  Akanoc Solutions, Inc., Managed Solutions   )
    Group, Inc., Steven Chen and Does 1 through )
15  10, inclusive,                              )
                                                )
16                        Defendants.           )
                                                )
17

18  **PROPOUNDING PARTY**: Managed Solutions Group, Inc.

19  **RESPONDING PARTY**:    Louis Vuitton Malletier, S.A.

20  **SET NO.**:                One

21      Defendant Managed Solutions Group, Inc. (hereinafter "Defendant"), by and through its

22  attorneys, GAUNTLETT & ASSOCIATES, request that Plaintiff Louis Vuitton Malletier, S.A.

23  (hereinafter "LV or Plaintiff"), produce for inspection and copying in accordance with Rule 34,

24  Federal Rules of Civil Procedure, at the office of Gauntlett & Associates, 18400 Von Karman, Suite

25  300, Irvine, California 92612, within thirty (30) days of the date of service, all documents,

26  electronically stored information and things in the possession, custody or control of Plaintiff or its

27  agents, officers, employees, or attorneys, according to the specifications that follow.  If Plaintiff

28  prefers, true copies of all responsive materials may timely be transmitted to the undersigned counsel

by first-class mail, postage prepaid or via e-mail.

## DEFINITIONS

1.    The term "ACTION" means the lawsuit pending in the United States District Court for the Northern District of California styled as *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., Managed Solutions Group, Inc. Steven Chen and Does 1 through 10, inclusive,* Case No. C-07 3952 JW.

2.    The term "COMPLAINT" refers to the "Complaint For: Contributory and Vicarious Infringement; Contributory and Vicarious Copyright Infringement," filed by YOU in the ACTION.

3.    The terms "Plaintiff," "YOU," "YOUR," or "LV" shall refer to Plaintiff Louis Vuitton Malletier, S.A and its agents, attorneys, accountants, investigators, representatives, officers, directors, employees or anyone else acting on its behalf.

4.    The term "DOCUMENT(S)" shall have the broadest possible meaning and include anything coming within the definition of Rule 34(a) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All certificates of copyright registration for those copyrights LV alleges that Managed Solutions Group, Inc. contributorily or vicariously infringed.

**REQUEST NO. 2:**

All applications and certificates of copyright registration, including each Form TX, for each copyright LV alleges that Managed Solutions Group, Inc. allegedly contributorily or vicariously infringed.

**REQUEST NO. 3:**

For each LV trademark that Managed Solutions Group, Inc. has allegedly contributorily or vicariously infringed, produce all trademark registration applications and all correspondence with the U.S. Patent and Trademark Office concerning those applications.

**REQUEST NO. 4:**

All DOCUMENTS that reflect LV's ownership of copyrights that Managed Solutions Group, Inc. allegedly contributorily or vicariously infringed.

1  **REQUEST NO. 5:**

2      All DOCUMENTS that reflect LV's ownership of trademarks that Managed Solutions

3  Group, Inc. allegedly contributorily or vicariously infringed.

4  **REQUEST NO. 6:**

5      All DOCUMENTS that support LV's allegation that it is the owner of all rights in and to any

6  trademarks which Managed Solutions Group, Inc. allegedly contributorily and vicariously infringed.

7  **REQUEST NO. 7:**

8      All DOCUMENTS that reflect any trademark licenses granted by LV in any of the

9  trademarks that Managed Solutions Group, Inc. allegedly contributorily or vicariously infringed.

10  **REQUEST NO. 8:**

11      All Internet pages and other DOCUMENTS which reflect alleged infringement of LV's

12  copyrights or trademarks about which LV complains in the COMPLAINT.

13  **REQUEST NO. 9:**

14      All DOCUMENTS that support LV's allegation at paragraph 14 of its COMPLAINT that its

15  trademarks "are in full force and effect, and have never been abandoned by LV."

