# Exhibit D

| | |
|---|---|
| 1 | J. Andrew Coombs (SBN 123881) |
| | andy@coombspc.com |
| 2 | Annie S. Wang (SBN 243027) |
| | annie@coombspc.com |
| 3 | J. Andrew Coombs, A Prof. Corp. |
| | 517 East Wilson Avenue, Suite 202 |
| 4 | Glendale, California 91206 |
| | Telephone: (818) 500-3200 |
| 5 | Facsimile: (818) 500-3201 |
| 6 | |
| | Attorneys for Plaintiff Louis |
| 7 | Vuitton Malletier, S.A. |

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Louis Vuitton Malletier, S.A., | ) | Case No.: C 07 3952 JW |
| | ) | |
| Plaintiff, | ) | PLAINTIFF LOUIS VUITTON |
| | ) | MALLETIER, S.A.'S RESPONSES AND |
| v. | ) | OBJECTIONS TO DEFENDANTS' |
| | ) | NOTICE OF DEPOSITION AND [THIRD] |
| Akanoc Solutions, Inc., Managed Solutions | ) | REQUEST TO PRODUCE DOCUMENTS |
| Group, Inc., Steven Chen and Does 1 through 10, | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

PROPOUNDING PARTY:    Defendants Managed Solutions Group, Inc., Akanoc

Solutions, Inc. and Steven Chen

RESPONDING PARTY:    Plaintiff Louis Vuitton Malletier, S.A.

PLEASE TAKE NOTICE THAT, pursuant to Fed. R. Civ. P. 32(d)(1) and Fed. R. Civ. P. 34(b)(2) Plaintiff Louis Vuitton Malletier, S.A. ("Plaintiff") objects to the purported Notice of Deposition and [Third] Request to Produce Documents ("Notice of Deposition") served on behalf of Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steven Chen (collectively "Defendants") by United Parcel Service and received on February 21, 2008.

Plaintiff objects to the Notice of Deposition on each of the following separate and independent grounds.

1.  The purported Notice of Deposition seeks to compel production of the Plaintiff's person(s) most knowledgeable in Irvine, California. Plaintiff is based in Paris,

France, as alleged in the Complaint and restated in response to Defendants' request to meet and confer as required by Local Rule. Plaintiff cannot be compelled to produce person(s) most knowledgeable in California. See, e.g., *Thomas v. International Business Machines,* 48 F. 3d 478, 483 (10th Cir. 1995) ("deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business.").

2. The purported Notice of Deposition fails to provide sufficient time for appearance and to be propounded based upon a meet and confer as required by Local Rule 30.

3. The purported Notice of Deposition purports to seek testimony on issues which have been the subject of previous, completed "meet and confer" negotiations by and between counsel for Plaintiff and Defendants and pursuant to which Plaintiff has stated its view on the limits of applicable discovery in this case. Defendants have not elected to compel discovery on such matters and Plaintiff maintains its objections on matters concerning which objections have been made and concerning which Defendants have not elected to challenge Plaintiff's objections. These matters include (but are not necessarily limited to):

   a. Copyright registration practices outside the United States;

   b. Trademark registrations outside the United States or the People's Republic of China;

   c. Application history of copyrights or trademarks;

   d. Enforcement of copyrights or trademarks except as to Defendants in this action or websites hosted on Defendants' servers;

   e. Licensing terms; and

   f. Actual damages as measured by injury to Louis Vuitton as distinct from profits derived by counterfeiters and Defendants from the sale of counterfeit merchandise offered on Defendants' servers.

4. The purported Notice of Deposition seeks re-production of copies of all documents previously produced by Plaintiff in this action. Plaintiff objects on grounds of burden and harassment that Defendants' request that each of the thousands of pages of documents already produced in this matter be re-produced.

5. Plaintiff further objects to the purported Notice of Deposition insofar as it purports to seek privileged information protected as confidential trade secrets or by attorney client privilege or attorney work product privilege.

6. The purported Notice of Deposition fails to state, as required by Fed. R. Civ. P 30(b)(3)(A), the method(s) of recording testimony.

Dated: February 26, 2008

J. Andrew Coombs, A Professional Corp.

By: _____
J. Andrew Coombs
Annie S. Wang
Attorneys for Plaintiff Louis Vuitton Malletier, S.A.