1
J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
2
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
3
J. Andrew Coombs, A P. C.
517 East Wilson Avenue, Suite 202
4
Glendale, California 91206
Telephone: (818) 500-3200
5
Facsimile: (818) 500-3201

6
Attorneys for Plaintiff
Louis Vuitton Malletier, S.A.
7

8
UNITED STATES DISTRICT COURT

9
NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION)

10
Louis Vuitton Malletier, S.A.,                   ) Case No.: C 07 3952 JW
                                                 )
11
                        Plaintiff,               ) Hon. Magistrate Judge Howard R. Lloyd
                                                 )
12
        v.                                       ) OPPOSITION TO DEFENDANTS'
                                                 ) MOTION TO COMPEL THE
13
Akanoc Solutions, Inc., et al.                   ) DEPOSITION OF PLAINTIFF LOUIS
                                                 ) VUITTON MALLETIER, S.A.
14
                        Defendants.              )
                                                 ) Date: April 22, 2008
15
                                                 ) Time: 10:00 a.m.
                                                 ) Dept: Courtroom 2, 5th Floor
16

## INTRODUCTION

17
        Defendants have failed to meet their burden to overcome the presumption that

18
corporations should be deposed at their principal place of business.  Though the presumption

19
should apply, Plaintiff has offered several reasonable options to resolve this dispute, all of which

20
have been summarily rejected by the Defendants.

21
        Defendants are insured litigants who have demonstrated an ability to travel out of state

22
for deposition, and who should take the corporate deposition of Plaintiff Louis Vuitton Malletier,

23
S.A. ("Plaintiff" or "Louis Vuitton") telephonically, or, if in person, 1) in France, Plaintiff's

24
principal place of business, 2) in New York, a place of business for the corporate Defendants, or

25
3) in California, at Defendants' expense.[1]

26

27
[1] Lead counsel were in Dallas on Tuesday, the 1st, the date this Opposition was due but the
deposition ran the full seven hours, until after business hours local time, and counsel agreed that
Opposition and Reply could, subject to the Court's agreement, be extended for an additional day.
28
Declaration of J. Andrew Coombs ("Coombs Decl.") at ¶¶ 7-8.

**STATEMENT OF THE FACTS**

Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc., and Steven Chen (collectively "Defendants") operate a successful business owning, operating and allegedly renting approximately 1,500 servers in several locations including Freemont, California and New York, which host and continued to host a number of infringing websites selling counterfeit Louis Vuitton merchandise despite repeated notice. Declaration of J. Andrew Coombs ("Coombs Decl.") at ¶ 4. Defendants indicated that insurance coverage is available. Coombs Decl., Ex. A.

Plaintiff's headquarters is in France. Id. at ¶ 3. Though Plaintiff has a manufacturing facility in San Dimas, California, it does not oversee any internet related intellectual property enforcement efforts from that location, nor does it have any corporate offices dedicated to the issues involved in this litigation in California and, most important, it has no designee pursuant to Fed.R.Civ.P. 30(b)(6) at that location. Id. Plaintiff does have personnel in New York who handle intellectual property enforcement issues. Id. United States counsel responsible for intellectual property who is expected to attend the deposition is based in New York. There would be far less travel time, expense and disruption involved for any deponent traveling from France to New York, than anywhere in California. Id.

Plaintiff identified its corporate witness in its Initial Disclosures which were served on Defendants' counsel on or about November 28, 2007. Declaration of Brian Edwards in Support of Motion to Compel at ¶ 2. The Parties have met and conferred on the depositions for both parties and have exchanged several letters, some of which discussed Plaintiff's alternatives to resolve the present dispute. Coombs Decl. at ¶ 5. The Parties were able to resolve most of the deposition disputes, and in two of its objections dated March 13, 2008, Defendants cited Thomas v. International Business Machines, 48 F.3d 478, 483 (10th Cir. 1995) which restates the presumption that the location of the deposition of a corporation should be its principal place of business. Id. at ¶ 6. On or about April 1, 2008, the deposition of Robert Holmes took place in Dallas, Texas, where one attorney for Defendants appeared and was connected by active Internet link to his office, where the transcript could be reviewed in real time by personnel in defense

counsel's office and, possibly, one or more of the Defendants.  Id. at ¶ 7.

Defendants take the position that they must depose Plaintiff in California.  Plaintiff has offered and continues to offer that the deposition take place telephonically, in New York, or at Defendants' counsel's office but, if so, with out of pocket expenses reimbursed by Defendants.

## ARGUMENT

I. ### Defendants Fail to Rebut the Admitted Presumption that Plaintiff's Deposition is Properly Taken at the Plaintiff's Principal Place of Business: Paris, France.

Defendants do not dispute the applicable presumption: the deposition of Plaintiff is to be taken at its principal place of business, in Paris, France.

Courts have found exceptions to this presumption and Defendants have cited non-binding authority to evaluate when departure from the presumption is warranted.[2]  Those exceptions are not applicable here.

Though many of the arguments advanced by Defendants' have become moot since the filing of their motion or are misleading, given the relative inconvenience to Defendants and most importantly in light of the multiple alternatives proposed by Plaintiff, the deposition of Plaintiff's corporate designee should take place either telephonically, as the most cost effective choice for all involved, in France, applying the presumption, or as alternatives, in New York, where all Parties conduct business, or at Defendants' counsel's office at Defendants' expense.

a. ### Some of Defendants' Assertions are Unsupported, Moot or Misleading.

Defendants make the following assumptions and adduce no evidence in support of the following assertions in their moving papers which should be accorded no weight:

1. Plaintiff's deponent travels frequently to California:  Counsel is not aware of any recent visits by Plaintiff's designee to California.  Coombs Decl. at ¶ 3.

