**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steven Chen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., <br><br> Plaintiff, <br><br> vs. <br><br> AKANOC SOLUTIONS, INC., et al., <br><br> Defendants. | Case No.: C 07-3952 JW <br><br> Hon. Magistrate Judge Howard R. Lloyd <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF LOUIS VUITTON MALLETIER, S.A.** <br><br> [Fed. R. Civ. P. 30(b)(6), 37(a)] <br><br> Date: April 22, 2008 <br> Time: 10:00 a.m. <br> Dept.: Courtroom 2, 5th Floor |

## I. INTRODUCTION

Plaintiff Louis Vuitton Malletier, S.A.'s ("LV") opposition brief fails to cite *any* case authority supporting its refusal to produce its one and only corporate designee for deposition in California. None of the alleged facts or other "evidence" put forth by LV sway any of the factors set forth in *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625 (C.D. Cal. 2005) in its favor. The deposition should take place in California.

## II. THE *CADENT* FACTORS MILITATE IN FAVOR OF LV APPEARING FOR DEPOSITION IN CALIFORNIA

### A. LV Fails to Acknowledge That the General Presumption Only Applies if the *Cadent* factors Do Not Favor One Side

LV's opposition wrongly asserts that MSG failed to rebut a presumption that LV's deposition should be taken at its principal place of business in France. This statement ignores the lengthy discussion of the *Cadent* factors at Section II(c) of MSG's brief, and further ignores the fact that the presumption only applies if other relevant factors do not favor one side:

> And because of the court's discretion to designate the site of a deposition, "the presumption [that a corporation's deposition be taken at the principal place of business] appears to be merely a decision rule that facilitates determination when other relevant factors do not favor one side over the other."

*Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 336 (N.D. Ind. 2000)

LV's opposition does not address the *Cadent* factors to show that the presumption can even apply in this case. All of the *Cadent* factors support MSG's position that LV's lone corporate designee should travel to California for deposition.

### B. The *Cadent* Factors Support the Deposition of Louis Vuitton in California

LV has not offered *any* rationale for not requiring its deposition to be taken in California. In fact, LV failed to submit any admissible evidence to support its apparent argument that the *Cadent* factors favor LV's position. Instead, all of the factors discussed by *Cadent* favor the taking of Louis Vuitton's deposition in California:

1. *Location of counsel in the forum district.* LV's opposition does not rebut the fact that counsel for all parties are located within 50 miles of each other in Southern California and if necessary, they can travel relatively inexpensively to the Northern District of California, or take the

deposition in Southern California (which makes more sense). Obviously, it is far more costly for counsel for all parties and the Defendants to travel all the way to France or New York than for LV's sole designee to travel to California.

2. *The number of corporate representatives a party is seeking to depose.* LV will only produce one designee to testify on its behalf, Mr. Nikolay Livadkin, an attorney in its Paris office. It is clearly less costly and more efficient to have LV's one witness come to California than have counsel for both parties fly to France or New York. The apparent fact that Mr. Coombs now "expects" one of LV's lawyers based in New York to attend the deposition does not change the situation. (Coombs Decl., ¶ 3) If LV wants an extra attorney present to help defend its corporate designee at deposition, it should fly him from New York to California to attend – it should have no bearing where LV is deposed in this case.

3. *The likelihood of significant discovery disputes arising which would necessitate resolution by the forum court.* LV argues that no disputes are likely because there were no discovery disputes in the recently completed deposition of Robert Holmes. However, the fact that Mr. Holmes deposition was uneventful is not an indication of how Mr. Livadkin's deposition will go. It still appears unfortunately likely that discovery disputes will arise at Mr. Livadkin's deposition which will require court intervention. Mr. Holmes is an investigator who testified that he purchased Louis Vuitton branded products from Websites alleged to have been hosted by MSG and Akanoc. MSG's Rule 30(b)(6) deposition notice (Exhibit "3" to MSG's initial P&A) lists topics of testimony at the Rule 30(b)(6) deposition that will include testimony concerning LV's claims in this case, including the *direct* infringement of any copyright or trademark Defendants allegedly contributorily or vicariously infringed.[1] The *only* purported evidence that LV has produced in discovery to show that any direct infringement has occurred is Robert Holmes' purchases of allegedly counterfeit LV goods from certain Websites. Thus, it is anticipated that Mr. Livadkin will **not** have sufficient knowledge to discuss matters noticed in the Rule 30(b)(6) deposition notice that may well require court intervention. In its opposition LV acknowledged this issue by failing to put forth any facts or

