1

**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)

2

James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)

3

18400 Von Karman, Suite 300

4

Irvine, California 92612
Telephone:    (949) 553-1010

5

Facsimile:    (949) 553-2050
jal@gauntlettlaw.com

6

bse@gauntlettlaw.com

7

Attorneys for Defendants
Akanoc Solutions, Inc.,

8

Managed Solutions Group, Inc.

9

and Steven Chen

10

11

## UNITED STATES DISTRICT COURT

12

### NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

13

14

LOUIS VUITTON MALLETIER, S.A.,

15

16

Plaintiff,

17

18

vs.

19

AKANOC SOLUTIONS, INC., et al.,

20

21

Defendants.

22

23

24

25

26

27

28

) Case No.: C 07-3952 JW
)
) Hon. Magistrate Judge Howard R. Lloyd
)
) **DECLARATION OF JAMES A. LOWE**
) **IN SUPPORT OF MOTION TO COMPEL**
) **THE DEPOSITION OF PLAINTIFF**
) **LOUIS VUITTON MALLETIER, S.A.**
)
) [Fed. R. Civ. P. 30(b)(6), 37(a)]
)
) Date:  April 22, 2008
) Time:  10:00 a.m.
) Dept.:  Courtroom 2, 5th Floor
)
)

10562-002-4/7/2008-160810.1

DECLARATION OF JAMES A. LOWE IN SUPPORT OF MOTION
TO COMPEL THE DEPOSITION OF PLAINTIFF VUITTON
– C 07-3952 JW

1    I, JAMES A. LOWE, declare:

2    1.    I am an attorney duly licensed to practice law before this Court and am a Senior

3 Associate of the law firm of Gauntlett & Associates, counsel of record for Defendants Managed

4 Solutions Group, Inc., ("MSG"), Akanoc Solutions, Inc., and Steven Chen.

5    2.    I have personal knowledge of the facts stated in this declaration and could testify

6 competently to them if called upon as a witness.

7    3.    This declaration is submitted in support of MSG's Motion to Compel the deposition

8 of plaintiff Louis Vuitton Malletier, S.A. ("LV").

9    4.    On April 1, 2008, I took the deposition of Robert Holmes, LV's investigator in this

10 case, in Dallas, Texas.  Attached hereto as **Exhibit "1504"** are true copies of excerpts of record of

11 the transcript from that deposition.

12    I declare under penalty of perjury under the laws of the United States of America that the

13 foregoing is true and correct.

14    Executed at Irvine, California on April 8, 2008.

15

16    _____

17                JAMES A. LOWE

18

19

20

21

22

23

24

25

26

27

28

10562-002-4/7/2008-160810.1                        1        DECLARATION OF JAMES A. LOWE IN SUPPORT OF MOTION
                                                                TO COMPEL THE DEPOSITION OF PLAINTIFF VUITTON
                                                                                        – C 07-3952 JW

# EXHIBIT 1504

Page 2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | ) |
| | ) |
| PLAINTIFF | ) |
| VS | )C.A. NO. C 07 3952 JW |
| | ) |
| AKANOC SOLUTIONS, INC., MANAGED | ) |
| SOLUTIONS GROUP, INC., STEVEN | ) |
| CHEN AND DOES 1 THROUGH 10, | ) |
| INCLUSIVE, | ) |
| DEFENDANTS | ) |
| | ) |

ORAL DEPOSITION OF ROBERT L. HOLMES,

produced as a witness at the instance of the Defendants,

and duly sworn, was taken in the above-styled

and -numbered cause on the 1st day of April, 2008, from

9:31 AM to 6:22 PM, before Ronald R. Cope, a CSR in and

for the State of Texas, Registered Professional Reporter

and Certified Realtime Reporter, reported by machine

shorthand at the offices of U.S. Legal

Support/MillerParker, Inc., 5910 North Central

Expressway, 100 Premier Place, Dallas, Texas, 75206,

pursuant to the Federal Rules of Civil Procedure and the

provisions stated on the record or attached hereto.



EXHIBIT

1504

ROBERT L. HOLMES

6cab425e-9614-4834-8562-1108927b08d3

1    A.    Your question was who?

2    Q.    (BY MR. LOWE)   Who.

3    A.    Nikolay.

4    Q.    Mr. Livadkin?

5    A.    Yes, sir.

6    Q.    Okay.  And what -- first of all, when was that?

7    A.    I do not remember exactly.

8    Q.    Can you approximate it?

9    A.    Sometime in 2007.

10    Q.    And what were you asked to do?

11    A.    Make undercover purchases from websites.

12    Q.    Just any websites, or were you given some

13    specific websites?

14    A.    There were a series of assignments.

15    Q.    Tell me about them.

16    A.    Some websites -- I typically receive

17    assignments from clients for specific websites.

