GAUNTLETT & ASSOCIATES
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steven Chen

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., <br><br> Plaintiff, <br><br> vs. <br><br> AKANOC SOLUTIONS, INC., et al., <br><br> Defendants. | Case No.: C 07-3952 JW <br><br> Hon. Magistrate Judge Howard R. Lloyd <br><br> **EVIDENTIARY OBJECTIONS TO THE DECLARATION OF J. ANDREW COOMBS** <br><br> *[FILED CONCURRENTLY WITH REPLY PAPERS IN SUPPORT OF MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF LOUIS VUITTON MALLETIER, S.A.]* <br><br> [Fed. R. Civ. P. 30(b)(6), 37(a)] <br><br> Date: April 22, 2008 <br> Time: 10:00 a.m. <br> Dept.: Courtroom 2, 5th Floor |

Defendant Managed Solutions Group, Inc. ("MSG") hereby objects to the Declaration of J. Andrew Coombs ("Coombs Decl."), filed by Plaintiff Louis Vuitton Malletier, S.A. ("LV") in opposition to MSG's Motion to Compel the Deposition of Plaintiff Louis Vuitton Malletier, S.A., as follows:

| | COOMBS DECL. | MSG'S OBJECTIONS |
|---|---|---|
| 1. | Coombs Decl. ¶ 2: Defendants have indicated that insurance coverage is available in their Initial Disclosures dated December 3, 2007, a copy of which is attached hereto as Exhibit A. | Objection. Whether or not MSG has insurance coverage in this litigation is not relevant to whether or not LV should produce its designees in California. |
| 2. | Coombs Decl. ¶ 3: I am informed and believe that, although Louis Vuitton merchandise is manufactured in San Dimas, California, no corporate functions, specifically including intellectual property enforcement and, more specifically internet related intellectual property enforcement efforts are managed from that location. | Objection. The declarant has no foundation of personal knowledge about the matters upon which he testifies, nor does he affirmatively show that he is competent to give such testimony, as is prerequisite to admissibility. *See* Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); and Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth |

| COOMBS DECL. | MSG'S OBJECTIONS |
|---|---|
| Instead, the Plaintiff's corporate head office is located in France. The Plaintiff's designee pursuant to Fed.R.Civ.P. 30(b)(6) on issues identified by the Defendants is located at that office. Offices located in New York also handle intellectual property enforcement issues though not in the Internet area. United States intellectual property enforcement counsel is based at the New York office and I believe that he will be involved in the deposition of Plaintiff's designee and I expect him to attend the deposition of Plaintiff's designee in this case. There would be far less travel time, expense and disruption involved for any deponent traveling from France to New York, than anywhere in California. Plaintiff's designee was identified in Plaintiff's voluntary Rule 26 disclosures | such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."). As a further objection, the speculation and surmise of the declarant is inadmissible including what he "expects" someone else to do or what he "believes" someone else may do. |

| COOMBS DECL. | MSG'S OBJECTIONS |
|---|---|
| and is a resident of France. His office is in France and he is responsible for global Internet enforcement efforts for the Plaintiff. I have known Plaintiff's designee for several years and I am unaware that he has visited California during that time. | |
| 3. Coombs Decl. ¶4: Attached hereto as Exhibit B are true and correct copies of printouts which appear to indicate that servers owned by at least two of the Defendants in this case are located in New York. | Objection. The statements on the Exhibit "B" printouts, and Mr. Coombs' statements about the contents of the printouts, constitute inadmissible hearsay, indeed, double and triple hearsay. See Fed. R. Evid. 802: ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority.") Submitting "printouts" of a third party reporting about a fourth party are unreliable.<br><br>Also, the declarant has no foundation of personal knowledge about the matters upon which he testifies, nor does he affirmatively show that he is competent to give such testimony, which are prerequisites to |

| COOMBS DECL. | MSG'S OBJECTIONS |
|---|---|
| | admissibility. *See* Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); and Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."). |

Dated: April 8, 2008

**GAUNTLETT & ASSOCIATES**

By:    s/James A. Lowe
       James A. Lowe
       Brian S. Edwards

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steven Chen