1  **GAUNTLETT & ASSOCIATES**
   David A. Gauntlett (SBN 96399)
2  James A. Lowe (SBN 214383)
   Brian S. Edwards (SBN 166258)
3  18400 Von Karman Avenue, Suite 300
   Irvine, California 92612
4  Telephone:    (949) 553-1010
   Facsimile:    (949) 553-2050
5  info@gauntlettlaw.com
   jal@gauntlettlaw.com
6  bse@gauntlettlaw.com

7  Attorneys for Defendants
   Akanoc Solutions, Inc.,
8  Managed Solutions Group, Inc.
   and Steven Chen

9

10                **UNITED STATES DISTRICT COURT**

11        **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

12

13  LOUIS VUITTON MALLETIER, S.A.,          )   Case No.: C 07-3952 JW
                                            )
14                                          )   Hon. Magistrate Judge Howard R. Lloyd
                                            )
15                      Plaintiff,          )   **DECLARATION OF JAMES A. LOWE IN**
                                            )   **OPPOSITION TO MOTION TO COMPEL**
16                                          )   **PRODUCTION OF ELECTRONIC**
                                            )   **COMMUNICATIONS ON INTERNET**
17         vs.                              )   **SERVERS**
                                            )
18                                          )
    AKANOC SOLUTIONS, INC., et al.,         )   Date:   April 29, 2008
19                                          )   Time:  10:00 a.m.
                                            )   Dept.:  Courtroom 2, 5th Floor
20                      Defendants.         )
                                            )
21  _____

22

23

24

25

26

27

28

DECLARATION OF JAMES A. LOWE IN OPPOOSITION TO
                                                      MOTION TO COMPEL.
                                                      – C 07-3952 JW

1    I, JAMES A. LOWE, declare:

2    1.    I am an attorney duly licensed to practice law before this Court and am an associate in

3    the law firm of Gauntlett & Associates, counsel of record for defendants Managed Solutions Group,

4    Inc., Akanoc Solutions, Inc. and Steven Chen ("Defendants").

5    2.    I have personal knowledge of the facts stated in this Declaration and could testify

6    competently to them if called upon as a witness.

7    3.    This declaration is submitted in support of Defendants' opposition to plaintiff Louis

8    Vuitton Malletier, S.A.'s ("LV") Motion to Compel production of data on Defendants' servers.

9    4.    On April 1, 2008 I took the deposition of Robert Holmes, Louis Vuitton's

10   investigator in this case.  Attached as **Exhibit "1500"** are true copies of excerpts of record of the

11   transcript from that deposition.

12   5.    Attached as **Exhibits "1501" and "1502"** are true copies of Managed Solutions

13   Group, Inc.'s and Akanoc Solutions, Inc.'s responses to LV's Request for Production of Documents,

14   Set Two.

15   I declare under penalty of perjury under the laws of the United States of America that the

16   foregoing is true and correct.  Executed at Irvine, California on April 4, 2008.

James A. Lowe

# EXHIBIT 1500

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

LOUIS VUITTON MALLETIER, S.A.,    )
                                  )
                      PLAINTIFF   )
           VS                     )C.A. NO. C 07 3952 JW
                                  )
AKANOC SOLUTIONS, INC., MANAGED   )
SOLUTIONS GROUP, INC., STEVEN     )
CHEN AND DOES 1 THROUGH 10,       )
INCLUSIVE,                        )
                      DEFENDANTS  )
_____  )

ORAL DEPOSITION OF ROBERT L. HOLMES,

produced as a witness at the instance of the Defendants,

and duly sworn, was taken in the above-styled

and -numbered cause on the 1st day of April, 2008, from

9:31 AM to 6:22 PM, before Ronald R. Cope, a CSR in and

for the State of Texas, Registered Professional Reporter

and Certified Realtime Reporter, reported by machine

shorthand at the offices of U.S. Legal

Support/MillerParker, Inc., 5910 North Central

Expressway, 100 Premier Place, Dallas, Texas, 75206,

pursuant to the Federal Rules of Civil Procedure and the

provisions stated on the record or attached hereto.



EXHIBIT

1500

ROBERT L. HOLMES

6cab425e-9614-4834-8562-1108927b08d3

1    misstates his testimony.

2        A.    I don't know everything that is on your

3    clients' servers.

4        Q.    (BY MR. LOWE)   You only know a little bit about

5    what's on them; is that right?

6        A.    I don't know what percentage I know, but I know

7    I don't know everything.

8        Q.    Well, you testified earlier you had

9    investigated between five and fifteen Internet

10   addresses -- or -- I'm sorry.  -- IP addresses.  Let me

11   rephrase that.

12              You testified that you investigated five

13   to fifteen domain names that you associated with servers

14   operated by the Defendants in this case; is that

15   correct?

16       A.    I don't know if I said investigated only five

17   to fifteen, but I believe five to fifteen cases came out

18   of this specific investigation.

19       Q.    All right.

20       A.    But what I investigate incidental to my cases

21   and when I establish trends and things like that as part

22   of a case, I've seen a lot of domain names.

23       Q.    How many domain names associated with the

24   Defendants in this case do you have knowledge of?

25       A.    I couldn't even count.

ROBERT L. HOLMES

6cab425e-9614-4834-8562-1108927b08d3

1   party before the completion of the deposition.

