**\*E-FILED 4/15/2008\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A.,<br><br>             Plaintiff,<br>     v.<br><br>AKANOC SOLUTIONS, INC., MANAGED SOLUTIONS GROUP, INC. STEVEN CHEN and DOES 1 THROUGH 10,<br><br>             Defendants. | No. C07-03952 JW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION**<br><br>[Re: Docket No. 28] |

This is an action for alleged trademark and copyright infringement. Plaintiff Louis Vuitton Malletier, S.A. claims that defendants bear contributory and vicarious liability because they provide internet hosting services for a number of websites that sell counterfeit merchandise.

Pursuant to Fed. R. Civ. P. 30(b)(6), defendants served a notice for plaintiff's deposition to take place in California. Reportedly, plaintiff will designate one individual, Mr. Livadkin, to testify on its behalf as to all noticed topics of examination. Mr. Livadkin is identified as a lawyer who lives in France and is responsible for plaintiff's global internet enforcement efforts.

The parties dispute where the deposition should be conducted. Plaintiff contends that the deposition should take place telephonically or, if in person, then in France (its principal place of business), in New York (an alleged place of business of defendants) or in

1  California at defendants' expense. Defendants maintain that the deposition should take place in
2  California – either here in the forum district, or in Southern California where lead counsel for
3  all parties are located. They further contend that plaintiff should bear the expense of bringing
4  Mr. Livadkin to California.

5      The matter has been fully briefed. The court finds it appropriate to rule without oral
6  argument, and the April 22, 2008 motion hearing is vacated. *See* Civ. L.R. 7-1(b). Upon
7  consideration of the papers filed by the parties, this court grants the motion in part and denies
8  the motion in part.

9      Pursuant to Fed. R. Civ. P. 30(b)(4), the court may, upon motion, order that a deposition
10 be taken by telephone or other remote means. For purposes of this rule, and Fed. R. Civ. P.
11 28(a), 37(a)(2) and 37(b)(1), "the deposition takes place where the deponent answers the
12 questions." *Id*. Here, there is no information presented by which this court may meaningfully
13 assess whether such means are feasible, practical, or fair. Accordingly, this court declines to
14 order that plaintiff's deposition be taken telephonically.

15     "A district court has wide discretion to establish the time and place of depositions."
16 *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). Although there is a general
17 presumption that the deposition of a corporate party should be taken at its place of business, *see,*
18 *e.g., Thomas v. Int'l Business Machines*, 48 F.3d 478, 483 (10th Cir. 1995), that presumption is
19 not conclusive. The court also considers the convenience of the parties, relative hardships and
20 the economy obtained in attending a particular location. Relevant factors in making a
21 determination include the location of counsel for both parties, the number of corporate
22 representatives a party seeks to depose, whether the deponent often travels for business
23 purposes, the likelihood of significant discovery disputes arising which would require resolution
24 by the forum court, and the equities with respect to the nature of the claims and the parties'
25 relationship. *See Cadent Ltd. v. 3M Unitek Corp*., 232 F.R.D. 625, 628-29 (C.D. Cal. 2005).

26     Lead counsel for both parties are located in California, and there is only one designee to
27 be deposed. Defendants' assertions that Mr. Livadkin likely travels for work extensively and
28 often are speculative. At the same time, however, plaintiff has not presented a declaration from

2

Mr. Livadkin to rebut those assertions; and, the court is underwhelmed by plaintiff's counsel's assertion that he is unaware that Mr. Livadkin has traveled to California in the last several years. Nor has plaintiff presented evidence to substantiate its assertions as to any burden that would be imposed or that any such burden would be undue. Plaintiff does not deny that it is a large corporation with business operations worldwide, including in California. It is of no moment that plaintiff's operations in San Dimas, California reportedly have nothing to do with intellectual property enforcement:

> When a foreign corporation is doing business in the United States, is subject to the court's jurisdiction, and has freely taken advantage of our federal rules of discovery, exceptions to the general rule on the location of depositions are often made. . . . The bottom line is that a foreign corporation, subject to the in personam jurisdiction of this court, can be ordered under Rule 30(b)(6) to produce its officers, directors or managing agents in the United States to give deposition testimony.

*See Custom Form Mfg. v. Omron Corp.*, 196 F.R.D. 333, 336 (N.D. Ind. 2000).

Plaintiff protests that it still prefers either New York or France over California because it has an additional attorney in New York who may also attend the deposition. It has also submitted documents (i.e., internet "whois" records) which, it asserts, show that defendants own two servers located in New York. However, counsel's assertions lack foundation. Moreover, defendants' president and founder attests that defendants have no business operations in New York and have never utilized any third-party servers or other support anywhere outside Fremont, California and San Jose, California. (*See* Chen Decl., ¶ 2). Having the deposition proceed in New York may be preferable for plaintiff, but plaintiff's preferences are not the only considerations here.

Based on the record presented, and after weighing competing legitimate interests and possible prejudice, the court finds that it will be less costly and disruptive to have the deposition proceed in California, than to have one or more attorneys for each party travel to France, or to have Mr. Livadkin and one or more attorneys for each party travel to New York. *See* FED.R.CIV.P. 1 ("These rules . . . should be construed and administered to secure the just, speed, and inexpensive determination of every action and proceeding.") This court is unpersuaded by plaintiff's assertion that, because defense counsel traveled from California to

3

Texas for the deposition of plaintiff's investigator, Mr. Holmes, he can just as easily travel from California to France or New York. Similarly unconvincing is plaintiff's suggestion that defendants can readily bear the expense of travel to France or New York because their initial disclosures indicate the existence of insurance coverage. While defendants have not persuasively shown that discovery disputes are likely to arise, the court generally agrees that disputes may be handled more efficiently if the deposition proceeds in California.

Accordingly, IT IS ORDERED THAT plaintiff's deposition shall take place in Southern California where all counsel are located (or, alternatively, here in the forum district if the parties so choose). Nevertheless, the parties shall split Mr. Livadkin's reasonable travel expenses. If plaintiff wishes to have an additional attorney from New York attend the deposition, it will bear all expenses for that trip.

Dated:   April 15, 2008

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**5:07-cv-3952 Notice has been electronically mailed to:**

J. Andrew Coombs andy@coombspc.com, jeremy@coombspc.com

James A. Lowe info@gauntlettlaw.com, arm@gauntlettlaw.com, bse@gauntlettlaw.com, jal@gauntlettlaw.com, pam@gauntlettlaw.com

Annie S Wang annie@coombspc.com, andy@coombspc.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.