**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:      (949) 553-1010
Facsimile:       (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steven Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | Case No.:  C 07-3952 JW |
| Plaintiff, | Hon. Magistrate Judge Howard R. Lloyd |
| vs. | **OBJECTIONS TO REPLY BRIEF AND ACCOMPANYING DECLARATION OF J. ANDREW COOMBS FILED BY LOUIS VUITTON MALLETIER, S.A. IN SUPPORT OF ITS MOTION TO COMPEL** |
| AKANOC SOLUTIONS, INC., et al., | *[FILED IN OPPOSITION TO PLAINTIFF LOUIS VUITTON MALLETIER, S.A.'S MOTION TO COMPEL PRODUCTION OF ELECTRONIC COMMUNICATIONS CONTAINED ON INTERNET SERVERS]* |
| Defendants. | Date: April 29, 2008<br>Time: 10:00 a.m.<br>Dept.: Courtroom 2, 5th Floor |

Defendants Managed Solutions Group, Inc., Akanoc Solutions, Inc. and Steven Chen (collectively "Defendants") hereby object to plaintiff Louis Vuitton Malletier, Inc.'s ("LV") Reply Papers including the Declaration of J. Andrew Coombs ("Coombs Decl.") filed therewith, as follows:

## GENERAL OBJECTIONS

LV's reply papers, including its brief and accompanying declaration of J. Andrew Coombs, is replete with new "facts" and legal arguments not raised in the initial moving papers, including statements as to what defendant Steven Chen allegedly testified to at his recent deposition. Defendants cannot respond to these allegations because (1) these new issues were first raised on reply, and (2) the transcript of Steven Chen has not yet been prepared. Defendants generally object to this attempt by LV to "shift gears" and introduce new facts or different legal arguments in the reply papers than were presented in the moving papers. *See Lujan v. National Wildlife Federation* 497 U.S. 871, 894-895 (1990) (court has discretion to disregard factual matters raised in the reply). If a court relies upon new material contained in a reply brief, it must afford the opposing party a reasonable opportunity to be respond. *Beaird v. Seagate Tech, Inc.,* 145 F.3d 1159, 1164-1165 (11th Cir. 1998); *See Springs Industries, Inc. v. American Motorists Ins. Co.,* 137 FRD 238, 240 (ND TX 1991) (if reply brief raises new material (and is permitted), nonmovant should be given an opportunity for further response).

| | **COOMBS DECL.** | **MSG'S OBJECTIONS** |
|---|---|---|
| 1. | In a letter dated January 17, 2008, initiating that meet and confer, Defendants' counsel asserted that "blanket objections" were of no force and effect and quoted from the decision in *Kerr v. United States District Court, Northern District of California,* 511 F.2d | Objection. Declarant's statement and the case he cites to are not relevant to the issue of whether or not Louis Vuitton listed Plaintiff's objections in its motion as required by Local Rule 37-2. *See* Fed. R. Evid. 402: ("Evidence which is not relevant is not admissible.") |

| | **COOMBS DECL.** | **MSG'S OBJECTIONS** |
|---|---|---|
| | 192, 198 (9th Cir. 1975). | |
| 2. | Coombs Decl. ¶ 4:<br><br>That [CPRO] database included service entries pertaining to the servers owned and maintained by Defendants. | Objection. The declarant has no foundation of personal knowledge about the matters upon which he testifies, nor does he affirmatively show that he is competent to give such testimony, as is a prerequisite to admissibility. *See* Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); and Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.").<br><br>This is also an alleged factual statement LV is raising on reply for the first time which Defendants do not have an opportunity to rebut or provide evidence in response to. Defendants also cannot respond because the transcript of Steven Chen's deposition has not yet been prepared. If a court relies upon new material contained in a reply brief, it must |

| | **COOMBS DECL.** | **MSG'S OBJECTIONS** |
|---|---|---|
| | | afford the opposing party a reasonable opportunity to be respond. *Beaird v. Seagate Tech, Inc.,* 145 F.3d 1159, 1164-1165 (11th Cir. 1998) |
| 3. | Coombs Decl. ¶ 4: Those [CPRO] spreadsheets, which consisted of several hundred pages, were the subject of testimony of Mr. Chen on April 9 at which time he confirmed that, despite the production, service log entries and other relevant information about the CPRO database which fell within Louis Vuitton's prior requests for production of documents were still not included in the belated April 8 production. | Objection. Mr. Coombs' statements as to the contents of the deposition transcript constitute inadmissible hearsay. *See* Fed. R. Evid. 802: ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority.") As a further objection, the speculation and surmise of the declarant is inadmissible including that the CPRO database constitutes hundreds of pages and was requested by Louis Vuitton in discovery – it was not. Declarant could have very easily attached discovery requests to his declaration if those requests supported his statement. His unsupported statement is unreliable and should be disregarded. This is also an alleged factual statement LV is raising on reply for the first time which |

