**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:   (949) 553-1010
Facsimile:    (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steven Chen

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., <br><br> Plaintiff, <br><br> vs. <br><br> AKANOC SOLUTIONS, INC., et al., <br><br> Defendants. | Case No.:  C 07-3952 JW (HRL) <br><br> **DEFENDANTS' ADMINISTRATIVE MOTION FOR A SEALING ORDER PURSUANT TO LOCAL RULE 79-5(d)** <br><br> Judge: Hon. James Ware |

Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steve Chen (Defendants") respectfully submit the following Administrative Motion for a Sealing Order to file deposition pages designated "Highly Confidential-Attorney's Eyes Only" by plaintiff Louis Vuitton Malletier, S.A. ("Vuitton").

**I.   RELIEF REQUESTED**

1. Pursuant to Local Rules 79-5(d) and 7-11, Defendants request an Order sealing pages 22-28 and 61-62 of the deposition transcript of Vuitton's Rule 30(b)(6) designee, Nikolay Livadkin, attached as part of **Exhibit "1502"** to Defendants' Motion for Summary Judgment. Pursuant to Local Rule 79-5(d), a redacted version of **Exhibit "1502"** (designated **Exhibit "1502A"**) and an unredacted version of **Exhibit "1502"** have been lodged herewith.

2. If pages 22-28 and 61-62 of the Livadkin deposition transcript are ordered sealed, Defendants request that the unredacted version of **Exhibit "1502"** be filed under seal and the redacted **Exhibit "1502A"** be substituted for the version of **Exhibit "1502"** filed by Defendants on May 19, 2008 (Document 51).

**II.   RELEVANT FACTS**

The stipulated protective order filed as Document 19 in this case provides in part that parties may designate documents as "Highly Confidential-Attorney's Eyes Only." Sections 2.4  A courtesy copy of same is included with the Chambers copies submitted herewith. Section 2.4 of the stipulated protective order defines "Highly Confidential-Attorney's Eyes Only" as "extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means."

On May 19, 2008 Defendants filed a Motion for Summary Judgment. The motion included excerpts from the deposition transcript of plaintiff Louis Vuitton Malletier, S.A.'s ("Vuitton") Rule 30(b)(6) designee, Nikolay Livadkin.

On May 22, 2008 Vuitton's counsel informed Defendants it was designating pages 12-39, 40-44, 52-62, 185-190 and 196-197 of Mr. Livadkin's deposition transcript, as Highly Confidential – Attorney's Eyes Only pursuant to Section 5.2 of the Stipulated Protective Order. The pages Vuitton designated included nine pages, 22-28 and 61-62, that had been included as part of Defendants'

1  **Exhibit "1502"** filed with their summary judgment motion on May 19, 2008.

2      The parties could not agree to stipulate to a sealing order because Defendants do not agree
3  with Vuitton that pages 22-28 and 61-62 of the Livadkin deposition transcript contain confidential
4  information entitled to protection under the stipulated protective order.

5

6  **III.  A PARTY THAT WISHES TO FILE A DOCUMENT DESIGNATED CONFIDENTIAL BY ANOTHER PARTY PURSUANT TO A PROTECTIVE ORDER MUST FILE AN ADMINISTRATIVE MOTION FOR A SEALING ORDER**

8      Local Rule 79-5(d) requires that a party who "wishes to file a document that has been
9  designated confidential by another party pursuant to a protective order" . . . "must file and serve an
10 Administrative Motion for a sealing order and lodge the document, memorandum or other filing in
11 accordance with this rule."

12     Local Rule 79-5(d) further states that "[i]f only a portion of the document, memorandum or
13 other filing is sealable, the submitting party must also lodge with the Court a redacted version of the
14 document, memorandum or other filing to be placed in the public record if the Court approves the
15 requested sealing order."

16     Pursuant to Local Rule 79-5(d), a redacted version of **Exhibit "1502"** (designated **Exhibit
17 "1502A"**) and an unredacted version of **Exhibit "1502"** have been lodged herewith.  If the Court
18 approves the requested sealing order, Defendants request that the unredacted version of **Exhibit
19 "1502"** be filed under seal and the redacted **Exhibit "1502A"** be substituted for the version of
20 **Exhibit "1502"** filed by Defendants on May 19, 2008 (Document 51).

21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## IV. CONCLUSION

Pursuant to Local Rule 79-5(d), Defendants respectfully request that if the Court approves the requested sealing order, the unredacted version of **Exhibit "1502"** be filed under seal and the redacted **Exhibit "1502A"** be substituted for the version of **Exhibit "1502"** filed by Defendants on May 19, 2008 (Document 51).

Dated: May 29, 2008         **GAUNTLETT & ASSOCIATES**

By:   s/James A. Lowe
        David A. Gauntlett
        James A. Lowe
        Brian S. Edwards

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steven Chen