**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:   (949) 553-1010
Facsimile:   (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steven Chen

GRANTED

*Judge James Ware*

6/19/2008

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., <br><br> Plaintiff, <br><br> vs. <br><br> AKANOC SOLUTIONS, INC., et al., <br><br> Defendants. | Case No.: C 07-3952 JW (HRL) <br><br> **DEFENDANTS' ADMINISTRATIVE MOTION FOR A SEALING ORDER PURSUANT TO LOCAL RULE 79-5(d)** <br><br> Judge: Hon. James Ware |

10562-002-5/29/2008-161404.1

**DEFENDANTS' ADMINISTRATIVE MOTION FOR A SEALING ORDER – C 07-3952 JW**

1  Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steve Chen
2  (Defendants") respectfully submit the following Administrative Motion for a Sealing Order to file
3  deposition pages designated "Highly Confidential-Attorney's Eyes Only" by plaintiff Louis Vuitton
4  Malletier, S.A. ("Vuitton").

5  **I.     RELIEF REQUESTED**

6  1.   Pursuant to Local Rules 79-5(d) and 7-11, Defendants request an Order sealing pages
7  22-28 and 61-62 of the deposition transcript of Vuitton's Rule 30(b)(6) designee, Nikolay Livadkin,
8  attached as part of **Exhibit "1502"** to Defendants' Motion for Summary Judgment.  Pursuant to
9  Local Rule 79-5(d), a redacted version of **Exhibit "1502"** (designated **Exhibit "1502A"**) and an
10 unredacted version of **Exhibit "1502"** have been lodged herewith.

11 2.   If pages 22-28 and 61-62 of the Livadkin deposition transcript are ordered sealed,
12 Defendants request that the unredacted version of **Exhibit "1502"** be filed under seal and the
13 redacted **Exhibit "1502A"** be substituted for the version of **Exhibit "1502"** filed by Defendants on
14 May 19, 2008 (Document 51).

15 **II.    RELEVANT FACTS**

16 The stipulated protective order filed as Document 19 in this case provides in part that parties
17 may designate documents as "Highly Confidential-Attorney's Eyes Only." Sections 2.4  A courtesy
18 copy of same is included with the Chambers copies submitted herewith.  Section 2.4 of the stipulated
19 protective order defines "Highly Confidential-Attorney's Eyes Only" as "extremely sensitive
20 "Confidential Information or Items" whose disclosure to another Party or non-party would create a
21 substantial risk of serious injury that could not be avoided by less restrictive means."

22 On May 19, 2008 Defendants filed a Motion for Summary Judgment.  The motion included
23 excerpts from the deposition transcript of plaintiff Louis Vuitton Malletier, S.A.'s ("Vuitton") Rule
24 30(b)(6) designee, Nikolay Livadkin.

25 On May 22, 2008 Vuitton's counsel informed Defendants it was designating pages 12-39,
26 40-44, 52-62, 185-190 and 196-197 of Mr. Livadkin's deposition transcript, as Highly Confidential –
27 Attorney's Eyes Only pursuant to Section 5.2 of the Stipulated Protective Order. The pages Vuitton
28 designated included nine pages, 22-28 and 61-62, that had been included as part of Defendants'

1  **Exhibit "1502"** filed with their summary judgment motion on May 19, 2008.

2  The parties could not agree to stipulate to a sealing order because Defendants do not agree with Vuitton that pages 22-28 and 61-62 of the Livadkin deposition transcript contain confidential information entitled to protection under the stipulated protective order.

### III.  A PARTY THAT WISHES TO FILE A DOCUMENT DESIGNATED CONFIDENTIAL BY ANOTHER PARTY PURSUANT TO A PROTECTIVE ORDER MUST FILE AN ADMINISTRATIVE MOTION FOR A SEALING ORDER

Local Rule 79-5(d) requires that a party who "wishes to file a document that has been designated confidential by another party pursuant to a protective order" . . . "must file and serve an Administrative Motion for a sealing order and lodge the document, memorandum or other filing in accordance with this rule."

Local Rule 79-5(d) further states that "[i]f only a portion of the document, memorandum or other filing is sealable, the submitting party must also lodge with the Court a redacted version of the document, memorandum or other filing to be placed in the public record if the Court approves the requested sealing order."

Pursuant to Local Rule 79-5(d), a redacted version of **Exhibit "1502"** (designated **Exhibit "1502A"**) and an unredacted version of **Exhibit "1502"** have been lodged herewith. If the Court approves the requested sealing order, Defendants request that the unredacted version of **Exhibit "1502"** be filed under seal and the redacted **Exhibit "1502A"** be substituted for the version of **Exhibit "1502"** filed by Defendants on May 19, 2008 (Document 51).

///
///
///
///
///
///
///
///

IV.  **CONCLUSION**

Pursuant to Local Rule 79-5(d), Defendants respectfully request that if the Court approves the requested sealing order, the unredacted version of **Exhibit "1502"** be filed under seal and the redacted **Exhibit "1502A"** be substituted for the version of **Exhibit "1502"** filed by Defendants on May 19, 2008 (Document 51).

Dated:  May 29, 2008

**GAUNTLETT & ASSOCIATES**

By:  s/James A. Lowe
David A. Gauntlett
James A. Lowe
Brian S. Edwards

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steven Chen

**IT IS SO ORDERED**

The requested document is GRANTED to be filed under seal.

Dated:  June 19, 2008

_/s/ James Ware_
United States District Court