**United States District Court**
For the Northern District of California

**\*E-FILED 7/15/2008\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | No. C07-03952 JW (HRL) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DOCUMENTS** |
| v. | |
| AKANOC SOLUTIONS, INC., MANAGED SOLUTIONS GROUP, INC. STEVEN CHEN and DOES 1 THROUGH 10, | **[Re: Docket No. 30]** |
| Defendants. | |

Plaintiff Louis Vuitton Malletier, S.A. moves for an order compelling defendants to produce documents, or alternatively, permitting plaintiff to conduct a forensic examination of a sampling of defendants' servers. Defendants oppose the motion. Upon consideration of the moving and responding papers,[1] as well as the arguments presented, this court grants the motion.

---

[1] Defendants object to plaintiff's reply brief and to certain portions of the supporting declaration of plaintiff's counsel, Andrew Coombs. The stated objections are based on one or more of the grounds of relevance, lacking in foundation or personal knowledge, speculation, or hearsay. Defendants argue that plaintiff's reply brief and Coombs' declaration contain new facts and arguments that were not raised in the initial moving papers. However, the court finds that the challenged statements were properly raised in response to arguments that defendants made (apparently for the first time) in their opposition. Moreover, the court finds that defendants had sufficient opportunity to respond to those arguments at the motion hearing. The court appreciated what was relevant and what was not and considered the declaration for what it was worth.

1  Plaintiff sues for alleged trademark and copyright infringement.  It claims that
2  defendants are secondarily liable for infringement because they provide Internet hosting
3  services for a number of websites that sell counterfeit Louis Vuitton merchandise.  Defendants
4  say that they simply provide access to the Internet by renting Internet Protocol ("IP") addresses
5  and Internet bandwidth to third-party resellers and other Internet hosting companies who, in
6  turn, host individual websites.  Defendants further contend that, unless a specific complaint is
7  brought to their attention, they have no knowledge or control over the contents of websites
8  hosted on their servers.

9  Plaintiff moves to compel two categories of documents concerning the websites[2] –
10  namely:  (1) publicly posted Internet content evidencing offers made of counterfeit Louis
11  Vuitton merchandise on the websites; and (2) traffic logs that evidence the volume of
12  underlying counterfeit activity.  Plaintiff says that these documents are called for by Request
13  Nos. 1, 5, 7, 12, 13, 21, 22, 24 and 25.

14  Defendants agreed to produce correspondence and emails sent to them concerning the
15  websites and any subsequent "take down" notices sent to re-sellers.  However, defendants assert
16  that responsive documents otherwise never existed or are not in their possession, custody or
17  control.  (*See* Lowe Decl., Exs. 1501 and 1502).  Apparently for the first time in their
18  opposition brief, defendants also contend that their production of the requested information
19  would violate the federal Wiretap Act (18 U.S.C. § 2510, *et seq.*) and the Stored
20  Communications Act (18 U.S.C. § 2702).

21  **A.  Defendants' General Objections**

22  Preliminarily, plaintiff argues that defendants did not object to any of the specific
23  requests at issue.  Defendants maintain that they properly objected by asserting General
24  Objections on several grounds, including that the information is protected by the attorney-client

---

[2] Plaintiff's requests reportedly defined "website" or "websites" as terms "refer[ring] to all Internet content hosted by YOU at each of the Interest websites located within uniform resource locators or domain names including but not limited to those listed in Exhibit A attached hereto."  (Reply at 2 n.1).

2

1 privilege and the attorney work product doctrine, and that the requests are vague, ambiguous, overbroad and unduly burdensome.  (Lowe Decl., Exs. 1501 and 1502).

Grounds for objection to discovery requests must be stated with specificity as to each request.  *See* FED.R.CIV.P. 34(b)(2).  This is particularly true with respect to claims of privilege.  *See* FED.R.CIV.P. 26(b)(5)(A).  Here, defendants merely asserted a number of boilerplate, blanket General Objections at the outset of their responses.  This practice obscures the extent to which defendants may be withholding information in response to each request and does not satisfy the requirement for specificity under Fed. R. Civ. P. 34.  Accordingly, this court concludes that, except as to any objections asserted in response to specific requests, defendants did not properly object to the requests in question.

### B. Publicly Posted Internet Content and Traffic Logs

Defendants initially took the position that they do not deal directly with individual websites and are therefore unable to produce the requested data.  However, they acknowledge that they own the servers on which the requested information resides; and, Federal Rule of Civil Procedure 34 requires a party to produce not only documents in its control, but also those in its possession or custody.  FED.R.CIV.P. 34(a)(1).

Nonetheless, defendants now contend that, even if they could be said to possess the requested information, they are prohibited from disclosing it to plaintiff by the federal Wiretap Act, 18 U.S.C. § 2510, *et seq*., and the Stored Communications Act, 18 U.S.C. § 2702.

Congress passed the Electronic Communications Privacy Act (ECPA) in 1986 to protect the privacy of electronic communications.  *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 874 (9th Cir. 2002).  "Title I of the ECPA amended the federal Wiretap Act, which previously addressed only wire and oral communications, to 'address[] the interception of . . . electronic communications.'"  *Id*. (quoting S. Rep. No. 99-541, at 3 (1986)).  "Title II of the ECPA created the Stored Communications Act (SCA), which was designed to 'address[] access to stored wire and electronic communications and transactional records."  *Id*. (quoting S. Rep. No. 99-541, at 3 (1986)).

