**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:     (949) 553-1010
Facsimile:      (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | Case No.: C 07-3952 JW |
| Plaintiff, | |
| vs. | **ANSWER TO FIRST AMENDED COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| AKANOC SOLUTIONS, INC., MANAGED SOLUTIONS GROUP, INC., STEVEN CHEN AND DOES 1 THROUGH 10, INCLUSIVE, | |
| Defendants. | |

**ANSWER TO FIRST AMENDED COMPLAINT
– C 07-3952 JW**

10562-002-7/29/2008-162328.1

In response to the First Amended Complaint for Contributory and Vicarious Trademark and Copyright Infringement ("FAC") filed by Plaintiff, Louis Vuitton Malletier, S.A., ("Plaintiff" or "Vuitton"), Defendants Akanoc Solutions, Inc., ("Akanoc"), Managed Solutions Group, Inc., ("MSG") and Steve Chen ("Chen") (collectively "Defendants") state as follows:

## I.     Jurisdiction and Venue

1. Defendants admit the allegations of paragraph 1 of the FAC.

2. Defendants admit the allegations of paragraph 2 of the FAC.

3. Defendants admit the allegations of paragraph 3 of the FAC.

4. Defendants admit the allegations of paragraph 4 of the FAC.

## II.     Introduction

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the FAC and therefore deny the same.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the FAC and therefore deny the same.

7. Defendants deny each and every allegation in paragraph 7 of the FAC.

## III.     The Parties: Plaintiff

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the FAC and therefore deny the same.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the FAC and therefore deny the same.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the FAC and therefore deny the same.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the FAC and therefore deny the same.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the FAC and therefore deny the same.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the FAC and therefore deny the same.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the FAC and therefore deny the same.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the FAC and therefore deny the same.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the FAC and therefore deny the same.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the FAC and therefore deny the same.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the FAC and therefore deny the same.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the FAC and therefore deny the same.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the FAC and therefore deny the same.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the FAC and therefore deny the same.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the FAC and therefore deny the same.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the FAC and therefore deny the same.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the FAC and therefore deny the same.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the FAC and therefore deny the same.

### IV.    The Parties: Defendants

26. Defendants admit that Akanoc is a California corporation duly organized and existing under the laws of the State of California with its principal place of business in Fremont, California. Akanoc denies each and every other allegation of paragraph 26 of the FAC.

1  27.  Defendants admit that MSG is a Delaware corporation duly organized and authorized to do business in the State of California with its principal place of business in Fremont, California. MSG denies each and every other allegation of paragraph 27 of the FAC.

28.  Defendants admit that Steve Chen is an individual resident of Fremont, California and a shareholder and officer of Akanoc and MSG. Defendants deny each and every other allegation of paragraph 28 of the FAC.

29.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the FAC and therefore deny the same.

### V.  The Alleged Infringing Activities

30.  Defendants deny each and every allegation of paragraph 30 of the FAC.

31.  Defendants deny each and every allegation of paragraph 31 of the FAC.

32.  Defendants deny each and every allegation of paragraph 32 of the FAC.

33.  Defendants deny each and every allegation of paragraph 33 of the FAC.

### FIRST CLAIM FOR RELIEF

34.  Defendants repeat and re-allege all of the answers contained in paragraph 1 through 33, inclusive, as though fully set forth herein.

35.  Defendants deny each and every allegation of paragraph 33 of the FAC.

36.  Defendants deny each and every allegation of paragraph 36 of the FAC.

37.  Defendants deny each and every allegation of paragraph 37 of the FAC.

38.  Defendants deny each and every allegation of paragraph 38 of the FAC.

39.  Defendants deny each and every allegation of paragraph 39 of the FAC.

40.  Defendants deny each and every allegation of paragraph 40 of the FAC.

41.  Defendants deny each and every allegation of paragraph 41 of the FAC.

### SECOND CLAIM FOR RELIEF

42.  Defendants repeat and re-allege all of the answers contained in paragraph 1 through 41, inclusive, as though fully set forth herein.

43.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the FAC and therefore deny the same.

