1 | **GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher G. Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:     (949) 553-1010
Facsimile:      (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | Case No.:  C 07-3952 JW |
| Plaintiff, | Hon. James Ware |
| vs. | **DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT** |
| AKANOC SOLUTIONS, INC., et al., | Date:   September 8, 2008
Time:  9:00 a.m.
Dept.:  Courtroom 8, 4th Floor |
| Defendants. | |

**TABLE OF CONTENTS**

Page

I. SUMMARY JUDGMENT IS PROPER BECAUSE VUITTON CANNOT PROVE ESSENTIAL ELEMENTS OF ITS THREE CAUSES OF ACTION ................. 2

II. VUITTON DOES NOT HAVE ADMISSIBLE EVIDENCE SHOWING THAT THE ADDITIONAL WEBSITES NAMED IN ITS FIRST AMENDED COMPLAINT HAVE EVER BEEN HOSTED ON DEFENDANTS' INTERNET SERVERS ................................................................................................................. 3

    A. Testimony of Vuitton's Counsel Is Admissible ........................................... 3

        1. Vuitton's Failure to Disclose Under Fed. R. Civ. P. 26(a) ............ 3

        2. Coombs' Testimony About the Website Contents Is Hearsay ..... 4

        3. Coombs' Letters are Inadmissible ................................................ 4

    B. No Evidence of Vuitton's Required Compliance with the DMCA .......................... 6

III. VUITTON STILL CANNOT PROVE NECESSARY ELEMENTS OF ITS CLAIMS ................................................................................................................. 9

IV. CONCLUSION ..................................................................................................... 10

**PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 56 and Civil Local Rules 56-1 and 7-2 of the United States District Court for the Northern District of California, Defendants Managed Solutions Group, Inc. ("MSG"), Akanoc Solutions, Inc. and Steve Chen (collectively "Defendants") will move on September 8, 2008 at 9:00 a.m. for summary judgment on the ground that Plaintiff Louis Vuitton Malletier ("Vuitton") cannot prove essential elements of contributory trademark infringement, vicarious trademark infringement, and contributory and vicarious copyright infringement.  Defendants hereby file this supplemental motion for summary judgment in order to obtain summary judgment in light of Vuitton's First Amended Complaint ("FAC"), filed after Defendants filed their original motion for summary judgment.  Vuitton's FAC only differs from its original complaint in one respect.  While its original complaint specified 5 websites[1] that were allegedly hosted on Defendants' Internet servers, Vuitton's FAC now alleges 77 websites.  This supplemental motion for summary judgment is the appropriate means to address the 72 additional websites referenced in Vuitton's FAC. *See Colan v. Mesa Petroleum Co.,* 951 F.2d 1512 (9th Cir. 1991); *Carter v. Hewlett-Packard Co.*, No. C 04-3307 CW, 2007 WL 160820 (N.D. Cal. Jan. 17, 2007); *Oracle Corp. v. Warranty Corp. of America*, No. C 03-3146 PJH, 2005 WL 658976 (N.D. Cal. March 22, 2005) (cases considering parties' supplemental motions for summary judgment)

The Defendants move for a summary judgment in their favor on all causes of action because no rational trier of fact, given the record as a whole, could find that Defendants are liable for contributory trademark infringement, vicarious trademark infringement, or contributory or vicarious copyright infringement even with the additional allegations in the FAC.  Despite Vuitton's addition of 72 more allegedly infringing websites, summary judgment in this case is still proper because (1) there is no admissible evidence to support Vuitton's allegations that the 72 additional websites cited in the FAC were ever hosted on Defendants' Internet servers and (2) Vuitton still cannot prove the necessary elements of its claims.

---

[1] The 5 websites listed in the original complaint are ape168.com, atozbrand.com, bag925.com, eshoes99.com, and wendy929.com.

## I. SUMMARY JUDGMENT IS PROPER BECAUSE VUITTON CANNOT PROVE ESSENTIAL ELEMENTS OF ITS THREE CAUSES OF ACTION

Summary judgment is proper where "there is no genuine issue as to any material fact and…" the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying [the evidence] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The non-moving party must then identify specific facts "that might affect the outcome of the suit under the governing law," thus establishing that there is a genuine issue for trial. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

When evaluating a motion for summary judgment, the court views the evidence through the prism of the evidentiary standard of proof that would pertain at trial. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The court draws all reasonable inferences in favor of the non-moving party, including questions of credibility and of the weight that particular evidence is accorded. *See, e.g., Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520, 111 S. Ct. 2419, 115 L. Ed. 2d 447 (1991). The court determines whether the non-moving party's "specific facts," coupled with disputed background or contextual facts, are such that a reasonable jury might return a verdict for the non-moving party. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In such a case, summary judgment is inappropriate. *Anderson*, 477 U.S. at 248. Summary judgment is, however, appropriate where a rational trier of fact could not find for the non-moving party based on the record as a whole. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

Summary judgment in favor of Defendants is proper and required here in light of the uncontested evidence and lack of evidence. No rational trier of fact could find for Vuitton because, despite its allegations about 72 additional allegedly infringing websites in its FAC, Vuitton still has no admissible evidence to prove numerous essential elements of its three causes of action.

1  II. **VUITTON DOES NOT HAVE ADMISSIBLE EVIDENCE SHOWING THAT THE ADDITIONAL WEBSITES NAMED IN ITS FIRST AMENDED COMPLAINT HAVE EVER BEEN HOSTED ON DEFENDANTS' INTERNET SERVERS**

Vuitton has no admissible evidence that the additional 72 websites named in its FAC have ever been located on Internet servers hosted by these Defendants, let alone that Defendants are liable for any wrongdoing in connection with the additional third-party websites.

### A.  Testimony of Vuitton's Counsel Is Admissible

#### 1.  Vuitton's Failure to Disclose Under Fed. R. Civ. P. 26(a)

There is no evidence that Louis Vuitton has ever itself investigated any of the 72 websites alleged in its FAC. The only information about these 72 websites that Vuitton appears to have is based solely upon the investigation by Vuitton's counsel, J. Andrew Coombs. Defendants have reached this conclusion because the only information they have ever received about the additional 72 allegedly infringing websites has come only in communications from Mr. Coombs and without any indication of a source of information other than Mr. Coombs himself. Coombs, however, cannot testify in this case because, among other reasons, Vuitton did not disclose him as a witness pursuant to Fed. R. Civ. P. 26(a) or (e). Vuitton was required to disclose all individuals "likely to have discoverable information" and all "documents, electronically stored information, and tangible things" in Vuitton's possession that it might use "to support its claims or defenses, unless the use would be solely for impeachment."[2] Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii), (C). Vuitton only disclosed two witnesses, Nicolay Livadkin and Robert Holmes. Not having supplemented its disclosures to name any additional witnesses or documents, Vuitton is prohibited from using any such witness or document as evidence in a motion hearing or a trial. Under Fed. R. Civ. P. 37(c)(1) "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion." Because Vuitton failed to name Coombs as a witness in its Rule 26(a) disclosures, Fed. R. Civ. P. 37(c)(1) precludes Coombs from testifying.

---

[2] The parties' Rule 26(f) conference occurred on December 6, 2007.  (HP's Notice of Mot. and Mot. to Compel No. 1 n. 6.)

### 2. Coombs' Testimony About the Website Contents Is Hearsay

Coombs' testimony also may not be used because any such testimony would be inadmissible hearsay. Defendants are not aware of any admissible evidence concerning allegations about any of the 72 websites that Vuitton added to its FAC that would establish even a minimal connection to the Defendants or show any infringing activity. If Vuitton seeks to introduce, for example, printouts or screen shots from any websites, printed by Coombs, in an effort to establish contents of websites, such material would be unauthenticated, inadmissible hearsay. Such material can only be authenticated by the testimony of "someone with knowledge of the accuracy of the contents" of the printouts.[3] Vuitton has never disclosed, identified or produced a witness with personal knowledge of the accuracy of the contents of any of the websites it has alleged, including the new 72. Because of the lack of disclosure and because the discovery cut-off date has passed, Vuitton should not be permitted to present evidence from additional witnesses about additional matters.[4]

Instead of repeating arguments made in the previously filed Motion for Summary Judgment, Defendants refer the Court to the arguments in section I.D.2.d.(1) of Defendants' Motion for Summary Judgment for further discussion on this issue.

### 3. Coombs Is Incompetent As A Witness And His Letters are Inadmissible

Louis Vuitton itself has never sent Defendant any correspondence referencing the 72

---

[3] *See Internet Specialties West, Inc. v. ISPWest*, No. CV 05-3296 FMC AJWX, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

> [M]ost of plaintiff's arguments are addressed to print-outs from websites and the question of their admissibility. Plaintiff properly contends that these print-outs are inadmissible unless properly authenticated. **Defendant's argument, that they could be "authenticated" by the person who went to the website and printed out the home page, is unavailing.** It is now well recognized that "Anyone can put anything on the internet. No website is monitored for accuracy and nothing contained therein is under oath or even subject to independent verification absent underlying documentation ....hackers can adulterate the content on any web-site from any location at any time. For these reasons, any evidence procured off the Internet is adequate for almost nothing...." *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F.Supp.2d. 1060, 1064. (C.D.Cal.2002).
>
> To be authenticated, someone with knowledge of the accuracy of the contents of the internet print-outs must testify. *See In re Homestore.com, Inc., Securities Litigation*, 347 F.Supp.2d. 769, 782 (C.D.Cal.2004). (emphasis added).

[4] Fed. R. Civ. P. 37(c)(1) "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

additional websites or giving the Defendants notice of any alleged infringement. Its original complaint only referred to 5 websites and Vuitton's Rule 30(b)(6) witness testified that after Vuitton filed this lawsuit, Vuitton stopped sending any notifications to Defendant.[5] Robert Holmes, the private investigator that Vuitton hired, confirmed that Vuitton had only asked that he research between "a half-dozen and a dozen and a half" websites for this lawsuit.[6] Vuitton cannot use or even authenticate any correspondence sent by its counsel in this case to Defendants' counsel that discusses the 72 websites added in Vuitton's FAC.

Any letters sent by Vuitton's counsel, J. Andrew Coombs, to Defendants' counsel referencing the 72 additional websites alleged in Vuitton's FAC, cannot be authenticated[7] and are inadmissible. Neither Louis Vuitton nor any competent witness sent any letters giving notice of alleged infringement and the discovery cut-off date has passed over three months ago.[8] The only apparent plan Vuitton has for authenticating or presenting any testimony about the additional websites would be through Mr. Coombs' personal testimony.[9] But Mr. Coombs cannot testify in this case because he is Vuitton's counsel in this case and therefore not a competent witness under the advocate-witness rule.

The Ninth Circuit has recognized that:

> **The advocate-witness rule prohibits an attorney from appearing as both a witness and an advocate in the same litigation.** This venerable rule is a necessary corollary to the more fundamental tenet of our adversarial system that juries are to ground their decisions on the facts of a case and not on the integrity or credibility of the advocates. Accordingly, adherence to this time-honored rule is more than just an ethical obligation of individual counsel; **enforcement of the rule is a matter of institutional concern implicating the basic foundations of our system of justice**.[10] (emphasis added)

---

[5] Deposition of Nicolay Livadkin 180:23-24 attached hereto as **Exhibit "1507"** to the Declaration of James A. Lowe in Support of Defendants' Supplemental Motion for Summary Judgment ("Lowe Decl.")

[6] Deposition of Robert Holmes 32:12-18 attached hereto as **Exhibit "1508"** to the Lowe Decl.

[7] *See* Fed R. Evid. 901. The requirement of authentication is a condition precedent to admissibility.

[8] As Vuitton noted in its Motion for Leave to Amend to File its First Amended Complaint, all pre-trial dates in this matter have passed, including the discovery cut-off date of April 29, 2008.

[9] *See* Fed R. Evid. 901(a), 901(b)(1).

[10] *U.S. v. Prantil*, 764 F.2d 548, 552-553 (9th Cir. 1985).

1   Rule 5-210 of the California Rules of Professional Conduct also follows the advocate-witness

2   rule, stating that an attorney may not testify in a matter where he also is an advocate. Rule 3.7 of the

3   ABA Model Rules Prof. Conduct also prohibit a lawyer from acting as an advocate in a matter where

4   he or she is a necessary witness.  *See People v. Donaldson*, 93 Cal. App. 4th 916, 928 (2001).

> **The foundations of the prohibition against a lawyer's acting as both advocate and witness lie in due process** (ABA rule 3.7(a), Legal Background): "The prohibition against a lawyer serving as advocate and testifying as a witness in the same matter is essentially aimed at eliminating confusion over the lawyer's role. This confusion could prejudice one or more of the parties or call into question the impartiality of the judicial process itself. As an advocate, the lawyer's task is to present the client's case and to test the evidence and arguments put forth by the opposing side. A witness, however, provides sworn testimony concerning facts about which he or she has personal knowledge or expertise. **The very fact of a lawyer taking on both roles will affect the way in which a jury evaluates the lawyer's testimony, the lawyer's advocacy, and the fairness of the proceedings themselves.**"  (Emphasis added.)

13   There is no justification for permitting Vuitton's counsel to act as a witness in this case in an

14   attempt to correct inadequacies in the lawyer's evidence and a lack of appropriate witnesses.  Mr.

15   Coombs has never been identified or disclosed as a witness in this case and the time for doing so is

16   past, the discovery cut-off being long past. The Plaintiff's designation of Rule 30(b)(6) witnesses

17   never included Mr. Coombs and was never supplemented. Whatever evidence Mr. Coombs may

18   want to present about his recent additions to the complaint in an attempt to salvage the suit cannot be

19   considered by this Court or by a jury. All such evidence, including Mr. Coombs testimony, is

20   precluded by the advocate-witness rule, F.R.Civ.P. Rule 37(c)(1) and by the hearsay rule, FRE Rule

21   802.

**B.     No Evidence of Vuitton's Required Compliance with the DMCA**

23   In addition to Vuitton's lack of competent evidence about the additional 72 websites accused

24   of infringement, Vuitton has no evidence of compliance with a federal law that is a pre-condition for

25   use of an infringement notice in a case such as this. The Defendants are unaware of any notifications

26   about the additional 72 websites that comply with the Digital Millennium Copyright Act ("DMCA").

27   The DMCA "creates a 'safe harbor' for internet service providers who satisfy the

requirements of the statute-protecting them against suits for damages and most injunctive relief",[11] meaning the DMCA requires parties to send notice to the designated agent as a precondition to pursuing infringement claims. Under Section 512(c)(1) of the DMCA, a service provider, like the Defendants here, cannot be liable in a suit unless a complaining party sends an effective notification of claimed infringement as defined under Section 512(c)(3) of the DMCA:

> **A service provider shall not be liable** for monetary relief, or, except as provided in subsection (j), for injunctive or other equitable relief, for infringement of copyright by reason of the storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider, **if the service provider**—
>
> (C) **upon notification of claimed infringement as described in paragraph (3),** responds expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity.[12]

Paragraph 3 of the DMCA specifies that notifications of possible infringements contain certain elements:[13]

> (A) **To be effective** under this subsection, **a notification** of claimed infringement **must be a written communication** provided **to the designated agent** of a service provider **that includes** substantially the following:
>
> (i) A physical or electronic **signature of a person authorized to act** on behalf of the owner of an exclusive right that is allegedly infringed.
>
> (ii) **Identification of the copyrighted work** claimed to have been infringed, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site.
>
> (iii) **Identification of the material that is claimed to be infringing** or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material.
>
> (iv) Information reasonably sufficient to permit the service provider to contact the complaining party, such as an address, telephone number, and, if

---

[11] *Perfect 10, Inc. v. CCBill, LLC.*, 340 F. Supp. 2d 1077, 1086 (C.D. Cal. 2004) (aff'd in part, rev'd in part on other grounds at *Perfect 10, Inc. v. CCBill, LLC*, 488 F.3d 1102 (9th Cir. 2007))

[12] 17 U.S.C. § 512(c)(1)(C).

[13] *See* 17 U.S.C. § 512(c)(3)(A).

available, an electronic mail address at which the complaining party may be contacted.

(v) A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

(vi) **A statement that the information in the notification is accurate, and under penalty of perjury**, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed. (emphasis added)

The Defendants know of no notification concerning the 72 additional websites of possible infringement that were sent to Steve Chen, the Designated Agent for the Defendants pursuant to the DMCA[14] complying with Section 512(c)(3)(A)(ii) of the DMCA including signature by an individual authorized to act on behalf of the owner of an exclusive right that is allegedly infringed, and that properly identify the copyrighted works or other material claimed to have been infringed.[15] Under § 512(c)(3)(A)(ii) and (iii), DMCA-compliant notification must identify the copyrighted work claimed to have been infringed and the material that is claimed to be infringing with "information reasonably sufficient to permit the service provider to locate the material."

The Defendants know of no notifications about the 72 additional websites that include a statement that Vuitton has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.[16]

The Defendants know of no notifications about the 72 additional websites that contain a statement that the information contained in the letters is accurate, and under penalty of perjury and that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.[17]

Defendants are aware of no notifications about the additional 72 websites that comply with

---

[14] Self-Authenticating copies of Akanoc's and MSG's Interim Designations of Agent to Receive Notification of Claimed Infringement, respectively **Exhibits "1505"** and **"1506"** were filed on November 30, 2007 with the U.S. Copyright Office. They are attached to the Declaration of Steve Chen in Support of the Supplemental Motion for Summary Judgment. After that date any Vuitton notifications of infringement were required to be sent to the Designated Agent.

[15] *See* 17 U.S.C. 512(c)(3)(A)(ii) and (iii).

[16] *See* 17 U.S.C. 512(c)(3)(A)(v).

[17] *See* 17 U.S.C. 512(c)(3)(A)(vi).

1  the DMCA.  Vuitton cannot show compliance with federal law that is a pre-condition for use in a
2  case such as this.
3        Vuitton has not provided any notices about the additional 72 websites that comply with the
4  DMCA.  Only notices that comply with the DMCA may be considered by the court. Besides being
5  inadmissible as evidence, Defendants are unaware of any letters from Vuitton's counsel referencing
6  any of the 72 additional websites that complied with the notice requirements specified in the DMCA.
7  Vuitton may not use any non-compliant notices to support its claims because "under the DMCA, a
8  notification from a copyright owner that fails to comply substantially with § 512(c)(3) 'shall not be
9  considered ... in determining whether a service provider has actual knowledge or is aware of the
10 facts or circumstances from which infringing activity is apparent.' " *Perfect 10, Inc.*, 340 F. Supp. 2d
11 at 1087 (citing 17 U.S.C. § 512(3)(B)(i)).

## III.   VUITTON STILL CANNOT PROVE NECESSARY ELEMENTS OF ITS CLAIMS

13       Vuitton does not have any evidence to prove the necessary elements of its causes of action.
14 Vuitton still has no evidence to overcome the argument in the pending Summary Judgment motion.
15       Vuitton has no evidence to prove the two essential elements of contributory trademark
16 infringement: (1) Defendant's direct infringement of its marks or (2) Defendants' intentional
17 inducement of infringement.  Vuitton has no evidence to prove the two essential elements of
18 vicarious trademark infringement: (1) apparent or actual partnership and (2) joint ownership or
19 control.  Vuitton's sole Rule 30(b)(6) witness and its investigator testified that Vuitton had no such
20 evidence.
21       Vuitton has no evidence to prove three of the four required elements of contributory
22 copyright infringement: (1) copying of protected elements of Vuitton's work, (2) Defendants' actual
23 or constructive knowledge of infringement, and (3) Defendants' material contribution, inducement
24 or causation. Defendants have established that the Federal Stored Communications Act legally
25 prevents them from monitoring, supervising or controlling any content on its servers. Vuitton has
26 admitted it has no evidence to prove the two required elements of vicarious copyright infringement:
27 (1) Defendants' right and ability to supervise and control the infringing conduct and (2) Defendants'
28 direct financial interest in the infringing activity.

10562-002-8/4/2008-162337.2      9      **DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT – C 07-3952 JW**

Vuitton has no additional evidence to support its claims, nor does not add any additional substantive arguments in its FAC that suggest evidence to prove the necessary elements of contributory trademark infringement, vicarious trademark infringement, or contributory or vicarious copyright infringement.  The same substantive arguments in Defendants' Motion for Summary Judgment apply equally to the additional 72 accused websites, even if the Plaintiff had any way of submitting any evidence of the additional websites. But the Plaintiff cannot establish anything about the additional accused websites, or about its required notification, or to prove any wrongful action about any of the 77 accused websites. Summary judgment against Defendants as to all its claims is still proper.

## IV.   CONCLUSION

Vuitton has no admissible evidence that the 72 websites added in its FAC (or the 5 in the original Complaint) have ever been stored on Defendants' Internet servers. Any letters sent by Vuitton's counsel cannot be authenticated. Vuitton's counsel cannot be permitted to testify (assuming he has some alleged knowledge) and any Internet printouts concerning any websites are unauthenticated inadmissible hearsay. Vuitton has failed to comply with the notice requirements of the DMCA. Vuitton offers no additional substantive arguments supporting its claim and Summary Judgment should be entered dismissing all Plaintiff's claims.

Dated: August 4, 2008

**GAUNTLETT & ASSOCIATES**

By:   /s/ James A. Lowe
James A. Lowe
Brian S. Edwards
Christopher G. Lai
Attorneys for Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc., and Steven Chen