IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Louis Vuitton Malletier, S.A., | NO. C 07-03952 JW |
| Plaintiff, | **ORDER OVERRULING DEFENDANTS' OBJECTION TO THE MAGISTRATE JUDGE'S ORDER COMPELLING PRODUCTION OF DOCUMENTS** |
| v. | |
| Akanoc Solutions, Inc., et al., | |
| Defendants. | |

## I. INTRODUCTION

Luis Vuitton Malletier, S.A. ("Plaintiff") brings this action against Akonoc Solutions, Managed Solutions Group, and Steven Chen (collectively, "Defendants"), alleging contributory and vicarious trademark and copyright infringement. Defendants are internet service providers who host third-party websites on their servers. Plaintiff alleges that Defendants have knowingly facilitated the sale of counterfeit products through their hosting of web sites that sell such goods. (See Amended Complaint for Contributory and Vicarious Trademark Infringement, Docket Item No. 71.)

A discovery dispute arose concerning Plaintiff's request for information stored on Defendants' servers. On July 15, 2008, Magistrate Judge Lloyd granted Plaintiff's motion to compel. (hereafter, "Order to Compel," Docket Item No. 65.) Judge Lloyd ordered Defendants to "produce all responsive publicly posted Internet content evidencing offers made of counterfeit Louis Vuitton merchandise and traffic logs evidencing the volume of underlying counterfeit activity....The discovery shall be limited to the 67 allegedly infringing websites identified by plaintiff." (Id. at 5.)

Presently before the Court is Defendants' objection to the order to compel. (hereafter, "Objection," Docket Item No. 69.)

## II. DISCUSSION

Defendants object to the order on the grounds that: (1) disclosing information stored by third-parties would violate the Stored Communications Act ("SCA") 18, U.S.C. § 2702; and (2) producing the contents requested is impossible. (Objection at 1, 9.)

A district court reviews a magistrate judge's ruling under the "clearly erroneous" or "contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Bahn v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991).

The Court considers each issue in turn.

### A.   Stored Communications Act

Defendants contend that Judge Lloyd erred by ordering discovery that would require them to violate the SCA. (Objection at 1.)

The SCA "prevents 'providers' of communication services from divulging private communication to certain entities and/or individuals." Quon v. Arch Wireless Operating Co., —F.3d—, 2008 WL 2440559 at *5 (9th Cir., June 18, 2008). However, the SCA does not "criminalize or create civil liability for acts of individuals who 'intercept' or 'access' communications that are otherwise readily accessible by the general public." Snow v. Directv, Inc., 450 F.3d 1314, 1320-21 (11th Cir. 2006).

Defendants contend that the discovery sought violates the SCA because it requires them to disclose private information belonging to third-parties. (Objection at 3.) Defendants' contention blatantly misrepresents Judge Lloyd's order. Judge Lloyd specifically limited his order to all "publicly posted Internet content." (Order to Compel at 5.) Defendants are not required to disclose private information stored on their computers; they are only required to disclose information that the third-parties have made available to the public. Accordingly, the Court finds that the Order to Compel does not violate the SCA.

2

**B.     Compliance**

Defendants contend that they cannot comply with the Order to Compel because (1) they do not have access to the password protected content and (2) they have approximately 1500 servers, which make any search unduly burdensome. (Objection at 9.)

First, as discussed above, the discovery is limited to publicly available contents. Defendants have offered no evidence to suggest that they cannot produce publicly available contents without accessing password protected contents. Second, although Defendants claim they have more than 1500 servers, discovery is limited to 67 specific web sites. (Order to Compel at 5.) Defendants have offered no evidence to suggest that they cannot narrow the number of servers on which responsive contents might exist based on these 67 specific web sites and their own business records. Accordingly, the Court finds Defendants have not shown that the discovery sought is unduly burdensome.

### III. CONCLUSION

The Court OVERRULES Defendants' objection to the Order to Compel. As directed by Judge Lloyd, the parties shall meet and confer to determine an appropriate protocol for obtaining the discovery at issue. All other discovery disputes are referred to Judge Lloyd.

Dated: August 7, 2008

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Annie S Wang annie@coombspc.com
Brian S. Edwards bse@gauntlettlaw.com
David A. Gauntlett info@gauntlettlaw.com
J. Andrew Coombs andy@coombspc.com
James A. Lowe info@gauntlettlaw.com

**Dated:  August 7, 2008**                              **Richard W. Wieking, Clerk**

                                                        **By:  /s/ JW Chambers**
                                                            **Elizabeth Garcia**
                                                            **Courtroom Deputy**