1  J. Andrew Coombs (SBN 123881)
   *andy@coombspc.com*
2  Annie S. Wang (SBN 243027)
   *annie@coombspc.com*
3  J. Andrew Coombs, A Prof. Corp.
   517 E. Wilson Ave., Suite 202
4  Glendale, California 91206
   Telephone:  (818) 500-3200
5  Facsimile:   (818) 500-3201

6  Attorneys for Plaintiff Louis
   Vuitton Malletier, S.A.
7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

10
   Louis Vuitton Malletier, S.A.,           )   Case No.: C 07 3952 JW
11                                           )
                    Plaintiff,               )   DECLARATION OF J. ANDREW
12                                           )   COOMBS IN SUPPORT OF
       v.                                    )   OPPOSITION TO DEFENDANTS'
13                                           )   MOTION FOR SUMMARY
   Akanoc Solutions, Inc., et al.           )   JUDGMENT; EXHIBITS THERETO
14                                           )
                    Defendants.              )   Date: September 8, 2008
15                                           )   Time: 9:00 a.m.
                                             )   Courtroom 8, 4th Floor
16

17              **DECLARATION OF J. ANDREW COOMBS**

18      I, J. Andrew Coombs, declare as follows:

19      1.     I am an attorney at law duly admitted to practice before the Courts of the State of
20  California and the United States District Court for the Northern District of California. I am counsel
21  of record for Plaintiff Louis Vuitton Malletier, S.A. ("Plaintiff" or "Louis Vuitton") in an action
22  styled Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., et al., Case No. C 07 3952 JW. I
23  submit this declaration in support of Plaintiff's Opposition to Defendants' Motion for Summary
24  Judgment. Except as otherwise stated to the contrary, I have personal knowledge of the following
25  facts and, if called as a witness, I could and would competently testify as follows.

2. Attached Exhibit A is a true and accurate copy of portions of the transcript from the deposition testimony of Steve Chen, individually and as the Rule 30(b)(6) witness for each of the two corporate defendants in this matter.

3. Attached Exhibit B is a true and accurate copy of portions of the transcript from the deposition testimony of Robert L. Holmes.

4. Attached Exhibit C is a true and accurate copy of portions of the transcript from the deposition testimony of Juliana Luk which took place on or about April 12, 2008.

5. Attached Exhibit D is a true and accurate copy of portions of the transcript from the deposition testimony of Will Lone.

6. I am informed and believe that Defendants continued to host infringing websites as evidenced by the letter and follow up letter writing history as described in the Declaration of Nikolay Livadkin, paragraphs 7 and 8 herein, and Exhibit E, which is comprised of true and correct copies of pages of Defendants' Responses to Plaintiff's First Set of Requests for Admission ("Resp. to Req. for Admission") detailing ownership of certain IP Addresses, and miscellaneous emails from Defendants.

7. On or about April 20, 2007, Plaintiff sent to Defendant Chen at his home address and at his business address, registered letters concerning the unauthorized use of Louis Vuitton's Intellectual Properties. Despite delivery evidenced by signature confirmation, no response was received to this letter.

8. Starting on or about November 26, 2007, my office began sending letters to Defendants' counsel identifying more specifically websites which were hosted by Defendants and selling counterfeit Louis Vuitton merchandise. Most of the websites identified in the proposed amendment were the subject of discovery requests to and from Defendants and were touched upon in deposition questions by Defendants. These same websites produced thousands of pages of

responsive documents from Plaintiff. Letters of notice of infringements continued to be sent to Defendants in March, April, and June and I am informed and believe notification on one occasion was completed by telephone. I am informed and believe true and correct copies of various letters sent on behalf of Louis Vuitton to Defendants are attached to Plaintiff's Opposition to Defendants' Supplemental Motion for Summary Judgment filed concurrently herewith.

9. In connection with ongoing discovery disputes, on or about February 27, 2008, and again on March 4, 2008, I spoke with James Lowe and Brian Edwards, counsel for Defendants. On or about those dates, Defense counsel stated that content on the servers is sometimes "wiped" and over-written and that these practices continued after the litigation was filed. This partly prompted Plaintiff's filing of its Motion to Compel.

10. Plaintiff requests the Court to take judicial notice of documents entered thus far in the record, including its decision overruling Defendants' objections to Magistrate Judge Lloyd's Order Compelling Production of Documents dated August 7, 2008 (Docket Document 76), Magistrate Judge Lloyd's underlying Order Granting Plaintiff's Motion to Compel dated July 15, 2008 (Docket Document 65), and Defendants' Opposition to Motion to Compel (Docket Document 37).

11. Attached hereto as Exhibit F is a true and correct copy of Defendants' Initial Disclosures dated December 3, 2007.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 18th day of August, 2008, at Glendale, California.

                                                        /s/ J. Andrew Coombs
                                                        J. ANDREW COOMBS