1  J. Andrew Coombs  (SBN 123881)
   *andy@coombspc.com*
2  Annie S. Wang (SBN 243027)
   *annie@coombspc.com*
3  J. Andrew Coombs, A Prof. Corp.
   517 E. Wilson Ave., Suite 202
4  Glendale, California 91206
   Telephone:  (818) 500-3200
5  Facsimile:   (818) 500-3201

6  Attorneys for Plaintiff Louis
   Vuitton Malletier, S.A.
7

8                      UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

10

11 Louis Vuitton Malletier, S.A.,           )   Case No.: C 07 3952 JW
                                            )
12              Plaintiff,                  )   OBJECTIONS TO DECLARATIONS
                                            )   AND EXHIBITS SUBMITTED IN
      v.                                    )   SUPPORT OF DEFENDANTS'
13                                          )   MOTION FOR SUMMARY JUDGMENT
   Akanoc Solutions, Inc., et al.,          )
14                                          )   Date:  September 8, 2008
                Defendants.                 )   Time:  9:00 a.m.
15 _____  )   Courtroom 8, 4th Floor

16
         **TO DEFENDANTS AND THEIR COUNSEL OF RECORD:**
17
         PLEASE TAKE NOTICE THAT Plaintiff Louis Vuitton Malletier, S.A. ("Plaintiff" or
18
   "Louis Vuitton") submits the following objections to the declarations and exhibits submitted by
19
   Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steven Chen (collectively
20
   "Defendants") in support of their Motion for Summary Judgment as set forth below:
21

22

23
   **1. DECLARATION OF STEVE CHEN IN SUPPORT OF DEFENDANTS' MOTION**
24
      **FOR SUMMARY JUDGMENT ("Chen Decl.")**
25
         Plaintiff objects to the following passages on the grounds that they lack foundation and
26
   constitute inadmissible conclusion testimony, insofar as the Defendant has testified that he does not
27
   know all of the corporate defendants' clients and their "ultimate users".  See Deposition of Steven
28

Louis Vuitton v Akanoc, et al.: Objections to Declarations and        - 1 -
Exhibits Submitted in Support of Summary Judgment

Chen at pp. 55:21-23, 59:19-22; contrast below with Chen Decl. p. 1:9-11 (¶ 2), p. 2:22 (¶ 8), p. 6:11-13 (¶ 25), p. 7:8-9 (¶ 35).

- p. 2:17-18, ¶ 7.
- p. 5:5-6, ¶ 16.

Plaintiff objects to the following passages on the grounds that they lack foundation, call for conclusion and consist of inadmissible speculation concerning the nature of and motivations of clients insofar as they purport to characterize services provided by companies other than the corporate defendants.

- p. 1:12-17, ¶ 3.
- p. 1:19-25, ¶ 4.
- p. 2:8-14, ¶ 6.
- p. 2:18-21, ¶ 7.
- p. 3:3-6, ¶ 9.

Plaintiff objects to the following passages on the grounds that they constitute legal conclusion and lack foundation:

- p. 2:24-28-3:1-2, ¶ 8.
- p. 6:1-3, ¶ 21.
- p. 6:4-6, ¶ 22.
- p. 6:7-8, ¶ 23.
- p. 6:9-10, ¶ 24.
- p. 6:11-13, ¶ 25.
- p. 6:14-15, ¶ 26.
- p. 6:16-17, ¶ 27.
- p. 6:20-21, ¶ 29.

- p. 6: 22-24, ¶ 30.
- p. 6: 25-27, ¶ 31.
- p. 6:32- 7:1-2, ¶ 32.

Plaintiff objects to p. 3:9-16, ¶ 9, to the extent that the purported acceptable use policy is the best evidence of its terms and, in particular, that there is no evidence these terms apply to defendant Managed Solutions Group, Inc.

Plaintiff objects to p. 3:18- 21, ¶ 10, on the grounds that it constitutes inadmissible conclusion and lacks foundation.

Plaintiff objects to p. 4:22-24, ¶ 15, on the grounds that it constitutes an inadmissible conclusion and lacks foundation.

Plaintiff objects to p. 5:21-24, ¶ 19, on the grounds that it is speculative and lacks foundation.

2. **DECLARATION OF JULIANA LUK IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff objects to p. 1:21-23, ¶ 7, on the grounds that it lacks foundation and that the "acceptable use policy" is the best evidence of its terms.

Plaintiff objects to p. 1:24-26, ¶ 8, on the grounds that it lacks foundation.

Plaintiff objects to p. 1:27-29, ¶ 9, on the grounds that the "take down" notice is the best evidence of its terms.

**3. DECLARATION OF JAMES A. LOWE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff objects to Exhibit 1502 beginning at page 155:8- 159:22 and 171:9- 176:23 on the grounds that the testimony calls for a conclusion.

Dated: August 18, 2008                    J. ANDREW COOMBS, A Professional Corporation

                                                       ___/s/ J. Andrew Coombs_____
                                                       By:    J. Andrew Coombs
                                                               Annie S. Wang
Attorneys for Plaintiff Louis Vuitton Malletier, S.A.

1  services that Akanoc provides to its customers.  Can --
2  you say that you generally sell by a package.  Can you
3  identify, by virtue of the kind of package that's
4  purchased, the kind of services that a reseller is
5  providing to its customers?  In other words, are some of
6  your packages tailored to Websites as opposed --
7      A.   No.
8      Q.   -- to chat rooms, that kind of thing?
9      A.   No, no, no.
10     Q.   It's primarily a function of volume and
11  operating systems choice?
12     A.   There are way too many factors.  It may be a
13  very small capacity server handle a lot of traffics
14  because of the application, which sometimes we don't
15  even know.  I've seen a very low-end server runs about
16  60, 70 megabytes constantly.  That's a lot of traffic.
17  But it runs.  We don't exactly know what's in it.
18     Q.   Does Akanoc at any time provide design services
19  for Websites?
20     A.   No.
21     Q.   Does it sell services directly to Website
22  operators as distinct from resellers?
23     A.   No.
24     Q.   Has it ever since it was first incorporated --
25     A.   No.

1  basis?"  No.
2     Q.   Do you typically see any other communications
3  with your customers?  You said you oversee the
4  Sales@Akanoc.com e-mail account.  Do you see any other
5  kinds of communications with your customers after the
6  relationship has been established?
7     A.   Not that I can remember.
8     Q.   Okay. And that's been true basically since
9  Akanoc was first formed?
10    A.   Yes.  I think there's another type of e-mail
11 that's -- periodically sales will have a promotion
12 programs, and so they put together the promotion
13 programs, deliver to all the customers, and they will
14 have some discussions based on that.
15    Q.   Earlier in your testimony you mentioned that
16 there were about 10 to 15 resellers with whom Akanoc
17 does business.  What percentage of Akanoc's overall
18 business is done with those 10 to 15 resellers?
19    A.   If I'm -- don't hold me on the exact number,
20 but give and take somewhere around -- Akanoc probably
21 has somewhere around 30 to 50 customers any given time.
22 That's pretty much the whole business.
23    Q.   Are any of those 30 to 50 customers located in
24 the United States?
25    A.   Akanoc-wise?