1  **GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
2  James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
3  18400 Von Karman, Suite 300
Irvine, California  92612
4  Telephone:     (949) 553-1010
Facsimile:     (949) 553-2050
5  jal@gauntlettlaw.com
bse@gauntlettlaw.com
6
Attorneys for Defendants
7  Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
8  and Steve Chen

9

10                **UNITED STATES DISTRICT COURT**

11      **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

12

13  LOUIS VUITTON MALLETIER, S.A.,          )   Case No.:  C 07-3952 JW
                                         )
14                                         )   Hon. James Ware
                                         )
15                    Plaintiff,            )   **DEFENDANTS' EVIDENTIARY**
                                         )   **OBJECTION TO THE LIVADKIN**
16                                         )   **DECLARATION IN SUPPORT OF**
                                         )   **VUITTON'S OPPOSITION TO**
17         vs.                             )   **DEFENDANTS' MOTION FOR**
                                         )   **SUMMARY JUDGMENT**
18  AKANOC SOLUTIONS, INC., et al.,        )
                                         )
19                                         )   Date:   September 8, 2008
                                         )   Time:   9:00 a.m.
20                    Defendants.           )   Dept.:  Courtroom 8, 4th Floor
                                         )
21  _____ )

22

23

24

25

26

27

28

1  Plaintiff hereby objects to the Declaration of Nikolay Livadkin ("Livadkin Declaration")
2  filed in support of Vuitton's Opposition to Defendants' Motion for Summary Judgment.

3  Paragraph 2:  The statement that "a significant percentage of the overall online counterfeiting
4  activity as it relates to the Louis Vuitton brand originates in the People's Republic of China" is not
5  relevant to this matter under Fed. R. Evid. 401.  This statement must be excluded under Fed. R.
6  Evid. 403 because the minimal probative value of the statement is substantially outweighed by the
7  danger of unfair prejudice.

8  Paragraph 8:  Defendants object to statements about undefined "widely accessible online
9  records" as being vague and irrelevant.  Defendants object to the extent the statement that Livadkin
10  himself pings the websites conflicts with his prior testimony.  Livadkin has previously testified that
11  numerous employees in his office perform such activities (Livadkin Deposition 54:3-5, 71:9-14,
12  101:12-25).

13  Paragraph 12: Statements that wendy929.net was hosted on a particular IP address, moved to
14  a particular IP address, or that wendy929.net remained on a particular IP address for any period of
15  time are inadmissible hearsay under Fed. R. Evid. 801.  Any characterization of the website material
16  being "objectionable" is vague and is hearsay because (1) Vuitton has offered no evidence to support
17  this assertion and (2) only someone with knowledge of the accuracy of the contents of a website may
18  authenticate its contents.  *See Internet Specialties West, Inc. v. ISPWest*, No. CV 05-3296 FMC
19  AJWX, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

20  Paragraph 13:  Statements that atozbrand.com was hosted on a particular IP address, moved
21  to a particular IP address, or that atozbrand.com remained on a particular IP address for any period
22  of time are inadmissible hearsay under Fed. R. Evid. 801.  Any characterization of the website
23  material being "objectionable" is vague and is hearsay because (1) Vuitton has offered no evidence
24  to support this assertion and (2) only someone with knowledge of the accuracy of the contents of a
25  website may authenticate its contents.  *See Internet Specialties West, Inc. v. ISPWest*, No. CV 05-
26  3296 FMC AJWX, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

27  Paragraph 14:  Statements that bag925.com was hosted on a particular IP address, moved to a
28  particular IP address, or that bag925.com remained on a particular IP address for any period of time

are inadmissible hearsay under Fed. R. Evid. 801. Any characterization of the website material being "objectionable" is vague and is hearsay because (1) Vuitton has offered no evidence to support this assertion and (2) only someone with knowledge of the accuracy of the contents of a website may authenticate its contents. *See Internet Specialties West, Inc. v. ISPWest*, No. CV 05-3296 FMC AJWX, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

Paragraph 15: Statements that eshoes99.com was hosted on a particular IP address, moved to a particular IP address, or that eshoes99.com remained on a particular IP address for any period of time are inadmissible hearsay under Fed. R. Evid. 801. Any characterization of the website material being "objectionable" is vague and is hearsay because (1) Vuitton has offered no evidence to support this assertion and (2) only someone with knowledge of the accuracy of the contents of a website may authenticate its contents. *See Internet Specialties West, Inc. v. ISPWest*, No. CV 05-3296 FMC AJWX, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

Paragraph 16: The statement that ape168.com was hosted on a particular IP address is inadmissible hearsay under Fed. R. Evid. 801. Any characterization of the website material being "objectionable" is vague and is hearsay because (1) Vuitton has offered no evidence to support this assertion and (2) only someone with knowledge of the accuracy of the contents of a website may authenticate its contents. *See Internet Specialties West, Inc. v. ISPWest*, No. CV 05-3296 FMC AJWX, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).

Paragraph 17: The statement referencing "websites hosted by Defendants" is a legal conclusion and hearsay under Fed. R. Evid. 801. The reference to "an investigator acting under Louis Vuitton's direction" is vague and irrelevant because it does not identify the investigator. Any statements referring to what "we" did are vague because "we" is not defined and is hearsay. Any characterization of the website material being "counterfeit" is vague and is hearsay because Vuitton has offered no facts to support this assertion and no evidence this is within the personal knowledge of the witness.

Paragraph 18: Any reference to websites "hosted by servers controlled by the ISP defendants" and the statement that offers "remained accessible through the ISP defendants' servers" are inadmissible hearsay under Fed. R. Evid. 801 and unfounded conclusions.

Paragraph 19:  Livadkin does not explain what constitutes "Reverse IP Searches" and any references to such searches are hearsay under Fed. R. Evid. 801.  The statement that Livadkin "reviewed hundreds of websites which also sold counterfeit Louis Vuitton product while hosted by one or another of Defendants" is an unsubstantiated and improper legal conclusion apparently based on hearsay.

Dated:    August 25, 2008                          **GAUNTLETT & ASSOCIATES**


By:    /s/ James A. Lowe
          David A. Gauntlett
          James A. Lowe
          Brian S. Edwards

Attorneys for Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc., and Steve Chen