**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:     (949) 553-1010
Facsimile:      (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., <br><br> Plaintiff, <br><br> vs. <br><br> AKANOC SOLUTIONS, INC., et al., <br><br> Defendants. | Case No.:  C 07-3952 JW <br><br> Hon. James Ware <br><br> **DEFENDANTS' EVIDENTIARY OBJECTION TO THE HOLMES DECLARATION IN SUPPORT OF VUITTON'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> Date:  September 8, 2008 <br> Time:  9:00 a.m. <br> Dept.:  Courtroom 8, 4th Floor |

1    Defendants hereby object to the Declaration of Robert Holmes ("Holmes Decl.") filed in
2 support of Vuitton's Opposition to Defendants' Motion for Summary Judgment.

3    <u>Paragraph 2</u>:  Holmes' statements that he had "heard of" Defendants prior to his
4 investigation, and that Defendants had "a reputation" are inadmissible hearsay under Fed. R. Evid.
5 801.  Holmes' statements about websites "hosted at IP addresses allocated to defendants", "websites
6 selling counterfeits of other companies' goods" and references to "websites that specialize in
7 counterfeiting as well as spam activities" are conclusions based on hearsay.

8    <u>Paragraph 3</u>:  Holmes' characterization of products as "suspect Louis Vuitton products" is
9 inadmissible hearsay under Fed. R. Evid. 801.  Holmes' assertion that the website was "offering
10 suspect Louis Vuitton products" is inadmissible hearsay, as only someone with knowledge of the
11 accuracy of the contents of a website may authenticate its contents.  *See Internet Specialties West,*
12 *Inc. v. ISPWest*, No. CV 05-3296 FMC AJWX, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).
13 Holmes' statement that bag4sell.com was located at IP address 204.13.66.161 is an inadmissible and
14 unsubstantiated hearsay conclusion.  Holmes' statement that he "confirmed that bag4sell.com was
15 hosted by Akanoc Solutions, Inc. using at least three different methods of verification, including the
16 "pinging" method" is a conclusion based on inadmissible hearsay.  Holmes does not explain how he
17 "confirmed" where bag4sell.com was hosted.  Holmes does not explain the "three different methods
18 of verification" or what the "pinging" method involves.  Holmes has never offered admissible
19 evidence of these "three different methods of verification" and has testified that the only verification
20 documentation he has produced are "Domain Tools" printouts that are inadmissible hearsay.
21 (Holmes Deposition 117:6-18).  Holmes has previously testified that his employees typically verify
22 the accuracy of data and to the extent that others perform these functions, Holmes' testimony about
23 their work is inadmissible hearsay (Holmes Deposition 115:14-16).

24   <u>Paragraph 4</u>:  Holmes' assertion that the website was "offering suspect Louis Vuitton
25 products" is based on inadmissible hearsay, as only someone with knowledge of the accuracy of the
26 contents of a website may authenticate its contents.  *See Internet Specialties West, Inc. v. ISPWest*,
27 No. CV 05-3296 FMC AJWX, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Holmes'
28 statement that innike.com was located at IP address 205.209.165.82 is an inadmissible hearsay

1  conclusion. Holmes' statement that he "confirmed that innike.com was hosted by Managed
2  Solutions Group Inc. using at least three different methods of verification, including the "pinging"
3  method" is unqualified expert opinion and inadmissible hearsay. Holmes does not explain how he
4  "confirmed" where innike.com was hosted but he must have relied on hearsay. Holmes does not
5  explain the "three different methods of verification" or what the "pinging" method involves or why
6  this is reliable. Holmes has testified that the only verification documentation he has produced are
7  "Domain Tools" printouts that are double and triple hearsay. (Holmes Deposition 117:6-18).
8  Holmes has previously testified that his employees typically verify the accuracy of data and to the
9  extent that these employees perform these functions, Holmes' testimony to their work is
10 inadmissible hearsay (Holmes Deposition 115:14-16).

11        Paragraph 5:  Holmes' assertion that the website was "offering suspect Louis Vuitton
12 products" is based on inadmissible hearsay, as only someone with knowledge of the accuracy of the
13 contents of a website may authenticate its contents. *See Internet Specialties West, Inc. v. ISPWest*,
14 No. CV 05-3296 FMC AJWX, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). Holmes'
15 statement that soapparel.com was located at IP address 204.16.192.244 is an inadmissible hearsay
16 conclusion. Holmes' statement that he "confirmed that soapparel.com was hosted by Akanoc
17 Solutions, Inc. using at least three different methods of verification, including the "pinging" method"
18 is unqualified expert opinion and inadmissible hearsay. Holmes does not explain how he
19 "confirmed" where soapparel.com was hosted but he must have relied on hearsay. Holmes does not
20 explain the "three different methods of verification" or what the "pinging" method involves or why
21 this is reliable. Holmes has testified that the only verification documentation he has produced are
22 "Domain Tools" printouts that are double and triple hearsay. (Holmes Deposition 117:6-18).
23 Holmes has previously testified that his employees typically verify the accuracy of data and to the
24 extent that these employees perform these functions, Holmes' testimony to their work is
25 inadmissible hearsay (Holmes Deposition 115:14-16).

26        Paragraph 6:  Holmes' assertion that the website was "offering suspect Louis Vuitton
27 products" is based on inadmissible hearsay, as only someone with knowledge of the accuracy of the
28 contents of a website may authenticate its contents. *See Internet Specialties West, Inc. v. ISPWest*,

1  No. CV 05-3296 FMC AJWX, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). Holmes'
2  statement that wendy929.net was located at IP address 204.13.69.140 is an inadmissible hearsay
3  conclusion. Holmes' statement that he "confirmed that wendy929.net was hosted by Akanoc
4  Solutions, Inc. using at least three different methods of verification, including the "pinging" method"
5  is unqualified expert opinion and inadmissible hearsay. Holmes does not explain how he
6  "confirmed" where wendy929.net was hosted but he must have relied on hearsay. Holmes does not
7  explain the "three different methods of verification" or what the "pinging" method involves or why
8  this is reliable. Holmes has testified that the only verification documentation he has produced are
9  "Domain Tools" printouts that are double and triple hearsay. (Holmes Deposition 117:6-18).
10 Holmes has previously testified that his employees typically verify the accuracy of data and to the
11 extent that these employees perform these functions, Holmes' testimony to their work is
12 inadmissible hearsay (Holmes Deposition 115:14-16).

13        Paragraph 7:  Holmes' assertion that the website was "offering suspect Louis Vuitton
14 products" is based on inadmissible hearsay, as only someone with knowledge of the accuracy of the
15 contents of a website may authenticate its contents. *See Internet Specialties West, Inc. v. ISPWest*,
16 No. CV 05-3296 FMC AJWX, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). Holmes'
17 statement that famous-shop.com was located at IP address 205.209.143.93 is an inadmissible hearsay
18 conclusion. Holmes' statement that he "confirmed that famous-shop.com was hosted by Managed
19 Solutions Group Inc. using at least three different methods of verification, including the "pinging"
20 method" is unqualified expert opinion and inadmissible hearsay. Holmes does not explain how he
21 "confirmed" where famous-shop.com was hosted but he must have relied on hearsay. Holmes does
22 not explain the "three different methods of verification" or what the "pinging" method involves or
23 why this is reliable. Holmes has testified that the only verification documentation he has produced
24 are "Domain Tools" printouts that are double and triple hearsay. (Holmes Deposition 117:6-18).
25 Holmes has previously testified that his employees typically verify the accuracy of data and to the
26 extent that these employees perform these functions, Holmes' testimony to their work is
27 inadmissible hearsay (Holmes Deposition 115:14-16).

28        Paragraph 8:  Holmes' assertion that the website was "offering suspect Louis Vuitton

1  products" is based on inadmissible hearsay, as only someone with knowledge of the accuracy of the
2  contents of a website may authenticate its contents. *See Internet Specialties West, Inc. v. ISPWest*,
3  No. CV 05-3296 FMC AJWX, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). Holmes'
4  statement that pickyourgoods.com was located at IP address 205.209.165.84 is an inadmissible
5  hearsay conclusion. Holmes' statement that he "confirmed that pickyourgoods.com was hosted by
6  Managed Solutions Group Inc. using at least three different methods of verification, including the
7  "pinging" method" is unqualified expert opinion and inadmissible hearsay. Holmes does not explain
8  how he "confirmed" where pickyourgoods.com was hosted but he must have relied on hearsay.
9  Holmes does not explain the "three different methods of verification" or what the "pinging" method
10 involves or why this is reliable. Holmes has testified that the only verification documentation he has
11 produced are "Domain Tools" printouts that are double and triple hearsay. (Holmes Deposition
12 117:6-18). Holmes has previously testified that his employees typically verify the accuracy of data
13 and to the extent that these employees perform these functions, Holmes' testimony to their work is
14 inadmissible hearsay (Holmes Deposition 115:14-16).

15       Paragraph 9:  Holmes' assertion that the website was "offering suspect Louis Vuitton
16 products" is based on inadmissible hearsay, as only someone with knowledge of the accuracy of the
17 contents of a website may authenticate its contents. *See Internet Specialties West, Inc. v. ISPWest*,
18 No. CV 05-3296 FMC AJWX, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). Holmes'
19 statement that watchnreplica.net was located at IP address 66.79.176.207 is an inadmissible hearsay
20 conclusion. Holmes' statement that he "confirmed that watchnreplica.net was hosted by Managed
21 Solutions Group Inc. using at least three different methods of verification, including the "pinging"
22 method" is unqualified expert opinion and inadmissible hearsay. Holmes does not explain how he
23 "confirmed" where watchnreplica.net was hosted but he must have relied on hearsay. Holmes does
24 not explain the "three different methods of verification" or what the "pinging" method involves or
25 why this is reliable. Holmes has testified that the only verification documentation he has produced
26 are "Domain Tools" printouts that are double and triple hearsay. (Holmes Deposition 117:6-18).
27 Holmes has previously testified that his employees typically verify the accuracy of data and to the
28 extent that these employees perform these functions, Holmes' testimony to their work is

1 inadmissible hearsay (Holmes Deposition 115:14-16).

2       <u>Paragraph 10</u>:  Holmes' assertion that the website was "offering suspect Louis Vuitton
3 products" is based on inadmissible hearsay, as only someone with knowledge of the accuracy of the
4 contents of a website may authenticate its contents.  *See Internet Specialties West, Inc. v. ISPWest*,
5 No. CV 05-3296 FMC AJWX, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Holmes'
6 statement that replica-ebags.com was located at IP address 204.16.193.146 is an inadmissible
7 hearsay conclusion.  Holmes' statement that he "confirmed that replica-ebags.com was hosted by
8 Akanoc Solutions, Inc. using at least three different methods of verification, including the "pinging"
9 method" is unqualified expert opinion and inadmissible hearsay.  Holmes does not explain how he
10 "confirmed" where replica-ebags.com was hosted but he must have relied on hearsay.  Holmes does
11 not explain the "three different methods of verification" or what the "pinging" method involves or
12 why this is reliable.  Holmes has testified that the only verification documentation he has produced
13 are "Domain Tools" printouts that are double and triple hearsay. (Holmes Deposition 117:6-18).
14 Holmes has previously testified that his employees typically verify the accuracy of data and to the
15 extent that these employees perform these functions, Holmes' testimony to their work is
16 inadmissible hearsay (Holmes Deposition 115:14-16).

17       <u>Paragraph 11</u>:  Holmes' assertion that the website was "offering suspect Louis Vuitton
18 products" is based on inadmissible hearsay, as only someone with knowledge of the accuracy of the
19 contents of a website may authenticate its contents.  *See Internet Specialties West, Inc. v. ISPWest*,
20 No. CV 05-3296 FMC AJWX, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Holmes'
21 statement that watchesreplica.net was located at IP address 204.16.193.146 is an inadmissible
22 hearsay conclusion.  Holmes' statement that he "confirmed that watchesreplica.net was hosted by
23 Akanoc Solutions, Inc. using at least three different methods of verification, including the "pinging"
24 method" is unqualified expert opinion and inadmissible hearsay.  Holmes does not explain how he
25 "confirmed" where watchesreplica.net was hosted but he must have relied on hearsay.  Holmes does
26 not explain the "three different methods of verification" or what the "pinging" method involves or
27 why this is reliable.  Holmes has testified that the only verification documentation he has produced
28 are "Domain Tools" printouts that are double and triple hearsay. (Holmes Deposition 117:6-18).

Holmes has previously testified that his employees typically verify the accuracy of data and to the extent that these employees perform these functions, Holmes' testimony to their work is inadmissible hearsay (Holmes Deposition 115:14-16).

Paragraph 12: Holmes' assertion that the website was "offering suspect Louis Vuitton products" is based on inadmissible hearsay, as only someone with knowledge of the accuracy of the contents of a website may authenticate its contents. *See Internet Specialties West, Inc. v. ISPWest*, No. CV 05-3296 FMC AJWX, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). Holmes' statement that guccifendi.com was located at IP address 204.16.194.103 is an inadmissible hearsay conclusion. Holmes' statement that he "confirmed that guccifendi.com was hosted by Akanoc Solutions, Inc. using at least three different methods of verification, including the "pinging" method" is unqualified expert opinion and inadmissible hearsay. Holmes does not explain how he "confirmed" where guccifendi.com was hosted but he must have relied on hearsay. Holmes does not explain the "three different methods of verification" or what the "pinging" method involves or why this is reliable. Holmes has testified that the only verification documentation he has produced are "Domain Tools" printouts that are double and triple hearsay. (Holmes Deposition 117:6-18). Holmes has previously testified that his employees typically verify the accuracy of data and to the extent that these employees perform these functions, Holmes' testimony to their work is inadmissible hearsay (Holmes Deposition 115:14-16).

Paragraph 13: Holmes' assertion that the website was "offering suspect Louis Vuitton products" is based on inadmissible hearsay, as only someone with knowledge of the accuracy of the contents of a website may authenticate its contents. *See Internet Specialties West, Inc. v. ISPWest*, No. CV 05-3296 FMC AJWX, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006). Holmes' statement that luxury2us.com was located at IP address 204.16.193.105 is an inadmissible hearsay conclusion. Holmes' statement that he "confirmed that luxury2us.com was hosted by Akanoc Solutions, Inc. using at least three different methods of verification, including the "pinging" method" is unqualified expert opinion and inadmissible hearsay. Holmes does not explain how he "confirmed" where luxury2us.com was hosted but he must have relied on hearsay. Holmes does not explain the "three different methods of verification" or what the "pinging" method involves or why

1  this is reliable.  Holmes has testified that the only verification documentation he has produced are
2  "Domain Tools" printouts that are double and triple hearsay. (Holmes Deposition 117:6-18).
3  Holmes has previously testified that his employees typically verify the accuracy of data and to the
4  extent that these employees perform these functions, Holmes' testimony to their work is
5  inadmissible hearsay (Holmes Deposition 115:14-16).

6  <u>Paragraph 14</u>:  Holmes' assertion that the website was "offering suspect Louis Vuitton
7  products" is based on inadmissible hearsay, as only someone with knowledge of the accuracy of the
8  contents of a website may authenticate its contents.  *See Internet Specialties West, Inc. v. ISPWest*,
9  No. CV 05-3296 FMC AJWX, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Holmes'
10 statement that rrgnl.com was located at IP address 205.209.180.88 is an inadmissible hearsay
11 conclusion.  Holmes' statement that he "confirmed that rrgnl.com was hosted by Managed Solutions
12 Group Inc. using at least three different methods of verification, including the "pinging" method" is
13 unqualified expert opinion and inadmissible hearsay.  Holmes does not explain how he "confirmed"
14 where rrgnl.com was hosted but he must have relied on hearsay.  Holmes does not explain the "three
15 different methods of verification" or what the "pinging" method involves or why this is reliable.
16 Holmes has testified that the only verification documentation he has produced are "Domain Tools"
17 printouts that are double and triple hearsay. (Holmes Deposition 117:6-18).  Holmes has previously
18 testified that his employees typically verify the accuracy of data and to the extent that these
19 employees perform these functions, Holmes' testimony to their work is inadmissible hearsay
20 (Holmes Deposition 115:14-16).

21 <u>Paragraph 15</u>:  Holmes' assertion that the website was "offering suspect Louis Vuitton
22 products" is based on inadmissible hearsay, as only someone with knowledge of the accuracy of the
23 contents of a website may authenticate its contents.  *See Internet Specialties West, Inc. v. ISPWest*,
24 No. CV 05-3296 FMC AJWX, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006).  Holmes'
25 statement that sunny7shoes.com was located at IP address 205.209.136.108 is an inadmissible
26 hearsay conclusion.  Holmes' statement that he "confirmed that sunny7shoes.com was hosted by
27 Managed Solutions Group Inc. using at least three different methods of verification, including the
28 "pinging" method" is unqualified expert opinion and inadmissible hearsay.  Holmes does not explain

how he "confirmed" where sunny7shoes.com was hosted but he must have relied on hearsay. Holmes does not explain the "three different methods of verification" or what the "pinging" method involves or why this is reliable. Holmes has testified that the only verification documentation he has produced are "Domain Tools" printouts that are double and triple hearsay. (Holmes Deposition 117:6-18). Holmes has previously testified that his employees typically verify the accuracy of data and to the extent that these employees perform these functions, Holmes' testimony to their work is inadmissible hearsay (Holmes Deposition 115:14-16).

Paragraph 16: Holmes does not explain what constitutes "Reverse IP Searches" and any references to such searches are hearsay conclusions. Holmes' assertion that any website "sold suspect Louis Vuitton products" or were "hosted by one of the Defendants" are conclusions based on inadmissible hearsay. Holmes does not explain how or what basis he has for making these conclusions.

Dated:   August 25, 2008

**GAUNTLETT & ASSOCIATES**

By:   /s/ James A. Lowe
    David A. Gauntlett
    James A. Lowe
    Brian S. Edwards

Attorneys for Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc., and Steve Chen