**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:   (949) 553-1010
Facsimile:    (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A.,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>AKANOC SOLUTIONS, INC., et al.,<br><br>　　　　　　　　　Defendants. | Case No.:  C 07-3952 JW<br><br>Hon. James Ware<br><br>**DEFENDANTS' EVIDENTIARY OBJECTION TO THE COOMBS DECLARATION IN SUPPORT OF VUITTON'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  September 8, 2008<br>Time: 9:00 a.m.<br>Dept.: Courtroom 8, 4th Floor |

1  Plaintiff hereby objects to the Declaration of J. Andrew Coombs ("Coombs Declaration")
2  filed in support of Vuitton's Objection to Defendants' Motion for Summary Judgment.

## I. GENERAL OBJECTIONS TO ENTIRE COOMBS DECLARATION

J. Andrew Coombs is an incompetent witness and his Declaration is inadmissible for the following reasons:

### Advocate-Witness Rule

Mr. Coombs cannot testify in this case because he is Vuitton's counsel in this case and is not a competent witness under the advocate-witness rule that prohibits an attorney from appearing both as a witness and an advocate in the same litigation.[1]

### Fed. R. Civ. P. 56

Vuitton admits in its Opposition to Defendants' Supplemental Motion for Summary Judgment, "Plaintiff's counsel is neither a necessary or appropriate witness in this case." (p. 4:24-25). Under Fed. R. Civ. P. 56(e)(1), "an opposing affidavit [declaration] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Vuitton admits that Mr. Coombs is not a competent witness in this case, and under Fed. R. Civ. P. 56(e)(1), the Coombs Declaration is inadmissible.

### Hearsay

Coombs' declaration may not be used because any contents would be unauthenticated, inadmissible hearsay. Mr. Coombs cannot authenticate any material from any website because such material can only be authenticated by the testimony of "someone with knowledge of the accuracy of the contents" of the printouts.[2] Mr. Coombs has no such knowledge and his testimony is merely hearsay.

### Settlement Communications

Paragraphs 3, 4, 5, 6, 7 and 8 of the Coombs Declaration are inadmissible under Fed. R. Evid. 402(a)(2) because the communications to Defendants' counsel about which Coombs is

---

[1] *U.S. v. Prantil*, 764 F.2d 548, 552-553 (9th Cir. 1985); *see also* Rule 5-210 of the California Rules of Professional Conduct, Rule 3.7 of the ABA Model Rules Prof. Conduct.

[2] *See Internet Specialties West, Inc. v. ISPWest*, No. CV 05-3296 FMC AJWX, 2006 WL 4568796, at *2 (C.D. Cal. Sept. 19, 2006)

testifying are akin to settlement communications. Any letters sent to Defendants' counsel or received from defense counsel about allegedly infringing websites were sent in order to solve disputes more quickly, not to create evidence of any liability for use in a lawsuit.

## II. SPECIFIC OBJECTIONS TO COOMBS DECLARATION

Defendants also object to portions of the Coombs Declaration on additional grounds:

<u>Paragraph 6:</u>  Defendants object that any statement based on "information and belief", not personal knowledge, violates Fed. R. Civ. P. 56(e). Rule 56(e) requires that:

> A supporting or opposing affidavit **must be made on personal knowledge**, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.

Statements made on information and belief, and not from personal knowledge, are not admissible. *Automatic Radio Mfg. Co. v. Hazeltine Research*, 339 U.S. 827, 831 (1950) (overruled on other grounds). The statement "I am informed and believe that Defendants continue to host infringing websites" is an unsupported argument legal argument. This statement is also inadmissible hearsay under Fed. R. Evid. 801 because it relies on "the letter and follow up letter writing history as described in the Declaration of Nikolay Livadkin."

<u>Paragraph 7:</u>  This entire paragraph is inadmissible hearsay under Fed. R. Evid. 801 because it is not based on personal knowledge. Coombs admits that this statement is based on "the letter and follow up letter writing history as described in the Declaration of Nikolay Livadkin."

<u>Paragraph 8:</u>  The assertion that any websites were "hosted by Defendants" and "selling counterfeit merchandise" are inadmissible hearsay and unsubstantiated legal conclusions. Defendants object that Coombs' statement based on "information and belief," not personal knowledge, violates Fed. R. Civ. P. 56(e) and is hearsay under Fed. R. Evid. 801. Coombs' statement also fails to authenticate the letters attached to Vuitton's opposition brief because this statement is not sufficient under Fed. R. Evid. 901 and is not based on personal knowledge as required by Fed. R. Evid. 602. Coombs' Declaration also fails to authenticate any attached letters because Coombs is an incompetent witness in this case.

1  Dated:    August 25, 2008                    **GAUNTLETT & ASSOCIATES**

                                                By:    /s/ James A. Lowe
                                                       David A. Gauntlett
                                                       James A. Lowe
                                                       Brian S. Edwards

                                                Attorneys for Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc., and Steve Chen