**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., <br><br> Plaintiff, <br><br> vs. <br><br> AKANOC SOLUTIONS, INC., et al., <br><br> Defendants. | Case No.: C 07-3952 JW <br><br> Hon. James Ware <br><br> **DEFENDANTS' RESPONSE TO VUITTON'S OBJECTIONS TO DECLARATIONS AND EXHIBITS FILED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> Date: September 8, 2008 <br> Time: 9:00 a.m. <br> Dept.: Courtroom 8, 4th Floor |

Plaintiff hereby responds to Vuitton's Objections to Declarations and Exhibits Submitted in Support of Defendants' Motion for Summary Judgment.

## I. OBJECTIONS TO DECLARATION OF STEVE CHEN IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Vuitton objects to portions of the Chen Declaration and Chen Deposition on the grounds that they lack foundation and constitute inadmissible conclusion testimony. These portions offer testimony about the fact that Defendants offer only unmanaged Internet hosting and that they deal directly with Internet resellers only, not with individual website operators. This is within the personal knowledge of Chen and is not a conclusion.

The depositions excerpts (pp. 55:21-24, 59:19-22) consist of testimony that defendant Akanoc Solutions, Inc. does not sell services directly to website operators and transacts business with approximately 30-50 resellers. Chen has a foundation for this testimony under Fed. R. Evid. 602 because he is the manager of Akanoc and has personal knowledge its operations. These excerpts only include factual testimony, not any conclusions.

Vuitton also cites p. 1:9-11 (¶2), p. 2:22 (¶8), p. 6:11-13 (¶25), p. 7:8-9 (¶35) of the Chen Declaration and contrasts these excerpts to p. 2:17-18 (¶7) and p. 5:5-6 (¶16) of Chen Declaration. These are all excerpts of factual testimony describing how Defendants provide unmanaged Internet hosting, deal directly with Internet resellers, and do not deal directly with individual website operators. All of this testimony is factually consistent and has proper foundation under Fed. R. Evid. 602 because Chen is the manager of Defendants Managed Solutions Group, Inc. and of Akanoc Solutions, Inc.

| Disputed Excerpt | Response |
|---|---|
| p. 1:12-17 (¶3) | This testimony has proper foundation because Chen is the manager of MSG and Akanoc and has personal knowledge of the type of services they provide. This testimony does not characterize any services or involve speculation. The differences between managed and unmanaged hosting are objective and factual. |
| p. 1:19-25 (¶4) | This testimony has proper foundation because Chen is the manager of MSG and Akanoc and has personal knowledge of unmanaged Internet hosting and what distinguishes unmanaged Internet hosting from managed Internet hosting. This testimony does not characterize any services or involve speculation. The differences between managed and unmanaged hosting are objective and factual. |

| Disputed Excerpt | Response |
|---|---|
| p. 2:8-14 (¶6) | This testimony has proper foundation because Chen is the manager of MSG and Akanoc and has personal knowledge that MSG and Akanoc cannot access content hosted on their servers without customer consent. Chen also has personal knowledge of the maintenance performed and the payment methods accepted by Defendants. None of this testimony is a conclusion; it is all factual. This testimony does not characterize any services or involve speculation. |
| p. 2:18-21 (¶7) | This testimony has proper foundation because Chen has personal knowledge of the speed of Internet transmissions in China versus the speed of Internet transmissions in the U.S. This testimony is not based on speculation, but on his personal knowledge. |
| p. 3:3-6 (¶9) | This testimony has proper foundation because Chen has personal knowledge of the unmanaged Internet hosting business and of what type of "acceptable use policy" a customer of an unmanaged Internet hosting service typically agrees to. This testimony does not characterize services by other companies. |
| p. 2:24-28-3:1-2 (¶8) | This testimony is not offered for the purpose of making a legal argument. It is offered to show Defendants' state of mind. |
| p. 6:1-3 (¶21) | Chen has personal knowledge that Defendants have never controlled or monitored data on its servers. This is a proper foundation for his testimony under Fed. R. Evid. 602. This testimony is purely factual and does not state a legal conclusion. |
| p. 6:4-6 (¶22) | Chen has personal knowledge that Defendants have been entirely separate from websites being hosted on their servers and that defendants never have had a partnership with any party allegedly or actually infringing Vuitton's trademarks or copyrights. This is a proper foundation for his testimony under Fed. R. Evid. 602. This testimony is purely factual and does not state a legal conclusion. |
| p. 6:7-8 (¶23) | This testimony is based on Chen's personal knowledge and has a proper foundation. This testimony is purely factual and does not state a legal conclusion. |
| p. 6:9-10 (¶24) | This testimony is based on Chen's personal knowledge and has a proper foundation. This testimony is purely factual and does not state a legal conclusion. |
| p. 6:11-13 (¶25) | This testimony is based on Chen's personal knowledge and has a proper foundation. This testimony is purely factual and does not state a legal conclusion. |
| p. 6:14-15 (¶26) | This testimony is based on Chen's personal knowledge and has a proper foundation. This testimony is purely factual and does not state a legal conclusion. |
| p. 6:16-17 (¶27) | This testimony is based on Chen's personal knowledge and has a proper foundation. This testimony is purely factual and does not state a legal conclusion. |
| p. 6:20-21 (¶29) | This testimony is based on Chen's personal knowledge and has a proper foundation. This testimony is purely factual and does not state a legal conclusion. |
| p. 6:22-24 (¶30) | This testimony is based on Chen's personal knowledge and has a proper foundation. This testimony is purely factual and does not state a legal conclusion. |
| p. 6:25-27 (¶31) | This testimony is based on Chen's personal knowledge and has a proper foundation. This testimony is purely factual and does not state a legal conclusion. |

| Disputed Excerpt | Response |
|---|---|
| p.6:32-7:1-2 (¶32) | This testimony is based on Chen's personal knowledge and has a proper foundation. This testimony is purely factual and does not state a legal conclusion. |
| p. 3:9-16 (¶9) | Of the two ISP defendants, Akanoc is the party that directly transacts business with the reseller customers, while MSG owns the servers used by Akanoc. Under this arrangement, MSG is bound by Akanoc's server agreement. |
| p. 3:18-21 (¶10) | This testimony is based on Chen's personal knowledge and has a proper foundation. This testimony is purely factual and does not state a legal conclusion. |
| p.4:22-24 (¶15) | This testimony is based on Chen's personal knowledge and has a proper foundation. This testimony is purely factual and does not state a legal conclusion. |
| p.5:21-24 (¶19) | This testimony is based on Chen's personal knowledge and has a proper foundation. This testimony is purely factual and does not state a legal conclusion. |

## II. OBJECTIONS TO DECLARATION OF JULIANA LUK IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

P. 1:21-23 (¶7) of the Luk Declaration is based on Luk's personal knowledge as an employee of Defendants whose sole responsibility is to respond to all types of Internet abuse issues, including complaint notices that a domain or website is allegedly using infringing or counterfeit content (with such complaints normally received via email). The "best evidence" objection is inappropriate because this testimony establishes Defendants' regular practice of sending takedown notices and its purpose is not to authenticate the contents of the "acceptable use policy." The "best evidence" rule concerns the use of a copy of a document instead of the original. Fed. R. Evid. 1002, 1003, and 1004.

P. 1:24-26 (¶8) of the Luk Declaration is based on Luk's personal knowledge as an employee of Defendants whose sole responsibility is to respond to all types of Internet abuse issues, including complaint notices that a domain or website is allegedly using infringing or counterfeit content (normally received via email).

P. 1:27-29 (¶9) The "best evidence" objection is inappropriate because this testimony establishes Defendants' regular practice of warning customers that the violation of the "acceptable use policy" can result in termination of service and its purpose is not to authenticate the contents of a

1  "take down notice." The "best evidence" rule concerns the use of a copy of a document instead of
2  the original. Fed. R. Evid. 1002, 1003, and 1004.

### III. OBJECTIONS TO DECLARATION OF JAMES A. LOWE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Vuitton objects to pp. 155:8-159:22 and 171:9-176:23 of Exhibit 1502, testimony transcript of its own Rule 30(b)(6) witness, Nikolay Livadkin.   The testimony at pp. 155:8-159:22 171:9-176:23 does not call for a conclusion because the questions posed were simply questions of fact about whether or not the deponent had or knew of any evidence. F.R.Civ.P. Rule 32(a)(3) provides "An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) . . ."

Further Vuitton is bound by the testimony of its designated witness and may not rely on a contrary factual theory. *Diamond Triumph Auto Glass, Inc. v. Safelite Glass Corp.* 441 F.Supp.2d 695, 723 (M.D.Pa.,2006)

> Rule 30(b)(6) requires that a party served with a notice of deposition under the rule must designate a corporate representative to "testify as to matters known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). The corporate designee does not merely speak for his own personal knowledge, but is "speaking for the corporation." *Rainey v. Am. Forest & Paper Assoc.,* 26 F.Supp.2d 82, 94 (D.D.C.1998). Thus, when a corporation designates a representative, it cannot present "a theory of facts that differs from that articulated by the designated representatives." *Id.*

*Nevada Power Co. v. Monsanto Co.* 891 F.Supp. 1406, 1418 (D.Nev.,1995) ("In producing representatives for a Rule 30(b)(6) deposition, a corporation must prepare them to give 'complete, knowledgeable and binding answers.' *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C.1989).")

Dated:    August 25, 2008                                    **GAUNTLETT & ASSOCIATES**

By:   /s/ James A. Lowe
    David A. Gauntlett
    James A. Lowe
    Brian S. Edwards
Attorneys for Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc., and Steve Chen