**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher G. Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:    (949) 553-1010
Facsimile:    (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A.,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>AKANOC SOLUTIONS, INC., et al.,<br><br>　　　　　　Defendants. | Case No.:  C 07-3952 JW<br><br>Hon. James Ware<br><br>**DEFENDANTS' REPLY ON SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  September 8, 2008<br>Time:  9:00 a.m.<br>Dept.: Courtroom 8, 4th Floor |

# TABLE OF CONTENTS

Page

I. NO EVIDENCE PROVING ESSENTIAL ELEMENTS OF CLAIMS ............................ 1

    A. No Admissible Evidence Offered Concerning Seventy-Two Newly Accused Websites ................................................................................................ 1

    B. Coombs Is Incompetent Witness and Coombs Declaration Is Inadmissible ......... 1

        1. Vuitton Concedes That Testimony of Plaintiff's Counsel Is Inadmissible ................................................................................................ 1

        2. Coombs Declaration Is Incompetent and Inadmissible Evidence ............. 1

    C. Vuitton Offers No Competent Evidence On Seventy-Two Newly Accused Websites ................................................................................................................ 2

II. VUITTON DOES NOT HAVE ADMISSIBLE EVIDENCE SHOWING THAT THE ADDITIONAL WEBSITES NAMED IN ITS FIRST AMENDED COMPLAINT HAVE EVER BEEN HOSTED ON DEFENDANTS' INTERNET SERVERS ................................................................................................ 4

    A. Testimony of Vuitton's Counsel Is Not Admissible ............................................ 4

        1. Coombs Is Incompetent As A Witness and His Letters Are Inadmissible ................................................................................................ 4

        2. Coombs' Testimony About the Website Contents Is Hearsay .................. 5

        3. Vuitton's Failure to Disclose Under Fed. R. Civ. P. 26(a) ....................... 6

    B. No Evidence of Vuitton's Required Compliance with the DMCA ....................... 7

III. VUITTON STILL CANNOT PROVE NECESSARY ELEMENTS OF ITS CLAIMS ................................................................................................................ 10

IV. CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Matsushita Elec. Indus. Co. v. Zenith Radio*,
    475 U.S. 574 (1986) .................................................................................................................. 1

*Perfect 10, Inc. v. CCBill, LLC.*,
    340 F. Supp. 2d 1077 (C.D. Cal. 2004), *aff'd in part, rev'd in part on other grounds at Perfect 10, Inc. v. CCBill, LLC*, 488 F.3d 1102 (9th Cir. 2007) ......................................... 7, 10

*United States v. Prantil*,
    764 F.2d 548 (9th Cir. 1985) .................................................................................................... 5

**STATE CASES**

*People v. Donaldson*,
    93 Cal. App. 4th 916 (2001) ..................................................................................................... 5

**DOCKETED CASES**

*Internet Specialties West, Inc. v. ISPWest*,
    No. CV 05-3296 FMC AJWX, 2006 WL 4568796 (C.D. Cal. Sept. 19, 2006) ....................... 6

**FEDERAL STATUTES**

17 U.S.C. § 512(c)(1) .................................................................................................................... 7

17 U.S.C. § 512(c)(1)(C) ........................................................................................................... 3, 8

17 U.S.C. § 512(c)(3) .................................................................................................................... 7

17 U.S.C. § 512(c)(3)(A) .......................................................................................................... 3, 8

17 U.S.C. § 512(c)(3)(A)(ii) ..................................................................................................... 8, 9

17 U.S.C. § 512(c)(3)(A)(iii) ........................................................................................................ 9

17 U.S.C. § 512(c)(3)(A)(v) ......................................................................................................... 9

17 U.S.C. § 512(c)(3)(A)(vi) ........................................................................................................ 9

17 U.S.C. § 512(c)(3)(B)(i) ......................................................................................................... 10

Fed. R. Civ. P. 26(a) ................................................................................................................. 6, 7

Fed. R. Civ. P. 26(a)(1)(A)(i) ....................................................................................................... 7

Fed. R. Civ. P. 26(e) ..................................................................................................................... 7

Fed. R. Civ. P. 37(c)(1) ........................................................................................................ 5, 6, 7

Fed. R. Civ. P. 56(e)(1) ................................................................................................................. 2

Fed. R. Civ. P. 56(e)(2) .................................................................................................................. 3

Fed. R. Evid. 802 ........................................................................................................................... 5

Fed. R. Evid. 901 ........................................................................................................................... 4

Fed. R. Evid. 901(a) ....................................................................................................................... 4

Fed. R. Evid. 901(b)(1) .................................................................................................................. 4

## I. NO EVIDENCE PROVING ESSENTIAL ELEMENTS OF CLAIMS

### A. No Admissible Evidence Offered Concerning Seventy-Two Newly Accused Websites

Louis Vuitton's Opposition to the Supplemental Motion for Summary Judgment does not provide necessary evidence to prove essential elements of its causes of action, particularly as they relate to the seventy-two additional websites accused in the First Amended Complaint (FAC") of infringing Vuitton's copyrights and trademarks and for which the Defendants are alleged to be secondarily liable. The evidence necessary to prove Defendant's liability as plead in the FAC has been discussed in detail in the Defendants' Summary Judgment Motion and the Defendants' contemporaneously filed Reply. Those arguments will not be repeated here. But Vuitton's evidentiary showing of specific facts in its response to the Supplemental Motion for Summary Judgment as to the additional seventy-two websites named in the FAC is insufficient and would not permit a reasonable jury to return a verdict in its favor. Summary judgment is appropriate where a rational trier of fact could not find for the non-moving party based on the record as a whole. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

### B. Coombs Is Incompetent Witness and Coombs Declaration Is Inadmissible

#### 1. Vuitton Concedes That Testimony of Plaintiff's Counsel Is Inadmissible

Vuitton has conceded the Defendants' argument that its counsel Andrew Coombs cannot testify or provide evidence in this case. Vuitton's Opposition to Defendants' Supplemental Motion for Summary Judgment ("Supplemental Opposition") admits at p. 4:24-25 that **"Plaintiff's counsel is neither a necessary or appropriate witness in this case."** So Vuitton obviously agrees that Mr. Coombs cannot and will not testify at trial because of the advocate-witness rule.

#### 2. Coombs Declaration Is Incompetent and Inadmissible Evidence

Inexplicably immediately after agreeing he is not an appropriate witness, Vuitton offers its counsel, Andrew Coombs, as a witness to oppose summary judgment. Mr. Coombs three page declaration to which Defendants object is attached to Vuitton's Supplemental Opposition. But having admitted that he is not "an appropriate witness" Mr. Coombs attaches his own declaration, not just to testify as to routine matters, but to specifically testify about the seventy-two websites that

1  were added to the FAC and to authenticate and testify about, among other documents, eight letters he
2  personally sent containing details of his allegations about the seventy-two new websites and others.
3  Each of Mr. Coombs letters assert information about the accused websites that is either based on his
4  own investigation or else it is hearsay. Mr. Coombs also attaches some responsive correspondence
5  from Defendants' counsel that is in the nature of settlement communications by attempting to assure
6  Vuitton of efforts to resolve alleged problems.

7        Mr. Coombs testimony by declaration in opposition to the summary judgment is inadmissible
8  and incompetent. It does not meet the requirements of Rule 56. Mr. Coombs is an admittedly
9  incompetent witness who will not be permitted to testify at any trial, either in person or indirectly
10 through his letters.  Mr. Cooms declaration and all its exhibits are inadmissible and prohibited by
11 Fed. R. Civ. P. 56(e)(1) that requires any affiant to present admissible testimony. **An "opposing**
12 **affidavit [declaration] must** be made on personal knowledge, set out facts that would **be**
13 **admissible in evidence**, and **show that the affiant is competent to testify on the matters stated**."
14 Fed. R. Civ. P. 56(e)(1) (emphasis added).  But where Mr. Coombs and Vuitton agree that Mr.
15 Coombs cannot testify at trial, declaration is not admissible in evidence and he is not competent to
16 testify. No competent witness can authenticate the Coombs letters or the James Lowe letters attached
17 to the Coombs declaration (the only parties to the correspondence being advocates in this case who
18 are both incompetent to testify as to these matters.). Therefore, the Coombs declaration and all its
19 exhibits are inadmissible to oppose the summary judgment.

20       **C.**    **Vuitton Offers No Competent Evidence On Seventy-Two Newly Accused Websites**
21

22       Except for the Coombs declaration Vuitton presents no other evidence to oppose the
23 Supplemental Motion for Summary Judgment.  Even with the evidence tendered in opposition to the
24 original Summary Judgment Motion Vuitton offers no competent evidence concerning any element
25 of its claims concerning the seventy-two newly accused websites. Vuitton's Supplemental
26 Opposition asserts "Louis Vuitton can prove up Defendants' receipt of the various demand without
27 calling counsel of record (or defense counsel of record as a witness) given Mr. Chen's testimony and
28 Defendants' documents evidencing activity taken in response to Louis Vuitton's post-litigation

1  demands." Even if this were true (and it is not shown to be), Vuitton must provide actual evidence
2  in its summary judgment opposition to prove all elements of each of its causes of action. Vuitton has
3  not done so and it does not even claim to do so. Vuitton has much more to prove than whether the
4  "Defendants recei[ved] the various demands . . . ." (Supplemental Opposition 4:7-8) The
5  Defendants are accused of secondary copyright and trademark infringement, not failing to answer
6  mail or "respond to notices." (Supplemental Opposition 6:1)

7  While a necessary predicate to a copyright suit concerning allegations of on-line
8  infringement requires a proper notice under the Digital Millennium Copyright Act ("DMCA"),[1]
9  proof of sending the proper notice is merely the beginning of the proof Vuitton was required to show
10 in opposing the summary judgment as to the seventy-two new websites. Nor is it enough to claim
11 the ability, presumably in the future, to "prove up . . . receipt." Vuitton' has failed to present proof of
12 necessary elements right now.

13 The Supplemental Opposition does not present, identify or discuss any competent evidence
14 to prove the necessary elements of its allegations of the Defendants' secondary infringement
15 liability. Indeed, it offers no admissible evidence whatsoever that even identifies any allegedly
16 infringing websites, let alone proves direct and secondary infringement. Vuitton cannot rely on the
17 allegations in its FAC to respond to the Supplemental Motion for Summary Judgment. "[A]n
18 opposing party may not rely merely on allegations or denials in its own pleading; rather, its response
19 must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine
20 issue for trial." Fed. R. Civ. P. 56(e)(2).

21 Summary judgment in favor of Defendants is proper and required here in light of the
22 uncontested lack of evidence. No rational trier of fact could find for Vuitton because, despite its
23 allegations about seventy-two additional allegedly infringing websites in its FAC, Vuitton presents
24 no admissible evidence to prove numerous essential elements of its three causes of action.

---

[1] *See* 17 U.S.C. §§ 512(c)(1)(C) and (c)(3)(A) and discussion of requirements in Supplemental Motion for Summary Judgment pp. 6-9.

1  II.  **VUITTON DOES NOT HAVE ADMISSIBLE EVIDENCE SHOWING THAT THE ADDITIONAL WEBSITES NAMED IN ITS FIRST AMENDED COMPLAINT HAVE EVER BEEN HOSTED ON DEFENDANTS' INTERNET SERVERS**

Vuitton has no admissible evidence that the additional seventy-two websites named in its FAC have ever been located on Internet servers hosted by these Defendants, let alone that Defendants are liable for any wrongdoing in connection with the additional third-party websites.

   **A.  Testimony of Vuitton's Counsel Is Not Admissible**

   **1.  Coombs Is Incompetent As A Witness and His Letters Are Inadmissible**

Louis Vuitton itself has never sent Defendant any correspondence referencing the seventy-two additional websites or giving the Defendants notice of any alleged infringement. Its original complaint only referred to 5 websites and Vuitton's Rule 30(b)(6) witness testified that after Vuitton filed this lawsuit, Vuitton stopped sending any notifications to Defendant.[2]  Robert Holmes, Vuitton's investigator, confirmed that Vuitton had only asked that he research between "a half-dozen and a dozen and a half" websites for this lawsuit.[3] Vuitton cannot use or even authenticate any correspondence sent by its counsel in this case to Defendants' counsel that discusses the seventy-two websites added in Vuitton's FAC.

Any letters sent by Vuitton's counsel, J. Andrew Coombs, to Defendants' counsel referencing the seventy-two additional websites alleged in Vuitton's FAC, cannot be authenticated[4] and are inadmissible. Neither Louis Vuitton nor any competent witness sent any letters giving notice of alleged infringement and the discovery cut-off date has passed over three months ago.[5] The only apparent plan Vuitton has for authenticating or presenting any testimony about the additional websites would be through Mr. Coombs' personal testimony.[6]  But Mr. Coombs cannot testify in this case because he is Vuitton's counsel in this case and therefore not a competent witness under the

---

[2] Deposition of Nicolay Livadkin 180:23-24 attached hereto as **Exhibit "1507"** to the Declaration of James A. Lowe in Support of Defendants' Supplemental Motion for Summary Judgment ("Lowe Decl.")

[3] Deposition of Robert Holmes 32:12-18 attached hereto as **Exhibit "1508"** to the Lowe Decl.

[4] *See* Fed. R. Evid. 901. The requirement of authentication is a condition precedent to admissibility.

[5] As Vuitton noted in its Motion for Leave to Amend to File its First Amended Complaint, all pre-trial dates in this matter have passed, including the discovery cut-off date of April 29, 2008.

[6] *See* Fed. R. Evid. 901(a), 901(b)(1).

1  advocate-witness rule.

2  The Ninth Circuit has recognized that:

3  **The advocate-witness rule prohibits an attorney from appearing as both a witness and an advocate in the same litigation.** This venerable rule is a necessary corollary to the more fundamental tenet of our adversarial system that juries are to ground their decisions on the facts of a case and not on the integrity or credibility of the advocates. Accordingly, adherence to this time-honored rule is more than just an ethical obligation of individual counsel; **enforcement of the rule is a matter of institutional concern implicating the basic foundations of our system of justice**.[7] [Emphasis added.]

8  Rule 5-210 of the California Rules of Professional Conduct also follows the advocate-witness rule, stating that an attorney may not testify in a matter where he also is an advocate. Rule 3.7 of the ABA Model Rules Prof. Conduct also prohibit a lawyer from acting as an advocate in a matter where he or she is a necessary witness. *See People v. Donaldson*, 93 Cal. App. 4th 916, 928 (2001).

**The foundations of the prohibition against a lawyer's acting as both advocate and witness lie in due process** (ABA rule 3.7(a), Legal Background): "The prohibition against a lawyer serving as advocate and testifying as a witness in the same matter is essentially aimed at eliminating confusion over the lawyer's role. This confusion could prejudice one or more of the parties or call into question the impartiality of the judicial process itself. As an advocate, the lawyer's task is to present the client's case and to test the evidence and arguments put forth by the opposing side. A witness, however, provides sworn testimony concerning facts about which he or she has personal knowledge or expertise. **The very fact of a lawyer taking on both roles will affect the way in which a jury evaluates the lawyer's testimony, the lawyer's advocacy, and the fairness of the proceedings themselves.**" [Emphasis added.]

There is no justification for permitting Vuitton's counsel to act as a witness in this case in an attempt to correct inadequacies in Vuitton's evidence. Whatever evidence Mr. Coombs may want to present about his recent additions to the complaint in an attempt to salvage the suit cannot be considered by this Court or by a jury. All such evidence, including Mr. Coombs testimony, is precluded by the advocate-witness rule, Fed. R. Civ. P. 37(c)(1) and by the hearsay rule, Fed. R. Evid. 802.

### 2. Coombs' Testimony About the Website Contents Is Hearsay

Coombs' testimony also may not be used because any such testimony would be inadmissible

---

[7] *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).

1  hearsay.  Vuitton has presented no admissible evidence concerning allegations about any of the
2  seventy-two websites added to Vuitton's FAC that would establish even a minimal connection to the
3  Defendants or show any infringing activity.  All Mr. Coombs' testimony would be unauthenticated,
4  inadmissible hearsay.  Internet information can only be authenticated by the testimony of "someone
5  with knowledge of the accuracy of the contents" of the material from the Internet.[8]   Vuitton has
6  never disclosed, identified or produced a witness with personal knowledge of the accuracy of the
7  contents of any of the websites it has alleged, including the new sventy-two. Because of the lack of
8  disclosure and because the discovery cut-off date has passed, Vuitton should not be permitted to
9  present evidence from additional witnesses about additional matters.[9]

10  Instead of repeating arguments made in the previously filed Motion for Summary Judgment,
11  Defendants refer the Court to the arguments in section I.D.2.d.(1) of Defendants' Motion for
12  Summary Judgment.

### 3. Vuitton's Failure to Disclose Under Fed. R. Civ. P. 26(a)

14  There is no evidence that Louis Vuitton has ever itself investigated any of the seventy-two
15  websites alleged in its FAC.   The only information about these seventy-two websites that Vuitton
16  appears to have is based solely upon the investigation by Vuitton's counsel, J. Andrew Coombs.  Mr.
17  Coombs, however, cannot testify in this case because, among other reasons, Vuitton did not disclose

---

[8] *See Internet Specialties West, Inc. v. ISPWest*, No. CV 05-3296 FMC AJWX, 2006 WL 4568796, at *1-2 (C.D. Cal. Sept. 19, 2006).

> [M]ost of plaintiff's arguments are addressed to print-outs from websites and the question of their admissibility. Plaintiff properly contends that these print-outs are inadmissible unless properly authenticated. **Defendant's argument, that they could be "authenticated" by the person who went to the website and printed out the home page, is unavailing.** It is now well recognized that "Anyone can put anything on the internet. No website is monitored for accuracy and nothing contained therein is under oath or even subject to independent verification absent underlying documentation ....hackers can adulterate the content on any web-site from any location at any time. For these reasons, any evidence procured off the Internet is adequate for almost nothing...." *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F.Supp.2d. 1060, 1064. (C.D.Cal.2002).
>
> To be authenticated, someone with knowledge of the accuracy of the contents of the internet print-outs must testify. *See In re Homestore.com, Inc., Securities Litigation*, 347 F.Supp.2d. 769, 782 (C.D.Cal.2004).  [Emphasis added.]

[9] Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

him as a witness pursuant to Fed. R. Civ. P. 26(a) or (e).  Vuitton was required to disclose all individuals "likely to have discoverable information" and all "documents, electronically stored information, and tangible things" in Vuitton's possession that it might use "to support its claims or defenses, unless the use would be solely for impeachment."[10]  Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii), 26(a)(1)(C).  Vuitton only disclosed two witnesses, Nicolay Livadkin and Robert Holmes.  Not having supplemented its disclosures to name any additional witnesses or documents, Vuitton is prohibited from using any such witness or document as evidence in a motion hearing or a trial.  Under Fed. R. Civ. P. 37(c)(1) "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion."  Because Vuitton failed to name Coombs as a witness in its Rule 26(a) disclosures, Fed. R. Civ. P. 37(c)(1) precludes Coombs from testifying.

**B.     No Evidence of Vuitton's Required Compliance with the DMCA**

In addition to Vuitton's lack of competent evidence about the additional seventy-two websites accused of infringement, Vuitton has no evidence of compliance with a federal law that is a pre-condition for use of an infringement notice in a case such as this. The Defendants are unaware of any notifications about the additional seventy-two websites that comply with the Digital Millennium Copyright Act ("DMCA").

The DMCA "creates a 'safe harbor' for internet service providers who satisfy the requirements of the statute–protecting them against suits for damages and most injunctive relief",[11] meaning the DMCA requires parties to send notice to the designated agent as a precondition to pursuing infringement claims.  Under Section 512(c)(1) of the DMCA, a service provider, like the Defendants here, cannot be liable in a suit unless as a predicate a complaining party sends an effective notification of claimed infringement as defined under Section 512(c)(3) of the DMCA:

> **A service provider shall not be liable** for monetary relief, or, except as provided in subsection (j), for injunctive or other equitable relief, for infringement of copyright by reason of the storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider, **if the service**

---

[10]The parties' Rule 26(f) conference occurred on December 6, 2007.

[11]*Perfect 10, Inc. v. CCBill, LLC*., 340 F. Supp. 2d 1077, 1086 (C.D. Cal. 2004), *aff'd in part, rev'd in part on other grounds at Perfect 10, Inc. v. CCBill, LLC*, 488 F.3d 1102 (9th Cir. 2007).

**provider**—

(C) **upon notification of claimed infringement as described in paragraph (3),** responds expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity.[12]

Paragraph 3 of the DMCA specifies that notifications of possible infringements contain certain elements:

(A) **To be effective** under this subsection, **a notification** of claimed infringement **must be a written communication** provided **to the designated agent** of a service provider **that includes** substantially the following:

(i)   A physical or electronic **signature of a person authorized to act** on behalf of the owner of an exclusive right that is allegedly infringed.

(ii)   **Identification of the copyrighted work** claimed to have been infringed, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site.

(iii)   **Identification of the material that is claimed to be infringing** or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material.

(iv)   Information reasonably sufficient to permit the service provider to contact the complaining party, such as an address, telephone number, and, if available, an electronic mail address at which the complaining party may be contacted.

(v)   A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

(vi)   **A statement that the information in the notification is accurate, and under penalty of perjury**, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.[13]

The Defendants know of no notification concerning the seventy-two additional websites of possible infringement that were sent to Steve Chen, the Designated Agent for the Defendants pursuant to the DMCA[14] complying with Section 512(c)(3)(A)(ii) of the DMCA including signature

---

[12] 17 U.S.C. § 512(c)(1)(C).

[13] 17 U.S.C. § 512(c)(3)(A) (emphasis added).

[14] Self-Authenticating copies of Akanoc's and MSG's Interim Designations of Agent to Receive Notification of Claimed Infringement, respectively **Exhibits "1505"** and **"1506"** were filed on November 30, 2007 with the U.S. Copyright Office. They are attached to the Declaration of Steve Chen in Support of the Supplemental Motion for Summary Judgment. After that date any Vuitton notifications of infringement were required to be sent to the Designated Agent.

1  by an individual authorized to act on behalf of the owner of an exclusive right that is allegedly
2  infringed, and that properly identify the copyrighted works or other material claimed to have been
3  infringed.[15]  Under § 512(c)(3)(A)(ii) and (iii), DMCA-compliant notification must identify the
4  copyrighted work claimed to have been infringed and the material that is claimed to be infringing
5  with "information reasonably sufficient to permit the service provider to locate the material."

6  Vuitton has not presented here and the Defendants know of no notifications about the
7  seventy-two additional websites that include a statement that Vuitton has a good faith belief that use
8  of the material in the manner complained of is not authorized by the copyright owner, its agent, or
9  the law.[16]

10  The Defendants know of no notifications about the seventy-two additional websites that
11  contain a statement that the information contained in the letters is accurate, and under penalty of
12  perjury and that the complaining party is authorized to act on behalf of the owner of an exclusive
13  right that is allegedly infringed.[17]

14  Defendants are aware of no notifications about the additional seventy-two websites that
15  comply with the DMCA.  Vuitton cannot show compliance with federal law that is a pre-condition
16  for use in a case such as this.

17  Vuitton has not provided any notices about the additional seventy-two websites that comply
18  with the DMCA.  Only notices that comply with the DMCA may be considered by the court. Besides
19  being inadmissible as evidence, Defendants are unaware of any letters from Vuitton's counsel
20  referencing any of the seventy-two additional websites that complied with the notice requirements
21  specified in the DMCA.  Vuitton may not use any non-compliant notices to support its claims
22  because "under the DMCA, a notification from a copyright owner that fails to comply substantially
23  with § 512(c)(3) 'shall not be considered ... in determining whether a service provider has actual
24  knowledge or is aware of the facts or circumstances from which infringing activity is apparent.' "
25  *Perfect 10, Inc.*, 340 F. Supp. 2d at 1087 (citing *Hendrickson v. Amazon.com, Inc.*, 298 F. Supp. 2d

---

27  [15] *See* 17 U.S.C. § 512(c)(3)(A)(ii) and (iii).
27  [16] *See* 17 U.S.C. § 512(c)(3)(A)(v).
28  [17] *See* 17 U.S.C. § 512(c)(3)(A)(vi).

1  914, 917-18 (C.D. Cal. 2003) and 17 U.S.C. § 512(c)(3)(B)(i)).

## III. VUITTON STILL CANNOT PROVE NECESSARY ELEMENTS OF ITS CLAIMS

Vuitton does not have any evidence to prove the necessary elements of its causes of action. Vuitton still has no evidence to overcome the argument in the pending Summary Judgment motion.

Vuitton has no evidence to prove the two essential elements of contributory trademark infringement: (1) Defendant's direct infringement of its marks and (2) Defendants' intentional inducement of infringement. Vuitton has no evidence to prove the two essential elements of vicarious trademark infringement: (1) apparent or actual partnership and (2) joint ownership or control. Vuitton's sole Rule 30(b)(6) witness and its investigator testified that Vuitton had no such evidence.

Vuitton has no evidence to prove three of the four required elements of contributory copyright infringement: (1) copying of protected elements of Vuitton's work, (2) Defendants' actual or constructive knowledge of infringement, and (3) Defendants' material contribution, inducement or causation. Defendants have established that the Federal Stored Communications Act legally prevents them from monitoring, supervising or controlling any content on its servers. Vuitton has admitted it has no evidence to prove the two required elements of vicarious copyright infringement: (1) Defendants' right and ability to supervise and control the infringing conduct and (2) Defendants' direct financial interest in the infringing activity.

Vuitton has no additional evidence to support its seventy-two additional claims of infringement. Vuitton has no evidence of direct infringement or to prove the necessary elements of contributory trademark infringement, vicarious trademark infringement, or contributory or vicarious copyright infringement. The same substantive arguments in Defendants' Motion for Summary Judgment apply equally to the additional seventy-two accused websites, even if Vuitton had any evidence of the existence of the additional websites. But the Plaintiff cannot establish anything about the additional accused websites, or about its required notification, or to prove any wrongful action about any of the seventy-seven accused websites. Summary judgment against Defendants as to all its claims is still proper.

IV. **CONCLUSION**

Vuitton has no admissible evidence that the seventy-two websites added in its FAC (or the 5 in the original Complaint) have ever been stored on Defendants' Internet servers. But even if such evidence existed it would not prove any of the essential elements of its causes of action in this lawsuit. Any letters sent by Vuitton's counsel cannot be authenticated. Vuitton's counsel cannot testify. Vuitton failed to comply with the notice requirements of the DMCA. Vuitton offers no additional substantive arguments supporting its claim and Summary Judgment should be entered dismissing all Plaintiff's claims.

Dated: August 25, 2008                    **GAUNTLETT & ASSOCIATES**

By:   /s/ James A. Lowe
      David A. Gauntlett
      James A. Lowe
      Brian S. Edwards
      Christopher G. Lai
Attorneys for Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc., and Steve Chen