**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | Case No.: C 07-3952 JW |
| | Hon. James Ware |
| Plaintiff, | **DEFENDANTS' EVIDENTIARY OBJECTION TO THE COOMBS DECLARATION IN SUPPORT OF VUITTON'S OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| AKANOC SOLUTIONS, INC., et al., | |
| | Date: September 8, 2008 |
| Defendants. | Time: 9:00 a.m. |
| | Dept.: Courtroom 8, 4th Floor |

Plaintiff hereby objects to the entire Declaration of J. Andrew Coombs ("Coombs Declaration") filed in support of Vuitton's Objection to Defendants' Supplemental Motion for Summary Judgment. J. Andrew Coombs is an incompetent witness and his Declaration is inadmissible for the following reasons:

### Advocate-Witness Rule

Mr. Coombs cannot testify in this case because he is Vuitton's counsel in this case and is not a competent witness under the advocate-witness rule that prohibits an attorney from appearing both as a witness and an advocate in the same litigation.[1]

### Fed. R. Civ. P. 56

Vuitton admits in its Opposition to Defendants' Supplemental Motion for Summary Judgment, "Plaintiff's counsel is neither a necessary or appropriate witness in this case." (p. 4:24-25). Under Fed. R. Civ. P. 56(e)(1), "an opposing affidavit [declaration] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Vuitton admits that Mr. Coombs is not a competent witness in this case, and under Fed. R. Civ. P. 56(e)(1), the Coombs Declaration is inadmissible.

### Hearsay

Coombs' declaration may not be used because any such testimony would be inadmissible hearsay. Mr. Coombs cannot authenticate any material from any website because such material can only be authenticated by the testimony of "someone with knowledge of the accuracy of the contents of the websites"[2] Mr. Coombs has no such knowledge and his testimony is based on pure hearsay.

### Settlement Communications

Paragraphs 3, 4, 5, 6, 7 and 8 of the Coombs Declaration are inadmissible under Fed. R. Evid. 402(a)(2) because the communications to Defendants' counsel about which Coombs is testifying are akin to settlement communications. Any letters sent to Defendants' counsel or received from Defense counsel about allegedly infringing websites were sent in order to solve

---

[1] *U.S. v. Prantil*, 764 F.2d 548, 552-553 (9th Cir. 1985); *see also* Rule 5-210 of the California Rules of Professional Conduct, Rule 3.7 of the ABA Model Rules Prof. Conduct.

[2] *See Internet Specialties West, Inc. v. ISPWest*, No. CV 05-3296 FMC AJWX, 2006 WL 4568796,

1 | disputes more quickly, not to create evidence of any liability for use in a lawsuit.

Dated:   August 25, 2008              **GAUNTLETT & ASSOCIATES**

By:   /s/ James A. Lowe
     David A. Gauntlett
     James A. Lowe
     Brian S. Edwards

Attorneys for Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc., and Steve Chen

---

at *2 (C.D. Cal. Sept. 19, 2006)