1  **GAUNTLETT & ASSOCIATES**
   David A. Gauntlett (SBN 96399)
2  James A. Lowe (SBN 214383)
   Brian S. Edwards (SBN 166258)
3  18400 Von Karman, Suite 300
   Irvine, California 92612
4  Telephone:     (949) 553-1010
   Facsimile:     (949) 553-2050
5  info@gauntlettlaw.com
   jal@gauntlettlaw.com
6  bse@gauntlettlaw.com

7  Attorneys for Defendants
   Akanoc Solutions, Inc.,
8  Managed Solutions Group, Inc.
   and Steven Chen

9

10              **UNITED STATES DISTRICT COURT**

11      **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

12

13  LOUIS VUITTON MALLETIER, S.A.,        )  Case No.: C 07-3952 JW (HRL)
                                          )
14              Plaintiff,                )
                                          )  **DEFENDANT'S PROPOSED JURY**
15      vs.                               )  **INSTRUCTIONS**
                                          )
16                                        )
                                          )
17  AKANOC SOLUTIONS, INC., et al.,       )
                                          )
18              Defendants.               )
                                          )
19  _____

20

21

22

23

24

25

26

27

28

Dockets.Justia.com

**1.1 A DUTY OF THE JURY**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. **[In addition, from time to time throughout the trial I will pause the presentation of evidence and give you additional instructions on certain additional matters as they arise].** At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## 1.2 CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

**[Louis Vuitton]** claims that **[the defendants secondarily infringed certain of Louis Vuitton's trademarks and copyrighted works]**. The plaintiff has the burden of proving these claims **[by a preponderance of the evidence]**.

**[Managed Solutions Group, Inc., Akanoc Solutions, Inc. and Steve Chen deny these allegations. MSG and Akanoc are Internet Service Providers based in Fremont, California. Steve Chen is the manager of MSG and Akanoc. MSG and Akanoc are in the business of selling monthly connections to the Internet to wholesale resellers of Internet access. For a modest monthly fee they provide to customers bundles of Internet Protocol, or IP addresses, one or more computer servers, and a fixed amount of Internet bandwidth. The resellers to whom they sell in turn re-sell smaller bundles to retailers and other end users of the Internet. The defendants have no direct or indirect relationship with the operators of any websites, including any infringing websites, and no advance knowledge of or control over the content of Websites hosted on their servers. MSG or Akanoc are notified that a particular website using one of their servers is alleged to contain infringing content, they follow protocols to notify their wholesale customer of the complaint and may take other action to end the use of their services by an alleged infringer. The defendants also have no duty to monitor content on the servers used by their customers and are prohibited by federal law from monitoring customer's communications or data stored on servers.**

## 1.3  BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

**[I have instructed you that Louis Vuitton must prove its claims by a preponderance of the evidence.]**  When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### 1.5  TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

## 1.6  WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

# 1.7  WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard **[outside the court or]** when the court was not in session is not evidence. **[This includes any press, radio, television, or Internet reports you may have seen or heard. You are to decide the case solely on the evidence received at the trial.  You are not to conduct your own investigation by, for example, looking for evidence on the Internet.]**

6

## 1.8  EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and for no other purpose.]

## 1.9  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

# 1.10  RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

# 1.11  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) ~~the opportunity and ability of~~ **[Was]** the witness **[able]** to see or hear or know the things **[about which that witness]** testifie**[s]** to;

(2) **[How well is]** the witness ~~'s memory~~ **[able to recall and describe those things?]**

(3) **[What is]** the witness's manner while testifying**[?]**;

(4) **[Did]** the witness **[have an]** interest in the outcome of ~~the~~ **[this]** case ~~and~~ **[or]** any bias or prejudice **[concerning any party or any matter involved in the case]**;

(5) ~~whether other evidence~~ **[Was the witness' testimony]** contradicted ~~the witness's testimony~~ **[by other evidence?]**;

(6) **[Was the witness' testimony]** ~~the~~ reasonable~~ness of the witness's testimony~~ in light of all the evidence**[?]**; and

(7) any other factors that bear on believability.

**[In deciding whether or not to believe a witness, keep in mind that people sometimes forget things.  You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.]**

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

# 1.12  CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails.  Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors. **[or, You may discuss with fellow jurors the testimony as it is presented, provided that all jurors are present for the discussion.  You are to keep an open mind throughout the case until you have fully deliberated.]**

11

# 1.13  NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence.   You will not have a transcript of the trial.   I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

## 1.14  TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you **[so that you do not hear other answers by witnesses.]** When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## 1.15  QUESTIONS TO WITNESSES BY JURORS

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

**[OR]**

**["Under our system the jury does not pose questions directly to witnesses. However, if there is some aspect of the case that you find confusing, you may use your note pad to write me a note. Give it to Mr. Davis, our Courtroom Deputy Clerk, or to Ms. Rodriguez our court reporter or directly to me. I will bring it to the attention of the attorneys."]**

# 1.17 USE OF INTERPRETERS IN COURT

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party. **[Witnesses that testify through interpreters are not less credible or more credible than witnesses that do not require an interpreter. You must not assume a witness or more or less believable because they testify with the aid of an interpreter.]**

## 1.18  BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess.  Please understand that while you [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum.  I [may] [did] not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

# 1.19 OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then ~~present evidence~~ **[call a witness to testify]**, and counsel for the defendant**[s]** may cross-examine **[that witness]**.  **[Following cross-examination, the plaintiff will then be given an opportunity to question its witness again as to matters raised by the defendants in their cross-examination.]** Then the defendant ~~may~~ **[will be given the opportunity to]** present evidence, and counsel for the plaintiff may cross-examine **[the defendant's witness. Following the plaintiff's cross-examination, the defendants will be given an opportuntity to question their own witness again as to matters raised by the plaintiff in its cross-examination.]**

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## 2.1 STIPULATED TESTIMONY

The parties have agreed what [*witness*]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

## 2.2  STIPULATIONS OF FACT

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you]. You should therefore treat these facts as having been proved.

## 2.3  JUDICIAL NOTICE

The court has decided to accept as proved the fact that [*state fact*], even though no evidence has been introduced on the subject.  You must accept this fact as true.

## 2.4  DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*witness*] was taken on [*date*].  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

## 2.7 FOREIGN LANGUAGE TESTIMONY

Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know **[Mandarin Chinese]**, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

# 2.8  IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## 2.9  TESTS AND EXPERIMENTS

[Arrangements have been made to conduct a test or experiment.]  [A test or experiment was conducted.]

[Observe] [You observed] the conditions under which that test or experiment [is] [was] made.  These conditions may or may not duplicate the conditions and other circumstances that existed at the time and place of the incident involved in this case.

It is for you to decide what weight, if any, you give to the test or experiment.

# 2.10  USE OF INTERROGATORIES OF A PARTY

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## 2.12  CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## 2.13  CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries [may be] [have been] received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

## 2.14  EVIDENCE IN ELECTRONIC FORMAT

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the [clerk] [bailiff].)  If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury.  Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room [with [the clerk] [the bailiff] [me] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.]  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform me  immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

**Comment**

This instruction is premised on the assumption that the parties have stipulated in writing to the availability of electronic display devices in the jury room and to the procedures set forth in the instruction. The stipulation should be subject to approval by the judge and entered as an order. It should contain the following provisions:

1. The parties agree to an allocation of the costs of providing the necessary equipment, including the computer, hard drive, projector, cable, printer, monitor and other accessories.

2. The parties jointly will arrange to load images of the admitted exhibits onto a hard drive in "PDF" format. (This format is meant to assure maximum security.) They shall assure that the hard drive contains only such items and nothing else.

3. The parties jointly will compile a document entitled "Admitted Exhibit List" that consists of all trial exhibits actually received into evidence, listed in numerical order and containing the date (where available) and a brief description of the exhibit. The Admitted Exhibit List should be text searchable. (In complicated or document-laden cases, it would be advisable for the parties to prepare a second exhibit list that would contain the same information, except that the exhibits would be listed in chronological order. That second list would be made available to the jury in "hard copy," not electronic form.)

4. Before the jury retires to deliberate, the parties will review the notebook computer, the exhibit list interface and the images of the exhibits, to assure their accuracy. Unless a party objects before the jury retires to deliberate, that party will waive all objections to the materials and equipment submitted to the jury.

5.     The parties shall maintain at the courthouse a backup notebook computer and a backup hard drive with images and data identical to what was loaded onto the hard drive sent into the jury room.

6.     [During the "tutorial" that the technician provides in the jury room and on any later occasion that a technician enters the jury room to address a technical problem or matter, the judge will be present and the court reporter will record what is said.]

Paragraph 6 of the recommended stipulation is bracketed because if the jury encounters a technical problem after it has begun to deliberate, a variety of potentially difficult issues can arise. Inevitably, the technician will require and receive information from one or more jurors about the difficulty the jury is encountering. In many instances, the court technician will need to re-enter the jury room in order to address the problem. It is conceivable that the technician will be exposed to evidence that the jury was attempting to view or at least to the exhibit number(s) of such evidence. If the jurors themselves had developed charts, summaries, vote tallies or other indicia of their deliberations, or if they had written summaries of their findings thus far, the technician might be exposed to that information. (E.g., such matters could have been placed on a blackboard or in summaries strewn about the jury table.) If the judge and court reporter enter the jury room they, too, could be exposed to aspects of the jury's deliberations that are not supposed to be revealed. The committee therefore suggests that in the event that a non-juror might be required to enter the jury room to deal with a technical problem, the judge should *sua sponte* raise these and related issues with counsel, before authorizing such entry. Among the factors that the judge and counsel should discuss are the following:

(a)     Can the technical problem be addressed without entry into the room; e.g., by removing the equipment for examination outside the presence of jurors?

(b)     Can the technical problem be addressed without any information from the jury other than an innocuous statement to the effect that (for example) "the printer isn't working"?

30

(c)     Can the risk of even inadvertent disclosure of the jury's deliberations be
        eliminated by instructing the jury to cover any charts and to remove or
        conceal any papers, etc.?

(d)     Should the technician, bailiff or clerk be sworn in, with an oath that requires
        them not to disclose whatever they see or hear in the jury room, except for the
        nature of the technical problem and whether the problem has been fixed?

Whether or not these or other appropriate precautions to minimize or eliminate the risk of
disclosure are taken, the judge may consider giving the jury this instruction:

        You have informed me that there is a technical problem that has
        interfered with your ability to review evidence electronically. I will
        send a technician into the jury room to deal with the problem. Please
        do not allow any materials reflecting any aspect of your deliberations
        to be visible during the technician's presence.

### 3.1  DUTY TO DELIBERATE

**[You may now retire to deliberate on all aspects of the case.  I wish again to emphasize that you should decide each claim, against each defendant in this case, separately.  The contributory trademark claim is separate and distinct from the contributory copyright claim. The defendants, MSG, Akanoc and Steve Chen, are separate parties and you should consider whether each is  liable separately from the others.  If you decide a particular party is entitled to your verdict on any aspect of the trademark claim, you should not use that as a basis for deciding for or against that party or any other party with respect to the copyright claim.]**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## 3.2  COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, ~~you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury.~~  **[you will find a form for that purpose included in the material sent into the jury room. Any one of you may communicate with me by filling out the form, date it and sign it and give it to the marshal or clerk of court.  Now that you are in deliberation, no]** ~~No~~ member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

## 3.3  RETURN OF VERDICT

A verdict form has been prepared for you. **[There will be two separate verdict forms.  One will cover the contributory trademark infringement claim, and the other will cover the contributory copyright infringement claim.  You must complete each verdict form in accordance with the facts as you find them and in accordance with the law as I have instructed you. In addition, each verdict form will contain instructions to proceed from one question to another or to skip to another question based upon your answer.  However, simply because a verdict form instructs you to proceed to another question is not an indication that you must answer the question in a particular way or at all.  That is a matter for you to decide based on the findings which result from your deliberations.]**

After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

# 3.4  ADDITIONAL INSTRUCTIONS OF LAW
## [DURING DELIBERATIONS]

At this point I will give you a further instruction.  By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you.  You shall consider this instruction together with all of the other instructions that were given to you.

[Insert text of new instruction.]

You will now retire to the jury room and continue your deliberations.

# 3.5  DEADLOCKED JURY

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case.  I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience.  Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.  However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence.  All of you share an equal desire to arrive at a verdict.  Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole.  You should not single out any part of any instruction, including this one, and ignore others.  They are all equally important.

You may now retire and continue your deliberations.

# 4.1  CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT

**[You should consider and decide this case as an action between persons of equal standing in the community and holding the same or similar stations in life.]** All parties are equal before the law and a [corporation] [partnership] is entitled to the same fair and conscientious consideration by you as any party.

# 5.1 DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest **[you should award damages or]** for which party your verdict should be rendered. **[That is a matter for you to decide.]**

If you find for **[Louis Vuitton]** on its **[contributory trademark infringement claim]**, you must determine **[Louis Vuitton's]** damages. **[Louis Vuitton]** has the burden of proving **[any]** damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was legally caused by the defendant(s).

**[If you determine that any defendant is liable as a contributory infringer of Louis Vuitton's trademarks, Louis Vuitton is entitled to any damages it has sustained as a result of the infringement.** ~~Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:~~ **This includes any profits earned by a defendant from the sale of infringing services.**

**Profit is determined by deducting certain allowable expenses from gross revenue.**

**Gross revenue is all of a defendant's receipts from the sale of services to an infringer. Expenses are operating and production costs incurred in producing the infringing services.**

**Louis Vuitton has the burden of proving a defendant's gross revenue by a preponderance of the evidence.]**

It is for you to determine what damages, if any, have been proved.  Your award, **[if any]**, must be based upon evidence and not upon speculation, guesswork or conjecture.

*Web Printing Controls Co., Inc. v. Oxy-Dry Corp.,* 906 F.2d 1202, 1204-1205 (7th Cir.1990) ("A plaintiff wishing to recover damages for a violation of the Lanham Act must prove the defendant's Lanham Act violation, that the violation caused actual confusion among consumers of the plaintiff's product, and, as a result, that the plaintiff suffered actual injury, i.e., a loss of sales, profits, or present value (goodwill). WPC did not prove the elements essential to a recovery of damages, of course, so to it that avenue of relief is foreclosed. FN3 Other avenues of relief, however, are not foreclosed. In the past, courts have fashioned wide-ranging relief for a violation of the Lanham Act, allowing remedies such as a recovery of defendant's profits, an award of costs of the action, and, in some exceptional cases, an award of attorney's fees.")

Dated: _____, 2009        **GAUNTLETT & ASSOCIATES**

                                        By:    s/James A. Lowe_____
                                               David A. Gauntlett
                                               James A. Lowe
                                               Brian S. Edwards

                                        Attorneys for Defendants
                                        Akanoc Solutions, Inc.,
                                        Managed Solutions Group, Inc.,
                                        and Steven Chen