**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., <br><br>  Plaintiff, <br><br> vs. <br><br> AKANOC SOLUTIONS, INC., et al., <br><br>  Defendants. | Case No.:  C 07-3952 JW (HRL) <br><br> **DEFENDANTS' MOTION IN LIMINE #1 TO EXCLUDE TESTIMONY OF J. ANDREW COOMBS** |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steve Chen ("Defendants") move for an order, in limine, precluding Plaintiff Louis Vuitton Malletier from offering in evidence any testimony of Plaintiff's lead counsel, J. Andrew Coombs. This motion is set for hearing on March 23, 2009.

Defendants move the Court to exclude any testimony from Coombs. This motion is based on the grounds that Vuitton has not named Mr. Coombs as a witness in its Initial Disclosures or any supplemental disclosures as required by Federal Rules of Civil Procedure 26(a)(1)(A)(i) and 37(c)(1) and that Mr. Coombs is an incompetent witness in this case under the Ninth Circuit "advocate-witness rule" because he is Plaintiff's advocate and lead counsel in this case.

## I. AN ORDER IN LIMINE IS PROPER TO EXCLUDE COOMBS' TESTIMONY

A motion in limine is "any motion whether made before or during trial to exclude anticipated prejudicial evidence before the evidence is actually offered."[1] Obtaining a discretionary advance ruling on the admission of specific evidence or resolving critical evidentiary issues at the outset enhances the efficiency of the trial process.[2] Authority is also implied from "the district court's inherent authority to manage the course of trials."[3]

Defendants move for an order in limine excluding testimony by Coombs because it is anticipated that Coombs may seek to testify or otherwise provide evidence of his or his staff's investigations, observations or correspondence concerning this case. This would place the actions or statements of plaintiff's counsel at issue as a percipient witness in an effort to prove necessary elements of its case.

## II. COOMBS MAY NOT TESTIFY BECAUSE VUITTON HAS NOT NAMED HIM AS A WITNESS

Coombs' testimony should be excluded because his testimony is prohibited under Fed. R.

---

[1] *Luce v. United States*, 469 U.S. 38, 40 (1984).

[2] *In re Japanese Electronic Products Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986).

[3] *Luce*, 469 U.S. at 41 n.4; *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994).

Civ. P. 37(c)(1), which provides "if a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial."

Vuitton has never named Coombs as a witness in either its Initial Disclosures or any supplemental disclosures, and the Court-ordered deadline for filing supplemental disclosures, set in the Court's scheduling order, has passed. Pursuant to the Court's November 15, 2007 Scheduling Order, the deadline for Vuitton to file supplemental disclosures was April 28, 2008. Vuitton no longer may file any additional supplemental disclosures naming Coombs as a witness. Accordingly, the Court must exclude any testimony by Coombs because Vuitton has not, and cannot satisfy the requirements of Fed. R. Civ. P. 37(c)(1).

### III. COOMBS IS AN INCOMPETENT WITNESS UNDER THE ADVOCATE-WITNESS RULE

Mr. Coombs cannot testify in this case because he is Vuitton's lead counsel in this case and cannot be a competent witness under the advocate-witness rule.

The Ninth Circuit has stated that this rule, "aimed at protecting the integrity of the fact-finding process," prohibits an attorney from appearing both as a witness and an advocate in the same litigation.[4] The Ninth Circuit has recognized that "adherence to this time-honored rule is more than just an ethical obligation of individual counsel; enforcement of the rule is a matter of institutional concern implicating the basic foundations of our system of justice." *Id*. at 553.

The advocate-witness rule bars any attempt by counsel to both act as an advocate and as a witness in the same case, with only three exceptions: (1) when the proposed testimony relates to a purely formal or uncontested matter; (2) when the need for the testimony could not have been reasonably anticipated and the evidence is necessary to prevent a miscarriage of justice; and (3) where a particular attorney's familiarity with a case is such that withdrawal will irreparably injure his client's case. *Id*. None of those exceptions apply here.

By testifying, Coombs puts his personal credibility at issue in the case. This is the precise

---

[4] *U.S. v. Prantil*, 764 F.2d 548, 552-553 (9th Cir. 1985); *see also* Rule 5-210 of the California Rules of Professional Conduct, Rule 3.7 of the ABA Model Rules Prof. Conduct.

issue that necessitates the advocate-witness rule. The Ninth Circuit has held that the advocate-witness rule is "a necessary corollary to the more fundamental tenet of our adversarial system that juries are to ground their decisions on the facts of a case and not on the integrity or credibility of the advocates." *Id*. Coombs' testimony should be excluded because Vuitton would be using Coombs' own testimony to establish the facts of the case, thereby directly placing Coombs' credibility at issue in the case. As Vuitton itself has admitted, Coombs is "neither a necessary or appropriate witness in this case." [Docket Item #82, Vuitton's Opposition to Defendants' Supplemental Motion for Summary Judgment, pp. 4:24-25]. Additionally, these same reasons also prevent Defendants' lead counsel, James A. Lowe, from testifying in this case.

Accordingly, the Court should exclude Vuitton from providing any of the following types of evidence,[5] including: (1) any testimony of either Coombs or Lowe that attempts to authenticate any correspondence sent by Coombs to both Defendants' and Defendants' counsel, including letters sent by Coombs to Defendants' counsel related to any websites that allegedly infringe Vuitton's copyrights or trademarks; (2) any testimony by Coombs about any alleged investigation done by him to "verify" anything related to websites that allegedly infringe Vuitton's copyrights or trademarks; (3) any conclusions that he allegedly reached about any websites; (4) any testimony by Coombs or his staff to identify or authenticate any evidence in this case; (5) any testimony by Coombs that attempts to authenticate any printouts of any websites displaying goods for sale; (6) any testimony by Coombs that attempts to authenticate or discuss any printouts of any websites displaying WHOIS search results, including those of third parties; (7) any testimony about Defendants' alleged ownership of IP addresses; and (8) any testimony of either Coombs or Lowe regarding any correspondence sent or statements made by Defendants or Defendants' counsel in this case.

///
///
///
///

---

[5] The exhibits that Defendants move the Court to exclude are attached as **Attachment "A."** Other exhibits may be affected.

## IV. CONCLUSION

Defendants move the Court to exclude any testimony by J. Andrew Coombs because, as Vuitton's counsel, he is an incompetent witness under the advocate-witness rule and was not disclosed as a witness.

Dated: February 23, 2009

**GAUNTLETT & ASSOCIATES**

By: /s/James A. Lowe
David A. Gauntlett
James A. Lowe
Brian S. Edwards
Christopher Lai

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen

Attachment "A"

Motion in Limine to Exclude Testimony of J. Andrew Coombs

| Ex. # | Description |
|---|---|
| | Exhibits to Be Excluded |
| 5 | Letter dated 3/19/07 to Akanoc Solutions Inc. (www.ape168.com) w/tracking |
| 6 | Letter from J. Andrew Coombs, Esq. to Steve Chen dated 4/20/07 |
| 7 | Letter from J. Andrew Coombs, Esq. to James. A. Lowe, Esq. dated 11/26/07 |
| 13 | Letter from J.Andrew Coombs, Esq. to James A. Lowe, Esq. dated 3/3/08 |
| 14 | Letter from J.Andrew Coombs, Esq. to James A. Lowe, Esq. dated 3/31/08 |
| 51 | Letter from J. Andrew Coombs, Esq. to James A. Lowe, Esq. dated 1/30/09 |
| 52 | Letter from J. Andrew Coombs, Esq. to James A. Lowe, Esq. dated 2/4/09 |
| 53 | Response to 9/19/08 letter from James A. Lowe, Esq. to J. Andrew Coombs, Esq. dated 10/2/08 |
| 482 | Letter from J. Andrew Coombs, Esq. to James A. Lowe, Esq. dated 4/7/08 |
| 483 | Letter from J. Andrew Coombs, Esq. to James A. Lowe, Esq. dated 6/2/08 |
| 484 | Letter from J. Andrew Coombs, Esq. to James A. Lowe, Esq. dated 6/20/08 |
| 485 | Letter from J. Andrew Coombs, Esq. to James A. Lowe, Esq. dated 6/24/08 |
| 486 | Response to 6/20/08 letter from James A. Lowe, Esq. to J. Andrew Coombs, Esq. dated 6/24/08 |
| 488 | Letter from J. Andrew Coombs, Esq. to James A. Lowe, Esq. dated 7/25/08 |
| 489 | Letter from J. Andrew Coombs, Esq. to James A. Lowe, Esq. dated 9/19/08 |