**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:   (949) 553-1010
Facsimile:   (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steven Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A.,<br><br>          Plaintiff,<br><br>     vs.<br><br>AKANOC SOLUTIONS, INC., et al.,<br><br>          Defendants. | Case No.:  C 07-3952 JW (HRL)<br><br>**DEFENDANTS' MOTION IN LIMINE #3 TO EXCLUDE ALL TESTIMONY ABOUT DEFENDANTS' ALLEGED REPUTATION** |

163777.1-10562-002-2/23/2009

**MOTION IN LIMINE #3 TO EXCLUDE TESTIMONY ABOUT DEFENDANTS' ALLEGED REPUTATION – C 07-3952 JW**

Dockets.Justia.com

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steve Chen ("Defendants") move for an order, in limine, precluding Plaintiff Louis Vuitton Malletier from offering in evidence testimony about Defendants' alleged "reputation." This motion is set for hearing on March 23, 2009.

Defendants move the Court to exclude testimony about Defendants' alleged reputation on the grounds that such testimony is inadmissible hearsay under Federal Rules of Evidence 801 and 802 and inadmissible character evidence under Federal Rule of Evidence 401.

### I. AN ORDER IN LIMINE IS PROPER TO EXCLUDE TESTIMONY ABOUT DEFENDANTS' ALLEGED REPUTATION

A motion in limine is "any motion whether made before or during trial to exclude anticipated prejudicial evidence before the evidence is actually offered."[1] Obtaining a discretionary advance ruling on the admission of specific evidence or resolving critical evidentiary issues at the outset enhances the efficiency of the trial process.[2] Authority is also implied from "the district court's inherent authority to manage the course of trials."[3]

Defendants anticipate that Vuitton will attempt to provide evidence about Defendants' alleged negative "reputation" at trial. Admission of this evidence would not go towards proving any material element of Vuitton's case and would instead only prejudice the jury and violate Fed. R. Evid. 403, 404, 801 and 802.

### II. STATEMENTS RELATED TO DEFENDANTS' ALLEGED REPUTATION ARE INADMISSIBLE

In opposition to Defendants' motion for summary judgment, Vuitton offered testimony from Nicolay Livadkin and Robert Holmes about Defendants' alleged "reputation" in the Internet hosting community. This testimony should be excluded at trial because it is inadmissible both as character

---

[1] *Luce v. United States*, 469 U.S. 38, 40 (1984).

[2] *In re Japanese Electronic Products Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986).

[3] *Luce*, 469 U.S. at 41 n.4; *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994).

evidence and hearsay and its probative value is outweighed by its heavily prejudicial effect.

### A. All Statements Related To Defendants' Reputation Are Inadmissible Under Fed. R. Evid. 404(a)

Holmes and Livadkin's testimony about Defendant's alleged "reputation" is inadmissible. "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith." Fed. R. Evid. 404(a).

Nicolay Livadkin, Vuitton's Rule 30(b)(6) witness, and Robert Holmes, its private investigator, have previously testified about Defendants' alleged "reputation" in the Internet hosting business. Livadkin testified that "there were many [Internet] discussion boards that were identifying these two companies that – what we call bulletproof hosts. A bulletproof host is a host that would not respond to notifications from trademark owners to preserve the hosting of its clients' customers." [Declaration of James A. Lowe ("Lowe Decl.") ¶4, **Exhibit "1516"** Deposition of Nicolay Livadkin ("Livadkin Depo.") 139:16-19]. Holmes testified that "Their [Defendants'] reputation in the online community allows them a certain amount of publicity. They've been known to be somewhat of a bulletproof host. They have been known in the past – have been accused in the past of being spammers and facilitating spamming operations and things like that. People who want to conduct certain activities online gravitate towards certain industries and certain circles, and certain names pop up in these circles. And your clients' names do pop up in those circles." [Lowe Decl. ¶5, **Exhibit "1517"** Deposition of Robert Holmes ("Holmes Depo.") 189:13-22]. Holmes also testified that "I understand Defendants have a reputation for hosting websites that specialize in counterfeiting as well as spam activities." [Lowe Decl. ¶7, **Exhibit "1514"** Declaration of Robert Holmes ("Holmes Decl.") ¶2].

Vuitton has offered Holmes and Livadkin's testimony about Defendants' alleged "reputation" as a "bulletproof host" for no other reason but to show that Defendants' actions, in relation to websites allegedly selling counterfeit Vuitton merchandise, have been in conformity with this "reputation." The Defendants' character is not at issue in this case,nor are there any other possible purposes for this "reputation" testimony. This is exactly the type of testimony that Rule 404(a) is meant to prevent.

Any testimony about Defendants' reputation must be completely excluded because Rule 404(a) solely applies to the *admissibility* of such "reputation" testimony, it does not relate to the weight of such testimony. The Ninth Circuit has confirmed that "Rule 404(a) **bans** the use of 'character' evidence to prove action 'in conformity therewith on a particular occasion.'" *U.S. v. Curtin*, 489 F.3d 935, 942 (9th Cir. 2007) (emphasis added).

This evidence also should not be admitted because this testimony is false and based on rumors about a different company with a similar name. Livadkin and Holmes have testified about is about the alleged reputation of Managed.com, not Managed Solutions Group, Akanoc Solutions, or Steve Chen.

At the end of 2003, Defendant Chen became business partners with another individual named Jacques Pham. [Lowe Decl. ¶6, **Exhibit "1515"** Deposition of Steve Chen ("Chen Depo.") 32:18-33:9] Mr. Chen and Mr. Pham operated an Internet hosting business, with Mr. Chen managing the hardware operations and Mr. Pham managing the business operations. [*Id*. at Chen Depo. 32:18-33:9] Within a year, Mr. Chen and Mr. Pham ceased being business partners, with Pham taking control of the web hosting business under the name Managed.com. [*Id*. at Chen Depo. 33:10-16; 67:1-12] After Mr. Pham and Mr. Chen's split, Mr. Pham sold Managed.com to an individual named John Mills, who then sold the business to another business named Web Host Plus [*Id*. at Chen Depo. 35:4-23]. During this post-split period, abuse notices sent to Managed.com (which Mr. Chen had no control over) were not handled in the most expeditious manner, perhaps because of the numerous transitions of ownership. [*Id*. at Chen Depo. 35:4-23]. The alleged "reputation" that Livadkin and Holmes have testified about is based on Managed.com, not Managed Solutions Group. Because none of the Defendants had any affiliation or control over Managed.com whatsoever, any testimony that ties Managed.com's reputation to any of the Defendants is false.

**B. All Statements Related To Defendants' Reputation Are Inadmissible Hearsay Under Fed. R. Evid. 801 and 802**

Testimony by any witness regarding Defendants' alleged "reputation" should be excluded because it is inadmissible hearsay. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

163777.1-10562-002-2/23/2009                             3                    **MOTION IN LIMINE #3 TO EXCLUDE TESTIMONY ABOUT DEFENDANTS' ALLEGED REPUTATION – C 07-3952 JW**

1 FED. R. EVID. 801(c). Hearsay statements are inadmissible under Fed. R. Evid. 802.

This type of testimony about Defendants' alleged "reputation," which Vuitton has offered for no reason other than to prove the truth of the matter asserted, is not based on personal knowledge and should not be allowed. Holmes has admitted that his testimony about Defendants' alleged "reputation" as "bulletproof hosts" is based on unidentified "online communities" and "circles", not his own personal knowledge. Holmes himself has admitted that "reputation is hearsay." [Lowe Decl. ¶5, **Exhibit "1517"** Holmes Depo. 190:13-14] "Hearsay reputation evidence . . . is not competent to establish the truth of the matter asserted." *Parada v. Gonzales*, 204 Fed.Appx. 610, 611 (9th Cir. 2006); *See Turner v. Calderon,* 281 F.3d 851, 877 (9th Cir. 2002) (affirming District Court's exclusion of declarations containing hearsay testimony about a defendant's reputation). Holmes and Livadkin's testimony is not competent to establish the truth of Defendants' alleged "reputation" and the Court should exclude such testimony.

### C. Testimony About Defendants' Alleged Reputation Should Be Excluded Under Fed. R. Evid. 403

Any testimony about Defendants' alleged bad reputation should be excluded because the only purpose of this testimony is to improperly prejudice the jury against the Defendants. This is not permissible. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. If Vuitton were allowed to offer Holmes and Livadkin's testimony about Defendants' "reputation," this would have an unduly prejudicial effect on the jury by causing them to believe that Defendants' reputation was based in truth and that their actions were in conformity with that reputation. Such testimony would not have any probative value because the testimony would not be material or relevant to any element of contributory copyright and trademark infringement and because it does not make any relevant fact more or less likely. Because the probative value is outweighed by the prejudicial effect, the Court should exclude this testimony under Fed. R. Evid. 403.

//

//

## III. CONCLUSION

The Defendants move to exclude any Vuitton testimony concerning Defendants' alleged reputation because this testimony is inadmissible character evidence, hearsay, and overly prejudicial.

Dated: February 23, 2009

**GAUNTLETT & ASSOCIATES**

By: /s/James A. Lowe
David A. Gauntlett
James A. Lowe
Brian S. Edwards
Christopher Lai

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen