1  **GAUNTLETT & ASSOCIATES**
   David A. Gauntlett (SBN 96399)
2  James A. Lowe (SBN 214383)
   Brian S. Edwards (SBN 166258)
3  Christopher Lai (SBN 249425)
   18400 Von Karman, Suite 300
4  Irvine, California  92612
   Telephone:     (949) 553-1010
5  Facsimile:     (949) 553-2050
   jal@gauntlettlaw.com
6  bse@gauntlettlaw.com
   cl@gauntlettlaw.com
7
   Attorneys for Defendants
8  Akanoc Solutions, Inc.,
   Managed Solutions Group, Inc.
9  and Steven Chen

10
## UNITED STATES DISTRICT COURT
11
## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
12

13
    LOUIS VUITTON MALLETIER, S.A.,         )   Case No.:  C 07-3952 JW (HRL)
14                                          )
                         Plaintiff,         )
15                                          )   **DEFENDANTS' MOTION IN LIMINE #4**
                                            )   **TO EXCLUDE ALL TESTIMONY ABOUT**
16           vs.                            )   **COUNTERFEITING IN CHINA**
                                            )
17                                          )
    AKANOC SOLUTIONS, INC., et al.,         )
18                                          )
                         Defendants.        )
19                                          )

28

163936.1-10562-002-2/23/2009                              **MOTION IN LIMINE #4 TO EXCLUDE**
                                                        **TESTIMONY ABOUT COUNTERFEITING IN CHINA**
                                                                       **– C 07-3952 JW**

Dockets.Justia.com

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steve Chen ("Defendants") move for an order, in limine, precluding Plaintiff Louis Vuitton Malletier from offering in evidence testimony about counterfeiting in China. This motion is set for hearing on March 23, 2009.

Defendants move the Court to exclude testimony about counterfeiting in China on the grounds that such testimony is inadmissible under Fed. R. Evid. 403 because it has no probative value and is highly prejudicial.

**I. AN ORDER IN LIMINE IS PROPER TO EXCLUDE TESTIMONY ABOUT DEFENDANTS' ALLEGED REPUTATION**

A motion in limine is "any motion whether made before or during trial to exclude anticipated prejudicial evidence before the evidence is actually offered."[1] Obtaining a discretionary advance ruling on the admission of specific evidence or resolving critical evidentiary issues at the outset enhances the efficiency of the trial process.[2] Authority is also implied from "the district court's inherent authority to manage the course of trials."[3]

Defendants move for this order in limine because it is anticipated that Vuitton will attempt to provide testimony about counterfeiters in China that are not related, in any way, to any of the Defendants in this case. Vuitton has tried to offer this testimony for no other reason but to create the inference that because Defendant Chen is of Chinese descent, his support staff is of Chinese descent and some of Defendants' customers are located in China, they somehow must be affiliated with counterfeiting activities in China. Admission of this testimony would not go towards proving any material element of Vuitton's case and would instead unduly prejudice the jury, thereby violating Fed. R. Evid. 403.

---

[1] *Luce v. United States*, 469 U.S. 38, 40 (1984).

[2] *In re Japanese Electronic Products Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986).

[3] *Luce*, 469 U.S. at 41 n.4; *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994).

## II. STATEMENTS ABOUT COUNTERFEITING IN CHINA ARE INADMISSIBLE UNDER FED. R. EVID. 403

In opposition to Defendants' motion for summary judgment, Vuitton offered testimony from Nicolay Livadkin and Robert Holmes about counterfeiting operations in China. Such testimony should be excluded at trial because it has no probative value and is highly prejudicial.

Nicolay Livadkin has testified that:

> A significant percentage of the overall online counterfeiting activity as it relates to the Louis Vuitton brand originates in the People's Republic of China.[4]

> 95 percent of all counterfeit products are manufactured in China.[5]

> Chin[a] is a country where intellectual property is probably not as perceived as so important is it is in western countries.[6]

Robert Holmes has testified that:

> At least 75 percent of the cases I investigate with 'Chinese individuals,' I mean Chinese in China, they often work with hosts who set up stores for them.[7]

> The common practice in China is to hire a drop-shipper to ship your packages. The counterfeit trade is very segmented.[8]

This type of testimony should be excluded because it does not prove a material element of either cause of action and instead prejudices the jury against the Defendants. This is not permissible under Fed. R. Evid. 403, which states "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." It is prohibited ethnic stereotyping.

The elements of contributory copyright infringement are (1) knowledge of another's infringement and (2) either (a) material contribution to the infringement or inducement of the

---

[4] Declaration of James A. Lowe ("Lowe Decl.") ¶6, **"Exhibit "1513"** Declaration of Nicolay Livadkin ("Livadkin Decl.") ¶4]

[5] Lowe Decl. ¶4, **"Exhibit 1518"**, Deposition of Nicolay Livadkin ("Livadkin Depo.") 22:14-16

[6] *Id*. at Livadkin Depo. 24:1-3

[7] Lowe Decl. ¶5, **"Exhibit 1519"** Deposition of Robert Holmes ("Holmes Depo.") 90:1-5

[8] *Id*. at Holmes Depo. 77:16-20

infringement. *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir. (Cal.) 2007). The elements of contributory trademark infringement are (1) intentional inducement of infringement and (2) continuing to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the product supplied. *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982). When providing a service, the second prong of the *Inwood* test may be satisfied by showing "direct control or monitoring." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 984 (9th Cir.1999). Any statement about counterfeiting in China is not direct evidence that proves any element of either cause of action as it pertains to the Defendants. This testimony does not show that Defendants had knowledge of individual users' infringement. It does not show that Defendants materially contributed to or induced infringement. It does not show that Defendants directly controlled or monitored infringing activities. Admission of this testimony would be akin to admitting testimony that "many Italian people are involved in organized crime" in a case against a Defendant of Italian descent on trial for criminal activity. Such testimony is prejudicial and its almost nonexistent probative value is heavily outweighed by its prejudicial nature.

Holmes and Livadkin's testimony about Chinese counterfeiters would have a unduly prejudicial effect on the jury by causing them to believe that Defendants' obvious connection with China suggests association with Chinese counterfeiters. The Ninth Circuit has explicitly ruled that such testimony is inadmissible. In *U.S. v. Cabrera*, 222 F.3d 590, 596 (9th Cir. 2000), the Ninth Circuit overruled a District Court's admission of witness testimony about the ethnicity of "other Cuban drug dealers" on the basis that such testimony was not relevant and "merely made it seem more likely in the eyes of the jury that [Defendants] Cabrera and Mulgado were drug dealers because of their ethnicity." The Ninth Circuit emphasized that such testimony was not admissible under Rule 403 because "People cannot be tried on the basis of their ethnic backgrounds or national origin." *Id*. at 597.

In *Jinro America Inc. v. Secure Investments, Inc.*, 266 F.3d 993 (9th Cir. 2001), the Ninth Circuit explicitly emphasized that such testimony is inadmissible in civil cases. In *Jinro*, the Court overruled a District Court's admission of a witness' testimony about "the propensity of Korean businesses" to evade Korean currency laws through various illegal schemes. *Id*. at 1005-1006. Even

though the witness claimed that his "impressionistic generalizations about Korean businesses [were] based on his personal investigative experiences," the Ninth Circuit held that "allowing an expert witness in a civil action to generalize that most Korean businesses are corrupt, are not to be trusted and will engage in complicated business transactions to evade Korean currency laws is tantamount to ethnic or cultural stereotyping, inviting the jury to assume the Korean litigant fits the stereotype." *Id*. at 1005, 1007.

Livadkin's prior testimony about counterfeiting in China is "tantamount to ethnic or cultural stereotyping." His testimony does not have any probative value because it would not be material or relevant and because it does not make any relevant fact more or less likely. Because the probative value is outweighed by the prejudicial effect, the Court should exclude this testimony under Fed. R. Evid. 403.

**III. CONCLUSION**

The Defendants move to exclude any testimony concerning counterfeiting in China on the grounds that such testimony is inadmissible under Fed. R. Evid. 403 because it has no probative value and is highly prejudicial.

Dated: February 23, 2009 **GAUNTLETT & ASSOCIATES**

By: /s/James A. Lowe
David A. Gauntlett
James A. Lowe
Brian S. Edwards
Christopher Lai

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen

163936.1-10562-002-2/23/2009  4  **MOTION IN LIMINE #4 TO EXCLUDE TESTIMONY ABOUT COUNTERFEITING IN CHINA – C 07-3952 JW**