**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:     (949) 553-1010
Facsimile:     (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | Case No.: C 07-3952 JW (HRL) |
| Plaintiff, | |
| vs. | **DEFENDANTS' MOTION IN LIMINE #5 TO EXCLUDE EMAILS SENT BETWEEN DEFENDANTS AND THEIR CUSTOMERS DISCUSSING SUBSEQUENT REMEDIAL MEASURES** |
| AKANOC SOLUTIONS, INC., et al., | |
| Defendants. | |

164019.1-10562-002-2/23/2009

**MOTION IN LIMINE #5 TO EXCLUDE EMAILS SENT BETWEEN DEFENDANTS AND THEIR CUSTOMERS DISCUSSING SUBSEQUENT REMEDIAL MEASURES – C 07-3952 JW**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steve Chen ("Defendants") move for an order, in limine, precluding Plaintiff Louis Vuitton Malletier from offering in evidence emails sent between Defendants and their customers discussing measures taken in response to complaint notices sent by Vuitton about allegedly infringing websites.[1] This motion is set for hearing on March 23, 2009.

Defendants move the Court to exclude these emails based on the grounds that these emails are inadmissible under Fed. R. Evid. 407 because they evidence subsequent remedial measures.

## I. AN ORDER IN LIMINE IS PROPER TO EXCLUDE THESE EMAILS

A motion in limine is "any motion whether made before or during trial to exclude anticipated prejudicial evidence before the evidence is actually offered."[2] Obtaining a discretionary advance ruling on the admission of specific evidence or resolving critical evidentiary issues at the outset enhances the efficiency of the trial process.[3] Authority is also implied from "the district court's inherent authority to manage the course of trials."[4]

Defendants move for this order in limine because it is anticipated that Vuitton will attempt to introduce emails sent between Defendants and their third-party reseller customers discussing subsequent remedial measures taken in response to complaint notices about allegedly infringing websites. The Court should exclude these emails because they violate Fed. R. Evid. 407.

## II. ALL EMAILS BETWEEN DEFENDANTS AND THIRD-PARTY RESELLERS DISCUSSING SUBSEQUENT REMEDIAL MEASURES ARE INADMISSIBLE.

Defendants are Internet service providers that provide unmanaged Internet hosting. As unmanaged Internet hosts, Defendants do not monitor or control any content on their servers, nor do they do business directly with website operators. They only deal directly with wholesale Internet resellers who then, in turn, market Internet access to retail customers.

---

[1] A list of the exhibits that Defendants seek to exclude is attached as **Attachment "A."**

[2] *Luce v. United States*, 469 U.S. 38, 40 (1984).

[3] *In re Japanese Electronic Products Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986).

[4] *Luce*, 469 U.S. at 41 n.4; *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994).

The emails that Defendants seek to exclude were sent between Defendants and their wholesale reseller customers after Defendants received complaint notices from Vuitton alleging that websites infringing Vuitton's trademarks and/or copyrights were hosted on Defendants' servers. Without verifying the validity of these complaints, Defendants forwarded them via email to their reseller customers, notifying the customers of the complaint and instructing them to remove the allegedly infringing content. Defendants' reseller customers then responded via email to confirm the actions they had taken in response to the complaint. An example of an email sent by Defendants to a reseller customer would be:

> Dear Sir,
>
> We have received letter complaint from legal authority that your server IP:_____ main IP: _____ is hosting website: _____ which engaged in sale of counterfeit products. Please take down the specific website immediately, or we will disconnect the abuse IP.
>
> Thank you for your cooperation.
>
> Security SS

An example of an email sent to Defendants by one of its wholesale reseller customers would then typically confirm that the noticed website had been shut down or closed. The Court should exclude these emails sent between Defendants and their reseller customers because, under Fed. R. Evid. 407, these emails are inadmissible as evidence of subsequent remedial measures.

### A. VUITTON'S PAST USE OF THESE EMAILS VIOLATES RULE 407

The emails sent between Defendants and their reseller customers should be excluded from evidence. This is because "when, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is **not admissible** to prove negligence or culpable conduct in connection with the event." Fed. R. Evid. 407.

In its opposition to Defendants' motion for summary judgment, Vuitton cited to these emails only to prove Defendant's culpability, referring to the emails as (1) evidence that "demonstrates that as much as a month could elapse before any action other than a simple email notification would occur and (2) "shows that some of Defendant's best "customers" were related to the infringing

website." [Vuitton's Opp. to MSJ, 6:18-19; 19:10-11]   Vuitton should not be allowed to introduce these emails at trial for this purpose because "evidence of the subsequent measures is not admissible to prove negligence or culpable conduct." Fed. R. Evid. 407.

**B.     THE EXCEPTIONS IN RULE 407 DO NOT APPLY TO THESE EMAILS**

These emails are inadmissible under any exception of Rule 407, which allow the admission of evidence of subsequent measures when offered for another purpose, such as proving "ownership, control, or feasibility of precautionary measures, if controverted, or impeachment." This is because Vuitton has not used these emails for any of these purposes.   **First**, these emails are not evidence that Defendants have any ownership over the allegedly infringing content.   **Second**, these emails are not evidence of the feasibility of precautionary measures; they are evidence of *reactionary* measures because they were sent *after* receiving notice from Vuitton.   **Third**, these emails have no value as impeachment evidence because Defendants have never suggested that they do not forward these complaint notices to their reseller customers.

These emails do not fall under the "control" exception of Rule 407 because they are not evidence of the *type* of control that is required to prove contributory trademark infringement.   *See Lockheed Martin Corp. v. Network Solutions, Inc*., 194 F.3d 980, 984 (9th Cir. 1999).   The type of control that Vuitton must demonstrate to prove contributory trademark infringement is "direct control and monitoring of the instrumentality used by a third party to infringe the plaintiff's mark." *Id.* at 984.   This element of "direct control" is *not* in reference to the control over the ability to remove individual websites after receiving a complaint notice.   The control necessary to prove secondary trademark infringement in this case is *direct control over the contents on Defendants' servers*. The emails sent between Defendants and their reseller customers do not have any relevance to this type of control.

In *Lockheed*, the Ninth Circuit held that Network Solutions, Inc. a domain registrar, was not liable for contributory trademark infringement even though it processed the registration of domain names that infringed one of Lockheed's trademarks. *Id.* at 985. In its analysis, the *Lockheed* Court discussed its earlier decision in *Fonovisa, Inc. v. Cherry Auction, Inc*., 76 F.3d 259 (9th Cir.1996), where it found that the "direct control and monitoring" element of contributory liability was met

when a flea market operator failed to remove vendors selling infringing products at its flea market after a police raid yielded such sellers and after the flea market operators witnessed, firsthand, the sale of infringing products at its flea market. *Id*. The *Lockheed* court held that Network Solutions was not liable for contributory trademark infringement because, "while the landlord of a flea market might reasonably be expected to monitor the merchandise sold on his premises, NSI cannot reasonably be expected to monitor the Internet." *Id*.

*Lockheed* establishes that "direct control and monitoring," as it relates to this case, relates to whether Defendants "might reasonably be expected" to monitor the contents of their servers. *See Id*. But Defendants have never monitored or controlled the contents on their servers because they are precluded from doing so by their own user agreements with their customers and by the Federal Stored Communications Act, 18 U.S.C. §2701 et seq. Any emails between Defendants and their wholesale reseller customers do not prove Defendants' ability to continuously control and monitor the contents of their servers. The only control that these emails show is Defendants' ability to forward infringement complaints to their reseller customers. Because Vuitton cannot argue that these emails prove "ownership, control, or feasibility of precautionary measures, if controverted, or impeachment," as required under the exceptions to Rule 407, the Court should exclude the emails sent between Defendants and their reseller customers because they are inadmissible as evidence of subsequent remedial measures.

## III. CONCLUSION

The Defendants move to exclude the emails sent between Defendants and their reseller customers because they are inadmissible as evidence of subsequent remedial measures and because they do not fall into any of the exceptions of Fed. R. Evid. 407.

Dated: February 23, 2009          **GAUNTLETT & ASSOCIATES**

By:   /s/James A. Lowe
      David A. Gauntlett
      James A. Lowe
      Brian S. Edwards
      Christopher Lai
Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen

Motion in Limine to Exclude Emails Sent Between Defendants and their Customers Discussing Subsequent Remedial Measures

Exhibits to Be Excluded

| Ex. # | Description | Identified | Admitted |
|---|---|---|---|
| 8 | Email from security to noraq (www.watchesreplica.net) dated 11/29/07 | 4/8/2008 | |
| 9 | Email from security to noraq@126.com (www.ebuynike.com and www.ecshoes.com) dated 11/30/07 | 4/8/2008 | |
| 10 | Email from security to wa78@mail2000.com.tw (www.famous-shop.com) dated 12/19/07 | 4/8/2008 | |
| 11 | Email from security to idc@abcde.cn (www.worldkeytrade.com) dated 12/13/07 | 4/8/2008 | |
| 12 | Emails between security and idc@abcde.cn dated 12/14/07 | 4/8/2008 | |
| 26 | Email from security to wangkiyo@hotmail.com (www.eastarebiz.com) dated 3/3/08 | 4/8/2008 | |
| 27 | Email from security to wangkiyo@hotmail.com (www.eastarbiz.net) dated 4/1/08 | 4/8/2008 | |
| 28 | Acceptable Use Policy | 4/8/2008 | |
| 29 | Email from security to steve chen ("checked the content") dated 10/3/07 | 4/8/2008 | |
| 30 | Email from security to Will Lone ("content inspection") dated 11/29/07 | 4/8/2008 | |
| 31 | Email from steve chen to security (content checking, unplug if moved around, past complaints) dated 9/12/07 | 4/8/2008 | |
| 32 | Email from security to caizj ("2nd time" "verify result") dated 9/11/07 | 4/8/2008 | |
| 33 | Email from security to zhonghh (www.pickbags.com re Lacoste) dated 9/7/07 | 4/8/2008 | |
| 38 | Email from Steve Chen to Security (www.lvbagz.com) dated 9/14/07 | 4/9/2008 | |
| 39 | Email from security to noraq dated 9/14/07 (re counterfeit Lacoste) | 4/9/2008 | |
| 40 | Email from security to zhonghh and Willone (re infringement of HUBLOT watches) dated 12/23/07 | 4/9/2008 | |
| 41 | Email from security to Steve Chen (watch-ebay.com) dated 8/21/07 | 4/9/2008 | |
| 43 | Email from security to abuse@knownhost.com dated 9/2/07 | 4/12/2008 | |
| 44 | Email from security to ahuji.biz dated 9/6/07 | 4/12/2008 | |
| 45 | Email from security to zhaomuserver (www.nikeshoesoffer.com) dated 12/13/07 | 4/12/2008 | |
| 46 | Email from security to Noraq@126.com dated 9/13/07 | 4/12/2008 | |

Motion in Limine to Exclude Emails Sent Between Defendants and their Customers Discussing Subsequent Remedial Measures

Exhibits to Be Excluded

| | | | |
|---|---|---|---|
| 47 | Email from security to Brian C. Roche (re Microsoft infringement) dated 9/12/07 | 4/12/2008 | |
| 48 | Email from security to Steve Chen dated 9/1/07 | 4/12/2008 | |
| 49 | Email from security to Steve Chen dated 7/10/07 | 4/12/2008 | |
| 50 | Email from security to support@tooming.com (re "2nd note") dated 9/15/07 | 4/12/2008 | |
| 434 | Email to wangkiyo@hotmail.com from security@akanoc.com dated 3/3/08 re www.eastarebiz.com - server being unplugged due to website sales of counterfeit product | | |
| 435 | Email to wangkiyo@hotmail.com from security@akanoc.com dated 4/1/08 re www.eastarbiz.net - server being unplugged due to website sales of counterfeit product | | |
| 436 | Email to security@akanoc.com from zhonghh@it8.cn dated 1/15/08 stating "we have received letter complaint from legal authority…re counterfeit products" www.Luxury2us.com | | |
| 437 | Email from chris@burning-g.net to security@akanoc.com cc:will@akanoc.com dated 1/15/08 re famous-shop.com - email is in regards to receiving letter complaint | | |
| 438 | Email from zhonghh@it8.cn to security@akanoc.com dated 1/15/08 re website shoes-order.com engaging in sale of counterfeit products | | |
| 439 | Email from zhonghh@it8.cn to security@akanoc.com dated 1/15/08 re website buymyshoes.net engaging in sale of counterfeit products | | |
| 440 | Email from noraq@126.com to security@akanoc.com dated 1/14/08 stating website shutdown till content in question removed. www.Nikeshoeoffer.com | | |
| 441 | Email from security@akanoc.com to noraq@126.com dated 1/14/08 re nikeshoeoffer.com engaging in sale of counterfeit products | | |
| 442 | Email from security@akanoc.com to support@zlankj.com dated 1/14/08 re pickyourgoods.com engaging in sale of counterfeit products | | |
| 443 | Email from security@akanoc.com to wangkiyo@hotmail.com dated 1/14/08 re pickyourorder.com engaging in sale of counterfeit products | | |

Motion in Limine to Exclude Emails Sent Between Defendants and their Customers Discussing Subsequent Remedial Measures

Exhibits to Be Excluded

| | | | |
|---|---|---|---|
| 444 | Email from noraq@126.com to security@akanoc.com dated 1/14/08 re replica-ebags.com engaging in sale of counterfeit products and pushing customer to resolve | | |
| 445 | Email from security@akanoc.com to noraq@126.com dated 1/14/08 re www.replica-ebags.com engaging in sale of counterfeit products | | |
| 446 | Email from security@akanoc.com to zhonghh@it8.cn dated 1/14/08 re www.shoes-order.com engaging in sale of counterfeit products | | |
| 447 | Email from security@akanoc.com to paul liu 0755sz@gmail.com dated 1/14/08 re www.soapparel.com engaging in sale of counterfeit products | | |
| 448 | Email from security@akanoc.com to zhonghh@it8.cn re www.tytrade88.com engaging in sale of counterfeit products | | |
| 528 | Email from steve chen to Security (zhonghh@it5.cn and chendan@it8.cn referenced) dated 8/8/07 re www.ape168.com | | |
| 529 | Email from security to server@tongyong.net re www.lvbagz.com dated 1/11/08 | | |
| 530 | Email from security to server@tongyong.net re www.louisvuittonbagz.com dated 1/11/08 | | |
| 531 | Email from security to zhonghh@it8.cn re www.tytrade88.com dated 1/14/08 engaging in the sale of counterfeit product | | |
| 532 | Email from security to "paul liu" "0755sz@gmail.com" re www.soapparel.com dated 1/14/08 engaging in the sale of counterfeit product | | |
| | | | |
| | | | |
| | | | |
| | | | |