**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A.,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>AKANOC SOLUTIONS, INC., et al.,<br><br>　　　　　　　Defendants. | Case No.: C 07-3952 JW (HRL)<br><br>**DEFENDANTS' MOTION IN LIMINE #7 TO EXCLUDE EVIDENCE NOT PREVIOUSLY DISCLOSED IN INITIAL AND SUPPLEMENTAL DISCLOSURES** |

164244.1-10562-002-2/23/2009

**MOTION IN LIMINE #7 TO EXCLUDE EVIDENCE NOT PREVIOUSLY DISCLOSED IN INITIAL AND SUPPLEMENTAL DISCLOSURES – C 07-3952 JW**

Dockets.Justia.com

1 **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2 Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steve Chen
3 ("Defendants") move for an order, in limine, precluding Plaintiff Louis Vuitton Malletier from
4 offering at trial any evidence not previously disclosed in Vuitton's initial disclosures or in any
5 discovery responses. Defendants' motion is set to be heard on March 23, 2009.

6 Defendants move the Court to exclude this evidence on the grounds that such evidence is
7 inadmissible under Fed. R. Civ. P. 37(c) and Fed. R. Evid. 403.

## I. AN ORDER IN LIMINE IS PROPER

A motion in limine is "any motion whether made before or during trial to exclude anticipated prejudicial evidence before the evidence is actually offered."[1] Obtaining a discretionary advance ruling on the admission of specific evidence or resolving critical evidentiary issues at the outset enhances the efficiency of the trial process.[2] Authority is also implied from "the district court's inherent authority to manage the course of trials."[3]

Defendants move for this order in limine because it is anticipated that Vuitton will attempt to provide evidence, in the form of testimony, correspondence and Internet material, not previously listed in Vuitton's prior disclosures or produced in discovery. Defendants move to exclude this evidence because (1) exclusion of this evidence is a proper automatic sanction under Fed. R. Civ. P. 37(c) and this evidence is inadmissible as "needless cumulative" evidence under Fed. R. Evid. 403.

## II. EVIDENCE NOT PREVIOUSLY DISCLOSED SHOULD BE EXCLUDED

### A. Fed. R. Civ P. 37(c)

Vuitton has indicated that it will be providing, at trial, approximately 628 exhibits[4] created long after Vuitton filed its initial disclosures on November 28, 2007. Because this evidence was not listed in Vuitton's initial disclosures or any supplemental disclosure, it should be excluded by the Court under Fed. R. Civ. P. 37(c).

---

[1] *Luce v. United States*, 469 U.S. 38, 40 (1984).

[2] *In re Japanese Electronic Products Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986).

[3] *Luce*, 469 U.S. at 41 n.4; *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994).

Fed. R. Civ. P. 37(c) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial,

### 1. Fed. R. Civ. P. 26(a)(1)(A)(ii)

Rule 37(c) applies here because it is anticipated that Vuitton will attempt to provide evidence in violation of Rule 26(a) and 26(e). Rule 26(a)(1)(A)(ii) requires that parties provide to each other "a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."

Vuitton's initial disclosures were filed on November 28, 2007. Vuitton's initial trial exhibit list indicates that Vuitton will be providing 628 items of correspondence, Internet printouts and numerous computer reports created long after the date of Vuitton's initial disclosures. Rule 26(a)(1)(ii) specifically states that a party's initial disclosure must include "all documents, electronically stored information, and tangible things that the disclosing party has *in its possession, custody, or control*." (emphasis added) These 628 items of correspondence, Internet printouts and computer reports created after the date of Vuitton's initial disclosures could not have been in its "possession, custody, or control" at the time of its initial disclosure because these exhibits did not exist at the time of the initial disclosure. Vuitton cannot, therefore, argue that it has complied with Rule 26(a).

### 2. Fed. R. Civ. P. 26(e)

Vuitton's attempt to introduce these exhibits also violates Fed. R. Civ. P. 26(e), which states that "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Vuitton has violated Rule 26(e) because it is attempting to introduce evidence that it has never disclosed a supplemental disclosure in this case.

---

[4] The list of exhibits that Defendants move the Court to exclude are attached as **Attachment "A."**

**B. Sanctions Under Fed. R. Civ. P. 37(c)**

**1. This Court Has Wide Latitude to Exclude Evidence Under Fed. R. Civ. P. 37(c)**

It is appropriate for the Court to exclude such evidence as a sanction under Fed. R. Civ. P. 37(c) because Vuitton is attempting to introduce evidence in violation of Fed. R. Civ. P. 26(a) and 26(e). Fed. R. Civ. P. 37(c); *Yeti by Molly, Ltd. v. Strong*, 259 F.3d 1101, 1105 (9th Cir. 2001). Additionally, Courts have "particularly wide latitude" to issue sanctions under Rule 37(c). *Id*. at 1106. In *Yeti by Molly*, the Ninth Circuit upheld a district court's granting of a motion in limine in a similar case. There, the Court barred the Defendant from introducing an expert witness report that the Defendant had not previously disclosed as required by Fed. R. Evid. 26(a)(2) *Id*. Just as the defendant in *Yeti by Molly*, Vuitton is attempting to introduce massive quantities of evidence that it has not previously disclosed as required by Fed. R. Evid. 26(a).

Vuitton cannot argue against the exclusion of its previously undisclosed evidence simply because such exclusion would harm its case. "Exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of 26(a)" and "Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded." *Id*. (citing *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de Puerto Rico*, 248 F.3d 29, 35 (1st Cir. 2001). Indeed, the district court in *Yeti by Molly* excluded the evidence in question despite the fact that exclusion of the expert witness report at issue in the case "made it much more difficult, perhaps almost impossible" for the defendant to rebut the plaintiff's damages calculations." *Yeti by Molly*, 259 F.3d at 1106. Here, exclusion of Vuitton's non-disclosed evidence would be less damaging than the exclusion of the evidence in *Molly by Yeti* because Vuitton possesses other evidence in support of its case that was properly noticed under Rule 26(a). Regardless, even if the effect of exclusion were as damaging or more damaging than in *Yeti by Molly*, the Ninth Circuit has recognized that such a sanction is appropriate under Rule 37(c).

**2. Neither Exception to Fed. R. Civ. P. 37(c) Applies**

Vuitton also cannot argue that any exceptions to Rule 37(c) apply to bar exclusion of the non-disclosed evidence. Rule 37(c)(1) allows for information to be introduced at trial even if a party

fails to provide information or identify a witness as required by Rule 26(a) or 26(e) if the failure was substantially justified or is harmless. Vuitton's failure to comply with Rule 26(a) and Rule 26(e) is not substantially justified nor is it harmless.

Vuitton's failure to disclose the evidence at issue is not substantially justified because Vuitton failed to disclose this evidence in supplemental disclosures or to request an extension of the discovery deadline despite having ample opportunity to do so. Vuitton had ample time to disclose such evidence in supplementary disclosures but instead completely disregarded Rule 26(e) by never filing a single supplementary disclosure in this case. There is no substantial justification for a complete and utter disregard for the requirements in Rule 26(a) and 26(e). *Yeti by Molly*, 259 F.3d at 1101; *Quevedo v. Trans-Pac. Shipping, Inc*. 143 F.3d 1255, 1258 (9th Cir. 1998).

Vuitton cannot satisfy its burden of proving that the admission of its previously undisclosed exhibits is harmless to Defendants. *Yeti by Molly*, 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.") Defendants will be harmed if Vuitton is allowed to introduce **628** additional exhibits that it never previously disclosed to Defendants. The sheer volume of evidence in this case creates a burden for the Defendants, as does the fact that these exhibits were disclosed a mere two months prior to trial. This latter fact weighs in favor of exclusion. *Id*. (upholding district court's exclusion of evidence because plaintiffs received the evidence "one month before they were to litigate a complex [intellectual property] case.")

### C. VUITTON'S 628 PREVIOUSLY UNDISCLOSED EXHIBITS SHOULD BE EXCLUDED UNDER FED. R. EVID. 403

Vuitton's 628 previously undisclosed exhibits are inadmissible under Fed. R. Evid. 403, which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Vuitton's previously undisclosed exhibits are needlessly cumulative and create a severe danger of unfair prejudice. By offering over 600 exhibits allegedly related to infringing websites,

1 Vuitton is attempting to create a strongly negative implication of liability.  While this negative
2 implication is not direct evidence on the material elements in this case, the evidence is unduly
3 prejudicial to the Defendants because Vuitton's additional exhibits will likely confuse and negatively
4 prejudice the jurors in this case.  Defendants' concerns are also heightened by the fact that its ability
5 to rebut these exhibits was hampered by Vuitton's failure to disclose these exhibits to Defendants as
6 required by Fed. R. Evid. 26(a) and (e).

These previously undisclosed exhibits also are the type of "needless presentation of cumulative evidence" that Courts should exclude under Fed. R. Evid. 403.  Vuitton's 628 previously undisclosed exhibits do not purport to establish any new facts that Vutton's properly disclosed exhibits already purport to establish.  This is because Vuitton's 628 previously undisclosed Internet printouts are, with the exception of the domain name, virtually identical to Internet printouts that Vuitton disclosed earlier.   Such evidence is "needless cumulative" and therefore should be excluded under Fed. R. Evid. 403.  *Hingson v. Pacific Southwest Airlines*, 743 F.2d 1408, 1413 (9th Cir. 1984) (recognizing that testimony of a witness about the contents of airline instruction manuals would be needlessly cumulative if the manual itself was already admitted into evidence); *U.S. v. Frabizio*, 459 F.3d 80, 90 (1st Cir. 2006) (recognizing that Rule 403 enables a trial judge to exclude needlessly cumulative evidence if it properly weighs its concerns about cumulativeness against the probative value of the evidence.)

### III.    CONCLUSION

The Defendants move to exclude evidence not previously disclosed in Vuitton's initial disclosures or in any discovery responses because pursuant to Fed. R. Civ. P. 37(c), exclusion of this

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1 evidence is a proper sanction for Vuitton's violation of Fed. R. Civ. P. 26(a) and 26(e).
Additionally, this evidence is inadmissible under Fed. R. Evid. 403.

Dated: February 23, 2009  **GAUNTLETT & ASSOCIATES**

By: /s/James A. Lowe
David A. Gauntlett
James A. Lowe
Brian S. Edwards
Christopher Lai

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen