**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:     (949) 553-1010
Facsimile:      (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steven Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A.,<br><br>           Plaintiff,<br><br>      vs.<br><br>AKANOC SOLUTIONS, INC., et al.,<br><br>           Defendants. | Case No.:  C 07-3952 JW (HRL)<br><br>**DEFENDANTS' MOTION IN LIMINE #8 TO REDACT ALL EXHIBIT REFERENCES TO IPCYBERCRIME.COM** |

164247.1-10562-002-2/23/2009                    **MOTION IN LIMINE #8 TO REDACT ALL EXHIBIT REFERENCES TO IPCYBERCRIME.COM – C 07-3952 JW**

Dockets.Justia.com

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steve Chen ("Defendants") move for an order, in limine, redacting all references to "**ipcybercrime.com**"[1] on all of Plaintiff Louis Vuitton Malletier's trial exhibits. This motion is set for hearing on March 23, 2009.

Defendants move the Court to redacting all references to **ipcybercrime.com** from all of Plaintiff Louis Vuitton Malletier's trial exhibits on the basis that such references inadmissible under Fed. R. Evid. 403 because they are highly prejudicial and have no probative value in this case.

**I. AN ORDER IN LIMINE IS PROPER TO EXCLUDE EXHIBIT REFERENCES TO IPCYBERCRIME.COM**

A motion in limine is "any motion whether made before or during trial to exclude anticipated prejudicial evidence before the evidence is actually offered."[2] Obtaining a discretionary advance ruling on the admission of specific evidence or resolving critical evidentiary issues at the outset enhances the efficiency of the trial process.[3] Authority is also implied from "the district court's inherent authority to manage the course of trials."[4]

Defendants move for this order in limine because it is anticipated that Vuitton will attempt to introduce exhibits with attached tags or headings that prominently reference **ipcybercrime.com**. Such references to ipcybercrime.com should be excluded because they would not go towards proving any material element of Vuitton's case and would instead unduly prejudice the jury.

**II. REFERENCES TO IPCYBERCRIME.COM SHOULD BE EXCLUDED**

It is anticipated that Vuitton, as part of its case-in-chief, will introduce numerous items that it alleges are examples of counterfeit goods that infringe Vuitton's copyrights and marks. These items include allegedly counterfeit bags, belts, watches or other clothing or accessory items. It is

---

[1] Ipcybercrime.com is the privately owned business operated by Robert Holmes, a third party-investigator retained by Vuitton.

[2] *Luce v. United States*, 469 U.S. 38, 40 (1984).

[3] *In re Japanese Electronic Products Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986).

[4] *Luce*, 469 U.S. at 41 n.4; *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994).

1 anticipated that each of these items will all be presented with attached tags that will prominently
2 display the name ipcybercrime.com. Vuitton has listed various reports or forms with the name
3 ipcybercrime.com prominently displayed. Robert Holmes may testify also to this as his business
4 name. The Court should order Vuitton to redact the name ipcybercrime.com from exhibits and
5 testimony because it is unduly prejudicial. First, the name of Holmes' business erroneously suggests
6 that a crime has been committed in this case. Second, the word "cyber" suggests that a crime has
7 been committed through the use of the Internet. This implication unduly harms Defendants because
8 they are Internet service providers. Third, the name erroneously suggests that the particular items
9 have been inspected or somehow authenticated by a law enforcement-type organization. All of
10 these inferences would have an unduly prejudicial effect on jurors in this case despite the fact that
11 such inferences have no basis in truth.

12 The Court should order redaction of the name ipcybercrime.com and prohibit testimonial use
13 because redaction would not harm Vuitton's case. Vuitton has designated Robert Holmes as a
14 witness in this case and may rely on his testimony to authenticate the bags, belts, watches or other
15 clothing or accessory item that he or his company allegedly purchased on behalf of Vuitton.
16 Whether or not the name is redacted, Holmes' testimony will still be required to authenticate
17 Vuitton's exhibits. Neither Holmes' testimony nor Vuitton's attempts to authenticate these exhibits
18 will be adversely affected, in any way, by the redaction of his company's name on the exhibit tags.
19 The Court should therefore order redaction in order to prevent undue prejudice against the
20 Defendants in this case.

21 **III. CONCLUSION**

22 The Defendants move the Court to redact any reference to ipcybercrime.com on all of
23 Vuitton's exhibits and in all testimony because the name is unduly prejudicial to Defendants and
24 redaction of this name will not harm Vuitton in any way.

25 / / /
26 / / /
27 / / /
28 / / /

164247.1-10562-002-2/23/2009     2     **MOTION IN LIMINE #8 TO REDACT ALL EXHIBIT REFERENCES TO IPCYBERCRIME.COM – C 07-3952 JW**

| | | |
|---|---|---|
| 1 | Dated: February 23, 2009 | **GAUNTLETT & ASSOCIATES** |
| 2 | | By: /s/James A. Lowe |
| 3 | | David A. Gauntlett |
| | | James A. Lowe |
| 4 | | Brian S. Edwards |
| | | Christopher Lai |
| 5 | | Attorneys for Defendants |
| 6 | | Akanoc Solutions, Inc., Managed Solutions Group, Inc., |
| 7 | | and Steve Chen |