**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., <br><br> Plaintiff, <br><br> vs. <br><br> AKANOC SOLUTIONS, INC., et al., <br><br> Defendants. | Case No.: C 07-3952 JW (HRL) <br><br> **DEFENDANTS' MOTION IN LIMINE #9 TO EXCLUDE TESTIMONY ABOUT THE GENUINENESS OF GOODS** |

164250.1-10562-002-2/23/2009      **MOTION IN LIMINE #9 TO EXCLUDE TESTIMONY ABOUT THE GENUINENESS OF GOODS – C 07-3952 JW**

1  **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2  Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steve Chen
3  ("Defendants") move for an order, in limine, precluding Plaintiff Louis Vuitton Malletier from
4  offering in evidence any testimony from Nicolay Livadkin and Robert Holmes about the
5  genuineness of goods that Vuitton intends to introduce as evidence. This motion is set for hearing
6  on March 23, 2009.

7  Defendants move for an order excluding testimony about the genuineness of such goods on
8  the grounds that such testimony is inadmissible lay witness testimony under Federal Rules of
9  Evidence 701(c).

## I. AN ORDER IN LIMINE IS PROPER TO EXCLUDE INADMISSIBLE LAY TESTIMONY

A motion in limine is "any motion whether made before or during trial to exclude anticipated prejudicial evidence before the evidence is actually offered."[1] Obtaining a discretionary advance ruling on the admission of specific evidence or resolving critical evidentiary issues at the outset enhances the efficiency of the trial process.[2] Authority is also implied from "the district court's inherent authority to manage the course of trials."[3]

Defendants move for this order in limine because it is anticipated that Vuitton will attempt to introduce testimony from Livadkin or Holmes about the genuineness of particular goods that Vuitton intends to introduce as evidence. The Court should exclude such testimony because it is inadmissible as highly specialized expert testimony and therefore inadmissible under Fed. R. Evid. 701(c).

## II. TESTIMONY ABOUT THE GENUINENESS OF GOODS IS INADMISSIBLE

It is anticipated that Vuitton will be introducing, at trial, a number of bags, belts, watches or other clothing or accessory item bearing Louis Vuitton marks. It is also anticipated that Vuitton will

---

[1] *Luce v. United States*, 469 U.S. 38, 40 (1984).

[2] *In re Japanese Electronic Products Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986).

[3] *Luce*, 469 U.S. at 41 n.4; *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994).

rely on the testimony of its two lay witnesses in this case, Nicolay Livadkin and Robert Holmes, in an attempt to establish that these clothing and accessory items are not genuine Louis Vuitton merchandise. The Court should exclude such testimony because it is inadmissible lay witness testimony under Fed. R. Evid. 701(c)

Both Livadkin and Holmes will be testifying solely as lay witnesses in this case because Vuitton has not designated any expert witnesses as required by Fed. R. Civ. P. 26(a)(2). The deadline for designating expert witnesses, January 7, 2009, has passed. Fed. R. Civ. P. 26(a)(2)(C)(i) (requiring designation of expert witnesses at least 90 days before the date set for trial or for the case to be ready for trial). Because both Livadkin and Holmes will be providing lay testimony, the admissibility of their testimony is governed by Fed. R. Evid. 701(c), which states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Any testimony from Livadkin or Holmes about the genuineness of any products is inadmissible under Rule 701(c) because such testimony is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Livadkin has previously testified that he has "significant expertise in recognizing counterfeit products and I can tell from a picture that the item is not authentic." [Declaration of James A. Lowe ("Lowe Decl.") ¶4, **Exhibit "1522"** Deposition of Nicolay Livadkin ("Livadkin Depo.") 20:18-21] He has also testified that "I know how an authentic item looks and I have seen lots of counterfeits and I know specific details that are – that would discredit – that would show the product is counterfeit." *Id*. at Livadkin Depo. 20:24-21:2. This type of testimony, from either Livadkin or Holmes, should be excluded under Fed. R. Evid. 701(c).

Section (c) was added to Rule 701 in 2000 in order to "[forbid] the admission of expert testimony dressed in lay witness clothing." *U.S. v. Testerman*, 263 Fed. Appx. 328 (4th Cir. 2008). "Lay testimony 'results from a process of reasoning familiar in everyday life,' whereas "an expert's testimony results from a process of reasoning which can be mastered only by specialists in the field." *U.S. v. White*, 492 F.3d 380, 401 (6th Cir. 2007); *U.S. v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005)

(citing to Rule 701 Advisory Committee's Notes).

Courts have applied Rule 701(c) in excluding numerous types of testimony because they are not based on reasoning familiar in everyday life. In *White*, 492 F.3d. at 403-404., the Court rejected testimony by a hospital employee about Medicare reimbursement procedures. ("The testimony elicited from the Fiscal Intermediary witnesses require [d] [them] to apply knowledge and familiarity ... well beyond that of the average lay person . . . The Medicare program operates within a complex and intricate regulatory scheme and we cannot say that the average lay person, including any Medicare beneficiary, commands a working knowledge of Medicare reimbursement procedures.") In *U.S. v. Cruz*, 363 F.3d 187, 191, 193 (2d Cir. 2004), the Court rejected testimony by a police officer, based on highly specialized knowledge, about the meaning of "to watch someone's back" in a drug transaction. In *Garcia*, 413 F.3d at 210, the Court rejected a police officer's opinion, based on highly specialized knowledge, about the role of a "partner" in the drug trade. In *U.S. v. Ganier*, 468 F.3d 920, 925 (6th Cir.2006), the Court excluded testimony, based on highly specialized knowledge, about computer-generated reports.

The courts in *White*, *Cruz*, *Garci* and *Ganier* all excluded testimony that was highly specialized and clearly *not* based on "reasoning familiar in everyday life." Similarly, testimony about the genuineness of clothing and accessories is not the result of "a process of reasoning familiar in everyday life." It is the *opposite* of that. Very few citizens ever discuss the details that distinguish genuine and counterfeit clothing and accessory items in their everyday life. This is especially true for Louis Vuitton products, which are luxury items that only a fraction of the population ever considers purchasing. Just as the courts in *White*, *Cruz*, *Garci* and *Ganier*, this Court should exclude testimony of Livadkin or Holmes because any knowledge about the genuineness of Louis Vuitton merchandise is highly specialized and should be excluded under Fed. R. Evid. 701(c).

### III. CONCLUSION

Instead of going to the trouble of designating expert witnesses, Vuitton wants to shortcut the fact finding process by trying to provide expert testimony disguised as lay witness testimony because it is convenient to do so. Vuitton deliberately chose not to disclose an expert witness to testify about

1 | methods of determining the genuineness of Louis Vuitton products. The Court should not allow
2 | Vuitton to now circumvent Fed. R. Evid. 701 by offering expert testimony disguised as lay
3 | testimony.

4 | Defendants move to exclude any testimony by Livadkin and Holmes about the genuineness of goods that Vuitton intends to introduce as evidence.

Dated: February 23, 2009

**GAUNTLETT & ASSOCIATES**

By: /s/James A. Lowe
    David A. Gauntlett
    James A. Lowe
    Brian S. Edwards
    Christopher Lai

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen