J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Annie S. Wang (SBN 243027)
annie@coombspc.com
J. Andrew Coombs, A Prof. Corp.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff Louis
Vuitton Malletier, S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| Louis Vuitton Malletier, S.A.,<br><br>    Plaintiff,<br><br>v.<br><br>Akanoc Solutions, Inc., et al.<br><br>    Defendants. | Case No.: C 07 3952 JW (HRL)<br><br>OPPOSITION OF PLAINTIFF LOUIS VUITTON MALLETIER, S.A. TO DEFENDANTS' MOTION IN LIMINE NO 1 TO EXCLUDE ALL TESTIMONY OF J. ANDREW COOMBS; DECLARATION OF J. ANDREW COOMBS |

## **INTRODUCTION**

The motion of Defendants to exclude the testimony of J. Andrew Coombs ("Coombs") should be denied as moot. As noted in the moving papers, Coombs has not been designated as a witness at any time by Louis Vuitton. Louis Vuitton has no intention to call Coombs or any member of his staff as a witness in this matter. Declaration of J. Andrew Coombs, ¶ 2.

To the extent that the Defendants attempt to use this as a justification to bootstrap exclusion of other conceivably related evidence, including evidence relating to the cease and desist letters, that evidence is not covered by Defendants' motion, the evidence should be admissible in any event in light of the policies favoring admissibility, and also because the letters are most probative as to their receipt by Defendants. Defendants' motion should be denied as improper and unfounded.

### A. The Rules of Evidence Favor Admissibility

Motions in limine should be granted sparingly. Alliance Fin. Capital, Inc. v. Herzfeld, 2007 Bankr. LEXIS 4511, at *2 (N.D. Ga. December 17, 2007) citing Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975); Middleby Corp. v. Hussmann Corp. 1992 U.S. Dist. LEXIS 13138, at *9-10 (N.D. Ill. August 27, 1992). "A pretrial motion in limine forces a court to decide the merits of introducing a piece of evidence without the benefit of the context of trial." CFM Communs., LLC v. Mitts Telecasting Co., 424 F. Supp. 2d 1229, 1233 (E.D. Cal. 2005); see also U.S. v. Marino, 200 F.3d 6, 11 (1st Cir. 1999) (recognizing that proffered evidence can be more accurately assessed in the context of other evidence).

Evidence should be "excluded on a motion in limine only if the evidence is *clearly* inadmissible for any purpose" (internal quotations omitted, emphasis added). Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc., 2006 U.S. Dist. LEXIS 42159, at *14 (N.D. Cal. June 12, 2006). This means Defendants will have to overcome the well established policies favoring admissibility. Daubert v. Merrell Dow Pharms., 509 U.S. 579, 587 (1993) ("The Rules' basic standard of relevance thus is a liberal one."); U.S. v. Curtin, 489 F.3d 935, 942 (9th Cir. 2007) citing Huddleston v. United States, 485 U.S. 681, 688-89 (1988) (the version of Rule 404(b) which became law was intended to "plac[e] greater emphasis on admissibility than did the final Court version"); see also U.S. v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (relief against admissibility under Rule 403 should be granted sparingly); U.S. v. Fleming, 215 F.3d 930, 939 (9th Cir. 2000) (Rule 403 favors admissibility); U.S. v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000) ("the application of Rule 403 must be cautious and sparing"); F.R.E. 102 Adv. Comm. Notes ("rules are to be liberally construed in favor of admissibility" within the bounds of the Rules to achieve goals of "speedy, inexpensive, and fair trials designed to reach the truth"). Defendants fail to meet their burden given the probative value of the evidence, the Rules, sound case law, and in light of these policies.

### B. Exclusion of Coombs' Testimony Does Not Mandate Exclusion of Cease and Desist Letters Transmitted to Defendants, Even If Those Demands Were Composed by Coombs

To the extent that the motion to exclude Coombs' testimony is an indirect challenge of certain cease and desist letters enumerated in the attached Exhibit to the motion and considered as such a motion despite its inaccurate caption, the motion should also be denied. Defendants' argument for exclusion is based, first on the inaccurate assumption that Coombs' testimony is required for admission of these exhibits and, second, on an inaccurate understanding of their relevance.

The transmission of the cease and desist letters (the only evidentiary fact concerning which Coombs or his staff could conceivably testify) is not relevant. What is relevant is the notice those letters provided to Defendants and the act (or inaction) in response to such letters. See, for example, N. Light Tech., Inc. v. N. Lights Club, 236 F.3d 57, 65 (1st Cir. 2007) (use of defendant's disregard of legitimate cease and desist letters as evidence of bad faith).[1] Authentication by Defendants, if authentication is required, is the relevant evidentiary fact. Moreover, the letters are not being introduced as evidence of the truth of their content, but as evidence of notice to the Defendants. The letters are not, therefore, hearsay.

Finally, Defendants are estopped from urging exclusion of the cease and desist letters on the grounds asserted. Defendants, through counsel, requested that evidence of further infringement be transmitted to the attention of defense counsel. Declaration of J. Andrew Coombs, ¶ 3.

---

[1] This is doubly true where, as here, Defendants failed to take measures to protect evidence upon receipt of the numerous cease and desist letters transmitted in this case. A cease and desist letter triggers the duty to preserve evidence, even prior to the filing of litigation. Cf. Fox. v. Riverdeep, Inc., No. 07 Civ. 13622, 2008 U.S. Dist. LEXIS 101633, at *18-19, 2008 WL 5244297, at *7 (E.D. Mich. Dec. 16, 2008) (awarding sanctions where defendant in copyright infringement case failed to preserve evidence, including e-mails, once it received cease and desist letter); Google Inc. v. American Blind & Wall Paper Factory, Inc., No. 03 Civ. 5340 JF (RS), 2007 U.S. Dist. LEXIS 48309, at *4, 2007 WL 1848665, at *1 (N.D. Cal. June 27, 2007) (holding that defendant's duty to preserve relevant evidence arose no later than the date the complaint was served and that this duty "likely arose some eighteen months earlier" when it received a cease and desist letter); Arista Records LLC, et al. v. Usenet.com, Inc., No. 07 Civ. 8822 (HB) (THK), 2009 U.S. Dist. LEXIS 5185 (S.D.N.Y. Jan. 26, 2009) ("Where copyright infringement is alleged, and a cease and desist letter issues, such a letter triggers the duty to preserve evidence, even prior to the filing of litigation.").

Defendants cannot now be heard to object to the notice so provided and in the manner requested by Defendants. Moreover, should Defendants elect to dispute receipt of the notice evidenced by the cease and desist letters, it is Defendants' counsel, not Coombs, who would be the pertinent witness and whose own request in the litigation has created the dilemma noted by Defendants' first motion in limine.

For the foregoing reasons, the motion should be denied.

Dated: March 9, 2009

J. Andrew Coombs, A Professional Corp.

By: _____
    J. Andrew Coombs
    Annie Wang
Attorneys for Plaintiff Louis Vuitton Malletier, S.A.

## DECLARATION OF J. ANDREW COOMBS

I, J. Andrew Coombs, declare as follows:

1. I am an attorney at law and duly admitted to practice before the courts of the United States District Court for the Northern District of California. I submit this declaration in support of the Opposition of Plaintiff Louis Vuitton to Defendants' Motion in Limine No. 1 in an action styled <u>Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., et al.</u>, Case No. C 07-3952 JW. I have personal knowledge of the following facts and, if called as a witness.

2. Louis Vuitton has not at any time designated me or any individual employed by J. Andrew Coombs, A P.C. as a witness in this matter.

3. I participated in the early planning meeting of counsel in November, 2007. During that conference, James Lowe, counsel for Defendants asked that, from the date of that meeting forward, all notices of infringing activity which the Plaintiff wished to transmit to Defendants should be transmitted to the attention of his office.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 9th day of March, 2009, at Glendale, California.

_____
J. ANDREW COOMBS