J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Professional Corporation
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone:  (818) 500-3200
Facsimile:  (818) 500-3201

Attorneys for Plaintiff
Louis Vuitton Malletier, S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| Louis Vuitton Malletier, S.A., | ) | Case No. C 07 3952 JW |
|---|---|---|
| Plaintiff, | ) | PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE No. 7 TO EXCLUDE EVIDENCE NOT PREVIOUSLY DISCLOSED IN INITIAL AND SUPPLEMENTAL DISCLOSURES; DECLARATION OF J. ANDREW COOMBS, EXHIBITS IN SUPPORT |
| v. | ) | |
| Akanoc Solutions, Inc., et al. | ) | |
| Defendants. | ) | |

## **INTRODUCTION**

Plaintiff Louis Vuitton Malletier, S.A. ("Plaintiff") files this Opposition to Defendants' Motion in Limine No. 7 to Exclude Evidence Not Previously Disclosed in Initial and Supplemental Disclosures ("Motion No. 7"). Defendants' motion is fundamentally flawed because it is based on a misstatement of the underlying factual record and applicable legal standards. Moreover, even were the motion otherwise proper, it should be denied to the extent that Defendants' own discovery defaults require Plaintiff to rely upon the evidence which is the subject of this motion.[1]

The perversity of Defendants' reasoning is evident not only from the fact that the Motion seeks to exclude documents and data which they should have produced in the first place, it seeks to exclude documents evidencing continuing post-litigation contributory infringement when, by

---
[1] In addition to its other defects, Defendants' Motion does not identify with specificity the exhibits they seek to exclude and should be further denied as vague and ambiguous.

Louis Vuitton v. Akanoc, et al.: Plaintiff's Opposition to
Defendants' Motion in Limine No. 7

- 1 -

Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc. et al    Doc. 120

Dockets.Justia.com

definition, such evidence did not exist at the time of the initial disclosures because it occurred after those disclosures (although within the categories of documents identified in those disclosures and thereafter produced by Plaintiff in conformity with the Federal Rules of Civil Procedure).

### A. The Rules of Evidence Favor Admissibility

Motions in limine should be granted sparingly. Alliance Fin. Capital, Inc. v. Herzfeld, 2007 Bankr. LEXIS 4511, at *2 (N.D. Ga. December 17, 2007) citing Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975); Middleby Corp. v. Hussmann Corp. 1992 U.S. Dist. LEXIS 13138, at *9-10 (N.D. Ill. August 27, 1992). "A pretrial motion in limine forces a court to decide the merits of introducing a piece of evidence without the benefit of the context of trial." CFM Communs., LLC v. Mitts Telecasting Co., 424 F. Supp. 2d 1229, 1233 (E.D. Cal. 2005); *see also* U.S. v. Marino, 200 F.3d 6, 11 (1st Cir. 1999) (recognizing that proffered evidence can be more accurately assessed in the context of other evidence).

Evidence should be "excluded on a motion in limine only if the evidence is *clearly* inadmissible for any purpose" (internal quotations omitted, emphasis added). Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc., 2006 U.S. Dist. LEXIS 42159, at *14 (N.D. Cal. June 12, 2006). This means Defendants will have to overcome the well established policies favoring admissibility. Daubert v. Merrell Dow Pharms., 509 U.S. 579, 587 (1993) ("The Rules' basic standard of relevance thus is a liberal one."); U.S. v. Curtin, 489 F.3d 935, 942 (9th Cir. 2007) citing Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("the version of Rule 404(b) which became law was intended to "plac[e] greater emphasis on admissibility than did the final Court version."); see also U.S. v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (relief against admissibility under Rule 403 should be granted sparingly); U.S. v. Fleming, 215 F.3d 930, 939 (9th Cir. 2000) (Rule 403 favors admissibility); U.S. v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000) ("the application of Rule 403 must be cautious and sparing"); Fed. R. Evid. 102 Adv. Comm. Notes ("rules are to be liberally construed in favor of admissibility" within the bounds of the Rules to achieve goals of "speedy, inexpensive, and fair trials designed to reach the truth"). Defendants fail

to meet their burden given the highly probative value of the evidence, the lack of unfair prejudice, the Rules, sound case law, and in light of these policies.

### B. Plaintiff Made the Required Disclosures

Defendants' Motion No. 7 is predicated upon the flawed assertion that Plaintiff will seek to introduce evidence "not listed in Vuitton's initial disclosures or any supplemental disclosure." As Defendants did not supply the Court with a copy of Plaintiff's Disclosures in this matter (which were not filed but served in conformity with the provisions of Fed.R.Civ.P. 26), Plaintiff attaches a copy of those disclosures hereto as Exhibit A. Declaration of J. Andrew Coombs ("Coombs Decl.") at ¶ 2, Ex. A.

As is evident from the attached Exhibit A disclosures, Plaintiff did supply "a description by category and location – of all documents, electronically stored information and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses...." Fed.R.Civ.P. 26(a)(1)(A)(ii). Specifically, Plaintiff identified: "Printouts from websites hosted by Defendants" and "Documents relating to investigation of websites hosted by Defendants". See Ex. A. It appears that these are precisely the categories of documents to which Defendants now purport to object by way of this motion.

The adequacy of these disclosures is underscored by the fact that Defendants have not, until the filing of this motion, objected in any way to the adequacy of Plaintiff's disclosures. Fed.R.Civ.P. 26(a)(1)(C).

Significantly, these disclosures were broad enough to encompass evidence of ongoing contributory infringement of Plaintiff's rights after the initial disclosures were filed. The Court will recall, for example, that Plaintiff was granted leave to amend the Complaint to expressly identify additional websites identified by Plaintiff after the litigation was filed. Printouts from those added websites and "Documents relating to investigation of websites" hosted by Defendants, although discovered after the initial disclosures, were still within the categories of documents already identified.

### C. Plaintiff Has Not Only Disclosed, It Has Produced the Evidence in Dispute

Consistent with Defendants need to elevate form over substance (given the inevitable ruling against them from any adjudication of this matter based on substance) Defendants fail to note that the disputed material has been produced.

Plaintiff's first production of documents back in February of 2008, consisted of over Two Thousand Seven Hundred (2,700) pages of infringing websites, documents relating to Defendants' status as host of those websites, cease and desist letters, trademark and copyright certifications, documents from Defendants' own website and documents relating to the counterfeit purchases by Louis Vuitton's investigator, among other things. Coombs Decl. at ¶ 3, Ex. C. Additional website and hosting related documents were forwarded to Defendants throughout this litigation as attachments to supplemental cease and desist letters shortly after their creation. Id. at ¶ 4, Ex. D. Given Defendants' insistence to continue the complained of behavior, Plaintiff is still acquiring evidence to date.

Defendants also state that the objectionable material is "virtually identical" to "Internet printouts" that Louis Vuitton disclosed earlier. Motion No. 7 at p 5. It is nonsensical for Defendants to argue that later discovered documents, "virtually identical" to documents already produced, are now somehow outside of the scope of Plaintiff's disclosures. The documents were identified in Plaintiff's initial disclosures, Plaintiff has had to incur additional burdens of production in light of Defendants' default, the infringements are ongoing which has produced more recent documents, and Defendants have already received the material.

Moreover, Defendants do not dispute that all such documents have been produced and copies made available well in advance of deadlines contemplated by the Federal Rules. Fed.R.Civ.P. 26(a)(3)(B) ("disclosures must be made at least 30 days before trial").[2] Motion No. 7 at p. 4.

---

[2] As recently as February, 2009, Plaintiff continues to discover new evidence of additional contributory infringement by Defendants. This information is being produced as it becomes available to Plaintiff, but the fact that Defendants' own ongoing wrongful conduct generates additional evidence supporting Plaintiff's claims even after this date does not obviate its admissibility insofar as it is all within the scope of disclosures admittedly made to Defendants in November, 2007.

Louis Vuitton v. Akanoc, et al.: Plaintiff's Opposition to            - 4 -
Defendants' Motion in Limine No. 7

### C. **Defendants Own Discovery Misconduct Bars Them From Seeking to Exclude Relevant Evidence Plaintiff Was Obligated to Generate By Other Means**

Throughout this litigation, Defendants have deliberately and systematically avoided fulfillment of their discovery obligations.[3] In particular, Defendants have produced not one bit (let alone byte) of data hosted on their servers, nor one data entry evidencing Internet traffic through their routers, despite two Court orders to do so. In particular, Defendants have produced no website content hosted on their servers and which evidences both the underlying direct infringement and the fact that such infringing activity was hosted on servers which two Courts have now found were within Defendants "possession, custody or control" as part of those discovery motions – despite the fact that Plaintiff has been able to generate such evidence as a general member of the Internet using public. Although the Stored Communications Act has been repeatedly asserted by Defendants as a basis for refusing to produce even this publically accessible information, (i) in Opposition to the underlying motion to compel; (ii) in support of its (overruled) objections to the Magistrate Judge's order compelling production and (iii) in refusing to cooperate in the development of a protocol as ordered by the Magistrate Judge, these supposedly crucial privileges were not even mentioned in Defendants' initial objections and responses to the discovery and now twice rejected by the Court in this case.

For all the foregoing reasons, Defendants Motion No. 7 is properly denied.

Dated: March 9, 2009

J. Andrew Coombs, A Professional Corp.

By: _____
    J. Andrew Coombs
    Annie Wang
Attorneys for Plaintiff Louis Vuitton Malletier, S.A.

---

[3] Plaintiff will not even dwell on the mysterious disappearance of all email communications (by an Internet Service Provider no less) as of approximately the same date this litigation was filed.

# DECLARATION OF J. ANDREW COOMBS

I, J. Andrew Coombs, declare as follows:

1. I am an attorney at law duly admitted to practice before the Courts of the State of California and the United States District Court for the Northern District of California. I am counsel of record for Plaintiff Louis Vuitton Malletier, S.A. ("Plaintiff" or "Louis Vuitton") in an action styled Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., et al., Case No. C 07 3952 JW. I submit this declaration in support of Plaintiff's Opposition to Defendants' Motion in Limine No. 7. Except as otherwise stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows.

2. Attached Exhibit A is a true and accurate copy of Plaintiff's Initial Disclosures dated November 28, 2007.

3. I am informed and believe that Plaintiff's first production of documents in response to discovery requests was made in February of 2008, and consisted of approximately 2,792 pages of documents consisting of infringing websites, documents relating to Defendants' status as host of those websites, cease and desist letters, trademark and copyright certifications, documents from Defendants' own website and documents relating to the counterfeit purchases by Louis Vuitton's investigator, among other things. Attached hereto as Exhibit B is a copy of the transmittal letter of Plaintiff's first production dated February 8, 2008.

4. I am informed and believe that throughout this litigation, Plaintiff has produced additional materials as attachments to cease and desist letters. Attached hereto as Exhibit C are true and correct copies of an example of such supplemental materials produced to Defendants.

5. I am informed and believe that Plaintiff's exhibits continue to be collected to date.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 9th day of March, 2009, at Glendale, California.

_____
J. ANDREW COOMBS

**EXHIBIT A**

J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
**J. Andrew Coombs, A Prof. Corp.**
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff Louis
Vuitton Malletier, S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Louis Vuitton Malletier, S.A., <br><br> Plaintiff, <br><br> v. <br><br> Akanoc Solutions, Inc., et al., <br><br> Defendants. | Case No.: C 07 3952 JW <br><br> **DISCLOSURES OF PLAINTIFF LOUIS VUITTON MALLETIER, S.A. PURSUANT TO FED.R.CIV.P. 26** |

Plaintiff Louis Vuitton Malletier, S.A.. (hereafter "Louis Vuitton"), hereby makes the following Initial Disclosures in accordance with F.R.C.P. 26(a)(1). In doing so, Louis Vuitton does not waive any valid objections it may have to any request to produce documents identified herein. This disclosure is based on information reasonably available to Louis Vuitton as of this date. Louis Vuitton reserves the right to supplement this disclosure if and when additional responsive information becomes available.

(A) <u>**Persons likely to have discoverable information**</u>

    1.    Nikolay Livadkin

          Anti-counterfeiting Manager / Intellectual Property Department

          Louis Vuitton Malletier

          2, Rue du Pont Neuf

Louis Vuitton v. Akanoc, et al.: Voluntary Disclosures      - 1 -

**ORIGINAL**

|   |   |
|---|---|
| 1 |         Paris, France, 75001 |
| 2 | 2.   Robert Holmes |
| 3 |   |
| 4 |      IP Cybercrime.com |
| 5 |      400 Bank of America Plano Tower |
| 6 |      101 East Park Boulevard |
| 7 |      Plano, Texas 75074 |

Louis Vuitton further states that the Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steven Chen (collectively "Defendants") have discoverable information regarding this case. Plaintiff also identifies Defendants' employees, customers and third party service providers as potential witnesses in support of its claims.

**(B)** **Document disclosure**

In accordance with Fed. R. Civ. P. 26(a)(1)(B), Louis Vuitton hereby provides the following descriptions of categories of non-privileged documents known to it at this time that may be relevant to the disputed facts in this matter:\

1. Counterfeit Louis Vuitton merchandise and packaging sold through websites hosted by Defendants.
2. Louis Vuitton trademark registrations.
3. Louis Vuitton copyright registrations.
4. Printouts from websites hosted by Defendants
5. Documents relating to investigation of websites hosted by Defendants

These documents are located at J. Andrew Coombs, A P.C., 517 E. Wilson Ave., Suite 202, Glendale, California 91206.

**(C)**

**A computation of any category of damages claimed.**

In addition to injunctive relief, Louis Vuitton may seek the following damages:

1. Statutory damages under the Trademark Act of up to One Million Dollars per counterfeit mark per type of goods sold, offered for sale, or distributed.

2. Statutory damages under the Copyright Act of up to One Hundred and Fifty Thousand Dollars for each registered copyright infringed upon.

3. Three times the amount of Louis Vuitton's actual damages.

4. Attorney's Fees.

5. Costs.

Louis Vuitton does not yet have complete information regarding the sales of counterfeit Louis Vuitton products made using Defendants services, and requires that information in order to accurately compute its damages.

**(D)  Insurance agreements.**

Not applicable.

Dated: November 28, 2007    J. Andrew Coombs, A Professional Corp.

By: _____
J. Andrew Coombs
Annie S. Wang
Attorneys for Plaintiff Louis Vuitton Malletier, S.A.

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 E. Wilson Ave., Suite 202, Glendale, California 91206.

On November 28, 2007, I served on the interested parties in this action with the:

- **DISCLOSURES OF PLAINTIFF LOUIS VUITTON MALLETIER, S.A. PURSUANT TO FED.R.CIV.P. 26**
-

for the following civil action:

Louis Vuitton Malletier S.A. v. Akanoc Solutions, Inc., et al.

by placing a true copy thereof in an envelope to be immediately sealed thereafter. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

| James A. Lowe, Esq.<br>Gauntlett & Associates<br>18400 Von Karman Ave., Suite 300<br>Irvine, California 92612 | |
|---|---|

Place of Mailing: Glendale, California
Executed on November 28, 2007, at Glendale, California.

*Jeremy Cordero*

# EXHIBIT B

LAW OFFICES
# J. ANDREW COOMBS
A PROFESSIONAL CORPORATION
517 EAST WILSON AVENUE, SUITE 202
GLENDALE, CALIFORNIA 91206-5902
TELEPHONE (818) 500-3200
FACSIMILE (818) 500-3201

February 8, 2008

**Via First Class Mail**

James A. Lowe, Esq.
Gauntlett & Associates
18400 Von Karman Ave., Suite 300
Irvine, California 92612

    Re:    **Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., et al.**
              Case No.: CV 07-3952 JW

Dear Mr. Lowe:

In reference to the above matter, enclosed please find one (1) disc, which contain Plaintiff's response to Defendant's first request for document production.

Thank you.

Very Truly Yours,

J. Andrew Coombs,
A Professional Corporation

By: Jeremy Cordero
For Plaintiff Louis Vuitton Malletier, S.A.

JJC:bm

**EXHIBIT C**

LAW OFFICES
# J. ANDREW COOMBS
A PROFESSIONAL CORPORATION
517 EAST WILSON AVENUE, SUITE 202
GLENDALE, CALIFORNIA 91206-5902
TELEPHONE (818) 500-3200
FACSIMILE (818) 500-3201

April 7, 2008

<u>Via E-Mail and</u>
<u>First Class Mail</u>
*jal@gauntlettlaw.com*

James A. Lowe, Esq.
Gauntlett & Associates
18400 Von Karman, Suite 300
Irvine, California 92612

    Re: <u>Louis Vuitton v. Akanoc Solutions, et al.</u>

Dear Mr. Lowe:

    I follow up on our letter of March 31, 2008 concerning sites offering counterfeit Louis Vuitton merchandise hosted by servers owned and controlled by your clients, the defendants in the above-captioned matter. I note that one of those sites, eshoes99.net is still hosted by Akanoc Solutions, as evidenced by the attached.

Very Truly Yours,

J. Andrew Coombs,
A Professional Corporation

By: J. Andrew Coombs
Attorney for Louis Vuitton Malletier, S.A.

Enclosures

JAC:asw


PLAINTIFF'S
EXHIBIT
482

EXHIBIT C      Page 12


http://www.eshoes99.net/class_70_handbags_677_LV.html
4/7/2008

EXHIBIT C
Page 13

Your use of this website is subject to and constitutes acknowledgement and acceptance of our Terms & Conditions.

# wholesale Jordan shoes

soccer jersey supplier | nike supplier | wholesale nike shoes | wholesale nike sneakers | Nike Shoes Supplier | wholesale jordan shoes | wholesale shoes | jordan shoes supplier

**wholesale Jordan shoes** Jordan, also known as Air Jordan or His Airness has been considered basketball's greatest-ever player. Jordan signed the deal with nike in 1984, and Jordan Brand, a Nike subsidiary started producing the air jordan shoes. The company came up with Air Jordan I designed by Peter Moore in 1985. Bruce Kilgore designed the Air Jordan II launched in 1986/87 and Tinker Hatfield designed Air Jordan III and Air Jordan IV released in 1988 and 1989 respectively. The company has recently released Air Jordan XXI in Feb, 2006. Today, **wholesale Jordan shoes** the Air Jordans or Nike Air Jordans are worn and endorsed by athletes all over the globe. The wholesale Air Jordan are the air jordan shoes sold at the wholesale quotes. The wholesale Air Jordans are not for public sale directly, rather thru the Air Jordan retailers. The wholesale Air Jordan are usually sold in big volumes to retailers who further resale them to the consumers. The wholesale Air Jordan may include Air Jordan shoes, Air Jordan sneakers and all Air Jordans up to the latest Air Jordan XXI. The retailers always look to buy wholesale Air Jordan at the cheapest possible rates, to earn maximum profits. They always pursue cheap wholesale Air Jordans to sell them at good retail prices.

181739



## Whois Record for Eshoes99.net ( E Shoes 99 )

### Front Page Information

- **Website Title:** wholesale Nike shoes
- **Title Relevancy** 100%
- **Meta Description:** We are a Nike factory, factor... ...wholesale Nike shoes from our Nike factory. Wholesale Nike s... all shoes come with original boxes and retro cards.
- **Description Relevancy:** 47% relevant
- **AboutUs:** Wiki article on Eshoes99.n...
- **SEO Score:** 79%
- **Terms:** 545 (Unique: 294, Linked: 21...)
- **Images:** 42 (Alt tags missing: 29)
- **Links:** 154 (Internal: 154, Outb...
- **iFrames:** 2 ( Parts of page not ind... ...by most search engines. )

### Indexed Data

- **Alexa Trend/Rank:** #6,025,061 ↓ 5,481,652 ... ...over the last three months.

### Registry Data

- **ICANN Registrar:** XIN NET TECHNOLOGY CORP...
- **Created:** 2008-03-04
- **Expires:** 2009-03-04
- **Registrar Status:** ok
- **Name Server:** NS1.72DNS.COM (has 7,328 ...)
- **Name Server:** NS2.72DNS.COM
- **Whois Server:** whois.paycenter.com.cn

### Server Data

- **Server Type:** Microsoft-IIS/6.0
- **IP Address:** 204.16.192.77
- **IP Location:** - New York - New York - ...Solutions Inc
- **Response Code:** 200
- **Blacklist Status:** Clear
- **Domain Status:** Registered And Active Webs...

### DomainTools Exclusive

- **Registrant Search:** "liu mao" owns about 2 o... ...domains
- **NS History:** 2 changes on 3 unique na... ...over 1 year
- **IP History:** 4 changes on 4 unique na... ...over 1 year
- **Whois History:** 2 records have been archived...
- **Reverse IP:** 4 other sites hosted on this s...
- **Monitor Domain:** Set Free Alerts on eshoe...
- **Free Tool:** Download DomainTools for Windows

### Whois Record

```
Domain Name:eshoes99.net

Registrant:
liu mao
        guang zhou tian fu lu 22hao
        510620

Administrative Contact:
liu mao
        liu mao
        guang zhou tian fu lu 22hao
        GuangZhou Beijing 510620
        CN
        tel: 86 20 87576568
```

### Add Missing Thumbnail:
Queue Thumbnail For Addition

### SEO Text Browser

**SEO Text Browser**

*Professional supplier in Wholesale Nike Shoes, many more Nike supplier selection. wholesale nike shoes we specializing in top footwear supplier*
Inquiry Basket Inquiry Basket (0) | join | Help
nike shox
wholesale nike shoes          nike
Homewholesale nike sneakersAboutshoes usNike Shoes
SupplierProductwholesale jordan shoesContactjordan shoes
Feedbackjordan shoes supplierVip service Help Price
wholesale nike shoes
   Search:  Email            Member
http://www.eshoes99.net

Disable SEO Text Browser ( Beta )

### Other TLDs                                Hide Key

.com   .net   .org   .biz   .info   .us

### Symbol Key

Available
Available (Previously registered)
Registered (Active website)
Registered (Parked or redirected)
Registered (No website)
On-Hold (Generic)
On-Hold (Redemption Period)
On-Hold (Pending Delete)
Monitor
Preview
No preview
Buy this (Available)
Buy this (Bid at auction)

**Jewelry for Resale Only**
Wholesale bulk gold, silver, & crystal jewelry, chain by the inch.
www.OlympiaGold.com

**10 Rules to Cut Belly Fat**
Lose 9 lbs every 11 Days with these 10 Idiot Proof Rules of Fat Loss
www.FatLoss4Idiots.com

**Register domain from 1.69**
Save on domains and hosting from Direct Dot, why pay more...
www.directdot.com

                          Ads by Google

### Customize This Page

Select the items you want to be shown

# Eshoes99.net - E Shoes 99

```
       fax: 86 20 87576568
       gzliumao@163.com

Technical Contact:
liu mao
       liu mao
       guang zhou tian fu lu 22hao
       GuangZhou Beijing 510620
       CN
       tel:    87576568
       fax:    87576568
       gzliumao@163.com

Billing Contact:
liu mao
       liu mao
       guang zhou tian fu lu 22hao
       GuangZhou Beijing 510620
       CN
       tel:    87576568
       fax:    87576568
       gzliumao@163.com

Registration Date: 2008-03-04
     Update Date: 2008-03-04
 Expiration Date: 2009-03-04

   Primary DNS:  ns1.72dns.com          61.145.126.133
 Secondary DNS:  ns2.72dns.com          211.155.220.241
```



Do you own high-quality generic domains? List them in the April 21st DomainTools Live Auction at the Domain Roundtable Conference in San Francisco. Want to ensure your domain is listed? Register now for the conference - every attendee has a guaranteed acceptance slot of one domain in the Live Auction.

[Auction a Domain] - Sign up for the Roundtable.

on this page. Login to save preferences

☑ Front Page    ☑ Indexed Data
☑ Server Data   ☑ Registry Data
☑ Exclusive Data ☑ Whois Record

**Domains for Sale**

| Domain | Price |
|---|---|
| ShoesYou.com | $199.00 |
| CementShoes.com | $700.00 |
| ConsignmentShoes.com | $1,000.00 |
| TabooShoes.com | $1,000.00 |
| SellingShoes.com | $1,000.00 |
| BasketballShoes.com | $1,050.00 |
| WowShoes.com | $1,200.00 |
| MadShoes.com | $1,200.00 |
| MexicanShoes.com | $1,300.00 |
| MiniShoes.com | $1,500.00 |
| MichaelShoes.com | $1,788.00 |

**Domains At Auction**

| Domain | Auction Date |
|---|---|
| LacyShoes.com | 04-08-2008 |
| BestCityShoes.com | 04-08-2008 |
| DiscountFeet.com | 04-08-2008 |
| FeetPlace.net | 04-08-2008 |
| HotBootsAndShoes.com | 04-08-2008 |
| Aqua-Shoes.com | 04-08-2008 |
| Feet-Maniacs.com | 04-08-2008 |
| Id4Shoes.net | 04-08-2008 |
| XNiteShoes.com | 04-08-2008 |
| AcosHoes.com | 04-08-2008 |
| AirForceOnes-Shoes.com | 04-08-2008 |
| EightySixShoes.com | 04-08-2008 |
| FeetSteR.com | 04-08-2008 |

**Compare Similar Domains**

| Domain | Created |
|---|---|
| E Shoes | 1997-12-08 |
| E Shoe Sale | 1998-12-19 |
| E Shoes 247 | 1999-12-15 |
| E Shoes City | 2000-09-05 |
| E Shoes Direct | 2001-09-21 |
| E Shoe Sales | 2003-05-02 |
| E Shoes Delivery | 2005-06-05 |
| E Shoes - And - Sport | 2005-09-23 |
| E Shoes And Sport | 2005-09-23 |
| E Shoes 99 | 2005-10-23 |
| E Shoe Outlet | 2006-01-24 |
| E Shoes 24 | 2006-11-17 |
| E Shoe Repair | 2006-11-20 |
| E Shoes Eller | 2007-01-09 |
| E Shoe Paradise | 2007-01-21 |