J. Andrew Coombs  (SBN 123881)
andy@coombspc.com
Annie S. Wang (SBN 243027)
annie@coombspc.com
J. Andrew Coombs, A Prof. Corp.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone:  (818) 500-3200
Facsimile:  (818) 500-3201

Attorneys for Plaintiff Louis
Vuitton Malletier, S.A.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| Louis Vuitton Malletier, S.A., | Case No.: C 07 3952 JW (HRL) |
| Plaintiff, | OPPOSITION OF PLAINTIFF LOUIS VUITTON MALLETIER, S.A. TO DEFENDANTS' MOTION IN LIMINE NO 8 TO EXCLUDE ALL REFERENCES TO IPCYBERCRIME.COM |
| v. | |
| Akanoc Solutions, Inc., et al., | |
| Defendants. | |

## **INTRODUCTION**

In yet another ill-considered attempt to limit the scope of evidence to be admitted at trial, Defendants seek redaction of exhibits and a limitation on testimony to exclude reference to the name of the investigative agency retained by Louis Vuitton to investigate some of the underlying counterfeiting facilitated by the Defendants' conduct. Defendants separately object to the combination "cyber" and "crime" in the investigative agency's name.

### A. The Rules of Evidence Favor Admissibility

Motions in limine should be granted sparingly. Alliance Fin. Capital, Inc. v. Herzfeld, 2007 Bankr. LEXIS 4511, at *2 (N.D. Ga. December 17, 2007) citing Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975); Middleby Corp. v. Hussmann Corp. 1992 U.S. Dist. LEXIS 13138, at *9-10 (N.D. Ill. August 27, 1992). "A pretrial motion in limine forces a court to decide the merits of introducing a piece of evidence without the benefit of the context of trial." CFM Communs., LLC v. Mitts Telecasting Co., 424 F. Supp. 2d 1229, 1233 (E.D. Cal.

2005); *see also* U.S. v. Marino, 200 F.3d 6, 11 (1st Cir. 1999) (recognizing that proffered evidence can be more accurately assessed in the context of other evidence).

Evidence should be "excluded on a motion in limine only if the evidence is *clearly* inadmissible for any purpose" (internal quotations omitted, emphasis added). Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc., 2006 U.S. Dist. LEXIS 42159, at *14 (N.D. Cal. June 12, 2006). This means Defendants will have to overcome the well established policies favoring admissibility. Daubert v. Merrell Dow Pharms., 509 U.S. 579, 587 (1993) ("The Rules' basic standard of relevance thus is a liberal one."); U.S. v. Curtin, 489 F.3d 935, 942 (9th Cir. 2007) citing Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("the version of Rule 404(b) which became law was intended to "plac[e] greater emphasis on admissibility than did the final Court version."); see also U.S. v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (relief against admissibility under Rule 403 should be granted sparingly); U.S. v. Fleming, 215 F.3d 930, 939 (9th Cir. 2000) (Rule 403 favors admissibility); U.S. v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000) ("the application of Rule 403 must be cautious and sparing"); Fed. R. Evid. 102 Adv. Comm. Notes ("rules are to be liberally construed in favor of admissibility" within the bounds of the Rules to achieve goals of "speedy, inexpensive, and fair trials designed to reach the truth"). Defendants fail to meet their burden given the probative value of the evidence, the Rules, sound case law, and in light of these policies.

**B.**   **Defendants Fail to Meet The High Burden To Justify Exclusion Of Otherwise Probative Evidence**

The probative nature of the challenged evidence and Defendants' failure to meet the high burden upon them under F.R.E. 403 warrants denial of this motion on grounds of excess prejudice.

Relief against admissibility under Rule 403 should be granted sparingly as Rule 403 favors admissibility. U.S. v. Fleming, 215 F.3d 930, 939 (9th Cir. 2000); see also U.S. v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000). Some circuits have required that the unfair prejudice be "exceedingly great" while looking at the evidence "most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect..." U.S. v. Stout, 509 F.3d 796, 806 (6th Cir.

2007). "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." U.S. v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000).

Ironically, Defendants' contention appears to conflate the supposed implications of the name of the investigative agency with the conduct of Defendants when the investigative efforts also pertain to the website operators who avail themselves of the Defendants' goods and services. Moreover, to the extent that the name implicates criminal conduct on the part of those website hosts, the name is not inaccurate (as is also implied by the Defendants' argument) insofar as the trafficking in counterfeit and piratical goods does constitute a criminal offense. 18 U.S.C. §§ 2819, 2820.

Because Defendants' legal arguments fail and because they can not present any legitimate argument of unfair prejudice to the level required by the Rule, Defendants motion should be denied.

For the foregoing reasons, Defendants' Motion No. 8 should be denied.

Dated: March 9, 2009

J. Andrew Coombs, A Professional Corp.

By:    J. Andrew Coombs
       Annie Wang
Attorneys for Plaintiff Louis Vuitton Malletier, S.A.