J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff Louis
Vuitton Malletier, S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| Louis Vuitton Malletier, S.A., ) | Case No.: C 07 3952 JW |
| ) | |
| Plaintiff, ) | OBJECTIONS TO DEFENDANTS' |
| ) | PROPOSED JURY INSTRUCTIONS |
| v. ) | |
| ) | Final Pretrial Conference: |
| Akanoc Solutions, Inc., et al., ) | Date: March 23, 2009 |
| ) | Time: 3:00 p.m. |
| Defendants. ) | Courtroom: 8, 4th Floor |

**TO DEFENDANTS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiff Louis Vuitton Malletier, S.A. ("Plaintiff" or "Louis Vuitton") submits the following objections to the Proposed Jury Instructions and Supplemental Jury Instructions submitted by Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steve Chen (collectively "Defendants") as set forth below:

**Defendants' Jury Instruction No. 1.2 Claims and Defenses**

Louis Vuitton objects to Defendants' proposed language of Louis Vuitton's claims as it does not fully explain the specific allegations of wrongdoing.

Louis Vuitton also objects to Defendants' proposed insertion on Defendants' defenses beginning from "Steve Chen is the manager of MSG and Akanoc…" until the end of Defendants' proposed instruction largely because they are not defenses, they state facts that are contrary to the evidence, state facts not in evidence, or misstate the law.

Defendants' statements that misstate or are contrary to the evidence are improper for the

following reasons: Steve Chen is not only the manager, but the sole owner of MSG and Akanoc, it is disputed what Defendants are really in the business of doing, the statements regarding the existence of "wholesale resellers" lacks evidentiary support and are contradicted by the emails sent by Defendants to their customers about certain of the websites, the statement Defendants have no "direct or indirect relationship with the operators of the websites" is clearly false given their involvement as hosts, the statement they have no advance knowledge is contrary to the evidence of the notices Defendants received as to infringements as well as their own records regarding recidivist offenders, and Defendants' characterization of a "modest" fee for its "business" does not accurately represent the other services offered by Defendants that were not listed, including the protection and shielding of its customers from disruption from third parties.

The objectionable portions also assume facts not in evidence as Defendants have never provided any contract or other agreement between an alleged "reseller" and some other "retailer" or "end users." The Court has also ruled this distinction as "not dispositive on the issue of control." MSJ Ruling p. 16. Additionally, Defendants are unable to produce any evidence of any response to abuse complaints for a critical period of time in the case due to a "crash" or other unsupported stated inability to produce documents which is contrary to Defendants' proposed instruction that Defendants follow some kind of protocol.

Defendants' proposed instruction also misstates the law in stating it has no duty to "monitor" content and that they are prohibited from doing so by federal law. These statements are contrary to law, the Court's rulings, and should also be precluded as being barred by the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court...'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted).

On the issue of monitoring, this Court has already ruled that "Defendants cannot remain "willfully blind" to trademark infringement taking place on their servers." Judge Ware's Ruling on Defendants' Motion for Summary Judgment ("MSJ Ruling") p. 17. Additionally, as adjudged by both Magistrate Judge Lloyd and this Court, the Stored Communications Act does not apply to

publicly available content and does not prevent Defendants from accessing such data on their servers. MSJ Ruling p. 16.

### Defendants' Jury Instruction No. 5.1 Damages Proof

Louis Vuitton objects to Defendants' insertion of "you should award damages or" as biased and misleading. Louis Vuitton also objects to the omission of any reference to contributory copyright infringement damages.

### Defendants' Supplemental Jury Instruction No. 1 Contributory Trademark Infringement

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court...'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted).

Defendants' instruction purports to require additional elements to a finding of underlying infringement, that a third party infringer be specifically "identifiable." This is misleading and contrary to the Court's straightforward ruling that "[a]ll theories of secondary liability for copyright and trademark infringement require some underlying direct infringement by a third party." MSJ Ruling p. 5.

Additionally, Defendants' suggestion that Plaintiff must go through a multi-factor test to prove a likelihood of confusion in this case involving counterfeits is contrary to law[1] and reason

---

[1] *Brookfield Communs. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1056 (9th Cir. 1999) ("In light of the virtual identity of marks, if they were used with identical products or services likelihood of confusion would follow as a matter of course."); *Shakespeare Co. v. Silstar Corp. of Am.*, 110 F.3d 234, 241 (4th Cir. 1997) ("Our cases make clear, however, that that presumption arises only where the intentional copying is motivated by an "intent to exploit the good will created by an already registered trademark""); *Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 148 (4th Cir. 1987) ("Where, as here, one produces counterfeit goods in an apparent attempt to capitalize upon the popularity of, and demand for, another's product, there is a presumption of a likelihood of confusion."); *see Lindy Pen Co. v. Bic Pen Corp.*, 796 F.2d 254, 256-57 (9th Cir. 1986) (reversing a district court's finding of no likelihood of confusion even though the six other likelihood of confusion factors all weighed against a finding of likelihood of confusion); *Phillip Morris USA*

Louis Vuitton v Akanoc, et al.: Objections to Jury Instructions
-3-

when the entire purpose of a "knock-off" product is to deceive and some of the websites expressly stated they were selling replicas. The Court also did not review any such multi-factored test in its ruling on Defendants' Motion for Summary Judgment.

Defendants' instruction on "Element Two" is also incomplete, misleading and inconsistent with the prior summary judgment ruling.

**Defendants' Supplemental Jury Instruction No. 2 Contributory Copyright Infringement**

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court...'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted).

Defendants also improperly seek to add additional burdens of proof to find an underlying copyright infringement. There is no requirement to find a "specified third party" as Defendants suggest. As stated succinctly by the Court, Louis Vuitton must own a valid copyright and there must have been a violation of an exclusive right under 17 U.S.C. § 106. MSJ Ruling p. 5.

Defendants also misstate the law as pertaining to contributory infringement essentially negating the possibility of a showing of constructive knowledge to prove the claim and distorting

---

*Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1073 (C.D. Cal. 2004) citing *Phillip Morris USA Inc. v. Felizardo*, 2004 U.S. Dist. LEXIS 11154, at *18 (S.D.N.Y. June 18, 2004) ("However, "in cases involving counterfeit marks, it is unnecessary to perform the step-by-step examination . . . because counterfeit marks are inherently confusing."); *Phillip Morris USA Inc. v. Felizardo*, 2004 U.S. Dist. LEXIS 11154, at *18 (S.D.N.Y. June 18, 2004) ("[C]ounterfeit marks are inherently confusing."); *Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 286 F. Supp. 2d 284, 287 (S.D.N.Y. 2003); ("[C]ounterfeits by their very nature, cause confusion...Indeed, confusing the customer is the whole purpose of creating counterfeit goods."); *Microsoft Corp. v. Software Wholesale Club, Inc.*, 129 F. Supp. 2d 995, 1007 fn. 11 (S.D. Tex. 2000) ("However, in the case of a counterfeit mark, likelihood of confusion is clear."); *Dial-A-Mattress Operating Corp. v. Mattress Madness, Inc.*, 841 F. Supp. 1339, 1346 (E.D.N.Y. 1994) ("Moreover, confusion is simply inevitable since the parties are selling the same products in the same channels of commerce under the guise of the identical Dial-A-Mattress mark.").

the issue of notice. Defendants' statement that Louis Vuitton must show "each defendant was aware of the third party's infringing conduct at the time it was happening" changes the law. Defendants do not dispute that the claim can be satisfied upon a showing that Defendants should have been aware in addition to were aware, and the inclusion of the language "at the time it was happening" distorts the fundamental understanding that once notified, Defendants are on notice of a particular infringement from that point forward.

Defendants' instruction on "Element Three" is also incomplete, misleading and inconsistent with the prior summary judgment ruling.

**Defendants' Supplemental Jury Instruction No. 3 Willful Trademark Infringement**

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court...'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted).

Louis Vuitton also objects to Defendants' suggestion that willfulness be proved by the elevated standard of "clear and convincing evidence". Defendants' citation of one case from a District Court of Oregon should not singularly raise the bar on this burden of proof that is contrary to accepted burdens of a preponderance on the issue of willfulness.

**Defendants' Supplemental Jury Instruction No. 5 Defenses to Contributory Copyright Infringement – DMCA Safe Harbor – Requirements**

Louis Vuitton objects to this instruction in large part because of its inapplicability to Defendants in this litigation.

**Defendants' Supplemental Jury Instruction No. 6 Obligation of Rights Holder to Notify ISP- ISP Prohibited from Monitoring Content of Servers**

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is

generally precluded from reconsidering an issue that has already been decided by the same court...'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted). As adjudged by both Magistrate Judge Lloyd and this Court, the Stored Communications Act does not apply to publicly available content and does not prevent Defendants from accessing such data on their servers. MSJ Ruling p. 16.

Additionally, this proposed instruction is contrary to the evidence in that Defendants often monitored the content on their servers for illegalities, to see if websites had migrated to another of Defendants' IP Addresses, and to see if offending material had been removed among other things.

**Defendants' Supplemental Jury Instruction No. 7 Contributory Copyright Infringement – Substantial Non-Infringing Uses**

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court...'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted). A finding against "Substantial Non-Infringing Uses" is not an added element to a finding of contributory liability as Defendants suggest.

**Defendants' Supplemental Jury Instruction No. 8 Contributory Copyright Infringement – Induced, Caused or Materially Contributed to Direct Infringement**

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court...'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted). This instruction blatantly

misstates the law and omits controlling Ninth Circuit authority on the liability of computer system operators specifically. It is prejudicially misleading.

**Defendants' Supplemental Jury Instruction No. 9 Contributory Trademark Infringement – Direct Control and Monitoring**

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court...'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted). This instruction blatantly misstates the law on constructive knowledge, and improperly inserts additional requirements of control over "operations at infringing websites including advertising and promoting infringing businesses..." that are unfounded by law and reason. It is prejudicially misleading.

**Defendants' Supplemental Jury Instruction No. 10 Contributory Trademark Infringement – Induced, Caused or Materially Contributed to Direct Infringement**

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court...'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted). This instruction blatantly misstates the law and is prejudicially misleading.

**Defendants' Supplemental Jury Instruction No. 11 Contributory Trademark Infringement – Willful Blindness**

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same

court...'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted). This instruction misstates the law. The Court has already stated the correct standards and they are in direct conflict with Defendants' improper instruction.

**Defendants' Supplemental Jury Instruction No. 12 Contributory Copyright Infringement – Induced, Caused or Materially Contributed to Direct Infringement**

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court...'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted). This instruction is also misleading in omitting the specified standards and examples previously, and correctly cited by this Court on the issue of Material Contribution.

**Defendants' Supplemental Jury Instruction No. 13 Contributory Copyright Infringement – Induced, Caused or Materially Contributed to Direct Infringement**

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court...'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted). This instruction misstates the law and is prejudicially misleading.

**Defendants' Supplemental Jury Instruction No. 14 Contributory Copyright Infringement – Induced, Caused or Materially Contributed to Direct Infringement**

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is

generally precluded from reconsidering an issue that has already been decided by the same court...'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted). This instruction misstates the law and is prejudicially misleading.

**Defendants' Supplemental Jury Instruction No. 15 Contributory Copyright Infringement – Induced, Caused or Materially Contributed to Direct Infringement**

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court...'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted). This instruction misstates the law and is prejudicially misleading.

**Defendants' Supplemental Jury Instruction No. 16 Contributory Trademark Infringement – Likelihood of Confusion**

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court...'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted).

This instruction is also inapplicable to this case involving counterfeits and is contrary to law[2] and practice. It is particularly inapplicable in light of common understandings of the very purpose of "knock-offs" to confuse and to pass off as authentic products, thereby improperly infringing the goodwill of legitimate rights holders who have expended significant resources in the creation, promotion and protection of their marks.

---

[2] *See supra* footnote 1.

**Defendants' Supplemental Jury Instruction No. 17 Contributory Trademark Infringement – Likelihood of Confusion**

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court...'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted).

This instruction is also inapplicable to this case involving counterfeits and is contrary to law[3] and practice. It is particularly inapplicable in light of common understandings of the very purpose of "knock-offs" to confuse and to pass off as authentic products, thereby improperly infringing the goodwill of legitimate rights holders who have expended significant resources in the creation, promotion and protection of their marks.

Dated: March 9, 2009

J. ANDREW COOMBS, A Professional Corporation

By:　　J. Andrew Coombs
　　　　Annie S. Wang
Attorneys for Plaintiff Louis Vuitton Malletier, S.A.

---

[3] See supra footnote 1.