\*E-FILED 3/10/2009\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | No. C07-03952 JW (HRL) |
| Plaintiff, | |
| v. | **ORDER RE DISCOVERY PROTOCOL** |
| AKANOC SOLUTIONS, INC., MANAGED SOLUTIONS GROUP, INC. STEVEN CHEN and DOES 1 THROUGH 10, | **[Re: Docket No. 94]** |
| Defendants. | |

This is an action for alleged trademark and copyright infringement. Plaintiff claims that defendants are secondarily liable for infringement because they provide Internet hosting services for a number of websites that sell counterfeit Louis Vuitton merchandise. Defendants say that they simply provide access to the Internet by renting Internet Protocol ("IP") addresses and Internet bandwidth to third-party resellers and other Internet hosting companies who, in turn, host individual websites. Defendants further contend that, unless a specific complaint is brought to their attention, they have no knowledge or control over the contents of websites hosted on their servers.

This court previously granted plaintiff's motion to compel and ordered defendants to "(1) produce all responsive publicly posted Internet content evidencing offers made of counterfeit Louis Vuitton merchandise and traffic logs evidencing the volume of underlying

counterfeit activity, or (2) permit inspection of their servers to allow plaintiff an opportunity to ascertain the same." (Order, Docket No. 65 at 5). Discovery was limited to the 67 allegedly infringing websites identified by plaintiff. (Id.). In the event plaintiff proceeded with an inspection, the parties were directed to meet-and-confer to agree upon an appropriate protocol. (Id. at 5-6). Defendants' objections to that discovery order were overruled by the presiding judge. (Order, Docket No. 76).

Plaintiff says that defendants have produced no documents, and the parties advise that they have not been able to agree on a protocol for an inspection of defendants' servers. Now before this court is plaintiff's "Administrative Motion re Discovery Orders."[1] Plaintiff advises that the parties have resolved the dispute over payment of Mr. Livadkin's travel expenses, and that portion of plaintiff's motion has been withdrawn. Thus, the only remaining issues in dispute are an appropriate protocol for the inspection of defendants' servers and whether discovery sanctions should be imposed. Specifically, the parties seek this court's guidance on two issues:

(1) the amount and nature of the advance notice (if any) to be given to defendants' customers re the inspection; and

(2) how to search for and produce publicly posted Internet content evidencing offers made of counterfeit Louis Vuitton merchandise.[2]

Plaintiff requests that, if the court concludes that data cannot be made available as a result of defendants' conduct in discovery, then the court should impose sanctions – i.e., either by deeming facts admitted or admitting alternate forms of evidence in support of plaintiff's allegations.

---

[1] Defendants contend that plaintiff's motion was improperly brought as one seeking "administrative" relief. Indeed, plaintiff's motion seeks relief well beyond administrative matters falling within the ambit of Civil Local Rule 7-11.

[2] This court does not understand the portion of its July 15, 2008 discovery order requiring the production of traffic logs to be cabined by the phrase "publicly available." As such, it assumes that ordered production of traffic logs is not implicated in the instant dispute.

2

Upon consideration of the moving and responding papers, and after weighing competing legitimate interests and possible prejudice, this court rules as follows:

The primary issue in dispute is whether plaintiff's proposed protocol properly can accomplish what the court has ordered – i.e., production of publicly posted Internet content evidencing offers made of counterfeit Louis Vuitton merchandise (as opposed to contents of non-public communications). Apparently, the current (and ongoing) stumbling block to this discovery is that defendants continue to insist that producing the ordered material is impossible. Defense counsel says that he spoke to various forensic experts who reportedly told him that they did not know of a way to conduct a server search that "distinguishes between private information and publically [sic] available contents stored on Defendants' Internet servers." (Lai Decl., ¶ 6). Defendant, however, has not provided this court with any expert declarations to aid in the determination of this motion, and defense counsel's hearsay pronouncements about the opinions of unnamed individuals ring hollow. Also, defendants have provided precious little information about their systems, how they work, or what an inspection of their servers would entail. Instead, defendants simply maintain (without proof) that any proposed inspection will be unworkable and offer no alternative – except to say that this court should conduct an *in camera* review of any server contents extracted by a forensic expert to figure it out – without indicating what this court would look for or how it would even make the determination. Plaintiff has not said that its forensic expert cannot conduct the inspection so as to distinguish between what is public and what is not; and, this court believes that an expert is in the best position to locate and identify public information.

As for the dispute over the advance notice to be given to defendants' customers, plaintiff shall give 24-hours notice. However, this court is unpersuaded that defendants' desire to inform their customers of the reason for the inspection outweighs plaintiff's interest in obtaining any evidence of counterfeiting activity.

Accordingly, this court adopts plaintiff's proposed protocol, with some modification:

1. Plaintiff shall provide 24-hours notice as to the servers to be inspected.

3

2. Defendants may not "tip off" or otherwise suggest to their customers the purpose of the inspection other than to state, after plaintiff has provided notice identifying a specific server, that "service may be disrupted on [a specified date]" as to the identified server only.

3. Plaintiff will initially isolate 5 servers for inspection and will stagger additional inspections pursuant to the orders of the court.

4. Plaintiff's forensic expert (and its personnel) shall sign Exhibit A to the Protective Order as necessary.

5. The parties can agree that documents produced will be covered under the protective order and each party will have 20 days to designate material as confidential.

6. Plaintiff's forensic expert will go to defendants' premises where at least one technical person on defendants' side will be present should any questions arise.

7. Plaintiff's forensic expert shall make best efforts by whatever means necessary to extract the discovery authorized by this court – namely, publicly posted Internet content evidencing offers made of counterfeit Louis Vuitton merchandise and traffic logs evidencing the volume of underlying counterfeit activity pertaining to the 67 websites identified by plaintiff.

8. Plaintiff's forensic expert will provide copies of results to plaintiff.

9. Plaintiff's counsel will send digital copies to defense counsel.

10. The inspection shall take place without delay.

11. The parties will cooperate with each other in this process.

On the record presented, this court cannot determine whether evidentiary sanctions properly may be imposed. Accordingly, that portion of plaintiff's motion is denied without prejudice.

SO ORDERED.

Dated: March 10, 2009

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:07-cv-3952 Notice has been electronically mailed to:**

Annie S Wang annie@coombspc.com, andy@coombspc.com

Brian S. Edwards bse@gauntlettlaw.com

David A. Gauntlett info@gauntlettlaw.com

J. Andrew Coombs andy@coombspc.com, jeremy@coombspc.com, katrina@coombspc.com

James A. Lowe info@gauntlettlaw.com, ams@gauntlettlaw.com, arm@gauntlettlaw.com, bse@gauntlettlaw.com, jal@gauntlettlaw.com, pam@gauntlettlaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.