**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., <br><br> Plaintiff, <br><br> vs. <br><br> AKANOC SOLUTIONS, INC., et al., <br><br> Defendants. | Case No.: C 07-3952 JW (HRL) <br><br> **DEFENDANTS' REPLY TO VUITTON'S OPPOSITION TO MOTION IN LIMINE #1 TO EXCLUDE TESTIMONY OF J. ANDREW COOMBS** |

164431.2-10562-002-3/16/2009

**DEFENDANTS' REPLY TO VUITTON'S OPPOSITION TO MOTION IN LIMINE #1 – C 07-3952 JW**

## I. COOMBS' LETTERS SHOULD BE EXCLUDED IF COOMBS DOES NOT TESTIFY

Now that Vuitton has agreed that J. Andrew Coombs, Vuitton's lead counsel, will not testify at trial, the Court should exclude all of the letters sent by Coombs in this case because they are inadmissible. This is because the admission of evidence at trial requires authentication under Fed. R. Evid. 901. As the party offering the evidence, Vuitton has the burden of satisfying this authentication requirement. But Vuitton cannot satisfy this burden without Coombs' testimony.

Fed. R. Evid. 901(a) requires that Vuitton lay the proper foundation for Coombs' letters before such letters are admitted. ("The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.")

Vuitton attempts to duck the requirement of Rule 901(a) by claiming that Coombs' testimony is not required because "what is relevant is the notice those letters provided." Vuitton has its logic in reverse. In order for these letters to demonstrate notice, they must first be admitted. In order for these letters to be admitted, Vuitton must lay the proper foundation for them. Because Coombs, the only person who can lay the proper foundation, will not testify, any letters that he sent are entirely inadmissible and therefore cannot be used to prove anything.

Vuitton's argument that Defendants are somehow estopped from requesting the exclusion of these letters is irrelevant. The identity of the recipient does not change Vuitton's requirements under Fed. R. Evid. 901(a). Simply put, Vuitton cannot lay a proper foundation for Coombs' letters without his testimony.

/ / /

/ / /

/ / /

## II. CONCLUSION

Defendants move the Court to exclude the letters sent by J. Andrew Coombs based on Vuitton's inability to lay the proper foundation for these letters as required by Fed. R. Evid. 901(a).

Dated: March 16, 2009

**GAUNTLETT & ASSOCIATES**

By: /s/James A. Lowe
David A. Gauntlett
James A. Lowe
Brian S. Edwards
Christopher Lai

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen