1  **GAUNTLETT & ASSOCIATES**
   David A. Gauntlett (SBN 96399)
2  James A. Lowe (SBN 214383)
   Brian S. Edwards (SBN 166258)
3  Christopher Lai (SBN 249425)
   18400 Von Karman, Suite 300
4  Irvine, California 92612
   Telephone:    (949) 553-1010
5  Facsimile:     (949) 553-2050
   jal@gauntlettlaw.com
6  bse@gauntlettlaw.com
   cl@gauntlettlaw.com
7
   Attorneys for Defendants
8  Akanoc Solutions, Inc.,
   Managed Solutions Group, Inc.
9  and Steve Chen

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | Case No.: C 07-3952 JW (HRL) |
|              Plaintiff, | |
| vs. | **DEFENDANTS' REPLY TO VUITTON'S OPPOSITION TO MOTION IN LIMINE #3 TO EXCLUDE ALL TESTIMONY ABOUT DEFENDANTS' ALLEGED REPUTATION** |
| AKANOC SOLUTIONS, INC., et al., | |
|              Defendants. | |

164458.1-10562-002-3/16/2009

## I. VUITTON'S REPUTATION TESTIMONY IS INADMISSIBLE

Vuitton's proffered reputation testimony is inadmissible hearsay under Federal Rules of Evidence 801 and 802 and inadmissible character evidence under Federal Rule of Evidence 401. This unduly prejudicial and inadmissible reputation testimony is not permitted by the law of the case doctrine, nor is it admissible under any exception to the hearsay rule or as impeachment or habit evidence.

### A. Vuitton's Proffered Reputation Testimony Is Not Permitted by the Law of the Case Doctrine

Vuitton erroneously claims that the law of the case doctrine precludes Defendants' motion in limine to exclude Vuitton's reputation testimony. Vuitton is incorrect for two reasons.

First, contrary to Vuitton's argument, the admissibility of reputation testimony was not determined in this Court's December 23, 2008 Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment. There, the Court did not address admissibility of evidence; it merely considered whether there was a genuine issue of material fact and if Defendants were entitled to a judgment as a matter of law. *Celotex v. Catrett*, 417 U.S. 317, 323-24 (1986). Because the Court did not determine the admissibility of any evidence in its December 23, 2008 order, there is no "law of the case" on this issue and the five-part test enumerated in *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998) does not apply.

Second, Vuitton also cannot invoke the law of the case doctrine because this doctrine is limited to issues determined by the same court *on appeal*:

> The "law of the case" doctrine provides that "one panel *of an appellate court* will not as a general rule reconsider questions which *another panel* has decided *on a prior appeal* in the same case." *United States v. Scrivner,* 189 F.3d 825, 827 (9th Cir.1999)
>
> "[T]he prior decision of legal issues should be followed *on a later appeal* 'unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice.'" *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir.1991)

Vuitton cites *United States v. Cuddy,* 147 F.3d 1111 (9th Cir. 1998), but there the "law of the case doctrine" was implicated only because the District Court did not follow a finding of the Ninth

Circuit Court of Appeals after remand:

> Defendants Sherwood and Cuddy then appealed their convictions to this court in a consolidated appeal. See *United States v. Sherwood,* 98 F.3d 402 (9th Cir.1996) ("*Sherwood I*"). We affirmed their convictions but remanded to the district court the question whether it properly departed upward based on Application Note 8 of U.S.S.G. § 2B3.2, which permits an upward departure if the offense involved "a threat to a family member of the victim."
>
> * * *
>
> First, the defendants note that our decision in *Sherwood I* stated that the record did not support a finding that Ms. Wynn's life was threatened. Thus, they argue that the district court violated the "law of the case" when it determined that the record did support such a finding.

*Id.* at 1113.

Vuitton cannot invoke the law of the case doctrine because, not only is this doctrine limited to cases on appeal, the Court has never ruled on the admissibility of Vuitton's reputation testimony.

### B. Inadmissibility under Fed. R. Evid. 404

Fed. R. Evid. 404(a) provides a rule of exclusion that bars the character testimony of Vuitton's witnesses. ("Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith.")

Vuitton's witnesses propose testimony that falls squarely within Rule 404(a):

> There were many [Internet] discussion boards that were identifying these two companies that – what we call bulletproof hosts. A bulletproof host is a host that would not respond to notifications from trademark owners to preserve the hosting of its clients' customers.[1]
>
> Their [Defendants'] reputation in the online community allows them a certain amount of publicity. They've been known to be somewhat of a bulletproof host.[2]
>
> I understand Defendants have a reputation for hosting websites that specialize in counterfeiting as well as spam activities.[3]

This testimony is inadmissible because it is being offered for a single reason – to show that

---

[1] Declaration of James A. Lowe in support of Defendants' Motion in Limine #3 to Exclude All Testimony About Defendants' Reputation ("Lowe Decl.") ¶ 4, **Exhibit "1516"** Deposition of Nicolay Livadkin ("Livadkin Depo.") 139:16-19.

[2] Lowe Decl. ¶ 5, **Exhibit "1517"** Deposition of Robert Holmes ("Holmes Depo.") 189:13-22.

[3] Lowe Decl. ¶ 7, **Exhibit "1514"** Declaration of Robert Holmes ("Holmes Decl.") ¶ 2.

1 Defendants have acted in conformity with this alleged bad reputation. That the testimony does not
2 even relate to these Defendants is another Vuitton mistake.

3 Vuitton unsuccessfully claims that its witnesses' testimony is admissible under Fed. R. Evid.
4 404(b), which provides a narrow exception to admissibility for character evidence that shows "proof
5 of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or
6 accident." But Vuitton's witness testimony does not tend to prove any of these things; it only goes
7 towards showing conformity. Vuitton essentially admits this by completely failing to specifically
8 explain how its witness testimony would tend to show proof of motive, opportunity, intent,
9 preparation, plan, knowledge, identity, or absence of mistake or accident.

### C. Vuitton's Inadmissible Reputation Testimony Is Not "In Issue" in the Case

Vuitton's reputation evidence is inadmissible under Fed. R. Evid. 404. Vuitton claims that its reputation testimony is admissible because it is "inextricably intertwined" with or "intricately related" to charged conduct that it helps the factfinder form a more complete picture of the activity. But none of the cases that Vuitton cites, *United States v. Hale*, 448 F.3d 971, 985 (7th Cir. 2006), *United States v. Paladino*, 401 F.3d 471, 475 (7th Cir. 2005), *United States v. Gougis*, 432 F.3d 735, 742 (7th Cir. 2005), and *Stewart v. United States*, 311 F.2d 109, 112 (9th Cir. 1962), support Vuitton's argument.

In *Hale*, the court only addressed the trial court's balancing of probative value versus prejudicial effect, not admissibility under Fed. R. Evid. 404. In *Paladino*, 401 F.3d at 474, a case involving investment fraud, one of the defendants objected that Rule 404 prevented the government from presenting evidence that she had pled guilty to federal fraud charges in 1988 and had been banned by the SEC. The court held that this evidence could be admitted only because "what made the representation misleading was precisely her history; that history was therefore direct evidence of guilt rather than evidence merely of bad character." *Id*. at 475. Two significant distinctions render *Paladino* inapposite here. First, the evidence at issue in *Paladino* was of the defendant's actual prior *convictions*, whereas here, Defendants have never been sued, let alone convicted or found to have ever violated any laws. Second, the evidence in *Paladino* was admissible under Rule 404(b) because it was evidence of the defendant's preparation and plan. *Id*. at 476. Vuitton's witness testimony,

1 that Defendants are "bulletproof hosts" and have a bad reputation, does not go towards proving any preparation, plan or any other purpose under Rule 404(b). Vuitton's reliance on *United States v. Gougis*, 432 F.3d 735, 742 (7th Cir. 2005) and *Stewart v. United States*, 311 F.2d 109, 112 (9th Cir. 1962) is also misguided for the same reasons, namely, that neither of these cases involve reputation testimony that fails to prove any preparation, plan or any other purpose under Rule 404(b).

Vuitton's argument is also plainly illogical. Vuitton essentially argues that its vague and baseless testimony that Defendants are "known to be" criminals is admissible because Defendants actually *are* criminals. But Defendants have never been found liable for any wrongdoing, and while Rule 404(b) lays out specific exceptions where reputation testimony is admissible, none of those apply here. Vuitton's proffered reputation testimony is false and inadmissible under Rule 404(a) because it is untrue and its only purpose is to show conformity with bad character. It is nothing but an effort to falsely smear the Defendants.

### D. Vuitton's Inadmissible Reputation Testimony Fails the Ninth Circuit Four-Part Test

Vuitton's reputation evidence is inadmissible even under the Ninth Circuit "four-part test" which allows admission of evidence when: (1) it proves a material element of the offense for which the defendant is now charged; (2) in certain cases, the prior conduct must be similar to the charged conduct; (3) proof of the prior conduct must be based upon sufficient evidence; and (4) the prior conduct must not be too remote in time. *United States v. Basinger*, 60 F.3d 1400, 1408 (9th Cir. 1995).

The reason that Vuitton's reputation evidence fails this test is exemplified by its statement that "Defendants' status as bulletproof hosts proves knowledge of infringing activity." But Defendants do not have a "status" as bulletproof hosts because they have *never been found* to be bulletproof hosts (whatever that term means). Vuitton's vague and baseless reputation testimony clearly fails every requirement of the four-part test, and most notably, the third requirement that requires that "proof of the prior conduct must be based upon sufficient evidence." Vuitton's witnesses essentially testify that they have heard, from an unknown third party, that Defendants are criminals. This is not "sufficient evidence" and this inadmissible testimony fails to qualify under the

1 | Ninth Circuit four-part rule.

### E. Vuitton's Reputation Testimony Is Inadmissible as Hearsay

Vuitton's reputation estimony is hearsay under Fed. R. Evid. 801 and 802. It is not admissible under Fed. R. Evid. 803(21). Rule 803(21) states that testimony as to the "[r]eputation of a person's character among associates or in the community [is not excluded by the hearsay rule, even though the declarant is available as a witness]." But Vuitton's reputation testimony is not character testimony.

This distinction is illustrated in *United States v. Arroyo*, 406 F.3d 881(7th Cir. 2005). There, the court excluded, as hearsay, a memo referencing third-party testimony that the defendant was "believed to have 'ripped' two kilograms of cocaine during a drug sale." *Id*. at 887. In ruling that this memo was inadmissible under Fed. R. Evid. 803(21), the court pointed out that "the statements defendant sought to admit were not related to his character, but rather to a rumor about a specific prior act and others' intentions to harm him. This information does not establish the '[r]eputation of [defendant's] character among associates or in the community.' " *Id*. at 888. This is exactly the type of testimony that Vuitton is offering. Vuitton's witness testimony that Defendants "are known to be bulletproof hosts" is merely a false rumor that does not establish character. Such testimony is inadmissible hearsay.

Vuitton is not entitled to present its proffered reputation evidence because Defendants have not "opened the door" to such testimony. While it is true that Defendants have stated that they have taken appropriate action, consistent with protocol and industry practices, these statements reflect facts, not character. Defendants have not, in any way, "opened the door" to rebuttal character evidence.

### F. Impeachment

Despite Vuitton's contrived claims, it is well established that hearsay reputation testimony cannot be used for impeachment purposes. *In re Hanford Nuclear Reservation Litigation*, 534 F.3d 986, 1011-12 (9th Cir. 2008) (holding that "the use of statements should not have been used to impeach [witness] because they were inadmissible hearsay.") Vuitton cannot offer its reputation testimony for impeachment purposes.

### G. Reputation Testimony Is Not Habit Evidence

Vuitton's witness testimony is not habit evidence under Fed. R. Evid. 406. The Ninth Circuit has recognized that "examples of conduct submitted for the purpose of establishing habit must be 'carefully scrutinized to ensure that they are numerous enough to justify an inference of systematic conduct.'" *Mathes v. The Clipper Fleet*, 774 F.2d 980, 984 (9th Cir. 1985). Vuitton's hearsay testimony fails this scrutiny. Vuitton's testimony is based on what witnesses allegedly "heard" from unknown third parties. It is not nearly enough to justify an inference of systematic conduct Fed. R. Evid. 406.

### H. Reputation Testimony Is Unduly Prejudicial

Vuitton's reputation testimony is inadmissible under Fed. R. Evid. 403 because "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Vuitton's testimony about Defendants' "reputation" is highly prejudicial, yet it has little or no probative value. If admitted, Vuitton's reputation testimony would cause jurors to believe that Defendants' alleged reputation was based in truth and that their actions were in conformity with that reputation. Such testimony would not have any probative value because the testimony would not be material or relevant to any of the elements of contributory copyright and trademark infringement.

## II. CONCLUSION

The Defendants move to exclude any Vuitton testimony concerning Defendants' alleged reputation because this testimony is inadmissible character evidence, hearsay, and overly prejudicial.

Dated: March 16, 2009

**GAUNTLETT & ASSOCIATES**

By: /s/James A. Lowe
David A. Gauntlett
James A. Lowe
Brian S. Edwards
Christopher Lai

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen