**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:   (949) 553-1010
Facsimile:    (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., <br><br> Plaintiff, <br><br> vs. <br><br> AKANOC SOLUTIONS, INC., et al., <br><br> Defendants. | Case No.: C 07-3952 JW (HRL) <br><br> **DEFENDANTS' REPLY TO VUITTON'S OPPOSITION TO MOTION IN LIMINE #4 TO EXCLUDE ALL TESTIMONY ABOUT COUNTERFEITING IN CHINA** |

164471.1-10562-002-3/16/2009

**DEFENDANTS' REPLY TO VUITTON'S OPPOSITION TO MOTION IN LIMINE #4 – C 07-3952 JW**

Dockets.Justia.com

# I. TESTIMONY ABOUT COUNTERFEITING IN CHINA IS INADMISSIBLE UNDER FED. R. EVID. 403

Fed. R. Evid. 403 states that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Vuitton's witnesses have provided testimony that falls squarely within Rule 403 and such testimony should be excluded.

### A. Vuitton's Witness Testimony Is Highly Prejudicial

It is anticipated that Vuitton will provide testimony at trial that is highly prejudicial. For instance, Vuitton's witnesses have previously testified that:

> A significant percentage of the overall online counterfeiting activity as it relates to the Louis Vuitton brand originates in the People's Republic of China.[1]

> 95 percent of all counterfeit products are manufactured in China.[2]

> Chin[a] is a country where intellectual property is probably not as perceived as so important is it is in western countries.[3]

> At least 75 percent of the cases I investigate with 'Chinese individuals,' I mean Chinese in China, they often work with hosts who set up stores for them.[4]

> The common practice in China is to hire a drop-shipper to ship your packages. The counterfeit trade is very segmented.[5]

Contrary to Vuitton's arguments, this proffered testimony is unduly prejudicial because it creates the inference that because Defendants do business with customers in China, there must be an association with Chinese counterfeiters. This prejudice is also heightened because one of the Defendants, Steve Chen, is of Chinese descent. Contrary to Vuitton's protests, Defendants' motion

---

[1] Declaration of James A. Lowe in Support of Defendants' Motion in Limine #4 to Exclude Testimony About Counterfeiting in China ("Lowe Decl.") ¶6, **"Exhibit "1513"** Declaration of Nicolay Livadkin ("Livadkin Decl.") ¶4]

[2] Lowe Decl. ¶4, **"Exhibit 1518"**, Deposition of Nicolay Livadkin ("Livadkin Depo.") 22:14-16

[3] *Id*. at Livadkin Depo. 24:1-3

[4] Lowe Decl. ¶5, **"Exhibit 1519"** Deposition of Robert Holmes ("Holmes Depo.") 90:1-5

[5] *Id*. at Holmes Depo. 77:16-20

to exclude such testimony is not an implied suggestion that Vuitton is offering this testimony for "invidious purposes." There simply is a strong likelihood that such testimony will unduly prejudice the jury. As many courts have recognized, such testimony is highly prejudicial under Rule 403. *U.S. v. Cabrera*, 222 F.3d 590, 596 (9th Cir. 2000) (overruling a District Court's admission of witness testimony about the ethnicity of "other Cuban drug dealers" on the basis that such testimony was not relevant and "merely made it seem more likely in the eyes of the jury that [Defendants] Cabrera and Mulgado were drug dealers because of their ethnicity."); *Jinro America Inc. v. Secure Investments, Inc*., 266 F.3d 993 (9th Cir. 2001) ("allowing an expert witness in a civil action to generalize that most Korean businesses are corrupt, are not to be trusted and will engage in complicated business transactions to evade Korean currency laws is tantamount to ethnic or cultural stereotyping, inviting the jury to assume the Korean litigant fits the stereotype.")

### B. Vuitton's Witness Testimony Has No Probative Value

Vuitton's testimony, which constitutes nothing more than generalized cultural stereotyping, has no probative value in this case. Even if it were true that many counterfeiters reside in China, this "fact" would have no tendency to prove whether the Defendants' own China-based reseller customers are counterfeiters. Vuitton claims that this testimony is relevant to prove that Defendants had knowledge of counterfeiting and that this testimony is admissible to demonstrate knowledge for the purposes of calculating statutory damages. But what Vuitton fails to explain is how a general cultural stereotype, even if true, would prove that the Defendants had actual knowledge that its *individual customers* were counterfeiters. A generalized cultural stereotype has no probative value in determining the liability of *individuals*.

## II. VUITTON'S CANNOT SEEK JUDICIAL NOTICE

This Court should reject Vuitton's request for judicial notice of "the extent to which counterfeiting in the People's Republic of China contributes to the global trade in counterfeit goods." Fed. R. Evid. 201(b) does not allow the judicial notice of a "fact" unless it is "one that is not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Not only does Vuitton's request for judicial

164471.1-10562-002-3/16/2009                     2                       **DEFENDANTS' REPLY TO VUITTON'S OPPOSITION TO MOTION IN LIMINE #4 – C 07-3952 JW**

notice fail to satisfy either requirement of Fed. R. Evid. 201, it is entirely irrelevant to this case.

Vuitton cites to a single "report" in its overbroad and vague request that the Court take judicial notice of "the extent to which counterfeiting in the People's Republic of China contributes to the global trade in counterfeit goods." This alleged "fact" is not generally known within the territorial jurisdiction of the trial court. Nor is this "fact" capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201. Vuitton attaches two pages of a single report posted on the Internet in support of its request for judicial notice. Two pages of a single report do not satisfy the requirement of Rule 201(b). The report merely contains statistics that fall short of supporting Vuitton's overbroad request that the Court judicially notice, as a fact, that "the extent to which counterfeiting in the People's Republic of China contributes to the global trade in counterfeit goods."

Rule 201 is not the only barrier to judicial notice that Vuitton has failed to satisfy. Even facts that are properly judicially noticed may not be admitted if they are not relevant. Fed. R. Evid. 402; *Vallot v. Central Gulf Lines, Inc.,* 641 F.2d 347, 350 (5th Cir. 1981); *see Latino Food Marketers, LLC v. Ole Mexican Foods, Inc*. 407 F.3d 876, 881 (7th Cir. 2005). As Vuitton has failed to recognize, any general statements or percentages discussing counterfeiting in China are unrelated to the burden that Vuitton must satisfy in this case, namely, that the *individual website operators pertinent to this case* infringed Vuitton's copyrights and trademarks. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. So even if Vuitton's request for judicial notice is granted, the "fact" that it seeks to introduce is inadmissible because it is not relevant.

/ / /

/ / /

/ / /

1 **III. CONCLUSION**

2 The Defendants move to exclude any testimony concerning counterfeiting in China on the
3 grounds that such testimony is inadmissible under Fed. R. Evid. 403 because it has no probative
4 value and is highly prejudicial.

6 Dated: March 16, 2009                                       **GAUNTLETT & ASSOCIATES**

By: /s/James A. Lowe
     David A. Gauntlett
     James A. Lowe
     Brian S. Edwards
     Christopher Lai

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen