**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:   (949) 553-1010
Facsimile:   (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., <br><br> Plaintiff, <br><br> vs. <br><br> AKANOC SOLUTIONS, INC., et al., <br><br> Defendants. | Case No.:  C 07-3952 JW (HRL) <br><br> **DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE #7 TO EXCLUDE EVIDENCE NOT PREVIOUSLY DISCLOSED IN INITIAL AND SUPPLEMENTAL DISCLOSURES** |

164430.1-10562-002-3/16/2009

**DEFENDANTS' REPLY TO VUITTON'S OPPOSITION TO MOTION IN LIMINE #7 – C 07-3952 JW**

# I. THE 628 UNDISCLOSED EXHIBITS SHOULD BE EXCLUDED FROM USE AT TRIAL

## A. Vuitton Admits it Did Not Supplement Its Discovery Responses/Disclosures in Violation of Fed. R. Civ. P. 26(e)

Vuitton admits it produced over 2,700 pages of materials in its first response to request for production of documents in February 2008. (Opp. 4:5-8) There is no question that, until a few weeks ago, it did not disclose documents comprising 628 exhibits that subsequently came into its possession. Fed R. Civ. Proc. Rule 26(e) is clear that documents discovered or coming into a party's possession after an earlier document request for such documents must be disclosed "in a timely manner."

> In connection with these motions, the Boyces have attached as Exhibit 23 nine additional bank statements that purportedly reflect more payments on their tax liabilities. **These documents, however, were not provided in discovery. Even though the Boyces did not have these documents when they were deposed, they had a continuing duty to supplement their document production under Rule 26(e)(2).** In addition, as discussed above, Judge Gonzalez's March 22, 2000, order contemplated the parties conducting discovery on the Boyces' argument they were not credited all monies received. **These documents, therefore, can be precluded from consideration under the Court's inherent authority.** *United States v. Boyce*, 148 F.Supp.2d 1069, 1088 (S.D.Cal.2001)

The fact that the documents comprising the 628 exhibits are similar to documents produced by Vuitton in February 2008 does not help Vuitton. To the contrary, it demonstrates that they *should have been disclosed* in a timely manner pursuant to Rule 26(e) (because they fell within a previous production category or a general description in Vuitton's initial disclosures). Vuitton does not dispute this.

Rule 26(a)(3) also does not help Vuitton. (Opp. p. 4:21-24) The 30 day deadline mentioned therein concerns *pre-trial disclosures* in lieu of a pre-trial conference order. That rule does not apply in this case,[1] but even if it did apply it would still not eliminate Vuitton's duty to supplement document production "**in a timely manner** if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A) Vuitton produced

---

[1] The disclosures of Rule 26(a)(3)(A) were supplanted in this case by the requirements set forth in the Court's Preliminary Pre-trial Conference Scheduling Order [Doc. 93]

documents in February 2008. Disclosing additional documents 13 months later pursuant to a pre-trial conference order (and 10 months after close of discovery) does not constitute disclosure 'in a timely manner.' Obviously, waiting until a few weeks before trial to dump documents comprising 628 new trial exhibits on defendants is not sufficient.

### B. Vuitton Did Not Make The Required Disclosures

At page 3 of its opposition, Vuitton confuses the initial disclosure requirements of *Rule 26(a)* with its duty to supplement not only those disclosures but also responses to document requests pursuant to *Rule 26(e)*. Vuitton's *initial disclosures* may have identified the *general category* of documents that the 628 exhibits fell into; e.g. "Printouts from websites hosted by Defendants." But Vuitton had a *continuing duty* under *Rule 26(e)* to supplement its initial disclosures and its responses to document production in a timely manner. Fed. R. Civ. Proc. 26(e)(1). This continuing duty pursuant to Rule 26(e) is separate from its duty to provide initial disclosures under Rule 26(a).

Vuitton did not disclose the additional 628 exhibits it plans to use at trial until a few weeks ago. The fact that defendants never objected to the *general category* of documents in Vuitton's initial disclosures is irrelevant because Vuitton's had a continuing duty to disclose separate from the Rule 26(a) duty to provide initial disclosures.

### C. The 628 Undisclosed Exhibits Should Be Barred From Use at Trial

Vuitton cites no substantial justification for its failure to disclose. Rule 37(c)(1) is clear that a party that fails disclose, pursuant to Rule 26(e), subsequently discovered documents cannot use them as exhibits at trial.

> **If a party fails to provide information** or identify a witness **as required by Rule** 26(a) or **26(e)**, **the party is not allowed to use that information** or witness to supply evidence on a motion, at a hearing, or **at a trial**, unless the failure was **substantially justified** or is harmless.

Vuitton offers no substantial justification for its conduct. At page 5 of its opposition Vuitton claims the Defendants have "deliberately and systematically" avoided their discovery obligations. But Vuitton fails to substantiate this charge. Nor does Vuitton demonstrate how **any** discovery conduct by Defendants in this case led to the creation of the 628 new exhibits, or forced Vuitton to

1 keep from disclosing them in a prompt manner as required by Rule 26(e). In short, Vuitton can cite no substantial justification for its failure to supplement its disclosures. Vuitton's baseless attempts to smear Defendants is a 'smokescreen' to divert attention away from Vuitton's blatant discovery abuse, and should be rejected.

Nor did Vuitton put forth any evidence that its failure to disclose the 628 exhibits were harmless. *Yeti by Molly*, 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.") Vuitton's opposition ignores this issue. Obviously, Defendants will be harmed if Vuitton is allowed to introduce 628 additional exhibits at trial that it never previously disclosed. The sheer volume creates a burden for the Defendants, as does the fact that these exhibits were disclosed just prior to trial.

## II. CONCLUSION

Vuitton's blatant disregard for the continuing disclosure requirements of Rule 26(e) should not be excused. Defendants respectfully request that the 628 exhibits at issue be excluded at trial pursuant to Fed. R. Civ. Proc. Rule 37(c) or the Court's inherent power.

Dated: March 16, 2009 **GAUNTLETT & ASSOCIATES**

By: /s/James A. Lowe
David A. Gauntlett
James A. Lowe
Brian S. Edwards
Christopher Lai

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen