**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:  (949) 553-1010
Facsimile:  (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steven Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A.,<br><br>           Plaintiff,<br><br>     vs.<br><br>AKANOC SOLUTIONS, INC., et al.,<br><br>           Defendants. | Case No.: C 07-3952 JW (HRL)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE #8 TO REDACT ALL EXHIBIT REFERENCES TO IPCYBERCRIME.COM** |

164438.1-10562-002-3/16/2009

**DEFENDANTS' REPLY TO VUITTON'S OPPOSITION TO MOTION IN LIMINE #8
– C 07-3952 JW**

## I. REFERENCES TO IPCYBERCRIME SHOULD BE EXCLUDED PURSUANT TO FED. R. CIV. P. 403

### A. Vuitton Admits That "Ipcybercrime.com" Has No Probative Value and Implicates Criminal Conduct on Defendants' Part

In its opposition, Vuitton readily admits that references to "ipcybercrime" and "ipcybercrime.com" are not probative of any element of any of Vuitton's claims and are highly prejudicial. Vuitton goes so far as to admit that **"the name [ipcybercrime.com] implicates criminal conduct on the part of those website hosts [Akanoc and MSG]."** (Opp. p. 3:10-11)[1] Exclusion pursuant to Rule 403 is appropriate because references to "ipcybercrime" at trial would not be probative of any issue in the case. The complete lack of probative value would be substantially outweighed by the danger of unfair prejudice (the implication that Akanoc and MSG are involved in criminal conduct). The prejudice is "unfair" not only because they are not involved in criminal conduct, but also because prohibiting Vuitton from referencing to "ipcybercrime" at trial would have no impact on Vuitton's ability to authenticate its exhibits or otherwise prove its case. Vuitton's opposition does not dispute (or even address) this important point.

### B. Exclusion is Proper Under Federal Rules of Evidence, Rule 403

Exclusion is proper under Federal Rules of Evidence, Rule 403 where, as here, the probative value clearly outweighs the danger of unfair prejudice. See *Walker v. NationsBank of Florida N.A.* 53 F3d 1548, 1553 (11th Cir. 1995) (In a Title VII action, an EEOC determination letter was excluded as unduly prejudicial.) See also *Douglass v. Hustler Magazine, Inc.* 769 F2d 1128, 1135–1136 (7th Cir. 1985) (Vile, offensive or gory photographs excluded where the prejudicial effect would clearly outweigh its probative value); *Grimes v. Employers Mutual Liab. Ins. Co.* 73 FRD 607, 610 (D AK 1977) (Films showing plaintiff with daughter and quadriplegic brother served little purpose other than to create sympathy for plaintiff and thus were excludible as unduly prejudicial).

Vuitton cites *U.S. v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000), but that case simply holds

---

[1] Vuitton suggests that "Ipcybercrime" is not an inaccurate moniker (and therefore not prejudicial) "insofar as trafficking in counterfeit and piratical goods does constitute a criminal offense." (Opp. p. 3:11-13) But this assumes without any basis that Defendants are guilty of 'trafficking in counterfeit and piratical goods" in this case. It is obviously unfairly prejudicial to proffer evidence that implicates your opponent is involved in criminal conduct without any basis.

that Rule 403 excludes "matter[s] of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." That standard is easily met here, where the probative value is non-existent, and the danger of unfair prejudice is extremely high.

## II. CONCLUSION

For the foregoing reasons, and those set forth in Defendants' original brief, the Defendants move the Court to redact any reference to ipcybercrime and ipcybercrime.com on all of Vuitton's exhibits and in all testimony because the name is unduly prejudicial to Defendants and redaction of this name will not harm Vuitton in any way.

Dated: March 16, 2009

**GAUNTLETT & ASSOCIATES**

By: /s/James A. Lowe
David A. Gauntlett
James A. Lowe
Brian S. Edwards
Christopher Lai

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen