J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff Louis
Vuitton Malletier, S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| Louis Vuitton Malletier, S.A., <br><br> Plaintiff, <br><br> v. <br><br> Akanoc Solutions, Inc., et al. <br><br> Defendants. | Case No. C 07 3952 JW (HRLx) <br><br> NOTICE AND MOTION FOR SHORTENING OF TIME TO HEAR MOTION FOR MODIFICATION OF ORDER FOR INSPECTION AND SANCTIONS <br><br> Court: Mag. Judge Howard R. Lloyd |

TO THE COURT AND TO THE DEFENDANTS:

PLEASE TAKE NOTICE that Plaintiff Louis Vuitton Malletier, S.A. ("Plaintiff" or "Louis Vuitton") will and hereby does move the Court for an order pursuant to Local Rule 6-3 advancing the hearing date on Plaintiff's Motion for Modification of Order for Inspection and Sanctions from May 26, 2009 to May 12, 2009, at 10:00 a.m. Plaintiff makes this motion on the grounds that the Court has continued the Pre-Trial Conference to July 6, 2009 to permit the parties to complete discovery associated with the underlying inspection and Pre-Trial Conference Order and related filings are due on June 5, 2009 as a result of which the Parties will not have time to complete the associated discovery in a timely fashion before preparing Rule 16 compliance.

As set forth in greater detail in the supporting Declaration of J. Andrew Coombs and the underlying motion to modify the protocol, the Parties have met and conferred pursuant to Rule 37-1 concerning the Plaintiff's motion for an Order modifying the protocol to govern inspection of servers copied pursuant to the Court's March 10 order. The underlying motion seeks an order eliminating the requirement that Plaintiff's inspection be limited to the 67 counterfeiting websites

Louis Vuitton v. Akanoc, et al.: Motion for Shortening of Time  - i -
Modify Order/Request for Sanctions

identified at the time of the underlying hearing (in April, 2008) on Plainitff's motion to compel – while retaining the limitation that the search be limited to publicly accessible information. The motion for monetary sanctions is based upon Defendants' underlying failure to produce data available to it throughout these proceedings to the considerable expense of Plaintiff and delay of these proceedings.

This motion is based on this Notice of Motion and Declaration filed concurrently herewith, the pleadings, records and papers on file herein and such other matters and evidence as may be presented.

Dated: April 16, 2009	J. Andrew Coombs, A Professional Corp.

<u>   /s/ J. Andrew Coombs   </u>
By:   J. Andrew Coombs
       Annie S. Wang
Attorneys for Plaintiff Louis Vuitton Malletier, S.A.

# DECLARATION OF J. ANDREW COOMBS

I, J. Andrew Coombs, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of California and the United States District Court for the Northern District of California. I am counsel of record for Plaintiff Louis Vuitton Malletier, S.A. ("Louis Vuitton") in an action styled *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., et al.*, and, except as otherwise expressly noted to the contrary, I have personal knowledge of the following facts.

2. The discovery dispute that is the subject of the Motion for Modification of Inspection Order and Sanctions that was filed April 14, 2009, arose from written discovery requests that were served on or about January 3, 2008. Through several meet and confers and motions including a motion to compel, opposition to a motion for review and a request for intervention in deciding a protocol, Defendants were ordered to permit an inspection pursuant to a protocol outlined in an order of this Court dated March 10, 2009 (the "March 10 Protocol"). The earliest date upon which the Defendants made the servers available was March 25, 2009.

3. Copies of data stored on the servers are in the possession of Plaintiff's forensics experts who are conducting the review under the Court's current order. However, I am informed and believe that it would be most efficient to have the experts conduct this examination once for all publicly available websites that are offering Louis Vuitton branded merchandise, than to have them complete one search for the limited 67 websites that were requested more than one year ago, and then have to go back a second time should the Court grant the order for modification of the March 10, 2009 discovery order. The additional expenses that would be incurred with a second review would be prejudicial to Louis Vuitton. Should the Court award Louis Vuitton's request, still more time would be necessary before other website information was obtained, and would add further prejudice to Louis Vuitton who has already waited more than a year for this production that is admittedly publicly available. Defendants' defaults in producing this information and continued claims of impossibility are unfounded.

4. Furthermore, Louis Vuitton will likely need to designate its forensics expert as an expert in the case. However, it can not do so until there are results upon which the expert may

testify. Additional delay may cause Louis Vuitton to miss this deadline which is currently May 19, 2009.

5. On or about April 15, 2009, I left a message for counsel for Defendants on his voicemail requesting a stipulation to shorten the time on Plaintiff's Motion. I spoke with Mr. Lowe at length on the 16th and he advised that Defendants will not stipulate to shorten time.

6. Louis Vuitton has complied with Local Rule 37-1(a) through letter correspondence with Defendants' counsel on the modification. It is Louis Vuitton's position that the continued hosting by Defendants of additional infringing websites requires the necessary modification of the Court's order to allow for discovery of all publicly available websites that are advertising or selling Louis Vuitton products. Louis Vuitton could not have known at the time of the filing of the Motion to Compel that Defendants would continue to do business with known infringers and that the problems would persist today with largely the same individuals but now, using additional domain names. It is Defendants' position that the discovery is properly limited to the 67 websites identified over one year ago as that was what Plaintiff had requested and the Court ordered.

7. I am informed and believe the most recent time modification of the case was the trial date which was continued to August 19, 2009, in light of the inspection, which was postponed due to Defendants' unavailability, as well as Judge Ware's calendar.

8. I am informed and believe the requested time modification would not affect the schedule for the case at this time.

9. I am informed and believe the Court is unavailable on May 19, 2009, according to the "Scheduling Information and Unavailability" section on the Court's website available at http://www.cand.uscourts.gov/CAND/Calendar.nsf/ExtraInfoLinkDocs/HRL.

I declare under penalty of perjury that the foregoing is true and correct and this declaration was executed the __th day of April, 2009 at Glendale, California.

_____
J. ANDREW COOMBS

Louis Vuitton v. Akanoc, et al.: Motion for Shortening of Time     - 2 -
Modify Order/Request for Sanctions