*E-FILED 5/12/2009*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | No. C07-03952 JW (HRL) |
| Plaintiff, | **ORDER (1) GRANTING PLAINTIFF'S MOTION FOR MODIFICATION OF INSPECTION PROTOCOL; AND (2) DENYING PLAINTIFF'S REQUEST FOR SANCTIONS** |
| v. | |
| AKANOC SOLUTIONS, INC., MANAGED SOLUTIONS GROUP, INC. STEVEN CHEN and DOES 1 THROUGH 10, | |
| | **[Re: Docket No. 137]** |
| Defendants. | |

This is an action for alleged trademark and copyright infringement. Plaintiff Louis Vuitton Malletier, S.A. ("plaintiff" or "Louis Vuitton") claims that defendants are secondarily liable for infringement because they provide Internet hosting services for a number of websites that sell counterfeit Louis Vuitton merchandise. Defendants say that they simply provide access to the Internet by renting Internet Protocol ("IP") addresses and Internet bandwidth to third-party resellers and other Internet hosting companies who, in turn, host individual websites. Defendants further contend that, unless a specific complaint is brought to their attention, they have no knowledge or control over the contents of websites hosted on their servers.

This court previously granted plaintiff's motion to compel and ordered defendants to "(1) produce all responsive publicly posted Internet content evidencing offers made of counterfeit Louis Vuitton merchandise and traffic logs evidencing the volume of underlying

counterfeit activity, or (2) permit inspection of their servers to allow plaintiff an opportunity to ascertain the same." (Order, Docket No. 65 at 5). Discovery was limited to the 67 allegedly infringing websites identified by plaintiff. (Id.). In the event plaintiff proceeded with an inspection, the parties were directed to meet-and-confer to agree upon an appropriate protocol. (Id. at 5-6). Defendants' objections to that discovery order were overruled by Judge Ware. (Order, Docket No. 76).

The parties were unable to agree on an inspection protocol. On March 10, 2009, this court issued an order that, for the most part, adopted plaintiff's proposed protocol. (See Docket #124). Plaintiff's forensic expert conducted an inspection on March 25-26, 2009 and now has copies of the first five servers that were the subject of that inspection.[1]

Now before this court is Louis Vuitton's motion to modify the inspection protocol. Louis Vuitton says that during the inspection, it learned that (a) multiple "problem IP addresses" belonged to the same individuals identified in connection with prior infringement notices/complaints – including those identified in connection with the 67 websites that were the subject of the court's prior discovery orders; and (b) at least four of the servers set aside for inspection belonged to these customers. (Mot. at 3). Moreover, plaintiff says that additional allegedly infringing websites have been brought to defendants' attention since March 2008 when plaintiff first moved to compel this discovery. As such, Louis Vuitton argues that this court's prior orders re this discovery should now be modified to permit plaintiff to search for information beyond the 67 websites identified when plaintiff first moved to compel this discovery over a year ago. Plaintiff also requests monetary sanctions because it contends that defendants have unjustifiably tried to thwart this discovery at every turn.

---

[1] At the motion hearing, defendants indicated that the parties disagree whether this court's protocol inspection order requires plaintiff to provide defendants with a copy of all of the copied server contents. Plaintiff contends that it is required to provide them with only the search results. At oral argument, plaintiff's counsel represented to this court that its forensic expert has preserved a complete and pristine copy of the server contents that were copied during the March 25-26, 2009 inspection. Based on that representation, defendants agreed that they do not need a copy of the entire server contents.

2

In essence, defendants' opposition is two-fold. First, they contend that this case is already too unwieldy to permit Louis Vuitton to now obtain discovery beyond that which originally was ordered by this court. Here, they point out that they have just filed a motion asking Judge Ware to direct plaintiff to pare down its infringement allegations. Second, defendants say that they are still uncertain whether plaintiff's forensic expert can, in fact, conduct a search that is limited to public, as opposed to private, communications. They contend that there is no basis for any sanctions.

Upon consideration of the moving and responding papers and the arguments of counsel, and after weighing competing legitimate interests and possible prejudice, this court concludes that plaintiff's motion for modification should be granted. This court is persuaded that information pertaining to websites beyond the 67 that were the subject of this court's prior orders is relevant or reasonably calculated to lead to discovery of admissible evidence under Fed. R. Civ. P. 26. Nothing in the record presented indicates that plaintiff intended to limit this action to the previously identified 67 websites. (See First Amended Complaint, Docket #71, ¶ 31). Moreover, the prior decision to limit defendants' production (or any inspection) to the 67 websites was made to relieve any undue burden that might be imposed on *defendants*. (See Docket #65, July 15, 2008 Order at 5; see also Docket #76, Aug. 7, 2008 Order at 3). However, those concerns as to burden are no longer an issue because plaintiff (i.e., its forensic expert) will bear the entire burden of searching for responsive information.

At the motion hearing, plaintiff's counsel also discussed the search methodology to be employed by its forensic expert. Based on that discussion, this court is satisfied that plaintiff's expert will be able to conduct the search in such a way as to cull public Internet content, as opposed to private communications. Essentially, before ever reviewing any content, plaintiff's expert will search for particular types of files in directory locations commonly associated with websites and will avoid certain types of files and directory locations commonly associated with, for example, email communications. Defendants argue that, in their expert's opinion, this methodology is oversimplified because there is no "standard" way to create a website. But, as

3

discussed at oral argument, this suggests to the court that, if anything, plaintiff's expert's methodology may well be underinclusive as to any public information that is extracted.

Accordingly, plaintiff shall be permitted to search for publicly posted Internet content evidencing offers made of counterfeit Louis Vuitton merchandise and traffic logs evidencing the volume of underlying counterfeit activity beyond the previously identified 67 websites. All other aspects of this court's prior discovery orders otherwise remain in effect. This court will leave it to Judge Ware to decide whether, as asserted by defendants, plaintiff's infringement allegations must be pared down.

Plaintiff's request for sanctions is denied. Defendants correctly note that the motion was not separately filed as required by Civil Local Rule 37-3. For various reasons, it has taken a long time to get this discovery going. But, on the record presented, this court does not find that sanctions are warranted.

SO ORDERED.

Dated: May 12, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

1 **5:07-cv-3952 Notice has been electronically mailed to:**

2 Annie S Wang annie@coombspc.com, andy@coombspc.com

3 Brian S. Edwards bse@gauntlettlaw.com

4 David A. Gauntlett info@gauntlettlaw.com

5 J. Andrew Coombs andy@coombspc.com, jeremy@coombspc.com, katrina@coombspc.com, ruth@coombspc.com

6,7 James A. Lowe info@gauntlettlaw.com, ams@gauntlettlaw.com, arm@gauntlettlaw.com, bse@gauntlettlaw.com, jal@gauntlettlaw.com, pam@gauntlettlaw.com

8 **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.