J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff Louis
Vuitton Malletier, S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| Louis Vuitton Malletier, S.A., | Case No.: C 07 3952 JW (HRL) |
| Plaintiff, | OPPOSITION OF PLAINTIFF LOUIS VUITTON MALLETIER, S.A. TO DEFENDANTS' MOTION TO REQUIRE PLAINTIFF TO "PARE DOWN" ITS INFRINGEMENT CONTENTIONS FOR TRIAL |
| v. | |
| Akanoc Solutions, Inc., et al. | |
| Defendants. | |
| | Date: June 15, 2009 |
| | Time: 9:00 a.m. |
| | Court. Hon. James Ware |

**<u>INTRODUCTION</u>**

Defendants, finally aware of the massive amount of evidence arrayed against them for their assistance in the wholesale theft of intellectual property rights owned by plaintiff Louis Vuitton Malletier, S.A. ("Louis Vuitton") notwithstanding persistent obstruction and other efforts to preclude admission of relevant evidence, now have the effrontery to suggest that the very scale of that contribution is so massive, that vast amounts of that evidence should be unilaterally excluded from evidence. This argument is based on fallacious reasoning, unsound assumptions, no applicable legal authority and is properly summarily rejected.

Almost two years after the action was filed, one year after leave to file the First Amended Complaint was granted, nine months after their Motion for Summary Judgment was denied, three months after the parties' Rule 16 pre-trial conferences and two months after the first final pre-trial conference, Defendants now raise this unsupported, improbable and fundamentally flawed

argument that the scope of their own contributory infringement is such that Louis Vuitton should be barred from proving up its case.[1]

## ARGUMENT.

### A. Defendants Can Offer No Authority Supporting Their Belated Attempts to Limit Louis Vuitton's Case.

Defendants admittedly cannot cite one applicable case supporting their assertion that Louis Vuitton's claims for contributory infringement are properly curtailed based on the purported scope of the underlying infringement aided and abetted by Defendants' own conduct. Instead, Defendants fall back on a series of inapplicable decisions concerning claim construction in the patent context.

The only cases Defendants cite in support of their proposition that the claims against them may be "pared down" are patent cases and specifically involve the resolution of multiple complex patent claims.

In contrast, the record evidences contributory infringement cases, like this, where a significantly greater number of underlying direct infringements were alleged and were allowed to proceed to trial. Defendants cite *Tiffany (NJ) Inc. v. Ebay, Inc.*, 576 F. Supp. 2d 463 (S.D.N.Y. 2008) in their motion but fail to note that, despite evidence of thousands of underlying acts of direct infringement referenced in that opinion, there is no evidence the Court limited the evidence of underlying direct infringement which could be offered by the plaintiff or considered by the trier of fact.

The underlying infringements alleged by Louis Vuitton are admittedly extensive, numerous and, indeed, pervasive on Defendants' servers. They are not, however, complex. Unlike the construction of complex scientific claims in the patent cases cited on behalf of Defendants and, indeed, unlike some other forms of trademark infringement where difficult questions of "likelihood

---

[1] There is ambiguity in precisely what it is Defendants seek. On the one had they cite inapplicable patent cases for the proposition that certain "representative" claims can be selected to prove up the entirety of the plaintiff's case, but, on the other hand, they assert that the lion's share of Louis Vuitton's case should be "eliminated". In the remote case the Court is considering any part of the relief asserted by Defendants, then it is the notion of "representative" underlying infringements rather than "elimination" which should be the operative principle.

of confusion" must be resolved, the underlying direct infringements here constitute outright counterfeiting. In most cases, the underlying infringement is admitted through the use by sellers of phrases like "replica" or "knock off" and the use of Louis Vuitton's own word marks ("LV" "Louis Vuitton" or "Vuitton") and design designations (like "Monogram" or "MultiColor") to describe their blatant infringement of Louis Vuitton's valuable intellectual properties.

Defendants' fundamental premise is accordingly misguided: the purported complexity of the underlying direct infringement is not such that extensive time or detailed special verdicts are required for any trier of fact to quickly arrive at the obvious conclusion – that the Defendants have systematically and extensively aided the infringement of Louis Vuitton's intellectual property rights.

Defendants' argument is further flawed by the assertion that Louis Vuitton must prove that each of the alleged seventeen (17) underlying registered trademarks and copyrights have been infringed by each of the alleged seventy seven (77) websites enumerated in the First Amended Complaint. This assessment of Louis Vuitton's burden is incorrect in two fundamental respects. First, Louis Vuitton need only show that one of its intellectual property rights was infringed.[2] This infringement is sufficient to demonstrate Defendants' contributory infringement. To the extent that the same evidence (website data or testimony) show that multiple trademarks or copyrights were infringed then, of course, that added information is properly taken into consideration by the trier of fact when determining the proper amount of statutory damages.

Conversely, however, Louis Vuitton is not limited to proof concerning the 77 websites expressly named in the First Amended Complaint. First, as noted by the Court when leave to amend was granted over the Defendants' opposition, the precise number of websites identified and

---

[2] As Defendants do so frequently in their argument, they construct a straw man around a flawed factual premise: the First Amended Complaint (as did the Complaint filed before it) pleads Louis Vuitton's ownership of several registered trademarks and copyrights. First Amended Complaint (Docket# 71), ¶¶ 13, 20. Louis Vuitton further alleges that these properties are infringed on the Counterfeiting Websites hosted by Defendants. First Amended Complaint, ¶¶ 30, et seq. Louis Vuitton cannot see how these allegations can be construed to state (or to require Louis Vuitton to prove) that **all** of the intellectual properties were infringed on each of the Counterfeiting Websites. While this construction may support the fundamentally flawed arguments advanced by Defendants on this motion, like the motion itself, it is an incorrect reading of the relevant documents.

pled "do not modify any substantive allegations against them". Order Granting Plaintiff Leave to File First Amended Complaint, p. 1 (Docket Entry # 67). For the same reason, Defendants' liability here is not governed by whether seventy-seven websites infringed seventeen intellectual properties or whether one hundred twenty seven websites infringed an average of seven intellectual properties. Defendants' incorrect characterization of the fundamental issues to be resolved in this matter is exacerbated by its repeated errors concerning the liability standards which apply to its own underlying misconduct.

**B. Defendants' Massive Contribution to Infringement of Louis Vuitton's Rights Is Relevant, Probative and The Proposed Unilateral Exclusion of Material Elements of Louis Vuitton's Case Is Highly Prejudicial.**

Defendants' gall is still more stunning when it asserts that Louis Vuitton is not prejudiced by the proposed decapitation of its proof. Not only is evidence of extensive underlying direct infringement of Louis Vuitton's intellectual property rights highly probative on the question of knowledge, it is also necessary for proof of statutory damages.

First, initial evaluation of a select number of servers produced for inspection appears to indicate that the vast majority of the underlying infringing conduct was hosted by a handful of the underlying "partners" or "resellers" with which Defendants do business. The pattern of illegal activity engaged in by a small number of customers provides additional evidence that the Defendants chose to be willfully blind to the illegal use of their servers and Internet routing capacity.

Second, the shear volume of infringing activity also constitutes circumstantial evidence the jury is permitted to consider when determining whether Defendants were willfully blind to the activity occurring using their goods and services.[3]

---

[3] Defendants' reliance upon the District Court cases *Tiffany v. Ebay*, *infra*, and *Hendrickson v. eBay, Inc.*, 165 F.Supp.2d 1082, 1088-90 (C.D. Cal. 2001) for the proposition that generalized knowledge is not sufficient for purposes of establishing knowledge should be dismissed. Defendants' offered holding for *Hendrickson* is misleading as the cited portion discusses a deficient notice by a rights holder under the Digital Millennium Copyright Act in relation to an internet service provider's immunity, not notice for the purpose of contributory liability generally as suggested by Defendants. Moreover, the *Tiffany* case it is at odds with earlier Supreme Court precedent and is pending appeal before the Second Circuit. *Inwood Lab., Inc. v. Ives,* 546 U.S. 844

Louis Vuitton v Akanoc, et al.: Opposition to Motion to "Pare Down" Infringement Allegations - 4 -

Third, Defendants' discovery obstruction impairs available evidence of underlying infringement. Not only have the Defendants conveniently suffered an email server "crash" which allegedly destroyed all evidence of email communications with third parties and within the Defendants' business structure from before the litigation was filed; the Defendants failed to produce any evidence of the underlying direct infringement or of their hosting history. Their assertions that they do not have possession or control of that data has been contradicted by the inspection Louis Vuitton was authorized to conduct but, notwithstanding, that inspection was limited to but five of the approximately 1,400 servers owned and controlled by Defendants. Having effectively prevented Louis Vuitton from obtaining all available evidence of the underlying infringement, they now seek to further prejudice Louis Vuitton's case by pursuing this unsupportable motion.

Finally, both the Copyright Act and Trademark Act provide for statutory damages calculated per underlying right infringed. 15 U.S.C. § 1117; 17 U.S.C. § 504. Accordingly, Louis Vuitton is entitled to statutory damages within the range specified by those statutes. Defendants are jointly and severally liable with each of the underlying direct infringers for the statutory damages properly awarded against them for infringement of each right. To suggest that the action should be "pared down" – especially without any meritorious basis for doing so – demonstrably prejudices Louis Vuitton in denying it the opportunity to prove relevant factors for the trier of fact in assessing statutory damages.

### C. Defendants' Assertion That An Unnecessary – and Unnecessarily Complex – Special Verdict Form Warrants Limitation of Louis Vuitton's Case Is Properly Rejected.

---

(1982) (a party may be held liable if it either (a) intentionally induces another to infringe, or (b) continues to provide assistance in the form of supplying a product or service to one whom the actor knows (*i.e.*, actual knowledge), or has reason to know (*i.e.*, constructive knowledge), is engaged in trademark infringement). *See also Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 939-40 (2005) (information about the general volume of infringing activity on a website could be probative evidence of a contributory infringer's knowledge and intent). Accordingly, regardless of Defendants' preferred standard, this Court is bound by governing appellate authority contrary to the principles stated in Defendants' motion and omitted by them.

Defendants incorrectly suggest that special interrogatories are "necessary" in this case. Defendants' Motion to "Pare Down" Claims, 9:20-24. This is a blatant mischaracterization of the applicable law.

Fed. R. Civ. P. 49 provides, in part:

> "The court **may** require a jury to return only a special verdict in the form of a special written finding on each issue of fact. The court **may** do so by:
>
> (A) submitting written questions susceptible of a categorical or other brief answer;
>
> (B) submitting written forms of the special findings that might properly be made under the pleadings and evidence; or
>
> (C) using any other method that the court considers appropriate."

Fed. R. Civ. P. 49(a) (emphasis supplied).

The rule continues to specify that:

> "The court may submit to the jury forms for a general verdict, together with written questions on one or more of the issues of fact that the jury must decide…."

Fed. R. Civ. P. 49(b).

This Court enjoys broad discretion concerning the use of special verdict forms. *Transamerica Premier Ins.Co. v. Olber*, 107 F.3d 925, 933 (1st Cir. 1997). Moreover, a special verdict is more appropriate in those cases where the jury's role is confined to the determination of factual issues. *United States v. Kim*, 111 F.3d 1351, 1362 (7th Cir. 1997). Here, however, the determination of statutory damages is for the jury. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998). Although equitable relief is for the Court to decide, that determination is predicated upon the fact of contributory infringement, not its full extent as asserted by the Defendants and does not, therefore require the Byzantine special verdict or interrogatory proposed by Defendants.

**D.** **Defendants Cannot Now Be Permitted to Benefit from Their Extensive and Systematic Assistance In The Wholesale Theft of Louis Vuitton's Valuable Intellectual Properties.**

The irony of Defendants' motion beggars the imagination. Having systematically and extensively aided and abetted the infringement of Louis Vuitton's valuable intellectual property rights – even after this litigation was filed and served – the Defendants now have the daring to suggest that the very scope of their illicit activity is such that Louis Vuitton should be precluded from adducing a significant part of its case.

The desperation associated with this maneuver is underscored by the fact that Defendants dared not raise the argument at any time earlier in the litigation – whether by motion for partial summary judgment; motion in limine in anticipation of the first final pretrial conference; during any of the parties' Rule 16 preparation for this case; or in connection with any of the various pretrial filings submitted earlier this year.

Instead (and we are certain not coincidentally) Defendants raise this issue after Louis Vuitton finally secures copies of a select number of servers maintained, owned, possessed and operated by Defendants which evidence numerous Louis Vuitton infringing websites, some of which apparently continued to be hosted into 2009.

This meritless motion[4] should be summarily rejected as a continuation of Defendants' unavailing strategy to prevent Louis Vuitton from offering proof of their systematic and wholesale infringement through discovery obstruction, objection, and ill-considered motions in limine to bar wholly relevant, admissible and most importantly, incriminating evidence.

**CONCLUSION.**

For all the foregoing reasons, Louis Vuitton respectfully submits Defendants' motion should be denied.

Dated: May 25, 2009         J. Andrew Coombs, A Professional Corp.

                            ___/s/ J. Andrew Coombs_____
                            By:   J. Andrew Coombs
                                  Annie Wang
                            Attorneys for Plaintiff Louis Vuitton Malletier, S.A.

---

[4] It appears Defendants cannot even take seriously their own proposition, as evident through their use of quotation marks to identify the striking (and strikingly unsupported) relief sought in this motion.

Louis Vuitton v Akanoc, et al.: Opposition to Motion to "Pare Down" Infringement Allegations         - 7 -