**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:   (949) 553-1010
Facsimile:   (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., <br><br> Plaintiff, <br><br> vs. <br><br> AKANOC SOLUTIONS, INC., et al., <br><br> Defendants. | Case No.: C 07-3952 JW (HRL) <br><br> **REPLY IN SUPPORT OF MOTION TO REQUIRE PLAINTIFF LOUIS VUITTON TO "PARE DOWN" ITS INFRINGEMENT CONTENTIONS FOR TRIAL** <br><br> [Fed. R. Civ. P. 1; Fed. R. Evid. 403] <br><br> New Hearing Date: June 29, 2009 <br> Time: 9:00 a.m. <br> Ctrm: Courtroom 8, 4th Floor |

**TABLE OF CONTENTS**

Page

I. VUITTON AVOIDS EXPLAINING HOW THIS CASE CAN BE TRIED TO A JURY IN THE TIME ALLOTTED ...................................................................................1

II. VUITTON OFFERS NO LEGITIMATE REASON NOT TO PARE DOWN ITS EXCESSIVE AND REPETITIVE CLAIMS ....................................................................3

    A. Paring Down Vuitton's Claims Will Not Limit Any Statutory Damages Award ......................................................................................................................3

    B. Vuitton's Multiple Trademark and Copyright Infringement Claims Are Inherently Complex.................................................................................................4

    C. The Verdict Form Selected By the Court Must Be Adequate to Obtain a Jury Determination of All Factual Issues Essential to Judgment..........................6

    D. The *Tiffany* Case Supports Defendants' Argument That Vuitton's Claims Should be Pared Down............................................................................................6

III. CONCLUSION..................................................................................................................7

## I. VUITTON AVOIDS EXPLAINING HOW THIS CASE CAN BE TRIED TO A JURY IN THE TIME ALLOTTED

Vuitton's opposition fails to explain how the parties can possibly try this case in the time allotted. Each side has only 16.5 hours of trial time (990 minutes or 59,400 seconds). Vuitton must present evidence and argument to establish 3,927 separate acts of infringement. This will give Vuitton on average only 15 seconds to prove each infringement (including all of the elements). The three Defendants will have the same limited amount of time to mount a defense, also at the rate of approximately 15 seconds per claim.

The case will require multiple special verdict forms that amount to up to 8,000 pages. Given two days of scheduled deliberations, the jury will have on average only 14.7 seconds to decide each claimed infringement.

Vuitton's opposition fails to discuss these practical problems Defendants raised, including:

    1.    Any explanation of what the jury will be asked to decide. At the Final Pre-Trial Conference the Court asked counsel what exactly the jury would be asked to decide in this case. The Defendants' motion dealt with that question. Vuitton avoids this question.

    2.    What an appropriate verdict form will look like if Vuitton's claims are not pared down. Vuitton does not challenge or address Defendants' position that a special verdict form, limited to the minimal factual elements, will be approximately 8,000 pages long. Vuitton fails to propose any alternative verdict form, long or short.

    3.    Given the following undisputed facts, how Vuitton plans to prove the elements of its claims in the allotted time-period:

- Vuitton's FAC alleges 1,309 separate acts of infringement against each Defendant committed by at least 77 websites operated by unidentified persons.
- Vuitton's FAC alleges 3,927 separate acts of infringement against all three defendants committed by at least 77 websites operated by unknown persons.
- Vuitton will only have only 15 seconds to present evidence to prove each act of infringement it has alleged.

    4.    Given the following undisputed facts, how Defendants can possibly put on a

defense that comports with due process in the time-period allotted:

- Defendants only have 16.5 hours (990 minutes or 59,400 seconds) to put on evidence to oppose 3,927 separate acts of infringement.

- Defendants only have approximately 15 seconds to put on evidence to refute each alleged act of infringement.

5. How a jury can possibly review, discuss, deliberate, vote and complete a verdict form as to each claimed infringement in only 14.7 seconds per infringement.

6. How a jury can possibly determine the complex factual issues relating to the elements of Vuitton's in the allotted time. Attached to Defendants' original motion are sample special verdicts covering one infringement, by one Defendant, at one website. These verdicts set forth the minimum factual issues essential to judgment that the jury must decide in this case. *In re: Hawaii Federal Asbestos Cases*, 871 F.2d 891, 894 (9th Cir. 1989) ("According to Fed.R.Civ.P. 49(a), the trial court's complete discretion as to whether a special or general verdict is to be returned extends to determining the form of the verdict and interrogatories, **provided that the questions asked are adequate to obtain a jury determination of all factual issues essential to judgment**." [citing *R.H. Baker & Co. v. Smith-Blair, Inc.,* 331 F.2d 506, 508 (9th Cir.1964)]") (emphasis added).

While Vuitton avoids these serious issues, it fulminates about red herring arguments such as "willful blindness" and "statutory damages." Defendants disagree with Vuitton that the concept of willful blindness applies in this case because (1) Defendants do not supply a product to their customers, and (2) generalized knowledge of infringement taking place on Internet servers cannot constitute willful blindness. This issue however is entirely beside the point of the present motion. Even if Vuitton is allowed to present evidence to show "willful blindness," that will not solve the problems the motion raises.

Vuitton's concerns about 'statutory damages' are similarly irrelevant. Defendants disagree that Vuitton is entitled to a separate statutory award for every "underlying right infringed." Defendants believe Vuitton is entitled to only one statutory damages award for each trademark and copyright infringed, regardless of the number of infringements. But even if Vuitton is somehow entitled to separate statutory damage awards for infringements of the same work at multiple websites

that does not solve the problem of how the parties can possibly try this case in the allotted time-frame. Vuitton avoids addressing these problems but the only practical way to solve these problems is to pare down Vuitton's claims. Apparently Vuitton has no practical alternative to paring down the allegations.

## II. VUITTON OFFERS NO LEGITIMATE REASON NOT TO PARE DOWN ITS EXCESSIVE AND REPETITIVE CLAIMS

### A. Paring Down Vuitton's Claims Will Not Limit Any Statutory Damages Award

Whether Vuitton's Intellectual Properties are infringed at one website or at one hundred websites, Vuitton will still only be entitled to a single statutory award. This is because the number of statutory damage awards available under the Copyright Act and the Lanham Act is determined by the number of copyrights and trademarks infringed, regardless of the number of infringements:

> Under this section [504(c)(1) of the Copyright Act], the total number of "awards" of statutory damages (each ranging from $5,000 to $20,000) that a plaintiff may recover in any given action depends on the number of [copyrighted] works that are infringed and the number of individual liable infringers, **regardless of the number of infringements of those works**." *Mason v. Montgomery Data, Inc.,* 967 F.2d 135, 143-144 (5th Cir. 1992) (emphasis added) [1]

The Lanham Act similarly limits the minimum and maximum statutory damages award "**per counterfeit mark** per type of goods or services sold, offered for sale, or distributed as the court considers just." 15 U.S.C.A. § 1117(c) This means that "the statutory award cannot be multiplied by the number of counterfeit items sold or offered for sale." *McCarthy on Trademarks and Unfair Competition, Fourth Edition, Ch. 30 Remedies for Infringement and Unfair Competition (March 2009).*

The **amount** of statutory damages for each copyright or trademark infringed is affected by whether the infringement is willful, **not the number of times a particular copyright or trademark is infringed**. A party can recover statutory damages between $750 and $30,000 for each copyrighted

---

[1] See McCarthy on Trademarks and Unfair Competition, Fourth Edition, Ch. 30 Remedies for Infringement and Unfair Competition (March 2009) ("Under the Copyright Act, one does not multiply the minimum and maximum limits by the number of infringing copies. For infringement of a single copyrighted work by a single infringer, the statutory ceiling and floor dollar limits apply, no matter how many acts of infringement are involved in the lawsuit, and regardless of whether the acts were separate, isolated, or occurred in a related series.")

work infringed. If the infringement is willful the award can be increased up to $150,000. But if the infringer was unaware and had no reason to believe that its acts constituted copyright infringement, the award of statutory damages can be reduced to a sum of not less than $200. 17 U.S.C. § 504(c)(1) The Lanham Act is similar, allowing an award of statutory damages from $500 to $100,000. If the infringement is willful the amount of the award can be increased up to $1 million. 15 U.S.C. §1117(c) There are no provisions under either Act that allow the trier of fact to increase the amount of a statutory award if a particular copyright or trademark is infringed multiple times (for example, at multiple websites).

In practical terms however this issue is moot. Even if Vuitton can establish liability, the jury will likely have the ability to award an amount of statutory damages that is more than Defendants can pay, even after the claims are pared down to a reasonable number.

The Defendants assert that Vuitton's evidence of direct infringement by third parties and of contributory infringement by the defendants is non-existent or extremely weak. Vuitton seems to allege multiplicious infringements to overwhelm the Court and jury with confusing irrelevant detail. Vuitton seems to argue that "where there is smoke, there must be fire" to cover up its lack of evidence on necessary elements.

### B. Vuitton's Multiple Trademark and Copyright Infringement Claims Are Inherently Complex

Vuitton's contributory copyright and trademark infringement claims are sufficiently complex to warrant being pared down. At pages 11-12 of their opening brief Defendants cite numerous cases that give courts power to pare down claims at trial. Vuitton does not contest this Court's ability to pare down claims, but argues that doing so is inappropriate here because its claims are not complex. [Opp. 2:11-12] But Vuitton cites no authority for its position.

Ample Ninth Circuit authority recognizes the inherent complexity of trademark and copyright infringement claims. *Surgicenters of America, Inc. v. Medical Dental Surgeries, Co.*, 601 F.2d 1011, 1014 n. 9 (9th Cir. 1979) ("**Trademark infringement is a peculiarly complex area of the law**. Its hallmarks are doctrinal confusion, conflicting results, and judicial prolixity. The source of this difficulty is that each case involves an effort to achieve three distinct objectives which, to a

degree, are in conflict."); *Danjaq LLC v. Sony Corp.,* 263 F.3d 942 , 957 (9th Cir. 2001) ("Rather than imposing wholesale a new set of standards upon this **already complex area of law**, we accept the parties' invitation to adopt the definition of "willful infringement" that is used elsewhere in the Copyright Act.")

In Vuitton's view its repetitive claims are not complex (and multiple special verdicts are unnecessary) because "unlike some other forms of trademark infringement where difficult questions of "likelihood of confusion" must be resolved, the underlying direct infringements here constitute outright counterfeiting." [Opp. 2:21-3:2] Vuitton ignores the fact that 'likelihood of confusion' as to the source of goods is an element of every single one of its contributory trademark infringement claims.[2] This Court has held that "[t]o establish direct infringement of a trademark, a plaintiff must show: (1) ownership of a valid trademark, and (2) a **likelihood of confusion** resulting from a defendant's alleged infringing use. *Applied Info. Sciences Corp. v. eBay, Inc.,* 511 F.3d 966, 972 (9th Cir.2007)."[3] Further, a 'likelihood of confusion' analysis is necessarily complex. *Homeowners Group, Inc. v. Home Marketing Specialists, Inc.,* 931 F.2d 1100, 1107 (6th Cir.1991) ("Each [trademark infringement] case presents its own **complex** set of circumstances and not all of these [likelihood of confusion] factors may be particularly helpful in any given case.")

The "likelihood of confusion" analysis is complex enough. "Likelihood of confusion' relates to only **one** element of Vuitton's contributory trademark infringement claims (direct infringement). The Defendants' Opening Brief at pages 2–7 list the other elements that consist of numerous detailed and complex factual issues. The sample jury verdict forms attached to the Declaration of James A. Lowe provide a list of interrogatories the jury must decide for each Defendant, for each copyrighted work or trademark that is allegedly infringed by a single website. Paring down Vuitton's claims is necessary because all of the factual issues described therein are necessarily complex, and will require more than the allotted time (15 seconds per infringement) to prove, dispute and decide. [See Defendants' Opening Brief, 7:2-11]

---

[2] The requirement of 'likelihood of confusion' only applies in the area of trademark law. It has no application to Vuitton's contributory **copyright** infringement claims.

[3] *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.,* 591 F. Supp. 2d 1098, 1104 (N.D. Cal. 2008).

### C. The Verdict Form Selected By the Court Must Be Adequate to Obtain a Jury Determination of All Factual Issues Essential to Judgment

The verdict form(s) the Court selects must be adequate to obtain a jury determination of every fact issue essential to proving Vuitton's case. Although the sample verdict forms filed with Defendants opening brief [Exhibits 1541 and 1542] are necessarily abbreviated (they cover only a single infringement, of a single copyright or trademark, by a single defendant, at one website) they do set forth the complex factual issues essential to judgment that must be included in each of the multiple verdict forms in this case. The Ninth Circuit requires that the verdict form(s) the Court selects be "adequate to obtain a jury determination of all factual issues essential to the judgment." *In re: Hawaii Federal Asbestos Cases*, 871 F.2d 891, 894 (9th Cir. 1989)

Vuitton argues that detailed special verdict forms for each claimed infringement are unnecessary simply *because* the Court has discretion to craft the form of verdict under Fed.R.Civ.P. 49. [Opp. 6:1-12] But this argument ignores *In re: Hawaii Federal Asbestos Cases* and *R.H. Baker & Co., v. Smith-Blair, Inc.* 331 F.2d 506, 508 (9th Cir.1964), both of which give a trial court discretion to fashion verdict forms "provided that the questions asked are adequate to obtain a jury determination of all factual issues essential to judgment."

Where, as here, there are multiple factual issues for the jury to decide, a general verdict or limited special verdict would be inappropriate. This concept has been recognized in an analogous patent infringement case:

> We also agree with AmHoist that the district court should have submitted to the jury the factual inquiries underlying a § 103 determination in the form of special interrogatories. Fed.R.Civ.P. 49. While the form of jury verdict is normally a matter of discretion with the trial court, one court has noted that the "failure to utilize this method in a patent case places a heavy burden of convincing the reviewing court that the trial judge did not abuse his discretion." *Baumstimler v. Rankin,* 677 F.2d 1061, 1071-72, 215 USPQ 575, 584 (5th Cir.1982).

### D. The *Tiffany* Case Supports Defendants' Argument That Vuitton's Claims Should be Pared Down

The *Tiffany* case does not help Vuitton. Vuitton cites *Tiffany (NJ) Inc. v. Ebay, Inc.* 576 F.Supp.2d 463 (S.D.N.Y 2008) as a case where "evidence of thousands of underlying acts of direct

infringement" were presented at trial. [Opp. 2:15-18] But *Tiffany* does not appear to stand for that proposition. No "pin" cite was provided in Vuitton's brief, and a review of the case failed to reveal any reference to the presentation of thousands of acts of direct infringement at trial.

But even if Tiffany had presented such evidence, the case would not help Vuitton. *Tiffany* was a bench trial, not a jury trial, and involved infringement at only one website, *www.ebay.com* (not 77 or more separate websites as in the instant case). *Id.* at 471. It is obviously much easier to prove infringement at one website than seventy seven. Also, in *Tiffany* there were only two trademarks at issue. *Id.* at 472. Vuitton's FAC alleges that each defendant contributorily infringed seventeen separate trademarks and copyrights.

### III. CONCLUSION

Defendants respectfully request that Vuitton be ordered to "pare down" its claims to a few representative websites and intellectual properties to make the case manageable for presentation to the jury in the limited time frame allotted for the trial of this matter.

Dated: June 1, 2009          **GAUNTLETT & ASSOCIATES**

By: s/James A. Lowe
David A. Gauntlett
James A. Lowe
Brian S. Edwards
Christopher Lai

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen