1   J. Andrew Coombs (SBN 123881)
    *andy@coombspc.com*
2   Annie S. Wang (SBN 243027)
    *annie@coombspc.com*
3   J. Andrew Coombs, A Prof. Corp.
    517 E. Wilson Ave., Suite 202
4   Glendale, California 91206
    Telephone:  (818) 500-3200
5   Facsimile:   (818) 500-3201

6   Attorneys for Plaintiff Louis
    Vuitton Malletier, S.A.
7

8   David A. Gauntlett (SBN 96399)
    James A. Lowe (SBN 214383)
9   *jal@gauntlettlaw.com*
    GAUNTLETT & ASSOCIATES
10  18400 Von Karman, Suite 300
    Irvine, California  92612
11  Telephone:      (949) 553-1010
    Facsimile:      (949) 553-2050
12
    Attorneys for Defendants
13  Akanoc Solutions, Inc.,
    Managed Solutions Group, Inc. and Steve Chen
14

15
                        UNITED STATES DISTRICT COURT
16
                 NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)
17

18  Louis Vuitton Malletier, S.A.,           )   Case No.: C 07 3952 JW
                                             )
19                        Plaintiff,         )   JOINT JURY INSTRUCTIONS
                                             )
20            v.                             )   Final Pretrial Conference:
                                             )   Date:       July 6, 2009
21  Akanoc Solutions, Inc., et al.,          )   Time:       3:00 p.m.
                                             )   Courtroom:  8, 4th Floor
22                        Defendants.        )
                                             )
23

24

25

26

27

28

Dockets.Justia.com

**TO THE COURT:**

Plaintiff Louis Vuitton Malletier, S.A. ("Plaintiff") and Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steven Chen (collectively "Defendants") respectfully submit the following Joint Jury Instructions.

Dated:  June 5, 2009                              J. Andrew Coombs, A Professional Corp.

    /s/ Annie S. Wang
By:    J. Andrew Coombs
       Annie S. Wang
Attorneys for Plaintiff Louis Vuitton Malletier, S.A.

Dated:  June 5, 2009                              Gauntlett & Associates

    /s/ James A. Lowe
By:    David A. Gauntlett
       James A. Lowe
Attorneys for Defendants Akanoc Solutions, Inc.,
Managed Solutions Group, Inc. and Steve Chen

# TABLE OF CONTENTS

| No. | Title | Source | Page |
|---|---|---|---|
| 1 | Duty of Jury | 9th Cir. Manual 1.1B | 5 |
| 2 | Burden of Proof – Preponderance of Evidence | 9th Cir. Manual No. 1.3 | 6 |
| 3 | What is Evidence | 9th Cir. Manual 1.6 | 7 |
| 4 | What is Not Evidence | 9th Cir. Manual 1.7 | 8 |
| 5 | Evidence for a Limited Purpose | 9th Cir. Manual 1.8 | 9 |
| 6 | Direct and Circumstantial Evidence | 9th Cir. Manual 1.9 | 10 |
| 7 | Ruling on Objections | 9th Cir. Manual 1.10 | 11 |
| 8 | Credibility of Witnesses | 9th Cir. Manual 1.11 | 12 |
| 9 | Conduct of the Jury | 9th Cir. Manual 1.12 | 13 |
| 10 | No Transcript Available to Jury | 9th Cir. Manual 1.13 | 14 |
| 11 | Taking Notes | 9th Cir. Manual 1.14 | 15 |
| 12 | Questions to Witnesses by Jurors | 9th Cir. Manual 1.15 | 16 |
| 13 | Use of Interpreters in Court | 9th Cir. Manual 1.17 | 17 |
| 14 | Bench Conferences and Recesses | 9th Cir. Manual 1.18 | 18 |
| 15 | Outline of Trial | 9th Cir. Manual 1.19 | 19 |
| 16 | Stipulated Testimony | 9th Cir. Manual 2.1 | 20 |
| 17 | Stipulation of Fact | 9th Cir. Manual 2.2 | 21 |
| 18 | Judicial Notice | 9th Cir. Manual 2.3 | 22 |
| 19 | Deposition in Lieu of Live Testimony | 9th Cir. Manual 2.4 | 23 |
| 20 | Foreign Language Testimony | 9th Cir. Manual 2.7 | 24 |
| 21 | Impeachment Evidence – Witness | 9th Cir. Manual 2.8 | 25 |

| 22 | Tests and Experiments | 9th Cir. Manual 2.9 | **26** |
| 23 | Charts and Summaries Not Received in Evidence | 9th Cir. Manual 2.12 | **27** |
| 24 | Charts and Summaries in Evidence | 9th Cir. Manual 2.13 | **28** |
| 25 | Evidence in Electronic Format | 9th Cir. Manual 2.14 | **29** |
| 26 | Two or More Parties  - Different Legal Rights | 9th Cir. Manual 1.5 | **33** |
| 27 | Duties of Jury to Find Facts and Follow Law | | **34** |
| 28 | Communication with Court | 9th Cir. Manual 3.2 | **35** |
| 29 | Additional Instructions of Law | 9th Cir. Manual 3.4 | **36** |
| 30 | Deadlocked Jury | 9th Cir. Manual 3.5 | **37** |
| 31 | Corporations and Partnerships - Fair Treatment | 9th Cir. Manual 4.1 | **38** |

**PRELIMINARY INSTRUCTIONS**

**JURY INSTRUCTION No. 1**

**DUTY OF JURY**

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  **[In addition, from time to time throughout the trial, I will pause the presentation of evidence and give you additional instructions on certain additional matters as they arise.**]  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating I have an opinion regarding the evidence or what your verdict should be.  It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions you must follow all of them and not single out some and ignore others, they are all important.

*Ninth Circuit Manual of Model Civil Jury Instructions* (2007 ed.) (Additions incorporated as reflected at http://207.41.19.15/web/sdocuments.nsf/civ?OpenView&Start=1&Count=250&Expand=19#19) ("Model Instructions") Instruction No. 1.1B

**JURY INSTRUCTION No. 2**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**


[**I have instructed you that Louis Vuitton must prove its claims by a preponderance of the evidence.**]  When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.


*Model Instructions*, No. 1.3

### JURY INSTRUCTION No. 3

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are received into evidence; and

(3)     any facts to which the lawyers have agreed.

*Model Instructions*, No. 1.6

# JURY INSTRUCTION No. 4
## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)   Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, [will say] in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4)   Anything you may have seen or heard [**outside the court or**] when the court was not in session is not evidence.  [**This includes any press, radio, television, or Internet reports you may have seen or heard.  You are to decide the case solely on the evidence received at the trial.  You are not to conduct your own investigation by, for example, looking for evidence on the Internet.**]

*Model Instructions*, No. 1.7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION No. 5**

**EVIDENCE FOR A LIMITED PURPOSE**


Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and for no other purpose.]


*Model Instructions*, No. 1.8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### JURY INSTRUCTION No. 6
### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to be given to any evidence.

*Model Instructions*, No. 1.9

**JURY INSTRUCTION No. 7**

**RULING ON OBJECTIONS**


There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what answer might have been given.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case you must not consider the evidence that I told you to disregard.


*Model Instructions*, No. 1.10

1

2

## JURY INSTRUCTION No. 8

## CREDIBILITY OF WITNESSES

3

4       In deciding the facts in this case, you may have to decide which testimony to believe and

5  which testimony not to believe.  You may believe everything a witness says, or part of it, or none

6  of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

7       In considering the testimony of any witness, you may take into account:

8       (1)     Was the witness able to see or hear or know the things about which that witness

9               testified to?;

10      (2)     How well is the witness' able to recall and describe those things?;

11      (3)     What is the witness' manner while testifying?;

12      (4)     Did the witness' have an interest in the outcome of ~~the~~ this case ~~and~~ or any bias or

13              prejudice concerning any party or any matter involved in the case?;

14      (5)     Was the witness' testimony contradicted by other evidence?;

15      (6)     Was the witness' testimony reasonable in light of all the evidence?; and

16      (7)     any other factors that bear on believability.

17      [In deciding whether or not to believe a witness, keep in mind that people sometimes forget

18  things.  You need to consider therefore whether a contradiction is an innocent lapse of memory or

19  an intentional falsehood, and that may depend on whether it has to do with an important fact or

20  only a small detail.]

21      The weight of the evidence as to a fact does not necessarily depend on the number of

22  witnesses who testify.

23

24       *Model Instructions*, No. 1.11

25

26

27

28

## JURY INSTRUCTION No. 9

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in Internet chat rooms or through Internet "blogs," Internet bulletin boards or e-mails.  Nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors. [**or, You may discuss with your fellow jurors the testimony as it is presented, provided that all jurors are present for the discussion.  You are to keep an open mind throughout the case until you have fully deliberated.**]

*Model Instructions*, No. 1.12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION No. 10

## NO TRANSCRIPT AVAILABLE TO JURY


During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.


*Model Instructions*, No. 1.13

**JURY INSTRUCTION No. 11**

**TAKING NOTES**


If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you [**so that you do not hear other answers by witnesses.**] When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.


*Model Instructions*, No. 1.14

JURY INSTRUCTION No. 12

QUESTIONS TO WITNESSES BY JURORS

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness.  You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness.  If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court.  Do not sign the question.  I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror.  This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case.  If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons.  Do not give undue weight to questions you or other jurors propose.  You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so.  It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

**[OR]**

**["Under our system the jury does not pose questions directly to witnesses.  However, if there is some aspect of the case that you find confusing, you may use your note pad to write me a note.  Give it to Ms. Davis, our Courtroom Deputy Clerk, or Ms. Rodriguez, our court reporter, or directly to me.  I will bring it to the attention of the attorneys."]**

*Model Instructions*, No. 1.15

**JURY INSTRUCTION No. 13**

**USE OF INTERPRETERS IN COURT**

You must not make any assumptions about a witness or party based solely upon the use of an interpreter to assist that witness or party.  [**Witnesses that testify through interpreters are not less credible or more credible than witnesses that do not require an interpreter.  You must not assume a witness is more or less believable because they testify with the aid of an interpreter.**]

*Model Instructions*, No. 1.17

**JURY INSTRUCTION No. 14**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess.  Please understand that while you [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum.  I [may] [did] not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

*Model Instructions*, No. 1.18

## JURY INSTRUCTION No. 15

## OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then [**call a witness to testify**], and counsel for the defendant[**s**] may cross-examine [**that witness**].  [**Following cross-examination, the plaintiff will be given an opportunity to question its witness again as to matters raised by the defendants in their cross-examination.**]  Then the defendant [**will be given the opportunity to**] present evidence, and counsel for the plaintiff may cross-examine [**the defendant's witness.  Following the plaintiff's cross-examination, the defendants will be given an opportunity to question their own witness again as to matters raised by the plaintiff in its cross-examination.**]

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.


*Model Instructions*, No. 1.19

1
2

### JURY INSTRUCTION No. 16
### STIPULATED TESTIMONY

3

4          The parties have agreed what [*witness*]'s testimony would be if called as a witness.  You

5    should consider that testimony in the same way as if it had been given here in court.

6

7              *Model Instructions*, No. 2.1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JURY INSTRUCTION No. 17**

2

**STIPULATION OF FACT**

3

4

The parties have agreed to certain facts [to be placed in evidence as Exhibit ____] [that will

5

be read to you].  You should therefore treat these facts as having been proved.

6

7

*Model Instructions*, No. 2.2

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION No. 18**

**JUDICIAL NOTICE**

The court has decided to accept as proved the fact that [*state fact*], even though no evidence has been introduced on the subject.  You must accept this fact as true.

*Model Instructions*, No. 2.3

## JURY INSTRUCTION No. 19

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*witness*] was taken on [*date*].  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

*Model Instructions*, No. 2.4

**JURY INSTRUCTION No. 20**

**FOREIGN LANGUAGE TESTIMONY**

Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter.  Although some of you may know [**Mandarin Chinese/French**], it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation of the witness's testimony.  You must disregard any different meaning.

*Model Instructions*, No. 2.7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION No. 21**

**IMPEACHMENT EVIDENCE – WITNESS**

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

*Model Instructions*, No. 2.8

1

2

**JURY INSTRUCTION No. 22**

**TESTS AND EXPERIMENTS**

3

4

5

[Arrangements have been made to conduct a test or experiment.]  [A test or experiment was conducted.]

6

7

8

[Observe] [You observed] the conditions under which that test or experiment [is] [was] made.  These conditions may or may not duplicate the conditions and other circumstances that existed at the time and place of the incident involved in this case.

9

It is for you to decide what weight, if any, you give to the test or experiment.

10

11

*Model Instructions*, No. 2.9

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### JURY INSTRUCTION No. 23

### CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

*Model Instructions*, No. 2.12

**JURY INSTRUCTION No. 24**

**CHARTS AND SUMMARIES IN EVIDENCE**


Certain charts and summaries [may be] [have been] received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.


*Model Instructions*, No. 2.13

# JURY INSTRUCTION No. 25

## EVIDENCE IN ELECTRONIC FORMAT

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, printer, projector, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room [with [the clerk] [bailiff] [me] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.] When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment. Do not discuss any exhibit or aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure the computer does not permit access to the Internet or to any "outside" website, database, directory, game or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from

viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

**Comment**

This instruction is premised on the assumption that the parties have stipulated in writing to the availability of electronic display devices in the jury room and to the procedures set forth in the instruction.  The stipulation should be subject to approval by the judge and entered as an order.  It should contain the following provisions:

(1)     The parties agree to an allocation of the costs of providing the necessary equipment, including the computer, hard drive, projector, cable, printer, monitor and other accessories.

(2)     The parties jointly will arrange to load images of the admitted exhibits onto a hard drive in "PDF" format.  (This format is meant to assure maximum security.)  They shall assure that the hard drive contains only such items and nothing else.

(3)     The parties jointly will compile a document entitled "Admitted Exhibit List" that consists of all trial exhibits actually received into evidence, listed in numerical order and containing the date (where available) and a brief description of the exhibit.  The Admitted Exhibit List should be text searchable.  (In complicated or document-laden cases, it would be advisable for the parties to prepare a second exhibit list that would contain the same information, except that the exhibits would be listed in chronological order.  That second list would be made available to the jury in "hard copy," not electronic form.)

(4)     Before the jury retires to deliberate, the parties will review the notebook computer, the exhibit list interface and the images of the exhibits, to assure their accuracy. Unless a party objects before the jury retires to deliberate, that party will waive all objections to the materials and equipment submitted to the jury.

(5)     The parties shall maintain at the courthouse a backup notebook computer and a backup hard drive with images and data identical to what was loaded onto the hard drive sent into the jury room.

(6)     [During the "tutorial" that the technician provides in the jury room and on any later

occasion that a technician enters the jury room to address a technical problem or

matter, the judge will be present and the court reporter will record what is said.]

Paragraph 6 of the recommended stipulation is bracketed because if the jury encounters a

technical problem after it has begun to deliberate, a variety of potentially difficult issues can arise.

Inevitably, the technician will require and receive information from one or more jurors about the

difficulty the jury is encountering.  In many instances, the court technician will need to re-enter the

jury room in order to address the problem.  It is conceivable that the technician will be exposed to

evidence that the jury was attempting to view or at least to the exhibit number(s) of such evidence.

If the jurors themselves had developed charts, summaries, vote tallies or other indicia of their

deliberations, or if they had written summaries of their findings thus far, the technician might be

exposed to that information.  (E.g., such matters could have been placed on a blackboard or in

summaries strewn about the jury table.)  If the judge and court reporter enter the jury room they,

too, could be exposed to aspects of the jury's deliberations that are not supposed to be revealed.

The committee therefore suggests that in the event that a non-juror might be required to enter the

jury room to deal with a technical problem, the judge should *sua sponte* raise these and related

issues with counsel, before authorizing such entry.  Among the factors that the judge and counsel

should discuss are the following:

(a)     Can the technical problem be addressed without entry into the room; e.g., by

removing the equipment for examination outside the presence of the jurors?

(b)     Can the technical problem be addressed without any information from the jury other

than an innocuous statement to the effect that (for example) "the printer isn't

working"?

(c)     Can the risk of even inadvertent disclosure of the jury's deliberations be eliminated

by instructing the jury to cover any charts and to remove or conceal any papers,

etc.?

1   (d)     Should the technician, bailiff, or clerk be sworn in, with an oath that requires them

2           not to disclose whatever they see or hear in the jury room, except for the nature of

3           the technical problem and whether the problem has been fixed?

4   Whether or not these or other appropriate precautions to minimize or eliminate the risk of

5   disclosure are taken, the judge may consider giving the jury this instruction:

6           You have informed me that there is a technical problem that has interfered with your

7           ability to review evidence electronically.  I will send a technician into the jury room

8           to deal with the problem.  Please do not allow any materials reflecting any aspect of

9           your deliberations to be visible during the technician's presence.

10

11          *Model Instructions*, No. 2.14

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTIONS No. 26**

**TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS**

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

*Model Instructions*, No. 1.5

1

**INSTRUCTIONS AT END OF CASE**

2

**JURY INSTRUCTION No. 27**

3

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

4

5          Members of the jury, now that you have heard all the evidence and the arguments of the

6   attorneys, it is my duty to instruct you on the law which applies to this case.  A copy of these

7   instructions will be available in the jury room for you to consult if you find it necessary.

8          It is your duty to find the facts from all the evidence in the case.  To those facts you will

9   apply the law as I give it to you.  You must follow the law as I give it to you whether you agree

10  with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices,

11  or sympathy.  That means that you must decide the case solely on the evidence before you.  You

12  will recall that you took an oath promising to do so at the beginning of the case.

13         In following my instructions, you must follow all of them and not single out some and

14  ignore others; they are all equally important.  You must not read into these instructions or into

15  anything the court may have said or done any suggestion as to what verdict you should return – that

16  is a matter entirely up to you.

17

18

19

20

21

22

23

24

25

26

27

28

### JURY INSTRUCTION No. 28

### COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, [**you will find a form for that purpose included in the material sent into the jury room.  Any one of you may communicate with me by filling out the form, date it and sign it and give it to the marshal or clerk of court.  Now that you are in deliberation, no**] member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

*Model Instructions*, No. 3.2

**JURY INSTRUCTION No. 29**

**ADDITIONAL INSTRUCTIONS OF LAW**

**[DURING DELIBERATIONS]**

At this point I will give you a further instruction. By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you. You shall consider this instruction together with all of the other instructions that were given to you.

[Insert text of new instruction.]

You will now retire to the jury room and continue your deliberations.

*Model Instructions*, No. 3.4

**JURY INSTRUCTION No. 30**

**DEADLOCKED JURY**

Members of the jury you have advised that you have been unable to agree upon a verdict in this case.  I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience.  Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.  However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence.  All of you share an equal desire to arrive at a verdict.  Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole.  You should not single out any part of any instruction, including this one, and ignore others.  They are all equally important.

You may now retire and continue your deliberations.

*Model Instructions*, No. 3.5

**JURY INSTRUCTION No. 31**

**CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT**


[**You should consider and decide this case as an action between persons of equal standing in the community and holding the same or similar stations in life.**]  All parties are equal before the law and a [corporation] [partnership] is entitled to the same fair and conscientious consideration by you as any party.


*Model Instructions*, No. 4.1