**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:     (949) 553-1010
Facsimile:      (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | Case No.:  C 07-3952 JW (HRL) |
| Plaintiff, | |
| vs. | **DEFENDANT'S PROPOSED MODEL JURY INSTRUCTIONS** |
| | **[SUBMITTED IN ADDITION TO PROPOSED JOINT MODEL JURY INSTRUCTIONS]** |
| AKANOC SOLUTIONS, INC., et al., | |
| Defendants. | |

1       Defendants Managed Solutions Group, Inc., Akanoc Solutions, Inc. and Steve Chen submit

2  the following Proposed Model Jury Instructions in addition to the Proposed Joint Model Jury

3  Instructions filed by the plaintiff.

**JURY INSTRUCTION No. ___**

**1.2 CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

**[Louis Vuitton]** claims that **[the defendants contributorily infringed certain of Louis Vuitton's trademarks and copyrighted works]**. The plaintiff has the burden of proving these claims **[by a preponderance of the evidence]**.

**[Managed Solutions Group, Inc., Akanoc Solutions, Inc. and Steve Chen deny these allegations. MSG and Akanoc are Internet Service Providers based in Fremont, and San Jose, California. Steve Chen is the manager of MSG and Akanoc. MSG and Akanoc are in the business of selling monthly connections to the Internet to wholesale resellers of Internet access. For a small monthly fee they provide bundles of Internet Protocol, or IP addresses, partial or all of a computer server, and a quantity of Internet bandwidth. The resellers to whom they sell in turn re-sell smaller bundles to retailers and other end users of the Internet. The defendants have no direct or indirect relationship with the operators of any websites. MSG or Akanoc may receive notices that a particular website using one of the IP addresses servers is alleged to contain infringing content. They may notify the appropriate wholesale customer about the complaint and may take other action. The defendants also have no duty to monitor content on the servers or the IP addresses used by their customers and the defendants are prohibited by federal law from monitoring any customer's communications or data stored on servers.**

# JURY INSTRUCTION No. ___

## 2.10  USE OF INTERROGATORIES OF A PARTY

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

# JURY INSTRUCTION No. ___

## 3.1  DUTY TO DELIBERATE

[You may now retire to deliberate on all aspects of the case.  I wish again to emphasize that you should decide each claim, against each defendant in this case, separately.  The contributory trademark claim is separate and distinct from the contributory copyright claim. The defendants, MSG, Akanoc and Steve Chen, are separate parties and you should consider whether each is  liable separately from the others.  If you decide a particular party is entitled to your verdict on any aspect of the trademark claim, you should not use that as a basis for deciding for or against that party or any other party with respect to the copyright claim.]

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

JURY INSTRUCTION No. ___

**3.3  RETURN OF VERDICT**

A verdict form has been prepared for you. **[There will be two separate sets of verdict forms.  One will cover the contributory trademark infringement claim, and the other will cover the contributory copyright infringement claim.  You must complete each set of verdict forms in accordance with the facts as you find them and in accordance with the law as I have instructed you. In addition, each verdict form will contain instructions to proceed from one question to another or to skip to another question based upon your answer.  However, simply because a verdict form instructs you to proceed to another question is not an indication that you must answer the question in a particular way or at all.  That is a matter for you to decide based on the findings which result from your deliberations.]**

After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### JURY INSTRUCTION No. ___

### 5.1  DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest **[you should award damages or]** for which party your verdict should be rendered. **[That is a matter for you to decide.]**

If you find for **[Louis Vuitton]** on its **[contributory trademark infringement claim]**, you must determine **[Louis Vuitton's]** damages. **[Louis Vuitton]** has the burden of proving **[any]** damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was legally caused by the defendant(s).

**[If you determine that any defendant is liable as a contributory infringer of Louis Vuitton's trademarks, Louis Vuitton is entitled to any damages it has sustained as a result of the infringement.** ~~Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.~~  ~~You should consider the following:~~  **This includes any profits earned by a defendant from the sale of infringing services.**

**Profit is determined by deducting certain allowable expenses from gross revenue.**

**Gross revenue is all of a defendant's receipts from the sale of services to an infringer. Expenses are operating and production costs incurred in producing the infringing services.**

**Louis Vuitton has the burden of proving a defendant's gross revenue by a preponderance of the evidence.]**

It is for you to determine what damages, if any, have been proved.  Your award, **[if any]**, must be based upon evidence and not upon speculation, guesswork or conjecture.

1

2      *Web Printing Controls Co., Inc. v. Oxy-Dry Corp.,* 906 F.2d 1202,

3      1204-1205 (7th Cir.1990) ("A plaintiff wishing to recover damages for
       a violation of the Lanham Act must prove the defendant's Lanham Act

4      violation, that the violation caused actual confusion among consumers
       of the plaintiff's product, and, as a result, that the plaintiff suffered

5      actual injury, i.e., a loss of sales, profits, or present value (goodwill).
       WPC did not prove the elements essential to a recovery of damages, of

6      course, so to it that avenue of relief is foreclosed. FN3 Other avenues
       of relief, however, are not foreclosed. In the past, courts have

7      fashioned wide-ranging relief for a violation of the Lanham Act,
       allowing remedies such as a recovery of defendant's profits, an award

8      of costs of the action, and, in some exceptional cases, an award of
       attorney's fees.")

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION No. ___**

**15.0 PRELIMINARY INSTRUCTIONS--TRADEMARK**

The plaintiff, Louis Vuitton, seeks damages against the defendants, Managed Solutions Group, Inc., Akanoc Solutions, Inc. and Steve Chen, for contributory trademark infringement. The defendants deny contributorily infringing any trademarks. To help you understand the evidence that will be presented in this case, I will explain some of the legal terms you will hear during this trial.

DEFINITION OF A TRADEMARK

A trademark is a word, a name, a symbol, a device, or a combination of them that indicates the source of goods. The owner of a trademark has the right to exclude others from using that trademark.

A person acquires the right to exclude others from using a trademark by being the first to use it in the marketplace. Rights in a trademark are obtained only through commercial use of the mark. The owner of a trademark has the right to exclude others unless the trademark has been abandoned.

The owner of a trademark may transfer, give, or sell to another person the owner's interest in the trademark. This type of agreement is called an assignment, and the person who receives the owner's interest is called an assignee. An assignee has the right to exclude others from using the trademark. To be enforceable, the assignment must be in writing and signed. It must also include the goodwill of the business connected with the trademark.

The owner of a trademark may also enter into an agreement that permits another person to use the trademark. This type of agreement is called a license, and the person permitted to use the trademark is called a licensee.

A trademark owner may enforce the right to exclude others in an action for infringement.

Once the owner of a trademark has obtained the right to exclude others from using the trademark, the owner may obtain a certificate of registration issued by the United States Patent and Trademark Office. Thereafter, when the owner brings an action for infringement, the owner may rely solely on the registration certificate to prove that the owner has the right to exclude others from using the trademark in connection with the type of goods specified in the certificate.

THE PLAINTIFF'S BURDEN OF PROOF

In this case, the plaintiff, Louis Vuitton, contends that the defendants, Managed Solutions Group, Inc., Akanoc Solutions, Inc. and Steve Chen, have contributorily infringed each of the plaintiff's trademarks. The plaintiff has the burden of proving by a preponderance of the evidence **[all of the necessary elements to prove its claims.]** Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the defendant infringed the plaintiff's trademark.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION No. ___**

**15.1 DEFINITION—TRADEMARK**

A trademark is any word, name, symbol, device, or any combination thereof, used by a person to identify and distinguish that person's goods from those of others and to indicate the source of the goods, even if that source is generally unknown.

A person who uses the trademark of another may be liable for damages.

**JURY INSTRUCTION No. ___**

**15.4 TRADEMARK LIABILITY—THEORIES AND POLICIES**

The trademark laws balance three often-conflicting goals: 1) protecting the public from being misled about the nature and source of goods and services, so that the consumer is not confused or misled in the market; 2) protecting the rights of a business to identify itself to the public and its reputation in offering goods and services to the public; and 3) protecting the public interest in fair competition in the market.

The balance of these policy objectives vary from case to case, because they may often conflict. Accordingly, each case must be decided by examining its specific facts and circumstances, of which you are to judge.

In my instructions, I will identify types of facts you are to consider in deciding if the defendant is liable to the plaintiff for violating the trademark law. These facts are relevant to whether any of the defendants are contributorily liable for infringing plaintiff's registered trademark rights.

**JURY INSTRUCTION No. ___**

**15.24 TRADEMARK DAMAGES—ACTUAL OR STATUTORY NOTICE**

In order for plaintiff to recover damages, the plaintiff has the burden of proving by a preponderance of the evidence that defendant had either statutory or actual notice that the plaintiff's trademark was registered.

Defendant had statutory notice if:

1.      Plaintiff displayed with the trademark the words "Registered in U.S. Patent and Trademark Office" or

2.      Plaintiff displayed with the trademark the words "Reg. U.S. Pat. & Tm. Off." or

3.      Plaintiff displayed the trademark with the letter R enclosed within a circle, thus ®.

**JURY INSTRUCTION No. ___**

**15.25 TRADEMARK DAMAGES—PLAINTIFF'S ACTUAL DAMAGES**

If you find for the plaintiff on the plaintiff's contributory infringement claim(s) and find that the defendant had statutory notice or actual notice of the plaintiff's registered trademark, you must determine the plaintiff's actual damages.

The plaintiff has the burden of proving actual damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury or property damage you find was caused by the defendant's contributory infringement of the plaintiff's registered trademark(s).

You should consider the following:

1. The injury to the plaintiff's reputation;

2. The injury to plaintiff's goodwill, including injury to the plaintiff's general business reputation;

3. The lost profits that the plaintiff would have earned but for the defendant's infringement. Profit is determined by deducting all expenses from gross revenue;

4. The expense of preventing customers from being deceived; and

5. The cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement.

When considering prospective costs (e.g., cost of future advertising, expense of preventing customers from being deceived), you must not overcompensate. Accordingly, your award of such future costs should not exceed the actual damage to the value of the plaintiff's mark at the time of the infringement by the defendant.

1

2

**JURY INSTRUCTION No. ___**

**15.26 TRADEMARK DAMAGES—DEFENDANT'S PROFITS**

3   In addition to actual damages, the plaintiff is entitled to any profits earned by the defendant

4   that are attributable to the infringement, which the plaintiff proves by a preponderance of the

5   evidence. You may not, however, include in any award of profits any amount that you took into

6   account in determining actual damages.

7   Profit is determined by deducting all expenses from gross revenue.

8   Gross revenue is all of defendant's receipts from using the trademark in the sale of a product.

9   The plaintiff has the burden of proving a defendant's gross revenue by a preponderance of the

10  evidence.

11  Expenses are all operating overhead and production costs incurred in producing the gross

12  revenue. The defendant has the burden of proving the expenses and the portion of the profit

13  attributable to factors other than use of the infringed trademark by a preponderance of the evidence.

14  Unless you find that a portion of the profit from the sale of the [specify goods] using the

15  trademark is attributable to factors other than use of the trademark, you shall find that the total profit

16  is attributable to the infringement.

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION No. ___**

**17.0 PRELIMINARY INSTRUCTION—COPYRIGHT**

The plaintiff, Louis Vuitton, claims ownership of a copyright and seeks damages against the defendants, Managed Solutions Group, Inc., Akanoc Solutions, Inc. and Steve Chen, for contributory copyright infringement. The defendants deny infringing any copyright. To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

The copyright owner may transfer, sell or convey to another person all or part of the owner's property interest in the copyright, that is, the right to exclude others from reproducing, preparing a derivative work from, distributing, performing, or displaying, the copyrighted work. To be valid, the transfer, sale, conveyance must be in writing. The person to whom a right is transferred is called an assignee.

One who owns a copyright may agree to let another reproduce, prepare a derivative work of, distribute, perform, or display the copyrighted work. To be valid, the transfer, sale, or conveyance must be in writing. The person to whom this right is transferred is called an exclusive licensee. The exclusive licensee has the right to exclude others from copying the work [to the extent of the rights granted in the license.

Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression. The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

## PLAINTIFF'S BURDEN OF PROOF

The plaintiff, Louis Vuitton, contends that the defendants, Managed Solutions Group, Inc., Akanoc Solutions, Inc. and Steve Chen, have contributorily infringed the plaintiff's copyrights. The plaintiff has the burden of proving by a preponderance of the evidence **[all of the elements necessary to prove its claims]**. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

## CONTRIBUTORY INFRINGEMENT

Copyright may be infringed by contributorily infringing.  A person is liable for copyright infringement by another if the person knows or should have known of the infringing activity and induces, causes or materially contributes to the activity.

1

**JURY INSTRUCTION No. ___**

2

**17.22 COPYRIGHT—DAMAGES**

3      If you find for the plaintiff on the plaintiff's contributory copyright infringement claim, you

4   must determine the plaintiff's damages. The plaintiff is entitled to recover the actual damages

5   suffered as a result of the infringement. In addition, the plaintiff is also entitled to recover any profits

6   of the defendant attributable to the infringement. The plaintiff must prove damages by a

7   preponderance of the evidence.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION No. ___**

**17.23 COPYRIGHT—DAMAGES—ACTUAL DAMAGES**

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work. That amount also could be represented by the lost license fees the plaintiff would have received for the defendant's unauthorized use of the plaintiff's work.

19

1

2

## JURY INSTRUCTION No. ___

## 17.24 COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS

3
4
5

In addition to actual damages, the copyright owner is entitled to any profits of the defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

6
7
8

You may make an award of the defendant's profits only if you find that the plaintiff showed a causal relationship or nexus between the infringement and the profits generated indirectly from the infringement.

9
10

The defendant's profit is determined by subtracting all expenses from the defendant's gross revenue.

11
12
13

The defendant's gross revenue is all of the defendant's receipts from the sale of a product [containing or using the copyrighted work associated with the infringement. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

14
15
16

Expenses are all operating costs, overhead costs and production costs incurred in producing the defendant's gross revenue. The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.

17
18
19
20

Unless you find that a portion of the profit from the use, sale of a product containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.

21

22

23

24

25

26

27

28

**JURY INSTRUCTION No. ___**

**17.25 COPYRIGHT DAMAGES—STATUTORY DAMAGES**

If you find for the plaintiff on the plaintiff's contributory copyright infringement claim(s), you must determine the plaintiff's damages. The plaintiff seeks a statutory damage award, established by Congress for each work infringed. Its purpose is to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed. If you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

Instruction 17.26 (Innocent Infringement) and Instruction 17.27 (Willful Infringement) will tell you what constitutes innocent infringement and what constitutes willful infringement.

**JURY INSTRUCTION No. \_\_\_**

**17.26 COPYRIGHT—DAMAGES—INNOCENT INFRINGEMENT**

An infringement is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

(1)    the defendant was not aware that its acts constituted infringement of the copyright; and

(2)    the defendant had no reason to believe that its acts constituted an infringement of the copyright.

22

**JURY INSTRUCTION No. ___**

**17.27 COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT**

An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

    (1)    the defendant engaged in acts that infringed the copyright; and

    (2)    the defendant knew that those acts infringed the copyright.

1

Dated:  June 5, 2009

**GAUNTLETT & ASSOCIATES**

2

3

By:       s/James A. Lowe
          David A. Gauntlett

4

          James A. Lowe
          Brian S. Edwards

5

6

Attorneys for Defendants
Akanoc Solutions, Inc.,

7

Managed Solutions Group, Inc.,
and Steve Chen

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28