**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:    (949) 553-1010
Facsimile:    (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., <br><br> Plaintiff, <br><br> vs. <br><br> AKANOC SOLUTIONS, INC., MANAGED SOLUTIONS GROUP, INC., STEVEN CHEN AND DOES 1 THROUGH 10, INCLUSIVE, <br><br> Defendants. | Case No.: C 07-3952 JW (HRL) <br><br> **SUPPLEMENTAL JURY INSTRUCTION NO. 2** |

**JURY INSTRUCTION No. \_\_\_\_\_**

CONTRIBUTORY COPYRIGHT INFRINGEMENT -
SUBSTANTIAL NON-INFRINGING USES

You must also determine whether the defendants' computer servers and services are capable of substantial non-infringing uses. If you find that the computer servers and services are capable of substantial non-infringing uses, the defendants cannot be held liable for contributory copyright infringement unless, in addition to all of the other required elements, you also find that each defendant had actual, specific knowledge of direct infringement occurring at the time at each accused website using their servers.

If you find substantial non-infringing uses but the infringing uses are substantial, the defendants may also avoid liability by showing it would have been disproprortionately costly to eliminate or at least reduce substantially the infringing uses.

*A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1020-1021 (9th Cir. 2001) ("The *Sony* Court refused to hold the manufacturer and retailers of video tape recorders liable for contributory infringement despite evidence that such machines could be and were used to infringe plaintiffs' copyrighted television shows. *Sony* stated that if liability "is to be imposed on petitioners in this case, it must rest on the fact that they have sold equipment with constructive knowledge of the fact that their customers may use that equipment to make unauthorized copies of copyrighted material." *Id.* at 439, 104 S.Ct. 774 (emphasis added). The *Sony* Court declined to impute the requisite level of knowledge where the defendants made and sold equipment capable of both infringing and "substantial noninfringing uses." *Id.* at 442 (adopting a modified "staple article of commerce" doctrine from patent law). See also *Universal City Studios, Inc. v. Sony Corp.,* 480 F.Supp. 429, 459 (C.D.Cal.1979) ("This court agrees with defendants that their knowledge was insufficient to make them contributory infringers."), rev'd, 659 F.2d 963 (9th Cir.1981), rev'd, 464 U.S. 417, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984); Alfred C. Yen, Internet Service Provider Liability for Subscriber Copyright Infringement, Enterprise Liability, and the First Amendment, 88 Geo. L.J. 1833, 1874 & 1893 n.210 (2000) (suggesting that, after *Sony*, most Internet service providers lack "the requisite level of knowledge" for the imposition of contributory liability").

We are bound to follow *Sony*, and will not impute the requisite level of knowledge to Napster merely because peer-to-peer file sharing technology may be used to infringe plaintiffs' copyrights. See 464 U.S. at 436, 104 S.Ct. 774 (rejecting argument that merely supplying the "'means' to accomplish an infringing activity" leads to imposition of liability).

*Perfect 10 v. Google, Inc.,* 416 F.Supp.2d 828, 853 (C.D.Cal.2006) ("Under *Sony*, Google cannot be deemed to have constructive knowledge of infringing activity since its search engine clearly is capable of commercially significant noninfringing uses.")

*A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1020 (9th Cir. 2001) ("It is apparent from the record that Napster has knowledge, both actual and constructive, of direct infringement. Napster claims that it is nevertheless protected from contributory liability by the teaching of *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984). We disagree. We observe that Napster's actual, specific knowledge of direct infringement renders Sony 's holding of limited assistance to Napster. We are compelled to make a clear distinction between the architecture of the Napster system and Napster's conduct in relation to the operational capacity of the system.")

*In re Aimster Copyright Litigation,* 334 F.3d 643, 655 (9th Cir. 2007) ("Even when there are non-infringing uses of an Internet file-sharing service, moreover, if the infringing uses are substantial then to avoid liability as a contributory infringer the provider of the service must show that it would have been disproportionately costly for him to eliminate or at least reduce substantially the infringing uses.")