1 | **GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
2 | James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
3 | Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
4 | Irvine, California 92612
Telephone: (949) 553-1010
5 | Facsimile: (949) 553-2050
info@gauntlettlaw.com
6 | jal@gauntlettlaw.com
bse@gauntlettlaw.com
7 |
Attorneys for Defendants
8 | Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
9 | and Steve Chen

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| LOUIS VUITTON MALLETIER, S.A., | ) Case No.: C 07-3952 JW (HRL) |
|---|---|
| Plaintiff, | ) |
| vs. | ) **SUPPLEMENTAL JURY INSTRUCTION NO. 5** |
| AKANOC SOLUTIONS, INC., MANAGED SOLUTIONS GROUP, INC., STEVEN CHEN AND DOES 1 THROUGH 10, INCLUSIVE, | ) |
| Defendants. | ) |

164166.1-10562-002-6/5/2009

**SUPPLEMENTAL JURY INSTRUCTION NO.5
– C 07-3952 JW**

**JURY INSTRUCTION No. _____**

CONTRIBUTORY COPYRIGHT INFRINGEMENT - INDUCED, CAUSED OR MATERIALLY CONTRIBUTED TO DIRECT INFRINGEMENT

To be held liable as a contributory infringer, it is not enough that a defendant may have contributed to the general business of the infringer.  To materially contribute to copyright infringement any assistance must bear a direct relationship to infringing acts at a particular website.

*Perfect 10, Inc. v. Visa Intern. Service Ass'n,* 2004 WL 1773349, *3 (N.D.Cal.2004) ("To have engaged in contributory copyright infringement, it is **not sufficient for the Defendants to merely have contributed to the general business of the infringer**. To have materially contributed to copyright infringement, "**the ... assistance must bear some direct relationship to the infringing acts.**" 3-12 Nimmer on Copyright § 12.04[A][2][a] (2004); *Fonovisa, Inc. v. Cherry Auction, Inc.,* 76 F.3d 259, 264 (9th Cir.1996) ( "One who directly contributes to another's infringement should be held accountable."); *MGM Studios, Inc. v. Grokster, Ltd.,* 259 F.Supp.2d 1029, 1042 (C.D.Cal.2003) (**The Defendants' assistance "must bear a direct relationship to the infringing acts."**). In addition, the contributing conduct must be substantial. *Religious Tech. Ctr. v. Netcom On-line Comm. Servs.,* 907 F.Supp. 1361, 1375 (N.D.Cal.1995).")

*Nimmer on Copyright*, § 12.04[A][3][a]: "In order to deemed a contributory infringer, the authorization or assistance must bear some direct relationship to the infringing acts, and the person rendering such assistance or giving such authorization must be acting in concert with the infringer."

*Perfect 10, Inc. v. Visa Intern. Service Ass'n,* 2004 WL 1773349, *3 (N.D.Cal.2004) ("**Examples of material contribution** from recent Internet case law **include providing an online index of copyrighted songs to facilitate their transfer between software users**, *A & M Records v. Napster,* 239 F.3d 1004, 1021 (9th Cir.2001), and **providing a bulletin board system allowing Internet users to upload and download copyrighted video games**, *Sega Enters. v. MAPHIA,* 948 F.Supp. 923, 933 (N.D.Cal.1996). In non-Internet cases, contributory infringement has traditionally been found where defendant **swap-meet owners provided infringing vendors at the swap-meet with "space, utilities, parking, advertising, plumbing, and customers**." *UMG Recordings, Inc. v. Sinnott,* 300 F.Supp.2d 993, 1001 (E.D.Cal.2004) (citing *Fonovisa, Inc. v. Cherry Auction. Inc.,* 76 F.3d 259, 264 (9th Cir.1996)). **All of these acts were directly tied to not only the business operations of the infringers, but specifically to their infringing conduct**.")