1  **GAUNTLETT & ASSOCIATES**
   David A. Gauntlett (SBN 96399)
2  James A. Lowe (SBN 214383)
   Brian S. Edwards (SBN 166258)
3  Christopher Lai (SBN 249425)
   18400 Von Karman, Suite 300
4  Irvine, California  92612
   Telephone:   (949) 553-1010
5  Facsimile:   (949) 553-2050
   info@gauntlettlaw.com
6  jal@gauntlettlaw.com
   bse@gauntlettlaw.com
7
   Attorneys for Defendants
8  Akanoc Solutions, Inc.,
   Managed Solutions Group, Inc.
9  and Steve Chen

10                    **UNITED STATES DISTRICT COURT**

11              **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

12

13  | LOUIS VUITTON MALLETIER, S.A., | ) Case No.:  C 07-3952 JW (HRL) |
14  |                                | )                                |
    | Plaintiff,                     | ) **SUPPLEMENTAL JURY**          |
15  |                                | ) **INSTRUCTION NO. 10**         |
    | vs.                            | )                                |
16  |                                | )                                |
17  | AKANOC SOLUTIONS, INC., MANAGED | )                               |
    | SOLUTIONS GROUP, INC., STEVEN CHEN | )                            |
18  | AND DOES 1 THROUGH 10, INCLUSIVE, | )                             |
19  |                                | )                                |
    | Defendants.                    | )                                |
20  |                                | )                                |
21  | _____ | )                                |

164698.1-10562-002-6/5/2009                              **SUPPLEMENTAL JURY INSTRUCTION NO. 10**
                                                                                – **C 07-3952 JW**

**JURY INSTRUCTION No. \_\_\_\_**

DAMAGES – CONTRIBUTORY COPYRIGHT INFRINGEMENT
AWARD OF STATUTORY DAMAGES

If you find that a defendant contributorily infringed the _____ copyrighted work, you must determine the amount of statutory damages the Plaintiff can recover against that defendant. The Copyright Act permits recovery of one award of statutory damages for each copyrighted work contributorily infringed by defendants, regardless of how many times that copyrighted work was infringed.

If you find the infringement was not willful, you must award damages between $750 and $30,000 per copyrighted work. If the infringement is willful the award can be increased up to $150,000 per copyrighted work. But if the defendant did contributorily infringe a copyright but was unaware and had no reason to believe that its acts constituted copyright infringement, the award of statutory damages can be reduced to a sum of not less than $200 per copyrighted work.

"Willfulness" under the Copyright Act requires proof that (1) the defendant was actually aware of the infringing activity, or (2) the defendant's actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights.

The amount of statutory damages awarded should not be disproportionate to the actual damages Louis Vuitton suffered, if any, as a result of the infringement.

17 U.S.C. 504(c)(1) and (2) provide:

(c) Statutory Damages.--

(1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of **not less than $750 or more than $30,000 as the court considers just**. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

(2) **In a case where the** copyright owner sustains the burden of proving, and the court finds, that **infringement was committed willfully**, **the court** in its discretion **may increase** the award of statutory damages to a sum of **not more than $150,000**. **In a case where** the infringer sustains the burden of proving, and the court finds, that **such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200**.

*Island Software and Computer Service, Inc. v. Microsoft Corp.,* 413 F.3d 257, 262-263 (2d Cir. 2005) ("Once an act of infringement under the Copyright Act has been proven, a plaintiff may, in lieu of an award of actual damages and profits, request that statutory damages under 17 U.S.C. § 504(c) be awarded. If a plaintiff so elects, the district court will grant anywhere between $750 and *263 $30,000 for each copyright infringed. See 17 U.S.C. § 504(c)(1). If the defendant's infringement was willful, however, the district court may also, in its discretion, enhance the statutory damages award to as much as $150,000 per infringed work. 17 U.S.C. § 504(c)(2).")

*Mason v. Montgomery Data, Inc.,* 967 F.2d 135, 143-144 (5th Cir. 1992) (emphasis added) ("Under this section [504(c)(1) of the Copyright Act], the total number of "awards" of statutory damages (each ranging from $5,000 to $20,000) that a plaintiff may recover in any given action depends on the number of [copyrighted] works that are infringed and the number of individual liable infringers, regardless of the number of infringements of those works.")

McCarthy on Trademarks and Unfair Competition, Fourth Edition, Ch. 30 Remedies for Infringement and Unfair Competition (March 2009) ("Under the Copyright Act, one does not multiply the minimum and maximum limits by the number of infringing copies. For infringement of a single copyrighted work by a single infringer, the statutory ceiling and floor dollar limits apply, no matter how many acts of infringement are involved in the lawsuit, and regardless of whether the acts were separate, isolated, or occurred in a related series.")

*Yurman Studio, Inc. v. Castaneda,* Slip Copy, 2008 WL 4949775, *2 (S.D.N.Y. 2008) ("At the end of the day, statutory damages should bear some relation to actual damages suffered.")

*New Line Cinema Corp. v. Russ Berrie & Co.,* 161 F.Supp.2d 293, 303 (S.D.N.Y.2001) ("[S]tatutory damages should be commensurate with the actual damages incurred and, thus, the proper departure point is [defendant's] stipulated gross revenue.")
*Gucci Am., Inc. v. Duty Free Apparel, Ltd.,* 315 F.Supp.2d 511, 520 (S.D.N.Y. 2004) ("To the extent

possible, statutory damages should be woven out of the same bolt of cloth as actual damages.")

*Island Software and Computer Service, Inc. v. Microsoft Corp.,* 413 F.3d 257, 262-263 (2d Cir. 2005) ("To prove "willfulness" under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights. [citations omitted] Willfulness in this context means that the defendant recklessly disregarded the possibility that its conduct represented infringement.") (citation and internal quotation marks omitted.").