**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:  (949) 553-1010
Facsimile:   (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | Case No.:  C 07-3952 JW (HRL) |
| Plaintiff, | **SUPPLEMENTAL JURY INSTRUCTION NO. 11** |
| vs. | |
| AKANOC SOLUTIONS, INC., MANAGED SOLUTIONS GROUP, INC., STEVEN CHEN AND DOES 1 THROUGH 10, INCLUSIVE, | |
| Defendants. | |

## JURY INSTRUCTION No. \_\_\_\_

### CONTRIBUTORY TRADEMARK INFRINGEMENT

You have heard all of the evidence with respect to Plaintiff's claim that the Defendants contributorily infringed the following fifteen (15) separate trademarks:

| TRADEMARK | CLASS OF GOODS |
|---|---|
| Louis Vuitton (Interlocked Letters) in a Circle Design | 18 |
| Louis Vuitton (Interlocked Letters) and Monogram Canvas Design | 18 |
| LOUIS VUITTON | 18 |
| Louis Vuitton (Interlocked Letters) Design | 18 |
| LOUIS VUITTON MALLETIER A PARIS in Rectangle | 16, 18 |
| Louis Vuitton (Interlocked Letters) on Epi Leather Design | 18 |
| Louis Vuitton (Interlocked Letters) and Monogram Canvas Pattern Design | 25 |
| Louis Vuitton (Interlocked Letters) Design | 16, 25 |
| Louis Vuitton (Interlocked Letters) and Monogram Canvas Design | 16 |
| Louis Vuitton (Interlocked Letters) | 14, 24 |
| LOUIS VUITTON World Mark | 16, 18, 24, 25 |
| Louis Vuitton (Interlocked Letters) Design | 34 |
| LOUIS VUITTON | 34 |
| Louis Vuitton (Interlocked Letters) Design | 25 |
| LOUIS VUITTON PARIS and Damier (pattern design) | 18 |

You must decide if each accused website directly infringed each of these trademarks and if so, whether individually Managed Solutions Group, Inc., Akanoc Solutions, Inc. and Steve Chen each contributed to that infringement. You should consider each defendant's contributory liability as to each trademark and each accused website separately.

A trademark is any word, name, symbol, device, or any combination thereof, used by a person to identify and distinguish that person's goods from those of others and to indicate the source of the goods.

To establish contributory trademark infringement by each of the defendants in this case as to each trademark directly infringed by each accused website, Louis Vuitton must prove several elements. Each element must be proven by a preponderance of the evidence. Preponderance of the evidence means that you are persuaded by the evidence that it is more probably true than not true.

## ELEMENT ONE – DIRECT INFRINGEMENT

Plaintiff must first prove as to each of its fifteen trademarks that it was directly infringed by a specific third party or parties. To prove direct trademark infringement, Plaintiff must first prove that each trademark is (1) valid (2) entitled to protection under the Lanham Act, and (3) used by _____ **[website(s)]** in interstate commerce in connection with the sale or advertising of goods or services without Vuitton's consent by one or more of the accused websites: 315EC.com, Ape168.com, Atozbrand.com, At88.com, bag1881.net, Bag4Sell.com, Bag925.com, BigWorldShoes.com, Bizyao.com, BrandFashioner.com, Brandstreets.com, BrandStyleSales.com, Brandtrading.net, BuyMyShoes.net, Cn-nike.us, DreamyShoes.com, Eastarbiz.com, Eastarbiz.net, EBuyNike.com, ECshoes.com, EGoToBuy.com, EMSYou.com, EShoes99.com, Eshoes99.net, Famous-Shop.com, Fansjersey.com, GucciFendi.com, GZ-Free.com, HandBagSell.com, Imitation-Gold.com, InNike.com, Lkkfashion2006.com, Ilouisvuitton.com, LongTimeGroup.com, Louis-vuitton-bags.org, Louisvuittonbagz.com, LoverNike.com, LuxeLike.com, Luxury2Us.com, LVBagz.com, lv-handbag.com, lv-nike.com, MailGoods.com, Myshoes99.com, Nike558.com, Nikeexp.com, NikeShoesOffer.com, NikeWTO.com, NonStopBeauty.com, PFCStation.com, PickHipHop.com, PickYourGoods.com, PickYourOrder.com, Pro-Jordan.com, Queen-bag.com, Replica-ebags.com, Replicabc.com, RRGNL.com, Shoes-Order.com, SoApparel.com, Soapparel.net, Sportsvendor.biz, Sunny7Shoes.com, Super925.com, Swisshours.biz, Top-handbag.com, Tytrade88.com, Watchesnreplica.com, WatchesReplica.net, WatchNReplica.net, WearOnline.net, Wendy929.com, Wendy929.net, Wendyluxury.com, WorldKeyTrade.com, YeahEBay.com, Yseenet.net.

This must be proven as to each accused website individually.

Louis Vuitton must also prove that the use of each trademark at each accused website would be likely to confuse consumers about the source of goods. I will suggest some factors you should

consider in determining this issue. The presence or absence of any particular factor that I suggest should not necessarily resolve whether there was a likelihood of confusion, because you must consider all relevant evidence in determining this. As you consider the likelihood of confusion, you should examine the following:

1. Strength or weakness of each trademark.

2. The alleged direct infringer's use of each trademark.

3. Actual Confusion. If use by a direct seller using a particular trademark has led to instances of actual confusion, this strongly suggests a likelihood of confusion. If, by contrast, there are none or only a few isolated instances of actual confusion you may find that there has not been substantial actual confusion.

4. The Alleged Direct Sellers Intent. Knowing use by a direct seller of each the plaintiff's trademark to identify similar goods may show an intent to derive benefit from the reputation of each of plaintiff's trademarks, suggesting an intent to cause a likelihood of confusion.

5. Marketing/Advertising Channels. If the plaintiff's goods are likely to be sold in the same or similar stores or outlets, or advertised in similar media as those of the accused websites, this may increase the likelihood of confusion. Conversely if they are *not* sold in the same or similar stores or outlets, or advertised in similar media, this may decrease the likelihood of confusion.

6. Purchaser's Degree of Care. The more sophisticated the potential buyers of the goods or the more costly the goods, the more careful and discriminating the reasonably prudent purchaser exercising ordinary caution may be. They may be less likely to be confused by similarities in the products.

## ELEMENT TWO – INTENTIONAL INDUCEMENT

To prevail on its contributory trademark infringement claim, in addition to satisfying the element of direct infringement as to each trademark and each alleged direct infringer, the plaintiff must prove by a preponderance of the evidence that each individual defendant either (1) intentionally induced direct infringers to infringe each of the trademarks at each particular website, or (2) continued to supply an infringing product to direct infringers knowing or having reason to know that the direct infringers are mislabeling the particular product supplied.

Regarding (2) above, for liability to attach each individual defendant must know or have reason to know of specific instances of actual infringement involving the trademark at issue occurring at each accused website. Generalized knowledge by a defendant that infringement is taking place at websites located on their Internet servers is not enough to satisfy (2) above.

If you find that a specific direct infringer supplies *services* rather than *products* to the public, it is sufficient for Plaintiff to prove that a defendant directly controlled and monitored the specific website at all relevant times.

You must consider the liability of each defendant separately as to each trademark and each accused website. If you find that all of the elements on which Louis Vuitton has the burden of proof has been proved, your verdict should be for Louis Vuitton. If, on the other hand, Louis Vuitton has failed to prove any of these elements as to any defendant, your verdict should be for the particular defendant.

Ninth Circuit Model Jury Instructions §§ 15:1 and 15.16

*Tiffany (NJ) Inc. v. eBay, Inc.,* 576 F.Supp.2d 463, 495 (S.D.N.Y. 2008) ("In order to prevail on a trademark infringement claim, a plaintiff must establish that "(1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) 'in connection with the sale ... or advertising of goods or services,' (5) without the plaintiff's consent.")

*Perfumebay.com Inc. v. EBAY, Inc.,* 506 F.3d 1165, 1173 (9th Cir. 2007) ("The core element of trademark infringement is whether customers are likely to be confused about the source or sponsorship of the products.")

*Perfect 10, Inc. v. Visa Intern. Service Ass'n,* 494 F.3d 788, 807 (9th Cir. 2007) ("To be liable for contributory trademark infringement, a defendant must have (1) "intentionally induced" the primary infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied. [citing *Inwood Labs., Inc. v. Ives Labs., Inc.,* 456 U.S. 844, 855, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982)] When the alleged **direct infringer** supplies a service rather than a product, under the second prong of this test, the court must 'consider the extent of control exercised by the defendant over the third party's means of infringement.'" [citing *Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 984 (9th Cir.1999)]. For liability to attach, there must be "[d]irect control and monitoring of the instrumentality used by a third party to infringe the plaintiff's mark." *Id.*)

*Perfect 10, Inc. v. Visa Intern. Service Ass'n,* 494 F.3d 788, 807 (9th Cir. 2007) ("[A] defendant must have ... continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied.") (emphasis added).

*Metro Pub., Ltd. v. San Jose Mercury News,* 987 F.2d 637, 640 (9th Cir. 1993) ("Because each [*Sleekcraft*] factor is not necessarily relevant to every case, this list functions as a guide and is 'neither exhaustive or exclusive.'")

*Brookfield Communications v. West Coast Communications,* 174 F.3d 1036, 1054 (9th Cir.1999) ("Some factors are much more helpful than others, and the relative importance of each individual factor will be case specific . . . . [I]t is often possible to reach a conclusion with respect to likelihood of confusion after considering only a subset of the factors.")

*Tiffany, Inc. v. Ebay, Inc.* 576 F.supp.2d 463, 508 (S.D.N.Y. 2008) ("For the following reasons, the Court concludes that while eBay clearly possessed general knowledge as to counterfeiting on its website, such generalized knowledge is insufficient under the *Inwood* test to impose upon eBay an affirmative duty to remedy the problem.")

*Tiffany, Inc. v. Ebay, Inc.* 576 F.supp.2d 463, 510 (S.D.N.Y. 2008) ("[C]ourts have also rejected a standard that would reach conduct that only might be infringing. Instead, courts have required a much higher showing that a defendant knew or had reason to know of specific instances of actual infringement.")