1 | **GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
2 | James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
3 | Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
4 | Irvine, California 92612
Telephone: (949) 553-1010
5 | Facsimile: (949) 553-2050
info@gauntlettlaw.com
6 | jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| LOUIS VUITTON MALLETIER, S.A., | ) Case No.: C 07-3952 JW (HRL) |
|---|---|
| Plaintiff, | ) |
| vs. | ) **SUPPLEMENTAL JURY INSTRUCTION NO. 12** |
| AKANOC SOLUTIONS, INC., MANAGED SOLUTIONS GROUP, INC., STEVEN CHEN AND DOES 1 THROUGH 10, INCLUSIVE, | ) |
| Defendants. | ) |

164185.1-10562-002-6/5/2009 — **SUPPLEMENTAL JURY INSTRUCTION NO. 12 – C 07-3952 JW**

**JURY INSTRUCTION No. \_\_\_\_**

CONTRIBUTORY TRADEMARK INFRINGEMENT –
LIKELIHOOD OF CONFUSION

A "likelihood" of confusion requires that the confusion be probable, not simply a possibility. The allegedly infringing conduct must be likely to confound an appreciable number of reasonably prudent purchasers exercising ordinary care.

*Murray v. Cable Nat. Broadcasting Co.,* 86 F.3d 858 (9th Cir.1996) ("A likelihood of confusion exists when a consumer viewing a service mark is likely to purchase the services under a mistaken belief that the services are, or associated with, the services of another provider. [citing *Rodeo Collection, Ltd. v. West Seventh,* 812 F.2d 1215, 1217 (9th Cir.1987)]. **The confusion must "be probable, not simply a possibility."**")

*Entrepreneur Media, Inc. v. Smith,* 279 F.3d 1135, 1151 (9th Cir.2002) ("To constitute trademark infringement, use of a mark must be **likely to confuse an *appreciable* number of people** as to the source of the product. [citing *Int'l Ass'n. of Machinists and Aerospace Workers v. Winship Green Nursing Ctr.,* 103 F.3d 196, 201 (1st Cir.1996)] [T]he law has long demanded a showing that the allegedly infringing conduct carries with it a **likelihood of confounding an appreciable number of reasonably prudent purchasers exercising ordinary care**." [italics in original])