1   **GAUNTLETT & ASSOCIATES**
    David A. Gauntlett (SBN 96399)
2   James A. Lowe (SBN 214383)
    Brian S. Edwards (SBN 166258)
3   Christopher Lai (SBN 249425)
    18400 Von Karman, Suite 300
4   Irvine, California  92612
    Telephone:    (949) 553-1010
5   Facsimile:    (949) 553-2050
    info@gauntlettlaw.com
6   jal@gauntlettlaw.com
    bse@gauntlettlaw.com
7
    Attorneys for Defendants
8   Akanoc Solutions, Inc.,
    Managed Solutions Group, Inc.
9   and Steve Chen

10                    **UNITED STATES DISTRICT COURT**

11          **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

12

13   LOUIS VUITTON MALLETIER, S.A.,          )   Case No.:  C 07-3952 JW (HRL)
                                             )
14                   Plaintiff,              )
                                             )   **SUPPLEMENTAL JURY**
15        vs.                                )   **INSTRUCTION NO. 13**
                                             )
16                                           )
                                             )
17   AKANOC SOLUTIONS, INC., MANAGED         )
     SOLUTIONS GROUP, INC., STEVEN CHEN      )
18   AND DOES 1 THROUGH 10, INCLUSIVE,       )
                                             )
19                   Defendants.             )
                                             )
20   _____)

21

22

23

24

25

26

27

28

164188.1-10562-002-6/5/2009                    **SUPPLEMENTAL JURY INSTRUCTION NO. 13**
                                               **– C 07-3952 JW**

Dockets.Justia.com

**JURY INSTRUCTION No. ____**

CONTRIBUTORY TRADEMARK INFRINGEMENT –
LIKELIHOOD OF CONFUSION

In considering whether a third party's use of the plaintiff's trademark(s) is likely to cause confusion about the source of the goods, you should consider the relative cost of the plaintiff's goods. If they are relatively expensive, this factor weighs heavily against finding a likelihood of confusion.

164188.1-10562-002-6/5/2009

2

**SUPPLEMENTAL JURY INSTRUCTION NO. 13
– C 07-3952 JW**

1   *Brookfield Communications, Inc. v. West Coast Entertainment Corp.,* 174 F.3d 1036, 1060  (9th

2   Cir.1999) ("**Likelihood of confusion is determined on the basis of a "reasonably prudent consumer**." What is expected of this reasonably prudent consumer depends on the circumstances.

3   **We expect him to be more discerning-and less easily confused-when he is purchasing expensive items**, see, e.g., *Official Airline Guides*, 6 F.3d at 1393 (noting that confusion was unlikely among

4   advertisers when the products in question cost from $2,400 to $16,000) . . . [W]hen dealing with inexpensive products, customers are likely to exercise less care, thus making confusion more

5   likely.")

6   *E. & J. Gallo Winery v. Gallo Cattle Co.,* 967 F.2d 1280, 1293 (9th Cir. 1992) ("When goods are

7   **expensive**, it is assumed that buyers will exercise greater care in their purchases.")

8   *Vuitton Et Fils S.A. v. J. Young Enterprises, Inc.,* 644 F.2d 769, 771-772 (9th Cir. 1981) ("Vuitton, a French company, is owned and controlled by members of the Vuitton family. It is engaged in the

9   sale and distribution of **expensive** luggage, handbags, and related items.")

10   *Self-Insurance Institute of America, Inc. v. Software and Information Industry Ass'n,* 208 F.Supp.2d

11   1058 (C.D.Cal.2000), *affd.*  ("Based on the relatively high cost, the Court finds that consumers seeking association services will be very discerning and not easily confused. . . . The Court finds that

12   **consumers seeking association services are highly discerning and not easily confused. This factor weighs heavily against finding a likelihood of confusion**.")

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28