Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc. et al Doc. 161 Att. 13


**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A.,<br><br>Plaintiff,<br><br>vs.<br><br>AKANOC SOLUTIONS, INC., MANAGED SOLUTIONS GROUP, INC., STEVEN CHEN AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | Case No.: C 07-3952 JW (HRL)<br><br>**SUPPLEMENTAL JURY INSTRUCTION NO. 14** |



Dockets.Justia.com

**JURY INSTRUCTION No. ____**

CONTRIBUTORY TRADEMARK INFRINGEMENT
DIRECT CONTROL AND MONITORING

You may find defendants liable for contributory trademark infringement if you find that a defendant (1) had knowledge of websites directly infringing plaintiff's trademarks, and (2) directly controlled and monitored those websites.

As to (1) above, you may not infer knowledge of direct infringement simply because a defendant was notified of potential infringement occurring at particular websites.

As to (2) above, direct control and monitoring means more than a relatively passive degree of control and monitoring. It refers to actual control over operations at infringing websites including advertising and promoting infringing businesses and providing customers to infringing websites.

*Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 983, 985 (9th Cir. 1999) ("Contributory infringement occurs when the defendant either intentionally induces a third party to infringe the plaintiff's mark or supplies a product to a third party with actual or constructive knowledge that the product is being used to infringe the service mark. Lockheed alleges only the latter basis for contributory infringement liability **and therefore must prove that NSI supplies a product to third parties with actual or constructive knowledge that its product is being used to infringe "Skunk Works."**. . . **Direct control and monitoring of the instrumentality used by a third party to infringe the plaintiff's mark permits the expansion of *Inwood Lab's* "supplies a product" requirement for contributory infringement**.")

*Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, WL 5383905, *9 (N.D. Cal. Dec. 23, 2008) ("The Court first addresses contributory trademark liability under the "extent of control" theory. Under that framework, a plaintiff must prove that the defendant had **knowledge** and **"[d]irect control and monitoring** of the instrumentality used by the third party to infringe the plaintiff's mark." [citing to *Lockheed*, 194 F.3d at 984].

*Perfect 10, Inc. v. Visa International Service Association*, 494 F.3d 788, 799 (9th Cir.2007) ("The actual display, location, and distribution of infringing images in this case occurs on websites that organize, display, and transmit information over the wires and wireless instruments that make up the Internet. The *websites* are the "site" of the infringement, not Defendants' payment networks.")

*Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 985 (9th Cir.1999) ("Where domain names are used to infringe, the infringement does not result from NSI's publication of the domain name list, but from the registrant's use of the name on a web site or other Internet form of communication in connection with goods and services.")

*Lockheed Martin Corp. v. Network Solutions, Inc.*, 985 F. Supp. 949, 964 (C.D.Cal.1997), *affd. Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980 (9th Cir.1999) ("In holding that the degree of uncertainty over infringing uses of domain names makes it inappropriate to impose contributory liability on NSI, the Court is not making new trademark rules for the Internet. **Contributory infringement doctrine has always treated uncertainty of infringement as relevant to the question of an alleged contributory infringer's knowledge.** See *Mini Maid*, 967 F.2d at 1521 (instructing district court to consider extent and nature of alleged infringement in determining whether to impute knowledge to alleged contributory infringer); Restatement (Third) of Unfair Competition § 26 cmt. a (1993) (noting that a person's liability for contributory infringement "depends upon the nature of the business relationship between the person and the direct infringer and the knowledge attributable to the person on the basis of that relationship"). *A trademark owner's demand letter is insufficient to resolve this inherent uncertainty.* [citing *Coca-Cola Co. v. Snow Crest Beverages*, 64 F.Supp. 980 (D.Mass.1946), aff'd, 162 F.2d 280 (1st Cir.1947)]."

*Fare Deals Ltd. v. World Choice Travel.Com, Inc.*, 180 F.Supp.2d 678, 689-690 (D.Md.2001) ("Moreover, liability in the flea-market cases rested on more than the relatively passive degree of control and monitoring usually exercised by a landlord. **The flea-market operators not only exercised considerable actual control over the operations of their vendors; they also actively supported the infringing businesses of their vendors-by advertising and promoting the flea markets and by providing the vendors their customers**. See *Hard Rock Cafe Licensing Corp.*, 955 F.2d at 1148; *Fonovisa, Inc.*, 76 F.3d at 264).