**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:     (949) 553-1010
Facsimile:     (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | Case No.: C 07-3952 JW (HRL) |
| Plaintiff, | |
| vs. | **SUPPLEMENTAL JURY INSTRUCTION NO. 17** |
| AKANOC SOLUTIONS, INC., MANAGED SOLUTIONS GROUP, INC., STEVEN CHEN AND DOES 1 THROUGH 10, INCLUSIVE, | |
| Defendants. | |

**JURY INSTRUCTION No. \_\_\_\_**

CONTRIBUTORY TRADEMARK INFRINGEMENT —CONTINUE TO SUPPLY INFRINGING PRODUCT TO INRINGER

You may not find a defendant liable for continuing to supply its product or service to an infringing website operator whom it knows or has reason to know is engaging in trademark infringement if, after becoming aware of infringing activities, appropriate steps are taken to cut off the supply of its product or service to the alleged infringer.

*Tiffany (NJ) Inc. v. Ebay, Inc.* 576 F.Supp.2d 463 (S.D.N.Y 2008) ("The *Inwood* test requires a plaintiff to prove that the defendant continued to supply its product to an infringer once it had knowledge of the infringement. **Courts have routinely declined to impose liability where a defendant**, once it possesses sufficient knowledge, **takes "appropriate steps" to cut off the supply of its product or service to the infringer**.")

*AT & T v. Winback & Conserve Program,* 42 F.3d 1421, 1433 n. 14 (3d Cir.1994) (contributory liability could not be imposed where the defendant "took appropriate steps" "in the instances where [plaintiff] brought objectionable acts ... to the attention of [defendant]") (internal citation and quotation marks omitted)

*Procter & Gamble Co. v. Haugen,* 317 F.3d 1121, 1129-30 (10th Cir. 2003) ("**In *Inwood*** , . . . [t]o maintain a successful action for contributory infringement, **the plaintiff had to show that the generic pharmaceutical maker "in fact, continued to supply [the pills] to pharmacists whom the [generic manufacturer] knew were mislabeling generic drugs**." Id. at 855, 102 S.Ct. 2182. In *Inwood*, the Court agreed with the findings of the district court and concluded that the plaintiff could not make this showing.. . . .Similarly here, **P & G cannot establish that Amway "continued to supply" any products to the Distributor upon discovery of the Satanic message**. In fact, as the district court noted, Amway did not instruct the Distributor Defendants to spread the rumor, and, in fact, "upon learning of the subject message, Amway suggested that [one of the Distributor Defendants] issue a retraction," which he did.")