**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:   (949) 553-1010
Facsimile:    (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | Case No.: C 07-3952 JW (HRL) |
| Plaintiff, | |
| vs. | **SUPPLEMENTAL JURY INSTRUCTION NO. 18** |
| AKANOC SOLUTIONS, INC., MANAGED SOLUTIONS GROUP, INC., STEVEN CHEN AND DOES 1 THROUGH 10, INCLUSIVE, | |
| Defendants. | |

**JURY INSTRUCTION No. \_\_\_\_**

DAMAGES—CONTRIBUTORY TRADEMARK INFRINGEMENT—
AWARD OF STATUTORY DAMAGES

If you find that a defendant contributorily infringed a trademark, you must determine if the plaintiff can recover statutory damages against that defendant and, if so, the amount of statutory damages recoverable.

To recover statutory damages, the plaintiff must prove that the buying public was either actually deceived or actually confused as to the source of goods bearing each counterfeit trademark.

The law permits recovery of only one award of statutory damages for each trademark infringed for each type of goods or services sold. This means that the statutory award cannot be multiplied by the number of counterfeit items that were sold or offered for sale.

If you find that a defendant's infringement of a particular trademark was not willful, you must award damages between $1,000 and $200,000 per trademark. If you find the infringement of that mark was willful, you can award up to $2,000,000 per trademark infringed. "Willfulness" under the law requires proof that a defendant acted voluntarily and intentionally and with the specific intent to commit such an act.

15 U.S.C.A. § 1117(c) provides:

(c) Statutory damages for use of counterfeit marks

In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of--

(1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or

(2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just."

McCarthy on Trademarks and Unfair Competition, Fourth Edition, Ch. 30:95 Remedies for Infringement and Unfair Competition (March 2009) ("The counterfeiting statutory damage provision limits the statutory minimum and maximum "per counterfeit mark per type of goods or services sold or offered for sale." This probably means the statutory award cannot be multiplied by the number of counterfeit items sold or offered for sale.")

*Audi AG v. D'Amato,* 469 F.3d 534, 542 (6th Cir. 2006) ("[A]lthough proof that the buying public was actually deceived is necessary to recover *statutory damages* under the Lanham Act, only a "likelihood of confusion" must be shown in order to obtain *equitable relief*, which is at issue in this appeal." [citing *Frisch's Restaurants v. Elby's Big Boy,* 670 F.2d 642, 647 (6th Cir. 1982)] ) (italics in original); *Volkswagen AG v. Dorling Kindersley Pub., Inc.* --- F.Supp.2d ----, 2009 WL 909573, *4 (E.D.Mich.2009) ("A plaintiff must demonstrate a likelihood of confusion to obtain equitable relief; a plaintiff must demonstrate actual confusion to recover statutory damages."); *Trenton Corp. v. Superior Corrosion Control, Inc.*, 2007 WL 268792, *3 (E.D.Mich.2007) ("Although proof that the buying public was actually deceived is necessary to recovery statutory damages under the Lanham Act, only a likelihood of confusion must be shown in order to obtain equitable relief.")