1  **GAUNTLETT & ASSOCIATES**
   David A. Gauntlett (SBN 96399)
2  James A. Lowe (SBN 214383)
   Brian S. Edwards (SBN 166258)
3  Christopher Lai (SBN 249425)
   18400 Von Karman, Suite 300
4  Irvine, California  92612
   Telephone:    (949) 553-1010
5  Facsimile:     (949) 553-2050
   jal@gauntlettlaw.com
6  bse@gauntlettlaw.com
   cl@gauntlettlaw.com
7
   Attorneys for Defendants
8  Akanoc Solutions, Inc.,
   Managed Solutions Group, Inc.
9  and Steve Chen

10              **UNITED STATES DISTRICT COURT**

11         **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

12

13 | LOUIS VUITTON MALLETIER, S.A., | ) | Case No.:  C 07-3952 JW (HRL) |
14 |                                | ) |                               |
   | Plaintiff,                     | ) |                               |
15 |                                | ) | **DEFENDANTS' MOTION IN LIMINE #10** |
   | vs.                            | ) | **TO BAR TESTIMONY AND EVIDENCE** |
16 |                                | ) | **OF LIABILITY INSURANCE**    |
17 | AKANOC SOLUTIONS, INC., et al.,| ) |                               |
18 |                                | ) |                               |
   | Defendants.                    | ) |                               |

164621.1-10562-002-6/5/2009                              **MOTION IN LIMINE #10 TO BAR TESTIMONY**
                                                         **AND EVIDENCE OF LIABILITY INSURANCE**
                                                         **– C 07-3952 JW**

Dockets.Justia.com

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steve Chen ("Defendants") move for an order, in limine, precluding Plaintiff Louis Vuitton Malletier from introducing any evidence or testimony regarding Defendants' liability insurance. The motion will be heard on July 6, 2009 at 3:00 p.m. in Courtroom 8, Fourth Floor of the U.S. Courthouse, 280 South 1st Street, San Jose, California.

## I. AN ORDER IN LIMINE IS PROPER TO EXCLUDE INADMISSIBLE TESTIMONY

A motion in limine is "any motion whether made before or during trial to exclude anticipated prejudicial evidence before the evidence is actually offered."[1] Obtaining a discretionary advance ruling on the admission of specific evidence or resolving critical evidentiary issues at the outset enhances the efficiency of the trial process.[2] Authority is also implied from "the district court's inherent authority to manage the course of trials."[3]

Defendants move for this order in limine because it is anticipated that Vuitton may attempt to elicit testimony and introduce evidence of Defendants' liability insurance.[4] The Court should exclude such evidence and testimony because it is inadmissible under Fed.R.Evid. 411, not relevant under Fed.R.Evid. 402, and its probative value is substantially outweighed by its prejudicial effect. Fed.R.Evid. 403

## II. TESTIMONY ABOUT AND EVIDENCE OF LIABILITY INSURANCE IS INADMISSIBLE

Federal Rules of Evidence, Rule 402 plainly provides that "[e]vidence which is not relevant is not admissible." According to Fed.R.Evid. 401:

---

[1] *Luce v. United States*, 469 U.S. 38, 40 (1984).

[2] *In re Japanese Electronic Products Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986).

[3] *Luce*, 469 U.S. at 41 n.4; *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994).

[4] In opposition to Defendants' motion to compel Vuitton's deposition Vuitton argued that the deposition of Vuitton's Rule 30(b)(6) witness would not burden Defendants and should therefore take place in France because Defendants have liability insurance. That ploy was unsuccessful, but it is anticipated Vuitton will attempt similar tactics to prejudice the jury against Defendants at trial. [See Doc. 32, 6:6-8: **"Further, insurance is in play and Defendants will likely be looking to the insurance to assist in the costs associated with this litigation."**]

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Vuitton has claims against Defendants for contributory copyright infringement and for contributory trademark infringement. Defendants' liability insurance does not make the existence of any fact of consequence more or less probable. Evidence of Defendants' insurance is therefore not relevant and should be excluded at trial.

Evidence of liability insurance is highly prejudicial. Federal Rules of Evidence, Rule 403 allows the exclusion of relevant evidence if the probative value is substantially outweighed by its prejudicial effect. Although the probative value is minimal or non-existent, the prejudicial effect of admitting evidence of liability insurance would be substantial.

Federal Rules of Evidence, Rule 411 provides:

> Evidence that a person was or was not insured against liability is not admissible upon the issue of whether the person acted negligently or otherwise wrongfully.

The Supreme Court has recognized that evidence of a party's insurance coverage is likely to prejudice a jury. *Eichel v. New York Cent.R.Co.,* 375 U.S. 253, 255 (1963) ("We have recently had occasion to be reminded that evidence of collateral benefits is readily subject to misuse by a jury. It has long been recognized that evidence showing that the defendant is insured creates a substantial likelihood of misuse.")

No evidence of liability insurance is should be allowed.

**III. CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court enter an order precluding Louis Vuitton from eliciting or presenting any evidence, testimony or otherwise mentioning Defendants' liability insurance.

/ / /

/ / /

/ / /

/ / /

1 | Dated: June 4, 2009 | **GAUNTLETT & ASSOCIATES**

By: /s/James A. Lowe
David A. Gauntlett
James A. Lowe
Brian S. Edwards
Christopher Lai

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen