**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:  (949) 553-1010
Facsimile:   (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., <br><br> Plaintiff, <br><br> vs. <br><br> AKANOC SOLUTIONS, INC., et al., <br><br> Defendants. | Case No.:  C 07-3952 JW (HRL) <br><br> **DEFENDANTS' MOTION IN LIMINE #11 TO BAR VUITTON FROM PRESENTING NON-RELEVANT EVIDENCE AT TRIAL** <br><br> **[Fed.R.Evid. 401, 402]** |

165021.1-10562-002-6/5/2009

**MOTION IN LIMINE #11 TO BAR**
**NON-RELEVANT EVIDENCE AT TRIAL**
**– C 07-3952 JW**

1  **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2  Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steve Chen ("Defendants") move for an order, in limine, precluding Plaintiff Louis Vuitton Malletier ("Vuitton") from presenting non-relevant evidence at trial. Defendants anticipate that Vuitton will attempt to admit hundreds of exhibits and other evidence allegedly to prove that third parties "directly infringed" its Intellectual Properties. This evidence is properly excluded because it is not relevant to prove direct infringement under the particular facts of this case. Fed.R.Evid. 401, 402

The motion will be heard on July 6, 2009 at 3:00 p.m. in Courtroom 8, Fourth Floor of the U.S. Courthouse, 280 South 1st Street, San Jose, California.

**I.    AN ORDER IN LIMINE IS PROPER TO EXCLUDE ANTICIPATED EVIDENCE AT TRIAL**

A motion in limine is "any motion whether made before or during trial to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984). Obtaining a discretionary advance ruling on the admission of specific evidence or resolving critical evidentiary issues at the outset enhances the efficiency of the trial process. *In re Japanese Electronic Products Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986). Authority is also implied from "the district court's inherent authority to manage the course of trials." *Luce*, 469 U.S. at 41 n.4; *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994)

**II.   DESIGNATED EXHIBITS AND OTHER EVIDENCE SHOULD BE EXCLUDED AS THEY ARE NOT RELEVANT TO PROVE DIRECT INFRINGEMENT**

**A.   To Prevail On Its Claims Vuitton Must Prove All of Its Intellectual Properties Were Directly Infringed By Third Parties**

This is a contributory trademark and copyright infringement action. Defendants MSG and Akanoc are Internet service providers ("ISPs") with facilities in San Jose and Fremont, California. Defendant Chen is the manager of MSG and Akanoc. Vuitton, a seller of handbags and related merchandise, alleges in its First Amended Complaint ("FAC") [Docket No. 71] that its "Intellectual Properties" (the two listed copyrights and fifteen listed trademarks defined in paragraphs 13, 19 and 20 of the FAC) have been directly infringed by numerous Internet websites "including but not

1 limited to" the seventy-seven websites identified in paragraph 31 of the FAC. These seventy-seven are characterized as "Counterfeiting Websites" (FAC paragraph 30) discussed throughout the FAC.

Vuitton alleges that the Defendants contributorily infringed Vuitton's Intellectual Properties by providing Internet hosting services to the Counterfeiting Websites ("Defendants therefore bear contributory liability for the Counterfeiting Websites' counterfeiting of the Plaintiff's Trademarks . . . ." (paragraph 39) and "Defendants have . . . contributed to the [copyright] infringing conduct at the websites operated by the Counterfeiting Websites." (paragraph 51)).

Vuitton's Trial Exhibit List sets forth 998 separate exhibits, including 369 that purportedly relate only to the underlying direct infringement by third parties at the Counterfeiting Websites. [See **Exhibit "1550"** to Lowe Decl.] Vuitton will attempt to admit these 369 exhibits (and other evidence) at trial to prove that third parties "directly infringed" its Intellectual Properties. But these exhibits should be excluded because they are not relevant to prove direct infringement in this case; an essential element of Vuitton's claims. *Religious Tech. Ctr. v. Netcom On-Line Communication Servs., Inc.*, 907 F.Supp. 1361, 1371 (N.D.Cal.1995) ('[T]here can be no contributory infringement by a defendant without direct infringement by another.').

To prove **direct infringement of its** two listed **copyrights**, Vuitton must prove they are valid and that a third party **violated one of Vuitton's exclusive rights under the Copyright Act**. *Ellison v. Robertson,* 357 F.3d 1072, 1076 (9th Cir. 2004) ("To prove a claim of direct copyright infringement, a plaintiff must show that he owns the copyright and that the defendant himself violated one or more of the plaintiff's exclusive rights under the Copyright Act.") **For each of its** fifteen listed **trademarks**, Vuitton must prove that each is valid, is **entitled to protection under the Lanham Act**, **and** was **used in interstate commerce** in connection with the sale or advertising of goods or services without Vuitton's consent. *Tiffany (NJ) Inc. v. eBay, Inc.,* 576 F.Supp.2d 463, 495 (S.D.N.Y. 2008) ("In order to prevail on a trademark infringement claim, a plaintiff must establish that "(1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) 'in connection with the sale ... or advertising of goods or services,' (5) without the plaintiff's consent.")

### B. Vuitton's Exhibits and Other Evidence Do Not Have Any Tendency To Prove "Direct Infringement"

Fed.R.Evid. 401 defines relevant evidence as "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Unless relevant, evidence is inadmissible. [*See* Fed.R.Evid. 402 "Evidence which is not relevant is not admissible."] *U.S. v. Komisaruk,* 885 F.2d 490, 493 (9th Cir. (Cal.) 1989) ("A district court may limit evidence to proof that is legally relevant. [citing Fed.R.Evid. 402]."); *Belmont Industries, Inc. v. Bethlehem Steel Corp.,* 62 F.R.D. 697, affirmed 512 F.2d 434 (E.D.Pa.1974) ("It is the task of the trial judge to determine relevancy and to assess potential prejudice and other counterbalancing factors relating to admissibility."); *U. S. v. Carr,* 21 F.R.D. 7, 11 (S.D.Cal.1957) ("It is the historic function of the Judge to make decisions as to whether or not a document, or any other evidence, is relevant, or material, or competent.")

Exclusion is proper because the 369 Vuitton trial exhibits listed in **Exhibit "1550"** to the accompanying Declaration of James A. Lowe (and other similar evidence Vuitton may seek to admit at trial to prove direct infringement) do not have any tendency to prove direct infringement of the Intellectual Properties at any Counterfeiting Websites. None of the trial exhibits (described in **Exhibit "1550"** to Lowe Decl.) or other evidence Vuitton could proffer at trial would have any tendency to prove that Vuitton's trademarks are entitled to protection under the Lanham Act (under the facts of this case), and/or were ever used in interstate commerce in connection with the sale or advertising of goods or services without Vuitton's consent. None of these exhibits will have any tendency to prove that Vuitton's exclusive rights under the Copyright Act have been violated. These exhibits and similar evidence is not relevant to prove direct infringement and should therefore be excluded under Fed.R.Evid. Rule 402.

/ / /

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

Defendants have other evidentiary objections to these and other exhibits that have been made in other motions in limine or that may be made at trial. This motion in limine is limited to the relevance objection as to specific offered exhibits.

For the foregoing reasons, Defendants respectfully request that the Court enter an order precluding Louis Vuitton from presenting any evidence at trial, including the Vuitton trial exhibits listed in **Exhibit "1550"** to the accompanying Declaration of James A. Lowe and similar evidence.

Dated: June 4, 2009

**GAUNTLETT & ASSOCIATES**

By: /s/James A. Lowe
David A. Gauntlett
James A. Lowe
Brian S. Edwards
Christopher Lai

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen