1 **GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
2 James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
3 Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
4 Irvine, California  92612
Telephone:      (949) 553-1010
5 Facsimile:       (949) 553-2050
jal@gauntlettlaw.com
6 bse@gauntlettlaw.com
cl@gauntlettlaw.com
7
Attorneys for Defendants
8 Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
9 and Steve Chen

10 **UNITED STATES DISTRICT COURT**

11 **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

12

13 LOUIS VUITTON MALLETIER, S.A.,          ) Case No.:  C 07-3952 JW (HRL)
                                          )
14                Plaintiff,               ) **DEFENDANTS' MOTION IN LIMINE #12**
                                          ) **TO EXCLUDE THE INTRODUCTION OF**
15       vs.                              ) **VUITTON'S COMPUTER HARD DRIVE**
                                          ) **AND COMPUTER DATA PATHS**
16                                        )
                                          )
17 AKANOC SOLUTIONS, INC., et al.,        )
                                          )
18                Defendants.              )
                                          )
19 _____)

20

21

22

23

24

25

26

27

28
165160.1-10562-002-6/5/2009                                              **DEFENDANTS' MOTION IN LIMINE #12 TO EXCLUDE**
                                                                         **THE INTRODUCTION OF VUITTON'S COMPUTER**
                                                                         **HARD DRIVE AND COMPUTER DATA PATHS**
                                                                         **– C 07-3952 JW**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steve Chen ("Defendants") move for an order, in limine, precluding Plaintiff Louis Vuitton Malletier ("Vuitton") from presenting a computer hard drive containing nearly one million computer files and thirty data paths containing hundreds of thousands of computer files, as trial exhibits, in whole or in part.  This evidence is properly excluded because (1) it is overbroad and overwhelming, (2) not relevant as required by Fed.R.Evid. 401 and 402, (3) needlessly cumulative under Fed. R. Evid. 403 and (4) unauthenticated under Fed. R. Evid. 901(a) and (b).

The motion will be heard on July 6, 2009 at 3:00 p.m. in Courtroom 8, Fourth Floor of the U.S. Courthouse, 280 South 1st Street, San Jose, California.

**I.   AN ORDER IN LIMINE IS PROPER TO EXCLUDE ANTICIPATED EVIDENCE AT TRIAL**

A motion in limine is "any motion whether made before or during trial to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984).  Obtaining a discretionary advance ruling on the admission of specific evidence or resolving critical evidentiary issues at the outset enhances the efficiency of the trial process. *In re Japanese Electronic Products Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986).  Authority is also implied from "the district court's inherent authority to manage the course of trials." *Luce*, 469 U.S. at 41 n.4; *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994)

**II.   VUITTON CANNOT PRESENT ITS HARD DRIVE OR DATA PATHS AS EXHIBITS, IN WHOLE OR IN PART**

Defendants MSG and Akanoc are Internet service providers ("ISPs") with facilities in San Jose and Fremont, California.  Vuitton, a seller of handbags and related merchandise, alleges that Defendants contributorily infringed Vuitton's trademarks and copyrights.  On March 24-25, 2009, Vuitton's forensic expert reportedly performed an "Internet server inspection" where he reportedly copied the contents of five Internet servers at Defendants' place of business.  On May 22, 2009,

Vuitton produced to Defendants an external hard drive that Vuitton alleged contained the "results" of the Internet server inspection without any indication as to what individual files on the hard drive that Vuitton intended to use as exhibits.[1]  Defendants' expert witness determined that this hard drive contains nearly 1,000,000 data files totaling approximately 100 gigabytes of data.[2]

Vuitton indicated to Defendants via email on June 1, 2009 that the entire hard drive, containing 952,572 files, would be used as a single exhibit.[3]  Defendants objected to Vuitton's attempt to introduce the entire hard drive's contents as a single trial exhibit, requesting that Vuitton specifically identify which of the files it intended to use as exhibits.[4]  Vuitton then responded that it saw no reason why all of the computer files could not be admitted as a single exhibit.[5]

On June 5, 2009, Vuitton responded to Defendants' request by providing Defendants with thirty "data paths"[6] as exhibits while continuing to offer the entire hard drive as an exhibit.[7]  These "data paths" are not specific, individual files, but instead only describe the location of folders within the hard drive that contain up to hundreds of thousands of individual files.[8]  The Court should disallow Vuitton from introducing the hard drive and data paths as exhibits, in whole or in part.

### A.    The Use of Such Voluminous Files is Inconceivable and Improper

It would be inconceivable and improperly overbroad for Vuitton to offer either the hard drive or its data paths as exhibits.  The hard drive contains nearly 1,000,000 computer files and the data paths contain, at the least, hundreds of thousands of files.  It would be inconceivable for Vuitton to attempt to authenticate and introduce such an incredibly voluminous amount of computer files at

---

[1] Declaration of Christopher Lai ("Lai Decl.") ¶4

[2] Declaration of Richard Gralnik ("Gralnik Decl.") ¶7

[3] Lai Decl. ¶5, June 1, 2009 Email from Annie Wang to James Lowe attached as **Exhibit "1551."**

[4] Lai Decl. ¶6, June 2, 2009 Letter from James Lowe to J. Andrew Coombs, attached as **Exhibit "1552."**

[5] Lai Decl. ¶7, June 3, 2009 Email from J. Andrew Coombs to James Lowe, attached as **Exhibit "1553."**

[6] The information that names the sequence of folders to follow in order to find a particular file is called a data path. Gralnik Decl. ¶8

[7] Lai Decl. ¶8, June 5, 2009 Email from Annie Wang to Christopher Lai, attached as **Exhibit "1554."**

1 trial. It is also inconceivable to force a jury to examine or interpret such an incredibly voluminous
2 amount of computer files.

3 Vuitton must *specifically* identify each of the files on the hard drive that it intends to use.
4 The thirty "data paths" that Vuitton selected as exhibits are merely folders within Vuitton's hard
5 drive that contain hundreds of thousands of files. There is no difference between attempting to use
6 hundreds of thousands of files as exhibits or nearly 1,000,000 files as exhibits. Both are completely
7 inconceivable.

8 Vuitton's approach is also unreasonable because Defendants had no previous knowledge of
9 any these files. Defendants have always been prevented by the Federal Stored Communications Act
10 from accessing the data stored by their reseller customers. Vuitton's production of a hard drive
11 containing 952,527 files to Defendants, without any indication as to which files it intended to use,[9]
12 did not, in any way, constitute prior knowledge. Because Defendants themselves had no prior
13 knowledge of the contents of this data, it is inconceivable for Vuitton to offer nearly one million data
14 files as an exhibit without specifically indicating to Defendants which files they intend to use at trial.

15 **B.   Vuitton Has Not Shown Relevance**

16 Vuitton has not demonstrated that any of the files on the hard drive or the data paths are
17 relevant as required by Fed. R. Evid. 401, which defines relevant evidence as "having any tendency
18 to make the existence of any fact that is of consequence to the determination of the action more
19 probable or less probable than it would be without the evidence." Unless relevant, evidence is
20 inadmissible. [*See* Fed.R.Evid. 402 "Evidence which is not relevant is not admissible."] *U.S. v.*
21 *Komisaruk,* 885 F.2d 490, 493 (9th Cir. (Cal.) 1989) ("A district court may limit evidence to proof
22 that is legally relevant. [citing Fed.R.Evid. 402]."); *Belmont Industries, Inc. v. Bethlehem Steel*
23 *Corp.,* 62 F.R.D. 697, affirmed 512 F.2d 434 (E.D.Pa.1974) ("It is the task of the trial judge to
24 determine relevancy and to assess potential prejudice and other counterbalancing factors relating to
25 admissibility."); *U. S. v. Carr,* 21 F.R.D. 7, 11 (S.D.Cal.1957) ("It is the historic function of the

---

[8] Gralnik Decl. ¶¶8-9

[9] Lai Decl ¶4

1  Judge to make decisions as to whether or not a document, or any other evidence, is relevant, or
2  material, or competent.")

3  In order to have a file admitted as evidence, Vuitton must show that a file has a "tendency to
4  prove" any of the relevant claims at issue in this case as required by Fed R. Evid. 401 and 402.
5  Vuitton must identify each file and establish the relevance of each file. This must be done in a way
6  that shows how each file relates to an element of its claims. For instance, a photograph of an alleged
7  Louis Vuitton bag would not be relevant evidence in this case until Vuitton demonstrates *how* each
8  file relates to an element of its claims. Vuitton has not met its burden of demonstrating the relevance
9  of the 952,572 files on the hard drive or its data paths as required by Fed. R. Evid. 401 and 402.

### C. The Computer Files are Cumulative

The files on the hard drive and data paths are inadmissible under Fed. R. Evid. 403, which provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Presenting nearly 1,000,000 computer files is, on its face, needlessly cumulative. Doing so will also almost certainly confuse the pertinent issues in the case, mislead jurors and will cause undue delay and waste time.

### D. Vuitton Cannot Authenticate its Files

There is no method of authenticating the accuracy of the files on the hard drive and data paths because the files themselves constitute unverified, third party information. In order for evidence to be admitted, it must be authenticated. Fed. R. Evid. 901(a). Testimony of a witness with personal knowledge is required to authenticate such evidence, but neither Vuitton nor Defendants have personal knowledge of the truthfulness or accuracy of the contents because they were presumably placed or created by third-party customers of Defendants' reseller customers.

/ / /

/ / /

/ / /

## III. CONCLUSION

Defendants respectfully request that the Court enter an order precluding Louis Vuitton from presenting a computer hard drive and thirty data paths as exhibits, in whole or in part.

Dated: June 5, 2009

**GAUNTLETT & ASSOCIATES**

By: /s/James A. Lowe
David A. Gauntlett
James A. Lowe
Brian S. Edwards
Christopher Lai

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen