IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Louis Vuitton Malletier, S.A., | NO. C 07-03952 JW |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO REQUIRE PLAINTIFF TO LIMIT ITS INFRINGEMENT CONTENTIONS FOR TRIAL** |
| v. | |
| Akanoc Solutions, Inc., et al., | |
| Defendants. | |

Louis Vuitton Malletier, S.A., ("Plaintiff") brings this action against Akanoc Solutions, Inc., Managed Solutions Group, Inc., and Steven Chen (collectively, "Defendants"), alleging violations of the Trademark Act, 15 U.S.C. §§ 1051, *et seq.*, and the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*. Plaintiff alleges that Defendants engaged in contributory trademark and copyright infringement by allowing their customer websites to market and sell counterfeit Louis Vuitton products while using Defendants' services.

Presently before the Court is Defendants' Motion to Require Plaintiff to "Pare Down" its Infringement Contentions for Trial. (hereafter, "Motion," Docket Item No. 148.) The Court finds it appropriate to take this matter under submission without oral argument. See Civ. L.R. 71(b). Based on the papers submitted to date, the Court DENIES Defendant's Motion.

**A.    Background**

The factual and procedural background of this case is discussed in detail in the Court's December 23, 2008 Order. (December 23, 2008 Order at 2-3, hereafter, "December 2008 Order," Docket Item No. 99.) The Court reviews the procedure background relevant to the current Motion.

On August 1, 2007, Plaintiff filed this action alleging that Defendants contributorily and vicariously infringed various trademarks and copyrights. (See Docket Item No. 1.) On July 28, 2008, Plaintiff filed an Amended Complaint extending its allegations of secondary copyright and trademark infringement to 77 different websites hosted by Defendants. (See Docket Item No. 71.) On December 23, 2008, the Court granted summary judgment in favor of Defendants on Plaintiff's *vicarious* copyright infringement and trademark infringement claims, but denied summary judgment on Plaintiff's *contributory* copyright and trademark infringement claims. (December 2008 Order at 18.)

This case is set for trial on August 18, 2009. (March 26, 2009 Final Pretrial Conference Order, Docket Item No. 136.)

**B.     Discussion**

Defendants move to require Plaintiff to limit the number of infringement contentions it can assert at trial. (Motion at 1-2.) According to Defendants, allowing Plaintiffs to assert each allegation of contributory trademark infringement and copyright infringement at trial will allow mere seconds for the parties to present evidence regarding each instance of infringement. (Motion at 8.) Defendants also contend that numerous and repetitive infringement issues, combined with lengthy detailed jury instructions will inevitably lead to confusion. (Motion at 9-11.)

In response, Plaintiff contends that it will be prejudiced if it is forced to limit its infringement contentions because the vast amount of direct infringement using Defendants' services is circumstantial evidence that Defendants' knew, or were willfully blind to, their customers' wrongdoing.[1] Plaintiff also contends that it is entitled to seek statutory damages for each counterfeit mark and copyrighted work infringed, and that the evidence of direct infringement by Defendants' customers will be easily presented to the jury because the infringement took place in the form of counterfeit products expressly identified as "replica" or "knock off" products. (Opposition at 2-3.)

---

[1] (Opposition of Plaintiff Louis Vuitton Malletier, S.A. to Defendants' Motion to Require Plaintiff to "Pare Down" its Infringement Contentions for Trial at 4-5, hereafter, "Opposition," Docket Item No. 155.)

2

Although Defendants are correct that courts frequently limit the number of claims that each party may present for claim construction in patent infringement litigation,[2] this is not a patent infringement case. Rather, Plaintiff has asserted contributory copyright and trademark infringement claims. Plaintiff will attempt to prove at trial that Defendants knowingly allowed their customers to use Defendants' services to sell counterfeit products. Plaintiff intends to submit the number of direct infringers as circumstantial evidence of Defendants' knowledge. Plaintiff also seeks statutory damages under 15 U.S.C. § 1117 and 17 U.S.C. § 504. Specifically, under 15 U.S.C. § 1117(c), a plaintiff may elect to receive statutory damages "per counterfeit mark per type of goods or services sold." If Plaintiff cannot present each alleged counterfeit mark at trial, it may not recover the full amount of statutory damages it is entitled. Thus, the Court finds Plaintiff will be prejudiced if it is required to limit its infringement contentions at trial.

Accordingly, the Court DENIES Defendants' Motion to Require Plaintiff to "Pare Down" its Infringement Contentions. In light of this Order, the hearing on the Motion set for June 15, 2009 is VACATED and the parties' Stipulation to continue the hearing is moot. (Docket Item No. 154.)

Dated: June 10, 2009

JAMES WARE
United States District Judge

---

[2] See Patent L.R. 4-3(b). In some instances, courts have limited the number of patent claims that may be asserted at trial. See e.g., Verizon California Inc. v. Ronald A. Katz Technology Licensing, P.A., 326 F. Supp. 2d 1060, 1066 (C.D. Cal. 2003) (citing Fed. R. Civ. P. 1); Hearing Components, Inc. v. Shure, Inc., No. 9:07CV104, 2008 WL 2495426, at *1 (E.D. Tex. Jun. 13, 2008).

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Annie S Wang annie@coombspc.com
Brian S. Edwards bse@gauntlettlaw.com
David A. Gauntlett info@gauntlettlaw.com
J. Andrew Coombs andy@coombspc.com
James A. Lowe info@gauntlettlaw.com

**Dated:  June 10, 2009**                                    **Richard W. Wieking, Clerk**

                                                             **By:      /s/ JW Chambers**
                                                                   **Elizabeth Garcia**
                                                                   **Courtroom Deputy**

**United States District Court**
For the Northern District of California