J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff Louis Vuitton Malletier, S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| Louis Vuitton Malletier, S.A.,<br><br>Plaintiff,<br>v.<br><br>Akanoc Solutions, Inc., et al.<br><br>Defendants. | Case No.: C 07 3952 JW (HRL)<br><br>OPPOSITION OF PLAINTIFF LOUIS VUITTON MALLETIER, S.A. TO DEFENDANTS' MOTION IN LIMINE NO. 10 TO BAR TESTIMONY AND EVIDENCE OF LIABILITY INSURANCE |

**INTRODUCTION**

Defendants' Motion in Limine No. 10 to "Bar Testimony and Evidence of Liability Insurance" ("Motion No. 10") should be denied for lack of ripeness as Plaintiff has not indicated that it intends to present such testimony or evidence at trial as part of its case in chief. Any such testimony or evidence that Plaintiff would seek to introduce would only be in response to an introduction of evidence or an impermissible inference by Defendants regarding Defendants' inability to pay a judgment. Such evidence or inference would be prejudicial to Plaintiff and both case law and academic analysis support the admission of evidence of insurance coverage in this instance. Defendants' Motion No. 10 is properly denied.

**A. The Rules of Evidence Favor Admissibility.**

Motions in limine should be granted sparingly. Alliance Fin. Capital, Inc. v. Herzfeld, 2007 Bankr. LEXIS 4511, at *2 (N.D. Ga. December 17, 2007) citing Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975); Middleby Corp. v. Hussmann Corp. 1992 U.S. Dist. LEXIS 13138, at *9-10 (N.D. Ill. August 27, 1992). "A pretrial motion in limine forces a court to

decide the merits of introducing a piece of evidence without the benefit of the context of trial." CFM Communs., LLC v. Mitts Telecasting Co., 424 F. Supp. 2d 1229, 1233 (E.D. Cal. 2005); see also U.S. v. Marino, 200 F.3d 6, 11 (1st Cir. 1999) (recognizing that proffered evidence can be more accurately assessed in the context of other evidence).

Evidence should be "excluded on a motion in limine only if the evidence is *clearly* inadmissible for any purpose" (internal quotations omitted, emphasis added). Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc., 2006 U.S. Dist. LEXIS 42159, at *14 (N.D. Cal. June 12, 2006). This means Defendants will have to overcome the well established policies favoring admissibility. Daubert v. Merrell Dow Pharms., 509 U.S. 579, 587 (1993) ("The Rules' basic standard of relevance thus is a liberal one."); U.S. v. Curtin, 489 F.3d 935, 942 (9th Cir. 2007) citing Huddleston v. United States, 485 U.S. 681, 688-89 (1988) (the version of Rule 404(b) which became law was intended to "plac[e] greater emphasis on admissibility than did the final Court version"); see also U.S. v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (relief against admissibility under Rule 403 should be granted sparingly); U.S. v. Fleming, 215 F.3d 930, 939 (9th Cir. 2000) (Rule 403 favors admissibility); U.S. v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000) ("the application of Rule 403 must be cautious and sparing"); Fed. R. Evid. 102 Adv. Comm. Notes ("rules are to be liberally construed in favor of admissibility" within the bounds of the Rules to achieve goals of "speedy, inexpensive, and fair trials designed to reach the truth"). Defendants fail to meet their burden given the probative value of the evidence in certain instances, the Rules, sound case law, and in light of these policies.

**B. Defendants' Hypothetical Claims Are Premature as Plaintiff Has Designated No Witnesses or Evidence Regarding Defendants' Liability Insurance.**

Plaintiff and Defendants filed their Joint Witness and Exhibits Lists on or about June 5, 2009. Plaintiff did not designate any evidence or witnesses to address the existence of Defendants' liability insurance. "The constitutional component of ripeness is a jurisdictional prerequisite." Educ. Credit Mgmt. Corp. v. Coleman (In re Coleman), 560 F.3d 1000, 1005 (9th Cir. 2009) citing United States v. Antelope, 395 F.3d 1128, 1132 (9th Cir. 2005). "A claim is not ripe for

adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Texas v. United States, 523 U.S. 296, 300, 118 S. Ct. 1257, 140 L. Ed. 2d 406 (1998) (quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580-81, 105 S. Ct. 3325, 87 L. Ed. 2d 409 (1983)). Ninth Circuit courts have evaluated the injury in fact and "both the fitness of the issues for judicial decision, and the hardship to the parties of withholding court consideration" in deciding issues of ripeness. Colwell v. HHS, 558 F.3d 1112, 1123 (9th Cir. 2009); United States v. Streich, 560 F.3d 926, 931 (9th Cir. 2009) citing 18 Unnamed John Smith Prisoners v. Meese, 871 F.2d 881, 883 (9th Cir. 1989) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 149, 87 S. Ct. 1507, 18 L. Ed. 2d 681 (1967)). While "a litigant need not 'await the consummation of threatened injury to obtain preventive relief. If the injury is *certainly* impending, that is enough.'" Meese, 871 F.2d at 883 (internal quotations and citations omitted) (emphasis added). Because of the lack of any indication that Plaintiff would be introducing any evidence or testimony on Defendants' liability insurance, Defendants have suffered no injury or hardship and can not say that injury or hardship is "certainly" impending, so long as they do not introduce impermissible evidence of Defendants' inability to pay. The issues are thus not fit for adjudication at this time.

Defendants' impermissibly speculative and unsupported allegations that Plaintiff intends to present evidence in its case in chief of Defendants' liability insurance are fatally abstract.[1] Defendants' Motion No. 10 is thus not ripe and should be denied on this ground.

### C. Liability Insurance Would Otherwise Be Admissible as Relevant to Negating a Claim of Inability to Pay.

Federal Rules of Evidence 411 provides for the exclusion of evidence relating to liability insurance only when such evidence is offered "upon the issue [of] whether [Defendants] acted negligently or otherwise wrongfully." Plaintiff is not anticipating introducing evidence or

[1] Defendants assert Louis Vuitton previously attempted a "ploy" to use Defendants' liability insurance against them, Motion No. 10, p. 1, fn 4, however, Louis Vuitton's statement was only made in response to Defendants' arguments about who would ultimately pay the bill of the disputed depositions. Defendants' Motion to Compel, Docket Number 28, pp. 5:21-22, 7:11-15. Thus, Louis Vuitton only sought to correct Defendants' misleading arguments and should be similarly permitted to do so at trial should Defendants seek to attempt the same strategy.

testimony of Defendants' liability insurance to prove its case in chief of contributory copyright and trademark infringement. However, evidence relating to Defendants' liability insurance is admissible for other purposes, such as negating Defendants' claims of an inability to pay.

When offered for a different reason, evidence of liability insurance is admissible if relevant. Morton v. Zidell Explorations, Inc., 695 F.2d 347, 351 (9th Cir. 1982); Daubert, 509 U.S. at 587 ("basic standard of relevance…is a liberal one"). Further, the Ninth Circuit has noted the "sound" rationale that "the ability of a defendant to pay the necessary damages injects into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result." Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). In that vein, where a defendant has improperly introduced or a jury might infer that a defendant will be unable to pay a judgment, evidence of liability insurance may be properly admitted. Weiss v. La Suisse, Societe d'Assurances sur la Vie, 293 F. Supp. 2d 397, 413 (S.D.N.Y. 2003); DSC Communs. Corp. v. Next Level Communs., 929 F. Supp. 239, 248-49 (E.D. Tex. 1996); Bernier v. Board of County Rd. Comm'rs, 581 F. Supp. 71, 78 (W.D. Mich. 1983); *see also* 23 CHARLES A. WRIGHT & KENNETH W. GRAHAM, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 5368 n.40 (1980); JOHN W. STRONG ET. AL, MCCORMICK ON EVIDENCE § 201 (4th ed. 1992) ("To be sure, in many cases [involving insurance] the relative wealth of the parties is manifest. A multinational corporation cannot disguise itself as a struggling member of the proletariat.").

Defendants have already asserted an inability to pay despite their liability insurance. Docket Number 156, Defendants' Reply In Support of Motion to "Pare Down" Contentions, p. 4:9-11. Should Defendants attempt to do the same at trial, Plaintiff's introduction of evidence of liability insurance would be relevant and necessary to negate the prejudicial impact of Defendants' improper and false suggestions.

In light of the overriding policy favoring admissibility of evidence, the lack of ripeness of the issue, and the possible need to introduce such evidence to cure any misleading statements of Defendants' inability to pay, Defendants' Motion No. 10 should be denied.

Dated: June 22, 2009

J. Andrew Coombs, A Professional Corp.

/s/ J. Andrew Coombs
By: J. Andrew Coombs
Annie S. Wang
Attorneys for Plaintiff Louis Vuitton Malletier, S.A.