**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., <br><br> Plaintiff, <br><br> vs. <br><br> AKANOC SOLUTIONS, INC., et al., <br><br> Defendants. | Case No.: C 07-3952 JW (HRL) <br><br> **DEFENDANTS' REPLY TO VUITTON'S OPPOSITION TO MOTION IN LIMINE #10 TO BAR TESTIMONY AND EVIDENCE OF LIABILITY INSURANCE** |

165371.1-10562-002-6/29/2009

**DEFENDANTS' REPLY TO VUITTON'S OPPOSITION TO MOTION IN LIMINE #10 – C 07-3952 JW**

I. **EVIDENCE OF LIABILITY INSURANCE IS NOT ADMISSIBLE TO 'NEGATE A CLAIM OF INABILITY TO PAY' A JUDGMENT**

The policies underlying Rule 411 of the Federal Rules of Evidence are (1) to prevent against "the inference of fault from the fact of insurance coverage" and (2) to prohibit a jury's "knowledge of the presence or absence of liability insurance" from causing the jury to "decide the cases on improper grounds[,]" such as a jury believing that "some rich insurance company will pay, so we might as well decide for this plaintiff without respect to the law and facts." *DSC Communications Corp. v. Next Level Communications,* 929 F.Supp. 239, 242 (E.D.Tex.1996) (internal citations omitted). Not only are such references inadmissible under Rule 411, they are also irrelevant and unfairly prejudicial, and therefore inadmissible under Rules 402 and 403.

A. **Defendants' Alleged 'Inability to Pay a Judgment' Is Not Relevant To Any Issue In This Case**

Vuitton does not dispute this, but argues that evidence of insurance is admissible to negate a claim of inability to pay a judgment. But whether Defendants are able to pay a judgment is not relevant to any issue in this case. It is well settled that evidence of a defendant's financial condition is not relevant in determining damages:

> "It has been widely held by the courts that have considered the problem that the financial standing of the defendant is inadmissible as evidence in determining the amount of compensatory damages to be awarded." *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977)

Presenting evidence of insurance to ostensibly "negate a claim of inability to pay" a judgment would have the effect of, and is no different from, using insurance to show that Defendants *can* pay a judgment. Doing so would be for no purpose other than to raise an inference of fault and to prompt the jury to decide the case on improper grounds – the very reasons Rule 411 exists. See *DSC Communications Corp.*, 949 F.Supp at 246 ("Generally, when a plaintiff claims that insurance is relevant as to damages, Rule 411 will prohibit introduction of such evidence. As discussed earlier, the drafters of Rule 411 were afraid that a jury would be inclined to assess greater damages if they knew an insurance company with "deep pockets" would ultimately pay the judgment.")

Vuitton fails to present any theory whereby the existence of insurance coverage is relevant to

1  this case.  To be sure, references to and evidence of insurance coverage would be inadmissible under
2  Federal Rules Evidence, Rules 402 and 403 even without Rule 411.  *See* Fed.R.Evid. 402, 403

### B. The Cases Vuitton Cites Are Inapposite

Vuitton cites inapposite cases.  Unlike the instant case, Vuitton's cases allow evidence of insurance only where the evidence of insurance (or the policies themselves) have "independent, substantive evidentiary relevance." *Dicks v. Cleaver*, 433 F.2d 248, 254 (5th Cir. 1970)

*Bernier v. Board of County Road Com'rs for Ionia County,* 581 F.Supp. 71, 78 (W.D.Mich.1983) is a wrongful death action against a municipality where the plaintiffs sought to introduce evidence of the municipality's liability insurance to undermine the municipality's defense that it had limited resources and needed to focus on those intersections in most need of repair. But even under those facts, the court was not persuaded that the proposed defense opened the door to the admissibility of liability insurance as an exception to the general prohibition of FRE 411. *Id.*

In *Weiss v. La Suisse, Societe d'Assurances sur law Vie,* 293 F.Supp.2d 397, 413-414 (S.D.N.Y. 2003), Swiss insurer La Suisse was sued for discrimination under 42 U.S.C. § 1981.  La Suisse's defense was that its actions were motivated by financial concerns rather than discriminatory considerations. The court found whether La Suisse had re-insurance to cover any potential losses could be relevant to prove or disprove its defense of non-discriminatory motive.  Even so, the Court did not allow the insurance into evidence at trial. *Id.*

*DSC Communications Corp. v. Next Level Communications,* 929 F.Supp. 239, 242 (E.D.Tex.1996) did not implicate Rule 411 because it involved indemnity agreements, not liability insurance ("Rule 411 applies only to liability insurance. The indemnity agreements in this case are not liability insurance." *Id.* )

In *Morton v. Zidell Explorations, Inc.,* 695 F.2d 347, 351 (9th Cir.1982) the plaintiff took the position at trial that there was never a mutually agreed upon written contract between the parties. The defendant was allowed to introduce evidence of the plaintiff's liability coverage for the limited purpose of proving the plaintiff deemed himself bound by the contract.

*Geddes v. United Financial Group*, 559 F.2d 557 (9th Cir. 1977), but that case simply holds that "the financial standing of the defendant is inadmissible as evidence in determining the amount

of compensatory damages to be awarded." *Id.* at 560 [citing *Eisenhauer v. Burger,* 431 F.2d 833, 837 (6th Cir. 1970); *Parkins v. Brown*, 241 F.2d 367, 368 n.2 (5th Cir. 1957); *Blankenship v. Rowntree,* 219 F.2d 597, 598 (10th Cir. 1955)] *Geddes* supports Defendants' contention that any alleged inability to pay a judgment is entirely irrelevant to any potential damages issues in this case.

## II. VUITTON'S ARGUMENT THAT THIS MOTION IN LIMINE IS NOT RIPE LACKS MERIT

The instant motion in limine is ripe. A motion in limine can be "**made before** or during **trial** to exclude **anticipated** prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984)  Obtaining a discretionary **advance** ruling on the admission of specific evidence or resolving critical evidentiary issues at the outset enhances the efficiency of the trial process. *In re Japanese Electronic Products Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986)  The *Japanese Electronic* court noted that pre-trial evidentiary rulings are actually preferred because they avoid trial interruptions and permit more thorough briefing and argument:

> "[A]lthough neither the Federal Rules of Civil or Criminal Procedure, nor the Federal Rules of Evidence, explicitly **authorize pre-trial rulings on admissibility of evidence**, we agree completely with those commentators who urge that in limine ruling on evidence issues is a procedure which should, in a trial court's discretion, be used in appropriate cases.  This was an appropriate case, not only because **the court's in limine consideration was far more efficient than if the rulings were deferred until the trial**, with consequent interruptions, but also because **the in limine procedure permitted more thorough briefing and argument than would have been likely had the rulings been deferred**. *Id.*

Vuitton cases concern only when **a claim or cause of action** is ripe.  *None* of Vuitton's cases discuss ripeness in the context of a motion in limine. See e.g. *Educ. Credit Mgmt. Corp. v. Coleman (In re Coleman)*, 560 F.3d 1000, 1005 (9th Cir. 2009) (ripeness of declaratory judgment action); *Texas v. United States,* 523 U.S. 296, 300 (1998) (ripeness of claim seeking a declaration that Section 5 of Voting Rights Act does not apply to the sanctions authorized by §§ 39.131(a)(7) and (8)); *Colwell v. HHS,* 558 F.3d 1112, 1123 (9th Cir. 2009) (ripeness of action against Department of Health and Human Services challenging Title VI policy guidance issued by HHS regarding obligations of recipients of HHS funds to provide limited English proficient persons with access to

1  HHS funded programs); *United States v. Streich,* 560 F.3d 926, 931 (9th Cir. 2009) (whether
2  question of inclusion of pyschosexual treatment information in report on sex offender can be used in
3  civil commitment proceeding was ripe when the government had not initiated or indicated an interest
4  in initiating any such proceeding).

**III. CONCLUSION**

Defendants move to preclude Louis Vuitton from eliciting or presenting any evidence, testimony or otherwise mentioning Defendants' liability insurance.

Dated: June 29, 2009                  **GAUNTLETT & ASSOCIATES**

By: /s/James A. Lowe
     David A. Gauntlett
     James A. Lowe
     Brian S. Edwards
     Christopher Lai

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen