**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., <br><br> Plaintiff, <br><br> vs. <br><br> AKANOC SOLUTIONS, INC., et al., <br><br> Defendants. | Case No.: C 07-3952 JW (HRL) <br><br> **DEFENDANTS' REPLY TO VUITTON'S OPPOSITION TO MOTION IN LIMINE #12 TO EXCLUDE THE INTRODUCTION OF VUITTON'S COMPUTER HARD DRIVE AND COMPUTER DATA PATHS** |

165387.1-10562-002-6/29/2009

**DEFENDANTS' REPLY TO VUITTON'S OPPOSITION TO MOTION IN LIMINE #12 – C 07-3952 JW**

Vuitton fails, in its opposition to Defendants' Motion in Limine #12, to demonstrate how the 952,572 files on its computer hard drive and data paths are relevant, authenticated and not prejudicial as required by Fed. R. Evid. 401, 402, 403 and 901. Vuitton argues that "it would not be particularly helpful" to specifically identify and authenticate the files it seeks to use and that "exclusion of the proffered evidence will make it more difficult for Plaintiff to introduce expert testimony." Helpfulness and difficulty, however, have no bearing on the admissibility of evidence. Instead, admissibility requires relevance and authentication, and Vuitton has failed to show that the files on its hard drive and data paths are relevant and authentic under Fed. R. Evid. 401, 402, 403 and 901.

## I. VUITTON HAS NOT SHOWN RELEVANCE

Vuitton has not shown that any of the 952,572 files on its hard drive or data paths have a "tendency to prove" any of the relevant claims of contributory infringement of certain copyrights and trademarks as required by Fed R. Evid. 401 and 402.

Vuitton's reliance on the distinguishable *FTC v. Pricewert, LLC, et al.*, 5:09-cv-02407-RMW (N.D. Cal. Filed June 1, 2009) case demonstrates its misunderstanding of its burden of showing relevance. In *Pricewert*, the Court granted a temporary restraining order, not, as Vuitton claims, a preliminary injunction. More importantly, the *Pricewert* court never discussed or addressed the relevance or admissibility of evidence under Fed. R. Evid. 401 and 402 because the FTC was not required to demonstrate the relevance of its evidence in order to obtain a temporary restraining order. Vuitton however, *is* required to demonstrate the relevance of its evidence in order to introduce it at trial. Vuitton has failed to meet this requirement.

Vuitton's insufficient attempts to show relevance consist entirely of incorrect and baseless statements. For instance, Vuitton claims that the files at issue are "evidence of mass counterfeiting," but it has not actually demonstrated that any of the files in question even involve infringing goods. Furthermore, Vuitton claims that the files at issue are evidence of "continued hosting by Defendants of infringing websites," yet Vuitton has never shown that any of the files at issue are components of on an active Internet website and are not simply dormant, unused files that are not part of any active website. Vuitton has not met its burden of demonstrating the relevance of these files on the hard

1  drive or its data paths as required by Fed. R. Evid. 401 and 402.

2  **II.   VUITTON HAS NOT AUTHENTICATED ITS DATA FILES**

It is anticipated that Vuitton will not be able to authenticate any of the 952,572 data files at issue as required by Fed. R. Evid. 901(a).

Vuitton cannot claim that the data is self-authenticating just because it was allegedly collected from Defendants' servers.  Files are placed onto Defendants' servers by third-party users.  Defendants have never had any knowledge of the actual contents of its servers and only testimony from a witness with personal knowledge of the contents of the files at issue could authenticate these files.

Vuitton incorrectly relies on *U.S. v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000) when, in fact, *Tank* supports Defendants' position on this issue.  In *Tank*, the chat room log files at issue were authenticated by the individual who created them.  *Id*. ("Riva explained how he created the logs with his computer and stated that the printouts, which did not contain the deleted material, appeared to be an accurate representation of the chat room conversations.")  All of the files at issue here were presumably created by third parties, and Vuitton has no witness that can establish that any of the 952,572 files it seeks to introduce depict infringing items.   Only testimony from a witness with personal knowledge of the contents of the files at issue could establish this[1] and Vuitton does not have such testimony.  At best, Vuitton's witness may testify about how the files were collected from a server, but such testimony does not authenticate the contents of the files themselves.   Vuitton would also not be able to authenticate the contents of files by comparing similarities or "hash values" of photos.   At best, such processes could potentially show that two files were similar or different, but such processes would not indicate anything about the contents of the files.

Contrary to Vuitton's argument, authentication is not a matter of weight.  In both *Tank* and *U.S. v. Catabran*, 836 F.2d 453, 458 (9th Cir. 1998), the computer files at issue were both sufficiently authenticated by testimony from individuals who created the files at issue.  **Only testimony from witnesses with personal knowledge of the creation of such files is sufficient** to

---

[1] *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060, 1064-1065 (C.D. Cal. 2002); *Tank* at 630; Fed. R. Evid. 901(a), 901(b)(1).

1 authenticate the files. **The weight of evidence only becomes an issue after evidence is admitted**, but in order for evidence to be admitted, it must first be authenticated. Vuitton has not shown that it will be able to authenticate the files at issue through the testimony of individuals with personal knowledge of contents of the files at issue. For that reason alone, the files are inadmissible.

Vuitton's argument that it will use log files to authenticate other files similarly fails. Vuitton states that the logs will indicate what website or file will be accessed online. Even if that were true, this would not authenticate the files themselves.

### III. THE DATA FILES ARE MORE PREJUDICIAL THAN PROBATIVE

Even if the Court finds that Vuitton has sufficiently shown relevance and authentication, the 952,572 data files should still be excluded under Fed. R. Evid. 403, which allows Courts to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Vuitton should not be allowed to offer 952,572 files without ever having shown that **any** of the files are infringing let alone hundreds of thousands. It would be highly prejudicial to allow Vuitton to introduce such a large volume of unauthenticated, irrelevant files. By its own admission, Vuitton is seeking to introduce these files to show "mass counterfeiting." But Vuitton has not shown that *any* of the files actually evidence counterfeiting. Vuitton is essentially claiming that it should be allowed to present nearly a million data files as "evidence of mass counterfeiting" without demonstrating that each of those files actually involves counterfeiting. This should not be allowed. Jurors will not be able to distinguish files depicting infringement from files that do not, and the sheer volume of files they will be confronted with, especially if presented as "evidence of *mass counterfeiting*" will undoubtedly overwhelm the jury and prejudice the defendants.

Finally, Vuitton's data files should be excluded as "needless presentation of cumulative evidence" as defined by Fed. R. Evid. 403. Defendants' argument is not duplicative of their arguments made in their Motion to Pare Down Claims. That motion involved paring down claims. Defendants' motion in limine #12 seeks to prevent Vuitton from introducing an unreasonable volume of data as "evidence of mass counterfeiting" without ever having shown that each of those

1  files actually is counterfeiting or that any such "mass counterfeiting" has occurred, or who did this
2  alleged counterfeiting or that any defendant is responsible for it.

3  **IV.  CONCLUSION**

4  Defendants respectfully request that the Court enter an order precluding Louis Vuitton from
5  presenting a computer hard drive and thirty data paths as exhibits, in whole or in part.

7  Dated:  June 29, 2009                          **GAUNTLETT & ASSOCIATES**

9                                                  By:    /s/James A. Lowe
10                                                        David A. Gauntlett
                                                          James A. Lowe
11                                                        Brian S. Edwards
                                                          Christopher Lai

12                                                  Attorneys for Defendants
                                                    Akanoc Solutions, Inc.,
13                                                  Managed Solutions Group, Inc.,
                                                    and Steve Chen

165387.1-10562-002-6/29/2009                 4                **DEFENDANTS' REPLY TO VUITTON'S OPPOSITION TO MOTION IN LIMINE #4 – C 07-3952 JW**