1  **GAUNTLETT & ASSOCIATES**
   David A. Gauntlett (SBN 96399)
2  James A. Lowe (SBN 214383)
   Brian S. Edwards (SBN 166258)
3  Christopher Lai (SBN 249425)
   18400 Von Karman, Suite 300
4  Irvine, California  92612
   Telephone:     (949) 553-1010
5  Facsimile:     (949) 553-2050
   jal@gauntlettlaw.com
6  bse@gauntlettlaw.com
   cl@gauntlettlaw.com
7
   Attorneys for Defendants
8  Akanoc Solutions, Inc.,
   Managed Solutions Group, Inc.
9  and Steve Chen

10                     **UNITED STATES DISTRICT COURT**

11              **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

12

13  LOUIS VUITTON MALLETIER, S.A.,       ) Case No.:  C 07-3952 JW (HRL)
                                         )
14               Plaintiff,              ) **DEFENDANTS' MOTION IN LIMINE #13**
                                         ) **TO EXCLUDE THE TESTIMONY OF**
15       vs.                             ) **JOSEPH T. MURIN AND PHIL COOPER**
                                         )
16                                       )
                                         )
17  AKANOC SOLUTIONS, INC., et al.,      )
                                         )
18               Defendants.             )
                                         )
19  _____)

165198.1-10562-002-7/2/2009                                **DEFENDANTS' MOTION IN LIMINE #13 TO**
                                                           **EXCLUDE TESTIMONY OF MURIN AND COOPER**
                                                           **– C 07-3952 JW**

Dockets.Justia.com

1    **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2    Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steve Chen ("Defendants") move for an order, in limine, precluding Plaintiff Louis Vuitton Malletier ("Vuitton") from offering in evidence any testimony from Joseph T. Murin and Phil Cooper. This testimony is properly excluded because it is inadmissible lay witness testimony under Fed. R. Evid. 701(c).

The motion will be heard on July 6, 2009 at 3:00 p.m. in Courtroom 8, Fourth Floor of the U.S. Courthouse, 280 South 1st Street, San Jose, California.

**I.    AN ORDER IN LIMINE IS PROPER TO EXCLUDE ANTICIPATED EVIDENCE AT TRIAL**

A motion in limine is "any motion whether made before or during trial to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984). Obtaining a discretionary advance ruling on the admission of specific evidence or resolving critical evidentiary issues at the outset enhances the efficiency of the trial process. *In re Japanese Electronic Products Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986). Authority is also implied from "the district court's inherent authority to manage the course of trials." *Luce*, 469 U.S. at 41 n.4; *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994)

**II.   MURIN AND COOPER'S TESTIMONY IS INADMISSIBLE LAY WITNESS TESTIMONY**

Thirteen months after discovery closed on April 28, 2008, Vuitton designated two new lay witnesses, Joseph T. Murin and Phil Cooper on May 21, 2009,[1] whose testimony should be excluded. It is anticipated that Murin and Cooper, who are both computer forensic examiners employed at Guidance Software, Inc., will be testifying about topics related to computer forensics that constitute inadmissible lay witness testimony under Fed. R. Evid. 701(c).

Both Murin and Cooper have not been designated as expert witnesses under Fed. R. Evid.

---

[1] Declaration of James A. Lowe ("Lowe Decl.") ¶4, Vuitton's Supplemental Disclosure of Cooper and Murin, attached as **Exhibit "1597."**

26(a)(2) nor have they prepared expert witness reports. They will, therefore, be lay witnesses and the admissibility of their testimony is governed by Fed. R. Evid. 701(c):

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Rule 701(c) is intended to "[forbid] the admission of expert testimony dressed in lay witness clothing." *U.S. v. Testerman*, 263 Fed. Appx. 328 (4th Cir. 2008). "Lay testimony 'results from a process of reasoning familiar in everyday life,' whereas "an expert's testimony results from a process of reasoning which can be mastered only by specialists in the field." *U.S. v. White*, 492 F.3d 380, 401 (6th Cir. 2007); *U.S. v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005) (citing to Rule 701 Advisory Committee's Notes).

Any computer-related testimony from Murin or Cooper will be inadmissible under Rule 701(c) because such testimony, particularly combining forensic examination of computers, is not the result of a "process of reasoning familiar in everyday life." In *U.S. v. Ganier*, 468 F.3d 920, 925 (6th Cir.2006), the Court specifically excluded lay witness testimony from a *computer forensic examiner*, finding such testimony to be highly specialized. (finding that "the forensic tests Drueck ran are more akin to specialized medical tests run by physicians" and that "the interpretation Drueck needed to apply to make sense of the software reports" required specialized knowledge). Similarly, any computer-related testimony from either Murin or Cooper will necessarily be inadmissible lay witness testimony under Rule 701(c).

Vuitton has designated as an expert witness another computer forensic examiner, Michael Wilson, who did submit reports and has been deposed.

Defendants refer the Court to the same arguments made in their motion in limine #9 to exclude the testimony of Nicolay Livadkin about the genuineness of goods.

## III. CONCLUSION

Defendants respectfully request that the Court enter an order precluding Vuitton from

/ / /

offering in evidence any testimony from Joseph T. Murin and Phil Cooper.

Dated: July 2, 2009

**GAUNTLETT & ASSOCIATES**

By: /s/James A. Lowe
David A. Gauntlett
James A. Lowe
Brian S. Edwards
Christopher Lai

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen