**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:    (949) 553-1010
Facsimile:    (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | Case No.:  C 07-3952 JW (HRL) |
| Plaintiff, | **DEFENDANTS' MOTION IN LIMINE #14 TO EXCLUDE VUITTON'S UNTIMELY TRIAL EXHIBITS** |
| vs. | |
| AKANOC SOLUTIONS, INC., et al., | |
| Defendants. | |

165292.1-10562-002-7/2/2009

**DEFENDANTS' MOTION IN LIMINE #14 – C 07-3952 JW**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steve Chen ("Defendants") move for an order, in limine, precluding Plaintiff Louis Vuitton Malletier ("Vuitton") from offering any exhibits that were created or produced after April 28, 2008,[1] the discovery cut-off date set by the Court in its November 15, 2007 Scheduling Order. [Docket No. 23]

The motion will be heard on July 6, 2009 at 3:00 p.m. in Courtroom 8, Fourth Floor of the U.S. Courthouse, 280 South 1st Street, San Jose, California.

**I.   AN ORDER IN LIMINE IS PROPER TO EXCLUDE ANTICIPATED EVIDENCE AT TRIAL**

A motion in limine is "any motion whether made before or during trial to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984). Obtaining a discretionary advance ruling on the admission of specific evidence or resolving critical evidentiary issues at the outset enhances the efficiency of the trial process. *In re Japanese Electronic Products Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986). Authority is also implied from "the district court's inherent authority to manage the course of trials." *Luce*, 469 U.S. at 41 n.4; *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994)

**II.   THE COURT SHOULD EXCLUDE ANY OF VUITTON'S PROPOSED EXHIBITS THAT WERE CREATED OR PRODUCED AFTER APRIL 28, 2008**

Defendants move to exclude over 500 trial exhibits that Vuitton has produced after the April 28, 2008 discovery cut-off date set by the Court in its Scheduling Order. These untimely produced exhibits, many of which were produced as late as 2009, consist of (1) items allegedly purchased by Vuitton's private investigator in February and March 2009, (2) a timeline exhibit created in 2009 that incorporates the alleged purchases made by Vuitton's private investigator in 2009, (3) notices of

---

[1] Defendants note that although the Court issued an order [Docket No. 44] granting a one-day extension to the April 28, 2008 discovery cut-off date, the relevant cut-off date for Defendants' motion in limine is April 28, 2008. This is because the Court's one-day extension was granted solely for the limited purpose of allowing Vuitton to take the depositions of two of Defendants' employees.

1 allegedly infringing sites sent by Vuitton after April 28, 2008 and (4) Internet printouts created after
2 April 28, 2008. All of these exhibits should be excluded as untimely, cumulative and irrelevant.

### A. Items Allegedly Purchased After Discovery Cut-off

The Court should exclude eight exhibits[2] that consist of a combination of photographs and merchandise allegedly purchased by Vuitton's private investigator in February and March 2009, ten and eleven after the April 28, 2008 discovery cut-off date specified in the Court's Scheduling Order. These exhibits should be excluded under Fed. R. Civ. P. 37(b)(2), that provides that when a party fails to obey an order regarding discovery, courts have broad discretion to "make such orders in regard to the failure as are just," which includes "prohibiting the party from introducing designated matters in evidence." *Chimie v. PPG Industries, Inc.*, 402 F.3d 1371, 1381 (Fed. Cir. 2005)

Excluding these eight exhibits is proper because Defendants are highly prejudiced by the late introduction of these exhibits. By producing these exhibits nearly one year after the discovery cut-off date and only two months before the trial date, Vuitton has prevented Defendants the opportunity to properly prepare defenses to these exhibits or to even cross-examine any of Vuitton's witnesses about these additional exhibits.

These exhibits should also be excluded under Fed. R. Evid. 403 because they are cumulative evidence. Fed. R. Evid. 403 allows for courts to exclude cumulative evidence ("evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). Vuitton has already identified twenty-one similar exhibits[3] related to merchandise allegedly purchased by its private investigator prior to the April 28, 2008 discovery cut-off date. Now, long after the discovery cut-off has passed, Vuitton attempts to introduce eight additional exhibits, allegedly related to purchases in 2009. But these additional eight exhibits should be excluded because they are "needlessly cumulative" and they do not purport to establish any additional element of Vuitton's claims that Vuitton's prior twenty-one exhibits would

---

[2] Declaration of Christopher Lai ("Lai Decl.") ¶4, List of Vuitton's Untimely Exhibits Consisting of Purchase-Related Items, hereby attached as **Exhibit "1591."**)

[3] Lai Decl ¶5, List of Vuitton's Purchase-Related Exhibits Produced Before April 28, 2008, hereby attached as **Exhibit "1592."**)

1 not establish.

## B. Notices Sent by Vuitton After Discovery Cut-off

The Court should exclude Vuitton's exhibits 51, 52, 53, 483, 484, 485, 486, 488, and 489[4] because they are Vuitton correspondence sent after the April 28, 2008 discovery cut-off date and should be excluded under Fed. R. Civ. P. 37(b)(2).

## C. Vuitton's "Timeline" Exhibit

Vuitton intends to offer a "timeline" exhibit that allegedly depicts chronological events in this case. This exhibit, numbered 594,[5] should be excluded because it references numerous inadmissible correspondence items and exhibits that were created after the discovery cut-off date and because the "timeline" exhibit is highly prejudicial to the Defendants.

Vuitton's "timeline" exhibit references (1) correspondence sent by Vuitton in June 2008, July 2008, September 2008, January 2009 and February 2009, even though the discovery cut-off date was April 28, 2008 and (2) alleged purchases from China made by Vuitton's investigator in February and March 2009, nearly one year after the April 28, 2008 discovery cut-off. These exhibits, and the "timeline" exhibit that references them, should both be excluded under Fed. R. Civ. P. 37(b)(2) because they were created after the discovery cut-off.

This "timeline" exhibit should also be excluded because Defendants have been unfairly prejudiced by the late manner in which Vuitton produced this exhibit. Vuitton did not provide a copy of this exhibit to Defendants until the afternoon of June 5, 2009, the same day on which the parties' final pretrial conference statement, joint exhibit list, and, most importantly, motions in limine, were due.[6] Defendants had no ability to prepare a motion in limine or to even assess this exhibit in time to meet the Court's June 5, 2009 filing deadline. Vuitton late production also prevented Defendants the opportunity to review or prepare defenses to this exhibit or to cross-examine any of Vuitton's witnesses about this exhibit.

---

[4] Lai Decl. ¶6, List of Vuitton's Untimely Produced Correspondence Exhibits, hereby attached as **Exhibit "1593."**

[5] Lai Decl. ¶7, Vuitton's "Timeline" Exhibit, hereby attached as **Exhibit "1594."**

[6] Lai Decl. ¶8, June 5, 2009 Emails from Annie Wang attached as **Exhibit "1595."**

The untimely production of this "timeline" exhibit is representative of Vuitton's pattern of producing exhibits to Defendants in an untimely and prejudicial manner. Vuitton engaged in the same late production of exhibits on March 20, 2009, the date that the parties' first final pretrial conference statement and joint exhibit list were due to be filed. On that date, Vuitton emailed the exhibits to Defendants on the afternoon of March 20, 2009, failing to provide Defendants with any time to review the exhibits.[7] This new timeline exhibit should therefore be excluded under Fed. R. Civ. P. 37(b)(2).

### D.   Internet Material Created After Discovery Cut-off

Vuitton has produced numerous proposed exhibits consisting of printouts of Internet websites and WHOIS information queries, over 500 of which[8] were produced or created after the discovery cut-off date of April 28, 2008. Defendants hereby incorporate the argument made in their Motion in Limine #2 that all of Vuitton's Internet material, including those produced after the discovery cut-off date, should be excluded because it is unauthenticated, inadmissible hearsay. Additionally, the Internet material produced *after* April 28, 2008 also should be excluded under Fed. R. Civ. P. 37(b)(2) because Vuitton's untimely production has violated the discovery cut-off date set by the Court in its discovery scheduling order.

Vuitton's untimely produced Internet material should also be excluded because it is unnecessarily cumulative. Many of Vuitton's exhibits are alleged printouts of Internet material of the same Internet website, some of which were created on consecutive days. The following is an example of eight exhibits designated by Vuitton in its exhibit list:

| | |
|---|---|
| 96 | Website www.Dreamyshoes.com 11/13/07 |
| 96.1 | Website www.Dreamyshoes.com 1/27/09 |
| 96.2 | Website www.Dreamyshoes.com 1/28/09 |
| 97 | Hosting Status www.Dreamyshoes.com 11/13/07 |
| 97.1 | Hosting Status www.Dreamyshoes.com 3/10/08 |
| 97.2 | Hosting Status www.Dreamyshoes.com 1/23/09 |
| 97.3 | Hosting Status www.Dreamyshoes.com 1/27/09 |
| 97.4 | Hosting Status www.Dreamyshoes.com 1/28/09 |

---

[7] Lai Decl. ¶9.

[8] Lai Decl. ¶10, List of Vuitton's Internet Material Produced After the Discovery Cut-Off Date, attached as **"Exhibit 1596."**

Exhibits 96.1 and 96.2, which were allegedly created on *consecutive days*, and exhibits 97.2, 97.3 and 97.4, which were allegedly created within five days of one another, are examples of exhibits produced after the discovery cut-off date that should be excluded under Fed. R. Evid. 403 because they are unnecessarily cumulative. They do not purport to show any additional information that previously created exhibits did not purport to show. Such evidence is the type of "needless" cumulative evidence that Fed. R. Evid. 403 was intended to exclude.

### III. CONCLUSION

Defendants respectfully request that the Court enter an order precluding Vuitton from offering in evidence any exhibits that Vuitton created or produced after April 28, 2008.

Dated: July 2, 2009

**GAUNTLETT & ASSOCIATES**

By: /s/James A. Lowe
David A. Gauntlett
James A. Lowe
Brian S. Edwards
Christopher Lai

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen