**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:   (949) 553-1010
Facsimile:   (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A.,<br><br>Plaintiff,<br><br>vs.<br><br>AKANOC SOLUTIONS, INC., et al.,<br><br>Defendants. | Case No.: C 07-3952 JW (HRL)<br><br>**DEFENDANTS' MOTION IN LIMINE #15 TO PRECLUDE VUITTON'S EXPERT WITNESS FROM PROVIDING ADDITIONAL TESTIMONY ABOUT ACTIONS OR OPINIONS NOT DISCLOSED PRIOR TO HIS DEPOSITION** |

165443.1-10562-002-7/2/2009                              **DEFENDANTS' MOTION IN LIMINE #15 TO PRECLUDE**
                                                          **FURTHER TESTIMONY OF EXPERT WITNESS**
                                                          **– C 07-3952 JW**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steve Chen ("Defendants") move for an order, in limine, precluding Plaintiff Louis Vuitton Malletier's ("Vuitton") expert witness, Michael Wilson, from providing additional testimony about actions or opinions not disclosed prior to his deposition.

The motion will be heard on July 6, 2009 at 3:00 p.m. in Courtroom 8, Fourth Floor of the U.S. Courthouse, 280 South 1st Street, San Jose, California.

**I.  AN ORDER IN LIMINE IS PROPER TO EXCLUDE ANTICIPATED EVIDENCE AT TRIAL**

A motion in limine is "any motion whether made before or during trial to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984). Obtaining a discretionary advance ruling on the admission of specific evidence or resolving critical evidentiary issues at the outset enhances the efficiency of the trial process. *In re Japanese Electronic Products Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986). Authority is also implied from "the district court's inherent authority to manage the course of trials." *Luce*, 469 U.S. at 41 n.4; *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994)

**II.  THE COURT'S OWN ORDER PRECLUDES EXPERT WITNESS MICHAEL WILSON FROM PROVIDING FURTHER TESTIMONY AFTER HIS DEPOSITION IS TAKEN**

At his deposition on June 27, 2009, Vuitton's sole expert witness, Michael Wilson, said that he expects to testify about additional matters beyond his reports and testimony at some time in the future regarding investigation and opinons.[1] Defendants move the Court for an order preventing Wilson from providing any testimony after his deposition that was not provided before his deposition.

Vuitton served its expert designation of Michael Wilson and Wilson's expert report on May

---

[1] Declaration of James A. Lowe ("Lowe Decl."), ¶7.

1  20, 2009.[2]  Vuitton's counsel hand-delivered a supplemental expert report to Defendants' counsel
2  on the morning of June 27, 2009,[3] at the time of Wilson's deposition.[4]

3  At his deposition, Wilson testified that he intends to provide further testimony about
4  investigations, actions or opinions not disclosed prior to his deposition.[5]  For instance, Wilson
5  indicated that, at the time of deposition, he was currently attempting to "rebuild" a website that was
6  allegedly stored on Defendants' Internet servers, and that he planned to testify about the results of
7  his efforts.[6]  But the Court's own order precludes such testimony:

> Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about **any actions or opinions not disclosed prior to the expert's deposition**.  This is to ensure that all factual material upon which expert witness opinion may be based and **all tests and reports are completed prior to the expert deposition**.

[Court's November 15, 2007 Scheduling Order ¶8, Docket No. 23] (emphasis added).

By indicating his intention to testify about further actions and opinions after his deposition, Wilson has essentially indicated Vuitton's intent to disregard the Court's order.  The Court's order is meant to ensure that all factual material upon which expert witness opinion may be based and **all tests and reports are completed prior to the expert deposition**.

Vuitton cannot argue that Wilson may circumvent the Court's rule because he has testified generally about "rebuilding" websites.  Wilson should be excluded from providing *any* additional testimony now that his deposition has been taken.  It is especially important for the Court to enforce its order on this issue because, with about a month remaining before the trial, allowing Wilson to provide additional testimony will unduly prejudice the Defendants who will have no effective means of discovering, preparing for or rebutting any additional opinions and actions.

///

---

[2] Lowe Decl. ¶4.
[3] Lowe Decl. ¶5.
[4] Lowe Decl. ¶6.
[5] Lowe Decl. ¶7.
[6] *Id.*

## III.   CONCLUSION

Defendants respectfully request that the Court enter an order that Vuitton's expert witness, Michael Wilson cannot testify about any actions performed or opinions reached except those disclosed to the Defendants prior to the deposition of Mr. Wilson.

Dated: July 2, 2009　　　　　　　　　　　　　　**GAUNTLETT & ASSOCIATES**

　　　　　　　　　　　　　　　　　　　　　　　By:　　/s/James A. Lowe
　　　　　　　　　　　　　　　　　　　　　　　　　　David A. Gauntlett
　　　　　　　　　　　　　　　　　　　　　　　　　　James A. Lowe
　　　　　　　　　　　　　　　　　　　　　　　　　　Brian S. Edwards
　　　　　　　　　　　　　　　　　　　　　　　　　　Christopher Lai

　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　　　　　　Akanoc Solutions, Inc.,
　　　　　　　　　　　　　　　　　　　　　　　Managed Solutions Group, Inc.,
　　　　　　　　　　　　　　　　　　　　　　　and Steve Chen