Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc. et al
Case5:07-cv-03952-JW  Document183  Filed07/09/09  Page1 of 5
Doc. 183

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Louis Vuitton Malletier, S.A., | NO. C 07-03952 JW |
| Plaintiff, | **ORDER RE: MOTIONS *IN LIMINE*** |
| v. | |
| Akanoc Solutions, Inc., et al., | |
| Defendants. | |

Presently before the Court are various Motions in limine by Defendants.[1] The Court considers each in turn.[2]

**1.** **Defendants' Motion *in Limine* No. 1** to preclude Plaintiff's lead counsel, J. Andrew Coombs from offering any testimonial evidence (Docket Item No. 104) is DENIED as moot because Plaintiff has declared that it has no intention of calling Mr. Coombs as a witness.

**2.** **Defendants' Motion *in Limine* No. 2** to exclude Internet material and testimony about Internet material from third-party websites, printouts of those websites and information concerning the IP addresses of those websites (Docket Item No. 105) is DENIED as overbroad. This is without prejudice to Defendants to raise specific objections at trial.

---

[1] The record does not reflect that Plaintiff has filed any *in limine* motions.

[2] On July 6, 2009, Defendants filed a Motion for Leave to file three additional *in limine* motions. (Docket Item No. 175.) The Court finds good cause to GRANT Defendants leave and will also consider these Motions in this Order.

1 **3.** **Defendants' Motion *in Limine* No. 3** to exclude all testimony about Defendants' alleged reputation for hosting websites that specialize in counterfeiting activities and facilitating spamming operations (Docket Item No. 106) is DENIED because reputation evidence is exempted from the hearsay rule and this evidence concerns Defendant's knowledge of infringing activity on its servers, which is at issue in this case.

**4.** **Defendants' Motion *in Limine* No. 4** to exclude all testimony about counterfeiting in China (Docket Item No. 107) is DENIED to the extent that Defendants are seeking an exclusion of evidence of counterfeiting in China that directly relates to Plaintiff's case. However, it is GRANTED to the extent that Plaintiff seeks to introduce testimony about intellectual property infringement in China generally that is unrelated to the alleged infringement in this case.

**5.** **Defendants' Motion *in Limine* No. 5** to exclude emails sent between Defendants and their customers discussing subsequent remedial measures (Docket Item No. 108) is DENIED because Plaintiff is not attempting to introduce the email evidence in an effort to show culpability but rather, to show Defendants' knowledge of and control over infringing content on its websites. This is without prejudice to Defendants to raise specific objections at trial.

**6.** **Defendants' Motion *in Limine* No. 6** to exclude testimony about pinging internet domains (Docket Item No. 109) is DENIED because the testimony about "pinging" is factual in nature and is not opinion testimony within the ambit of FRE 701. In addition, all the "pinging" at issue was done by Plaintiff's employees which gives them the requisite firsthand knowledge to offer testimony on this issue.

**7.** **Defendants' Motion *in Limine* No. 7** to exclude evidence not previously disclosed in initial and supplemental disclosures (Docket Item No. 110) is DENIED because Plaintiff represents that all the exhibits at issue have been produced to Defendants in this litigation. This is without prejudice to Defendants to raise objections to specific exhibits at trial.

**8.** **Defendants' Motion *in Limine* No. 8** to redact all exhibit references to "ipcybercrime.com" (Docket Item No. 111) is GRANTED because Plaintiff does not argue that the presence of the name "ipcybercrime.com" has any probative value while it does, however, appear that there is a

1 substantial danger of unfair prejudice by unnecessarily linking Defendants' conduct to
2 "cybercrime."

3 **9.** **Defendants' Motion *in Limine* No. 9** to exclude testimony about the genuineness of the
4 goods offered by Plaintiff's witnesses Robert Holmes and Nikolay Livadkin (Docket Item No. 112)
5 is DENIED because (1) Plaintiff states that Mr. Holmes has no intention of testifying as to the
6 genuineness of the product and (2) Mr. Livadkin has been an employee of Plaintiff since 2002 and
7 holds the title of "Anti-Counterfeiting Coordinator" and thus, has extensive experience in
8 distinguishing counterfeit versions of Plaintiff's products. This is without prejudice to be renewed
9 should the evidence at issue prove to be within the scope of expert testimony rather than percipient
10 witnesses.

11 **10.** **Defendants' Motion *in Limine* No. 10** to bar testimony and evidence of liability insurance
12 (Docket Item No. 164) is DENIED since Plaintiff has not yet indicated any intent to introduce
13 evidence of liability. This is without prejudice to be renewed should Plaintiff introduce such
14 evidence at trial.

15 **11.** **Defendants' Motion *in Limine* No. 11** to preclude Plaintiff from presenting non-
16 relevant evidence at trial (Docket Item No. 165) is DENIED as vague and overboard. This is
17 without prejudice to raising specific objections at trial.

18 **12.** **Defendants' Motion *in Limine* No. 12** to exclude Plaintiff from presenting a computer hard
19 drive containing data from five of Defendants' servers and certain computer data paths obtained by
20 Plaintiff's expert (Docket Item No. 166) is DENIED because the evidence retrieved from
21 Defendants' servers is highly relevant to Plaintiff's claims.

22 **13.** **Defendants' Motion *in Limine* No. 13** to exclude the testimony of Joseph T. Murin
23 ("Murin") and Phil Cooper ("Cooper") (Docket Item No. 179) is DENIED without prejudice to
24 raising specific objections at trial if and when these witnesses are called.

25 **14.** **Defendants' Motion *in Limine* No. 14** to exclude untimely trial exhibits (Docket Item No.
26 180) is DENIED because they are supplement productions pursuant to Fed. R. Civ. P. 26(e) and
27 because this case involves claims of ongoing infringement.

28

3

15. **Defendants' Motion** *in Limine* **No. 15** to preclude Plaintiff's expert witness from providing additional testimony about actions or opinions not disclosed prior to his deposition (Docket Item No. 181) is GRANTED to the extent Plaintiff attempts to introduce testimony by Mr. Wilson regarding the results of experiments or investigations, and any opinions that were not disclosed prior to Mr. Wilson's deposition. This is without prejudice to Plaintiff to demonstrate to the Court that these were previously disclosed.

Dated: July 9, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Annie S Wang annie@coombspc.com
Brian S. Edwards bse@gauntlettlaw.com
David A. Gauntlett info@gauntlettlaw.com
J. Andrew Coombs andy@coombspc.com
James A. Lowe info@gauntlettlaw.com

**Dated: July 9, 2009**  **Richard W. Wieking, Clerk**

**By:  /s/ JW Chambers**
      **Elizabeth Garcia**
      **Courtroom Deputy**