**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:     (949) 553-1010
Facsimile:      (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A.,<br><br>  Plaintiff,<br><br>  vs.<br><br>AKANOC SOLUTIONS, INC., et al.,<br><br>  Defendants. | Case No.:  C 07-3952 JW (HRL)<br><br>**DEFENDANTS' OPPOSITION TO VUITTON'S REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF JULY 9, 2009 ORDER RE: MOTIONS IN LIMINE** |

165551.1-10562-002-7/10/2009

**DEFTS' OPPOSITION TO REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION – C 07-3952 JW**

Dockets.Justia.com

Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steve Chen ("Defendants") oppose plaintiff Louis Vuitton Malletier, S.A.'s ("Vuitton") request for leave to file a motion for reconsideration of the Court's July 9, 2009 order re: motions in limine.

## I. LEAVE TO FILE A MOTION FOR RECONSIDERATION SHOULD BE DENIED

### A. Background

On July 9, 2009 the Court issued it Order re: Motions in Limine [Doc. 183] wherein it ruled on fifteen motions in limine filed by Defendants. Specifically, that Order granted Defendants' Motion in Limine No. 15 and precluded Vuitton's expert Michael Wilson from providing additional testimony about actions and opinions not disclosed prior to his deposition. The July 9, 2009 Order states in pertinent part:

> Defendants' Motion *in Limine* … is GRANTED to the extent Plaintiff attempts to introduce testimony by Mr. Wilson regarding the results of experiments or investigations, and any opinions that were not disclosed prior to Mr. Wilson's deposition. This is without prejudice to Plaintiff to demonstrate to the Court that these were previously disclosed.

The Court's Order regarding motion in limine #15 is consistent with its November 15, 2007 Scheduling Order in this case. That Order requires all tests and reports be completed prior to the expert deposition, and precludes an expert from testifying as to opinions not disclosed prior to the expert's deposition.

> Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about **any actions or opinions not disclosed prior to the expert's deposition**. This is to ensure that all factual material upon which expert witness opinion may be based and **all tests and reports are completed prior to the expert deposition**.

[Court's November 15, 2007 Scheduling Order ¶8, Docket No. 23] (emphasis added).

### B. Mr. Wilson's Deposition Date Set On a Mutually Agreeable Date

Mr. Wilson's deposition date was a mutually convenient date agreed to by counsel for both parties. Mr. Wilson's initial report was dated May 20, 2009. On May 22, 2009, Defendants' counsel sent Vuitton's counsel an email asking "how soon your expert witness [Mr. Wilson] will be available for deposition and provide us with some dates so that we can schedule his deposition in

1 short order." [Dec. of Lowe, ¶ 5] The parties eventually agreed that Mr. Wilson's deposition would take place on June 16, 2009. [Dec. of Lowe, ¶ 5] The parties thereafter mutually agreed Mr. Wilson's deposition would be reset to June 26, 2009. [Dec. of Lowe, ¶ 6]

During his deposition Mr. Wilson said that he expects to testify about additional matters beyond his reports and testimony at some time in the future regarding investigation and opinions. Defendants thereafter filed Motion in Limine #15 to bar such testimony. [Doc. 181]

### C. Vuitton Failed to Comply With Civil L.R. 7-9(b)

Civil L.R. 7-9(b) provides that a motion for leave to file a motion for reconsideration of the decision on any motion may be made *only* on the grounds of: (1) existence of a material difference in fact or law from that presented to the court; (2) emergence of new material facts or a change in law occurring after the time of such order; or (3) a manifest failure to consider material facts or dispositive legal arguments presented to the Court before the interlocutory order. Civil L.R. 7-9(b) "No motion for leave to file a motion for reconsideration shall repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Civil L.R. 7-9(c)

Contrary to Vuitton's assertion, no material facts were omitted from Defendants Motion in Limine #15. Defendants timely served a supplemental report of their own expert, Robert Gralnik, four days before Mr. Gralnik's expert deposition and one day before Mr. Wilson's expert deposition. But this fact is not material because Mr. Gralnik's supplemental report is unrelated to Mr. Wilson's additional opinions. At his deposition on June 26 Mr. Wilson indicated that he planned to testify about the results of his ongoing efforts to "rebuild" websites stored on Defendants' Internet servers. Vuitton does not suggest the "emergence of new material facts or a change in the law" or any "manifest failure to consider material facts or dispositive legal arguments."

///
///
///
///

## II. CONCLUSION

The requirements of Civil L.R. 7-2 have not been met. Defendants respectfully request that the Court deny Vuitton's request for leave to file a motion for reconsideration.

Dated: July 10, 2009

**GAUNTLETT & ASSOCIATES**

By: /s/James A. Lowe
David A. Gauntlett
James A. Lowe
Brian S. Edwards
Christopher Lai

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen