Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc. et al.

Doc. 187

Case5:07-cv-03952-JW   Document187   Filed07/15/09   Page1 of 8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Louis Vuitton Malletier, S.A., | No. C07-03952 JW |
| Plaintiff, | **FINAL PRETRIAL CONFERENCE ORDER - JURY TRIAL** |
| v. | |
| Akanoc Solutions, Inc., et al., | |
| Defendants. | |

On July 13, 2009, the Court conducted a Final Pretrial Conference.  Counsel for the respective parties were present.  In light of the discussion at the conference, the Court orders as follows:

(1)    Plaintiff's Motion for Leave to File Motion for Reconsideration Re: Defendants' Motion *in Limine* # 15 (Docket Item No. 184) is DENIED since the Court finds that an example of one website "rebuild" is sufficient.  However, should Defendants challenge the accuracy of the expert's single rebuild during trial, Plaintiff may introduce evidence of multiple website "rebuilds."

(2)    On or before **July 31, 2009**, Plaintiff shall file its proposed permanent injunction Defendants shall file any objections to the language of the Plaintiff's proposed permanent injunction on or before **August 7, 2009**.

United States District Court
For the Northern District of California

1

**TRIAL SCHEDULE**

| Jury Selection | August 18, 2009 at 9 a.m. |
|---|---|
| Session 1<br>Sessions 2 - 7<br>Sessions 8 - 13 | August 18, 2009, 1 p.m. - 4 p.m.<br>August 19 - 21, 2009, 9 a.m. - 12 p.m., 1 p.m. - 4 p.m.<br>August 25 - 27, 2009, 9 a.m. - 12 p.m., 1 p.m. - 4 p.m. |
| Argue & Submit | August 28, 2009 at 9 a.m. |

**Jury Selection**

1. The entire panel will be sworn.  The Court will inform the panel of the nature and duration of the case and ask any panel member to identify himself or herself if, due to the nature or duration of the case or any physical or personal problem, service would impose an extreme hardship. The Court will examine panel members claiming hardship and issue appropriate excuses.

2. The Clerk will call the names of all prospective jurors.  Fourteen jurors will be seated in the jury box, and the others will be seated in the courtroom in the order in which their names are called.

3. The Court will conduct voir dire of the prospective jurors, including any Court-approved questions which have been previously submitted by counsel.

4. After the Court has completed voir dire, counsel shall ask for permission to approach the bench to inform the Court if counsel wish to challenge a particular juror or jurors for cause.  If counsel wish to challenge for cause, the Court will determine a procedure for hearing the challenge. If parties do not indicate a desire to make legal challenges, the jury panel is deemed passed for cause, and the parties will be allowed to exercise any peremptory challenges.

5. Parties are required to responsively indicate any peremptory challenges.  In multiple party cases, counsel are directed to elect and designate one of their number as "lead" counsel for the purpose of exercising joint challenges.  The first 8 prospective jurors remaining after exercise of challenges shall be seated as jurors.  If more than 8 jurors are to be chosen pursuant to Rule 48, Fed.R.Civ.P., prior to jury selection, the Court will advise the parties of the number of jurors to be chosen and the number of additional peremptory challenges to be allowed.  For cases where eight (8)

**United States District Court**
For the Northern District of California

2

**United States District Court**
For the Northern District of California

1  jurors are impaneled, each side (individually or jointly) will be allowed four (4) peremptory

2  challenges.

3       6.  Before the remaining panel is excused, the Court will ask counsel if there is any legal

4  cause why the panel should not be sworn as the jury for the case.   If a party should indicate a desire

5  to state legal cause, the Court will determine a time and procedure for ruling on those objections.

6  Any objections not stated are deemed waived.

7  **Exhibits**

8       7.  On the day before the first day of trial, each party shall lodge with Chambers an exhibit

9  binder for the Court.

10       8.  Unless otherwise ordered, all exhibits shall be in a format compatible with either the

11  video or digital evidence presentation system utilized by the Court for display after it is received into

12  evidence.

13       9.  The parties are encouraged to stipulate to the admission into evidence of all exhibits.  If

14  the parties stipulate to admissibility, the parties shall indicate, "I am going to show you Exhibit __,

15  which is in evidence by stipulation."  The exhibit may be shown to the witness and the trier of fact

16  without being formally offered into evidence.

17       10.  The proffering party shall retain custody of all exhibits, schedules, summaries, diagrams

18  or charts to be used at the trial.

19  **Trial Procedure**

20       11. In opening statements and in arguments to the jury, counsel shall not express personal

21  knowledge or opinion concerning any matter in issue; and shall not suggest to the jury directly or

22  indirectly, that it may or should request transcripts or the reading of any testimony by the reporter.

23       12.  Counsel must question witnesses from the podium, using the microphone.  Without

24  requesting permission, counsel may approach witnesses for any proper purposes.

25       13.  Address all remarks to the Court, not to opposing counsel.

26       14.  Refer to all persons, including witnesses, other counsel and the parties by their surnames

27  and not by their first or given names.

28

**United States District Court**
For the Northern District of California

15. No demonstrative exhibits, charts, diagrams or enlargements shall be placed within sight of the jury unless previously disclosed to opposing counsel.

16. In examining a witness, counsel shall not repeat or echo the answer given by the witness.

17. <u>Counsel must stand when making an objection.</u>  Arguments on points of law or evidentiary matters shall be made out of the presence of the jury.  Thus, when objections or responses to objections are made, only the legal basis of the objections and responses may be stated.

18. Offers of, or requests for, a stipulation should be made privately, not within the hearing of the jury.

19. Conferences at the bench or sidebar are not favored by the Court.  Counsel are responsible for bringing any matters which require hearing out of the presence of the jury to the attention of the Court during a time when the jury is not in session.  Any sidebar conferences which are allowed will be off the record.  If any counsel wishes to place matters on the record, he or she may so request, and the Court will make a responsive order.

20. Counsel have full responsibility to arrange for the appearance of witnesses during the presentation of their case so as to eliminate delay caused by waiting for witnesses who have been placed on call by counsel.

21. Unless an agreement to the contrary is entered into by opposing counsel, all nonparty or nonexpert witnesses will be excluded from the courtroom when not testifying.  When a witness has completed his or her testimony, the witness is excused unless counsel indicates that he or she wishes the witness to remain subject to being recalled.  Any witness who has been excused from further testimony may remain as a spectator.  It will be the responsibility of counsel to make an announcement at the time the witness steps down that he or she should remain in the environs of the Court for a reasonable time to permit such counsel an opportunity to secure and serve a subpoena upon the witness and assume responsibility for his or her per diem and other expenses as provided by governing rule or statute.

**United States District Court**
For the Northern District of California

22.   Counsel shall admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are prohibited.

23.   Counsel should never, in the presence of the jury, ask the Court reporter to mark or flag a witness's answer to a particular question.  Instead, make a note of the time and subject matter of the testimony you want marked, and inform the reporter unobtrusively at the next recess.  This is to avoid the use of "marking" as a device for attracting the jury's attention to certain testimony.

24.   Witness examination shall consist of direct examination, cross-examination and re-direct examination.  No recross-examination will be allowed without prior approval of the Court specifically indicating the area for recross-examination.  When there are multiple defense counsel, they are directed to confer and designate to the Court the sequence in which they wish to be recognized during trial for purposes of presenting opening statements and conducting cross-examination of witnesses.  If one counsel conducts the direct examination of a witness, that same counsel must make objections when the witness is cross-examined.  Counsel who will conduct the cross-examination should object while the witness is on direct.

25.   From and after the moment the case is called for trial, any objection, motion or other application for relief made by any defense counsel, orally or in writing, shall be deemed to be adopted and joined in by every other defendant, without announcement by counsel to that effect, and the rulings of the Court shall be deemed applicable to each defendant unless otherwise stated at the time the ruling is made.  Accordingly, it shall be regarded as unnecessary and improper for counsel to rise to "join in" an objection or motion.  Rather, counsel should rise to be heard only for the purpose of expressly opting out of an objection or motion if that is his or her position.

26.   Counsel are directed to deliver to opposing counsel at the end of each trial day (if not earlier) a list of witnesses counsel anticipates calling the next trial day.

27.   Counsel calling a non-client witness to testify should have no further discussions with that witness concerning the case or any aspect of his or her testimony after the witness has been tendered for cross-examination and until such time as the witness has been tendered back for redirect

5

1    examination.  At all other times, within the bounds of governing ethics and the law, counsel may

2    engage in discussions with witnesses during trial.

3        28.  Counsel are directed to schedule any matters to be heard out of the presence of the jury

4    at a time other than that set for the presentation of evidence.  Any time taken away from presentation

5    of evidence to the trier of fact due to, for example, lengthy legal motions made during the time

6    allocated to the presentation of evidence, or delays in the commencement of proceedings due to

7    circumstances within the control of counsel, will be deducted from the time allocated for the

8    presentation of evidence.  Upon timely application based upon good cause, the Court may relieve a

9    party of its stipulation to the agreed schedule.

10       29.  It is the practice of the Court periodically to inform counsel of the Court's record of how

11   much time each side has remaining for the presentation of evidence based upon the stipulated trial

12   schedule.

13       30.  In an effort to heighten juror comprehension and to sharpen the issues in dispute, after

14   each witness has been excused, counsel may request permission to address the jury for purposes of

15   commenting on the significance of the evidence.  Commentary shall be limited to 5 minutes for each

16   party.  Commentary shall be opened by the side calling the witness (unless waived) and closed by

17   the side cross-examining the witness.  No rebuttal to commentary shall be allowed.  Commentary

18   must conform to the rules of evidence with respect to closing argument.  Counsel are cautioned to

19   avoid any appearance of stating principles of law which apply to the case or expressing any personal

20   opinion concerning the credibility of witnesses.  Time taken for commentary shall be deducted from

21   the time allocated to each side for the presentation of evidence.

22                              **Instructing the Jury**

23       31.  The Court pre-instructs the jury as to preliminary matters immediately before opening

24   statements, and finally instructs before arguments of counsel.  Written instructions are provided to

25   the jury upon retiring for deliberation.

26                              **Jury Deliberations**

27       32.  Counsel and litigants are not required to remain in the courtroom during jury

28   deliberations; however, it is counsel's responsibility to keep the clerk fully informed as to counsel's

6

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   whereabouts at all times, including the noon hour.  Counsel are expected to return to the courtroom

2   within five minutes after being notified to do so.  Failure to be available will be deemed waiver of

3   the right to be present.

4           33.   The jury will be permitted to take a noon recess or other rest breaks without the

5   necessity of reconvening, and to retire for the evening and resume their deliberations the next

6   morning without reconvening.

7                                    **Daily Trial Transcript**

8           34.   Any counsel desiring daily or expedited transcripts during trial should make immediate

9   arrangements with the court reporter and should inform the Court and other counsel of such

10   intentions.

11

12   Dated: July 15, 2009

13                                                 JAMES WARE
                                                   United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Annie S Wang annie@coombspc.com
Brian S. Edwards bse@gauntlettlaw.com
David A. Gauntlett info@gauntlettlaw.com
J. Andrew Coombs andy@coombspc.com
James A. Lowe info@gauntlettlaw.com

**Dated: July 15, 2009**                          **Richard W. Wieking, Clerk**


                                                  **By:   /s/ JW Chambers**
                                                       **Elizabeth Garcia**
                                                       **Courtroom Deputy**

**United States District Court**
For the Northern District of California

8