1  J. Andrew Coombs (SBN 123881)
   *andy@coombspc.com*
2  Annie S. Wang (SBN 243027)
   *annie@coombspc.com*
3  J. Andrew Coombs, A Prof. Corp.
   517 E. Wilson Ave., Suite 202
4  Glendale, California 91206
   Telephone: (818) 500-3200
5  Facsimile: (818) 500-3201

6  Attorneys for Plaintiff Louis
   Vuitton Malletier, S.A.
7

8

9                           UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

11  Louis Vuitton Malletier, S.A.,              )   Case No.: C 07 3952 JW
                                                )
12              Plaintiff,                      )   OBJECTIONS OF PLAINTIFF LOUIS
                                                )   VUITTON MALLETIER, S.A. TO
13       v.                                     )   DEFENDANTS' PROPOSED JURY
                                                )   INSTRUCTIONS
14  Akanoc Solutions, Inc., et al.,             )
                                                )
15              Defendants.                     )

16       TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

17       PLEASE TAKE NOTICE THAT Plaintiff Louis Vuitton Malletier, S.A. ("Plaintiff" or

18  "Louis Vuitton") submits the following objections to the Proposed Model Jury Instructions and

19  Proposed Supplemental Jury Instructions submitted by Defendants Akanoc Solutions, Inc.,

20  Managed Solutions Group, Inc. and Steve Chen (collectively "Defendants") as set forth below:

21       A.   **Objections to Proposed Model Jury Instructions**

22            1.   **Defendants' Proposed Instruction No. 1.2 Claims and Defenses**

23       Louis Vuitton objects to Defendants' proposed language of Louis Vuitton's claims as it

24  does not fully explain the specific allegations of wrongdoing.

25       Louis Vuitton also objects to Defendants' proposed insertion of Defendants' defenses

26  beginning from "Steve Chen is the manager of MSG and Akanoc…" until the end of Defendants'

27  proposed instruction largely because they are not defenses, they state facts that are contrary to the

28  evidence, state facts not in evidence, or misstate the law.

Louis Vuitton v Akanoc, et al.: Objections to Jury Instructions         - 1 -

Dockets.Justia.com

Defendants' statements that misstate or are contrary to the evidence and are improper for, among others, the following reasons:

- Steve Chen is not only the General Manager, but the sole owner of MSG and Akanoc and the sole full time employee vested with responsibility for handling abuse complaints of the type at issue in this litigation;
- Louis Vuitton disputes the range of goods and services actually provided by Defendants;
- Louis Vuitton contends Defendants will be unable to prove the alleged "reseller" nature of their customers' business given Defendants' own evidence that they do not know the uses made by their customers of the goods and service provided by them and that, throughout the instructions the more general term "customers" should be employed;
- The statement Defendants have no "direct or indirect relationship with the operators of the websites" is misleading given their role in (a) providing server capacity; (b) bandwidth which links their customers' servers with the Internet and (c) Internet routing which insures that traffic intended for a particular server arrives at that server;
- Any instruction stating or implying that Defendants have no advance knowledge is contrary to the evidence of the notices Defendants and evidence of constructive notice based on the pervasive wholesale hosting of websites infringing Louis Vuitton's intellectual property rights;
- Inappropriate characterizations as "small" the monthly fee for its "provid[ing] bundles of Internet Protocol, or IP addresses, partial or all of a computer server, and a quantity of Internet bandwidth".

Additionally, Defendants are unable to produce any evidence of any response to abuse complaints for a critical period of time in the case due to a "crash" or other unsupported stated inability to produce documents which is contrary to Defendants' proposed instruction that Defendants follow some kind of protocol.

Defendants' proposed instruction (here and elsewhere in the proposed instructions) misstates the law asserting a purported duty to "monitor" content when none has been asserted in this case or is required to prove the elements of Plaintiff's claims   The suggestion that such monitoring is contrary to federal law is also contrary to prior holdings of this Court concerning the application of the Stored Communications Act and are precluded by the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court…'" <u>U.S. v. Cuddy</u>, 147 F.3d 1111, 1114 (9th Cir. 1998) <u>citing</u> <u>U.S. v. Alexander</u>, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted).

On the issue of monitoring, this Court has already ruled that "Defendants cannot remain "willfully blind" to trademark infringement taking place on their servers." Judge Ware's Ruling on Defendants' Motion for Summary Judgment ("MSJ Ruling") p. 17:4-5.  Additionally, as adjudged by both Magistrate Judge Lloyd and this Court, the Stored Communications Act does not apply to publicly available content and does not prevent Defendants from accessing such data on their servers. MSJ Ruling p. 16:1-5.

2. **Defendants' Proposed Instruction No. 5.1 Damages Proof**

Louis Vuitton objects to Defendants' insertion of "you should award damages or" as biased and misleading.  Louis Vuitton also objects to the omission of Plaintiff's claim for contributory copyright infringement damages as well as the omission of any reference to statutory damages.

3. **Defendants' Proposed Instruction No. 15 Preliminary Instructions - Trademark**

Louis Vuitton objects to Defendants' instruction to the extent that it includes the definitions and descriptions of the transfer, sale, conveyance, assignment or license of a trademark.  These paragraphs are unnecessary as no transfer, sale, conveyance, assignment or license of any trademark is at issue in this case.  These paragraphs are misleading and confusing.

4. **Defendants' Proposed Instruction No. 15.24 Trademark Damages – Actual or Statutory Notice**

Louis Vuitton objects to Defendants' instruction in its entirety as Defendants' knowledge of the registration status of Louis Vuitton's trademarks is not at issue in this case, nor is it dispositive on the issue of notice.

5.. **Defendants' Proposed Instruction No. 15.25 Trademark Damages – Plaintiff's Actual Damages**

Louis Vuitton objects to Defendants' instruction, and all others referring to proof quantifying actual damages, in its entirety as Louis Vuitton's actual damages are not at issue in this case pursuant to the agreement between Louis Vuitton and Defendants in which Louis Vuitton agreed not to seek actual damages predicated upon its loss – while reserving its right to prove defendants' unjust profit or statutory damages as it may elect at time of trial.

6. **Defendants' Proposed Instruction No. 15.26 Trademark Damages – Defendants' Profits**

Louis Vuitton objects to Defendants' instruction regarding actual damages. Specifically, the last sentence of the first paragraph which states "[y]ou may not, however, include in any award of profits any amount that you took in to account in determining actual damages" is irrelevant because Louis Vuitton has agreed not to seek actual damages. This statement is misleading and confusing.

Louis Vuitton also objects to the sentence "Gross revenue is all of defendant's receipts from using the trademark in the sale of a product" as it may be confusing or misleading in this contributory case where Defendants are not alleged to have sold the counterfeit items directly.

7. **Defendants' Proposed Instruction No. 17.0 Preliminary Instruction - Copyright**

Louis Vuitton objects to the phrase "claims ownership of a copyright" in the first sentence of Defendants' instruction. This phrase is misleading because Louis Vuitton's ownership of the copyright is not at issue. Ownership of pertinent copyrights has been stipulated to by Defendants

in the Pretrial Conference Statement. Joint Pretrial Conference Statement p. 8:7 (Undisputed Fact No. 10).

Louis Vuitton further objects to the sixth and seventh paragraphs of Defendants' instruction because they include the definition or description of the transfer, sale, conveyance, assignment or license of a copyright. These paragraphs are unnecessary, misleading and confusing as no transfer, sale, conveyance, assignment, license or transfer of any copyright is at issue in this case.

8. **Defendants' Proposed Instruction No. 17.22 Copyright – Damages**

Louis Vuitton objects to Defendants' instruction to the extent that it discusses actual damages as Louis Vuitton's actual damages are not at issue in this case pursuant to the agreement between Louis Vuitton and Defendants in which Louis Vuitton agreed not to seek its actual damages.

Louis Vuitton also objects to this instruction as it omits reference to the recovery of statutory damages.

9. **Defendants' Proposed Instruction No. 17.23 Copyright – Actual Damages**

Louis Vuitton objects to Defendants' instruction in its entirety as Louis Vuitton's actual damages are not at issue in this case pursuant to the agreement between Louis Vuitton and Defendants in which Louis Vuitton agreed not to seek its actual damages.

10. **Defendants' Proposed Instruction No. 17.24 Copyright – Damages – Defendants' Profits**

Louis Vuitton objects to Defendants' instruction to the extent that it mentions actual damages. Specifically, the last sentence of the first paragraph which states "[y]ou may not include in an award of profits any amount that you took into account in determining actual damages" is irrelevant, misleading and confusing because Louis Vuitton has agreed not to seek actual damages.

11. **Defendants' Proposed Instruction No. 17.25 Copyright Damages – Statutory Damages**

Louis Vuitton objects to Defendants' instruction because the instruction is incomplete and misleading. The Defendants' instruction does not contemplate multiple damage awards for

contributory copyright infringement stemming from each individual underlying act of direct infringement of Louis Vuitton's copyrights. Defendants' instruction implies that damages may only be awarded once for each of Louis Vuitton's works that has been infringed. This is misleading and contrary to the law which states that damages may be awarded for each individual act of underlying direct infringement per infringer, not merely once for each work of Louis Vuitton's that has been infringed.

Louis Vuitton further objects to Defendants' proposed language regarding the amounts that may be awarded for each work infringed. Defendants' wording is confusing and poorly organized in that it states a minimum amount of statutory damages, then states a maximum amount of statutory damages, and in the following paragraphs state amounts that may be awarded that are less than the previously stated minimum and more than the previously stated maximum.

### B. Defendants' Proposed Supplemental Jury Instructions.

#### 1. Defendants' Proposed Supplemental Jury Instruction No. 1 Contributory Copyright Infringement

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court…'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted).

Louis Vuitton objects to the first line of the second paragraph of Defendants' instruction where it states "[y]ou must decide if any of the following…" as this wording is biased and misleading.

Defendants also improperly seek to add additional burdens of proof to find an underlying copyright infringement. There is no requirement to find a "a specific accused website" as Defendants suggest. As stated succinctly by the Court, Louis Vuitton must own a valid copyright and there must have been a violation of an exclusive right under 17 U.S.C. § 106. MSJ Ruling p. 5.

Defendants also misstate the law as pertaining to contributory infringement essentially negating the possibility of a showing of constructive knowledge to prove the claim and distorting the issue of notice. Defendants' statement that Louis Vuitton must show Defendants "had actual knowledge of *infringing conduct* by each individual website at the time of infringement" changes the law. Defendants do not dispute that the claim can be satisfied upon a showing that Defendants should have been aware, also known as "constructive" notice, and the inclusion of the language "at the time of infringement" distorts the fundamental understanding that once notified, Defendants are on notice of a particular infringement from that point forward. Defendants' statements that "[g]eneralized knowledge is not sufficient" and "[y]ou may not infer that any Defendant had such knowledge simply because the infringing materials were stored on an Internet server" are vague, biased and misleading in that they do not allow for constructive knowledge of direct infringement.

Defendants' instruction on "Element Three" is misleading and inconsistent with the prior summary judgment ruling and, as elsewhere, incorrectly states the burden of proof upon Plaintiff by incorrectly asserting that Plaintiff must prove each act of infringement as to each website where the correct burden is any act of infringement at any website.

2. **Defendants' Proposed Supplemental Jury Instruction No. 2 Contributory Copyright Infringement – Substantial Non-Infringing Uses**

Louis Vuitton objects to Defendants' instruction because it is irrelevant and to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court…'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted). A finding against "Substantial Non-Infringing Uses" is not an element required to be proved on the facts of this case for a finding of contributory liability as Defendants suggest.

      3.    **Defendants' Proposed Supplemental Jury Instruction No. 3**

           **Contributory Copyright Infringement – Induced, Caused or Materially Contributed to Direct Infringement**

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court…'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted). This instruction misstates the law and omits controlling Ninth Circuit authority on the liability of computer system operators specifically. It is prejudicially misleading insofar as Plaintiff's claims for contributory infringement include no requirement that Plaintiff prove Defendants assistance was "in concert" with the underlying direct infringers aided by them.

      4.    **Defendants' Proposed Supplemental Jury Instruction No. 4**

           **Contributory Copyright Infringement – Inducement of Direct Infringement**

      5.    **Defendants' Proposed Supplemental Jury Instruction No. 5**

           **Contributory Copyright Infringement – Induced, Caused or Materially Contributed to Direct Infringement**

      6.    **Defendants' Supplemental Jury Instruction No. 6 Contributory Copyright Infringement – Induced, Caused or Materially Contributed to Direct Infringement**

Louis Vuitton objects to Defendants' instructions because they do not make clear that these are alternative bases for contributory liability and are accordingly misleading.

Louis Vuitton objects to Defendants' instructions to the extent that they contradict the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same

1  court…'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d

2  874, 876 (9th Cir. 1997) (internal quotation and citation omitted).  These instructions are also

3  misleading in omitting the specified standards and examples previously, and correctly cited by this

4  Court on the issue of Material Contribution.

5         7.    **Defendants' Proposed Supplemental Instruction No. 7 Copyright**

6              **Infringement – Induced, Caused or Materially Contributed to Direct**

7              **Infringement**

8      Louis Vuitton objects to Defendants' instruction because the "content neutral" analysis is

9  not applicable to this case and thus is biased and misleading.

10      Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the

11  standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in

12  violation of the "law of the case" doctrine.  "The law of the case doctrine provides that 'a court is

13  generally precluded from reconsidering an issue that has already been decided by the same

14  court…'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d

15  874, 876 (9th Cir. 1997) (internal quotation and citation omitted).  This instruction misstates the

16  law and is prejudicially misleading.

17         8.    **Defendants' Proposed Supplemental Jury Instruction No. 8**

18              **Contributory Copyright Infringement – Induced, Caused or Materially**

19              **Contributed to Direct Infringement**

20      Louis Vuitton objects to Defendants' instruction because it states Defendants did not

21  contribute materially if the website at issue could continue to operate on another IP address.  This

22  instruction misstates the law and is prejudicially misleading.

23      Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the

24  standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in

25  violation of the "law of the case" doctrine.  "The law of the case doctrine provides that 'a court is

26  generally precluded from reconsidering an issue that has already been decided by the same

27  court…'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d

28

874, 876 (9th Cir. 1997) (internal quotation and citation omitted).  This instruction is without support.

9. **Defendants' Proposed Supplemental Jury Instruction No. 9 Defenses to Contributory Copyright Infringement – DCMA Safe Harbor – Requirements**

Louis Vuitton objects to this instruction because it misstates the law and is prejudicially misleading.  The Digital Millennium Copyright Act does not create an immunity from liability but, subject to detailed conditions which Defendants' Proposed Instruction fails to adequately explain, carves out a limited exemption from certain remedies specified elsewhere in the Copyright Act.  It has no application to Plaintiff's claims for contributory trademark infringement.  It also did not apply when Defendants had no registered agent to receive notices with the United States Copyright Office.

10. **Defendants' Proposed Supplemental Jury Instruction No. 10 Damages – Contributory Copyright Infringement Award of Statutory Damages**

Louis Vuitton objects to the final sentence of Defendants' instruction because Louis Vuitton's actual damages are not at issue and do not influence the determination of statutory damages.  If statutory damages are awarded, the number of underlying direct infringements and the amount of statutory damages to be awarded for each underlying infringement are the only facts that the jury must determine.

11. **Defendants' Proposed Supplemental Jury Instruction No. 11 Contributory Trademark Infringement**

Louis Vuitton objects to Defendants' instruction because it implies that Louis Vuitton must successfully prove that all fifteen trademarks were infringed by third parties in order to be awarded damages.  Although the number of underlying direct infringements is necessary for establishing the amount of statutory damages to be awarded, any infringement at any website (not just those listed by Defendants) concerning which Defendants had notice, will suffice to meet Plaintiff's burden of proof on the underlying elements of its claims.

Louis Vuitton also objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine.  "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court…'"  U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted).

Defendants' instruction purports to require additional elements to a finding of underlying infringement, that a third party infringer be specifically identifiable.  This is misleading and contrary to the Court's straightforward ruling that "[a]ll theories of secondary liability for copyright and trademark infringement require some underlying direct infringement by a third party."  MSJ Ruling p. 5.

Additionally, Defendants' suggestion that Plaintiff must go through a multi-factor test to prove a likelihood of confusion in this case involving counterfeits is contrary to law[1] and reason

---

[1] *Brookfield Communs. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1056 (9th Cir. 1999) ("In light of the virtual identity of marks, if they were used with identical products or services likelihood of confusion would follow as a matter of course."); *Shakespeare Co. v. Silstar Corp. of Am.*, 110 F.3d 234, 241 (4th Cir. 1997) ("Our cases make clear, however, that that presumption arises only where the intentional copying is motivated by an "intent to exploit the good will created by an already registered trademark""); *Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 148 (4th Cir. 1987) ("Where, as here, one produces counterfeit goods in an apparent attempt to capitalize upon the popularity of, and demand for, another's product, there is a presumption of a likelihood of confusion."); *see Lindy Pen Co. v. Bic Pen Corp.*, 796 F.2d 254, 256-57 (9th Cir. 1986)  (reversing a district court's finding of no likelihood of confusion even though the six other likelihood of confusion factors all weighed against a finding of likelihood of confusion);  *Phillip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1073 (C.D. Cal. 2004) citing *Phillip Morris USA Inc. v. Felizardo*, 2004 U.S. Dist. LEXIS 11154, at *18 (S.D.N.Y. June 18, 2004) ("However, "in cases involving counterfeit marks, it is unnecessary to perform the step-by-step examination . . . because counterfeit marks are inherently confusing."); *Phillip Morris USA Inc. v. Felizardo*, 2004 U.S. Dist. LEXIS 11154, at *18 (S.D.N.Y. June 18, 2004) ("[C]ounterfeit marks are inherently confusing."); *Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 286 F. Supp. 2d 284, 287 (S.D.N.Y. 2003); ("[C]ounterfeits by their very nature, cause confusion…Indeed, confusing the customer is the whole purpose of creating counterfeit goods."); *Microsoft Corp. v. Software Wholesale Club, Inc.*, 129 F. Supp. 2d 995, 1007 fn. 11 (S.D. Tex. 2000) ("However, in the case of a counterfeit mark, likelihood of confusion is clear."); *Dial-A-Mattress Operating Corp. v. Mattress Madness, Inc.*, 841 F. Supp. 1339, 1346 (E.D.N.Y. 1994) ("Moreover, confusion is simply inevitable since the parties are selling the same products in the same channels of commerce under the guise of the identical Dial-A-Mattress mark.").

when the entire purpose of a "knock-off" product is to deceive and some of the websites expressly stated they were selling replicas.

Defendants' instruction on "Element Two" is also incomplete, misleading and inconsistent with the prior summary judgment ruling particularly regarding constructive knowledge and the standard for liability. Defendants' also include unnecessary and misleading discussion with regard to whether Defendants provide products or services.

12. **Defendants' Proposed Supplemental Jury Instruction No. 12**
**Contributory Trademark Infringement – Likelihood of Confusion**

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court…'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted).

This instruction is also inapplicable to this case involving counterfeits and is contrary to law and practice. It is particularly inapplicable in light of common understandings of the very purpose of "knock-offs" to confuse and to pass off as authentic products, thereby improperly infringing the goodwill of legitimate rights holders who have expended significant resources in the creation, promotion and protection of their marks.

13. **Defendants' Proposed Supplemental Jury Instruction No. 13**
**Contributory Trademark Infringement – Likelihood of Confusion**

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court…'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted).

This instruction is also inapplicable to this case involving counterfeits and is contrary to law and practice. It is particularly inapplicable in light of common understandings of the very purpose of "knock-offs" to confuse and to pass off as authentic products, thereby improperly infringing the goodwill of legitimate rights holders who have expended significant resources in the creation, promotion and protection of their marks.

14. **Defendants' ProposedSupplemental Jury Instruction No. 14**

**Contributory Trademark Infringement Direct Control and Monitoring**

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court…'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted). This instruction misstates the law on constructive knowledge, and improperly inserts additional requirements of control over "operations at infringing websites including advertising and promoting infringing businesses…" that are unfounded by law and reason. It is prejudicially misleading.

15. **Defendants' Proposed Supplemental Jury Instruction No. 15**

**Contributory Trademark Infringement Willful Blindness**

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court…'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted). This instruction misstates the law. The Court has already stated the correct standards and they are in direct conflict with Defendants' improper instruction. Plaintiff further objects that the instructions inappropriately limits what conclusions the jury is entitled to draw from the Defendants' failure to comply with conditions specified in the Digital Millennium Copyright Act.

16.  **Defendants' Proposed Supplemental Jury Instruction No. 16 Damages – Willful Trademark Infringement**

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine.  "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court…'"  U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted).

Louis Vuitton also objects to Defendants' suggestion that willfulness be proved by the elevated standard of "clear and convincing evidence".  This is not the correct standard and Defendants' citation of one case from the District Court of Oregon, which was expressly rejected by other courts of that district, should not singularly raise the bar on this burden of proof that is contrary to accepted burdens of a preponderance on the issue of willfulness.  See Albarran v. New Form, Inc. (In re Barboza), 545 F.3d 702, 705, 707-08 (9th Cir. 2004) (in bankruptcy case, Ninth Circuit reviewed jury instruction and later jury verdict based on a finding of willfulness by a preponderance in similar copyright context); see also Adidas America, Inc., et al. v. Payless Shoesource, Inc., 2008 U.S. Dist. LEXIS 69260, *34 (D. Or. Sept. 12, 2008) (rejecting Defendants' cited holding and citing Gracie v. Gracie, 217 F.3d 1060, 1068-69 (9th Cir. 2000) as having reviewed and approved jury instruction on willfulness without "clear and convincing" standard).

Louis Vuitton also objects to the instruction insofar as it purports to refer to Defendants' willfulness when the issue is the willfulness of the underlying direct infringer.  Moreover, language describing that Defendants "intended to deceive Louis Vuitton" is a misstatement of the law as Defendants' intention to deceive Louis Vuitton is not an element which Louis Vuitton must prove in order to show willful contributory trademark infringement.

17. **Defendants' Proposed Supplemental Jury Instruction No. 17 Contributory Trademark Infringement – Continue to Supply Infringing Product to Infringer**

Louis Vuitton objects to Defendants' instruction to the extent that it states liability cannot be found if "appropriate steps are taken to cut off the supply of its product or service to the alleged infringer" because this implies that Defendants must only attempt to cut off supply when there are "simple measures" at their disposal to actually cut off the supply of its product. MSJ Ruling p. 12.

18. **Defendants' Proposed Supplemental Jury Instruction No. 18 Damages – Contributory Trademark Infringement – Award of Statutory Damages**

Louis Vuitton objects to Defendants' instruction because the third paragraph is misleadingly worded such that it appears Louis Vuitton can only be awarded statutory damages once for each of their trademarks. This is a misstatement of the law and would lead to Defendants potentially avoiding liability for hundreds of underlying direct infringements and damages for separate and distinct classifications per trademark.

20. **Defendants' Proposed Supplemental Jury Instruction No. 20 Obligation of Rights Holder to Notify ISP – ISP Prohibited From Monitoring Content of Servers**

Louis Vuitton objects to Defendants' instruction to the extent that it contradicts the standards of law as stated in the Court's Ruling on Defendants' Motion for Summary Judgment in violation of the "law of the case" doctrine. "The law of the case doctrine provides that 'a court is generally precluded from reconsidering an issue that has already been decided by the same court…'" U.S. v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) citing U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted). As adjudged by both Magistrate Judge Lloyd and this Court, the Stored Communications Act does not apply to publicly available content and does not prevent Defendants from accessing such data on their servers. MSJ Ruling p. 16.

Additionally, this proposed instruction is contrary to the evidence in that Defendants often monitored the content on their servers for illegalities, to see if websites had migrated to another of Defendants' IP Addresses, and to see if offending material had been removed among other things.

### 21. **Defendants' Proposed Supplemental Jury Instruction No. 22 Actual Damages**

Louis Vuitton objects to Defendants' instruction to the extent that it discusses actual damages as Louis Vuitton's actual damages are not at issue in this case pursuant to the agreement between Louis Vuitton and Defendants in which Louis Vuitton agreed not to seek its actual damages.

### 22. **Defendants' Proposed Supplemental Jury Instruction No. 23  Overview of Web Hosting**

Louis Vuitton objects to Defendants' instruction insofar as it misstates applicable principles and addresses others in a manner to suggest they are relevant when they are not.  The ability of direct infringers to establish business at a new address outside the range of addresses assigned to the Defendants assumes facts not proved and is irrelevant to the issues of liability to be decided by the jury.  The statements concerning allocation of IP addresses by ARIN is in some respects incorrect and references to alleged "resellers" are inappropriate for reasons outlined above.

Dated:  July 31, 2009                           J. ANDREW COOMBS, A Professional Corporation

                                                 ___/s/ J. Andrew Coombs_____
                                                 By:      J. Andrew Coombs
                                                          Annie S. Wang
                                                 Attorneys for Plaintiff Louis Vuitton Malletier, S.A.