J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff Louis
Vuitton Malletier, S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| Louis Vuitton Malletier, S.A., <br><br> Plaintiff, <br><br> v. <br><br> Akanoc Solutions, Inc., et al. <br><br> Defendants. | Case No. C 07 3952 JW <br><br> PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF FINANCIAL CONDITION OF PLAINTIFF AND ITS AFFILIATES; DECLARATION AND EXHIBITS IN SUPPORT <br><br> Trial Date: August 18, 2009 |

## INTRODUCTION

Plaintiff Louis Vuitton Malletier, S.A. ("Louis Vuitton" or "Plaintiff") brings this motion to Exclude Defendants' proposed Exhibits 1600.1-1600.2 which consist of quarterly financial statements of the LVMH Group from 2006-2009, that were only designated by Defendants on July 24, 2009, and any similar exhibits concerning the financial situation of Plaintiff or its parent company. The LVMH Group consists of not only the Plaintiff, but several affiliated companies in different industries (including wines and spirits) as well as luxury goods companies and brands including but not limited to Marc Jacobs, Tag Heuer, Hennessy, Sephora, Fendi, Donna Karan, Loewe, Kenzo, Givenchy, Emilio Pucci, Celine and Berluti.

The untimely exhibits improperly include evidence of non-party companies and brands, and will unfairly create bias against Plaintiff who is just one of many companies part of the LVMH Group, which have remained profitable despite the economic climate and the counterfeiting of certain of their trademarks.

The exhibits are not only untimely, they were never disclosed by Defendants, and they are prejudicial in light of their irrelevance and misleading nature. The impropriety of this evidence is further exacerbated by the Parties' long standing agreement that the Plaintiff would not be seeking actual damages based on its loss. The Court should grant this motion because there has never been any indication before now that Defendants would be introducing this evidence, it is completely irrelevant, and this evidence would improperly create an inappropriate potential for bias based on irrelevant considerations.

## ARGUMENT

The Court should exclude evidence that is irrelevant, untimely, and unfairly prejudicial under the Federal Rules of Evidence and as an act of its inherent power to manage trials. Motions in limine can "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" Palmieri v. Defaria, 88 F.3d 136, 141 (2nd Cir. 1996) (quoting Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc., 652 F. Supp. 1400, 1401 (D. Md. 1987)). They also may save the parties time, effort and cost in preparing and presenting their cases. Pivot Point Intern., Inc. v. Charlene Products, Inc., 932 F. Supp. 220, 222 (N.D. Ill. 1996). The Court's intervention in this instance could not be more appropriate.

**A. As Louis Vuitton Makes No Claim for Damages Based On Its Loss, The Proposed Evidence is Irrelevant.**

Evidence must be relevant to be admissible. Fed. R. Evid. 402. Relevant evidence must have any tendency to make the existence of any fact of consequence more or less probable. Fed. R. Evid. 401. Defendants' latest proffered evidence fails to meet this standard.

The evidence is irrelevant because it concerns Plaintiff's parent company, and not the Plaintiff. It contains information completely unrelated to the litigation in the form of financial information for a number of non-party, widely known, famous, luxury brands. It does not have any relevance to prove or disprove the claims of copyright or trademark infringement or damages, where here, Plaintiff is not seeking actual damages based on its loss.

Louis Vuitton v. Akanoc, et al.: Motion to Exclude Exhibits   - 2 -
1600.1-1600.6

The Parties have had a long standing agreement that Plaintiff would not be seeking damages based on its loss. Declaration of J. Andrew Coombs ("Coombs Decl.") at ¶ 2. There is thus no reason for the introduction of evidence other than to create undue bias against the Plaintiff for being a part of a successful group of luxury goods companies.

**B. This Evidence is Not Only Misleading and Confusing, It is Highly Prejudicial And Unfairly So Given its Lack of Probative Value.**

This jury is being asked to decide Plaintiff's claim for contributory copyright and trademark infringement against Defendants. An assessment of Plaintiff's parent company's financial situation is only designed to confuse and mislead the jury. The financial wherewithal of Plaintiff's parent company has no probative value whatsoever on the claims at issue. No party has designated a witness that can explain what the proposed exhibits mean, further confusing the jury. In light of these harmful effects, the evidence's only purpose is to create bias and unfair prejudice amongst the jurors and is properly excluded under Fed. R. Evid. 403.

The Advisory Committee Notes to Rule 403 explain that a decision on an "improper basis" is "commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, Advisory Committee Notes. The object of Rule 403 is thus to eliminate "illegitimate emotional appeal." 22 C. Wright & K. Graham, Federal Practice and Procedure § 5215 (1978). Well settled law indicates that "the ability of a defendant to pay the necessary damages injects into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). The near certainty of this prejudicial result would occur should Defendants be allowed to even imply Plaintiff's financial situation through association with Plaintiff's parent company. Just as Defendants were concerned that they would be unfairly prejudiced should the jury hear testimony that they have insurance coverage, the same threat of bias and unfair prejudice to Plaintiff far outweighs any value of the evidence of Plaintiff's parent company's successes, particularly in these difficult economic times.

This harm is done upon Defendants' introduction of such evidence and can not be adequately cured thereafter. The Advisory Committee's Notes to Rule 403 also explain that a

Louis Vuitton v. Akanoc, et al.: Motion to Exclude Exhibits      - 3 -
1600.1-1600.6

determination on unfair prejudice should include consideration of the possible effectiveness or lack of effectiveness of a limiting instruction. Fed. R. Evid. 403, Advisory Committee Notes. The jury is irreversibly unduly influenced with the introduction of evidence of Plaintiff's parent company's financial situation. The consideration of the financial means of the Plaintiff, let alone its parent company, should never enter the minds of the jurors when deciding the case on the merits. This motion is properly granted to preserve a fair trial.

### C. **Defendants Have Not Previously Disclosed This Category of Evidence and It Is Properly Excluded Under Fed. R. Civ. P. 37(c).**

Defendants had a continuing obligation to supplement their disclosures concerning what evidence they intended to use at trial. Fed. R. Civ. P. 26. Absent disclosure, "the party is not allowed to use that information…at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). This rule gives teeth to the disclosure requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed. Hoffman v. Constr. Protective Servs., 541 F.3d 1175, 1179 (9th Cir. 2008) citing Yeti by Molly v. Deckers Outdoor Corporation, 259 F.3d 1101, 1106 (9th Cir. 2001). Defendants were clearly aware of this duty as they filed their own Motion in Limine No. 7, albeit unsuccessfully, concerning this very same issue.

Defendants never indicated that they were going to introduce evidence concerning the financial situation of Plaintiff's parent company, the LVMH Group before July 24, 2009. Coombs Decl. at ¶ 4. Not only were these specific exhibits not previously identified, Defendants have never previously indicated that any evidence of this type or nature would be introduced. Id. at ¶ 3. The introduction of this evidence would create a substantial burden on Plaintiff to rebut and refute given its lack of relevance and specification as to the Plaintiff in this case, and because it will most certainly place importance on a matter of no relevance, specifically, the financial condition of Plaintiff's parent company. This evidence will distract attention from the merits of the case, tainting the jury. It can not be said to be "harmless" under the Federal Rule and there is no substantial justification.

Louis Vuitton v. Akanoc, et al.: Motion to Exclude Exhibits 1600.1-1600.6     - 4 -

This evidence, consisting of some fifty (50) pages of financial related documents, also could have been produced earlier (some of it dating back to 2006) but it was never disclosed as part of any of Defendants' disclosures or productions prior to roughly one week ago and less than a month before the trial. Coombs Decl. at ¶¶ 3-4. The discovery cutoff is long gone, the Parties have met for several pretrial conferences informally and with the Court, and this evidence was never disclosed or even discussed other than to state that it would not be produced by Plaintiff. Coombs Decl. at ¶ 2. This late attempt is a complete surprise and inherently unfair.

Defendants are precluded from using this evidence at trial by the Federal Rules of Civil Procedure for their failure to disclose this information.

### D. The Evidence Does Not Show a Lack of Actual Damage, Which is in Any Event, Unnecessary to an Award of Statutory Damages.

Defendants have asserted that the exhibits should be admitted to prove a lack of Plaintiff's actual damages as relevant on the issue of statutory damages. This claim is not supported by the law and instead, has been expressly rejected by controlling authority, and, if adopted, would completely undermine the purpose of statutory damages.

"It is clear, however, that a plaintiff may recover statutory damages "whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of the profits reaped by defendant." Peer Int'l Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1336-1337 (9th Cir. 1990) citing Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984); Lindy Pen Co. v. Bic Pen Corp., 982 F.2d 1400, 1411 (9th Cir. 1993) ("an inability to show actual damages does not alone preclude a recovery under section 1117"); Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger, USA, Inc., 80 F.3d 749, 753 (2d Cir. 1996) (holding that absence of actual damages does not preclude a recovery of the infringing party's profits); Burger King Corp. v. Mason, 855 F.2d 779, 781 (11th Cir. 1988) ("a plaintiff need not demonstrate actual damage to obtain an award reflecting an infringer's profits under § 35 of the Lanham Act"); see also Louis Vuitton Malletier, et al. v. Viet, 211 F. Supp. 2d 567, 583 (E.D. Penn. 2002) ("[I]n cases involving the use of a counterfeit mark, the plain language of the statute affords plaintiffs the right to pursue statutory

damages without proving actual damages."). "The Supreme Court has stated that "even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within [the] statutory limits to sanction and vindicate the statutory policy" of discouraging infringement. Peer Int'l Corp, 909 F.2d 1332 at 1337 citing F. W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 233 (1952). Well established controlling case law controls. There is no place in the litigation for the late evidence recently disclosed by Defendants and they should be precluded from introducing this irrelevant information at trial.

Additionally, actual damages may include compensation for not only lost sales, but also 1) sales at lower prices, 2) harm to market reputation, or 3) expenditures to prevent, correct, or mitigate consumer confusion. Int'l Star Class Yacht Racing Ass'n, 80 F.3d at 752 citing Restatement (Third) of Unfair Competition § 36(2). The evidence identified by Defendants is not probative as to any of these points either.

Moreover, overall economic performance of Plaintiff and of its affiliated companies does not speak to actual damage and continued success of brands overall speaks to a variety of factors none of which bear on grounds for relevance in the present case. The Defendants have identified no evidence which can make any meaningful correlation between the overall economic performance reflected in the proposed exhibits and the harm to Plaintiff from the counterfeiting of its valuable trademarks. This motion is properly granted and the evidence excluded.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court exclude Defendants' Exhibits 1600.1-1600.6 and any similar exhibits offered by Defendants concerning the financial situation of Plaintiff or its parent company, the LVMH Group.

Dated: August 4, 2009                    J. Andrew Coombs, A Professional Corp.

                                                       ___/s/ J. Andrew Coombs_____
                                                       By: J. Andrew Coombs
                                                          Annie Wang
                                                      Attorneys for Plaintiff Louis Vuitton Malletier, S.A.

## DECLARATION OF J. ANDREW COOMBS

I, J. Andrew Coombs, declare as follows:

1. I am an attorney at law duly admitted to practice before the Courts of the State of California and the United States District Court for the Northern District of California. I am counsel of record for Plaintiff Louis Vuitton Malletier, S.A. ("Plaintiff" or "Louis Vuitton") in an action styled Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., et al., Case No. C 07 3952 JW. I submit this declaration in support of Plaintiff's motion to Exclude Defendants' Recently Identified Exhibits 1600.1-1600.6. Except as otherwise stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows.

2. On or about January 23, 2008, the Parties agreed that Plaintiff would not seek actual damages based on its loss. Since the agreement has been in place, Plaintiff has not retracted or modified that stipulation at any time.

3. Attached hereto as Exhibit A is a true and correct copy of Defendants' Initial Disclosures.

4. On or about Friday, July 24, 2009, I first received by email Defendants' purported Exhibits 1600.1-1600.6 which appeared to be approximately fifty (50) pages of LVMH financial documents. Defendants never indicated that they were going to introduce evidence concerning the financial situation of Plaintiff's parent company, the LVMH Group before July 24, 2009. A true and correct copy of the email transmission is attached hereto as Exhibit B.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 4th day of August, 2009, at Glendale, California.

                                                                                    /s/ J. Andrew Coombs
                                                                                     J. ANDREW COOMBS

# EXHIBIT A

GAUNTLETT & ASSOCIATES
James A. Lowe (SBN 214383)
jal@gauntlettlaw.com
Brian S. Edwards (SBN 166258)
bse@gauntlettlaw.com
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:   (949) 553-1010
Facsimile:   (949) 553-2050

Attorneys for Defendants
Akanoc Solutions, Inc., Managed
Solutions Group, Inc., and Steven Chen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| Louis Vuitton Malletier, S.A., | Case No.: C 07 3952 JW |
|---|---|
| Plaintiff, | **DEFENDANTS' INITIAL DISCLOSURES PURSUANT TO FED.R.CIV.P 26(a)(1)** |
| v. | |
| Akanoc Solutions, Inc., Managed Solutions Group, Inc., Steven Chen, and Does 1 through 10, inclusive, | |
| Defendants. | |

Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc., and Steven Chen (collectively "Defendants") hereby provide their initial disclosures to Plaintiff Louis Vuitton Malletier, S.A. ("LV") pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, based on the information now reasonably available to them. This initial disclosure statement shall be subject to further supplementation upon the discovery of relevant information learned during the course of the litigation between the parties.

A.   WITNESSES

Based upon information currently available to Defendants, the individuals listed below would appear to have information pertinent to this action which Defendants may use to support

10562.002-12/3/2007-159253.1                                         1
DEFENDANTS' RULE 26(a)(1) INITIAL DISCLOSURES

their claims or defenses. Defendants reserve the right to revise this listing as additional information becomes available to them.

1. Steven Chen, President of Akanoc Solutions, Inc. and Managed Solutions Group, Inc., 45535 Northport Loop East, Fremont, CA 94538-6458, (888) 589-5589;

2. Juliana Luk, Security Dept., Managed Solutions Group, Inc. and Akanoc Solutions, Inc., 45535 Northport Loop East, Fremont, CA 94538-6458, (888) 589-5589

3. Andrew Cheng, Network Management Dept., Managed Solutions Group, Inc. and Akanoc Solutions, Inc., 45535 Northport Loop East, Fremont, CA 94538-6458, (888) 589-5589

4. Investigators hired by LV or its attorneys or agents with knowledge of the alleged infringement described in the complaint in this action.

**B. DOCUMENTS**

Defendants may use the following documents in their possession, custody or control to support their claims or defenses in this action:

1. LV's complaint as well as other pertinent non-privileged pleadings, discovery and documents in this action;

2. Correspondence and documents mailed to Defendants or their agents by LV or its agents in connection with LV's claims in the instant action;

3. The standard service agreement and use policy utilized by Akanoc Solutions, Inc. and Managed Solutions Group, Inc with their customers; and

4. Relevant web pages from ARIN.NET and DOMAINTOOLS.COM which set forth mechanisms for finding contract and registration information for resources registered with ARIN.

Defendants will make available for inspection and copying, upon LV's reasonable request, all of the above non-privileged and non-protected documents in their possession, custody or control, to the extent the documents are not already in LV's possession, have not been already produced or are not equally available to LV.

/ / /

/ / /

### C. COMPUTATION OF DAMAGES

Defendants are not currently seeking any damages from LV except for costs of suit and such other relief that the Court deems just and proper.

### D. INSURANCE POLICIES

The following insurance policies may provide coverage for the instant action:

1. Commercial General Liability Policy No. PAC 5281196, issued by Great American Insurance Group to Managed Solutions Group, Inc., for the period including 4/15/04 through 4/14/08.

### E. RESERVATIONS

Defendants' initial disclosures are based upon information currently available to them and are complete and correct to the best of the signer's knowledge as of the time they are made. Defendants reserve the right to revise or supplement their initial disclosures as additional information becomes available.

Dated: December 3, 2007

GAUNTLETT & ASSOCIATES

By: _____
James A. Lowe
Brian S. Edwards

Attorneys for Defendants
Akanoc Solutions, Inc., Managed
Solutions Group, Inc., and Steven Chen

1  RE:       *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., et al.*
   VENUE:    U.S.D.C., Northern District, San Jose Division
2  CASE NO.: C-07-3952 JW

3                         **PROOF OF SERVICE**

4       I am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and not a party to the within action; my business address is: Gauntlett & Associates, 18400 Von Karman, Suite 300, Irvine, California 92612.

6       On December 3, 2007, I served the foregoing document described as: **DEFENDANTS' INITIAL DISCLOSURES PURSUANT TO FED.R.CIV.P 26(A)(1)** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

                         J. Andrew Coombs, Esq.
                         Annie S. Wang, Esq.
                         J. Andrew Coombs, A Prof. Corp.
                         517 E. Wilson Avenue, Suite 202
                         Glendale, CA 91206-5902
                         Telephone: (818) 500-3200
                         Facsimile: (818) 500-3201
                         andy@coombspc.com
                         annie@coombspc.com

                         *Attorneys for Plaintiff*
                         *Louis Vuitton Malletier, S.A.*

[X]  **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **(BY FACSIMILE)** The document was transmitted by facsimile transmission to the above fax numbers with the transmission reported as complete and without error.

[ ]  **(BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION)** I caused the document to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]  **(BY UPS NEXT DAY AIR)** I caused such package to be deposited with the UPS Drop Box or UPS Air Service Center located at one of the following locations: 18400 Von Karman, Irvine, California 92612 or 2222 Michelson Drive, #222, Irvine, California 92612.

[X]  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 3, 2007, at Irvine, California.

Peggy Murray                              *Peggy Murray*
(Print Name)                              (Signature)

10562-002-12/03/2007-159303.1                    PROOF OF SERVICE - C-99-20207 JW

EXHIBIT A

# EXHIBIT B

**Annie Wang**

| | |
|---|---|
| **From:** | Christopher Lai [CL@gauntlettlaw.com] |
| **Sent:** | Friday, July 24, 2009 5:18 PM |
| **To:** | Andy Coombs; Annie Wang |
| **Cc:** | Lowe, James A.; Murray, Peggy A.; Brian S. Edwards |
| **Subject:** | Managed Solutions adv. Vuitton, 10562.002, Defendants' Exhibits 1600.1-1600.6 |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Yellow |
| **Attachments:** | Exhibit 1600.6 - LVMH 2009 Q1 Report.pdf; Exhibit 1600.1 - LVMH 2006 Q3 Report.pdf; Exhibit 1600.2 - LVMH 2007 Q1 Report.pdf; Exhibit 1600.3 - LVMH 2007 Q3 Report.pdf; Exhibit 1600.4 - LVMH 2008 Q1 Report.pdf; Exhibit 1600.5 - LVMH 2008 Q3 Report.pdf |

Andy and Annie,

Attached please find copies of Defendants' exhibits numbered 1600.1, 1600.2, 1600.3, 1600.4, 1600.5 and 1600.6 in Adobe pdf format.

Regards,


Christopher Lai, Esq.
Gauntlett & Associates
Tel: (949) 553-1010 ext. 256
Fax: (949) 553-2050
Email: CL@gauntlettlaw.com
Web: www.gauntlettlaw.com

This information is intended for use by the individuals or entity to which it is addressed, and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us.