1  **GAUNTLETT & ASSOCIATES**
    David A. Gauntlett (SBN 96399)
2   James A. Lowe (SBN 214383)
    Brian S. Edwards (SBN 166258)
3   Christopher Lai (SBN 249425)
    18400 Von Karman, Suite 300
4   Irvine, California  92612
    Telephone:     (949) 553-1010
5   Facsimile:     (949) 553-2050
    jal@gauntlettlaw.com
6   bse@gauntlettlaw.com
    cl@gauntlettlaw.com
7
    Attorneys for Defendants
8   Akanoc Solutions, Inc.,
    Managed Solutions Group, Inc.
9   and Steve Chen

10

11                           **UNITED STATES DISTRICT COURT**

12                   **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

13

14  LOUIS VUITTON MALLETIER, S.A.,        ) Case No.:  C 07-3952 JW (HRL)
                                           )
15                      Plaintiff,         ) **DEFENDANTS' MOTION FOR**
                                           ) **ADMINISTRATIVE RELIEF FOR**
16          vs.                            ) **LEAVE TO FILE MOTIONS IN**
                                           ) **LIMINE #16 AND #17**
17                                         )
                                           )
18  AKANOC SOLUTIONS, INC., et al.,        )
                                           )
19                      Defendants.        )
                                           )
20  _____  )

21

22

23

24

25

26

27

28

165737.1-10562-002-8/11/2009                          **DEFENDANTS' MOTION FOR ADMINISTRATIVE**
                                                      **RELIEF FOR LEAVE TO FILE MOTIONS**
                                                      **IN LIMINE #16 and #17**
                                                      **– C 07-3952 JW**

Dockets.Justia.com

Pursuant to Civil L.R. 7-11,[1] Defendants Managed Solutions Group, Inc., Akanoc Solutions, Inc. and Steve Chen ("Defendants") respectfully submit this motion for administrative relief for an order granting leave to file their Motion in Limine #16 to preclude Vuitton from referring to "willful blindness" during opening statements and their Motion in Limine #17 to Exclude Vuitton's Exhibits Numbered 619 and 620 and Expert Testimony About Actions Taken After Deposition.

This motion for administrative relief is required because the Court's June 5, 2009 deadline for filing motions in limine has passed and because the Court has no available motion hearing dates remaining prior to the trial, making it impossible for Defendants to file a motion for leave to file its additional motion in limine pursuant to Northern District Civil Local Rule 7-2.

Good cause for Defendants' motion for administrative relief exists because (1) opening statements are limited to a statement of facts or evidence that the parties intend or in good faith expect to prove. 'Willful blindness' is not evidence; it is a legal conclusion to be drawn from the evidence. Any reference thereto during opening statements would necessarily constitute improper legal argument because it would instruct the jury about what the law requires and infringe on the provence of the District Court to instruct the jury on the law, (2) the issue of whether use of "willful blindness" during opening statements is proper is an urgent matter that must be determined by the Court prior to the inception of trial, (3) the issue of website usage allegedly discussed in Vuitton's exhibits no. 619 and 620 is an urgent matter that relates to core elements of Vuitton's claims, (4) Vuitton's exhibits no. 619 and 620 contradict the deposition testimony of Vuitton's expert witness, (5) Defendants were unable to file motion in limine #16 by the Court's deadline of June 5, 2009 because Vuitton did not inform defendants that it intended to reference 'willful blindness' during opening statements until August 4, 2009[2] and prior to that time, Vuitton's counsel admitted he was

---

[1] Defendants contacted plaintiff's counsel via e-mail on August 4, 2009, requesting that plaintiff stipulate to the filing of this motion for administrative relief for leave to file its Motion in Limine #16. Plaintiff's counsel refused to stipulate to the filing of this motion. Declaration of James A. Lowe ("Lowe Decl.") ¶ 8. Defendants contacted plaintiff's counsel via phone on August 11, 2009, requesting that plaintiff stipulate to the filing of this motion for administrative relief for leave to file its Motion in Limine #17. Plaintiff's counsel refused to stipulate to the filing of this motion. Lowe Decl. ¶ 10.

[2] Lowe Decl. ¶ 6.

1 not planning to discuss "willful blindness" during Vuitton's opening statement[3] and (6) Defendants were unable to file motion in limine #17 by the Court's deadline of June 5, 2009 because Vuitton did not produce their exhibits no. 619 and 620 to Defendants until August 10, 2009.[4]

Granting this motion will expedite the trial of this matter because it allows resolution of evidentiary objections that would otherwise have to be raised during the trial. Advance resolution of these issues will benefit the jury, the Court and the trial preparation of both parties.

## I. CONCLUSION

Defendants respectfully request that the Court enter an order granting Defendants leave to file their Motion in Limine #16 to preclude Vuitton from referring to "willful blindness" during opening statements and Motion in Limine #17 to Exclude Vuitton's Exhibits Numbered 619 and 620 and Expert Testimony About Actions Taken After Deposition.

Dated: August 11, 2009

**GAUNTLETT & ASSOCIATES**

By: /s/James A. Lowe
David A. Gauntlett
James A. Lowe
Brian S. Edwards
Christopher Lai

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen

---

[3]Lowe Decl., ¶ 5.
[4]Lowe Decl., ¶ 9.