# EXHIBIT 1601

Dockets.Justia.com

**From:** Andy Coombs [mailto:andy@coombspc.com]
**Sent:** Tuesday, August 04, 2009 9:44 AM
**To:** Lowe, James A.
**Cc:** 'Annie Wang'
**Subject:** Defendants' Willful Blindness

Jim

I have reviewed your email and the relevant authorities regarding the "willful blindness" standard in both trademark and copyright cases. Louis Vuitton rejects your request that the term should not be used in opening statement for a couple of separate reasons.

First, willful blindness is clearly relevant to the issue of notice for purposes of Defendants' contributory infringement.

As you acknowledge in your email, willful blindness does satisfy the plaintiff's burden of showing notice for purposes of contributory trademark infringement. As previously argued to the Court, the distinction between services and goods you attempt to set up is not meaningful. Indeed it is somewhat ironic and operates against the Defendants in the context of the "unmanaged" package of hardware and operating system allegedly supplied by it to its customers. Moreover this same standard for liability has been applied by the Ninth Circuit, following *Inwood*, to flea market operators which provide a clearly comparable bundle of goods and services to their customers. *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 265 (9th Cir. 1995).

Similarly, contrary to the very fact specific District Court cases cited in your email, governing authority clearly holds constructive knowledge as evidenced by defendants' willful blindness will demonstrate notice for purposes of constructive copyright infringement liability. *In re Almster Copyright Litigation, supra*, 334 F.3d at 650:

> Willful blindness is knowledge, in copyright law (where indeed it may be enough that the defendant *should* have known of the direct infringement, *Casella v. Morris*, 820 F. 2d 362, 365 (11th Cir. 1987); 2 Goldstein, *supra*, § 6.1, p. 6:6), as it is in the law generally. See, e.g. *Louis Vuitton, S.A. v. Lee*, 875 F.2d 584, 590 (7th Cir. 1989) (contributory trademark infringement). One who, knowing or strongly suspecting that he is involved in shady dealings, takes steps to make sure that he does not acquire full or exact knowledge of the nature and extent of those dealings is held to have a criminal intent, *United States v. Giovanetti*, 919 F.2d 1223, 128 (7th Cir. 1990), because a deliberate effort to avoid guilty knowledge is all that the law requires [**18] to establish a guilty state of mind. *United States v. Josefik*, 753 F.2d 585, 589 (7th Cir. 1985); *AMPAT/Midwest, Inc. v. Illinois Tool Works, Inc.*, 896 F.2d 1035, 1042 (7th Cir. 1990) ("to know, and to want not to know because one suspects, may be, if not the same state of mind, the same degree of fault)." In *United States v. Diaz*, 864 F.2d 544, 550 (7th Cir. 1988), the defendant, a drug trafficker, sought "to insulate himself from the actual drug transaction so that he could deny knowledge of it," which he did sometimes by absenting himself from the scene of the actual delivery and sometimes by pretending to be fussing under the hood of his car. He did not escape liability by this maneuver; no more can Deep by using encryption software to prevent himself

8/6/2009



EXHIBIT
1601

> from learning what surely he strongly suspects to be the case: that the users of his service--maybe *all* the users of his service--are copyright infringers.

Second, willful blindness is relevant for purposes of demonstrating willfulness of the underlying direct infringer: willful blindness or reckless disregard is clearly an applicable standard and it is the willfulness of the underlying direct infringers aided and abetted by the defendants' which is relevant to the jury's assessment of statutory damages.

Under the Trademark Act, the issue is settled: willful blindness is equivalent to actual knowledge for purposes of the Lanham Act, *Louis Vuitton S.A. v. Lee*, 875 F.2d 584, 590 (7th Cir. 1989); *Hard Rock Café Licensing Corp. v. Concessions Svcs., Inc.*, 955 F. 2d 1143, 1148-1149 (7th Cir. 1991). The same is true under the Copyright Act: "willfulness" can be shown by evidence (1) the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights. See *In re Aimster Copyright Litigation*, 334 F.3d 643, 650 (7th Cir. 2003), *Lipton v. Nature Co.*, 71 F.3d 4646,462 (2d Cir. 1995); *N.A.S. Import Corp. v. Chenson Enters., Inc.*, 957 F.2d 250, 252 (2d Cir. 2001), *see also Yurman Design, Inc. v. PAJ, Inc.*, 262 F. 3d 101, 112 (2d Cir. 2001) ("Willfulness in this context means that the defendant recklessly disregarded the possibility that its conduct represented infringement.") (citation and internal quotation marks omitted). *Island Software & Computer Svc., Inc. v. Microsoft, Inc.*, 413 F.3d 257 (2d Cir. 2005).

Finally, there is nothing new in this. These arguments have been advanced on behalf of Louis Vuitton at least since filing its opposition to Defendants' motions for summary judgment almost one year ago. See, for example, Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Docket # 77) 16:3-6.

Andy Coombs

J. Andrew Coombs, A P.C.

517 East Wilson Ave., Suite 202

Glendale, CA 91206

Telephone: (818) 500-3200

Facsimile: (818) 500-3201

This message contains information that is privileged, confidential and exempt from disclosure under applicable law. The information is intended for the use of the individual or entity to which it is addressed. If you are not the intended recipient, or an employee of the recipient, be aware that any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited. If you have received this electronic message in error, please notify us by calling (818) 500-3200 or by email at info@coombspc.com immediately and delete or destroy all copies of this transmission.

8/6/2009

# EXHIBIT 1602

**From:** Andy Coombs [mailto:andy@coombspc.com]
**Sent:** Wednesday, August 05, 2009 12:18 PM
**To:** Lowe, James A.; 'Annie Wang'
**Cc:** Christopher Lai
**Subject:** RE: Managed Solutions advs. Vuitton, 10562.002, Proposed Stipulations

Although I would normally not hesitate to stipulate to the type of reciprocal stipulation you propose, Defendants have already had multiple opportunities to bring their motions in limine, and we see no good reason for the delay for this particular motion (apart from further distraction from last minute trial preparation).

Andy Coombs
J. Andrew Coombs, A P.C.
517 East Wilson Ave., Suite 202
Glendale, CA 91206
Telephone:  (818) 500-3200
Facsimile:   (818) 500-3201

This message contains information that is privileged, confidential and exempt from disclosure under applicable law. The information is intended for the use of the individual or entity to which it is addressed. If you are not the intended recipient, or an employee of the recipient, be aware that any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited. If you have received this electronic message in error, please notify us by calling (818) 500-3200 or by email at info@coombspc.com immediately and delete or destroy all copies of this transmission.

---

**From:** Lowe, James A. [mailto:JAL@gauntlettlaw.com]
**Sent:** Tuesday, August 04, 2009 3:20 PM
**To:** Annie Wang
**Cc:** Andy Coombs; Christopher Lai
**Subject:** Managed Solutions advs. Vuitton, 10562.002, Proposed Stipulations

Andy and Annie,

We will agree to stipulate to allow Vuitton to file its motion in limine to exclude Defendants' Exhibits 1600.1 through 1600.6, but (in light of your refusal today to agree not to use "willful blindness" during opening statement) we have revised the stipulation to also allow Defendants to file a motion in limine to preclude Vuitton from using the term "willful blindness" in its opening statement at trial. Attached to this email is the revised stipulation for your review. It includes my electronic signature in case the form is otherwise acceptable to you.

We cannot agree to the proposed stipulation regarding the admissibility of all evidence that Defendants produced in discovery because it is much too broad. Merely because documents are produced in discovery does not make them relevant, etc. for a jury trial. Here a large mass of material was produced in discovery and we do not agree that it should all be admitted in evidence. During our phone conference last week, I understood your request to only relate to the authenticity of a party's documents, not their admissibility. We would need to see all proposed exhibits before the trial, as is customary. We would then be able to agree about the authenticity of documents a party prepared. I do not expect to object on authenticity grounds to materials that were prepared by a defendant. But we do need to see proposed exhibits in advance of an agreement.

James A. Lowe, Esq.



ALL-STATE LEGAL® EXHIBIT 1602

8/6/2009

Gauntlett & Associates

Gauntlett & Associates

(949) 553-1010

(949) 553-2050 FAX

This information is intended for use by the individuals or entity to which it is addressed, and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us.

**From:** Annie Wang [mailto:annie@coombspc.com]
**Sent:** Monday, August 03, 2009 12:04 PM
**To:** Lowe, James A.
**Cc:** 'Andy Coombs'
**Subject:** LV v. Akanoc

Jim,

Per our call last week, please find attached the stipulations agreed upon by the Parties. Please let me know if we can e-sign the attached for you. I should have the other stipulations re Guidance and the "rebuild" and a confirming letter re the lodging of the transcripts and acceptance of service of any trial subpoenas for Mr. Chen to you some time this afternoon.

Thanks,
Annie

**Annie S. Wang**
Law Offices of J. Andrew Coombs, A P.C.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201
Email: annie@coombspc.com

This message contains information that is privileged, confidential and exempt from disclosure under applicable law. The information is intended to be for the use of the individual or entity to which it is addressed. If you are not the intended recipient, or an employee of the recipient, be aware that any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited. If you have received this electronic message in error, please notify us by calling (818) 500-3200 immediately and delete or destroy all copies of this transmission.

8/6/2009