**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:    (949) 553-1010
Facsimile:    (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | Case No.: C 07-3952 JW (HRL) |
| Plaintiff, | **DEFENDANTS' MOTION IN LIMINE #16 TO PRECLUDE VUITTON FROM REFERRING TO "WILLFUL BLINDNESS" DURING OPENING STATEMENTS** |
| vs. | |
| AKANOC SOLUTIONS, INC., et al., | |
| Defendants. | |

165693.2-10562-002-8/11/2009

**MOTION IN LIMINE TO PRECLUDE VUITTON FROM REFERRING TO 'WILLFUL BLINDNESS' DURING OPENING STATEMENTS
– C 07-3952 JW**

Dockets.Justia.com

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steve Chen ("Defendants") move for an order, in limine, precluding Plaintiff Louis Vuitton Malletier from referring to "willful blindness" during opening statements.

Defendants move the Court to preclude Plaintiff Louis Vuitton Malletier from referring to "willful blindness" during its opening statement on the grounds that opening statements are limited to a statement of facts or evidence that the parties intend or in good faith expect to prove. 'Willful blindness' is not evidence; it is a legal conclusion that may be drawn from evidence. "Willful blindness" is a perjorative term that has no place in an opening statement. Any reference thereto during opening statements would necessarily constitute improper legal argument because it would instruct the jury about what the law requires and infringe on the province of the Court to instruct the jury on the law. Any reference to it during closing argument would depend upon evidence actually presented.

**I. AN ORDER IN LIMINE IS PROPER TO LIMIT THE SCOPE OF OPENING STATEMENTS**

A motion in limine is "any motion whether made before or during trial to exclude anticipated prejudicial evidence before the evidence is actually offered."[1] The scope and extent of the parties' opening statements "rests largely in the discretion of the trial court."[2] Obtaining a discretionary advance ruling on the scope of opening statements before trial is within the court's discretion. *United States v. Gurolla,* 333 F.3d 944, 948 (9th Cir. 2003) (considering motion in limine to bar defense counsel from referencing legal theory of entrapment during opening statements). Resolving whether Vuitton may refer to willful blindness in its opening statement is an urgent matter that must be determined by the Court prior to the inception of trial, so authority is also implied from "the district court's inherent authority to manage the course of trials."[3]

The defense sought an agreement from plaintiff's counsel that the phrase "willful blindness"

---

[1] *Luce v. United States*, 469 U.S. 38, 40, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984).

[2] *United States v. Freeman,* 514 F.2d 1184, 1192 (11th Cir.1975)

[3] *Luce*, 469 U.S. at 41 n.4; *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994).

would not be used in counsel's opening statement.  Vuitton's counsel, however, refused to agree, necessitating this motion.

## II. OPENING STATEMENTS ARE LIMITED TO FACTS AND EVIDENCE TO BE PROVEN AT TRIAL

### A. Opening Statements Have A Narrow Purpose and Scope

The opening statement lets counsel outline the facts he or she intends to prove at trial. It is limited to a statement of facts or evidence that the parties intend or in good faith expect to prove. *Leonard v. U.S.*, 277 F.2d 834, 841 (9th Cir. 1960) ("An opening statement should be limited to a statement of facts which the government intends or in good faith expects to prove. **It should not be argumentative in character,** nor should it be designed to destroy the character of the defendant before the introduction of any evidence."); *Hynix Semiconductor Inc. v. Rambus Inc.,* 2008 WL 350643, *1 (N.D.Cal. Feb. 2, 2008) ("An opening statement is limited to presenting a guide to the evidence that the parties reasonably believe will be admitted into evidence.")

This rule has been echoed repeatedly by numerous courts, including the Supreme Court. *U.S. v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075 (1976) addressed opening statements:

> **An opening statement has a narrow purpose and scope**. **It is to state what evidence will be presented,** to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole; **it is not an occasion for argument**. *Id.* at 612 (Burger, C.J. concurring)

The Court further observed that legal argument and other misconduct during opening statements should not be allowed because it subverts a trial judge's "plenary control of the conduct of counsel particularly in relation to addressing the jury. … A trial judge is under a duty, in order to protect the integrity of the trial, to take prompt and affirmative action to stop such unprofessional misconduct." *Id.*

### B. 'Willful Blindness' Should Not Be Referenced During Opening Statements

In the contributory infringement context, whether defendants were 'willfully blind' to infringement is a legal conclusion to be made at the conclusion of the case based on all of the evidence. *Hard Rock Cafe Licensing Corp. v. Concession Services, Inc.* 955 F.2d 1143, 1149 (7th Cir.1992*)* ("To be willfully blind [in the contributory liability context], a person must suspect

1 wrongdoing and deliberately fail to investigate.") Willful blindness is not evidence (it is not, for

2 example, a note in the defendants' pocket). Because it is a legal conclusion, referring to willful

3 blindness during opening statements would necessarily constitute improper legal argument because

4 it would instruct the jury about what the law requires. Any Vuitton comment during opening

5 statements about defendants' alleged "willful blindness" is also improper comment on the character

6 of the defendants. Its use is merely perjorative in an opening statement.

In *Schwartz v. System Software Assocs., Inc.* (7th Cir. 1994) 32 F3d 284, 288 a lawyer told the jury during his opening statement that the federal securities laws meant defendants were required to "tell the truth, the whole truth, and nothing but the truth." This was improper legal argument:

> **Plaintiff's attorney attempted to argue the applicable law in his opening statement**. He told the jury that under the federal securities law the defendants were required to "tell the truth, the whole truth, and nothing but the truth." Since it was the province of the district court to pass upon the law, **[the trial court] was entitled to tell plaintiff's counsel to refrain from legal argument in his opening statement.** [citing *United States v. Dinitz,* 424 U.S. 600, 612, 96 S.Ct. 1075, 1082, 47 L.Ed.2d 267]

Any reference to 'willful blindness' during opening statements would similarly instruct the jury about what the law requires (e.g. telling the jury that the law does not allow defendants to be "willfully blind" to infringement, or that contributory liability can be predicated on defendants' "willful blindness"). As in *Schwartz*, it would be improper legal argument that infringes on the provence of the district court to instruct the jury on the law.

### III. CONCLUSION

For the foregoing reasons, the defendants move for an order prohibiting Vuitton from referring to 'willful blindness' during opening statements.

///
///
///
///
///
///

165693.2-10562-002-8/11/2009

3

MOTION IN LIMINE TO PRECLUDE VUITTON
FROM REFERRING TO 'WILLFUL BLINDNESS'
DURING OPENING STATEMENTS
– C 07-3952 JW

1   Dated: August 11, 2009                               **GAUNTLETT & ASSOCIATES**

By:   /s/James A. Lowe
       David A. Gauntlett
       James A. Lowe
       Brian S. Edwards
       Christopher Lai

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen