1  **GAUNTLETT & ASSOCIATES**
   David A. Gauntlett (SBN 96399)
2  James A. Lowe (SBN 214383)
   Brian S. Edwards (SBN 166258)
3  Christopher Lai (SBN 249425)
   18400 Von Karman, Suite 300
4  Irvine, California  92612
   Telephone:     (949) 553-1010
5  Facsimile:      (949) 553-2050
   jal@gauntlettlaw.com
6  bse@gauntlettlaw.com
   cl@gauntlettlaw.com
7
   Attorneys for Defendants
8  Akanoc Solutions, Inc.,
   Managed Solutions Group, Inc.
9  and Steve Chen

10

11                    **UNITED STATES DISTRICT COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

13

14  LOUIS VUITTON MALLETIER, S.A.,         )  Case No.:  C 07-3952 JW (HRL)
                                           )
15                      Plaintiff,          )  **DEFENDANTS' MOTION IN LIMINE #17**
                                           )  **TO EXCLUDE VUITTON'S EXHIBITS**
16       vs.                                )  **NUMBERED 619 AND 620 AND EXPERT**
                                           )  **TESTIMONY ABOUT ACTIONS TAKEN**
17                                         )  **AFTER DEPOSITION**
                                           )
18  AKANOC SOLUTIONS, INC., et al.,        )
                                           )
19                      Defendants.         )
                                           )
20  _____ )

21

22

23

24

25

26

27

28

165751.1-10562-002-8/11/2009                         **DEFENDANTS' MOTION IN LIMINE #17**
                                                                        **– C 07-3952 JW**

Dockets.Justia.com

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steve Chen ("Defendants") move for an order, in limine, excluding (1) Plaintiff Louis Vuitton Malletier's ("Vuitton") exhibits numbered 619 and 620 because these exhibits are the result of additional actions of its expert witness that were performed after his deposition and (2) testimony by Vuitton's expert about additional actions performed after his deposition.

## I. AN ORDER IN LIMINE IS PROPER TO EXCLUDE ANTICIPATED EVIDENCE AT TRIAL

A motion in limine is "any motion whether made before or during trial to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984). Obtaining a discretionary advance ruling on the admission of specific evidence or resolving critical evidentiary issues at the outset enhances the efficiency of the trial process. *In re Japanese Electronic Products Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986). Authority is also implied from "the district court's inherent authority to manage the course of trials." *Luce*, 469 U.S. at 41 n.4; *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994)

## II. THE COURT SHOULD EXCLUDE VUITTON'S EXHIBITS 619 AND 620 AND ANY TESTIMONY ABOUT WILSON'S ACTIONS TAKEN OR OPINIONS FORMED AFTER HIS DEPOSITION

Defendants move for an order, *in limine*, excluding Vuitton's exhibits numbered 619[1] and 620[2] and any testimony by Vuitton's expert about additional actions performed after his deposition. Exhibits 619 and 620, produced for the first time to Defendants on August 10, 2009,[3] should be excluded because they are the result of additional investigation and analysis actions performed by Vuitton's expert witness, Michael Wilson, after his deposition. Importantly, these exhibits are different from and reflect different conclusions from prior exhibits and Wilson testimony.

---

[1] Declaration of James Lowe ("Lowe Decl.") ¶ 4, attached as **"Exhibit 619."**

[2] Lowe Decl. ¶5, attached as **"Exhibit 620."**

[3] Lowe Decl. ¶6.

165751.1-10562-002-8/11/2009     1     **DEFENDANTS' MOTION IN LIMINE #17 – C 07-3952 JW**

### A. Wilson's Original Exhibits

At his deposition on June 26, 2009, Wilson produced to Defendants' counsel his supplemental expert report.[4] Attached as exhibits to Wilson's supplemental report were two charts that Wilson allegedly testified were produced from his "reconstruction," of a website for Bigworldshoes.com. Wilson charts showed (1) the "usage by country" for the website www.bigworldshoes.com for March 2009[5] and (2) the "usage by country" for "THY or pcid=16 only bigworldshoes.com" for March 2009.[6] Wilson testified that these "usage by country" charts showed an allocation of "visits" to the website www.bigworldshoes.com from different countries such as Canada, France, China, Switzerland, Germany, India, and Hong Kong. Neither chart included any usage attributed to or visits from the United States. Both of these charts included a category for usage attributed to "Unresolved/Unknown." Wilson testified at his deposition that, as of that date, he had not at that time determined what countries comprised the "Unresolved/Unknown" category:[7]

> Q: What does that [unresolved or unknown] mean?
>
> A: Well, this just means that my computer that isn't connected to the Internet couldn't do any sort of resolution on the IP addresses that hit the -- the IP addresses that were responsible for these particular hits. It doesn't necessarily mean that they all wouldn't be resolved on a system that could actually go out and look. But for security purposes and for the preservation of evidence and all that, my system doesn't have direct Internet access. So it couldn't go and try and resolve any of these things.
>
> Q: So it had to look only at the data that you had been able to pull off the hard drive?
>
> A: Correct. And some sort of internal cache. And probably the internal cache is where it got the fact that some of these were from France.
>
> Q: So 3 percent of the hits were from France in February of '09?
>
> A: Correct.
>
> Q: And the others you don't know?

---

[4] Lowe Decl. ¶7.

[5] Lowe Decl. ¶8, attached as **"Exhibit 1603."**

[6] Lowe Decl. ¶9, attached as **"Exhibit 1604."**

[7] Deposition Transcript of Michael Wilson, 159:10-160:5, attached to Lowe Decl. ¶10, as **"Exhibit 1605."**

1  A: Right.

2  Mr. Wilson never suggested that he intended to undertake further investigations to determine
3  the source of other visits.

4  **B. Vuitton's "New" Charts**

5  On August 10, 2009, eight days before trial, Vuitton produced for the first time two new and
6  different charts that allegedly show (1) the "usage by country" for the website
7  www.bigworldshoes.com for March 2009 and (2) the "usage by country" for "THY or pcid=16 only
8  bigworldshoes.com" for March 2009. These new charts, numbered exhibits 619 and 620, differ
9  significantly from the charts that were attached to Wilson's supplemental report and about which
10 Wilson testified in deposition. These new charts do not include an "Unresolved/Unknown" category
11 and instead now include a new "United States" category that was *not* included in either of the charts
12 attached to Wilson's supplemental report. These new charts should be excluded because they are
13 clearly the result of work performed by Wilson after his deposition.

14 **C. The New Charts Should Be Excluded**

15 This Court has already granted Defendants' motion in limine #15, which prevents Wilson
16 from testifying about the results of experiments or investigations, and any opinions that were not
17 disclosed prior to Mr. Wilson's deposition.[8] Vuitton's new charts reflect work performed after the
18 date of deposition and therefore should be excluded because they fall under the scope of Defendants'
19 motion in limine #15.

20 Vuitton cannot argue that exhibits 619 and 620 are not the result of work performed by
21 Wilson after his deposition. At his deposition, Wilson provided a chart that did not include *any*
22 mention of United States usage and instead included an "unresolved/unknown" category. Wilson
23 acknowledged at his deposition that his chart included an "unresolved/unknown" category and that
24 he had not determined what countries were included in the "unresolved/unknown" category.

25 Now, over a month later, Vuitton wants to introduce new charts that, *for the first time*, do not
26 include an "unresolved/unknown" category and allegedly show usage attributed to the United States.

27
28 [8] July 9, 2009 Order Re: Motions in Limine

1  The charts attached to Wilson's supplemental report made no mention of usage attributed to the
2  United States. Wilson also admitted that, at the time of his deposition, he had not determined what
3  countries constituted the "unresolved/unknown" category. This means that the only explanation for
4  the revisions/deletions in exhibits 619 and 620 is that they reflect Wilson's additional work
5  performed after his deposition. The Court has already precluded Wilson from testifying about
6  actions taken after his deposition, and this preclusion includes Wilson's revised charts because they
7  are evidence of actions taken after his deposition. Not only is this new evidence, but it contradicts
8  the testimony and evidence provided by Wilson at his deposition.

9  The Court's own scheduling order precludes Vuitton from attempting to introduce these new
10 charts:

> Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about **any actions or opinions not disclosed prior to the expert's deposition**. This is to ensure that all factual material upon which expert witness opinion may be based and **all tests and reports are completed prior to the expert deposition**.

15 The Court's order is meant to ensure that all factual material upon which expert witness
16 opinion may be based and **all tests and reports are completed prior to the expert deposition**.
17 Vuitton's exhibits 619 and 620 are based on actions or opinions not disclosed prior to the expert's
18 deposition and should therefore be excluded.

19 **D. Vuitton's Exhibits Numbered 619 and 620 and Testimony Should Be Excluded Because They are Based on Unknown Third-Party Information on the Internet**

21 Vuitton's exhibits numbered 619 and 620 allegedly report the geographic location of users
22 who contacted the website bigworldshoes.com. But in his deposition, Wilson stated that because his
23 computer was not connected to the Internet he could not determine the geographic origin of the IP
24 addresses of the users who contacted the website and because the information was not stored on the
25 inspected hard drives:

> A: Well, this just means that my computer that isn't connected to the Internet couldn't do any sort of resolution on the IP addresses that hit the -- the IP addresses that were responsible for these particular hits. It doesn't necessarily mean that they all wouldn't be resolved on a system that could actually go out and look. But for security purposes and for

165751.1-10562-002-8/11/2009     4     **DEFENDANTS' MOTION IN LIMINE #17 – C 07-3952 JW**

> the preservation of evidence and all that, my system doesn't have direct Internet access. So it couldn't go and try and resolve any of these things.
>
> Q: So it had to look only at the data that you had been able to pull off the hard drive?
>
> A: Correct. [9]

The inclusion of new geographic information about visits to the website shown in Vuitton's exhibits 619 and 620 necessarily means that exhibits 619 and 620 include not just information from the Defendants' server computer hard drives, but also unidentified and unverified third-party hearsay information from unknown sources on the Internet.  Only someone with personal knowledge of the accuracy of the *contents* of the Internet material may testify to such information.  *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060 (C.D. Cal. 2002); *Internet Specialties West, Inc. v. ISPWest,* No. CV 05-3296 FMC AJWx, 2006 WL 4568796 at *1-2 (C.D. Cal. Sept. 19, 2006).  Wilson cannot testify to the accuracy of the Internet-based information included in Vuitton's exhibits 619 and 620.  These exhibits should therefore be excluded not only because they reflect actions taken by Wilson after his deposition, but because Wilson also cannot authenticate this third-party information.  The defendants have no way to examine, evaluate or challenge the anonymous information that is the basis of Mr. Wilson's enhanced exhibits.

**E.   Vuitton's Expert Should be Precluded from Testifying About Any Additional Actions Taken After His Deposition**

Not only should Vuitton be precluded from introducing any exhibits that evidence Wilson's additional actions taken after his deposition, Vuitton should be precluded from introducing any *testimony* about Wilson's actions taken after his deposition.

The Court's own scheduling order precludes an expert witness from testifying about **any actions or opinions not disclosed prior to the expert's deposition.**   Wilson testified at his deposition that he had not identified any United States website usage nor had he determined what countries constituted the "unresolved/unknown" website usage category.   Wilson should therefore

---

[9] Deposition Transcript of Michael Wilson, 159:11-23, attached to Lowe Decl. ¶10, as **"Exhibit 1605."**

be precluded from testifying that he has now somehow identified United States website usage or that he has now determined what countries constitute the "unresolved/unknown" website usage category. Any such opinions, which would be based on actions taken after the deposition, are prohibited by the Court.

Vuitton cannot now argue that Wilson's testimony should be allowed because it was previously disclosed. All that Wilson disclosed at deposition was that, based on data on the hard drives, he did not know of any United States users who contacted the website and that he did not know what countries constituted the "unresolved/unknown" website usage category. The actions that Wilson took after his deposition to investigate United States website usage or to investigate what constitutes the "unresolved/unknown" category were clearly not disclosed prior to his deposition and Wilson should be precluded from testifying about these actions.

It is especially important for the Court to enforce its order on this issue because, with one week remaining before the trial, allowing Vuitton to introduce either its exhibits numbered 619 and 620 or testimony about Wilson's actions taken after his deposition will unduly prejudice the Defendants who will have no effective means of discovering, preparing for or rebutting any additional opinions and actions.

### III.   CONCLUSION

Defendants respectfully request that the Court enter an order precluding Vuitton from offering in evidence its exhibits numbered 619 and 620 or testifying about them.

Dated:  August 11, 2009               **GAUNTLETT & ASSOCIATES**

By:   /s/James A. Lowe
      David A. Gauntlett
      James A. Lowe
      Brian S. Edwards
      Christopher Lai

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen