United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Louis Vuitton Malletier, S.A., | NO. C 07-03952 JW |
| Plaintiff, | **SECOND ORDER RE: MOTIONS *IN LIMINE*** |
| v. | |
| Akanoc Solutions, Inc., et al., | |
| Defendants. | |

Presently before the Court are Defendants' Motion for Leave to File Motions in Limine #16 and #17, (Docket Item No. 194), and Plaintiff's Motion in Limine 1 and Motion to Lodge Original Transcripts of Steven Chen and Juliana Luk. (Docket Item Nos. 190, 198, 199.)

The Court GRANTS Plaintiff's Motions to Lodge Original Transcripts of Steven Chen and Juliana Luk. The Court GRANTS Defendants leave and considers the parties' Motions in Limine in turn.

**1. Plaintiff's Motion in Limine No. 1** (Docket Item No. 190) to exclude evidence of financial condition of Plaintiff and its affiliates is GRANTED because the financial information that Defendants seek to introduce is far too broad to have any bearing on the issue of actual damages. Information regarding the financial performance of Plaintiff and its parent company is too tenuously tied to the determination of actual damages to meet even the broad relevance standard of Federal Rules of Evidence 401. Both cases cited by Defendants are distinguishable because they involve the relevancy of a party's profits from infringing activity to a determination of actual damages, while

Defendants in the present case seek to introduce evidence of the non-infringing party's financial success.

**2. Defendants' Motion *in Limine* No. 16** (Docket Item No. 195) to preclude Plaintiff from referring to "willful blindness" during opening statements is DENIED because the purpose of an opening statement "is to state what evidence will be presented." Leonard v. U.S., 277 F.2d 834, 841 (9th Cir. 1960); see U.S. v. Dinitz, 424 U.S. 600, 612 (1976). Accordingly, Plaintiff may state that the evidence will show willful blindness by Defendants.

**3. Defendants' Motion *in Limine* No. 17** (Docket Item No. 196) to exclude Plaintiff's exhibits numbered 619 and 620 and expert testimony about actions taken after deposition is GRANTED to the extent Plaintiff attempts to introduce exhibits or testimony by Mr. Wilson regarding the results of experiments or investigations that were not disclosed prior to Mr. Wilson's deposition. This is without prejudice to Plaintiff to demonstrate to the Court that these were previously disclosed.

Dated: August 18, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Annie S Wang annie@coombspc.com
Brian S. Edwards bse@gauntlettlaw.com
David A. Gauntlett info@gauntlettlaw.com
J. Andrew Coombs andy@coombspc.com
James A. Lowe info@gauntlettlaw.com

**Dated:  August 18, 2009**                                **Richard W. Wieking, Clerk**


**By:     /s/ JW Chambers**
       **Elizabeth Garcia**
       **Courtroom Deputy**

**United States District Court**
For the Northern District of California