IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| Louis Vuitton Malletier, S.A., | NO. C 07-03952 JW |
|---|---|
| Plaintiff, | **OPENING INSTRUCTIONS** |
| v. | |
| Akanoc Solutions, Inc., et al., | |
| Defendants. | |

## **DUTY OF JURY**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more instructions. During various points in the trial, when I find it appropriate, I will give you additional instructions. All of the instructions which I give to you are important. You must follow all of them.

As I have mentioned to you during jury selection, this is a contributory copyrights and trademark infringement case. Plaintiff Louis Vuitton Malletier, S.A., is a manufacture and distributor of luxury goods and has registered its trademarks and copyrights in the United States. Defendants Akanoc Solutions, Inc. and Managed Solutions Group, Inc. ("MSGI") operate servers hosting websites and are both owned and managed by Defendant Steven Chen. Plaintiff claims that its trademarks and copyrights have been used to display, market, distribute and sell counterfeit and

unauthorized merchandise on numerous websites hosted by Defendants and that the goods and services provided by Defendants were provided despite notice concerning the underlying counterfeiting activity. Plaintiff seeks damages against Defendants for contributory infringement of Plaintiff's registered trademarks and copyrights.

In every legal dispute, there are two kinds of questions. The first kind of questions are questions of fact. For example, in many lawsuits there is a dispute between the parties over whether or not a particular event actually took place, and if it did take place whether or not it caused economic or other types of harm, and if so how much harm was caused. Under our system, a jury is empaneled to listen to the evidence and based on that evidence, the jury decides whether or not the disputed event took place or not and the amount of damages, if any which should be awarded.

As jurors in this case, your first duty is to listen to the evidence and make a decision about what happened. There might be instances when what the Plaintiff claim took place will be different from what the Defendants claim took place. You must listen to the evidence and based on that evidence make your decision about what took place. In other words, you must decide the facts of the case. You, and you alone, are the judges of the facts. I will give to you a series of questions which will allow you to indicate your factual findings.

The second kind of questions involved in legal disputes, are called questions of law. An example of a question of law is: "What must the plaintiff prove in order to be entitled to a verdict in favor of the plaintiff?" In our legal system, the judge is responsible for deciding questions of law. In what we call "jury instruction" I tell you the law which applies to this case. The statements I am making to you before you begin to receive evidence are jury instructions.

The final step in the process is called the verdict. Based on your decision on the facts and applying the law which I will give to you, you will be asked to decide in favor of the Plaintiff or the Defendants. Therefore, you will hear the evidence, decide

what the facts are, and then apply those facts to the law which I will give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not.

The evidence will consist of the testimony of witnesses, documents, and other things received into evidence as exhibits and any facts on which the lawyers agree or which I instruct you to accept.

## **STANDARD OF PROOF**

In a lawsuit such as this, the law provides that a party is entitled to a verdict in its favor only if that party presents a sufficient amount of evidence. We call this the burden of proof. In this case you will hear about "preponderance of the evidence."

When a party has the burden of proving a claim "by a preponderance of the evidence" that means that the party has to produce evidence which, considered in light of all the facts, leads you to believe that what that party claims is more likely true than not. During the trial, you will hear evidence from both sides. If you were to put the evidence on opposite sides of the scales, the party with the burden to prove a matter by a preponderance of the evidence would have to make the scales tip slightly on that party's side. If that party fails to meet this burden, the verdict must be for the opposing party.

Some of you might have heard the term "proof beyond a reasonable doubt." That is a stricter standard; i.e., it only applies to a criminal case and it requires more proof than a preponderance of the evidence. The reasonable doubt standard does not apply to a civil case and you should therefore put it out of your minds.

## **WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consist of are (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers agree or stipulate.

## **WHAT IS NOT EVIDENCE**

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

1. Statements and arguments of the attorneys.
2. Questions and objections of the attorneys.
3. Testimony that I instruct you to disregard.
4. Anything you may have seen or heard when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. For example, if the question of fact in a given case is whether or not Johnny ate the cherry pie, testimony by a witness that he saw Johnny put the pie in his mouth and eat it would be direct evidence of this fact. However, if the question of fact in another case was whether Jane ate the cherry pie and in that case no one saw her eat it, but a witness testifies that he walked into the kitchen and saw Jane sitting at the table with the empty pie tin in her hands and cherry pie on her face, this would only be direct evidence that she was in the kitchen and that she had pie on her face, but it would be circumstantial evidence from which a person could find that Jane ate the pie. However, there could be other circumstances which would explain why she had the tin in her hands and pie on her face.

You must listen to all the facts and may draw reasonable conclusions from those facts. Facts may be proved by either direct or circumstantial evidence; you are to consider both types of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

## CREDIBILITY OF WITNESSES

In deciding the facts of this case, you may have to decide which witnesses to believe and which witnesses not to believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following:

(1) Is the witness able to see or hear or know the things the witness testified to?

(2) What is the quality of the witness' memory?

(3) What is the witness' manner while testifying?

(4) Does the witness have an interest in the outcome of the case or any motive, bias, or prejudice?

(5) Is the testimony of the witness contradicted by anything the witness said or wrote before trial or by other evidence?

(6) How reasonable is the witness' testimony when considered in the light of other evidence which you believe?

## **TAKING NOTES**

If you wish, you may take notes to help you remember what witnesses say. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note taking distract you so that you do not hear other answers by witnesses. When you leave at night, your notes should be left in the jury room.

If you do not take notes, you should rely upon your own memory of what was said and not be overly influenced by the notes of other jurors.

If you need to speak with me about anything, simply use your note pads to give a note to the clerk of court, the court reporter or to me.

You may also use your notes to let us know if you are having difficulty hearing or understanding a particular part of the case. It is the policy of the Court not to permit jurors to write questions for the witnesses. However, if there is some aspect of the case which you find confusing, please write a note to me and I will bring it to the attention of the attorneys.

Ordinarily we will take a break in the middle of our session. However, if any one of you should need a break before the scheduled time, simply raise your hand to get my attention and ask for a short recess and we will take one. Feel free to stand if you need a stretch. Also, feel free at any time to go over to the water cooler here in the courtroom.

## **CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, do not talk to each other or with anyone else about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict;

"Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but don't tell them anything about the case until after you have been discharged by me;

"Talking" also includes sending e-mails, posting on message boards or social networking sites (such as Facebook, MySpace or Twitter), blogging, instant or texting messaging, sending messages on Twitter, or making any other form of written communication, whether public or private.

Second, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Third, do not read any news articles about the case or listen to any radio or television reports about the case;

Fourth, do not do any research, such as consulting dictionaries or other reference materials, or performing Internet searches (whether on your computer or cell phone), and do not make any investigation about the case on your own;

Fifth, if you need to communicate with me simply give a signed note to Ms. Garcia, our Courtroom Deputy Clerk, or to our Court Reporter or to me.; and

Sixth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

## **OUTLINE OF TRIAL**

I have ordered the parties to schedule any meeting with me at times other than those reserved for trial. Sometimes it might be necessary to meet during the times reserved for trial, but if so, I will be doing my best to ensure that the purpose of the meeting is to advance the goal of prompt and efficient proceedings.

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

Dated: August 18, 2009

JAMES WARE
United States District Judge

8

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Annie S Wang annie@coombspc.com
Brian S. Edwards bse@gauntlettlaw.com
David A. Gauntlett info@gauntlettlaw.com
J. Andrew Coombs andy@coombspc.com
James A. Lowe info@gauntlettlaw.com

**Dated: August 18, 2009**                                **Richard W. Wieking, Clerk**

                                                          **By:     /s/ JW Chambers**
                                                             **Elizabeth Garcia**
                                                             **Courtroom Deputy**