**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
jal@gauntlettlaw.com
bse@gauntlettlaw.com
cl@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., <br><br> Plaintiff, <br><br> vs. <br><br> AKANOC SOLUTIONS, INC., et al., <br><br> Defendants. | Case No.: C 07-3952 JW (HRL) <br><br> **DEFENDANTS' MEMORANDUM OF LAW ON ISSUES RELATED TO STATUTORY DAMAGES** |

165851.1-10562-002-8/25/2009

**DEFENDANTS' MEMORANDUM OF LAW ON ISSUES RELATED TO STATUTORY DAMAGES – C 07-3952 JW**

## I. JURY DECIDES AMOUNT OF STATUTORY DAMAGES AWARD

A party that elects to receive statutory damages can recover an award between $750 and $30,000 for each copyrighted work infringed. If the infringement is willful the award can be increased up to $150,000. But if the infringer was unaware and had no reason to believe that its acts constituted copyright infringement, the award of statutory damages can be reduced to a sum of not less than $200. 17 U.S.C. § 504(c)(1)  The Lanham Act is similar, allowing an award of statutory damages from $500 to $100,000 in the jury's discretion. If the infringement is willful the amount of the award can, in the jury's discretion, be increased up to $1 million.[1]  15 U.S.C. §1117(c)

The jury decides the amount of statutory damages. "The Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself." *Feltner v. Columbia Pictures Television, Inc.,* 523 U.S. 340, 353 (1998) When a trademark owner elects to receive statutory damages the defendant has a right to a jury determination of the amount of statutory damages. *Bar-Meir v. N. Am. Die Casting Ass'n*, 55 Fed. Appx. 389, 390-91 (8th Cir.2003) [citing *Feltner* 523 U.S. at 353-354]

## II. LIMITS ON STATUTORY DAMAGES AWARDS APPLY IN THIS CASE

### A. The Jury Can Consider Vuitton's Lost Revenues, If Any, In Determining Amount of Statutory Damages Award

Statutory damages further "compensatory and punitive purposes," and help "sanction and vindicate the statutory policy of discouraging infringement." *L.A. News Serv. v. Reuters Television Int'l,* 149 F.3d 987, 996 (9th Cir.1998) "If statutory damages are elected, [t]he [jury] has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Peer Int'l Corp. v. Pausa Records, Inc.,* 909 F.2d 1332, 1336 (9th Cir.1990); *Nintendo of Am., Inc. v. Dragon Pac. Int'l,* 40 F.3d 1007, 1010 (9th Cir.1994). In determining the amount of a statutory damages award, the jury is guided by "'**what is just in the**

---

[1] See *Adobe Systems, Inc. v. Taveira,* 2009 WL 506861, *5, fn. 3 (N.D.Cal. Feb. 27, 2009) ("Effective October 13, 2008, Congress raised the range for statutory damages under the Lanham Act to $1,000.00-$200,000.00 and provided for damages of up to two million dollars per violation for willful infringement [up from $1 million ceiling]. **[But if the] infringement occur[s] before October 18, 2008, the effective date of these amendments, the Court applies the *prior* version of section 1117**.").

1 **particular case,** considering the nature of the copyright, the circumstances of the infringement and the like…" *Dream Games of Arizona, Inc. v. PC Onsite,* 561 F.3d 983, 992 (9th Cir. 2009) (quoting *F.W. Woolworth Co. v. Contemporary Arts, Inc.,* 344 U.S. 228, 232, 73 S.Ct. 222, 97 L.Ed. 276 (1952)).)[2]

Whether Vuitton suffered actual damages is relevant in determining statutory damages in this case. Factors the jury can consider in calculating an award of statutory damages include "the expenses saved and profits reaped by the defendants in connection with the infringements, **the revenues lost by the plaintiffs as a result of the defendant's conduct**, and the infringers' state of mind." *Los Angeles News Service v. Reuters Television Intern., Ltd.,* 942 F.Supp. 1275, 1282 (C.D.Cal.1996) (quoting MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 14.04[B][1][a] at 14-50 (1995)); See also *In re Mann,* --- B.R. ----, 2009 WL 2344768, *3 (C.D.Cal.2009) (same)  This type of evidence is admissible because it goes directly to "what is just in the particular case" and therefore can be considered by the jury in this case.

### B. Lack of Actual Damages is Basis For Limiting *Amount* of Statutory Damages Award

Defendants should be allowed to elicit evidence from Vuitton's witnesses to show that nobody profited from any alleged infringement and Vuitton suffered no actual damages.  This evidence is relevant to whether Vuitton is seeking a windfall statutory damages award, and is therefore relevant to the jury's determination of the **amount** of any such award.

**First**, as set forth above, applicable authority is clear that the jury can consider not only the direct infringer's profits but also "**the revenues lost by the plaintiffs** as a result of the defendant's conduct." *Reuters,* 942 F.Supp. at 1282;  *In re Mann* 2009 WL 2344768 at *3 (same)

**Second**, numerous cases have found a direct link between both of these types of evidence and the amount of statutory damages awarded. In *Adobe Systems, Inc. v. Cain,* 2008 WL 5000194, *5 (N.D. Cal. Nov. 21, 2008), the court awarded only the statutory minimum after Adobe failed to

---

[2] These same factors apply to a statutory award under the Lanham Act.  The Lanham Act "does not provide guidelines for courts to use in determining an appropriate award. To calculate statutory damages for trademark infringement, courts have used the factors generally employed for determining statutory damages under [the Copyright Act]." *In re Mann,* 2009 WL 2344768 at *4.

prove the direct infringer had profited or, by implication, that Adobe had been harmed:

> [Adobe] no where explains how the statutory damages requested in the amount of $50,000 per trademark infringed bears a plausible relationship to Cain's profits from infringement. … Statutory damages are intended to serve as a deterrent, but that does not justify such a windfall. **Adobe has presented no evidence of how much Cain profited from his infringing activity or why $50,000 is an appropriate award other than it being more reasonable than a million dollars and that it works as a deterrent**. The court agrees with the approach taken in *Microsoft* and holds that Adobe is entitled to $1,000 per trademark infringed, for a total of $5,000.

The *Cain* court relied on another recent Northern District of California case, *Microsoft Corp. v. Ricketts*, 2007 WL 1520965, *4 (N.D. Cal. May 24, 2007) In that case Microsoft requested a maximum enhanced statutory damages award ($150,000 per copyrighted work and $1,000,000 per trademark infringed). The court awarded the statutory *minimum* for willful infringements instead:

> "Here, plaintiff has presented no estimate of **how much defendant profited from her infringing activity**. Accordingly, the Court thinks it just to award statutory damages in the amount of $1500 per copyright infringed and $1000 per trademark infringed, for a total of $12,500. This is **twice the minimum under each statute** to reflect the finding of willfulness." (emphasis added) [3]

Although these cases discussed the issue in terms of an infringer's lack of profits, there is no basis for limiting inquiry to that particular type of evidence. Doing so would be inconsistent with *Reuters* and *In re Mann*, Central District cases that specifically allow a jury to consider this evidence in determining statutory damages." *Reuters,* 942 F.Supp. at 1282; *In re Mann* 2009 WL 2344768 at *3. It would also be inconsistent with numerous case authority that holds that assessed statutory damages should bear some relation to actual damages suffered. See *Rolex Watch U.S.A., Inc. v. Zeotec Diamonds, Inc.*, 2003 WL 23705746, *4 (C.D.Cal.2003) ("[S]tatutory damages are intended to bear some relation to **actual damages**."); *Photo Resource Hawai'i, Inc. v. American Hawai'i Travel Inc.*, 2007 WL 4373549, *3 (D.Hawai'i 2007) ("Statutory damages should bear some relation

---

[3] Other cases have similarly limited statutory damages where evidence of the direct infringer's profits (and therefore the plaintiff's actual damages) are lacking. See e.g. *Adobe Systems, Inc. v. Brooks,* 2009 WL 593343, *3-4 (N.D. Cal. March 5, 2009) (Adobe's request for $250,000 in statutory damages reduced to $50,000 because "Adobe has identified only one unit of counterfeit software Brooks sold and does not identify how $250,000 in statutory [fees] bears a plausible relationship to Brooks' profits from infringement.");

to the plaintiff's **actual damages**, but they will not correspond exactly because of the difficulty in proving actual damages."); *RSO Records, Inc. v. Peri*, 596 F.Supp. 849, 862 (S.D.N.Y.1984) (holding that "[u]ndoutebdly assessed statutory damages should bear some relation to **actual damages** suffered.");

The purpose of limiting statutory damages in this manner is to keep a plaintiff from receiving a windfall recovery. *Warner Brothers, Inc. v. Dae Rim Trading, Inc.,* 677 F.Supp. 740, 769 (S.D.N.Y.1988) (stating that "this option [statutory damages] is not intended to provide the plaintiff with a windfall recovery."). A plaintiff who does *not* suffer actual damages from the infringement but receives a maximum statutory damages award (like the award Vuitton is seeking) receives a windfall regardless of whether the direct infringer profited. The two issues are independent from each other. A direct infringer's lack of profits from the infringement *and* a plaintiff's lack of actual damages both create the possibility of a windfall recovery. Because of this, both issues are relevant to the jury's determination of the amount of statutory damages, and both issues can be inquired into on cross-examination in this case.

### C. Vuitton Cannot Recover Separate Statutory Damages Awards Under Both the Lanham Act and Copyright Act

The Ninth Circuit has held that recovery of the same type of damages under the Copyright Act and Lanham Act is prohibited. In *Nintendo of America, Inc. v. Dragon Pacific Int'l*, 40 F.3d 1007 (9th Cir. 1994) upheld an award of statutory damages under the Copyright Act and actual damages under the Lanham Act. The award was allowable only because "Nintendo did not recover the same type of damages under both acts." *Id.* at 1011 The court noted that statutory damages and actual damages could be awarded separately because they serve different purposes:

> **Actual damages** consist of elements such as the profits lost by the copyright holder, the profits made by the infringer or the diminution in value of the copyright. Such damages are designed to compensate the plaintiff and to prevent the defendant's unjust enrichment. … **Statutory damages**, on the other hand, may have different purposes. For instance, statutory damages may be appropriate when lost profits would be an inadequate measure.

Critically, the Court distinguished *Manufacturers' Technologies, Inc. v. Cams, Inc.,* 728 F.Supp. 75 (D.Conn.1989) where the plaintiff sought the same damages under both acts - actual damages under the Copyright Act and a species of actual damages - lost profits - under the Lanham Act:

> This case [*Manufacturers' Technologies*] is distinguishable on the grounds that the plaintiff sought the same type of damages under both acts. By contrast, here Nintendo recovered statutory damages under the Copyright Act [and actual damages under the Lanham Act]. *Nintendo of America, Inc.* 40 F.3d at 1011, fn. 1

### D. Vuitton is Limited to One Statutory Damage Award Per Work Infringed

Whether Vuitton's Intellectual Properties are infringed at one website or at one hundred websites, Vuitton will still only be entitled to a single statutory award. This is because the number of statutory damage awards available under the Copyright Act or the Lanham Act is determined by the number of copyrights and trademarks infringed, regardless of the number of infringements:

> Under this section [504(c)(1) of the Copyright Act], the total number of "awards" of statutory damages (each ranging from $5,000 to $20,000) that a plaintiff may recover in any given action depends on the number of [copyrighted] works that are infringed and the number of individual liable infringers, **regardless of the number of infringements of those works**." *Mason v. Montgomery Data, Inc.,* 967 F.2d 135, 143-144 (5th Cir. 1992) (emphasis added) [4]

The Lanham Act similarly limits the minimum and maximum statutory damages award "**per counterfeit mark** per type of goods or services sold, offered for sale, or distributed as the court considers just." 15 U.S.C.A. § 1117(c) This means that "the statutory award cannot be multiplied by the number of counterfeit items sold or offered for sale." *McCarthy on Trademarks and Unfair Competition, Fourth Edition, Ch. 30 Remedies for Infringement and Unfair Competition (March 2009).*

The **amount** of statutory damages for each copyright or trademark infringed is affected by whether the infringement is willful, **not the number of times a particular copyright or trademark**

---

[4] See McCarthy on Trademarks and Unfair Competition, Fourth Edition, Ch. 30 Remedies for Infringement and Unfair Competition (March 2009) ("Under the Copyright Act, one does not multiply the minimum and maximum limits by the number of infringing copies. For infringement of a single copyrighted work by a single infringer, the statutory ceiling and floor dollar limits apply, no matter how many acts of infringement are involved in the lawsuit, and regardless of whether the acts

1 **is infringed**. A party can recover statutory damages between $750 and $30,000 for each copyrighted work infringed. If the infringement is willful the award can be increased up to $150,000. But if the infringer was unaware and had no reason to believe that its acts constituted copyright infringement, the award of statutory damages can be reduced to a sum of not less than $200. 17 U.S.C. § 504(c)(1) The Lanham Act is similar, allowing an award of statutory damages from $500 to $100,000. If the infringement is willful the amount of the award can be increased up to $1 million.[5] 15 U.S.C. §1117(c) There are no provisions under either Act that allow the trier of fact to increase the amount of a statutory award if a particular copyright or trademark is infringed multiple times (for example, at multiple websites).

Dated: August 25, 2009

**GAUNTLETT & ASSOCIATES**

By: /s/James A. Lowe
David A. Gauntlett
James A. Lowe
Brian S. Edwards
Christopher Lai

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.,
and Steve Chen

---

were separate, isolated, or occurred in a related series.")
[5] See *Adobe Systems, Inc. v. Taveira,* 2009 WL 506861, *5, fn. 3 (N.D.Cal. Feb. 27, 2009) ("Effective October 13, 2008, Congress raised the range for statutory damages under the Lanham Act to $1,000.00-$200,000.00 and provided for damages of up to two million dollars per violation for willful infringement [up from $1 million ceiling]. **[But if the] infringement occur[s] before October 18, 2008, the effective date of these amendments, the Court applies the *prior* version of section 1117**.").

165851.1-10562-002-8/25/2009       7       **DEFENDANTS' MEMORANDUM OF LAW ON ISSUES RELATED TO STATUTORY DAMAGES – C 07-3952 JW**