**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Brian S. Edwards (SBN 166258)
Christopher Lai (SBN 249425)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:   (949) 553-1010
Facsimile:   (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com
bse@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., | Case No.: C 07-3952 JW (HRL) |
| Plaintiff, | |
| vs. | **SUPPLEMENTAL JURY INSTRUCTION NO. 29** |
| AKANOC SOLUTIONS, INC., MANAGED SOLUTIONS GROUP, INC., STEVEN CHEN AND DOES 1 THROUGH 10, INCLUSIVE, | |
| Defendants. | |

**JURY INSTRUCTION No. \_\_\_\_**

DAMAGES – CONTRIBUTORY COPYRIGHT INFRINGEMENT
AND CONTRIBUTORY TRADEMARK INFRINGEMENT -
AWARD OF STATUTORY DAMAGES

*Copyright Act.* If you find that a defendant contributorily infringed either the *Multicolor Monogram Black Print* copyrighted work and/or the *Multicolor Monogram White Print* copyrighted work, you must determine the amount of statutory damages the Plaintiff can recover against that particular defendant.

The Copyright Act permits recovery of one award of statutory damages for each copyrighted work contributorily infringed by defendants, regardless of how many times that copyrighted work was infringed. Even if you find that a particular copyrighted work was infringed multiple times at multiple websites, Vuitton can recover only a single statutory damages award.

If the same products violated Vuitton's copyrighted work and one or more of its trademarks, Vuitton is not entitled to receive a separate statutory damages award under the Lanham Act for the same infringement.

If you find the contributory infringement was not willful, you must award damages between $750 and $30,000 per copyrighted work. If the infringement is willful the award can be increased up to $150,000 per copyrighted work. But if the defendant did contributorily infringe a copyright but was unaware and had no reason to believe that its acts constituted copyright infringement, the award of statutory damages can be reduced to a sum of not less than $200 per copyrighted work.

"Willfulness" under the Copyright Act requires proof that (1) the defendant was actually aware of the infringing activity, or (2) the defendant's actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights.

In determining the amount of a statutory damages award, the amount of statutory damages awarded should not be disproportionate to the actual damages Louis Vuitton suffered, if any, as a result of the infringement. You should be guided by what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like. Factors you can

consider in calculating an award of statutory damages include the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by Louis Vuitton as a result of the defendant's conduct, and the defendants' state of mind.

***Lanham Act.*** If you find that a defendant contributorily infringed a trademark, you must determine if the plaintiff can recover statutory damages against that defendant and, if so, the amount of statutory damages recoverable.

To recover statutory damages, the plaintiff must prove that the buying public was either actually deceived or actually confused as to the source of goods bearing each counterfeit trademark.

The law permits recovery of only one award of statutory damages for each trademark infringed for each type of goods or services sold. This means that the statutory award cannot be multiplied by the number of counterfeit items that were sold or offered for sale.

If the same products that violated Vuitton's trademark(s) also violated Vuitton's copyrighted works, Vuitton is not entitled to receive a separate statutory damages award under the Copyright Act for the same infringement.

If you find that a defendant contributorily infringed but that defendant's infringement of a particular trademark was not willful, you must award damages between $1,000 and $200,000 per trademark. If you find the infringement of that mark was willful, you can award up to $1,000,000 per trademark infringed. "Willfulness" under the law requires proof that a defendant acted voluntarily and intentionally and with the specific intent to commit such an act of infringement.

In determining the amount of a statutory damages award, the amount of statutory damages awarded should not be disproportionate to the actual damages Louis Vuitton suffered, if any, as a result of the infringement. You should be guided by what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like. Factors you can consider in calculating an award of statutory damages include the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by Louis Vuitton as a result of the defendant's conduct, and the defendants' state of mind.

1  17 U.S.C. 504(c)(1) and (2) provide:

2  (c) Statutory Damages.--

3  (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of **not less than $750 or more than $30,000 as the court considers just**. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

(2) **In a case where the** copyright owner sustains the burden of proving, and the court finds, that **infringement was committed willfully**, **the court** in its discretion **may increase** the award of statutory damages to a sum of **not more than $150,000**. **In a case where** the infringer sustains the burden of proving, and the court finds, that **such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200**.

*Island Software and Computer Service, Inc. v. Microsoft Corp.,* 413 F.3d 257, 262-263 (2d Cir. 2005) ("Once an act of infringement under the Copyright Act has been proven, a plaintiff may, in lieu of an award of actual damages and profits, request that statutory damages under 17 U.S.C. § 504(c) be awarded. If a plaintiff so elects, the district court will grant anywhere between $750 and *263 $30,000 for each copyright infringed. See 17 U.S.C. § 504(c)(1). If the defendant's infringement was willful, however, the district court may also, in its discretion, enhance the statutory damages award to as much as $150,000 per infringed work. 17 U.S.C. § 504(c)(2).")

*Mason v. Montgomery Data, Inc.,* 967 F.2d 135, 143-144 (5th Cir. 1992) (emphasis added) ("Under this section [504(c)(1) of the Copyright Act], the total number of "awards" of statutory damages (each ranging from $5,000 to $20,000) that a plaintiff may recover in any given action depends on the number of [copyrighted] works that are infringed and the number of individual liable infringers, regardless of the number of infringements of those works.")

McCarthy on Trademarks and Unfair Competition, Fourth Edition, Ch. 30 Remedies for Infringement and Unfair Competition (March 2009) ("Under the Copyright Act, one does not multiply the minimum and maximum limits by the number of infringing copies. For infringement of a single copyrighted work by a single infringer, the statutory ceiling and floor dollar limits apply, no matter how many acts of infringement are involved in the lawsuit, and regardless of whether the acts were separate, isolated, or occurred in a related series.")

*Nintendo of America, Inc. v. Dragon Pacific Int'l,* 40 F.3d 1007, 1011 (9th Cir. 1994) (Upholding damages award under Lanham Act and Copyright Act because "Nintendo did not recover the same type of damages under both acts.")

*Nintendo of America, Inc. v. Dragon Pacific Int'l,* 40 F.3d 1007, 1011 (9th Cir. 1994) ("This case [*Manufacturers' Technologies*] is distinguishable on the grounds that the plaintiff sought the same type of damages under both acts. By contrast, here Nintendo recovered statutory damages under the

Copyright Act [and actual damages under the Lanham Act].")

*Yurman Studio, Inc. v. Castaneda,* Slip Copy, 2008 WL 4949775, *2 (S.D.N.Y. 2008) ("At the end of the day, statutory damages should bear some relation to actual damages suffered.")

*New Line Cinema Corp. v. Russ Berrie & Co.,* 161 F.Supp.2d 293, 303 (S.D.N.Y.2001) ("[S]tatutory damages should be commensurate with the actual damages incurred and, thus, the proper departure point is [defendant's] stipulated gross revenue.")

*Gucci Am., Inc. v. Duty Free Apparel, Ltd.,* 315 F.Supp.2d 511, 520 (S.D.N.Y. 2004) ("To the extent possible, statutory damages should be woven out of the same bolt of cloth as actual damages.")

*Island Software and Computer Service, Inc. v. Microsoft Corp.,* 413 F.3d 257, 262-263 (2d Cir. 2005) ("To prove "willfulness" under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights. [citations omitted] Willfulness in this context means that the defendant recklessly disregarded the possibility that its conduct represented infringement.") (citation and internal quotation marks omitted.").

*Dream Games of Arizona, Inc. v. PC Onsite,* 561 F.3d 983, 992 (9th Cir. 2009) (quoting *F.W. Woolworth Co. v. Contemporary Arts, Inc.,* 344 U.S. 228, 232, 73 S.Ct. 222, 97 L.Ed. 276 (1952)).) (In determining the amount of a statutory damages award, the jury is guided by "'what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like…'")

*Los Angeles News Service v. Reuters Television Intern., Ltd.,* 942 F.Supp. 1275, 1282 (C.D.Cal.1996) (Factors the jury can consider in calculating an award of statutory damages include "the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendant's conduct, and the infringers' state of mind.") (quoting MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 14.04[B][1][a] at 14-50 (1995)); See also *In re Mann,* --- B.R. ----, 2009 WL 2344768, *3 (C.D.Cal.2009) (same)

15 U.S.C.A. § 1117(c) provides:

(c) Statutory damages for use of counterfeit marks

In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of--

(1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or

(2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just."

McCarthy on Trademarks and Unfair Competition, Fourth Edition, Ch. 30:95 Remedies for Infringement and Unfair Competition (March 2009) ("The counterfeiting statutory damage provision limits the statutory minimum and maximum "per counterfeit mark per type of goods or services sold or offered for sale." This probably means the statutory award cannot be multiplied by the number of counterfeit items sold or offered for sale.")

*Audi AG v. D'Amato,* 469 F.3d 534, 542 (6th Cir. 2006) ("[A]lthough proof that the buying public was actually deceived is necessary to recover *statutory damages* under the Lanham Act, only a "likelihood of confusion" must be shown in order to obtain *equitable relief*, which is at issue in this appeal." [citing *Frisch's Restaurants v. Elby's Big Boy,* 670 F.2d 642, 647 (6th Cir. 1982)] ) (italics in original); *Volkswagen AG v. Dorling Kindersley Pub., Inc.* --- F.Supp.2d ----, 2009 WL 909573, *4 (E.D.Mich.2009) ("A plaintiff must demonstrate a likelihood of confusion to obtain equitable relief; a plaintiff must demonstrate actual confusion to recover statutory damages."); *Trenton Corp. v. Superior Corrosion Control, Inc.*, 2007 WL 268792, *3 (E.D.Mich.2007) ("Although proof that the buying public was actually deceived is necessary to recovery statutory damages under the Lanham Act, only a likelihood of confusion must be shown in order to obtain equitable relief.")

*Nintendo of America, Inc. v. Dragon Pacific Int'l,* 40 F.3d 1007, 1011 (9th Cir. 1994) (Upholding damages award under Lanham Act and Copyright Act because "Nintendo did not recover the same type of damages under both acts.")

*Nintendo of America, Inc. v. Dragon Pacific Int'l,* 40 F.3d 1007, 1011 (9th Cir. 1994) ("This case [*Manufacturers' Technologies*] is distinguishable on the grounds that the plaintiff sought the same type of damages under both acts.  By contrast, here Nintendo recovered statutory damages under the Copyright Act [and actual damages under the Lanham Act].")

*Adobe Systems, Inc. v. Taveira,* 2009 WL 506861, *5, fn. 3 (N.D.Cal. Feb. 27, 2009) ("Effective October 13, 2008, Congress raised the range for statutory damages under the Lanham Act to $1,000.00-$200,000.00 and provided for damages of up to two million dollars per violation for

1  willful infringement [up from $1 million ceiling]. **[But if the] infringement occur[s] before October 18, 2008, the effective date of these amendments, the Court applies the *prior* version of section 1117**.").

*Dream Games of Arizona, Inc. v. PC Onsite,* 561 F.3d 983, 992 (9th Cir. 2009) (quoting *F.W. Woolworth Co. v. Contemporary Arts, Inc.,* 344 U.S. 228, 232, 73 S.Ct. 222, 97 L.Ed. 276 (1952)).) (In determining the amount of a statutory damages award, the jury is guided by "'what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like…'"

*Los Angeles News Service v. Reuters Television Intern., Ltd.,* 942 F.Supp. 1275, 1282 (C.D.Cal.1996) (Factors the jury can consider in calculating an award of statutory damages include "the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendant's conduct, and the infringers' state of mind.") (quoting MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 14.04[B][1][a] at 14-50 (1995)); See also *In re Mann,* --- B.R. ----, 2009 WL 2344768, *3 (C.D.Cal.2009) (same)

*In re Mann,* 2009 WL 2344768 at *4 (The Lanham Act "does not provide guidelines for courts to use in determining an appropriate award. To calculate statutory damages for trademark infringement, courts have used the factors generally employed for determining statutory damages under [the Copyright Act].")