United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Louis Vuitton Malletier, S.A., | NO. C 07-03952 JW |
| Plaintiff, | **VERDICT** |
| v. | |
| Akanoc Solutions, Inc., et al., | |
| Defendants. | |

WE THE JURY IN THE ABOVE-ENTITLED

CASE UNANIMOUSLY FIND AS FOLLOWS:

**CLAIM ONE**

**CONTRIBUTORY TRADEMARK INFRINGEMENT**

QUESTION NO. 1

As to the following Defendants, did Plaintiff Louis Vuitton Malletier, S.A. prove by a preponderance of evidence that the following Defendant or Defendants sold services to some other persons or companies or acted on behalf of a company that sold services to some other persons or companies?

ANSWER:

    A.     Akanoc Solutions, Inc. *[Circle one:]*      **Yes**      **No**

    B.     Managed Solutions Group, Inc. *[Circle one:]*      **Yes**      **No**

    C.     Steven Chen *[Circle one:]*      **Yes**      **No**

*[If your answer to Question No. 1 is "Yes," as to any Defendant, proceed to Question No. 2. If your answer to Question No. 1 is "No," as to any Defendant ignore that Defendant in Questions 2 - 7. If your answer is "No" as to all Defendants proceed to Question No. 8.]*

QUESTION NO. 2

Did Plaintiff Louis Vuitton Malletier, S.A. prove by a preponderance of evidence that, using services provided by Defendants, one or more of Defendants' customers or a successor-in-interest to Defendants' customers directly infringed a trademark of Plaintiff, by proving that the customer knowingly and intentionally used a mark in connection with the offering for sale, sale or distribution of goods in the United States or in a way that would substantially affect commerce in the United States; and that the mark was counterfeit; and that the use was likely to confuse or deceive?

ANSWER:

**Yes**      **No**

*[If your answer to Question No. 2 is "Yes," proceed to Question No. 3. If your answer to Question No. 2 is "No," proceed to Question No. 8.]*

*[The Charts below identifies each Trademark.]*

2

| Trademark | Registration Number | Trademark Picture | Class of Goods |
|---|---|---|---|
| Louis Vuitton (Interlocked Letters) Design | 2,291,907 | *LV logo* | 34 |
| LOUIS VUITTON | 2,303,212 | LOUIS VUITTON | 34 |
| Louis Vuitton (Interlocked Letters) Design | 2,361,695 | *LV logo* | 25 |
| LOUIS VUITTON PARIS and Damier (pattern design) | 2,378,388 | *Damier pattern* | 18 |

| TRADEMARK | REGISTRATION NUMBER | TRADEMARK PICTURE | CLASS OF GOODS |
|---|---|---|---|
| Louis Vuitton (Interlocked Letters) on Epi Leather Design | 1,655,564 | | 18 |
| Louis Vuitton (Interlocked Letters) and Monogram Canvas Pattern Design | 1,770,131 | | 25 |
| Louis Vuitton (Interlocked Letters) Design | 1,794,905 | | 16, 25 |
| Louis Vuitton (Interlocked Letters) and Monogram Canvas Design | 1,875,198 | | 16 |
| Louis Vuitton (Interlocked Letters) | 1,938,808 | | 14, 24 |
| LOUIS VUITTON World Mark | 1,990,760 | LOUIS VUITTON | 16, 18, 24, 25 |

*[Using the last three digits of the Registration Number of the trademarks listed in the chart, answer the following question.]*

QUESTION NO. 3

Did Plaintiff Louis Vuitton Malletier, S.A. prove by a preponderance of evidence that the following trademarks were directly infringed by one or more of Defendants' customers?

| Mark | Yes | No |
|---|---|---|
| '345 | **Yes** | No |
| '594 | **Yes** | No |
| '932 | **Yes** | No |
| '828 | **Yes** | No |
| '681 | **Yes** | No |
| '907 | **Yes** | No |
| '212 | **Yes** | No |
| '695 | **Yes** | No |
| '388 | **Yes** | No |
| '564 | **Yes** | No |
| '131 | **Yes** | No |
| '905 | **Yes** | No |
| '198 | **Yes** | No |
| '808 | **Yes** | No |
| '760 | **Yes** | No |

*[If you answered "Yes" to any of the marks proceed to Question 4. If you answered "No" to all of the marks proceed to Question No. 8.]*

QUESTION NO. 4

Did Plaintiff Louis Vuitton Malletier, S.A. prove by a preponderance of evidence that the following Defendant or Defendants knew or should have known that: one or more of Defendants' customers or successors-in-interest to those customers were using services sold by Defendants to infringe or to facilitate others to directly infringe the trademark or trademarks of Plaintiff in the United States; and that Defendants had reasonable means to withdraw its services so that their services could not be used to directly infringe but Defendants continued to provide its services to the customers?

ANSWER:

| | | | | |
|---|---|---|---|---|
| A. | Akanoc Solutions, Inc. *[Circle one:]* | | **Yes** | **No** |
| B. | Managed Solutions Group, Inc. *[Circle one:]* | | **Yes** | **No** |
| C. | Steven Chen *[Circle one:]* | | **Yes** | **No** |

*[If you answered "Yes" to Questions 4, proceed to the next question. If your answered "No" to Question No. 4 proceed to Question No. 8.]*

QUESTION NO. 5

Did Plaintiff Louis Vuitton Malletier, S.A. prove by a preponderance of evidence that Plaintiff was damaged by the contributory infringement of Defendants of the identified trademark or trademarks?

ANSWER:

**Yes** **No**

*[If you answered "Yes" to Question 5, proceed to Question 6. If you answered "No" to Question No. 5 proceed to Question No. 8.]*

QUESTION NO.6

Did Plaintiff Louis Vuitton Malletier, S.A. prove that in contributing to direct trademark infringement the following Defendant or Defendants acted willfully?

ANSWER:

| | | | |
|---|---|---|---|
| A. | Akanoc Solutions, Inc. *[Circle one:]* | **Yes** | **No** |
| B. | Managed Solutions Group, Inc. *[Circle one:]* | **Yes** | **No** |
| C. | Steven Chen *[Circle one:]* | **Yes** | **No** |

*[Proceed to the next Question.]*

**DAMAGES CONTRIBUTORY TRADEMARK INFRINGEMENT**

QUESTION NO.7

What amount, if any, do you award to Plaintiff Louis Vuitton Malletier, S.A. for statutory damages for contributory trademark infringement?

[If your answer to Question No.6 is "No, to that Defendant or Defendants you may award not less than $1,000 or more than $200,000 per counterfeit mark per class of goods or services sold, offered for sale, or distributed, in the United States. If your answer to Question No. 6 is "Yes," as to that Defendant or Defendants you may award not more than $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed in the United States.

ANSWER:

    A.    Akanoc Solutions, Inc.    $_____

    B.    Managed Solutions Group, Inc. $_____

    C.    Steven Chen    $_____

    Total Amount:    $ _____

*[Proceed to the next question.]*

## CLAIM TWO
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

QUESTION NO. 8

    As to the following Defendants, did Plaintiff Louis Vuitton Malletier, S.A. prove by a preponderance of evidence that one or more of the Defendants' customers or a successor-in-interest to Defendants' customers used the services provided by Defendants to directly infringe a copyright of Plaintiff in the United States?

ANSWER:

    A.    Akanoc Solutions, Inc. *[Circle one:]*    **Yes**    **No**

    B.    Managed Solutions Group, Inc. *[Circle one:]*    **Yes**    **No**

    C.    Steven Chen *[Circle one:]*    **Yes**    **No**

*[If you answered "Yes" Question 8 proceed to the next Question. If you answered "No" have your presiding juror date and sign this verdict form and send out a note that you have reached a verdict.]*

*[The Charts below identifies each copyright.]*

| Copyright | Registration No. | Date Published | Date Registered |
|---|---|---|---|
| Multicolor Monogram Black Print – Exhibit 450 | VA 1-250-121 | 12/18/02 | 6/24/04 |
| Mutlicolor Monogram White Print – Exhibit 449 | VA 1-250-120 | 12/18/02 | 6/24/04 |

*[Using the last three digits of the Registration Number of the listed in the chart copyrights, answer the following question.]*

QUESTION NO. 9

Did Plaintiff Louis Vuitton Malletier, S.A. prove by a preponderance of evidence the following copyrights were directly infringed by one or more of Defendants' customers that you identified in your answer to Question No. 8?

'121    **Yes**        **No**

'120    **Yes**        **No**

*[Proceed to the next question.]*

QUESTION NO. 10

Did Plaintiff Louis Vuitton Malletier, S.A. prove by a preponderance of evidence that the following Defendant or Defendants knew or should have known that one or more of Defendants' customers or successors in interest of those customers were using services sold by Defendants to infringe or to facilitate others to directly infringe the copyright or copyrights of Plaintiff in the United States and that Defendants had reasonable means to withdraw its services so that they could not be used to directly infringe but continued to provide its services?

9

ANSWER:

|   | | | | |
|---|---|---|---|---|
| A. | Akanoc Solutions, Inc. *[Circle one:]* | | **Yes** | **No** |
| B. | Managed Solutions Group, Inc. *[Circle one:]* | | **Yes** | **No** |
| C. | Steven Chen *[Circle one:]* | | **Yes** | **No** |

*[If you answered "Yes" as to any Defendant, proceed to Question 11. If you answered "No" as to all Defendants, have your presiding juror date and sign this verdict form and send out a note that you have reached a verdict.]*

QUESTION NO. 11

Did Plaintiff Louis Vuitton Malletier, S.A. prove by a preponderance of evidence that Plaintiff was damaged by the contributory infringement of the Defendants of a copyright or copyrights?

ANSWER:

**Yes**          **No**

*[If you answered "Yes," proceed to Question 12. If you answered "No," have your presiding juror date and sign this verdict form and send out a note that you have reached a verdict.]*

QUESTION NO. 12

Did Defendants prove by a preponderance of evidence that they are service provides who acted in a manner that entitles Defendants to the "safe harbor" provisions of the Digital Millennium Copyright Act?

ANSWER:

|     |                                                  |        |        |
|-----|--------------------------------------------------|--------|--------|
| A.  | Akanoc Solutions, Inc. *[Circle one:]*           | **Yes** | **No** |
| B.  | Managed Solutions Group, Inc. *[Circle one:]*    | **Yes** | **No** |
| C.  | Steven Chen *[Circle one:]*                      | **Yes** | **No** |

*[If you answered "No" as to any Defendant, proceed to Question 13. If you answered "Yes," as to all Defendants, have your presiding juror date and sign this verdict form and send out a note that you have reached a verdict.]*

QUESTION NO. 13

Did Plaintiff Louis Vuitton Malletier, S.A. prove that in contributing to direct copyright infringement Defendants acted willfully?

ANSWER:

|     |                                                  |        |        |
|-----|--------------------------------------------------|--------|--------|
| A.  | Akanoc Solutions, Inc. *[Circle one:]*           | **Yes** | **No** |
| B.  | Managed Solutions Group, Inc. *[Circle one:]*    | **Yes** | **No** |
| C.  | Steven Chen *[Circle one:]*                      | **Yes** | **No** |

*[Proceed to the next Question.]*

**DAMAGES CONTRIBUTORY COPYRIGHT INFRINGEMENT**

QUESTION NO. 14

What amount, if any, do you award to Plaintiff Louis Vuitton Malletier, S.A. for statutory damages for contributory copyright infringement?

[If your answer to Question No. 13 is "No, you may award not less than $750 nor more than $30,000 per copyright infringed, the direct infringement of which you found Defendants contributed in the United States. If your answer to Question No. 13 is "Yes," you may award as much as $150,000 for each work

11

wilfully infringed.  If you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.**]**

ANSWER:

    A.    Akanoc Solutions, Inc.    $_____

    B.    Managed Solutions Group, Inc. $_____

    C.    Steven Chen    $_____

    Total Amount:    $ _____

*[Have your presiding juror date and sign this verdict form and send out a note that you have reached a verdict.]*

DATED: _____    _____

    Signature of Presiding Juror

    _____

    Print Name of Presiding Juror


**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Annie S Wang annie@coombspc.com
Brian S. Edwards bse@gauntlettlaw.com
David A. Gauntlett info@gauntlettlaw.com
J. Andrew Coombs andy@coombspc.com
James A. Lowe info@gauntlettlaw.com

**Dated:**  Richard W. Wieking, Clerk

By: **/s/ JW Chambers**
**Elizabeth Garcia**
**Courtroom Deputy**

United States District Court
For the Northern District of California