**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
*info@gauntlettlaw.com*
James A. Lowe (SBN 214383)
*jal@gauntlettlaw.com*
Christopher Lai (SBN 249425)
*cl@gauntlettlaw.com*
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:   (949) 553-1010
Facsimile:    (949) 553-2050

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| Louis Vuitton Malletier, S.A., | Case No.: C 07 3952 JW |
| Plaintiff, | Hon. James Ware |
| v. | **DEFENDANTS' CASE MANAGEMENT STATEMENT** |
| Akanoc Solutions, Inc., et al. | |
| Defendants. | Date:   November 2, 2009<br>Time:   10:00 a.m.<br>Ctrm:   8, 4th Floor |

Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steve Chen ("Defendants") submit their Case Management Statement pursuant to the Court's Order Setting Post-Trial Case Management Conference.  Defendants originally submitted the items set forth in sections 1 and 4 below to Vuitton's counsel for inclusion in a joint statement, however, Vuitton's counsel refused to agree to include Defendants' issues in a joint statement.  Consequently, Defendants are now filing their own, separate case management statement in order to fully comply with the Court's order, which requested "**a description of all** other post-trial **issues** for which the parties request the Court's adjudication."

1. Injunctive Relief (Recommended Schedule)

Defendants believe that there are several issues that the Court must decide before granting any injunction. On August 7, 2009, Defendants filed their Objections to Vuitton's Proposed Injunction [Docket No. 191], arguing the following points:

- Vuitton has not met the requirements for the enforcement of a permanent injunction as set forth in Fed. R. Civ. P. 65(d) and (e).
- The proposed injunction violates the restrictions on injunctive relief against Internet Service Providers as set forth in the Digital Millennium Copyright Act ("DMCA").
- The proposed injunction wrongly imposes overbroad compliance obligations that would, for example, apply to any website in the future that Vuitton gives notice of, even if that website contains no infringing content.
- The proposed injunction is overly broad and places burdens on Defendants that are impossible to satisfy and would lead to automatic violation as long as the Defendants remain in business.
- The proposed injunction requires Defendants to publish trade secret and private information about end users m including information to which the Defendants have no ready access.
- The proposed injunction places burdens on Defendants that unreasonably exceed those of other Internet Service Providers in the industry.

The Defendants further contend that Vuitton cannot justify any injunction in this case because Vuitton has not satisfied the four-part test set forth in *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 126 S. Ct. 1837 (2006) by showing (1) irreparable harm, (2) that monetary damages are inadequate to compensate for injury, (3) a balance of hardships and (4) that the granting of the injunction favors the public interest.

As to the first factor, irreparable harm, Vuitton has never shown any evidence of actual damages in this case. Vuitton has not only failed to show irreparable harm, it has failed to show any harm at all.

As to the second factor, that monetary damages are inadequate to compensate for injury, Vuitton cannot possibly claim that the $32.4 million recent jury verdict is inadequate to compensate for injury, especially considering that they have never shown any evidence of any actual damages.

As to the third factor, a balance of hardships, there would be no balance of hardships at all; the hardships that any injunction would create would be placed entirely on the Defendants. These hardships placed on Defendants would include performing unauthorized monitoring of content of their servers (a criminal act) and policing the entire Internet for potential violations of Vuitton's copyrights and trademarks (an impossible and irrational demand), while relieving Vuitton from the obligation to police its marks and copyrights.

As to the fourth factor, the granting of any injunction would not favor the public interest. Instead, it would, in effect, force Defendants to shut down their business because they would be forced to comply with impossible or illegal burdens that no ISP could possibly satisfy. Meanwhile infringers can easily use other ISPs. Shutting down an ISP that provides Internet services to the public cannot possibly be in the public interest.

2. Pending Motions

Defendants have pending their two Rule 50(a) mid-trial motions, regarding contributory copyright and contributory trademark infringement, filed on August 20, 2009 [Docket Nos. 209, 210] and will supplement those motions as the Court has requested.

3. <u>Anticipated Post-Trial Motions</u>

Defendants intend to file the following post-trial motions before the Court enters judgment:

- Supplemental Brief to Rule 50(a) Regarding Contributory Copyright Infringement concerning the failure to prove direct copyright infringement occurring on Defendants' Internet servers or in the United States
- Supplemental Brief to Rule 50(a) Regarding Contributory Trademark Infringement concerning the failure to prove direct trademark infringement occurring in the United States

In the event that the Court enters judgment against them, Defendants expect to file post-trial motions within ten days of the entry of judgment:

- Rule 50(b) Motion Regarding Contributory Copyright Infringement
- Rule 50(b) Motion Regarding Contributory Trademark Infringement
- Motions For a New Trial and to Alter or Amend the Judgment Pursuant to Rule 59(a) and (e)

4. <u>Post-Verdict Issues:</u>

Defendants request the Court's adjudication of the following issues:

(1) The jury incorrectly awarded treble damages of $32.4 million to Vuitton under the Copyright Act and the Lanham Act but the correct award should have been no more than one-third of that amount ($10.8 million), with all three Defendants being held jointly and severally liable for a total of $10.8 million, not individually liable for $10.8 million each.

(2) The damage award should be set aside as grossly excessive without an evidentiary basis in violation of the Defendants' Due Process rights.

(3) The damage award violates the three "guideposts" in assessing the constitutionality of damage awards as set forth in *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003): (1) the degree of reprehensibility of the defendants' misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties

authorized or imposed in comparable cases."

(5) The damage award violates federal common law, meaning that the Court should order remittitur.

(6) The jury verdict was against the clear weight of evidence and a new trial should be granted.

(7) The Court erred in instructing the jury, including:

- Instructing the jury that Defendants' reseller customers were direct infringers
- Instructing the jury that there was a presumption of likelihood of confusion or that the jury could infer a likelihood of confusion
- Instructing the jury on an incorrect standard for "knowledge" that was too generalized to be sufficient to find liability
- Instructing the jury that "it is no defense to contributory trademark infringement or contributory copyright infringement that termination of services to a direct infringer could be circumvented by the direct infringer switching to use of the services of some other company to continue direct infringement."
- Failing to instruct the jury on the "direct control and monitoring" element of contributory trademark infringement
- Providing incorrect instructions that improperly subsumed "control" into the "knowledge" element when they should be considered as separate elements
- Providing incorrect instructions that required the jury to find liability if Defendants had knowledge of infringement on their servers regardless of whether they acted properly to take the content down
- Instructing the jury contrary to controlling authority on elements of the claims
- Instructing on an incorrect standard for finding a corporate officer liable

- Failing to instruct the jury on the correct legal standard for contributory copyright infringement
- Failing to instruct the jury on the correct legal standard for contributory trademark infringement

(8) The Court erred in

- Admitting Internet printouts into evidence
- Refusing to allow Defendants to inquire about or present evidence of lack of actual damages

Dated: October 9, 2009          **GAUNTLETT & ASSOCIATES**

                               By:  s/ James A. Lowe
                                     David A. Gauntlett
                                     James A. Lowe
                                     Christopher Lai

                               Attorneys for Defendants Akanoc Solutions, Inc.,
                               Managed Solutions Group, Inc. and Steve Chen