Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc. et al Doc. 243



J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff Louis Vuitton Malletier, S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| Louis Vuitton Malletier, S.A.,<br><br>Plaintiff,<br>v.<br><br>Akanoc Solutions, Inc., et al.<br><br>Defendants. | Case No. C 07 3952 JW (HRLx)<br><br>DECLARATION RE JOINT CASE MANAGEMENT STATEMENT<br><br><u>Case Management Conference:</u><br>Date: November 2, 2009<br>Time: 10:00 a.m.<br>Court: Hon. James Ware |

**DECLARATION OF J. ANDREW COOMBS**

I, J. Andrew Coombs, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of California and the United States District Court for the Northern District of California. I am counsel of record for Plaintiff Louis Vuitton Malletier, S.A. ("Louis Vuitton") in an action styled *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., et al.*, and, except as otherwise expressly noted to the contrary, I have personal knowledge of the following facts.

2. In accordance with the Court's order dated September 30, 2009, setting a Post-Trial Case Management Conference in this matter, the parties met and conferred telephonically on Tuesday, October 6, 2009, to discuss the preparation of a joint statement by October 9 as provided by the Court's orders. On October 7, 2009, a proposed statement outlining Plaintiff's position on the procedural status of the case was forwarded to counsel for Defendants, a copy of which is attached hereto as Exhibit A.



Dockets.Justia.com

3. On October 8, 2009, counsel received notice that the electronic filing system would go off-line at 5:00 p.m. Friday, October 9, 2009, the deadline for filing the joint statement. My office followed up with counsel for the Defendants on two separate occasions to obtain Defendants' insertions to the joint case management statement. The Defendants revised statement with their substantial insertions was received at approximately 2:00 p.m. on Friday, the 9th of October.

4. The Defendants' insertions substantially reargued positions set forth in their objections to the proposed form of Permanent Injunction and in their Rule 50 motions for entry of judgment, and also raised additional issues that were not previously discussed during the Parties' meet and confer. I immediately responded noting the procedural purposes of the proposed joint statement and seeking Defendants' agreement to delete argument, especially given the late transmission of which if submitted as proposed, would require more extensive and substantive insertions by Plaintiff that time did not allow. I also forwarded to Defendants a redline which they unilaterally rejected, a copy of which is attached hereto as Exhibit B.

5. After a subsequent telephonic conference with counsel for Defendants, Mr. Lowe stated that Defendants were unwilling to delete any of the objectionable portions of Defendants' insertions. I informed Mr. Lowe during this call that Plaintiff would be filing a declaration regarding these events.

I declare under penalty of perjury that the foregoing is true and correct and this declaration was executed the 9th day of October, 2009 at Glendale, California.

/s/ J. Andrew Coombs
J. ANDREW COOMBS

# EXHIBIT A

J. ANDREW COOMBS, A P.C.
J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff
Louis Vuitton Malletier, S.A.

GAUNTLETT & ASSOCIATES
David A. Gauntlett (SBN 96399)
*info@gauntlettlaw.com*
James A. Lowe (SBN 214383)
*jal@gauntlettlaw.com*
Christopher Lai (SBN 249425)
*cl@gauntlettlaw.com*
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)**

| | |
|---|---|
| Louis Vuitton Malletier, S.A.,<br><br>Plaintiff,<br>v.<br><br>Akanoc Solutions, Inc., et al.<br><br>Defendants. | Case No.: C 07 3952 JW<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Court: Hon. James Ware<br>Date: October 19, 2009<br>Time: 10:00 a.m. |

The parties to the above-entitled action (the "Parties") submit this Joint Case Management Statement pursuant to the Court's Order Setting Post-Trial Case Management Conference.

**JOINT CASE MANAGEMENT STATEMENT**

1. Injunctive Relief (Recommended Schedule)

Plaintiff believes the Court can enter Judgment, including injunctive relief, immediately. The parties briefed issues relating to the scope of the injunction in response to the discussions had at the Pretrial Conference on or about July 13, 2009. On or about July 15, 2009 (Docket No. 187), the Court had ordered Plaintiff to submit a proposed permanent injunction by July 31, 2009. In the same order, Defendants were ordered to submit their objections to the proposed language by August 7, 2009. The parties complied with that order (Docket No.s 188, 191, 192). However, given the nature of Defendants' objections, the parties stipulated for leave and the Court allowed Plaintiff to file a Reply to Defendants' objections (Docket No. 202-1, 236). In light of the jury's verdict in favor of Plaintiff, entered on August 28, 2009, and the papers submitted, entry of the Judgment with an injunction is appropriate at this time.

2. Pending Motions

Plaintiff states that it has no pending motions at this time. To the extent that Plaintiff orally moved for entry of judgment pursuant to Rule 50, those motions were mooted by the jury's verdict.

3. Anticipated Post-Trial Motions

Plaintiff anticipates filing a motion for attorneys' fees.

4. Other Issues

Dated: October 6, 2009 J. Andrew Coombs, A Professional Corp.

By: ________________
J. Andrew Coombs
Annie S. Wang
Attorneys for Plaintiff Louis Vuitton Malletier, S.A.

Dated: October 6, 2009

Gauntlett & Associates

By: ____________________
David A. Gauntlett
James A. Lowe
Christopher Lai
Attorneys for Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steve Chen

# EXHIBIT B

J. ANDREW COOMBS, A P.C.
J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff
Louis Vuitton Malletier, S.A.

GAUNTLETT & ASSOCIATES
David A. Gauntlett (SBN 96399)
*info@gauntlettlaw.com*
James A. Lowe (SBN 214383)
*jal@gauntlettlaw.com*
Christopher Lai (SBN 249425)
*cl@gauntlettlaw.com*
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)**

| | |
|---|---|
| Louis Vuitton Malletier, S.A.,<br><br>Plaintiff,<br>v.<br><br>Akanoc Solutions, Inc., et al.<br><br>Defendants. | Case No.: C 07 3952 JW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Court: Hon. James Ware<br>Date: October 19, 2009<br>Time: 10:00 a.m. |

The parties to the above-entitled action (the "Parties") submit this Joint Case Management Statement pursuant to the Court's Order Setting Post-Trial Case Management Conference.

**Deleted:** 10/9/2009 12:26 PM

**JOINT CASE MANAGEMENT STATEMENT**

1. Injunctive Relief (Recommended Schedule)

Plaintiff believes the Court can enter Judgment, including injunctive relief, immediately. The parties briefed issues relating to the scope of the injunction in response to the discussions had at the Pretrial Conference on or about July 13, 2009. On or about July 15, 2009 (Docket No. 187), the Court had ordered Plaintiff to submit a proposed permanent injunction by July 31, 2009. In the same order, Defendants were ordered to submit their objections to the proposed language by August 7, 2009. The parties complied with that order (Docket No.s 188, 191, 192). However, given the nature of Defendants' objections, the parties stipulated for leave and the Court allowed Plaintiff to file a Reply to Defendants' objections (Docket No. 202-1, 236). In light of the jury's verdict in favor of Plaintiff, entered on August 28, 2009, and the papers submitted, entry of the Judgment with an injunction is appropriate at this time.

Defendants believe that there are several issues that the Court must decide before granting any injunction. On August 7, 2009, Defendants filed their Objections to Vuitton's Proposed Injunction [Docket No. 191

2. Pending Motions

Plaintiff states that it has no pending motions at this time. To the extent that Plaintiff orally moved for entry of judgment pursuant to Rule 50, those motions were mooted by the jury's verdict.

Defendants have pending their two Rule 50(a) mid-trial motions, regarding contributory copyright and contributory trademark infringement, filed on August 20, 2009 [Docket Nos. 209, 210] and will supplement those motions as the Court has requested.

3. Anticipated Post-Trial Motions

Plaintiff anticipates filing a motion for attorneys' fees.

Defendants intend to file the following post-trial motions before the Court enters judgment:

- Supplemental Brief to Rule 50(a) Regarding Contributory Copyright Infringement

**Deleted:** ], arguing the following points:¶
<#>Vuitton has not met the requirements for the enforcement of a permanent injunction as set forth in Fed. R. Civ. P. 65(d) and (e).¶
<#>The proposed injunction violates the restrictions on injunctive relief against Internet Service Providers as set forth in the Digital Millennium Copyright Act ("DMCA").¶
<#>The proposed injunction wrongly imposes overbroad compliance obligations that would, for example, apply to any website in the future that Vuitton gives notice of, even if that website contains no infringing content.¶
<#>The proposed injunction is overly broad and places burdens on Defendants that are impossible to satisfy and would lead to automatic violation as long as the Defendants remain in business.¶
<#>The proposed injunction requires Defendants to publish trade secret and private information about end users m including information to which the Defendants have no ready access.¶
<#>The proposed injunction places burdens on Defendants that unreasonably exceed those of other Internet Service Providers in the industry.¶
The Defendants further contend that Vuitton cannot justify any injunction in this case because Vuitton has not satisfied the four-part test set forth in *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 126 S. Ct. 1837 (2006) by showing (1) irreparable harm, (2) that monetary damages are inadequate to compensate for injury, (3) a balance of hardships and (4) that the granting of the injunction favors the public interest. ¶
As to the first factor, irreparable harm, Vuitton has never shown any evidence of actual damages in this case. Vuitton has not only failed to show irreparable harm, it has failed to show any harm at all. ¶
As to the second factor, that monetary damages are inadequate to compensate for injury, Vuitton cannot possibly claim that the $32.4 million recent jury verdict is inadequate to compensate for injury, especially considering that they have never shown any evidence of any actual damages.¶
As to the third factor, a balance of hardships, there would be no balance of hardships at all; the hardships that any injunction would create would be placed entirely on the Defendants. These hardships placed on Defendants would include performing unauthorized monitoring of content of their servers (a criminal act) and policing the entire Internet for potential violations of Vuitton's copyrights and trademarks (an impossible and irrational demand), while relieving Vuitton from the obligation to police its marks and copyrights.¶
As to the fourth factor, the grantin ... [1]

**Deleted:** 10/9/2009 12:26 PM

concerning the failure to prove direct copyright infringement occurring on Defendants' Internet servers or in the United States

- Supplemental Brief to Rule 50(a) Regarding Contributory Trademark Infringement concerning the failure to prove direct trademark infringement occurring in the United States

In the event that the Court enters judgment against them, Defendants expect to file post-trial motions within ten days of the entry of judgment:

- Rule 50(b) Motion Regarding Contributory Copyright Infringement
- Rule 50(b) Motion Regarding Contributory Trademark Infringement
- Motions For a New Trial and to Alter or Amend the Judgment Pursuant to Rule 59(a) and (e)

Dated: October 9, 2009

J. Andrew Coombs, A Professional Corp.

By: ________________
J. Andrew Coombs
Annie S. Wang
Attorneys for Plaintiff Louis Vuitton Malletier, S.A.

Dated: October 9, 2009

Gauntlett & Associates

By: ____________________
David A. Gauntlett
James A. Lowe
Christopher Lai
Attorneys for Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc. and Steve Chen

**Deleted:** <#>Post-Verdict Issues: ¶
Defendants request the Court's adjudication of the following issues:¶
(1) The jury incorrectly awarded treble damages of $32.4 million to Vuitton under the Copyright Act and the Lanham Act but the correct award should have been no more than one-third of that amount ($10.8 million), with all three Defendants being held jointly and severally liable for a total of $10.8 million, not individually liable for $10.8 million each. ¶
(2) The damage award should be set aside as grossly excessive without an evidentiary basis in violation of the Defendants' Due Process rights.¶
(3) The damage award violates the three "guideposts" in assessing the constitutionality of damage awards as set forth in *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003): (1) the degree of reprehensibility of the defendants' misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." ¶
(5) The damage award violates federal common law, meaning that the Court should order remittitur.¶
(6) The jury verdict was against the clear weight of evidence and a new trial should be granted.¶
(7) The Court erred in instructing the jury, including:¶
<#>Instructing the jury that Defendants' reseller customers were direct infringers¶
<#>Instructing the jury that there was a presumption of likelihood of confusion or that the jury could infer a likelihood of confusion¶
<#>Instructing the jury on an incorrect standard for "knowledge" that was too generalized to be sufficient to find liability¶
<#>Instructing the jury that "it is no defense to contributory trademark infringement or contributory copyright infringement that termination of services to a direct infringer could be circumvented by the direct infringer switching to use of the services of some other company to continue direct infringement."¶
<#>Failing to instruct the jury on the "direct control and monitoring" element of contributory trademark infringement¶
<#>Providing incorrect instructions that improperly subsumed "control" into the "knowledge" element when they should be considered as separate elements¶
<#>Providing incorrect instructions that required the jury to find liability if Defendants had knowledge of infringement on their servers regardless of whether they acted properly to t ... [2]

**Deleted:** 10/9/2009 12:26 PM

**Page 2: [1] Deleted** **Andy Coombs** **10/9/2009 3:23:00 PM**

], arguing the following points:

Vuitton has not met the requirements for the enforcement of a permanent injunction as set forth in Fed. R. Civ. P. 65(d) and (e).

The proposed injunction violates the restrictions on injunctive relief against Internet Service Providers as set forth in the Digital Millennium Copyright Act ("DMCA").

The proposed injunction wrongly imposes overbroad compliance obligations that would, for example, apply to any website in the future that Vuitton gives notice of, even if that website contains no infringing content.

The proposed injunction is overly broad and places burdens on Defendants that are impossible to satisfy and would lead to automatic violation as long as the Defendants remain in business.

The proposed injunction requires Defendants to publish trade secret and private information about end users m including information to which the Defendants have no ready access.

The proposed injunction places burdens on Defendants that unreasonably exceed those of other Internet Service Providers in the industry.

The Defendants further contend that Vuitton cannot justify any injunction in this case because Vuitton has not satisfied the four-part test set forth in *eBay, Inc. v. MercExchange, LLC,* 547 U.S. 388, 126 S. Ct. 1837 (2006) by showing (1) irreparable harm, (2) that monetary damages are inadequate to compensate for injury, (3) a balance of hardships and (4) that the granting of the injunction favors the public interest.

As to the first factor, irreparable harm, Vuitton has never shown any evidence of actual damages in this case. Vuitton has not only failed to show irreparable harm, it has failed to show any harm at all.

As to the second factor, that monetary damages are inadequate to compensate for injury, Vuitton cannot possibly claim that the $32.4 million recent jury verdict is inadequate to compensate for injury, especially considering that they have never shown any evidence of any actual damages.

As to the third factor, a balance of hardships, there would be no balance of hardships at all; the hardships that any injunction would create would be placed entirely on the Defendants. These hardships placed on Defendants would include performing unauthorized monitoring of content of their servers (a criminal act) and policing the entire Internet for potential violations of Vuitton's copyrights and trademarks (an impossible and irrational demand), while relieving Vuitton from the obligation to police its marks and copyrights.

As to the fourth factor, the granting of any injunction would not favor the public interest. Instead, it would, in effect, force Defendants to shut down their business because they would be forced to comply with impossible or illegal burdens that no ISP could possibly satisfy. Meanwhile infringers can easily use other ISPs. Shutting down an ISP that provides Internet services to the public cannot possibly be in the public interest.

**Page 3: [2] Deleted** **Andy Coombs** **10/9/2009 3:24:00 PM**

Post-Verdict Issues:

Defendants request the Court's adjudication of the following issues:

(1) The jury incorrectly awarded treble damages of $32.4 million to Vuitton under the Copyright Act and the Lanham Act but the correct award should have been no more than one-third of that amount ($10.8 million), with all three Defendants being held jointly and severally liable for a total of $10.8 million, not individually liable for $10.8 million each.

(2) The damage award should be set aside as grossly excessive without an

evidentiary basis in violation of the Defendants' Due Process rights.

(3) The damage award violates the three "guideposts" in assessing the constitutionality of damage awards as set forth in *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003): (1) the degree of reprehensibility of the defendants' misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases."

(5) The damage award violates federal common law, meaning that the Court should order remittitur.

(6) The jury verdict was against the clear weight of evidence and a new trial should be granted.

(7) The Court erred in instructing the jury, including:

Instructing the jury that Defendants' reseller customers were direct infringers

Instructing the jury that there was a presumption of likelihood of confusion or that the jury could infer a likelihood of confusion

Instructing the jury on an incorrect standard for "knowledge" that was too generalized to be sufficient to find liability

Instructing the jury that "it is no defense to contributory trademark infringement or contributory copyright infringement that termination of services to a direct infringer could be circumvented by the direct infringer switching to use of the services of some other company to continue direct infringement."

Failing to instruct the jury on the "direct control and monitoring" element of contributory trademark infringement

Providing incorrect instructions that improperly subsumed "control"

into the “knowledge” element when they should be considered as separate elements

Providing incorrect instructions that required the jury to find liability if Defendants had knowledge of infringement on their servers regardless of whether they acted properly to take the content down

Instructing the jury contrary to controlling authority on elements of the claims

Instructing on an incorrect standard for finding a corporate officer liable

Failing to instruct the jury on the correct legal standard for contributory copyright infringement

Failing to instruct the jury on the correct legal standard for contributory trademark infringement

(8) The Court erred in

Admitting Internet printouts into evidence

Refusing to allow Defendants to inquire about or present evidence of lack of actual damages