**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
Preston K. Ascherin (SBN 260361)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
jal@gauntlettlaw.com
pka@gauntlettlaw.com

Attorneys for Defendants
Akanoc Solutions, Inc.,
Managed Solutions Group, Inc.
and Steve Chen

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A.,<br><br>Plaintiff,<br><br>vs.<br><br>AKANOC SOLUTIONS, INC., et al.,<br><br>Defendants. | Case No.: C 07-3952 JW<br><br>Hon. James Ware<br><br>**DEFENDANTS' EVIDENTIARY OBJECTION TO THE COOMBS DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR A PERMANENT INJUNCTION**<br><br>Date: January 25, 2010<br>Time: 9:00 a.m.<br>Ctrm.: 8, 4th Floor |

Dockets.Justia.com

Plaintiff hereby objects to the Declaration of J. Andrew Coombs ("Coombs Declaration") filed in support of Vuitton's Motion Regarding the Entry of Permanent Injunction ("Vuitton's Motion") and attached Exhibits A through F.

## I. SPECIFIC OBJECTIONS TO COOMBS DECLARATION AND EXHIBITS

Defendants object to the numerous unauthenticated and unidentified "cop[ies] of portions of the trial transcript" attached to the Coombs Declaration at ¶¶ 2-7, Exhs. A-F thereto:

**Coombs Declaration ¶ 2:**

> Attached Exhibit A is a true and accurate copy of portions of the trial transcript from August 18, 2009.

**Objection:** Exhibit A purports to be excerpts of a transcript from "the trial." It does "not identify the names of the witness, the trial, and the judge and are not certified copies of the reporter's transcripts. Accordingly, they are not authenticated." *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 776 (9th Cir. 2002). Proper authentication usually "would have to be accomplished by attaching the cover page of the [transcript] and the reporter's certification to *every* [transcript] extract submitted." *Id* at 774 (emphasis added). Nor can the purported excerpts be authenticated, as they could not in *Orr*, by reviewing their contents where the witness' name is not even mentioned in the excerpts. *Id.*

It may seem tempting to speculate that Mr. Coombs intended to refer to the trial in this case but such speculation is dangerous and is not permitted for the authentication of evidence. Evidence cannot be admitted based upon speculation and assumptions. Mr. Coombs failure to identify *anything* about these purported "transcripts" means that he cannot be held accountable for any false or irrelevant evidence. Even with the best of intentions, a lawyer can and must be far more specific in describing that which he asks the Court to rely upon. The fact that the purported transcripts are not certified by any court reporter means that there is no assurance of their source and no assurance about the accuracy of these documents. Additionally, there is no way for the defendants to confirm or challenge any of this purported "evidence" because it is impossible to understand where it came from and who is testifying.

Vuitton's submission of this unidentified and uncertified material in support of its motion for

a draconian injunction illustrates Vuitton's lack of real evidence, and its disrespect for proper American court procedure, rules of evidence and American due process. Vuitton submits this inadmissible material as the basis for a permanent injunction with terms that would, if granted, be unique in American jurisprudence. So the Court should be even more cautious than usual in considering Vuitton's motion. The Court should view Vuitton's casual approach to submitting evidence as a reason to deny the motion itself as being very suspect.

Exhibit A consists of thirteen pages (160-172) of purported testimony. The only name mentioned in the entire excerpt is Mr. Coombs', at pp. 170 and 171. The witness, whoever he or she may be, is identified only as "the witness" at those pages. Likewise, there is a non-descriptive reference to "the court," without any indication even as to the name of the action. Nor does Mr. Coombs attempt to explain in his declaration what action "the trial transcript" comes from.

Even if Mr. Coombs had attempted to authenticate Exhibit A in his declaration, "[i]t is insufficient for a party to submit, without more, an affidavit from her counsel identifying the names of the [witness,] the reporter, and the action and stating that the [excerpt] is a 'true and correct copy.' [Citation.]" *Id., Orr,* 285 F.3d at 774. Such an affidavit from counsel "lacks foundation *even if he were present when the witness testified*." *Id.* at 777 (emphasis added). Trial counsel cannot substitute for a certified court reporter.

Vuitton may argue that its Motion provides context that implies the identity of the anonymous witness in Exhibit A. But Vuitton's unverified and unsupported argument is not testimony and cannot authenticate the very documents on which it relies. Moreover, not even Vuitton's Motion identifies, by name or otherwise, the declarant in Exhibit A.

**Coombs Declaration ¶ 3:**

> Attached Exhibit B is a true and accurate copy of portions of the trial transcript from August 19, 2009.

**Objection:** Exhibit B also purports to be excerpts of a transcript from "the trial." Because neither the exhibit nor Mr. Coombs' Declaration provide the proper authentication as discussed in *Bank of America*, 285 F.3d at 774-776, Defendants also object to Exhibit B for all of the same reasons given in objection to Exhibit A.

Exhibit B raises further authentication problems because it consists of *nine* discontinuous excerpts that are described only as from a particular day. Even in the case of a *single* witness testifying at a deposition, proper authentication calls for "attaching the cover page of the deposition and the reporter's certification to *every* deposition extract submitted." *Bank of America* at 774 (emphasis added). But Exhibit B's nine discontinuous excerpts apparently run from one witness to the next without indicating who is testifying in any particular excerpt. Although Exhibit B, at p. 184:13 indicates that one "Juliana Luk" is *about* to testify, the following testimony (not provided) was apparently read from a deposition transcript not itself identified by or attached to the Coombs Declaration, let alone authenticated in any way. Exhibit B jumps from page 184 to page 194 without any indication as to whether the witness on page 194 is "Juliana Luk" or someone else. At most, it seems the witness is someone other than "Steve": "Q. Do you know if Steve ever responds to e-mails that are sent to those accounts?" Exhibit B at 194:11-12. Assuming this refers to Defendant Steve Chen, the witness' identity nonetheless remains a mystery.

Vuitton's Motion suggests, but does not explicitly assert, that Exhibit B consists in part of the testimony of one "Nikolay Livadkin." Vuitton's Motion at 2:17-20. As to which excerpts might be Mr. Livadkin's testimony, neither Vuitton's Motion nor the Coombs Declaration enlightens MSG or the Court. In any case, as discussed in the objections to Exhibit A, Vuitton's Motion cannot authenticate the documents on which it relies.

**Coombs Declaration ¶ 4:**

> Attached Exhibit C is a true and accurate copy of portions of the trial transcript from August 20, 2009.

**Objection:** Exhibit C also purports to be excerpts of a transcript from "the trial." Because neither the exhibit nor Mr. Coombs' Declaration provide the proper authentication as discussed in *Bank of America*, 285 F.3d at 774-776, Defendants also object to Exhibit C for all of the reasons given in objection to Exhibit A.

**Coombs Declaration ¶ 5:**

> Attached Exhibit D is a true and accurate copy of portions of the trial transcript from August 21, 2009.

**Objection:** Exhibit D also purports to be excerpts of a transcript from "the trial." Because neither the exhibit nor Mr. Coombs' Declaration provide the proper authentication as discussed in *Bank of America*, 285 F.3d at 774-776, Defendants also object to Exhibit D for all of the reasons given in objection to the exhibits discussed above.

Exhibit D, like Exhibit B, raises further authentication problems because its *seven* discontinuous excerpts are described only as from a particular day. Exhibit D's seven discontinuous excerpts apparently run from one witness to the next without indicating who is testifying in any particular excerpt. Exhibit D, in the last of the seven excerpts, at p. 196:24, contains a question directed to a "Mr. Chen." Even presuming the witness is Defendant Steve Chen, the excerpt does not identify the action or judge, or provide a cover sheet and reporter's certification. And there is still no indication of who the witnesses in the other six purported excerpts are.

**Coombs Declaration ¶ 6:**

> Attached Exhibit E is a true and accurate copy of portions of the trial transcript from August 25, 2009.

**Objection:** Exhibit E also purports to be excerpts of a transcript from "the trial." Because neither the exhibit nor Mr. Coombs' Declaration provide the proper authentication as discussed in *Bank of America*, 285 F.3d at 774-776, Defendants also object to Exhibit E for all of the reasons given in objection to the exhibits discussed above.

Exhibit E, like Exhibits B and D, raises further authentication problems because its *ten* discontinuous excerpts are described only as from a particular day. Exhibit B's ten discontinuous excerpts apparently run from one witness to the next without indicating who is testifying in any particular excerpt. Exhibit E contains questions that appear to address the witness by last name scattered throughout some of the excerpts. Even if we could presume those given excerpts contain purported testimony of identified parties and witnesses in this action, the excerpts do not do not identify the action or judge, or provide a cover sheet and reporter's certification. And there is still no indication of who the witnesses in the other purported excerpts are.

As discussed with regard to Exhibit A, Vuitton's Motion does not and cannot authenticate

any of the ten excerpts contained in Exhibit E through unverified argument.

**Coombs Declaration ¶ 7:**

> Attached Exhibit F is a true and accurate copy of portions of the trial transcript from August 26, 2009.

**Objection:** Exhibit F also purports to be excerpts of a transcript from "the trial." Because neither the exhibit nor Mr. Coombs' Declaration provide the proper authentication as discussed in *Bank of America*, 285 F.3d at 774-776, Defendants also object to Exhibit F for all of the reasons given in objection to the exhibits discussed above.

Exhibit F consists of two discontinuous excerpts. Although these purported trial excerpts appear to contain attorney argument, there is no indication as to who the speaker is, which party the attorney represents, the action or judge. And again, no cover sheet or reporter's certification is provided.

For all of the foregoing reasons, Exhibits A, B, C, D, E and F to the Coombs Declaration and the declaration itself should be excluded from evidence.

Dated:    January 4, 2010                **GAUNTLETT & ASSOCIATES**

By:    /s/ James A. Lowe
    David A. Gauntlett
    James A. Lowe
    Preston K. Ascherin

Attorneys for Defendants Akanoc Solutions, Inc., Managed Solutions Group, Inc., and Steve Chen