# EXHIBIT 1624

Dockets.Justia.com

```
 1                 UNITED STATES DISTRICT COURT

 2                NORTHERN DISTRICT OF CALIFORNIA

 3                       SAN JOSE DIVISION

 4
     LOUIS VUITTON MALLETIER,    )   C 07-03952 JW
 5   S.A.,                       )
                                 )
 6              Plaintiff,       )
                                 )   San Jose, CA
 7                  vs.          )   August 26, 2009
                                 )
 8   AKANOC SOLUTIONS, INC.,     )
     et al.,                     )
 9                               )
                Defendants.      )
10   _____)

11
                    TRANSCRIPT OF PROCEEDINGS
12             BEFORE THE HONORABLE JAMES WARE
                 UNITED STATES DISTRICT JUDGE
13

14
     A P P E A R A N C E S:
15
     For the Plaintiff:        Law Offices of
16                             J. Andrew Coombs
                               By:  J. ANDREW COOMBS
17                             ANNIE S. WANG
                               517 E. Wilson Avenue
18                             Suite 202
                               Glendale, CA  91206
19
     For the Defendants:       Gauntlett & Associates
20                             By:  JAMES A. LOWE
                               CHRISTOPHER G. LAI
21                             18400 Von Karman
                               Suite 300
22                             Irvine, CA  92612

23   Court Reporter:           PETER TORREANO, CSR
                               License Number C-7623
24
                                                              1
25
```

EXHIBIT 1624

PETER TORREANO, CSR 7623

1          THE COURT: Why don't we give you five
2  minutes before we start. So we'll come back in
3  five minutes.
4          (Recess taken.)
5          THE COURT: Ready to resume?
6          MR. LOWE: Yes, Your Honor.
7          THE COURT: Summon the jury.
8          (The following proceedings were held in
9  open court in the presence of the jury:)
10          THE COURT: Very well. You may proceed,
11  Counsel.
12          MR. COOMBS: Thank you, Your Honor.
13          And again thank you and good morning.
14          You'll recall that at the beginning of
15  the case I told you that this was a simple case.
16  And before you think I'm crazy I want to explain
17  to you again why I think it's a simple case.
18          I agree with you that we're talking
19  about intangible properties and we're talking
20  about them in the virtual world and because of
21  that you've had to be introduced to a whole new
22  language over the course of a few days. And that
23  can make it seem kind of complicated at times and
24  on the Court's urging I think we've provided help
25  with that with the glossary that you've been

77

1   continuing to use those servers after repeated
2   notices from Louis Vuitton.
3            When you're thinking about the evidence
4   that I'm going to briefly outline for you this
5   morning you should always keep in mind the
6   distinction between what was going on before
7   August of 2007 and after.
8            Remember, August 2007 is the date
9   Mr. Chen was served with process whether that was
10  August 20th, as he first said, August 15th, as
11  was indicated by the proof of service, or August
12  8th when he was corresponding with his customer
13  about one of the websites that was listed in the
14  complaint.  But you'll see that the service of
15  the complaint acted as a trigger for different
16  action, more action, but still not enough action.
17           Now, you'll remember Mr. Lowe in his
18  opening statement said that we were mistaken in
19  this case because his clients aren't the
20  problem.  He said that the Defendants are doing
21  everything that they possibly can to try to help
22  Louis Vuitton and other people in similar
23  businesses to avoid the sale of knockoffs on the
24  Internet.
25           And yet yesterday you heard Mr. Chen

81

1  yes, they sometimes disable or unplug, but
2  Mr. Chen made fairly clear that he does that to
3  sort of get the customer's attention.  He's not
4  really suspending and he's not removing content,
5  which are among the other remedies that he has.
6          All he's doing is just saying, "Hey, I
7  didn't hear from you in response to my warning."
8  This will make sure he gets back to me.  And in
9  some cases they do.  And that's good.  As I said
10 in my opening statement, we applaud the
11 improvement.  We just wish there were more.
12         And as I said in my opening statement,
13 we think they do this because they have a
14 business model that works for them.  I think the
15 amount of this activity demonstrates that it's of
16 value to them to have this added service.
17         They may not provide other services or
18 they may, or that's sort of irrelevant in a
19 manner of speaking, but the one thing they can
20 distinguish themselves from in this body of I
21 think Mr. Lowe said hundreds of ISPs in the
22 United States is the fact that they can help
23 website operators on their servers avoid
24 responding to abuse complaints.
25         Now, the judge has explained to you in

86

PETER TORREANO, CSR 7623

```
 1    Trademark Act and the Copyright Act.  And we
 2    think that, you know, given the number of
 3    underlying infringements, given the repeated
 4    notices, given the inaction and studied
 5    indifference of the Defendants, the willful
 6    blindness to the activity that's just pervasive
 7    on their servers that you'll have no difficulty,
 8    no difficulty whatsoever in coming to the
 9    conclusion that their activity was willful.
10              And remember, willful reckless disregard
11    is just -- you know, you can't do this.  But
12    given the number of notices that the Defendants
13    have received, there's really no question that
14    that's the case.
15              Given all of this, you could award a
16    large verdict in favor of Louis Vuitton, but
17    given the purposes of statutory damages, which
18    are to compensate the Defendant, to punish it and
19    to deter others from engaging in the same
20    activity, we think that an award of not less than
21    a million dollars is an appropriate award.  And
22    you can come to that conclusion in a number of
23    different ways.
24              You've heard the Court explain that the
25    maximum award for willful infringement of a
```

97

## CERTIFICATE OF REPORTER

I, Peter Torreano, Pro Tempore Court Reporter of the United States District Court for the Northern District of California, 280 South First Street, San Jose, California, do hereby certify:

That the foregoing transcript is a true and correct transcript of the proceedings had in <u>Louis Vuitton Malletier, S.A. versus Akanoc Solutions, Inc.</u>, et al., Case No. C-07-03952-JW, dated August 26, 2009; that I reported the same in stenotype to the best of my ability, and thereafter had the same transcribed by computer-aided transcription as herein appears.

/s/ *[signature]*

PETER TORREANO, CSR
License Number C-7623

179