# EXHIBIT 1629

1              UNITED STATES DISTRICT COURT

2             NORTHERN DISTRICT OF CALIFORNIA

3                   SAN JOSE DIVISION

4

5

   LOUIS VUITTON MALLETIER, S.A.,    )
6                                    )   C-07-03952 JW (HRL)
                 PLAINTIFF,          )
7                                    )   AUGUST 25, 2009
    V.                               )
8                                    )   VOLUMES 8 AND 9
   AKANOC SOLUTIONS, INC.,           )
9  MANAGED SOLUTIONS GROUP, INC.,    )   PAGES 1 - 231
   STEVEN CHEN AND DOES 1 THROUGH    )
10 10, INCLUSIVE,                    )
                                     )
11               DEFENDANTS.         )
   ──────────────────────────────────)
12

13                TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE JAMES WARE
14             UNITED STATES DISTRICT JUDGE

15 A P P E A R A N C E S:

16

   OR THE PLAINTIFFS:   J. ANDREW COOMBS, A PROF. CORP.
17                      BY:  J. ANDREW COOMBS, ESQ.
                             ANNIE S. WANG, ESQ.
18                      517 E. WILSON AVE., SUITE 202
                        GLENDALE, CA  91206
19                      TEL:  (818) 500-3200

20 ALSO APPEARING:      RUTH ADLER
                        NIKOLAY LIVADKIN
21

   FOR THE DEFENDANTS:  GAUNTLETT & ASSOCIATES
22                      BY:  JAMES A. LOWE, ESQ.
                        18400 VON KARMAN, SUITE 300
23                      IRVINE, CA  92612
                        TEL:  (949) 553-1010

24

   OFFICIAL REPORTER PRO TEM:   JANA L. RIDENOUR, CSR
25                              LICENSE NUMBER 9302

EXHIBIT

1629

ALL-STATE LEGAL®

                        U.S. DISTRICT COURT

1

2                         EXAMINATION INDEX

3    STEVEN CHEN
           CROSS BY MR. COOMBS (CONTINUED) . . . . .    4
4          REDIRECT BY MR. LOWE . . . . . . . . .      47
           FURTHER REDIRECT BY MR. LOWE . . . . . .    62
5
     ANDREW CHENG
6          DIRECT BY MR. LOWE . . . . . . . . . .      65
           CROSS BY MS. WANG . . . . . . . . . . .     87
7
     RICHARD GRALNIK
8          DIRECT BY MR. LOWE . . . . . . . . . .      90
           CROSS BY MR. COOMBS . . . . . . . . . .    155
9          REDIRECT BY MR. LOWE . . . . . . . . .     177
           RECROSS BY MR. COOMBS . . . . . . . . .    200
10         FURTHER REDIRECT BY MR. LOWE . . . . . .   210
           FURTHER RECROSS BY MR. COOMBS . . . . . .  215

11

12

13

14

15                         EXHIBIT INDEX

16                              IDENT.        EVIDENCE

17   PAGE 4                      625
     PAGE 8                      626
18   PAGE 14                     627
     PAGE 230        (ALL DOMAIN TOOLS REPORTS ARE ADMITTED)

19

20

21

22

23   REPORTER NOTE:  ALL QUOTED EXCERPTS IN THIS TRANSCRIPT
     WERE REPORTED AND TYPED "AS READ."

24

25

```
 1   SAN JOSE, CALIFORNIA                    AUGUST 25, 2009
 2                  P R O C E E D I N G S
 3            (WHEREUPON, AT 9:05 A.M., THE FOLLOWING
 4   PROCEEDINGS WERE HELD IN OPEN COURT, OUT OF THE PRESENCE
 5   OF THE JURY:)
 6            THE COURT:  GOOD MORNING, ALL.
 7            I HAVE TWO STUDENTS IN THE BACK.  YOU WERE
 8   SUPPOSED TO GET INTO CHAMBERS AND LET US KNOW WHEN YOU
 9   WERE HERE.  COME FORWARD.  COME TO THE SIDEBAR.
10            (WHEREUPON, A DISCUSSION WAS HELD AT THE
11   SIDEBAR, NOT HEREIN REPORTED.)
12            THE COURT:  READY TO RESUME?
13            MR. COOMBS:  YES, YOUR HONOR.
14            THE COURT:  SUMMON THE JURY.
15            (WHEREUPON, THE FOLLOWING PROCEEDINGS WERE
16   HELD IN OPEN COURT, IN THE PRESENCE OF THE JURY:)
17            THE COURT:  GOOD MORNING, MEMBERS.  I HOPE YOU
18   HAD A PLEASANT TIME OFF.  NO?
19            WELL, YOU MAY RESUME YOUR EXAMINATION.
20            MR. COOMBS:  THANK YOU, YOUR HONOR.
21                      STEVEN CHEN,
22   BEING CALLED AS A WITNESS ON BEHALF OF THE DEFENDANTS,
23   HAVING BEEN PREVIOUSLY DULY SWORN, WAS EXAMINED AND
24   TESTIFIED FURTHER AS FOLLOWS:
25   ///
```

1    NOTICE.

2    Q.    OKAY.  SO FOR THIS PARTICULAR ONE, THEY WERE ON

3    DIFFERENT IP ADDRESSES; IT CAME BACK IN DIFFERENT

4    PLACES?

5    A.    YES, THAT'S CORRECT.

6    Q.    YOU WERE ASKED A NUMBER OF QUESTIONS ABOUT

7    WEBSITES THAT LOUIS VUITTON COMPLAINED ABOUT THAT WERE

8    ON IP'S THAT WERE BEING USED BY ALICE CHEN.  DO YOU

9    RECALL THAT?

10   A.    YES.

11   Q.    WHAT SORT OF -- WHAT SIZE OF CUSTOMER IS SHE FOR

12   THE DEFENDANT'S BUSINESS?

13   A.    AS IN 2007 -- AROUND THAT TIME, 2007, EARLY 2008,

14   I THINK SHE IS THE LARGEST OF OUR CUSTOMERS.

15   Q.    AND HOW MANY SERVERS WOULD SHE BE LEASING FROM YOU

16   AT THAT TIME?

17   A.    AROUND A HUNDRED.

18   Q.    AND THE FACT THAT YOU HAD A DOZEN COMPLAINTS ABOUT

19   WEBSITES THAT WERE USING THESE HUNDRED SERVERS, WHAT

20   DOES THAT MEAN TO YOU IN TERMS OF WHETHER SHE WAS A GOOD

21   CUSTOMER OR A BAD CUSTOMER?

22   A.    SO FAR, SHE PROBABLY HAS PROBABLY 30 OR 40 SERVERS

23   WITH ME RIGHT NOW.  I STILL CONSIDER SHE IS A GOOD

24   CUSTOMER.

25   Q.    WHY?

1    A.    ALWAYS RESPOND TO ISSUES; ALWAYS RESPOND TO

2    COMMUNICATIONS; PAY HER BILL.

3    Q.    DO YOU HAVE ANY REASON TO BELIEVE THAT SHE IS

4    TRYING TO HELP ANYBODY WITH A COUNTERFEIT WEBSITE?

5    A.    I DON'T THINK SO.

6    Q.    HAVE YOU TALKED TO HER ABOUT THIS SITUATION?

7    A.    SHE IS LIKE --

8            THE COURT:  WELL, I NEED TO BE CAREFUL HERE.

9    THERE'S NO OBJECTION, BUT THIS MIGHT CALL FOR HEARSAY

10   INFORMATION, SO -- I'M ALWAYS CONCERNED WHENEVER WE ARE

11   NOW GOING TO QUOTE WHAT SOMEONE ELSE IS ABOUT TO SAY.

12   BY MR. LOWE:

13   Q.    MR. CHEN, I DON'T WANT YOU TO TELL ME ANYTHING SHE

14   MAY HAVE TOLD YOU.  I JUST WANT TO KNOW IF, IN RESOLVING

15   SOME OF THESE ISSUES, YOU EVER PERSONALLY TALKED TO HER.

16           THE COURT:  THAT WOULD REQUIRE A "YES" OR "NO"

17   ANSWER.

18           THE WITNESS:  E-MAIL COMMUNICATION?

19   BY MR. LOWE:

20   Q.    JUST E-MAILS THAT YOU ARE DEALING WITH ON THESE?

21   A.    YES.

22   Q.    OKAY.  DID YOU THINK THAT WAS SUFFICIENT?

23   A.    YES.

24   Q.    WHY?

25   A.    SPECIFICALLY, WHEN I SAID, "MOVE THIS DOMAIN OUT,"

1  SHE RESPONDED.  I SHOULDN'T SAY "SHE" RESPONDED, BUT I

2  SHOULD SAY "HER COMPANY" RESPONDED.

3  Q.    NOW, SHE WAS RUNNING OR LEASING, SAY, A HUNDRED

4  SERVERS AROUND THAT TIME.  HOW MANY DOMAIN -- I'M SORRY,

5  HOW MANY IP ADDRESSES WOULD BE ASSOCIATED WITH THOSE

6  SERVERS, GENERALLY, OR APPROXIMATELY?

7  A.    A THOUSAND.

8  Q.    OKAY.  AND DO YOU HAVE ANY IDEA WHETHER SHE IS

9  USING ALL OF THOSE HERSELF OR IS SHE RESELLING, AS FAR

10  AS YOU UNDERSTAND?

11  A.    A LOT OF RESELLINGS.

12  Q.    NOW, MR. COOMBS ASKED YOU ABOUT -- LOOKS LIKE NINE

13  COMPLAINTS DURING THIS PERIOD OF TIME CONCERNING

14  SERVERS, THE HUNDRED SERVERS, AND A THOUSAND IP

15  ADDRESSES USED BY ALICE CHEN.

16  A.    YES.

17  Q.    CONSIDERING THE AMOUNT OF THE QUANTITIES INVOLVED,

18  DO YOU REGARD THE --

19          THE COURT:  THAT IS GOING TO CALL FOR A "YES"

20  OR "NO," SO PHRASE IT AS A DIRECT QUESTION.

21  BY MR. LOWE:

22  Q.    CAN YOU TELL US WHETHER -- WHAT YOU WOULD CONSIDER

23  AN EXTENSIVE INFRINGEMENT, SUCH AS MR. COOMBS WAS ASKING

24  YOU ABOUT, IN LIGHT OF THE NUMBER OF SERVERS AND THE

25  NUMBER OF IP ADDRESSES ALICE CHEN USED?

1    A.    I CAN'T -- I DON'T REALLY KNOW MUCH OF MY CUSTOMER

2    SO I CAN'T DEFINE THE SO-CALLED SERIOUSNESS OF THE

3    OFFENSE.

4    Q.    SO WHY DID YOU NOT FINE HER OR TERMINATE HER OR

5    SUSPEND HER AS A CUSTOMER BECAUSE YOU GOT THESE NINE

6    COMPLAINTS FROM LOUIS VUITTON SAYING THAT THERE WAS SOME

7    INFRINGING ACTIVITY ON CERTAIN WEBSITES?

8    A.    IF I REMEMBER CORRECTLY FROM THE DISCUSSION JUST

9    NOW, THEY ONLY INVOLVE THREE SERVERS ON THE MAIN IP'S

10   FOR THE NINE COMPLAINTS.  AND SO I TERMINATE A CUSTOMER

11   HAVING A HUNDRED SERVERS WITH US WHERE SHE RESELL

12   EVERYTHING TO HER CUSTOMER?  DOESN'T LOOK LIKE THAT'S A

13   CORRECT BUSINESS PROPOSITION.

14   Q.    NOW, YOU WERE ASKED FRIDAY AND MAYBE THIS MORNING

15   ABOUT CERTAIN ADDITIONAL ACTIONS THAT YOU HAVE TAKEN

16   THAT ARE NOT SHOWN ON EXHIBIT 1598.  DO YOU RECALL THAT?

17   A.    YES.

18   Q.    ONCE AGAIN, WHERE DID YOU GET THE INFORMATION FOR

19   THIS EXHIBIT 1598?

20   A.    IT'S ALL THE E-MAIL THAT I PROVIDE, THE E-MAIL TO

21   YOUR OFFICE.  AND BASED ON THAT E-MAILS, WE COMPILE THIS

22   SUMMARY REPORT.

23   Q.    SO IS IT POSSIBLE THAT YOU TOOK ADDITIONAL ACTIONS

24   BEYOND WHAT YOUR E-MAIL SHOWED?

25   A.    YES.

1

2                          CERTIFICATE OF REPORTER

3

4

5            I, JANA L. RIDENOUR, OFFICIAL REPORTER PRO TEM

6     IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

7     DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN

8     JOSE, CALIFORNIA, DO HEREBY CERTIFY:

9            THAT THE FOREGOING TRANSCRIPT IS A FULL, TRUE

10    AND CORRECT TRANSCRIPT OF THE PROCEEDINGS HAD IN LOUIS

11    VUITTON MALLETIER, S.A., V. AKANOC SOLUTIONS, INC.,

12    MANAGED SOLUTIONS GROUP, INC., STEVEN CHEN AND DOES 1

13    THROUGH 10, INCLUSIVE, CASE NO. C-07-03952 JW (HRL),

14    DATED AUGUST 25, 2009; THAT I REPORTED THE SAME IN

15    STENOTYPE AND TRANSCRIBED THE SAME BY COMPUTER-AIDED

16    TRANSCRIPTION TO THE BEST OF MY ABILITY AS HEREIN

17    APPEARS.

18            DATED THIS ___4th___ DAY OF DECEMBER, 2009.

19

20

21

22           _Jana L. Ridenour, CSR # 9302_
             JANA L. RIDENOUR, CSR
23           OFFICIAL REPORTER PRO TEM
             LICENSE NUMBER 9302

24

25                              **CERTIFIED COPY**