IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Louis Vuitton Malletier, S.A., | NO. C 07-03952 JW |
| Plaintiff, | **JUDGMENT AWARDING STATUTORY DAMAGES AND PERMANENT INJUNCTION** |
| v. | |
| Akanoc Solutions, Inc., et al., | |
| Defendants. | |

### JUDGMENT AS A MATTER OF LAW AS TO DEFENDANT MANAGED SOLUTIONS GROUP, INC.

For the reasons stated in the Court's March 19, 2010 Order Granting in Part and Denying in Part Defendants' Post-Trial Motions, and pursuant to Federal Rule of Civil Procedure 50(b), Judgment as a Matter of Law in entered in favor of Managed Solutions Group, Inc., and against Plaintiff Louis Vuitton Malletier, S.A.

### JUDGMENT AWARDING STATUTORY DAMAGES TO LOUIS VUITTON MALLETIER, S.A.

Pursuant to the jury verdict, Judgment is entered in favor of Plaintiff Louis Vuitton Malletier, S.A., against Defendant Akanoc Solutions, Inc. in the amount of $10,500,000 for statutory damages pursuant to 15 U.S.C. § 1117(c)(2), and in the additional sum of $300,000 for statutory damages pursuant to 17 U.S.C. § 504(c)(2), for a total sum of $10,800,000.

Pursuant to the jury verdict, Judgment is entered in favor of Plaintiff Louis Vuitton Malletier, S.A., against Defendant Steve Chen in the amount of $10,500,000 for statutory damages pursuant to 15 U.S.C. § 1117(c)(2), and in the additional sum of $300,000 for statutory damages pursuant to 17 U.S.C. § 504(c)(2), for a total sum of $10,800,000.

**PERMANENT INJUNCTION**

This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, and 28 U.S.C. §§ 1331, 1338, and 1367.  On the basis of evidence presented during the jury trial of this case, the Court finds as follows:

    A.    Plaintiff Louis Vuitton Malletier, S.A., owns the pertinent rights in and to the trademarks listed in Exhibit A attached to the Judgment;

    B.    Plaintiff Louis Vuitton Malletier, S. \A., owns the pertinent rights in the copyrights listed in Exhibit B attached to this Judgment;

    C.    Defendants Akanoc Solutions, Inc., and Steve Chen, and each of them, have, unlawfully contributed to the infringement of the Plaintiff's Trademarks and Copyrights through the continued provision of Internet hosting and routing services to direct infringers after receiving reasonable notice of the direct infringement and at all times having the power to terminate the provision of Internet hosting and routing service to the direct infringers without harm to legitimate subscribers; and

    D.    Unless enjoined by this Court, Defendants will continue to do contributorily infringe, causing irreparable injury to Plaintiff.

THEREFORE, Defendants Akanoc Solutions, Inc., Steven Chen and each of them and their agents, servants, employees and all person in active concert and participation with them are hereby restrained and enjoined from knowingly hosting Internet web sites and providing Internet routing services in the United States that displays, advertises for sale, offer to or actually sells, exports or distributes products, goods or services that contain, depict or exhibit an unauthorized writing, sign or symbol covered by the Louis Vuitton Trademarks or Copyrights or that contain, depict or exhibit confusingly similar reproductions of the Louis Vuitton Trademarks or Copyrights.

    1.    As used in this Injunction, unless sufficient proof is submitted to the Court by the Defendants showing otherwise, Defendants shall be deemed to be acting "knowingly" under the terms of this Injunction upon proof of the following:

    (a)    That Defendants have been served by mail (electronically or otherwise) by Plaintiff with a Notice of Infringement of any of the attached Trademarks or Copyrights on an Internet hosting or routing services operated by Defendants or any one of them; and

    (b)    That the Notice of Infringement contains screen shot(s) depicting the infringing activity; and

    (c)    That 72 hours after service of the Notice of Infringement the infringing activity was still taking place on Internet hosting or routing services operated by Defendants or any one of them.

2.    Without limiting the showing that may be made by Defendants, Defendants shall not be deemed to be acting "knowingly" upon proof of the following:

    (a)    Defendants condition the use of their Internet hosting or routing services, and notify each subscribers and their assignee or customers accordingly, that their use of Defendants Internet hosting or routing services is subject to immediate termination upon receipt of a Notice of Infringement that the subscriber or any of its assignees or customers are infringing the Trademarks or Copyrights of Louis Vuitton; and

    (b)    Defendants obtain and publish on their web sites complete and accurate contact information for the purpose of receiving notification of intellectual property infringements (including, but not limited to, current and valid email and physical addresses, telephone and facsimile numbers of their subscribers and the assigns and customers of their subscribers; and

    (c)    That upon receipt of a Notice of Infringement, Defendants mailed (electronically or otherwise) to Plaintiff an acknowledgment of receipt of the Notice of Infringement; and

    (d)    That Defendants assigned a tracking number to be used in connection with correspondence pertaining to the Notice of Infringement; and

(e) That within 24 hours of receipt of the Notice of Infringement, Defendants sent to the subscriber (electronically or otherwise) and to any identifiable assignee or customer of the subscriber a notice to immediately cease and desist from activity that is the subject of the Notice of Infringement and that failure to do so would result in immediate termination of right of the subscriber or any identifiable assignee or customer of the subscriber to use the services or server of Defendants; and

(f) That Defendants investigated whether the activity did or did not cease within the time period required by the notice, and upon verifying that it did not cease, Defendants immediately terminated their Internet hosting or routing services to the subscriber that was associated with the Notice of Infringement.

The Injunction in this Judgment shall be effective upon filing by Plaintiff with the Court proof of service of this Judgment upon the Defendants in accordance with Federal Rules of Civil Procedure 4.

The Injunction in this Judgment shall expire on March 19, 2015, unless extended pursuant to a duly notice motion showing good cause for doing so.

The Court retains jurisdiction of this action for such further proceedings as might be necessary or appropriate to enforce the Injunction provisions of this Judgment.

Dated: March 19, 2010

_____
JAMES WARE
United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Annie S Wang annie@coombspc.com
Brian S. Edwards bedwards@houser-law.com
David A. Gauntlett info@gauntlettlaw.com
J. Andrew Coombs andy@coombspc.com
James A. Lowe info@gauntlettlaw.com

**Dated: March 19, 2010**                                **Richard W. Wieking, Clerk**

                                          **By:    /s/ JW Chambers**
                                                  **Elizabeth Garcia**
                                                  **Courtroom Deputy**