<table>
<tr><td colspan="2" style="text-align:center">1<br>2<br>3<br>4<br>5<br>6<br>7      IN THE UNITED STATES DISTRICT COURT<br>8      FOR THE NORTHERN DISTRICT OF CALIFORNIA<br>9      SAN FRANCISCO DIVISION</td></tr>
</table>

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7                IN THE UNITED STATES DISTRICT COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9               SAN FRANCISCO DIVISION

| | |
|---|---|
| 10  Louis Vuitton Malletier, S.A., | NO. C 07-03952 JW |
| 11              Plaintiff, | **AMENDED JUDGMENT AWARDING STATUTORY DAMAGES AND PERMANENT INJUNCTION** |
| 12      v. | |
| 13  Akanoc Solutions, Inc., et al., | |
| 14              Defendants. | |
|      _____/ | |

### AMENDED JUDGMENT AWARDING STATUTORY DAMAGES
### TO LOUIS VUITTON MALLETIER, S.A.

Pursuant to the jury verdict in this case, and pursuant to the Ninth Circuit's opinion in <u>Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.,</u>[1] Judgment is entered in favor of Plaintiff Louis Vuitton Malletier, S.A. against Defendants Akanoc Solutions, Inc. and Steve Chen ("Defendants") in the amount of $10,500,000 for statutory damages pursuant to 15 U.S.C. § 1117(c)(2), and the additional sum of $300,000 for statutory damages pursuant to 17 U.S.C. § 504(c)(2), for a total sum of $10,800,000.  Defendants are jointly and severally liable for the Judgment.

### JUDGMENT AS A MATTER OF LAW AS TO DEFENDANT
### MANAGED SOLUTIONS GROUP, INC.

For the reasons stated in the Court's March 19, 2010 Order Granting in Part and Denying in Part Defendants' Post-Trial Motions, and pursuant to Federal Rule of Civil Procedure 50(b),

---

[1]  Nos. 10-15909, 10-16015, 2011 WL 4014320 (9th Cir. Sept. 9, 2011).  On October 4, 2011, the Court received the Ninth Circuit's Mandate in this case pursuant to Fed. R. App. P. 41(a). (<u>See</u> Docket Item No. 314.)

**United States District Court**

For the Northern District of California

1   Judgment as a Matter of Law in entered in favor of Managed Solutions Group, Inc., and against

2   Plaintiff Louis Vuitton Malletier, S.A.

3                                          **PERMANENT INJUNCTION**

4           This Court has jurisdiction over the parties to this action and over the subject matter hereof

5   pursuant to the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, the Copyright Act, 17 U.S.C. §§ 101, *et*

6   *seq.*, and 28 U.S.C. §§ 1331, 1338, and 1367.  On the basis of evidence presented during the jury

7   trial of this case, the Court finds as follows:

8           A.      Plaintiff Louis Vuitton Malletier, S.A., owns the pertinent rights in and to the

9                   trademarks listed in Exhibit A;

10          B.      Plaintiff Louis Vuitton Malletier, S.A., owns the pertinent rights in the copyrights

11                  listed in Exhibit B;

12          C.      Defendants Akanoc Solutions, Inc., and Steve Chen, and each of them, have,

13                  unlawfully contributed to the infringement of the Plaintiff's Trademarks and

14                  Copyrights through the continued provision of Internet hosting and routing services

15                  to direct infringers after receiving reasonable notice of the direct infringement and at

16                  all times having the power to terminate the provision of Internet hosting and routing

17                  service to the direct infringers without harm to legitimate subscribers; and

18          D.      Unless enjoined by this Court, Defendants will continue to contributorily infringe,

19                  causing irreparable injury to Plaintiff.

20          THEREFORE, Defendants Akanoc Solutions, Inc., Steven Chen and each of them and their

21   agents, servants, employees and all person in active concert and participation with them are hereby

22   restrained and enjoined from knowingly hosting Internet web sites and providing Internet routing

23   services in the United States that displays, advertises for sale, offer to or actually sells, exports or

24   distributes products, goods or services that contain, depict or exhibit an unauthorized writing, sign or

25   symbol covered by the Louis Vuitton Trademarks or Copyrights or that contain, depict or exhibit

26   confusingly similar reproductions of the Louis Vuitton Trademarks or Copyrights.

27          1.      As used in this Injunction, unless sufficient proof is submitted to the Court by the

28                                                      2

United States District Court
For the Northern District of California

Defendants showing otherwise, Defendants shall be deemed to be acting "knowingly"

under the terms of this Injunction upon proof of the following:

(a) That Defendants have been served by mail (electronically or otherwise) by

Plaintiff with a Notice of Infringement of any of the attached Trademarks or

Copyrights on an Internet hosting or routing services operated by Defendants

or any one of them; and

(b) That the Notice of Infringement contains screen shot(s) depicting the

infringing activity; and

(c) That 72 hours after service of the Notice of Infringement the infringing

activity was still taking place on Internet hosting or routing services operated

by Defendants or any one of them.

2. Without limiting the showing that may be made by Defendants, Defendants shall not

be deemed to be acting "knowingly" upon proof of the following:

(a) Defendants condition the use of their Internet hosting or routing services, and

notify each subscribers and their assignee or customers accordingly, that their

use of Defendants Internet hosting or routing services is subject to immediate

termination upon receipt of a Notice of Infringement that the subscriber or any

of its assignees or customers are infringing the Trademarks or Copyrights of

Louis Vuitton; and

(b) Defendants obtain and publish on their web sites complete and accurate

contact information for the purpose of receiving notification of intellectual

property infringements (including, but not limited to, current and valid email

and physical addresses, telephone and facsimile numbers of their subscribers

and the assigns and customers of their subscribers; and

(c) That upon receipt of a Notice of Infringement, Defendants mailed

(electronically or otherwise) to Plaintiff an acknowledgment of receipt of the

Notice of Infringement; and

3

United States District Court
For the Northern District of California

1        (d)    That Defendants assigned a tracking number to be used in connection with

2              correspondence pertaining to the Notice of Infringement; and

3        (e)    That within 24 hours of receipt of the Notice of Infringement, Defendants sent

4              to the subscriber (electronically or otherwise) and to any identifiable assignee

5              or customer of the subscriber a notice to immediately cease and desist from

6              activity that is the subject of the Notice of Infringement and that failure to do

7              so would result in immediate termination of right of the subscriber or any

8              identifiable assignee or customer of the subscriber to use the services or

9              server of Defendants; and

10       (f)    That Defendants investigated whether the activity did or did not cease within

11             the time period required by the notice, and upon verifying that it did not

12             cease, Defendants immediately terminated their Internet hosting or routing

13             services to the subscriber that was associated with the Notice of Infringement.

14   The Injunction in this Amended Judgment shall be effective upon filing by Plaintiff with the

15   Court proof of service of this Amended Judgment upon the Defendants in accordance with Federal

16   Rules of Civil Procedure 4.

17   The Injunction in this Amended Judgment shall expire on March 19, 2015, unless extended

18   pursuant to a duly noticed motion showing good cause for doing so.

19   The Court retains jurisdiction of this action for such further proceedings as might be

20   necessary or appropriate to enforce the Injunction provisions of this Amended Judgment.

21

22

Dated:  October 19, 2011

23                                                                    JAMES WARE
                                                                          United States District Chief Judge

24

25

26

27

28                                                                           4

**United States District Court**

For the Northern District of California

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  Annie S. Wang  anni@coombspc.com
   David A. Gauntlett info@gauntlettlaw.com
3  J. Andrew Coombs andy@coombspc.com
   James A. Lowe info@gauntlettlaw.com

4

5  **Dated:  October 19, 2011**                    **Richard W. Wieking, Clerk**

6

7                                                  **By:    /s/ JW Chambers**
                                                      **Susan Imbriani**
                                                      **Courtroom Deputy**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28