16  **REQUEST NO. 10:**

17      All correspondence, e-mails and other DOCUMENTS sent by LV to Managed Solutions

18  Group, Inc. at any time in the past two (2) years.

19  **REQUEST NO. 11:**

20      All correspondence, e-mails and other DOCUMENTS that allegedly put Managed Solutions

21  Group, Inc. on notice of alleged infringement of LV's copyright or trademarks by any third party.

22  **REQUEST NO. 12:**

23      All correspondence, e-mails and other DOCUMENTS that support LV's allegation at

24  paragraph 32 of its COMPLAINT that "Defendants have been repeatedly placed on notice of the

25  counterfeit activity which occurs using the hosting services offered by the ISP Defendants."

26  **REQUEST NO. 13:**

27      All correspondence, e-mails and other DOCUMENTS that support LV's allegation at

28  paragraph 36 of its COMPLAINT that "Defendants have actual knowledge of the Counterfeiting

1  Websites' illegal activities from, among other things, written notification by counsel and agents for

2  Plaintiff."

3  **REQUEST NO. 14:**

4      All correspondence, e-mails and other DOCUMENTS that support LV's allegation at

5  paragraph 49 of its COMPLAINT that "Defendants have actual knowledge of the illegal acts of the

6  Counterfeiting Websites from, among other things, written notification from Louis Vuitton."

7  **REQUEST NO. 15:**

8      All e-mail notifications concerning infringement of LV's intellectual property rights sent by

9  LV to any web hosting company in the United States, Canada, or the Caribbean in the past 5 years.

10  **REQUEST NO. 16:**

11      All correspondence concerning infringement of LV's intellectual property rights sent by LV

12  to any web hosting company in the United States, Canada, or the Caribbean via United States mail in

13  the past 5 years.

14  **REQUEST NO. 17:**

15      All notices concerning infringement of LV's intellectual property rights sent by LV to any

16  web hosting company in the United States, Canada, or the Caribbean via overnight mail with any

17  delivery service in the past 5 years.

18  **REQUEST NO. 18:**

19      All DOCUMENTS that support LV's allegation at paragraph 32 of its COMPLAINT that

20  Managed Solutions Group, Inc. has "taken no steps to limit, curtail, disable, stop or otherwise

21  discontinue" hosting services to web sites which infringe LV's copyrights and trademarks.

22  **REQUEST NO. 19:**

23      All DOCUMENTS that support LV's allegation at paragraph 44 of its COMPLAINT that

24  Managed Solutions Group, Inc. has a "right to control the Counterfeiting Websites."

25  **REQUEST NO. 20:**

26      All DOCUMENTS that evidence that Managed Solutions Group, Inc. knew or should have

27  known that third party websites were infringing LV's copyrights.

28  / / /

**REQUEST NO. 21:**

All DOCUMENTS that evidence that Managed Solutions Group, Inc. induced or encouraged third parties to infringe LV's copyrights.

**REQUEST NO. 22:**

All DOCUMENTS that evidence that, during the time period LV's copyrights were allegedly being infringed by third parties, Managed Solutions Group, Inc. had the right and ability to control the infringing activities.

**REQUEST NO. 23:**

All DOCUMENTS that evidence any direct financial benefit Managed Solutions Group, Inc. received from alleged infringement of LV's copyrights by third parties.

**REQUEST NO. 24:**

All DOCUMENTS that evidence conduct by Managed Solutions Group, Inc. that encouraged or assisted the alleged infringement of LV's copyrights or trademarks.

**REQUEST NO. 25:**

All DOCUMENTS that evidence direct control and monitoring by Managed Solutions Group, Inc. of third party websites used to infringe LV's trademarks.

**REQUEST NO. 26:**

All DOCUMENTS that reflect Managed Solutions Group, Inc.'s intentional inducement of any third party to infringe LV's trademarks.

**REQUEST NO. 27:**

All DOCUMENTS that reflect any ability of Managed Solutions Group, Inc. to remove content from websites that allegedly infringe LV's trademarks.

**REQUEST NO. 28:**

All DOCUMENTS that reflect any ability of Managed Solutions Group, Inc. to stop material that allegedly infringes LV's trademarks from being distributed over the internet.

**REQUEST NO. 29:**

All "terms of use" that permit Managed Solutions Group, Inc. to "discontinue links through websites offering product infringing the rights of third parties," as YOU allege at paragraph 48 of

1  YOUR COMPLAINT.

2  **REQUEST NO. 30:**

3      All DOCUMENTS that evidence any actual or apparent partnership between Managed

4  Solutions Group, Inc., and any third party website operator allegedly infringing LV's trademarks.

5  **REQUEST NO. 31:**

6      All DOCUMENTS that evidence any right or ability of Managed Solutions Group, Inc. and

7  any allegedly infringing website operator to bind one another in business transactions with third

8  parties.

9  **REQUEST NO. 32:**

10      All DOCUMENTS that evidence reflect any right or ability of Managed Solutions Group,

11  Inc. and any third party website operator to exercise joint ownership or control over products which

12  infringe LV's trademarks.

13  **REQUEST NO. 33:**

14      All DOCUMENTS that support LV's allegation at paragraphs 41 and 46 of its COMPLAINT

15  that it has sustained damages "in no event less than One Million Dollars ($1,000,000) per trademark

16  per counterfeit."

17  **REQUEST NO. 34:**

18      All DOCUMENTS that support LV's allegation at paragraph 52 of its COMPLAINT that it

19  has sustained damages "in no event less than One Hundred and Fifty Thousand ($150,000) per

20  copyright infringed."

21  **REQUEST NO. 35:**

22      All DOCUMENTS that show by item name, number of units and gross and net sales income

23  a summary of sales from 2000 through 2007 for all LV products relying on or using the LV

24  trademarks and copyrights allegedly infringed by defendants in this ACTION.

25  **REQUEST NO. 36:**

26      All DOCUMENTS that evidence any damages suffered by LV for the infringements alleged

27  in the COMPLAINT.

28  / / /

1

**REQUEST NO. 37:**

2      All DOCUMENTS that support LV's allegation at paragraph 17 of its COMPLAINT that

3  "Plaintiff will suffer irreparable harm if any third parties, including Defendants herein, are allowed

4  to continue engaging in services and selling infringing goods utilizing and/or bearing identical or

5  substantially similar trademarks."

6  **REQUEST NO. 38:**

7      All DOCUMENTS that support LV's allegation at paragraph 43 of its COMPLAINT that

8  "the illegal sales of products that infringe on the Plaintiff's Trademarks have generated enormous

9  sums of monies for the Counterfeiting Websites."

10  **REQUEST NO. 39:**

11      All DOCUMENTS that support LV's allegation at paragraph 16 of its COMPLAINT that

12  LV's trademarks have "developed a secondary meaning and significance in the minds of the

13  purchasing public."

14  **REQUEST NO. 40:**

15      All "counterfeit Louis Vuitton merchandise and packaging sold through websites hosted by

16  Defendants" as described by YOU in YOUR Rule 26 initial disclosure document.

17  **REQUEST NO. 41:**

18      All "Louis Vuitton trademark registrations" as described by YOU in YOUR Rule 26 initial

19  disclosure document.

20  **REQUEST NO. 42:**

21      All "Louis Vuitton copyright registrations" as described by YOU in YOUR Rule 26 initial

22  disclosure document.

23  **REQUEST NO. 43:**

24      All "printouts from websites hosted by Defendants" as described by YOU in YOUR Rule 26

25  initial disclosure document.

26  **REQUEST NO. 44:**

27      All DOCUMENTS "relating to investigation of websites hosted by Defendants" as described

28  by YOU in YOUR Rule 26 initial disclosure document.

REQUEST FOR PRODUCTION OF DOCUMENTS
– C 07 3952 JW

**REQUEST NO. 45:**

   All DOCUMENTS concerning reports of investigations, whether done by LV or a third party, of Internet Websites that are alleged in the COMPLAINT to infringe LV's intellectual property.

Dated: December 7, 2007

                                    GAUNTLETT & ASSOCIATES

                                    By: _____
                                        James A. Lowe
                                        Brian S. Edwards
                                        Attorneys for Defendants

1   **GAUNTLETT & ASSOCIATES**
    James A. Lowe (SBN 214383)
2   *jal@gauntlettlaw.com*
    Brian S. Edwards (SBN 166258)
3   *bse@gauntlettlaw.com*
    18400 Von Karman, Suite 300
4   Irvine, California 92612
    Telephone:     (949) 553-1010
5   Facsimile:     (949) 553-2050

6   Attorneys for Defendants
    Akanoc Solutions, Inc., Managed
7   Solutions Group, Inc., Steven Chen

8

9                       **UNITED STATES DISTRICT COURT**

10        **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

11

12  Louis Vuitton Malletier, S.A.,                )   Case No. C 07 3952 JW
                                                  )
13                       Plaintiff,               )   **REQUEST FOR PRODUCTION OF**
                                                  )   **DOCUMENTS AND ELECTRONICALLY**
14          vs.                                   )   **STORED INFORMATION**
                                                  )
15  Akanoc Solutions, Inc., Managed Solutions     )
    Group, Inc., Steven Chen and Does 1 through   )
16  10, inclusive,                                )
                                                  )
17                       Defendants.              )
                                                  )
18  ─────────────────────────────────────

19  **PROPOUNDING PARTY**: Managed Solutions Group, Inc.

20  **RESPONDING PARTY**:    Louis Vuitton Malletier, S.A.

21  **SET NO.**:             Two

22

23          Defendant Managed Solutions Group, Inc. (hereinafter "Defendant"), by and through its

24  attorneys, GAUNTLETT & ASSOCIATES, request that Plaintiff Louis Vuitton Malletier, S.A.

25  (hereinafter "LV or Plaintiff"), produce for inspection and copying in accordance with Rule 34,

26  Federal Rules of Civil Procedure, at the office of Gauntlett & Associates, 18400 Von Karman, Suite

27  300, Irvine, California 92612, within thirty (30) days of the date of service, all documents,

28  electronically stored information and things in the possession, custody or control of Plaintiff or its

1  agents, officers, employees, or attorneys, according to the specifications that follow.  If Plaintiff

2  prefers, true copies of all responsive materials may timely be transmitted to the undersigned counsel

3  by first-class mail, postage prepaid or via e-mail.

4

5  **DEFINITIONS**

6      1.    The terms "Plaintiff," "YOU," "YOUR," or "LV" shall refer to Plaintiff Louis

7  Vuitton Malletier, S.A and its agents, attorneys, accountants, investigators, representatives, officers,

8  directors, employees or anyone else acting on its behalf.

9      2.    The term "DOCUMENT(S)" shall have the broadest possible meaning and include

10  anything coming within the definition of Rule 34(a) of the Federal Rules of Civil Procedure.

11      3.    The term "IP RANGE" shall refer to the following IP range:

12          66.79.160.0 to 66.79.191.255; and

13          204.13.64.0 to 204.13.71.255; and

14

15          204.16.192.0 to 204.16.199.255; and

16          205.209.128.0 to 205.209.191.255; and

17          208.77.40.0 to 208.77.77.255.

18      4.    The term WEBSITES refers to the websites referenced on Exhibit "A" attached
hereto.

19

20  **REQUESTS FOR PRODUCTION**

21  **REQUEST NO. 46:**

22      All DOCUMENTS that reflect any surveys, focus groups, or other consumer/market testing

23  conducted by or for LV concerning any trademark which Managed Solutions Group, Inc. allegedly

24  contributorily or vicariously infringed.

25  **REQUEST NO. 47:**

26      All DOCUMENTS that support YOUR contention that any of the WEBSITES has ever been

27  in the IP RANGE.

28

1    Dated: January 10, 2008                    **GAUNTLETT & ASSOCIATES**

2

3                                              By: _____

4                                                 James A. Lowe
                                                  Brian S. Edwards

5
                                              Attorneys for Defendants
6                                             Akanoc Solutions, Inc., Managed
                                              Solutions Group, Inc., Steven Chen

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

| | |
|---|---|
| 1 | 315EC.com |
| 2 | Ape168.com |
| 3 | Atozbrand.com |
| 4 | Bag4Sell.com |
| 5 | Bag925.com |
| 6 | BigWorldShoes.com |
| 7 | Bizyao.com |
| 8 | BrandFashioner.com |
| 9 | BrandStyleSales.com |
| 10 | Brandtrading.net |
| 11 | BuyMyShoes.net |
| 12 | Cn-Nike.com |
| 13 | DreamyShoes.com |
| 14 | Eastarbiz.com |
| 15 | EBuyNike.com |
| 16 | ECshoes.com |
| 17 | EGoToBuy.com |
| 18 | EMSYou.com |
| 19 | EShoes99.com |
| 20 | Famous-Shop.com |
| 21 | Fansjersey.com |
| 22 | Globefashion.com |
| 23 | GucciFendi.com |
| 24 | GZ-Free.com |
| 25 | HandBagSell.com |
| 26 | Imitation-Gold.com |
| 27 | InNike.com |
| 28 | LLouisVuitton.com |
| 29 | LongTimeGroup.com |
| 30 | Louisvuittonbags.com |
| 31 | Louis-vuitton-bags.org |
| 32 | Louisvuittonbagz.com |
| 33 | LoverNike.com |
| 34 | LuxeLike.com |
| 35 | Luxury2Us.com |
| 36 | LVBagz.com |
| 37 | lv-nike.com |
| 38 | MailGoods.com |
| 39 | Myshoes99.com |
| 40 | Nike558.com |
| 41 | Nikeexp.com |
| 42 | NikeShoesOffer.com |
| 43 | NikeWTO.com |
| 44 | NonStopBeauty.com |
| 45 | PFCStation.com |
| 46 | PickHipHop.com |
| 47 | PickYourGoods.com |
| 48 | PickYourOrder.com |
| 49 | Pro-Jordan.com |
| 50 | Replica-ebags.com |
| 51 | RRGNL.com |

| 52 | Shoes-Order.com |
|----|-----------------|
| 53 | SoApparel.com |
| 54 | Sunny7Shoes.com |
| 55 | Super925.com |
| 56 | Swisshours.biz |
| 57 | Tytrade88.com |
| 58 | Watchesnreplica.com |
| 59 | WatchesReplica.net |
| 60 | WatchNReplica.net |
| 61 | WearOnline.net |
| 62 | Wendy929.com |
| 63 | Wendy929.net |
| 64 | Wendyluxury.com |
| 65 | WorldKeyTrade.com |
| 66 | YeahEBay.com |
| 67 | Yseenet.net |

1  RE:            *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., et al.*
   VENUE:         U.S.D.C., Northern District, San Jose Division
2  CASE NO.:      C-07-03952 JW

3                           **PROOF OF SERVICE**

4          I am employed in the County of Orange, State of California.  I am over the age of eighteen (18)
   years and not a party to the within action; my business address is: Gauntlett & Associates, 18400 Von
5  Karman, Suite 300, Irvine, California 92612.

6          On January 10, 2008, I served the foregoing document described as: **REQUEST FOR
   PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION -
7  SET TWO** on the interested parties in this action by placing a true copy thereof enclosed in a sealed
   envelope addressed as follows:

8
                                  J. Andrew Coombs, Esq.
9                                  Annie S. Wang, Esq.
                             J. Andrew Coombs, A Prof. Corp.
10                             517 E. Wilson Avenue, Suite 202
                                    Glendale, CA 91206-5902
11                              Telephone:  (818) 500-3200
                                Facsimile:   (818) 500-3201
12                                 andy@coombspc.com
                                   annie@coombspc.com
13
                                  *Attorneys for Plaintiff*
14                             *Louis Vuitton Malletier, S.A.*

15
   [X]    **(BY MAIL)**  I am "readily familiar" with the firm's practice of collection and processing
16         correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service
           on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course
17         of business.  I am aware that on motion of the party served, service is presumed invalid if postal
           cancellation date or postage meter date is more than one day after date of deposit for mailing
18         in affidavit.

19  [ ]    **(BY FACSIMILE)** The document was transmitted by facsimile transmission to the above fax
           numbers with the transmission reported as complete and without error.

20
   [ ]    **(BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION)** I caused the document
21         to be sent to the respective e-mail address(es) of the party(ies) as stated above.  I did not receive,
           within a reasonable time after the transmission, any electronic message or other indication that
22         the transmission was unsuccessful.

23  [ ]    **(BY UPS NEXT DAY AIR)**  I caused such package to be deposited with the UPS Drop Box
           or UPS Air Service Center located at one of the following locations: 18400 Von Karman, Irvine,
24         California 92612 or 2222 Michelson Drive, #222, Irvine, California 92612.

25  [X]    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at
           whose direction the service was made.
26
           Executed on January 10, 2008, at Irvine, California.
27

28  Peggy Murray                              *Peggy Murray*
    (Print Name)                              (Signature)

1  RE:       *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., et al.*
   VENUE:    U.S.D.C., Northern District, San Jose Division
2  CASE NO.:  C-07-03952 JW

3                         **PROOF OF SERVICE**

4          I am employed in the County of Orange, State of California. I am over the age of eighteen (18)
   years and not a party to the within action; my business address is: Gauntlett & Associates, 18400 Von
5  Karman, Suite 300, Irvine, California 92612.

6          On February 20, 2008, I served the foregoing document described as: **NOTICE OF
   DEPOSITION OF LOUIS VUITTON MALLETIER AND REQUEST TO PRODUCE**
7  **DOCUMENTS** on the interested parties in this action by placing a true copy thereof enclosed in a
   sealed envelope addressed as follows:
8
                            J. Andrew Coombs, Esq.
9                            Annie S. Wang, Esq.
                        J. Andrew Coombs, A Prof. Corp.
10                         517 E. Wilson Avenue, Suite 202
                             Glendale, CA 91206-5902
11                          Telephone:  (818) 500-3200
                            Facsimile:  (818) 500-3201
12                            andy@coombspc.com
                              annie@coombspc.com
13
                            *Attorneys for Plaintiff*
14                       *Louis Vuitton Malletier, S.A.*

15
   [ ]   **(BY MAIL)**  I am "readily familiar" with the firm's practice of collection and processing
16         correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service
           on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course
17         of business. I am aware that on motion of the party served, service is presumed invalid if postal
           cancellation date or postage meter date is more than one day after date of deposit for mailing
18         in affidavit.

19 [ ]   **(BY FACSIMILE)**  The document was transmitted by facsimile transmission to the above fax
           numbers with the transmission reported as complete and without error.
20
   [ ]   **(BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION)** I caused the document
21         to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive,
           within a reasonable time after the transmission, any electronic message or other indication that
22         the transmission was unsuccessful.

23 [X]   **(BY UPS NEXT DAY AIR)**  I caused such package to be deposited with the UPS Drop Box
           or UPS Air Service Center located at one of the following locations: 18400 Von Karman, Irvine,
24         California 92612 or 2222 Michelson Drive, #222, Irvine, California 92612.

25 [X]   **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this court at
           whose direction the service was made.
26
           Executed on February 20, 2008, at Irvine, California.
27

28 Peggy Murray
   (Print Name)                              (Signature)

10562-002-02/20/2008-159303.1                              PROOF OF SERVICE - C-07-03952 JW