2. Traveling to California for deposition is one of the expected costs of doing business

---

[2] The Cadent case is distinguishable because the resisting party provided "absolutely no rationale" for its position, including a failure to identify the corporate designee, let alone the designee's residency or travel schedules, among other things.  Cadent Ltd. v. 3M Unitek Corporation, et al., 232 F.R.D. 625, 629-30 (C.D. Cal. 2005).  In addition to the rationale set forth herein, Plaintiff identified its designee in its initial disclosures in November of 2007.

for Louis Vuitton: Plaintiff's designee is responsible for Louis Vuitton's global Internet enforcement efforts and, to the contrary, the scope of Internet activity is such that no such assumption is warranted or supported here.

3. It is more convenient for all Parties that the deposition of Plaintiff take place in California: As set forth in greater detail below, there are several reasons why Paris and even New York are substantially more convenient for Louis Vuitton and Defendants have already demonstrated the effective absence of any inconvenience in deposing a witness out of state, especially where they might otherwise be obliged to travel in any event to Northern California.

4. A manufacturing facility has anything to do with corporate intellectual property enforcement: the San Dimas operation has no relevant responsibilities and the corporate designee is not domiciled there. This argument is tantamount to suggesting that the deposition can be compelled in any judicial district where a retail outlet is located.

5. Disputes are likely to arise during the deposition of Plaintiff's corporate witness and will be more easily addressed if the deposition takes place in California: one deposition has been concluded without any disputes and applicable rules provide for resolution by telephone conference which can be conducted from any location.

6. The Robert Holmes deposition was concluded without "incident" on April 1, 2008 and any argument predicated upon presumed disputes arising due to that deposition are moot. Coombs Decl. at ¶ 7.

Aside from the unsupported assumptions above, the following statements also fail to support Defendants' efforts to rebut the admitted presumption that Paris is the appropriate venue for Plaintiff's deposition:

a) Louis Vuitton brought the lawsuit in California and should appear in California for deposition.

Louis Vuitton brought the lawsuit in the Northern District of California as it was the place of all Defendants' domicile. Louis Vuitton should not have to bear the additional costs of already litigating in a foreign forum which was chosen in large part due to Defendants' presence

and the infringing conduct.[3]  The global nature of the Internet is well documented.  The corresponding scope of the counterfeiting challenge which a famous brand such as Louis Vuitton must combat is similarly well documented.  To require Louis Vuitton to appear in connection with each piece of litigation in each jurisdiction where it is required to travel to enforce its famous rights only magnifies the harm caused by the rampant online infringement of its copyrights and trademarks.  The choice of forum has benefited Defendants and Plaintiff should not have to bear additional deposition costs in light of the presumption that its deposition should take place at its principal place of business.  There is enough burden imposed upon Louis Vuitton to litigate in a foreign district, including appearances required for other Court mandated proceedings including (and up to) trial that to require it to bear the full burden for appearance for deposition on these facts is inappropriate.

      b)  <u>Counsel for both Parties are located in California and Louis Vuitton is producing one witness from France as opposed to many.</u>

At the deposition of Robert Holmes which took place on April 1, 2008, Defendants sent just one attorney who was aided by an active Internet link which communicated the deponent's testimony in real time to defense counsel's office in Irvine.  Defendants can clearly employ such technology to take the Plaintiff's deposition.  Thus, the relative inconvenience to Plaintiff's deponent, who must travel from France to California, as suggested by Defendants, compared to the inconvenience of Defendants' one attorney whose travel time would only be increased by a few hours from Northern California to New York is unreasonable.

It would be inconvenient for Plaintiff's witness to be deposed anywhere other than in France.  Despite the location of all counsel in Southern California, Plaintiff's inconvenience in traveling from France is key and the alternatives proposed by Plaintiff addresses these concerns and those of cost raised by Defendants.

---

[3] A Northern District ruling required the corporate Plaintiff in an insurance dispute to be deposed in the forum as Plaintiff had issued the policies in the forum which were directly related to the case and such appearance was foreseeable based upon the issuance of the policies.  <u>Lexington Insurance Co., et al. v. Commonwealth Insurance Co. et al.</u>, 1999 U.S. Dist. LEXIS 23428, *30 (N.D. Cal. September 17, 1999).  In this case, the litigation involves illegal conduct over which Louis Vuitton had no control over, thus the reasoning in <u>Lexington</u>, is distinguishable.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

c) <u>Louis Vuitton is better able to afford the expense of the trip and forcing a small corporate defendant such as MSG to pay attorneys to fly to France or New York would be an enormous cost burden.</u>

There are two corporate defendants and one individual involved in this case. Defendants have made no assertions that their businesses are not successful and discovery completed to date would contradict that claim. Further, insurance is in play and Defendants will likely be looking to the insurance to assist in the costs associated with this litigation.

Moreover, the deposition of Plaintiff's representative will likely cover issues common to all Defendants and Defendants will most likely send just one attorney to represent all of their interests. Defendants will already be sharing the benefits of taking Plaintiff's deposition and should be able to share in the costs as well.

Defendants have already demonstrated an ability to travel for deposition as they conducted the deposition of Robert Holmes in Dallas, Texas. Further, the cost and time differential for Defendants between Northern California and New York is marginal when compared to the great inconvenience of forcing Plaintiff's deposition to occur anywhere in California in light of the presumption.

II.    <u>The Alternatives Proposed By Plaintiff During the Meet and Confer Process Adequately Address the Factors which Might Otherwise Overcome the Presumption for Taking the Deposition in France.</u>

i.    <u>Telephonic Deposition.</u>

This alternative is the most cost effective choice and would allow all Parties to participate in locations most convenient to them. The timing of the deposition could also be set as to best accommodate Defendants' counsel and any possible disputes that may arise which would require Court intervention.

ii.    <u>New York.</u>

If Defendants are willing to send their attorney to Northern California from Southern California to take Plaintiff's deposition, they could just as easily send their attorney to New York

with only a marginal cost and time difference.  Some United States enforcement efforts are administered from New York and United States counsel is based in New York, both of which make a New York venue substantially more convenient for the Plaintiff and, clearly, more convenient for Defendants than Paris.  Given the presumption mandating that the deposition take place in France, New York, a location where Defendants' operate servers and where Plaintiff has corporate offices, appears to be a fair compromise.

### iii.  At Defendants' Counsel's Office at Defendants' Expense.

Courts have found cause for the party requesting departure from the presumption to pay for some or all of the expenses of the deposition.  <u>Cadent Ltd. v. 3M Unitek Corporation, et al.</u>, 232 F.R.D. 625, 630 (C.D. Cal. 2005); <u>Custom Form Manufacturing, Inc. v. Omron Corp., et al.</u>, 196 F.R.D. 333 (N.D. Ind. 2000) (defendant required to bear a portion of plaintiff's costs associated with bringing plaintiff's officer to forum for deposition).  Though the determination is largely factual, this was presented as merely another option to assuage Defendants given that Plaintiff's witness will still have to take additional time for travel to California and will have additional inconveniences associated with time difference and relative location of other corporate offices.

### <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the corporate deposition of Plaintiff be conducted telephonically, or, if in person, 1) in France, Plaintiff's principal place of business, 2) in New York, an additional place of business for the corporate Defendants, or 3) in California, at Defendants' expense.

DATED:  April 2, 2008                           J. Andrew Coombs, A Professional Corp.

                                    By: ___/s/ J. Andrew Coombs_____
                                         J. Andrew Coombs
                                         Annie S. Wang
                                        Attorneys for Plaintiff Louis Vuitton Malletier,
                                        S.A.

1

2

## DECLARATION OF J. ANDREW COOMBS

I, J. ANDREW COOMBS, declare as follows:

1.      I am an attorney at law, duly admitted to practice before the Courts of the State of California and the United States District Court for the Northern District of California.  I am an attorney for Plaintiff Louis Vuitton Malletier, S.A. ("Plaintiff" or "Louis Vuitton") in an action styled <u>Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., et al.</u>  I make this Declaration in support of Plaintiff's Opposition to Defendants' Motion to Compel the Deposition of Plaintiff Louis Vuitton Malletier, S.A.  Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2.      Defendants have indicated that insurance coverage is available in their Initial Disclosures dated December 3, 2007, a copy of which is attached hereto as Exhibit A.

3.      I am informed and believe that, although Louis Vuitton merchandise is manufactured in San Dimas, California, no corporate functions, specifically including intellectual property enforcement and, more specifically internet related intellectual property enforcement efforts are managed from that location.  Instead, the Plaintiff's corporate head office is located in France.  The Plaintiff's designee pursuant to Fed.R.Civ.P. 30(b)(6) on issues identified by the Defendants is located at that office.  Offices located in New York also handle intellectual property enforcement issues though not in the Internet area.  United States intellectual property enforcement counsel is based at the New York office and I believe that he will be involved in the deposition of Plaintiff's designee and I expect him to attend the deposition of Plaintiff's designee in this case.  There would be far less travel time, expense and disruption involved for any deponent traveling from France to New York, than anywhere in California.  Plaintiff's designee was identified in Plaintiff's voluntary Rule 26 disclosures and is a resident of France.  His office is in France and he is responsible for global Internet enforcement efforts for the Plaintiff.  I have known Plaintiff's designee for several years and I am unaware that he has visited California during that time.

4.      Attached hereto as Exhibit B are true and correct copies of printouts which appear to indicate that servers owned by at least two of the Defendants in this case are located in New York. To date Defendants have not asserted that means are an issue in taking the deposition outside of California and, to the contrary, there is nothing in documents produced in the action to date which implies that this might be an issue.

5.      On or about January 28, 2008, and continuing through March of 2008, the Parties discussed the issue of time and place of the depositions for several individuals and/or corporate representatives in this matter and were able to resolve most of these issues among them. In the meet and confer process, many letters were exchanged, some of which discussed the time and location of the deposition of Plaintiff's Rule 30(b)(6) deposition. In that correspondence, Plaintiff made several offers other than proceeding in Paris, France, including proceeding telephonically, proceeding in New York, or proceeding in Orange County with Defendants' reimbursing Plaintiff's actual out-of-pocket expense (intended to expressly exclude any overhead or other costs Plaintiff will also incur), to resolve the dispute on where the deposition of the Plaintiff should take place.

6.      In objecting to Plaintiff's Notices of Deposition of Defendants, Defendants cited to Thomas v. International Business Machines, 48 F.3d 478, 483 (10th Cir. 1995) on or about March 13, 2008, for the presumption that the location of the deposition of a corporation should be its principal place of business, which they now claim is inapposite to this matter in their moving papers. (This pertains to Plaintiff's notice of Defendants' depositions in the Central District of California – where both plaintiff's counsel and defendants' counsel are located and where at least some of the Defendants appear to maintain some business operations.) Attached hereto as Exhibit C are true and correct copies of these objections made by Defendants citing Plaintiff's authority on the proper location of a corporation's deposition.

7.      On or about April 1, 2008, the deposition of Robert Holmes took place in Dallas, Texas for the full seven hours. This deposition did not finish until after business hours, local time. James Lowe, counsel for Defendants conducted the deposition. Through software and an

active Internet connection, Mr. Lowe's office was able to review the transcript as it was transcribed and to comment on the deponent's testimony.  No disputes arose during the deposition which required intervention by the Court.

8.     On or about April 1, 2008, the Parties agreed that Plaintiff's Opposition would be timely if filed and served on or before April 2, 2008.  The Parties agreed that the Defendants should also have one additional day to submit their Reply.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States of America.

Executed this 2nd day of April, 2008, at Dallas, Texas.

_____/s/ J. Andrew Coombs_____
J. ANDREW COOMBS

EXHIBIT A

1   **GAUNTLETT & ASSOCIATES**
    James A. Lowe (SBN 214383)
2   *jal@gauntlettlaw.com*
    Brian S. Edwards (SBN 166258)
3   *bse@gauntlettlaw.com*
    18400 Von Karman, Suite 300
4   Irvine, California 92612
    Telephone:    (949) 553-1010
5   Facsimile:    (949) 553-2050

6   Attorneys for Defendants
    Akanoc Solutions, Inc., Managed
7   Solutions Group, Inc., and Steven Chen

8

9                   **UNITED STATES DISTRICT COURT**

10      **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

11

12  Louis Vuitton Malletier, S.A.,            )   Case No.: C 07 3952 JW
                                              )
13                         Plaintiff,         )   **DEFENDANTS' INITIAL**
                                              )   **DISCLOSURES PURSUANT**
14          v.                                )   **TO FED.R.CIV.P 26(a)(1)**
                                              )
15  Akanoc Solutions, Inc., Managed Solutions )
    Group, Inc., Steven Chen, and Does 1 through )
16  10, inclusive,                            )
                                              )
17                         Defendants.        )
    _____ )

18

19          Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc., and Steven Chen

20  (collectively "Defendants") hereby provide their initial disclosures to Plaintiff Louis Vuitton

21  Malletier, S.A. ("LV") pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, based on

22  the information now reasonably available to them. This initial disclosure statement shall be subject

23  to further supplementation upon the discovery of relevant information learned during the course of

24  the litigation between the parties.

25          **A.    WITNESSES**

26          Based upon information currently available to Defendants, the individuals listed below

27  would appear to have information pertinent to this action which Defendants may use to support

28

their claims or defenses.    Defendants reserve the right to revise this listing as additional information becomes available to them.

1.    Steven Chen, President of Akanoc Solutions, Inc. and Managed Solutions Group, Inc., 45535 Northport Loop East, Fremont, CA 94538-6458, (888) 589-5589;

2.    Juliana Luk, Security Dept., Managed Solutions Group, Inc. and Akanoc Solutions, Inc., 45535 Northport Loop East, Fremont, CA 94538-6458, (888) 589-5589

3.    Andrew Cheng, Network Management Dept., Managed Solutions Group, Inc. and Akanoc Solutions, Inc., 45535 Northport Loop East, Fremont, CA 94538-6458, (888) 589-5589

4.    Investigators hired by LV or its attorneys or agents with knowledge of the alleged infringement described in the complaint in this action.

**B.    DOCUMENTS**

Defendants may use the following documents in their possession, custody or control to support their claims or defenses in this action:

1.    LV's complaint as well as other pertinent non-privileged pleadings, discovery and documents in this action;

2.    Correspondence and documents mailed to Defendants or their agents by LV or its agents in connection with LV's claims in the instant action;

3.    The standard service agreement and use policy utilized by Akanoc Solutions, Inc. and Managed Solutions Group, Inc with their customers; and

4.    Relevant web pages from ARIN.NET and DOMAINTOOLS.COM which set forth mechanisms for finding contract and registration information for resources registered with ARIN.

Defendants will make available for inspection and copying, upon LV's reasonable request, all of the above non-privileged and non-protected documents in their possession, custody or control, to the extent the documents are not already in LV's possession, have not been already produced or are not equally available to LV.

/ / /

/ / /

### C.    COMPUTATION OF DAMAGES

Defendants are not currently seeking any damages from LV except for costs of suit and such other relief that the Court deems just and proper.

### D.    INSURANCE POLICIES

The following insurance policies may provide coverage for the instant action:

1.    Commercial General Liability Policy No. PAC 5281196, issued by Great American Insurance Group to Managed Solutions Group, Inc., for the period including 4/15/04 through 4/14/08.

### E.    RESERVATIONS

Defendants' initial disclosures are based upon information currently available to them and are complete and correct to the best of the signer's knowledge as of the time they are made. Defendants reserve the right to revise or supplement their initial disclosures as additional information becomes available.

Dated:  December 3, 2007

                                    GAUNTLETT & ASSOCIATES

                                    By: _____
                                        James A. Lowe
                                        Brian S. Edwards

                                    Attorneys for Defendants
                                    Akanoc Solutions, Inc., Managed
                                    Solutions Group, Inc., and Steven Chen

10562.002-12/3/2007-159253.1
DEFENDANTS' RULE 26(a)(1) INITIAL DISCLOSURES

3

1 | RE:         *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., et al.*
  | VENUE:      U.S.D.C., Northern District, San Jose Division
2 | CASE NO.:   C-07-3952 JW

3 | ### PROOF OF SERVICE

4 |     I am employed in the County of Orange, State of California. I am over the age of eighteen (18)
  | years and not a party to the within action; my business address is: Gauntlett & Associates, 18400 Von
5 | Karman, Suite 300, Irvine, California 92612.

6 |     On December 3, 2007, I served the foregoing document described as: **DEFENDANTS'
  | INITIAL DISCLOSURES PURSUANT TO FED.R.CIV.P 26(A)(1)** on the interested parties in this
7 | action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

8 |
9 |     J. Andrew Coombs, Esq.
  |     Annie S. Wang, Esq.
  |     J. Andrew Coombs, A Prof. Corp.
  |     517 E. Wilson Avenue, Suite 202
10 |     Glendale, CA 91206-5902
  |     Telephone: (818) 500-3200
11 |     Facsimile: (818) 500-3201
  |     andy@coombspc.com
12 |     annie@coombspc.com

13 |     *Attorneys for Plaintiff*
  |     *Louis Vuitton Malletier, S.A.*
14 |

15 | [X]  **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing
  | correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service
16 | on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course
  | of business. I am aware that on motion of the party served, service is presumed invalid if postal
17 | cancellation date or postage meter date is more than one day after date of deposit for mailing
  | in affidavit.
18 |

19 | [ ]  **(BY FACSIMILE)** The document was transmitted by facsimile transmission to the above fax
  | numbers with the transmission reported as complete and without error.

20 | [ ]  **(BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION)** I caused the document
21 | to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive,
  | within a reasonable time after the transmission, any electronic message or other indication that
22 | the transmission was unsuccessful.

23 | [ ]  **(BY UPS NEXT DAY AIR)** I caused such package to be deposited with the UPS Drop Box
  | or UPS Air Service Center located at one of the following locations: 18400 Von Karman, Irvine,
  | California 92612 or 2222 Michelson Drive, #222, Irvine, California 92612.
24 |

25 | [X]  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at
  | whose direction the service was made.

26 |     Executed on December 3, 2007, at Irvine, California.

27 | Peggy Murray
28 | (Print Name)                                  (Signature)

EXHIBIT B

Whois record for 205.209.148.82                                        Page 1 sur 2



## IP Information for 205.209.148.82

**IP Location:** United States New York Managed Solutions Group Inc

**IP Address:** 205.209.148.82  [W] [R] [P] [D] [T]

**Reverse IP:** 54 other sites hosted on this server.

**Blacklist Status:** Clear

## Whois Record

```
OrgName:      Managed Solutions Group, Inc.
OrgID:        MSG-48
Address:      46750 Fremont Blvd.
Address:      #107
City:         Fremont
StateProv:    CA
PostalCode:   94538
Country:      US

ReferralServer: rwhois://rwhois.managedsg-inc.com:4321

NetRange:     205.209.128.0 - 205.209.191.255
CIDR:         205.209.128.0/18
NetName:      NET-MANAGED
NetHandle:    NET-205-209-128-0-1
Parent:       NET-205-0-0-0-0
NetType:      Direct Allocation
NameServer:   RDNS1.MANAGEDSG-INC.COM
NameServer:   RDNS2.MANAGEDSG-INC.COM
Comment:
RegDate:      2004-04-15
Updated:      2006-03-17

RAbuseHandle: ABUSE429-ARIN
RAbuseName:   MSG Inc Abuse
RAbusePhone:  +1-888-585-8889
RAbuseEmail:  abuse@managedsg-inc.com

RTechHandle: MAT48-ARIN
RTechName:   MSG Arin Tech
RTechPhone:  +1-888-585-8889
RTechEmail:  tech@managedsg-inc.com

OrgAbuseHandle: ABUSE429-ARIN
OrgAbuseName:   MSG Inc Abuse
OrgAbusePhone:  +1-888-585-8889
OrgAbuseEmail:  abuse@managedsg-inc.com

OrgTechHandle: MAT48-ARIN
OrgTechName:   MSG Arin Tech
OrgTechPhone:  +1-888-585-8889
OrgTechEmail:  tech@managedsg-inc.com

== Additional Information From rwhois://rwhois.managedsg-inc.com:4321 ==

network:Auth-Area:205.209.128.0/18
```

Exhibit B, Page 15

Whois record for 205.209.148.82

```
network:Organization-Name:Haihua Shao
network:Organization-City:Shanghai
network:Organization-State:Shanghai
network:Organization-Zip:200437
network:Description-Usage:customer
network:Created:20071120
network:Updated:20071120
network:Updated-By: abuse@managedsg-inc.com
```

Plaintiff's Document Production 780

Exhibit B, Page 16



## IP Information for 205.209.138.141

| | |
|---|---|
| **IP Location:** | 🇺🇸 United States New York Managed Solutions Group Inc |
| **IP Address:** | 205.209.138.141 [W] [R] [P] [D] [T] |
| **Blacklist Status:** | Clear |

## Whois Record

```
OrgName:    Managed Solutions Group, Inc.
OrgID:      MSG-48
Address:    46750 Fremont Blvd.
Address:    #107
City:       Fremont
StateProv:  CA
PostalCode: 94538
Country:    US

ReferralServer: rwhois://rwhois.managedsg-inc.com:4321

NetRange:   205.209.128.0 - 205.209.191.255
CIDR:       205.209.128.0/18
NetName:    NET-MANAGED
NetHandle:  NET-205-209-128-0-1
Parent:     NET-205-0-0-0-0
NetType:    Direct Allocation
NameServer: RDNS1.MANAGEDSG-INC.COM
NameServer: RDNS2.MANAGEDSG-INC.COM
Comment:
RegDate:    2004-04-15
Updated:    2006-03-17

RAbuseHandle: ABUSE429-ARIN
RAbuseName:   MSG Inc Abuse
RAbusePhone:  +1-888-585-8889
RAbuseEmail:  abuse@managedsg-inc.com

RTechHandle: MAT48-ARIN
RTechName:   MSG Arin Tech
RTechPhone:  +1-888-585-8889
RTechEmail:  tech@managedsg-inc.com

OrgAbuseHandle: ABUSE429-ARIN
OrgAbuseName:   MSG Inc Abuse
OrgAbusePhone:  +1-888-585-8889
OrgAbuseEmail:  abuse@managedsg-inc.com

OrgTechHandle: MAT48-ARIN
OrgTechName:   MSG Arin Tech
OrgTechPhone:  +1-888-585-8889
OrgTechEmail:  tech@managedsg-inc.com

== Additional Information From rwhois://rwhois.managedsg-inc.com:4321 ==

network:Auth-Area:205.209.128.0/18
network:Class-Name:network
network:Network-Name:NET-MSG
```

```
network:IP-Network:205.209.138.141/32
network:IP-Network-Block:205.209.138.141
network:Organization-Name:Jun Wang
network:Organization-City:NanJing
network:Organization-State:JiangSu
network:Organization-Zip:210000
network:Description-Usage:customer
network:Created:20080402
network:Updated:20080402
network:Updated-By: abuse@managedss-inc.com
```



## IP Information for 204.16.192.77

**IP Location:** 🇺🇸 United States New York Akanoc Solutions Inc

**IP Address:** 204.16.192.77  W  R  P  D  T

**Reverse IP:** 4 other sites hosted on this server.

**Blacklist Status:** Clear

## Whois Record

```
OrgName:    AKANOC Solutions Inc.
OrgID:      AKANO
Address:    45535 Northport Loop East
City:       Fremont
StateProv:  CA
PostalCode: 94538
Country:    US

ReferralServer: rwhois://rwhois.akanoc.com:4321

NetRange:   204.16.192.0 - 204.16.199.255
CIDR:       204.16.192.0/21
NetName:    AKANOC-SJC
NetHandle:  NET-204-16-192-0-1
Parent:     NET-204-0-0-0-0
NetType:    Direct Allocation
NameServer: RDNS1.AKANOC.COM
NameServer: RDNS2.AKANOC.COM
Comment:
RegDate:    2005-11-04
Updated:    2005-11-04

RTechHandle: AAT3-ARIN
RTechName:   AKANOC Arin Tech
RTechPhone:  +1-888-589-5589
RTechEmail:    tech@akanoc.com

OrgTechHandle: AAT3-ARIN
OrgTechName:   AKANOC Arin Tech
OrgTechPhone:  +1-888-589-5589
OrgTechEmail:    tech@akanoc.com

== Additional Information From rwhois://rwhois.akanoc.com:4321 ==

network:Auth-Area:204.16.192.0/21
network:Class-Name:network
network:Network-Name:AKANOCi-SJC
network:IP-Network:204.16.192.77/32
network:IP-Network-Block:204.16.192.77
network:Organization-Name:Alice Chen
network:Organization-City:Xiamen
network:Organization-State:FuJian
network:Organization-Zip:361004
network:Description-Usage:customer
network:Created:20080327
network:Updated:20080327
network:Updated-By: abuse@akanoc.com
```



DomainTools

## IP Information for 208.77.47.201

| | |
|---|---|
| **IP Location:** | United States New York Akanoc Solutions Inc |
| **IP Address:** | 208.77.47.201 [W] [R] [P] [D] [T] |
| **Reverse IP:** | 105 other sites hosted on this server. |
| **Blacklist Status:** | Clear |

## Whois Record

```
OrgName:    AKANOC Solutions Inc.
OrgID:      AKANO
Address:    45535 Northport Loop East
City:       Fremont
StateProv:  CA
PostalCode: 94538
Country:    US

ReferralServer: rwhois://rwhois.akanoc.com:4321

NetRange:   208.77.40.0 - 208.77.47.255
CIDR:       208.77.40.0/21
NetName:    AKANOC-SJC
NetHandle:  NET-208-77-40-0-1
Parent:     NET-208-0-0-0-0
NetType:    Direct Allocation
NameServer: RDNS1.AKANOC.COM
NameServer: RDNS2.AKANOC.COM
Comment:
RegDate:    2007-04-12
Updated:    2007-04-12

RAbuseHandle: AAT3-ARIN
RAbuseName:   AKANOC Arin Tech
RAbusePhone:  +1-888-589-5589
RAbuseEmail:  tech@akanoc.com

RNOCHandle: AAT3-ARIN
RNOCName:   AKANOC Arin Tech
RNOCPhone:  +1-888-589-5589
RNOCEmail:  tech@akanoc.com

RTechHandle: AAT3-ARIN
RTechName:   AKANOC Arin Tech
RTechPhone:  +1-888-589-5589
RTechEmail:  tech@akanoc.com

OrgTechHandle: AAT3-ARIN
OrgTechName:   AKANOC Arin Tech
OrgTechPhone:  +1-888-589-5589
OrgTechEmail:  tech@akanoc.com

== Additional Information From rwhois://rwhois.akanoc.com:4321 ==
```

```
network:Auth-Area:208.77.40.0/21
network:Class-Name:network
network:Network-Name:AKANOCi-SJC
network:IP-Network:208.77.47.201/32
network:IP-Network-Block:208.77.47.201
network:Organization-Name:Alice Chen
network:Organization-City:XiaMen
network:Organization-State:FuJian
network:Organization-Zip:361004
network:Description-Usage:customer
network:Created:20080327
network:Updated:20080327
network:Updated-By: abuse@akanoc.com
```

# EXHIBIT C

1  **GAUNTLETT & ASSOCIATES**
   David A. Gauntlett (SBN 96399)
2  James A. Lowe (SBN 214383)
   *jal@gauntlettlaw.com*
3  Brian S. Edwards (SBN 166258)
   *bse@gauntlettlaw.com*
4  18400 Von Karman, Suite 300
   Irvine, California 92612
5  Telephone:    (949) 553-1010
   Facsimile:    (949) 553-2050
6
   Attorneys for Defendants
7
8            UNITED STATES DISTRICT COURT
9    NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
10
11  Louis Vuitton Malletier, S.A.,             )   Case No. C 07 3952 JW
                                               )
12                    Plaintiff,               )   **DEFENDANT AKANOC SOLUTIONS,**
                                               )   **INC.'S OBJECTIONS TO PLAINTIFF**
13         vs.                                 )   **LOUIS VUITTON MALLETIER S.A.'S**
                                               )   **NOTICE OF 30(b)(6) DEPOSITION**
14  Akanoc Solutions, Inc., Managed Solutions  )
    Group, Inc., Steven Chen and Does 1 through)
15  10, inclusive,                             )   Date:      March 26, 2008
                                               )   Time:      9:30 a.m.
16                    Defendants.              )   Location:  517 E. Wilson Ave., Suite 202,
                                               )             Glendale, CA 91206
17  ─────────────────────────────────────────)
18
19
20
21
22
23
24
25
26
27
28

10562-002-3/13/2008-160567.1

1   TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

2           PLEASE TAKE NOTICE that, pursuant to FRCP Rule 32(d)(1), defendant Akanoc

3   Solutions, Inc. ("Akanoc") objects to the purported *Notice of 30(b)(6) Deposition to Defendant*

4   *Akanoc Solutions, Inc.* ("Notice of Deposition") served by mail on plaintiff Louis Vuitton Malletier,

5   S.A. ("LV") on March 6, 2008.

6           Akanoc objects on each of the following separate grounds:

7           1.      The place of deposition was set for Glendale, California. Akanoc's only operations

8   are located within the Northern District. The presumption that the deposition of a corporation by its

9   agents and officers should ordinarily be taken at its principal place of business (See *Thomas v.*

10  *International Business Machines*, 48 F.3d 478, 483 (10th Cir. 1995) cannot be overcome given that

11  Akanoc is a defendant, its sole operations are located within the Northern District, and both counsel

12  are located in California.

13          2.      LV noticed the deposition of Akanoc unilaterally and failed to meet and confer prior

14  to noticing the deposition as required by Local Rule 30-1. LV's February 4, 2008 letter purporting

15  to confer concerning the scheduling of depositions proposes that Akanoc be deposed in the first two

16  weeks of March, 2008. LV then unilaterally noticed Akanoc's deposition for the last week of March

17  without verifying the date with counsel. Akanoc's designee, Steven Chen, is unavailable to testify

18  on Akanoc's behalf on March 26, 2008.

19          3.      Akanoc objects to designating person(s) to testify on its behalf as to the following

20  matters listed in the Notice of Deposition:

21          A.      "All websites hosted on servers owned, controlled, operated or in the

22  possession of Defendant or co-Defendants Akanoc Solutions, Inc. and Steven Chen." Akanoc does

23  not have access to "all websites hosted on" its servers and unless given notice of same is unaware of

24  the content of websites hosted on its servers. Akanoc will not designate anyone to testify on its

25  behalf on this topic because such information is not within its knowledge or control.

26          B.      "Plaintiff or Plaintiff's copyrights or trademarks which have been identified in

27  the Complaint." This is not a proper topic for the deposition of Akanoc. Akanoc will not designate

28  any persons to testify on its behalf on this topic because such information is not within its knowledge

1    or control.

2              C.    "All other matters concerning the above-captioned action." This topic fails to

3    comply with the requirement that the matters for examination be described with reasonable

4    particularity. FRCP Rule 30(b)(6). Akanoc will not designate any persons to testify on its behalf as

5    to this topic and further objects to LV asking any questions concerning this topic at the Rule 30(b)(6)

6    deposition of Akanoc.

7

8    Dated: March 13, 2008                            **GAUNTLETT & ASSOCIATES**

9

10                                      By: _____

11                                           David A. Gauntlett
                                             James A. Lowe
12                                           Brian S. Edwards

13                                         Attorneys for Defendants

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   RE:        *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., et al.*
    VENUE:     U.S.D.C., Northern District, San Jose Division
2   CASE NO.:  C-07-03952 JW

3                     **PROOF OF SERVICE**

4         I am employed in the County of Orange, State of California. I am over the age of eighteen (18)
years and not a party to the within action; my business address is: Gauntlett & Associates, 18400 Von
5 Karman, Suite 300, Irvine, California 92612.

6         On March 13, 2008, I served the foregoing document described as: **DEFENDANT AKANOC
SOLUTIONS, INC.'S OBJECTIONS TO PLAINTIFF LOUIS VUITTON MALLETIER S.A.'S
7 NOTICE OF 30(b)(6) DEPOSITION** on the interested parties in this action by placing a true copy
thereof enclosed in a sealed envelope addressed as follows:

8

9                    J. Andrew Coombs, Esq.
                   Annie S. Wang, Esq.
10            J. Andrew Coombs, A Prof. Corp.
            517 E. Wilson Avenue, Suite 202
11               Glendale, CA 91206-5902
          Telephone: (818) 500-3200
12           Facsimile: (818) 500-3201
             andy@coombspc.com
13              annie@coombspc.com

14                *Attorneys for Plaintiff*
             *Louis Vuitton Malletier, S.A.*

15

16 [X]    **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing
correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service
17       on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course
of business. I am aware that on motion of the party served, service is presumed invalid if postal
18       cancellation date or postage meter date is more than one day after date of deposit for mailing
in affidavit.

19 [ ]    **(BY FACSIMILE)** The document was transmitted by facsimile transmission to the above fax
numbers with the transmission reported as complete and without error.
20

21 [X]    **(BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION)** I caused the document
to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive,
22       within a reasonable time after the transmission, any electronic message or other indication that
the transmission was unsuccessful.

23 [ ]    **(BY UPS NEXT DAY AIR)** I caused such package to be deposited with the UPS Drop Box
or UPS Air Service Center located at one of the following locations: 18400 Von Karman, Irvine,
24       California 92612 or 2222 Michelson Drive, #222, Irvine, California 92612.

25 [X]    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at
whose direction the service was made.
26

27       Executed on March 13, 2008, at Irvine, California.

28   Peggy Murray
    (Print Name)                               (Signature)

1    **GAUNTLETT & ASSOCIATES**
     David A. Gauntlett (SBN 96399)
2    James A. Lowe (SBN 214383)
     *jal@gauntlettlaw.com*
3    Brian S. Edwards (SBN 166258)
     *bse@gauntlettlaw.com*
4    18400 Von Karman, Suite 300
     Irvine, California 92612
5    Telephone:     (949) 553-1010
     Facsimile:      (949) 553-2050
6
     Attorneys for Defendants
7

8                    UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10

11   Louis Vuitton Malletier, S.A.,              )   Case No. C 07 3952 JW
                                                 )
12                         Plaintiff,            )   **DEFENDANT MANAGED SOLUTIONS**
                                                 )   **GROUP, INC.'S OBJECTIONS TO**
13           vs.                                 )   **PLAINTIFF LOUIS VUITTON**
                                                 )   **MALLETIER S.A.'S NOTICE OF 30(b)(6)**
14   Akanoc Solutions, Inc., Managed Solutions   )   **DEPOSITION**
     Group, Inc., Steven Chen and Does 1 through )
15   10, inclusive,                              )   Date:        March 25, 2008
                                                 )   Time:        9:30 a.m.
16                         Defendants.           )   Location:    517 E. Wilson Ave., Suite 202,
                                                 )                Glendale, CA 91206
17   _____        )

18

19

20

21

22

23

24

25

26

27

28

10562-002-3/13/2008-160563.1

1  TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

2         PLEASE TAKE NOTICE that, pursuant to FRCP Rule 32(d)(1), defendant Managed

3  Solutions Group, Inc. ("MSG") objects to the purported *Notice of 30(b)(6) Deposition to Defendant*

4  *Managed Solutions Group, Inc.* ("Notice of Deposition") served by mail on plaintiff Louis Vuitton

5  Malletier, S.A. ("LV") on March 6, 2008.

6         MSG objects on each of the following separate grounds:

7         1.      The place of deposition was set for Glendale, California.  MSG's only operations,

8  however, are located within the Northern District.  The presumption that the deposition of a

9  corporation by its agents and officers should ordinarily be taken at its principal place of business

10  (See *Thomas v. International Business Machines,* 48 F.3d 478, 483 (10th Cir. 1995) cannot be

11  overcome given that MSG is a defendant, its sole operations are located within the Northern District,

12  and both counsel are located in California.

13         2.      LV noticed the deposition of MSG unilaterally and failed to meet and confer prior to

14  noticing the deposition as required by Local Rule 30-1.  LV's February 4, 2008 letter purporting to

15  confer concerning the scheduling of depositions proposes that MSG be deposed in the first two

16  weeks of March, 2008.  LV then unilaterally noticed MSG's deposition for the last week of March

17  without verifying the date with counsel.  MSG's designee, Steven Chen, is unavailable to testify on

18  MSG's behalf on March 25, 2008.

19         3.      MSG sought to take and noticed the deposition of plaintiff's Rule 30(b)(6)

20  designee(s) prior to this deposition of MSG.  The defendant is entitled to complete the deposition of

21  plaintiff's witness before MSG is deposed under Rule 30(b)(6).

22         4.      MSG objects to designating person(s) to testify on its behalf as to the following

23  matters listed in the Notice of Deposition:

24         A.      "All websites hosted on servers owned, controlled, operated or in the

25  possession of Defendant or co-Defendants Akanoc Solutions, Inc. and Steven Chen."  MSG does not

26  have access to "all websites hosted on" its servers and unless given notice of same is unaware of the

27  content of websites hosted on its servers.  MSG cannot and will not designate anyone to testify on its

28  behalf on this topic because the information is not within its knowledge or control.

10562-002-3/13/2008-160563.1

OBJECTION TO NOTICE OF DEPOSITION OF
MANAGED SOLUTIONS GROUP, INC.
– C 07 3952 JW

1    B.    "Plaintiff or Plaintiff's copyrights or trademarks which have been identified in

2    the Complaint." This is not a proper topic for the deposition of MSG. MSG will not designate any

3    persons to testify on its behalf on this topic because such information is not within its knowledge or

4    control.

5    C.    "All other matters concerning the above-captioned action." This topic fails to

6    comply with the requirement that the matters for examination be described with reasonable

7    particularity. FRCP Rule 30(b)(6). MSG will not designate any persons to testify on its behalf as to

8    this topic and further objects to LV asking any questions concerning this topic at the Rule 30(b)(6)

9    deposition of MSG.

10

11    Dated: March 13, 2008                    **GAUNTLETT & ASSOCIATES**

12

13    By: _____

14    David A. Gauntlett

    James A. Lowe

15    Brian S. Edwards

16    Attorneys for Defendants

17

18

19

20

21

22

23

24

25

26

27

28

3

10562-002-3/13/2008-160563.1

Exhibit C, Page 28

1  RE:        *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., et al.*
   VENUE:     U.S.D.C., Northern District, San Jose Division
2  CASE NO.:  C-07-03952 JW

3                              **PROOF OF SERVICE**

4          I am employed in the County of Orange, State of California. I am over the age of eighteen (18)
   years and not a party to the within action; my business address is: Gauntlett & Associates, 18400 Von
5  Karman, Suite 300, Irvine, California 92612.

6          On March 13, 2008, I served the foregoing document described as: **DEFENDANT MANAGED
   SOLUTIONS GROUP, INC.'S OBJECTIONS TO PLAINTIFF LOUIS VUITTON
7  MALLETIER S.A.'S NOTICE OF 30(b)(6) DEPOSITION** on the interested parties in this action
   by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

8
                                  J. Andrew Coombs, Esq.
9                                 Annie S. Wang, Esq.
                          J. Andrew Coombs, A Prof. Corp.
10                          517 E. Wilson Avenue, Suite 202
                               Glendale, CA 91206-5902
11                           Telephone: (818) 500-3200
                             Facsimile:  (818) 500-3201
12                               andy@coombspc.com
                                 annie@coombspc.com
13
                                *Attorneys for Plaintiff*
14                            *Louis Vuitton Malletier, S.A.*

15
16  [X]    **(BY MAIL)**  I am "readily familiar" with the firm's practice of collection and processing
          correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service
17        on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course
          of business. I am aware that on motion of the party served, service is presumed invalid if postal
18        cancellation date or postage meter date is more than one day after date of deposit for mailing
          in affidavit.

19  [ ]    **(BY FACSIMILE)** The document was transmitted by facsimile transmission to the above fax
          numbers with the transmission reported as complete and without error.
20
21  [X]    **(BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION)** I caused the document
          to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive,
22        within a reasonable time after the transmission, any electronic message or other indication that
          the transmission was unsuccessful.

23  [ ]    **(BY UPS NEXT DAY AIR)**  I caused such package to be deposited with the UPS Drop Box
          or UPS Air Service Center located at one of the following locations: 18400 Von Karman, Irvine,
24        California 92612 or 2222 Michelson Drive, #222, Irvine, California 92612.

25  [X]    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at
          whose direction the service was made.
26
27          Executed on March 13, 2008, at Irvine, California.

28  Peggy Murray
    (Print Name)                                    (Signature)

10562-002-03/13/2008-159303.1                     PROOF OF SERVICE - C-07-03952 JW
                                                   Exhibit C, Page 29

## PROOF OF SERVICE

I, __Ken Shope__, certify and declare

I am over the age of 18 years, employed in the County of Los Angeles, State of California and my business address is: 3950 Verdugo View Drive, Los Angeles, California 90065

On April 2, 2008, I served a copy via hand delivery of the enclosed:

OPPOSITION TO DEFENDANTS' MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF LOUIS VUITTON MALLETIER, S.A.

on the following:
James A. Lowe, Esq.
Brian S. Edwards, Esq.
Gauntlett & Associates
18400 Von Karman Ave., Suite 300
Irvine, California 92612

I delivered by hand the:

OPPOSITION TO DEFENDANTS' MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF LOUIS VUITTON MALLETIER, S.A.

to the above referenced addressee.

Executed on April 2, 2008 at Los Angeles, California.


Ken Shope