---

[1] See Exhibit "3" to MSG's initial P&A; 4:1-7.

1 evidence opposing it. LV failed to even address this issue.

2  4. *Whether the persons sought to be deposed often engage in travel for business purposes.* Given the nature of his job, it is likely that LV's designee Nikolay Livadkin engages in travel frequently for business purposes and it is likely that Mr. Livadkin has been designated numerous times in similar cases brought by LV in the United States and elsewhere. It is unlikely that a person in Mr. Livadkin's position can do his job from a desk in Paris.

LV failed to produce any evidence to rebut this or show that Mr. Livadkin does not travel for business. Crucially, no declaration of Mr. Livadkin was submitted. If Mr. Livadkin did not often travel for business it would have been a simple matter for him to submit a declaration saying so. Instead, LV submits the inadmissible testimony of Mr. Coombs, who is not an employee of LV and lacks foundation to aver as to the travel practices of Mr. Livadkin.

5. *The equities with regard to the nature of the claim and the parties' relationship.* In addition to the above, the equities favor compelling LV to produce its designee in California:

(a) LV is the Plaintiff, chose the forum, and is better able to afford the expense of the trip. "Because the plaintiff often chooses the forum, he will more likely be required to attend his deposition when set in the forum district." *Turner v. Prudential Ins. Co. of America*, 119 F.R.D. 381, 383 (M.D.N.C. 1988). Normally, a plaintiff will be required to make himself or herself available to examination in the district in which suit was brought because the plaintiff selected the forum. WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2112 (1994)

Unbelievably, LV argues that it should not be forced to appear in the forum for deposition because doing so would "magnif[y] the harm caused by the rampant online infringement of its copyrights and trademarks." (Opp P&A, 5:5-7) Apparently, LV believes that such cost should be borne by MSG, a company that has not been proven to have any responsibility for any infringement of LV's trademarks and copyrights at any time. It is further inconsistent and illogical for LV to be willing to bear significant cost to fly its own attorneys to France or New York for a deposition (including paying their hourly rate) and at the same time argue that the cost to fly its one employee to California represents a significant added cost burden. LV chose to market its products world wide, and should expect to have to bring actions in the forum where defendants reside. Attending

1   depositions in lawsuits in various forums throughout the United States, including California, is one
2   of the expected costs of Louis Vuitton doing business in America. *See Turner*, 119 F.R.D. at 384.
3               (b)     LV is a large corporation doing business in California, operating a
4   manufacturing facility in San Dimas, California.

> When a foreign corporation is doing business in the United States, is subject to the court's jurisdiction, and has freely taken advantage of our federal rules of discovery, exceptions to the general rule on the location of depositions are often made. Under such facts, the foreign corporation's agents are frequently compelled for deposition on American soil.[2]

Contrary to LV's argument, it is not relevant whether LV's operations in California have anything to do with intellectual property enforcement. As shown above, the issue is whether LV is **doing business** in the United States and California and has therefore taken advantage of our laws such that they should be compelled for deposition on American soil. Since LV is clearly manufacturing in California (to say nothing of selling its products here), this factor clearly militates in favor of LV appearing here for its deposition.

Contrary to LV's counsel's suggestion in his Declaration (See Decl. Coombs, ¶4), the Defendants in this case do not now have, and have never had, any operations of any kind, including but not limited to offices, data centers and servers, in New York or any other place outside of Fremont and San Jose, California. *See* Deposition of Steven Chen.

(c)     It is more convenient, less time-consuming and less expensive for one witness to travel to California than for the parties and their attorneys to travel to France or New York. *See Cadent Ltd.*, 232 F.R.D. at 630. LV's opposition disregards the expense and inconvenience to MSG and its lawyers in having to fly to France or New York, instead arguing that "Paris and even New

---

[2] *Custom Form Mfg.*, 196 F.R.D. at 336 (citing to *Roberts v. Heim*, 130 F.R.D. 430, 439-440 (N.D. Cal. 1990) (Swiss national and resident ordered to appear for deposition in forum – San Francisco – at his own expense); *In re Honda American Motor Co., Inc. Dealership Relations Litigation*, 168 F.R.D. 535, 541-42 (D. Md. 1996) (requiring managing agents of a Japanese corporation to be deposed in the forum district (Maryland) at the corporation's sole cost); *M&C Corp. v. Erwin Behr GmbH & Co.*, 165 F.R.D. 65, 68 (E.D. Mich. 1996) (requiring a German corporate defendant's agents to appear for depositions in the forum (Detroit) without any cost shifting); *R.F. Barron Corp. v. Nuclear Fields (Australia) Pty., Ltd.*, No. 91 C 7610, 1992 WL 212602, at *2 (N.D. Ill. Aug. 28, 1992) (requiring depositions of Dutch and Australian defendants in forum District (Chicago) at their own expense).

York are substantially more convenient for Louis Vuitton" as if that was the only consideration. (LV Opp., 4:5-7) MSG does not doubt that taking LV's deposition in France or New York is more convenient for *LV*. However, requiring LV's sole designee to travel to California to be deposed is indisputably more convenient and less costly for *all parties*, MSG included, than requiring both sides to pay their attorneys to fly to France or New York.

Further, if a discovery dispute arises it can be dealt with by the Court in a far more expedited and economical fashion than if the deposition is being taken in France, or even New York, so taking LV's deposition in California promotes the just, speedy, and inexpensive determination of the action as required by Rule 1 of the Federal Rules of Civil Procedure.

(d)    On April 1, 2008, MSG was already forced to travel to Dallas, Texas at its own expense to depose LV investigator Robert Holmes who should have been a Rule 30(b)(6) designee of LV and brought to California for deposition at LV's expense. Mr. Holmes is one of only two persons disclosed by LV in its Rule 26 Disclosures as being likely to have discoverable information (Mr. Livadkin is the other). (Exhibit "1" to MSG's initial P&A's) At his deposition he testified that he purchased, on LV's behalf, suspected counterfeit LV-branded products from Websites allegedly hosted by MSG and Akanoc. Attached to the supporting Declaration of James A. Lowe are relevant excerpts from the deposition transcript of Robert Holmes. (See Exhibit "1504" attached to Decl. of James A. Lowe)

Mr. Holmes should have been designated by LV because he is the *only* witness LV has with any first-hand knowledge regarding alleged *direct* copyright and trademark infringement by the operators of the Websites hosted on MSG and Akanoc's servers. These matters were disclosed as topics at LV's Rule 30(b)(6) deposition. (See Exhibit "2" to to MSG's initial P&A: Section II.E; and Exhibit "3" to MSG's initial P&A: Section 5.)

///

///

///

///

///

## II. CONCLUSION

For the above reasons, and for all of the reasons set forth in its initial moving papers, Defendant Managed Solutions Group, Inc. respectfully requests that Plaintiff Louis Vuitton Malletier, S.A. be compelled to produce its Fed. R. Civ. P. 30(b)(6) designees for deposition in California.

Dated: April 8, 2008                                    **GAUNTLETT & ASSOCIATES**


By:   s/James A. Lowe
      David A. Gauntlett
      James A. Lowe
      Brian S. Edwards

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steven Chen