18    Q.    So in this particular case, tell me the process

19    that your investigation went through.  You received an

20    assignment, you did something, then you did something

21    else.  So how did it start, and then what did you do?

22    A.    Usually I receive an assignment from a client

23    to purchase a specific product or a specific-brand

24    product from a website.  We do that, we process the

25    evidence, and we forward it to the client, typically.

ROBERT L. HOLMES

1    Q.    Is that really the extent of your work for

2    them?

3    A.    No, sir.

4    Q.    What else do you do?

5    A.    Depending upon what the client requests, we

6    investigate the people who are selling the product and

7    the other entities involved.

8    Q.    In this particular case, tell me what you did.

9    A.    I received several assignments from

10   Mr. Livadkin, and all of them -- I would say most of

11   them required me to make purchases from websites, and

12   some of them required me to investigate the entities

13   involved.

14   Q.    When you were -- you say you were given

15   assignments.  Does that mean that you were asked to look

16   at a particular website and make a purchase from that

17   website?

18   A.    Often, yes.

19   Q.    Okay.  What other assignment do you get from

20   Mr. Livadkin?

21                 MR. COOMBS:  In connection with this case?

22                 MR. LOWE:  In this case, yes.

23   A.    Investigate the entities involved.

24   Q.    (BY MR. LOWE)  And what does that involve?

25   A.    It involves me establishing what I call virtual

ROBERT L. HOLMES

6cab425e-9614-4834-8562-1108927b08d3

Page 38

1  counsel as well; but obviously, no system is perfect.

2      Q.    So the reports you made certainly went to the

3  client.  Mr. Livadkin would be your contact there?

4      A.    Yes, sir.

5      Q.    And presumably copies went to Mr. Coombs?

6      A.    Yes, sir.

7      Q.    In connection with your investigation of

8  websites that Mr. Livadkin assigned you to look at, what

9  do you typically do?  What course of investigation do

10 you normally follow when Louis Vuitton asks you to

11 investigate a website?

12          MR. COOMBS:  Beyond what he's already

13 testified to?

14          MR. LOWE:  Yes.

15     A.    I answered that question earlier.  If you have

16 a specific question, I'll be happy to answer it.

17     Q.    (BY MR. LOWE)  That is a specific question.  In

18 other words, you get an assignment from Mr. Livadkin.

19 What do you do?  Does he tell you what to do, or do you

20 have a process that you normally follow?

21     A.    I have a process.

22     Q.    And what is that process?

23     A.    Typically, once an assignment is received in

24 our office, it's given a case number and a case name,

25 and then it's input into a database.  And then it's

ROBERT L. HOLMES

6cab425e-9614-4834-8562-1108927b08d3

1    given a file, physical file, manila file folder, and

2    then the assignment is either printed or copied and put

3    into that file.  That file is given to someone in our

4    office, who makes a purchase, and then that file is

5    filed until the purchase arrives.  And once the purchase

6    arrives, we process the evidence and either forward it

7    to the client or store it ourselves.

8        Q.    Now, before you make a purchase, do you have to

9    do anything else, like actually look at a website or

10   determine what's for sale?

11       A.    Yes, sir.

12       Q.    Tell me about that.  What process do you follow

13   there?

14       A.    The same process you would if you bought

15   something off of amazon.com.

16       Q.    I don't know that I do that.  Why don't you

17   tell me what you do.

18       A.    We look at it.

19       Q.    You go to the website?

20       A.    Yes, sir.

21       Q.    Okay.  And you're looking for something

22   specific, for example, if Louis Vuitton has hired you to

23   do the work?

24       A.    If the client requests a specific product, we

25   will select that product if it is available; and if the

ROBERT L. HOLMES

1    party before the completion of the deposition.

2                    I further certify that I am neither

3    attorney or counsel for, nor related to or employed by

4    any of the parties to the action in which this

5    deposition is taken, and further that I am not a

6    relative or employee of any attorney or counsel employed

7    by the parties hereto, or financially interested in the

8    action.

9                    CERTIFIED TO BY ME on this the 7th day of

10   April, 2008.

11

12

                        _____
13                      RONALD R. COPE, CSR, RPR, CRR, CLR
                        Texas CSR 1813
                        Expiration Date:  12/31/09
14                      US Legal Support/MillerParker
                        CRCB Registration No. 343
15                      100 Premier Place
                        5910 North Central Expressway
16                      Dallas, Texas  75206-5190
                        (214) 369-3376
17

     Charge for transcript and exhibits $ _____
18

     To be paid by Defendant James A. Lowe
19

20

21

22

23

24

25

ROBERT L. HOLMES

6cab425e-9614-4834-8562-1108927b08d3