2              I further certify that I am neither

3   attorney or counsel for, nor related to or employed by

4   any of the parties to the action in which this

5   deposition is taken, and further that I am not a

6   relative or employee of any attorney or counsel employed

7   by the parties hereto, or financially interested in the

8   action.

9              CERTIFIED TO BY ME on this the 7th day of

10  April, 2008.

11

12  _____

    RONALD R. COPE, CSR, RPR, CRR, CLR
13  Texas CSR 1813
    Expiration Date:  12/31/09
14  US Legal Support/MillerParker
    CRCB Registration No. 343
15  100 Premier Place
    5910 North Central Expressway
16  Dallas, Texas  75206-5190
    (214) 369-3376
17

    Charge for transcript and exhibits $ _____
18
    To be paid by Defendant James A. Lowe
19

20

21

22

23

24

25

ROBERT L. HOLMES

# EXHIBIT 1501

1  **GAUNTLETT & ASSOCIATES**
   James A. Lowe (SBN 214383)
2  Brian S. Edwards (SBN 166258)
   18400 Von Karman Avenue, Suite 300
3  Irvine, California 92612
   Telephone:    (949) 553-1010
4  Facsimile:    (949) 553-2050
   jal@gauntlettlaw.com
5  bse@gauntlettlaw.com

6  Attorneys for Defendants
   AKANOC SOLUTIONS, INC.,
7  MANAGED SOLUTIONS GROUP, INC.
   and STEVEN CHEN

8

9                 **UNITED STATES DISTRICT COURT**

10        **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

11

12  LOUIS VUITTON MALLETIER, S.A.,        )  Case No.:  C 07-3952 JW
                                          )
13                  Plaintiff,            )
                                          )  **RESPONSES BY DEFENDANT MANAGED**
14         vs.                            )  **SOLUTIONS GROUP, INC. TO SECOND**
                                          )  **SET OF REQUESTS FOR PRODUCTION**
15                                        )  **OF DOCUMENTS BY PLAINTIFF**
                                          )
16  AKANOC SOLUTIONS, INC., et al.,       )
                                          )
17                  Defendants.           )
                                          )
18

19  **PROPOUNDING PARTY:**        **LOUIS VUITTON MALLETIER, S.A.**

20  **RESPONDING PARTY:**         **MANAGED SOLUTIONS GROUP, INC.**

21  **SET NUMBER:**               **TWO**

22

23         To Plaintiff Louis Vuitton Malletier, S.A., and its attorney of record:

24         Pursuant to Fed. R. Civ. P. 34(b), Managed Solutions Group, Inc. ("MSG") hereby responds

25  and objects to Plaintiff's second request for production of documents.

26                         **GENERAL OBJECTIONS**

27         1.      MSG shall respond to the requests to the extent that there are documents within its

28  own possession, custody or control.

10562-002-1/30/2008-159961.2

EXHIBIT

**1501**

ALL-STATE LEGAL®

MSG'S RESPONSES TO REQUEST
FOR PRODUCTION – SET TWO
– C 07-3952 JW

2.      This response is based upon documents presently available to and located by MSG and is given without prejudice to MSG'S right to produce additional documents at a later date should they become located and available as a result of subsequent review of its records or as a result of additional investigation or discovery.

3.      By producing or failing to produce some of all of the requested documents, MSG does not concede the authenticity, relevance or materiality of any document or the subject to which it relates.

4.      MSG objects to all requests to the extent they seek documents protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

5.      Inadvertent production of privileged information by MSG shall not constitute waiver of any applicable privilege or doctrine, including objections on the basis of competency, confidentiality, authenticity, relevancy, materiality, privilege or admissibility as evidence as such objections may apply in this action.

6.      MSG objects to the definitions of "DOCUMENTS" and "BOOKS AND RECORDS" to the extent they include privileged information or documents.

7.      MSG objects to the definition of "WEBSITES" as being vague, ambiguous and overly broad as to the term "Internet content."

8.      MSG objects to the unspecified time period in the requests as overly broad and unduly burdensome.

9.      MSG objects to each and every request to the extent they call for information protected by the United States Constitution, the California Constitution and any applicable statutes, including the right of privacy.

## REQUESTS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All DOCUMENTS concerning the WEBSITES.

**RESPONSE TO REQUEST NO. 1:**

MSG will produce correspondence/emails sent to MSG concerning the WEBSITES and any subsequent "take down" notices sent to re-sellers. No other DOCUMENTS responsive to this request

1 | have ever been in MSG'S possession, custody or control.

2 | **REQUEST NO. 2:**

3 |     All DOCUMENTS which IDENTIFY any Internet content hosted by You apart from the

4 | WEBSITES.

5 | **RESPONSE TO REQUEST NO. 2:**

6 |     MSG does not have any such documents in its possession, custody or control. MSG is a web

7 | hosting company and therefore has never printed, downloaded or otherwise stored Internet content

8 | located on any WEBSITES.

9 | **REQUEST NO. 3:**

10 |     All DOCUMENTS which IDENTIFY any Internet content hosted on computer equipment

11 | owned by YOU apart from the WEBSITES.

12 | **RESPONSE TO REQUEST NO. 3:**

13 |     MSG does not have any such documents in its possession, custody or control. MSG is a web

14 | hosting company and therefore has never printed, downloaded or otherwise stored Internet content

15 | located on any WEBSITES.

16 | **REQUEST NO. 4:**

17 |     All DOCUMENTS which describe or IDENTIFY services provided by YOU to the

18 | WEBSITES.

19 | **RESPONSE TO REQUEST NO. 4:**

20 |     No responsive documents have ever existed. MSG has never provided any services to the

21 | WEBSITES.

22 | **REQUEST NO. 5:**

23 |     All DOCUMENTS RELATING TO any services YOU provide in connection with the

24 | WEBSITES.

25 | **RESPONSE TO REQUEST NO. 5:**

26 |     No responsive documents have ever existed. MSG has never provided any services to the

27 | WEBSITES.

28 | ////

**REQUEST NO. 6:**

All DOCUMENTS concerning payments made to YOU for services rendered in relation to the WEBSITES.

**RESPONSE TO REQUEST NO. 6:**

No responsive documents exist. MSG has never provided services to or received payments from the WEBSITES.

**REQUEST NO. 7:**

All DOCUMENTS concerning any items or merchandise sold or bought at or through the WEBSITES.

**RESPONSE TO REQUEST NO. 7:**

No responsive documents have ever existed. MSG has never bought or sold items or merchandise through the WEBSITES nor has it ever had any documents which evidence items or merchandise bought or sold through the WEBSITES.

**REQUEST NO. 8:**

All DOCUMENTS concerning the identification of PERSONS operating the WEBSITES (including but not limited to checks, money orders, driver's licenses, social security cards, green cards, immigration documentation, credit checks and utility bills).

**RESPONSE TO REQUEST NO. 8:**

MSG responds that it does not have, and has never had, any documents concerning the identification of persons operating any of the WEBSITES.

**REQUEST NO. 9:**

All DOCUMENTS and correspondence between and among DEFENDANTS and PERSON or ENTITY to which DEFENDANTS provided services for the WEBSITES.

**RESPONSE TO REQUEST NO. 9:**

MSG objects that this request is unclear as to what is being requested. Assuming Louis Vuitton is seeking communication between Defendants and operators of the WEBSITES, MSG responds that no responsive documents exist because MSG and none of the other defendants have provided any services to the WEBSITES. Assuming that Louis Vuitton means by "provided services" that a

1   WEBSITE has ever used an internet address registered to a DEFENDANT as a consequence of

2   purchasing web hosting services from a customer of a DEFENDANT, then no responsive documents

3   have been located after a diligent search of records but the records search continues and if any such

4   DOCUMENT is discovered it ill be produced.

5   **REQUEST NO. 10:**

6           All DOCUMENTS between and among DEFENDANTS and any third party regarding the

7   sale of merchandise on any WEBSITES.

8   **RESPONSE TO REQUEST NO. 10:**

9           MSG will produce correspondence/emails sent to MSG concerning the WEBSITES and any

10  subsequent "take down" notices sent to re-sellers. No other DOCUMENTS responsive to this request

11  have ever been in MSG'S possession, custody or control.

12  **REQUEST NO. 11:**

13          All notices or other written correspondence from YOU to any of the DEFENDANTS or to

14  the operator of any WEBSITE.

15  **RESPONSE TO REQUEST NO. 11:**

16          No responsive documents have ever existed. MSG has never had any direct contact with

17  operators of any WEBSITE.

18  **REQUEST NO. 12:**

19          All computer records or electronic data relating to the WEBSITES, specifically including

20  records of all sales made through the WEBSITES.

21  **RESPONSE TO REQUEST NO. 12:**

22          MSG will produce correspondence/emails sent to MSG concerning the WEBSITES and any

23  subsequent "take down" notices sent to Web hosting re-sellers. No other DOCUMENTS responsive

24  to this request have ever been in MSG'S possession, custody or control.

25  **REQUEST NO. 13:**

26          All BOOKS AND RECORDS related to the WEBSITES.

27  ////

28  ////

**RESPONSE TO REQUEST NO. 13:**

MSG has never had any responsive documents in its possession, custody or control. MSG has never had any relationship or communication with any WEBSITE and therefore does not keep, and has never kept, any books and records relating to the WEBSITES or any other Website (apart from the Website for its own business).

**REQUEST NO. 14:**

All DOCUMENTS concerning any effort of any of the DEFENDANTS to monitor the business or trade at any and all of the WEBSITES.

**RESPONSE TO REQUEST NO. 14:**

MSG has never had any responsive documents in its possession, custody or control. MSG does not monitor the business or trade at any WEBSITE or any other website and therefore does not keep, and has never kept, any books and records relating to the WEBSITES or any other Website (apart from the Website for its own business).

**REQUEST NO. 15:**

Any DOCUMENTS concerning any demands, notices, or any other correspondence from any trademark or copyright holder or any federal, state, or local agency (including but not limited to the police department) related to the WEBSITES.

**RESPONSE TO REQUEST NO. 15:**

MSG will produce any correspondence/emails sent to MSG concerning the WEBSITES and any subsequent "take down" notices sent to re-sellers. No other DOCUMENTS responsive to this request have ever been in MSG'S possession, custody or control.

**REQUEST NO. 16:**

Any DOCUMENTS concerning any investigations conducted by any person in connection with the WEBSITES.

**RESPONSE TO REQUEST NO. 16:**

MSG will produce any correspondence/emails sent to MSG concerning the WEBSITES and any subsequent "take down" notices sent to re-sellers. No other DOCUMENTS responsive to this request have ever been in MSG'S possession, custody or control.

**REQUEST NO. 17:**

All DOCUMENTS, including notices and litigation pleadings, from any city or state governmental agency or department (including but not limited to the police department) concerning any of the WEBSITES from July 26, 2004 to the present.

**RESPONSE TO REQUEST NO. 17:**

MSG will produce any correspondence/emails sent to MSG concerning the WEBSITES and any subsequent "take down" notices sent to re-sellers. No other DOCUMENTS responsive to this request have ever been in MSG'S possession, custody or control.

**REQUEST NO. 18:**

All DOCUMENTS concerning any financial interest in any business or trade conducted at any of the WEBSITES.

**RESPONSE TO REQUEST NO. 18:**

No responsive documents have ever existed. MSG has never had any financial interest in any business or trade conducted at any of the WEBSITES, or any Website apart from the Website for its business.

**REQUEST NO. 19:**

All DOCUMENTS concerning any income derived from any of the WEBSITES other than any income, revenue, or profit generated or received from rents listed in any contract for web hosting service.

**RESPONSE TO REQUEST NO. 19:**

No responsive documents have ever existed. MSG has never had any financial interest in any business or trade conducted at any of the WEBSITES, or any Website (apart from the Website for its business).

**REQUEST NO. 20:**

All DOCUMENTS concerning any other business dealings with the operators of any of the WEBSITES.

////

////

1   **RESPONSE TO REQUEST NO. 20:**

2        No responsive documents have ever existed.  MSG has never had any business dealings with

3   the operators of any WEBSITE.

4   **REQUEST NO. 21:**

5        All DOCUMENTS, including but not limited to customer service records, financial records,

6   telecommunications records and computer logs relating to the WEBSITES.

7   **RESPONSE TO REQUEST NO. 21:**

8        MSG will produce any correspondence/emails sent to MSG concerning the WEBSITES and

9   any subsequent "take down" notices sent to re-sellers. No other DOCUMENTS responsive to this

10  request have ever been in MSG'S possession, custody or control.

11  **REQUEST NO. 22:**

12       All DOCUMENTS RELATING TO or evidencing any COMMUNICATION through any of

13  the WEBSITES.

14  **RESPONSE TO REQUEST NO. 22:**

15       MSG does not have, and has never had, any documents responsive to this request.

16  **REQUEST NO. 23:**

17       All DOCUMENTS RELATING TO, including any communications between YOU and any

18  customer or account which owns any of the WEBSITES.

19  **RESPONSE TO REQUEST NO. 23:**

20       This request is unclear as to what is being requested, but assuming Louis Vuitton is seeking

21  communications between MSG and operators of the WEBSITES, no responsive documents have

22  ever existed.  MSG has never had any direct contact with the owners or operators of any of the

23  WEBSITES or knowledge of their identity.

24  **REQUEST NO. 24:**

25       All DOCUMENTS RELATING TO or evidencing any COMMUNICATIONS about the

26  WEBSITES or any COMMUNICATIONS initiated through any of the WEBSITES.

27  ////

28  ////

1  **RESPONSE TO REQUEST NO. 24:**

2      MSG will produce any correspondence/emails sent to MSG concerning the WEBSITES and

3  any subsequent "take down" notices sent to re-sellers. No other DOCUMENTS responsive to this

4  request have ever been in MSG'S possession, custody or control.

5  **REQUEST NO. 25:**

6      All DOCUMENTS evidencing or containing any COMMUNICATIONS to or from any of

7  the WEBSITES, specifically including emails.

8  **RESPONSE TO REQUEST NO. 25:**

9      MSG has never had any responsive documents in its possession, custody or control.  MSG

10 does not communicate with the operators or owners of any WEBSITE.

11 **REQUEST NO. 26:**

12     All  DOCUMENTS  evidencing  or  containing  any  COMMUNICATIONS  about  the

13 WEBSITES,  or  any  email  transmissions  from  any  of  the  WEBSITES,  specifically  including

14 consumer complaints and abuse reports.

15 **RESPONSE TO REQUEST NO. 26:**

16     MSG will produce any correspondence/emails sent to MSG concerning the WEBSITES and

17 any subsequent "take down" notices sent to re-sellers. No other DOCUMENTS responsive to this

18 request have ever been in MSG's possession, custody or control.

19 **REQUEST NO. 27:**

20     All DOCUMENTS pertaining to any designated agent IDENTIFIED by YOU pursuant to the

21 Digital Millennium Copyright Act.

22 **RESPONSE TO REQUEST NO. 27:**

23     MSG will provide responsive documents in its possession, custody and control.

24 **REQUEST NO. 28:**

25     All DOCUMENTS evidencing application of any safe harbor of the Digital Millennium

26 Copyright Act by YOU.

27 ////

28 ////

1 | **RESPONSE TO REQUEST NO. 28:**

2 |     MSG will provide responsive documents in its possession, custody and control.

3 | **REQUEST NO. 29:**

4 |     All notices received by YOU pursuant to the Digital Millennium Copyright Act.

5 | **RESPONSE TO REQUEST NO. 29:**

6 |     MSG will produce correspondence/emails sent to MSG concerning the WEBSITES and any

7 | subsequent "take down" notices sent to re-sellers and will produce any other notices pursuant to the

8 | DMCA in its custody or control.

9 |

10 | Dated: February 1, 2008

**GAUNTLETT & ASSOCIATES**

By: _Brian S Edwards_ _____
    James A. Lowe
    Brian S. Edwards

Attorneys for Defendants
Managed Solutions Group, Inc.,
Akanoc Solutions, Inc.,
and Steven Chen

1  RE:        *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., et al.*
   VENUE:     U.S.D.C., Northern District, San Jose Division
2  CASE NO.:  C-07-03952 JW

3                              **PROOF OF SERVICE**

4          I am employed in the County of Orange, State of California. I am over the age of eighteen (18)
   years and not a party to the within action; my business address is: Gauntlett & Associates, 18400 Von
5  Karman, Suite 300, Irvine, California 92612.

6          On February 1, 2008, I served the foregoing document described as:   **RESPONSES BY
   DEFENDANT MANAGED SOLUTIONS GROUP, INC. TO SECOND SET OF REQUESTS
7  FOR PRODUCTION OF DOCUMENTS BY PLAINTIFF** on the interested parties in this action
   by placing a true copy thereof enclosed in a sealed envelope addressed as follows:
8
                                J. Andrew Coombs, Esq.
9                                 Annie S. Wang, Esq.
                              J. Andrew Coombs, A Prof. Corp.
10                              517 E. Wilson Avenue, Suite 202
                                  Glendale, CA 91206-5902
11                              Telephone: (818) 500-3200
                                Facsimile: (818) 500-3201
12                                 andy@coombspc.com
                                   annie@coombspc.com
13
                                 *Attorneys for Plaintiff*
14                              *Louis Vuitton Malletier, S.A.*

15
    [X]   **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing
16         correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service
           on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course
17         of business. I am aware that on motion of the party served, service is presumed invalid if postal
           cancellation date or postage meter date is more than one day after date of deposit for mailing
18         in affidavit.

19  [ ]   **(BY FACSIMILE)** The document was transmitted by facsimile transmission to the above fax
           numbers with the transmission reported as complete and without error.
20
    [X]   **(BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION)** I caused the document
21         to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive,
           within a reasonable time after the transmission, any electronic message or other indication that
22         the transmission was unsuccessful.

23  [ ]   **(BY UPS NEXT DAY AIR)** I caused such package to be deposited with the UPS Drop Box
           or UPS Air Service Center located at one of the following locations: 18400 Von Karman, Irvine,
24         California 92612 or 2222 Michelson Drive, #222, Irvine, California 92612.

25  [X]   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at
           whose direction the service was made.
26
           Executed on February 1, 2008, at Irvine, California.
27

28  Peggy Murray
    (Print Name)                              (Signature)

# EXHIBIT 1502

1  **GAUNTLETT & ASSOCIATES**
   James A. Lowe (SBN 214383)
2  Brian S. Edwards (SBN 166258)
   18400 Von Karman Avenue, Suite 300
3  Irvine, California 92612
   Telephone:    (949) 553-1010
4  Facsimile:    (949) 553-2050
   jal@gauntlettlaw.com
5  bse@gauntlettlaw.com

6  Attorneys for Defendants
   AKANOC SOLUTIONS, INC.,
7  MANAGED SOLUTIONS GROUP, INC.
   and STEVEN CHEN

8

9                 **UNITED STATES DISTRICT COURT**

10      **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

11

12  LOUIS VUITTON MALLETIER, S.A.,        )    Case No.:  C 07-3952 JW
                                          )
13                 Plaintiff,             )    **RESPONSES BY DEFENDANT AKANOC**
                                          )    **SOLUTIONS, INC. TO SECOND SET OF**
14      vs.                               )    **REQUESTS FOR PRODUCTION OF**
                                          )    **DOCUMENTS BY PLAINTIFF**
15                                        )
                                          )
16  AKANOC SOLUTIONS, INC., et al.,       )
                                          )
17                 Defendants.            )
                                          )
18

19  **PROPOUNDING PARTY:**      **LOUIS VUITTON MALLETIER, S.A.**

20  **RESPONDING PARTY:**       **AKANOC SOLUTIONS, INC.**

21  **SET NUMBER:**             **TWO**

22

23      To Plaintiff Louis Vuitton Malletier, S.A., and its attorney of record:

24      Pursuant to Fed. R. Civ. P. 34(b), Akanoc Solutions, Inc. ("AKANOC") hereby responds and

25  objects to Plaintiff's second request for production of documents.

26                         **GENERAL OBJECTIONS**

27      1.      AKANOC shall respond to the requests to the extent that there are documents within

28  its own possession, custody or control.

10562-002-1/30/2008-159954.2

**EXHIBIT**

**1502**

AKANOC SOLUTIONS' RESPONSES TO
REQUEST FOR PRODUCTION – SET TWO
– C 07-3952 JW

2.    This response is based upon documents presently available to and located by AKANOC and is given without prejudice to AKANOC'S right to produce additional documents at a later date should they become located and available as a result of subsequent review of its records or as a result of additional investigation or discovery.

3.    By producing or failing to produce some of all of the requested documents, AKANOC does not concede the authenticity, relevance or materiality of any document or the subject to which it relates.

4.    AKANOC objects to all requests to the extent they seek documents protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

5.    Inadvertent production of privileged information by AKANOC shall not constitute waiver of any applicable privilege or doctrine, including objections on the basis of competency, confidentiality, authenticity, relevancy, materiality, privilege or admissibility as evidence as such objections may apply in this action.

6.    AKANOC objects to the definitions of "DOCUMENTS" and "BOOKS AND RECORDS" to the extent they include privileged information or documents.

7.    AKANOC objects to the definition of "WEBSITES" as being vague, ambiguous and overly broad as to the term "Internet content."

8.    AKANOC objects to the unspecified time period in the requests as overly broad and unduly burdensome.

9.    AKANOC objects to each and every request to the extent they call for information protected by the United States Constitution, the California Constitution and any applicable statutes, including the right of privacy.

**REQUEST NO. 1:**

All DOCUMENTS concerning the WEBSITES.

**RESPONSE TO REQUEST NO. 1:**

AKANOC will produce correspondence/emails sent to AKANOC concerning the WEBSITES and any subsequent "take down" notices sent to re-sellers. No other DOCUMENTS responsive to this request have ever been in AKANOC'S possession, custody or control.

1    **REQUEST NO. 2:**

2        All DOCUMENTS which IDENTIFY any Internet content hosted by You apart from the

3    WEBSITES.

4    **RESPONSE TO REQUEST NO. 2:**

5        AKANOC does not have any such documents in its possession, custody or control.

6    AKANOC is a web hosting company and therefore has never printed, downloaded or otherwise

7    stored Internet content located on any WEBSITES.

8    **REQUEST NO. 3:**

9        All DOCUMENTS which IDENTIFY any Internet content hosted on computer equipment

10   owned by YOU apart from the WEBSITES.

11   **RESPONSE TO REQUEST NO. 3:**

12       AKANOC does not have any such documents in its possession, custody or control.

13   AKANOC is a web hosting company and therefore has never printed, downloaded or otherwise

14   stored Internet content located on any WEBSITES.

15   **REQUEST NO. 4:**

16       All DOCUMENTS which describe or IDENTIFY services provided by YOU to the

17   WEBSITES.

18   **RESPONSE TO REQUEST NO. 4:**

19       No responsive documents have ever existed. AKANOC has never provided any services to

20   the WEBSITES.

21   **REQUEST NO. 5:**

22       All DOCUMENTS RELATING TO any services YOU provide in connection with the

23   WEBSITES.

24   **RESPONSE TO REQUEST NO. 5:**

25       No responsive documents have ever existed. AKANOC has never provided any services to

26   the WEBSITES.

27   ////

28   ////

1   **REQUEST NO. 6:**

2       All DOCUMENTS concerning payments made to YOU for services rendered in relation to

3   the WEBSITES.

4   **RESPONSE TO REQUEST NO. 6:**

5       No responsive documents exist. AKANOC has never provided services to or received

6   payments from the WEBSITES.

7   **REQUEST NO. 7:**

8       All DOCUMENTS concerning any items or merchandise sold or bought at or through the

9   WEBSITES.

10  **RESPONSE TO REQUEST NO. 7:**

11      No responsive documents have ever existed. AKANOC has never bought or sold items or

12  merchandise through the WEBSITES nor has it ever had any documents which evidence items or

13  merchandise bought or sold through the WEBSITES.

14  **REQUEST NO. 8:**

15      All DOCUMENTS concerning the identification of PERSONS operating the WEBSITES

16  (including but not limited to checks, money orders, driver's licenses, social security cards, green

17  cards, immigration documentation, credit checks and utility bills).

18  **RESPONSE TO REQUEST NO. 8:**

19      AKANOC responds that it does not have, and has never had, any documents concerning the

20  identification of persons operating any of the WEBSITES.

21  **REQUEST NO. 9:**

22      All DOCUMENTS and correspondence between and among DEFENDANTS and PERSON

23  or ENTITY to which DEFENDANTS provided services for the WEBSITES.

24  **RESPONSE TO REQUEST NO. 9:**

25  AKANOC objects that this request is unclear as to what is being requested. Assuming Louis Vuitton

26  is seeking communication between Defendants and operators of the WEBSITES, AKANOC

27  responds that no responsive documents exist because AKANOC and none of the other defendants

28  have provided any services to the WEBSITES. Assuming that Louis Vuitton means by "provided"

services" that a WEBSITE has ever used an internet address registered to a DEFENDANT as a consequence of purchasing web hosting services from a customer of a DEFENDANT, then no responsive documents have been located after a diligent search of records but the records search continues and if any such DOCUMENT is discovered it ill be produced.

**REQUEST NO. 10:**

All DOCUMENTS between and among DEFENDANTS and any third party regarding the sale of merchandise on any WEBSITES.

**RESPONSE TO REQUEST NO. 10:**

AKANOC will produce correspondence/emails sent to AKANOC concerning the WEBSITES and any subsequent "take down" notices sent to re-sellers. No other DOCUMENTS responsive to this request have ever been in AKANOC'S possession, custody or control.

**REQUEST NO. 11:**

All notices or other written correspondence from YOU to any of the DEFENDANTS or to the operator of any WEBSITE.

**RESPONSE TO REQUEST NO. 11:**

No responsive documents have ever existed.  AKANOC has never had any contact with operators of any WEBSITE.

**REQUEST NO. 12:**

All computer records or electronic data relating to the WEBSITES, specifically including records of all sales made through the WEBSITES.

**RESPONSE TO REQUEST NO. 12:**

AKANOC will produce correspondence/emails sent to AKANOC concerning the WEBSITES and any subsequent "take down" notices sent to Web hosting re-sellers. No other DOCUMENTS responsive to this request have ever been in AKANOC'S possession, custody or control.

**REQUEST NO. 13:**

All BOOKS AND RECORDS related to the WEBSITES.

////

**RESPONSE TO REQUEST NO. 13:**

AKANOC has never had any responsive documents in its possession, custody or control. AKANOC has never had any relationship or communication with any WEBSITE and therefore does not keep, and has never kept, any books and records relating to the WEBSITES or any other Website (apart from the Website for its own business).

**REQUEST NO. 14:**

All DOCUMENTS concerning any effort of any of the DEFENDANTS to monitor the business or trade at any and all of the WEBSITES.

**RESPONSE TO REQUEST NO. 14:**

AKANOC has never had any responsive documents in its possession, custody or control. AKANOC does not monitor the business or trade at any WEBSITE or any other website and therefore does not keep, and has never kept, any books and records relating to the WEBSITES or any other Website (apart from the Website for its own business).

**REQUEST NO. 15:**

Any DOCUMENTS concerning any demands, notices, or any other correspondence from any trademark or copyright holder or any federal, state, or local agency (including but not limited to the police department) related to the WEBSITES.

**RESPONSE TO REQUEST NO. 15:**

AKANOC will produce any correspondence/emails sent to AKANOC concerning the WEBSITES and any subsequent "take down" notices sent to re-sellers. No other DOCUMENTS responsive to this request have ever been in AKANOC'S possession, custody or control.

**REQUEST NO. 16:**

Any DOCUMENTS concerning any investigations conducted by any person in connection with the WEBSITES.

**RESPONSE TO REQUEST NO. 16:**

AKANOC will produce any correspondence/emails sent to AKANOC concerning the WEBSITES and any subsequent "take down" notices sent to re-sellers. No other DOCUMENTS responsive to this request have ever been in AKANOC'S possession, custody or control.

1    **REQUEST NO. 17:**

2        All DOCUMENTS, including notices and litigation pleadings, from any city or state

3    governmental agency or department (including but not limited to the police department) concerning

4    any of the WEBSITES from July 26, 2004 to the present.

5    **RESPONSE TO REQUEST NO. 17:**

6        AKANOC will produce any correspondence/emails sent to AKANOC concerning the

7    WEBSITES and any subsequent "take down" notices sent to re-sellers. No other DOCUMENTS

8    responsive to this request have ever been in AKANOC'S possession, custody or control.

9    **REQUEST NO. 18:**

10       All DOCUMENTS concerning any financial interest in any business or trade conducted at

11   any of the WEBSITES.

12   **RESPONSE TO REQUEST NO. 18:**

13       No responsive documents have ever existed. AKANOC has never had any financial interest

14   in any business or trade conducted at any of the WEBSITES, or any Website apart from the Website

15   for its business.

16   **REQUEST NO. 19:**

17       All DOCUMENTS concerning any income derived from any of the WEBSITES <u>other than</u>

18   any income, revenue, or profit generated or received from rents listed in any contract for web hosting

19   service.

20   **RESPONSE TO REQUEST NO. 19:**

21       No responsive documents have ever existed. AKANOC has never had any financial interest

22   in any business or trade conducted at any of the WEBSITES, or any Website (apart from the Website

23   for its business).

24   **REQUEST NO. 20:**

25       All DOCUMENTS concerning any other business dealings with the operators of any of the

26   WEBSITES.

27   ////

28   ////

1  **RESPONSE TO REQUEST NO. 20:**

2      No responsive documents have ever existed.  AKANOC has never had any business dealings

3  with the operators of any WEBSITE.

4  **REQUEST NO. 21:**

5      All DOCUMENTS, including but not limited to customer service records, financial records,

6  telecommunications records and computer logs relating to the WEBSITES.

7  **RESPONSE TO REQUEST NO. 21:**

8      AKANOC will produce any correspondence/emails sent to AKANOC concerning the

9  WEBSITES and any subsequent "take down" notices sent to re-sellers. No other DOCUMENTS

10  responsive to this request have ever been in AKANOC'S possession, custody or control.

11  **REQUEST NO. 22:**

12      All DOCUMENTS RELATING TO or evidencing any COMMUNICATION through any of

13  the WEBSITES.

14  **RESPONSE TO REQUEST NO. 22:**

15      AKANOC does not have, and has never had, any documents responsive to this request.

16  **REQUEST NO. 23:**

17      All DOCUMENTS RELATING TO, including any communications between YOU and any

18  customer or account which owns any of the WEBSITES.

19  **RESPONSE TO REQUEST NO. 23:**

20      This request is unclear as to what is being requested, but assuming Louis Vuitton is seeking

21  communications between AKANOC and operators of the WEBSITES, no responsive documents

22  have ever existed.  AKANOC has never had any direct contact with the owners or operators of any

23  of the WEBSITES or knowledge of their identity.

24  **REQUEST NO. 24:**

25      All DOCUMENTS RELATING TO or evidencing any COMMUNICATIONS about the

26  WEBSITES or any COMMUNICATIONS initiated through any of the WEBSITES.

27  ////

28  ////

1  **RESPONSE TO REQUEST NO. 24:**

2      AKANOC will produce any correspondence/emails sent to AKANOC concerning the

3  WEBSITES and any subsequent "take down" notices sent to re-sellers. No other DOCUMENTS

4  responsive to this request have ever been in AKANOC'S possession, custody or control.

5  **REQUEST NO. 25:**

6      All DOCUMENTS evidencing or containing any COMMUNICATIONS to or from any of

7  the WEBSITES, specifically including emails.

8  **RESPONSE TO REQUEST NO. 25:**

9      AKANOC has never had any responsive documents in its possession, custody or control.

10  AKANOC does not communicate with the operators or owners of any WEBSITE.

11  **REQUEST NO. 26:**

12      All DOCUMENTS evidencing or containing any COMMUNICATIONS about the

13  WEBSITES, or any email transmissions from any of the WEBSITES, specifically including

14  consumer complaints and abuse reports.

15  **RESPONSE TO REQUEST NO. 26:**

16      AKANOC will produce any correspondence/emails sent to AKANOC concerning the

17  WEBSITES and any subsequent "take down" notices sent to re-sellers. No other DOCUMENTS

18  responsive to this request have ever been in AKANOC's possession, custody or control.

19  **REQUEST NO. 27:**

20      All DOCUMENTS pertaining to any designated agent IDENTIFIED by YOU pursuant to the

21  Digital Millennium Copyright Act.

22  **RESPONSE TO REQUEST NO. 27:**

23      AKANOC will provide responsive documents in its possession, custody and control.

24  **REQUEST NO. 28:**

25      All DOCUMENTS evidencing application of any safe harbor of the Digital Millennium

26  Copyright Act by YOU.

27  **RESPONSE TO REQUEST NO. 28:**

28      AKANOC will provide responsive documents in its possession, custody and control.

1    **REQUEST NO. 29:**

2        All notices received by YOU pursuant to the Digital Millennium Copyright Act.

3    **RESPONSE TO REQUEST NO. 29:**

4        AKANOC will produce any correspondence/emails sent to AKANOC concerning the

5    WEBSITES and any subsequent "take down" notices sent to re-sellers and will produce any other

6    notices pursuant to the DMCA in its custody or control.

7

8    Dated: February 1, 2008                              **GAUNTLETT & ASSOCIATES**

9

10                                              By:    _Brian S Edwards_____
                                                        James A. Lowe
11                                                      Brian S. Edwards

12                                              Attorneys for Defendants
                                                Managed Solutions Group, Inc.,
13                                              Akanoc Solutions, Inc.,
                                                And Steven Chen
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| 1 | RE: *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., et al.* |
| 2 | VENUE: U.S.D.C., Northern District, San Jose Division<br>CASE NO.: C-07-03952 JW |

3                          **PROOF OF SERVICE**

4        I am employed in the County of Orange, State of California. I am over the age of eighteen (18)
years and not a party to the within action; my business address is: Gauntlett & Associates, 18400 Von
5   Karman, Suite 300, Irvine, California 92612.

6        On February 1, 2008, I served the foregoing document described as:  **RESPONSES BY
DEFENDANT AKANOC SOLUTIONS, INC. TO SECOND SET OF REQUESTS FOR
7   PRODUCTION OF DOCUMENTS BY PLAINTIFF** on the interested parties in this action by
placing a true copy thereof enclosed in a sealed envelope addressed as follows:
8

9                          J. Andrew Coombs, Esq.
                           Annie S. Wang, Esq.
                        J. Andrew Coombs, A Prof. Corp.
10                         517 E. Wilson Avenue, Suite 202
                           Glendale, CA 91206-5902
11                         Telephone: (818) 500-3200
                           Facsimile: (818) 500-3201
12                           andy@coombspc.com
                             annie@coombspc.com
13
                             *Attorneys for Plaintiff*
14                           *Louis Vuitton Malletier, S.A.*

15

16   [X]  **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing
correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service
17   on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course
of business. I am aware that on motion of the party served, service is presumed invalid if postal
18   cancellation date or postage meter date is more than one day after date of deposit for mailing
in affidavit.

19   [ ]  **(BY FACSIMILE)** The document was transmitted by facsimile transmission to the above fax
numbers with the transmission reported as complete and without error.
20

21   [X]  **(BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION)** I caused the document
to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive,
22   within a reasonable time after the transmission, any electronic message or other indication that
the transmission was unsuccessful.

23   [ ]  **(BY UPS NEXT DAY AIR)** I caused such package to be deposited with the UPS Drop Box
or UPS Air Service Center located at one of the following locations: 18400 Von Karman, Irvine,
24   California 92612 or 2222 Michelson Drive, #222, Irvine, California 92612.

25   [X]  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at
whose direction the service was made.
26

27        Executed on February 1, 2008, at Irvine, California.

28   Peggy Murray_____                    _Peggy Murray_____
     (Print Name)                           (Signature)

10562-002-02/01/2008-159303.1                              PROOF OF SERVICE - C-07-03952 JW