| | **COOMBS DECL.** | **MSG'S OBJECTIONS** |
|---|---|---|
| | | Defendants do not have an opportunity to rebut or provide evidence in response to. Defendants also cannot respond because the transcript of Steven Chen's deposition has not yet been prepared. If a court relies upon new material contained in a reply brief, it must afford the opposing party a reasonable opportunity to be respond. *Beaird v. Seagate Tech, Inc.,* 145 F.3d 1159, 1164-1165 (11th Cir. 1998) |
| 4. | Coombs Decl. ¶4:  Mr. Chen also confirmed that income statements and balance sheets for Defendant Akanoc Solutions, Inc. existed and, despite production of such financial information for Managed Solutions Group, Inc. and an equivalent agreement to produce such documents as pertain to Akanoc Solutions, Inc., the financials for Akanoc Solutions, Inc. were produced by email on April 14, 2008. | Objection. "Financial information" of Managed Solutions Group, Inc. and Akanoc Solutions, Inc. has nothing to do with what Louis Vuitton is asking for in this motion to compel. *See* Fed. R. Evid. 402: ("Evidence which is not relevant is not admissible")  Mr. Coombs' statements about the contents of the deposition transcript also constitute inadmissible hearsay. *See* Fed. R. Evid. 802: ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority.")  This is also an alleged factual statement LV is |

| | **COOMBS DECL.** | **MSG'S OBJECTIONS** |
|---|---|---|
| | | raising on reply for the first time which Defendants do not have an opportunity to rebut or provide evidence in response to. Defendants also cannot respond because the transcript of Steven Chen's deposition has not yet been prepared. If a court relies upon new material contained in a reply brief, it must afford the opposing party a reasonable opportunity to be respond. *Beaird v. Seagate Tech, Inc.,* 145 F.3d 1159, 1164-1165 (11th Cir. 1998) |
| 5. | Coombs Decl. ¶4:<br><br>Mr. Chen also testified concerning an alleged hard drive crash which deleted all emails before approximately June, 2007. | Objection. A hard drive crash has nothing to do with what Louis Vuitton is asking for in this motion to compel. *See* Fed. R. Evid. 402: ("Evidence which is not relevant is not admissible")<br><br>Mr. Coombs' statements about the contents of the deposition transcript also constitute inadmissible hearsay. *See* Fed. R. Evid. 802: ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority.")<br><br>This is also an alleged factual statement LV is |

| | **COOMBS DECL.** | **MSG'S OBJECTIONS** |
|---|---|---|
| | | raising on reply for the first time which Defendants do not have an opportunity to rebut or provide evidence in response to. Defendants also cannot respond because the transcript of Steven Chen's deposition has not yet been prepared. If a court relies upon new material contained in a reply brief, it must afford the opposing party a reasonable opportunity to be respond. *Beaird v. Seagate Tech, Inc.,* 145 F.3d 1159, 1164-1165 (11th Cir. 1998) |
| 6. | Coombs Decl. ¶5:  During Mr. Chen's deposition, he estimated that at any given time only about 10 to 15% of the server capacity owned or maintained by Defendants is used for website hosting, as distinct from, for example, voice over internet telephone, online storage and other unrelated functions. He also confirmed that initial password access is assigned by the Defendants. | Objection. Mr. Coombs' statements about the contents of the deposition transcript constitute inadmissible hearsay. *See* Fed. R. Evid. 802: ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority.")  Again, this is an alleged factual statement LV is raising on reply for the first time which Defendants do not have an opportunity to rebut or provide evidence in response to. If a court relies upon new material contained in a reply brief, it must afford the opposing party a reasonable opportunity to be respond. |

| COOMBS DECL. | MSG'S OBJECTIONS |
|---|---|
| | *Beaird v. Seagate Tech, Inc.,* 145 F.3d 1159, 1164-1165 (11th Cir. 1998) |

Dated: April 18, 2008

**GAUNTLETT & ASSOCIATES**

By: /s/ James A. Lowe
James A. Lowe
Brian S. Edwards

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steven Chen