3

1     Louis Vuitton's requested production is not prohibited by the federal Wiretap Act. "The
2 Wiretap Act makes it an offense to 'intentionally intercept [] . . . any wire, oral, or electronic
3 communication.'" *Konop*, 302 F.3d at 876 (quoting 18 U.S.C. § 2511(1)(a)). The Ninth Circuit
4 has held that, in order for information to be "intercepted" within the meaning of the Wiretap
5 Act, "it must be acquired during transmission, not while it is in electronic storage." *Id*. at 878.
6 Here, plaintiff says that it is not seeking information during transmission and agrees to exclude
7 any such communications from its requests.

8     Defendants nonetheless maintain that the requested production will cause them to
9 violate the SCA. "Generally, the SCA prevents 'providers' of communication services from
10 divulging private communications to certain entities and/or individuals." *Quon v. Arch*
11 *Wireless Operating Co.*, __ F.3d __, 2008 WL 2440559 at *5 (9th Cir., June 18, 2008).
12 Defendants say that they are prohibited from producing the requested information by SCA
13 Section 2702(a)(1), which makes it unlawful for a person or entity providing an "electronic
14 communication service" to the public to "knowingly divulge to any person or entity the contents
15 of a communication while in electronic storage by that service." 18 U.S.C. § 2702(a)(1).
16 Defendants have provided few details about how their business operates or the nature of their
17 relationship with their customers; and, the little information that has been is very generalized.

18     However, the cases cited by defendants concern the disclosure of the contents of email
19 messages, personal text messages, private messages posted for a limited number of subscribers
20 on a secure website, and the like. Here, by contrast, plaintiff seeks information – publicly
21 posted content evidencing offers of counterfeit Louis Vuitton merchandise – that was broadcast
22 on publicly accessible websites to the public at large. "The legislative history and the statutory
23 structure [of the ECPA] clearly show that Congress did not intend to criminalize or create civil
24 liability for acts of individuals who 'intercept' or 'access' communications that are otherwise
25 readily accessible by the general public." *Snow v. Directv, Inc.*, 450 F.3d 1314, 1320-21 (11th
26 Cir. 2006). Nor is there anything in the record presented to indicate that the requested server
27 logs, which reflect the volume of traffic to the allegedly infringing websites, contain the
28

4

contents of any communications. Even if they did, plaintiff indicates that it is willing to accept a redacted production that excludes such communications.

Although defendants assert that they have no ability to access the content on their own servers, they acknowledged at oral argument that such access is technologically feasible.[3] It was further suggested at the hearing that defendants control the router that directs traffic to the assigned IP addresses – an assertion which defendants did not deny. And, the record presented suggests that they have the ability to conduct searches of some kind. (*See* Coombs Suppl. Decl., ¶¶ 5-6, Exs. A and B).[4]

Defendants argue that the requested discovery is unduly burdensome because they claim that the requests, as drafted, call for information from potentially thousands of websites. (Opp. at p. 2, n.2). However, plaintiff indicates that it is willing to limit the discovery to 67 websites that it has identified as selling allegedly counterfeit Louis Vuitton merchandise. (*See* Reply, Ex. B). As such, this court finds that the discovery is reasonably tailored and that any burden that may be imposed is not undue.

Based on the foregoing, IT IS ORDERED THAT plaintiff's motion to compel is GRANTED as follows:

**No later than July 31, 2008**, defendants shall either (1) produce all responsive publicly posted Internet content evidencing offers made of counterfeit Louis Vuitton merchandise and traffic logs evidencing the volume of underlying counterfeit activity, or (2) permit inspection of their servers to allow plaintiff an opportunity to ascertain the same. The discovery shall be limited to the 67 allegedly infringing websites identified by plaintiff. In the event an inspection

---

[3] Defendants say that they give password control to their customers. Nevertheless, at the motion hearing, defendants also confirmed that their servers rotate in and out of use, that defendants initially assign passwords to their clients, and that defendants also re-set passwords when servers have been "returned" or "abandoned."

[4] Plaintiff acknowledges that Mr. Coombs' supplemental declaration was not submitted in compliance with the court's Civil Local Rules. *See* Civ. L.R. 7-3(d). Nevertheless, the key issues in dispute were only raised by defendants for the first time in their opposition brief; and, given the nature of the parties' dispute, this court found that resolution of the instant dispute was aided by more information, not less. Moreover, at the motion hearing, each side had ample opportunity to address all issues raised in the papers. Accordingly, this court has exercised its discretion and considered the belated declaration. However, plaintiff is admonished to comply with the court's rules on all future filings.

1  is held, it shall be conducted pursuant to an appropriate protocol.  The court trusts that the
2  parties should be able to agree upon a suitable protocol between themselves.  However, if they
3  are not, each side shall submit its proposed protocol for this court's consideration and the court
4  shall decide upon the protocol to be followed.

5  Dated:    July 15, 2008

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:07-cv-3952 Notice has been electronically mailed to:**

J. Andrew Coombs andy@coombspc.com, jeremy@coombspc.com

James A. Lowe info@gauntlettlaw.com, arm@gauntlettlaw.com, bse@gauntlettlaw.com, jal@gauntlettlaw.com, pam@gauntlettlaw.com

Annie S Wang annie@coombspc.com, andy@coombspc.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.