44. Defendants deny each and every allegation of paragraph 44 of the FAC.

45. Defendants deny each and every allegation of paragraph 45 of the FAC.

46. Defendants deny each and every allegation of paragraph 46 of the FAC.

### THIRD CLAIM FOR RELIEF

47. Defendants repeat and re-allege all of the answers contained in paragraph 1 through 33, inclusive, as though fully set forth herein.

48. Defendants deny each and every allegation of paragraph 48 of the FAC.

49. Defendants deny each and every allegation of paragraph 49 of the FAC.

50. Defendants deny each and every allegation of paragraph 49 of the FAC.

51. Defendants deny each and every allegation of paragraph 50 of the FAC.

52. Defendants deny each and every allegation of paragraph 51 of the FAC.

53. Defendants deny each and every allegation of paragraph 52 of the FAC.

54. The Defendants deny each allegation of the First Amended Complaint except as specifically admitted.

### First Affirmative Defense
### (Failure to State a Claim)

55. Defendants have failed to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Laches)

56. The claims of Plaintiff are barred by the doctrine of laches.

### Third Affirmative Defense
### (Estoppel)

57. The claims of Plaintiff are barred by the doctrine of estoppel.

### Fourth Affirmative Defense
### (Unclean Hands)

58. The claims of Plaintiff are barred by its unclean hands.

/ / /

/ / /

**Fifth Affirmative Defense**
**(Waiver)**

59. The claims of Plaintiff are barred by the doctrine of waiver.

**Sixth Affirmative Defense**
**(Failure to Comply with Notice Requirements of DMCA)**

60. To the extent defendants, or each of them constitute "service providers" as that term is utilized in the Digital Millennium Copyright Act, 17 U.S.C. § 512 et seq., (DMCA) Plaintiff failed to substantially comply with notification requirements of the DMCA as to claimed infringement.

**Seventh Affirmative Defense**
**(Immunity of Service Providers Under DMCA)**

61. To the extent defendants, or each or any of said defendants, constitute "service providers" as that term is utilized in the DMCA, defendants, or each or any of said defendants, are immune from liability for monetary relief pursuant to 17 U.S.C. § 512(a).

**Eighth Affirmative Defense**
**(Immunity of Service Providers Under DMCA)**

62. To the extent defendants, or each or any of said defendants, constitute "service providers" as that term is utilized in the DMCA, defendants, or each or any of said defendants, are immune from liability for monetary relief pursuant to 17 U.S.C. § 512(b).

**Ninth Affirmative Defense**
**(Immunity of Service Providers Under DMCA)**

63. To the extent defendants, or each or any of said defendants, constitute "service providers" as that term is utilized in the DMCA, defendants, or each or any of said defendants, are immune from liability for monetary relief pursuant to 17 U.S.C. § 512(c).

**Tenth Affirmative Defense**
**(Immunity of Service Providers Under DMCA)**

64. To the extent defendants, or each or any of said defendants, constitute "service providers" as that term is utilized in the DMCA, defendants, or each or any of said defendants, are immune from liability for monetary relief pursuant to 17 U.S.C. § 512(d).

### Eleventh Affirmative Defense
### (Compliance with Federal Stored Communications Act)

65. Defendants' conduct is in compliance with and mandated by the Stored Communications Act (18 U.S.C. §§ 2700-2712).

### Twelfth Affirmative Defense
### (Privilege)

66. Defendants' acts are privileged under federal law regulating Internet service providers.

WHEREFORE, Defendants respectfully requests that this honorable Court:

1. Enter a judgment in Defendants' favor and against Plaintiff on its FAC;
2. Award Defendants its costs of suit;
3. Award Defendants their attorneys' fees;
4. Award Defendants such other further relief that the Court deems just and proper; and
5. Declare that Plaintiff take nothing by this action.

Dated: July 29, 2008                    **GAUNTLETT & ASSOCIATES**

By:   s/ James A. Lowe
         David A. Gauntlett
         James A. Lowe
         Brian S. Edwards

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen

# JURY DEMAND

Defendants hereby demand a trial by jury on all issues triable to a jury.

Dated: July 29, 2008  **GAUNTLETT & ASSOCIATES**

By: s/ James A. Lowe
David A. Gauntlett
James A. Lowe
Brian S. Edwards

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen